Ethan P. Davis
Acting Associate Attorney General
C. Salvatore D'Alessio
Civil Division
Acting Director, Torts Branch,
Constitutional and Specialized Tort Litigation Section
Mary Hampton Mason
Senior Trial Counsel
Leah Brownlee Taylor, Civil L.R. 11-2
Senior Trial Attorney
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-616-4325
Fax: 202-616-4314
Attorneys for Defendant Thomas Prevoznik

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, et al. ) | Case No. 3:20-cv-3098-WHO |
| ) | |
| Plaintiffs, ) | Defendant Prevoznik's Notice of Motion |
| ) | and Motion to Stay; Memorandum of Points |
| ) | and Authorities |
| ) | Date:  August 26, 2020 |
| ) | Time:  2:00 p.m. |
| ) | |
| v. ) | |
| ) | |
| WILLIAM BARR, Attorney General of ) | |
| the United States, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT PREVOZNIK'S NOTICE OF MOTION
## AND MOTION TO STAY PROCEEDINGS PENDING THE SUPREME
## COURT'S DECISION IN *TANVIR v. TANZIN*

PLEASE TAKE NOTICE that on August 26, 2020, at 2:00 p.m., or as soon thereafter as the

matter may be heard in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco,

94102 before the Honorable William H. Orrick, Defendant Thomas Prevoznik, Deputy Assistant

Administrator for the Drug Enforcement Administration (DEA), in his individual capacity, by

and through the undersigned counsel, hereby moves for an order staying the proceedings against

him until resolution of the Supreme Court's decision in *Tanvir v. Tanzin*, 889 F.3d 72 (2d Cir.

2018), cert. granted, 140 S. Ct. 550, 205 L.Ed.2d 353 (2019).[1] The Defendant's motion, filed pursuant to Fed. R. Civ. P. 7 and Civil L.R. 7-1 and 7-2, is based on this Notice, the accompanying Memorandum of Points and Authorities, other matters of which the Court may take judicial notice, and any oral argument that may be presented to the Court. In filing the instant motion, DAA Prevoznik expressly reserves the right to present defenses available under Fed. R. Civ. P. 12(b), including but not limited to, the right to challenge personal jurisdiction.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On November 22, 2019, the Supreme Court granted certiorari in *Tanvir v. Tanzin*, 889 F.3d 72 (2d Cir. 2018), cert. granted, 140 S. Ct. 550, 205 L.Ed.2d 353 (2019) ("*Tanvir*"). The Supreme Court will decide "[w]hether the Religious Freedom Restoration Act of 1993, 42 U.S.C. 2000bb et seq., authorizes suits seeking money damages against individual federal employees." Brief for the Petitioner at 1, *Tanvir*, 140 S. Ct. 550 (2019) (No. 19-71).[2] On July 13, 2020, the Supreme Court scheduled arguments in *Tanvir* for October 6, 2020.[3] The Supreme Court's resolution of this threshold question will determine whether RFRA authorizes a lawsuit against Deputy Assistant Administrator (DAA) Prevoznik for money damages in his individual

---

[1]  According to General Order No. 72-4, hearings before Sept. 30, 2020 will be held telephonically or by videoconference. *See* https://cand.uscourts.gov/wp-content/uploads/general-orders/GO_72-4_In_Re_Coronavirus_Disease_Public_Health_Emergency_6-24-2020.pdf (last visited July 1, 2020).

[2]  *Tanvir*, No. 19-71, "Question Presented," *see* https://www.supremecourt.gov/DocketPDF/19/19-71/107979/20190712161315195_Tanzin%20v.%20Tanvir.pdf (last visited July 1, 2020).

[3]*See  id.* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-71.html (last visited July 15, 2020).

capacity. Accordingly, an order staying the proceedings against DAA Prevoznik is warranted until the Supreme Court's resolution of *Tanvir*, as described below.[4] *See* Civil L.R. 7-2.

## **FACTUAL BACKGROUND**

On June 16, 2020, Plaintiffs, Arizona Yage Assembly (AYA) and the North American Association of Visionary Churches (NAAVC), two religious non-profits, and NAAVC Board Member Clay Villanueva ("Villanueva"), filed an amended complaint under RFRA, the Administrative Procedure Act, 5 U.S.C. § 702, 42 U.S.C. § 1983, and the Arizona Free Exercise of Religion Act, A.R.S. § 41-1493.0. *See* ECF No. 12 (First Amended and Suppl. Compl.), ¶¶ 5 - 8.[5] Plaintiffs AYA and NAAVC allege that they are entitled under RFRA to an exemption from the Controlled Substances Act (CSA), as amended, 21 U.S.C. §§ 801, *et seq*, which imposes certain restrictions on the import and use of controlled substances. *See* FAC ¶15. They also allege that the DEA has maintained a policy, including the DEA's Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act (the "2009 Guidance"), that violates the APA, has prevented them from receiving an exemption under the CSA, and has resulted in a recent seizure of controlled substances (ayahuasca or hoasca) they sought to import from South America for use in their religious ceremonies. *See id*. ¶¶ 15, 36. They seek damages as well as injunctive and declaratory relief. *See* FAC, XI. (Prayer for Relief").

The DEA's mission is enforcement of the CSA. *See* https://www.dea.gov/mission (last visited July 1, 2020). The import and use of controlled substances is regulated under the CSA.[6]

---

[4]  The requested stay is inclusive of any deadlines or participation in proceedings in this matter.

[5] The original complaint in this action was filed on May 5, 2020. *See* ECF No. 1 (Compl.).

[6]  The CSA and its implementing regulations establish a comprehensive regulatory scheme under which all importers, manufacturers, and distributors must be registered with the DEA and

*See* FAC ¶ 6. Plaintiffs seek money damages against DEA Administrator Prevoznik personally under RFRA for his alleged "maintenance" of the 2009 Guidance under the CSA. *Id*., ¶¶ 10, n. 3, 90, n. 44, 151, Prayer for Relief at p. 70, ¶1.

In addition to DAA Prevoznik, Plaintiffs have sued the United States of America and a number of federal government employees, but in their official capacities only.[7] *See* FAC, ¶¶ 8-9. Those officials include Attorney General William Barr, DEA Acting Administrator Uttam Dhillon, Acting Secretary of the Department of Homeland Security Chad F. Wolf, and Mark Morgan, Acting Commissioner of U.S. Customs and Border Protection. *Id*., ¶ 8.[8] Plaintiffs seek equitable relief against these official capacity defendants. *See* Prayer for Relief. Plaintiffs also seek relief against non-federal defendants, the State of Arizona, Maricopa County, as well as Mark Brnovich, the Attorney General for the State of Arizona, and Matthew Shay, a Maricopa County employee. *Id*., ¶¶ 11-14.

Plaintiffs expressly plead that under the Second Circuit's holding in *Tanvir*, RFRA authorizes their personal money damages suit against DAA Prevoznik. *See* FAC,¶ 10, n. 3. But the Supreme Court has granted certiorari in that very case, on the very issue for which Plaintiffs cite it. The Court, moreover, granted certiorari, although there was not a Circuit split, on this important threshold question of law. The Supreme Court's decision on whether RFRA authorizes

---

comply with safety, security, inspection, recordkeeping, and other requirements intended to protect the public and prevent the diversion of controlled substances from legitimate commerce into illegal channels. *See* 21 U.S.C. § 823(b); *see* 21 C.F.R. § 1301.31.

[7]  Unlike the individual-capacity damages claims, an official capacity claim seeking injunctive relief is only "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). *See also Larson v. Domestic & Foreign Commerce Corp*., 337 U.S. 682, 687-88 (1949) ("A suit against a federal agency or officer which seeks relief against the sovereign is, in effect, a suit against the sovereign.").

[8]  Uttam Dhillon is no longer the DEA's Acting Administrator.

a personal money damages suit is scheduled to be heard in less than ninety days, on October 6, 2020.

In the instant litigation, a case management statement is due on August 4, 2020 and a case management conference is scheduled for August 11, 2020. *See* ECF No. 10 (May 13, 2020 Case Management Scheduling Order). DAA Prevoznik has not been served with Plaintiffs' original or operative complaint, *see* Fed. R. Civ. P. 4 (i), and no responsive pleading deadline for DAA Prevoznik is due. *See* Fed. R. Civ. P. 12 (a)(3). Plaintiffs' claim for money damages under RFRA is their sole claim against DAA Prevoznik. *See* FAC, ¶ 151. Given the posture of this case, the Court should stay the proceedings as to DAA Prevoznik pending a decision from the Supreme Court in *Tanvir*, and for several reasons. As described more fully below: 1) the orderly administration of justice requires resolution as to the threshold permissibility of even bringing a money damages RFRA claim against DAA Prevoznik; 2) DAA Prevoznik will suffer significant prejudice if a stay is denied; and 3) Plaintiffs will suffer little, if any, hardship if a stay is granted.

## ARGUMENT

### I.   THIS COURT SHOULD STAY PROCEEDINGS UNTIL THE SUPREME COURT'S RESOLUTION OF *TANVIR*.

#### a.  The Legal Standard.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *Id.* at 254–55; *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  In determining whether to grant a stay pending the resolution of an appeal in another action, courts may consider a number of factors, including: "(1) the possible damage which may result from the

granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

**b. The Orderly and Efficient Use of Judicial Resources Warrants a Stay Pending the Supreme Court's Resolution of *Tanvir*.**

The Supreme Court's pending decision in *Tanvir* squarely controls the Plaintiffs' ability in the first instance to seek an award of damages against DAA Prevoznik. *See Kentucky,* 47 U.S. at 166 ("An award of damages against an official in his personal capacity can be executed only against the official's personal assets."). The decision will resolve the threshold legal question posed by Plaintiffs' claim against DAA Prevoznik: "whether the provision in RFRA allowing litigants to 'obtain appropriate relief against a government,' 42 U.S.C 2000bb-1(c), authorizes an award of money damages against federal employees sued in their personal capacities." *See supra* at p. 1. The viability of Plaintiffs' claims against DAA Prevoznik rests on the incorrect assumption that RFRA permits suits seeking money damages from federal employees. Indeed, unlike the Second Circuit, the Ninth Circuit has not "reached the issue" of whether a personal damages lawsuit is actionable under RFRA. *Fagaza v. FBI*, 916 F.3d 1202, 1246 n. 42 (9th Cir. 2019) (declining to decide whether RFRA authorizes individual-capacity damages suits).

The success of petitioners in *Tanvir* will render moot Plaintiffs' sole claim against DAA Prevoznik under RFRA, since the only relief sought from him is personal damages. *See* FAC at p. 70. And as this Court has similarly found, a denial of stay would subject the parties to "the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary." *Larson*, 2015 WL 3945052; *see also Lopez v. Am. Express Bank*, No. CV 09-07335 SJO

(MANx), 2010 WL 3637755, at *4 (C.D. Cal. Sept.17, 2010) (finding it would be "burdensome for both parties to spend time, energy, and resources" on litigation only to have those issues mooted by a pending Supreme Court decision within less than one year). District courts in this district have routinely granted motions to stay when staying the action promotes judicial efficiency. *See e.g. Jones v. Bristol-Myers Squibb Co*. No. C 13–2415 PJH, 2013 WL 3388659 at *2 (N.D. Cal. July 8, 2013) ("courts in this district, including this court, have granted motions to stay in order to preserve judicial resources…."). Even if the Supreme Court determines RFRA permits such damages suits against a personal-capacity defendant, a stay would further the "orderly course of justice" by simplifying the questions of law and issues of proof in this case. *Lockyer v. Mirant Corp.*, 398 F.3d 1098 at 1110. *Tanvir* will likely address the contours of personal liability under RFRA, which would clarify the nature and scope of such liability (assuming Plaintiffs can establish other predicates to suit, such as personal jurisdiction over DAA Prevoznik).[9]

　　　　The early stage of this litigation also favors a stay. *See Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13–cv–04205–WHO, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). "In contrast to a case where a stay might disrupt proceedings after years of litigation," this case, including the claim against DAA Prevoznik, is in its infancy. *See Matera v. Google Inc.*, Case No. 15-CV-04062-LHK, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016). Indeed, Plaintiffs have recently filed an amended complaint, they have not served DAA Prevoznik, nor have they filed a certificate of service on the case docket for the non-federal Defendants. *See* Docket, generally.

---

[9]  Any arguments on the potential scope of liability expressed herein does not constitute a waiver of DAA Prevoznik's right to challenge personal jurisdiction or present defenses under Fed. R. Civ. P. 12(b). *See e.g. Peterson v. Highland Music, Inc.,* 140 F.3d 1313 (9th Cir. 1998).

None of the Defendants have filed responsive pleadings and no case management conference has taken place. *Id.* Since the Supreme Court is scheduled to hear arguments in *Tanvir* soon, and is likely to resolve the threshold legal issue in this case within the next year, a denial of stay would waste precious judicial resources while subjecting DAA Prevoznik to the burden of potentially unnecessary litigation.

### c.   DAA Prevoznik Will Suffer Significant Prejudice if A Stay is Not Granted.

If a stay is not granted, DAA Prevoznik would be subject to the irreversible harm of disruptive litigation on a dubious damages claim under RFRA. Regardless of the outcome of *Tanvir*, the parties and the Court would not have the benefit of the Supreme Court's guidance if proceedings against DAA Prevoznik moved forward prior to the Supreme Court's ruling.

Given the tenuous posture of litigation, the chilling effect of a personal damage lawsuit against DAA Prevoznik is even more detrimental. The *Tanvir* question aside, as a public official, DAA Prevoznik is also "entitled to [seek dismissal and] raise the qualified immunity defense immediately [], to protect against the burdens of discovery and other pre-trial procedures." *Kwai Fun Wong v. US,* 373 F.3d 952, 954 (9th Cir. 2004); *see also Fagaza*, 916 F.3d at 1246-48 (affirming dismissal of Plaintiffs' RFRA claim against Agent Defendants on qualified immunity grounds). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). "Until th[e] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts are urged to "protect[ ] the substance of the qualified immunity defense." [10] *see also Crawford-El v. Britton*, 523 U.S.

---

[10] In protecting the qualified immunity defense, "*Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell v. Forsyth*, 472 U.S. 511, 525-230 (1985) (quoting *Harlow*, 457 U.S. at 817). Caution is urged where discovery would

574, 597 (1998).

That is because civil liability for actions taken while on official duty "can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (same). A public official's exposure to personal damages in litigation chills government expression, action, and the "free flow of advice" between government officials weighing compelling regulatory interests and religious requests.[11] *See Federal Open Market Comm. v. Merrill*, 443 U.S. 340, 360 (1979). Distracting lawsuits can be particularly acute when government actors like DAA Prevoznik are bound to balance public safety, security, order and resources in making determinations in the performance of their duties under the CSA. "The risk of personal damages liability is more likely to cause an official to second-guess difficult, but necessary decisions" in public matters committed to the Executive Branch, *Abbasi*, 137 S. Ct. at 1861, such as how to properly register, track, inspect, and secure controlled substances, including those allegedly used for religious purposes.

A stay of the proceedings would ensure that the public interest has been served, unfettered

---

entangle individuals potentially protected by qualified immunity. If DAA Prevoznik's defenses under 12(b) are not resolved in his favor, he anticipates (as he is entitled) presenting a qualified immunity defense. His entitlement to present a qualified immunity defense should not be compromised by his participation in these proceedings. Staying this matter pending resolution of *Tanvir* (a threshold question even to immunity) is in keeping with his entitlement to raise qualified immunity. Even discovery involving other parties, which currently has not been sought, may be inappropriate at this early stage of litigation. *See, e.g., Iqbal*, 556 U.S. at 685-86 (recognizing that even if a defendant is "not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery" if "discovery as to the other parties proceeds.").

[11] This is especially true given the premature nature of Plaintiffs' civil lawsuit. Plaintiffs have not availed themselves of the religious exemptions process which may be obtained. *See* FAC., generally.

by the disruption of a personal lawsuit while the parties and the Court await clear Supreme Court guidance. On balance, the significant prejudice and hardship that will be suffered by DAA Prevoznik's exposure to personal civil damages liability, and the orderly progression of this case, outweigh any need by Plaintiffs to proceed immediately against him in his individual capacity.

### d. Plaintiffs Will Suffer Little, if Any Damage if a Stay of Proceedings Against DAA Prevoznik is Granted.

True, staying this action may delay proceedings to determine whether Plaintiffs can prove entitlement to damages against DAA Prevoznik, but "the Ninth Circuit has made clear that monetary recovery cannot serve as the foundation for the denial of a stay." *Robledo v. Randstad US, L.P.*, No. 17-cv-01003-BLF, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017) (citing *Lockyer*, 398 F.3d at 1110). The main thrust of Plaintiffs' lawsuit is a claim for injunctive relief, as they primarily seek to import and distribute ayahuasca, a controlled substance. *See* Prayer for Relief. This is relief DAA Prevoznik cannot provide in his individual capacity. *See supra* at p. 3, n.7.

Since this litigation is in its early stages and the Supreme Court is expected to issue its decision in *Tanvir* within the coming year, any potential hardship posed by a stay would be minimal. *See, e.g.*, *Evolutionary Intelligence*, 2014 WL 213179, at *6-11; *see supra* at n.11. In fact, it may well reduce the scope of this litigation, saving the parties and the Court substantial resources. Furthermore, it is "implausible" that a delay of less than one year would interfere with the Plaintiffs' ability to ultimately locate witnesses or collect reliable testimony and documents *when and if* the Court deems it appropriate. *Larson*, 2015 WL 3945052, at *8. Any harm the Plaintiffs could experience from a delay of less than one year is outweighed by the significant prejudice to DAA Prevoznik and waste of judicial and other resources.

## **CONCLUSION**

For the aforementioned reasons, DAA Prevoznik's motion to stay should be granted. There is ample precedent to support the Court's discretionary authority to stay the proceedings given the procedural posture of this case, the significant harm to DAA Prevoznik and lack of substantial prejudice to the Plaintiffs. DAA Prevoznik's participation in proceedings in this matter should be held in abeyance until the Supreme Court's ruling in *Tanvir. See* Civil L.R. 7-2. A proposed order for the instant motion is attached and will be separately submitted to the Court.

Respectfully submitted,

 /s/Leah Brownlee Taylor
Senior Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
Washington, D.C. 20044-7146
Attorney for the Defendant Prevoznik
Appearing under Civil L.R. 11-2

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ARIZONA YAGÉ ASSEMBLY, et al.          )
                                                            )          Case No. 3:20-cv-3098-WHO
Plaintiffs,                                               )
                                                            )          Defendant Prevoznik's Motion to
                                                            )          Stay Certificate of Service
                                                            )
v.                                                           )
                                                            )
                                                            )
WILLIAM BARR, Attorney General of   )
the United States, et al.,                          )
                                                            )
Defendants.                                           )

     I hereby certify that a copy of the foregoing Motion to Stay has been sent, via

electronic transmission, this 15th day of July, 2020, to:

     Charles Carreon
     3241 E. Blacklidge Drive
     Tucson, Arizona 85716
     chascarreon@gmail.com
     Counsel for Plaintiffs

     Evan F. Hiller
     Hiller@SacksTierney.com
     SACKS TIERNEY P.A.
     4250 N. Drinkwater Blvd., 4th Floor
     Scottsdale, AZ 85251-3693
     Counsel for Defendants Maricopa County and Matthew Shay

                   /s/Leah Brownlee Taylor
                   Leah Brownlee Taylor

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, et al. | Case No. 3:20-cv-3098-WHO |
| Plaintiffs, | Proposed Order Granting |
| | Defendant Prevoznik's Motion to Stay |
| | Date:  August 26, 2020 |
| | Time:  2:00 p.m. |
| v. | |
| WILLIAM BARR, Attorney General of the United States, et al., | |
| Defendants. | |

## <u>ORDER</u>

The Defendant Prevoznik's Motion to Stay was scheduled for hearing on August 26, 2020, at 2:00 p.m., in Courtroom 2 of the United States District Court, Northern District of California, 17th Floor, 450 Golden Gate Avenue, San Francisco, 94102. Having considered the papers submitted by the parties, and the arguments of counsel, and good cause appearing therefor,

The Court grants Defendant Prevoznik's Motion to Stay.

IT IS SO ORDERED.

Date: _____          _____

The Honorable William H. Orrick