ETHAN P. DAVIS
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
KEVIN P. HANCOCK
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Attorneys for the Federal Agency Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM BARR, Attorney General of the United States; TIMOTHY J. SHEA, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Department of Homeland Security; MARK A. MORGAN, Acting Commissioner of the U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Department of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>        Defendants. | No. 3:20-cv-3098-WHO<br><br><br>**DECLARATION OF KEVIN P. HANCOCK** |

1.      I am a Trial Attorney at the Department of Justice, Civil Division, Federal Programs Branch and counsel for the Federal Agency Defendants (defined in Paragraph 3, below).

2.      I have personal knowledge of the contents of this declaration, and I could and would testify competently thereto if called upon to do so.

3.      Plaintiffs filed the original complaint on May 5, 2020.  Plaintiffs served Defendants William Barr, Attorney General of the United States; Timothy Shea, Acting Administrator of the U.S. Drug Enforcement Administration ("DEA"); Chad Wolf, Acting Secretary of the Department of Homeland Security ("DHS"); Mark A. Morgan, Acting Commissioner of U.S. Customs and Border Protection ("CBP"); and the United States of America (the "Federal Agency Defendants").  Plaintiffs served the U.S. Attorney for the Northern District of California on May 22, 2020.  *See* ECF 11 at ¶ 6.  Accordingly, the responsive pleading deadline for the Federal Agency Defendants is July 21, 2020.  Fed. R. Civ. P. 12(a)(2).

4.      Plaintiffs filed a First Amended and Supplemental Complaint on June 16, 2020. ECF No. 12.  The First Amended and Supplemental Complaint added to the case one new plaintiff, Clay Villanueva, and two new claims, which Plaintiffs assert against four new Defendants: the State of Arizona, the Arizona Attorney General, Maricopa County, Arizona, and a Maricopa County detective.  *See* ECF No. 12.

5.      The initial case management orders in this case have set the following deadlines: a July 16, 2020 deadline for the parties to meet and confer and to file an ADR certificate; a July 30, 2020 deadline for the parties' Rule 26(f) report and initial disclosures, *see* ECF No. 8, an August 4, 2020 deadline for the parties' case management statement, and an August 11, 2020 case management conference, *see* ECF No. 10.

6.      On July 16, 2020, the Federal Agency Defendants will file a Motion to Stay or in the Alternative to Enlarge Time to Respond to the Complaint ("Motion").  *See* ECF No. 18.

7.      The alternative relief requested by the Federal Agency Defendants' Motion is an enlargement of time to respond to the amended complaint pursuant to Civil Local Rule 6-3.  *See*

Declaration of Kevin P. Hancock
3:20-cv-3098

Mot. at 15-17.

8.     There is good cause for the enlargement of time requested by the Federal Agency Defendants' Motion, without which the Federal Agency Defendants would suffer substantial harm or prejudice.

9.     First, the Federal Agency Defendants have moved in good faith for the stay requested by this motion; if that stay is denied, the requested extensions would provide them with sufficient time to prepare a response to the First Amended and Supplemental Complaint and to meet the case management deadlines.

10.     Second, the requested extension would allow the Federal Agency Defendants sufficient time to prepare a response in light of the substantial length of the First Amended and Supplemental Complaint, which is 73-pages long and contains more than 300 paragraphs of allegations.  See ECF No. 12.

11.     Third, the time that the Federal Rules provide for Defendants to respond to the Complaint, *see* Fed. R. Civ. P. 12(a)(2), was effectively shortened when Plaintiffs substantially amended and supplemented their original complaint 21 days after it was served on Defendants, *see* ECF No. 12, which was the last day Plaintiffs could file an amendment without seeking consent or leave, *see* Fed. R. Civ. P. 15(a)(1)(A).  Plaintiffs' amendment and supplement added to the original complaint one new plaintiff, two new claims, four new defendants, almost 20 pages, and approximately 70 paragraphs of new allegations.  *See* ECF No. 12.  The requested extension would provide the Federal Agency Defendants with sufficient time to formulate any needed responses to Plaintiffs' lengthy new allegations and claims.

12.     Fourth, as of today, there is no indication on the case docket that the Federal Agency Defendant's co-defendant, DEA Deputy Assistant Administrator of the DEA Department of Diversion Control, Thomas Prevoznik, who has been sued in his individual capacity, has been served with either complaint.  A certificate of service has also yet to be filed on the case docket for the four new non-federal defendants.  The requested extension would allow time for Plaintiffs to effect service upon these co-defendants and for Federal Agency Defendants subsequently to consult with their non-federal co-defendants to the extent necessary for their response to the

Declaration of Kevin P. Hancock
3:20-cv-3098

3

Amended Complaint.

13.     Fifth and finally, the requested extension would account for undersigned counsel's scheduled time away from work during the latter half of August, which time will include travel and pre-paid accommodations.

14.     There have been no previous time modifications in this case and the requested modification would not otherwise affect the schedule for this case.

15.     I asked counsel for Plaintiffs by telephone on July 16, 2020 if Plaintiffs would agree to the extension requested by this alternative motion.  Counsel for Plaintiffs responded that Plaintiffs would not oppose an extension of 30 days from the date of any denial of the motion to stay.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed on July 16, 2020

/s/ *Kevin P. Hancock*
Kevin P. Hancock

Declaration of Kevin P. Hancock
3:20-cv-3098