1

2

3

4

Evan F. Hiller (No. 294420)
Hiller@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

5

*Attorney for Defendants Maricopa County
and Matthew Shay*

6

7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

8

9

10

11

12

13

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, et al., | Case No. 3:20-cv-03098-WHO |
|     Plaintiffs, | **DEFENDANTS MARICOPA COUNTY AND MATTHEW SHAY'S MOTION TO DISMISS** |
| v. | |
| WILLIAM BARR, et al., | Date: Sept. 9, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor |
|     Defendants. | Hon. William H. Orrick |

14

15

16

17

18

19

NOTICE IS HEREBY GIVEN that on September 9, 2020, at 2:00 p.m. before the Honorable William H. Orrick, in Courtroom 2 of the 17th Floor of the Philip E. Burton Courthouse and Federal Building, 450 Golden Gate Avenue, San Francisco, California, 94102, the Motion to Dismiss of Defendants Maricopa County and Matthew Shay (collectively, the "Maricopa County Defendants") will be heard.

20

21

22

23

24

Pursuant to Rules 12(b)(2), 12(b)(3) and 15(d) of the Federal Rules of Civil Procedure, the Maricopa County Defendants respectfully move that this Court dismiss the First Amended and Supplemental Complaint (Doc. 12) and this action, as to all claims against them.[1] This motion is supported by the Declaration of Evan F. Hiller, attached as **Exhibit A**, and the other exhibits hereto.

25

26

27

28

---

[1] Plaintiffs' claims may be subject to dismissal based upon other defenses not argued in this motion, including but not limited to qualified immunity and lack of municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). All such defenses are reserved and will be raised at the proper time, as necessary.

CASE NO. 3:20-CV-03098          1          MOTION TO DISMISS
2773748.v6

1

## I.   Introduction

2       Plaintiffs' First Amended and Supplemental Complaint (the "FASC") added claims

3 on behalf of Clayton Villanueva against various Arizona-based Defendants, including the

4 Maricopa County Defendants, based upon events occurring in Arizona after the filing of the

5 original Complaint in this matter.  Any claims against the Maricopa County Defendants

6 should be dismissed because Plaintiffs failed to seek necessary leave to file the

7 supplemental complaint, which asserted new claims against new parties, and which could

8 have been brought in the District of Arizona.

9       The claims against the Maricopa County Defendants should also be dismissed

10 because this Court lacks personal jurisdiction over them.  None of the alleged acts by the

11 Maricopa County Defendants giving rise to Plaintiffs' claims were directed to California,

12 and those acts did not relate to California.  Exercising personal jurisdiction over the

13 Maricopa County Defendants would violate due process.

14       Finally, the claims should be dismissed because venue in the Northern District of

15 California is improper.  None of the non-federal Defendants reside in this forum, and none

16 of the events giving rise to the claims occurred in this forum.

17 ## II.   Leave to File the Supplemental Complaint Was Required But Not Obtained

18       Plaintiffs' original Complaint (Doc. 1), filed May 5, 2020, did not name Clay

19 Villanueva as a Plaintiff, and did not name either Maricopa County or Deputy Matthew

20 Shay (collectively, the "Maricopa County Defendants") as Defendants.  Plaintiffs' First

21 Amended and Supplemental Complaint ("FASC") (Doc. 12), filed June 16, 2020, alleges

22 that Plaintiffs "here set forth transactions, occurrences and events that had either not yet

23 happened, or had not come to light, when plaintiffs AYA and NAAVC filed the original

24 complaint. F.R. Civ. P. 15(d)."  FASC, ¶ 174.  Indeed, Plaintiffs allege that "[t]he attack

25 on Villanueva's civil rights took place in the early morning hours of May 17, 2020," some

26 two weeks after the filing of the original Complaint.  FASC, ¶ 199.

27       Thus, both by description and by specific reference, Plaintiffs acknowledged that

28 their allegations against the Maricopa County Defendants fell within the provisions of Rule

CASE NO. 3:20-CV-03098              2                    MOTION TO DISMISS
2773748.v6

1   15(d) (emphasis added):

2
3
4
5
> (d) Supplemental Pleadings. *On motion and reasonable notice, the court may, on just terms, permit* a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

6   It is clear from the language of the rule that leave of Court is required. *See* 6A Fed. Prac. &

7   Proc. Civ. § 1504 (3d ed.) ("Leave must be sought by motion, upon reasonable notice to the

8   other parties, and the court may impose such terms as are just.").

9   Further, there is no assurance that such a motion would be granted. 3 MOORE'S

10   FEDERAL PRACTICE - CIVIL § 15.30 (2020) ("When a motion of a party has been filed under

11   Rule 15(d), it is within the court's discretion to grant or deny leave to file a supplemental

12   pleading."). The introduction of new claims against new parties, that could be brought in a

13   separate action elsewhere, is a proper ground for denial of leave. *See Planned Parenthood*

14   *of S. Arizona v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) ("While leave to permit

15   supplemental pleading is 'favored' . . . it cannot be used to introduce a 'separate, distinct

16   and new cause of action' . . . .") (internal citations omitted); *accord, Sessing v. Sherman*,

17   708 Fed. Appx. 417, 418 (9th Cir. 2017) ("The district court did not abuse its discretion in

18   denying Sessing's motion to supplement his fourth amended complaint because

19   supplemental pleadings cannot be used to introduce a 'separate, distinct and new cause of

20   action.'") (citation omitted); *Hopkins v. Contra Costa County,* 12-0813 WHO (PR), 2014

21   WL 1022428, at *4 (N.D. Cal. Mar. 13, 2014) ("A supplemental pleading cannot be used

22   to introduce separate, distinct and new causes of action that should be the subject of a

23   separate suit.").

24   As further discussed *infra*, the claims against the Maricopa County Defendants

25   should be the subject of a separate suit in the District of Arizona. For this reason, the claims

26   against the Maricopa County Defendants should be dismissed.

27   **III.    The Court Lacks Personal Jurisdiction over the County and Shay**

28   Due process requires that a nonresident defendant "have at least 'minimum contacts'

1   with the relevant forum such that the exercise of jurisdiction 'does not offend traditional

2   notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*,

3   374 F.3d 797, 801 (9th Cir. 2004) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945));

4   *see also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (analyzing

5   personal jurisdiction over non-resident county and law enforcement officers in § 1983 suit).

6   "[T]he nature and quality of contacts necessary to support jurisdiction depends on the type

7   of jurisdiction asserted," whether general or specific. *Fireman's Fund Ins. Co. v. Nat'l*

8   *Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). General jurisdiction exists where

9   a defendant's activities are so "continuous and systematic as to render them essentially at

10  home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Plaintiffs make

11  no allegation that general jurisdiction exists over the Maricopa County Defendants.

12  In the absence of general jurisdiction, a nonresident may only be subject to suit in

13  the forum state if specific jurisdiction exists. "In order for a court to have specific

14  jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial

15  connection with the forum State.'" *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015,

16  1022-23 (9th Cir. 2017) (citing *Walden v. Fiore*, 571 U.S. 277 (2014)). Three requirements

17  must be met in order for the Court to exercise specific jurisdiction: "(1) the defendant either

18  purposefully direct[s] its activities or purposefully avails itself of the benefits afforded by

19  the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related

20  activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice,

21  i.e., it [is] reasonable." *Id.* at 1023.

22  "The plaintiff has the burden of establishing jurisdiction." *Farmers Ins. Exch. v.*

23  *Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Where the court

24  decides the jurisdictional issue based on affidavits and written discovery materials, the

25  plaintiff is required to make a *prima facie* showing of jurisdictional facts in order to defeat

26  a motion to dismiss, *id.,* and must make that showing as to each defendant separately. *See*,

27  *e.g.*, *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("Regardless of their joint

28  liability, jurisdiction over each defendant must be established individually."); *Skurkis v.*

CASE NO. 3:20-CV-03098         4              MOTION TO DISMISS
2773748.v6

1    *Montelongo*, No. 16-cv-0972 YGR, 2016 WL 4719271, at \*4 (N.D. Cal. Sept. 9, 2016)

2    ("Th[e personal jurisdiction] inquiry requires an analysis of each defendant's contacts in

3    light of plaintiffs' claims. Here, the jurisdictional allegations of the FAC group all

4    defendants together.") (internal citation omitted); *Parnell Pharm., Inc. v. Parnell, Inc.*, No.

5    5:14-cv-03158-EJD, 2015 WL 5728396, at \*4 (N.D. Cal. Sept. 30, 2015) ("[P]ersonal

6    jurisdiction must be established as to each individual Defendant.").

7    　　　　When the court rules on a defendant's motion to dismiss for lack of personal

8    jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts is

9    taken as true unless directly contravened, and the court must resolve factual conflicts in the

10   parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell &*

11   *Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).  However, "facts, not mere allegations,

12   must be the touchstone.  For example, if an accident occurred in California, we doubt that

13   an Oregon plaintiff, merely by alleging that it occurred in Oregon, could give Oregon

14   jurisdiction of a California defendant, in face of a showing that the accident in fact occurred

15   in California." *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967).

16   　　　　Plaintiffs' FASC does not adequately allege jurisdictional facts satisfying *any* of the

17   prongs of the Ninth Circuit's test for personal jurisdiction.

18   　　　　**A.　　The Maricopa County Defendants did not purposefully direct their**

19   　　　　　　　**activities to California.**

20   　　　　Purposeful availment is most often used in contract suits, and purposeful direction is

21   most often used in tort suits. *Schwarzenegger*, 374 F.3d at 802.  Ninth Circuit courts use

22   the "effects test" from the Supreme Court's opinion in *Calder v. Jones*, 465 U.S. 783 (1984)

23   to evaluate minimum contacts in the purposeful direction context.  *Panavision Int'l v.*

24   *Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).  The elements of this minimum contacts test

25   are that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum

26   state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."

27   *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015).

28   　　　　Plaintiffs have not alleged, as they could not allege, that any of the Maricopa County

CASE NO. 3:20-CV-03098　　　　　5　　　　　MOTION TO DISMISS
2773748.v6

1   Defendants' intentional acts were expressly aimed at California; nor that any harm was

2   suffered specifically in California; nor that the County or Shaw knew such harm would be

3   suffered in California.  There are simply no factual allegations in the FASC that the County

4   or Shaw purposely directed their activities to California.

5       *Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) is illustrative.  In *Ziegler*,

6   the Ninth Circuit analyzed personal jurisdiction over non-resident defendants in a § 1983

7   claim.  The non-resident law enforcement officers[2] were found to have met the purposeful

8   availment test because they were to alleged to have taken specific action to have Ziegler (a

9   California resident) wrongfully arrested in California.  64 F.3d at 474.  Thus, the wrongful

10  conduct was aimed at California, the impact would be felt by Ziegler in California, and the

11  harm (the arrest) was anticipated to occur in California.  *Id.*  Here, however, Villanueva's

12  claims arise from the alleged search and seizure of property in Arizona and the alleged arrest

13  of an Arizona resident in Arizona.

14      *Boyd v. Arizona*, 469 Fed.Appx. 92 (3rd Cir. 2012) is also illustrative.  In *Boyd*, the

15  Third Circuit Court of Appeals analyzed minimum contacts and determined that the United

16  States District Court for the District of New Jersey had personal jurisdiction over Detective

17  Ward of the Maricopa County Sheriff's Office.  Boyd alleged that he was extradited from

18  New Jersey to Arizona in retaliation for successful lawsuits against New Jersey county jail

19  officials and agents.  469 Fed.Appx. at 94.  Although the District Court granted the

20  detective's 12(b)(2) motion to dismiss, the Third Circuit reversed, finding that:

21          Boyd clearly alleged that Ward constructed a police report based on
            information received from New Jersey prosecutors, that Ward put together
22          and presented the photo array used by the victim of Crime # 1 to identify
            Boyd, that Ward traveled to New Jersey to procure from Boyd a DNA sample,
23          that Ward testified before the Arizona grand jury that produced the
            indictment, that Ward prepared an affidavit in support of Boyd's extradition
24          from New Jersey to Arizona, and that Ward entered into a conspiratorial
            agreement to provide the New Jersey extradition court with false or
25          misleading information. We conclude that Boyd's allegations are sufficient to
            survive a Rule 12(b)(2) motion to dismiss.
26

27  _____
    [2] The non-resident county was dismissed because there was no allegation that its
28  employees acted pursuant to a county policy, custom, or ordinance.  64 F.3d at 474.

1    *Id.* at 99.  However, the Third Circuit affirmed the dismissal of Detective Keller, who had

2    traveled to New Jersey with Detective Ward to collect the DNA sample pursuant to a court

3    order. *Id.* at 98; *Boyd v. Arizona*, 2010 WL 551445, at *4 (D.N.J. Feb. 16, 2010) ("Keller's

4    travel to New Jersey, pursuant to a court order and for the limited purpose of retrieving

5    biological samples, is insufficient to constitute the purposeful direction necessary for

6    specific jurisdiction. . . . [and] it would not be fair or just to hale Keller into court in New

7    Jersey.").

8         The factors that distinguished Ward from Keller, and provided a basis for personal

9    jurisdiction, are not present in the facts alleged by Villanueva here.  Plaintiffs do not even

10   allege any travel or contact between the Maricopa County Defendants and California similar

11   to Keller's inadequate personal contact of having traveled to the forum state in connection

12   with the law enforcement activities at issue.

13        **B.**     **Plaintiffs' claims do not arise from California-related activities by the**

14                  **Maricopa County Defendants.**

15        Plaintiffs also do not allege that any of the activities of the County or Shaw relate to

16   the State of California in any way.  To the contrary, the alleged activities of the County and

17   Shaw from which Plaintiffs' claims arise consisted of securing and executing a search

18   warrant on Mr. Villanueva's property in Maricopa County.  To the extent that Plaintiffs

19   allege that federally-funded collaboration exists between the Drug Enforcement Agency

20   and the Maricopa County Sheriff's Office, Plaintiffs do not identify any connection between

21   such collaboration and the State of California.

22        **C.**     **Plaintiffs lack any meaningful connection to California.**

23        Plaintiffs allege that they "are California corporations domiciled in California, their

24   state of incorporation."  FASC, ¶ 3.  However, this is not actually true for all Plaintiffs and,

25   in the case of Plaintiff NAAVC, is misleading.  Plaintiffs' most significant connections are

26   to the State of Arizona.

27        **1.**     **Arizona Yagé Assembly**

28        Plaintiffs allege that the Arizona Yagé Assembly ("AYA") is "incorporated as a

CASE NO. 3:20-CV-03098              7                    MOTION TO DISMISS
2773748.v6

1    nonprofit corporation in the State of California."   FASC, ¶ 47.   In fact, AYA was

2    incorporated in the State of Arizona in June 2015.  *See* AYA Articles of Incorporation,

3    attached as **Exhibit B;** Declaration of Evan Hiller, attached as **Exhibit A**, at �ℙ 5.  AYA

4    continues to file annual reports as an Arizona nonprofit corporation, the latest of which was

5    received by the Arizona Corporation Commission on June 22, 2020. *See* AYA 2020 Annual

6    Report, attached as **Exhibit C**; Ex. A, at ⅌ 6.   Notably, AYA's place of business and

7    statutory agent are both located in Tucson, Arizona.  Ex. C.

8         AYA also has articles of incorporation as a California nonprofit religious

9    corporation, but those articles were not filed with the California Secretary of State until

10   January 11, 2019.  *See* AYA California Articles of Incorporation, attached as **Exhibit D**;

11   Ex. A, at ⅌ 7.  AYA does not have any principal office in California.  *See* AYA Statement

12   of Information, attached as **Exhibit E**; Ex. A, at ⅌ 8**.**

13              **2.      North American Association of Visionary Churches**

14        Plaintiffs allege that the North American Association of Visionary Churches

15   ("NAAVC") is "a religious nonprofit corporation in the State of California … incorporated

16   in 2019."  FASC, ¶ 62.  NAAVC was incorporated by Winfield Scott Stanley, the founder

17   of AYA.  *See* Ex. B; NAAVC Articles of Incorporation, attached as **Exhibit F**; Ex. A, at ℙ

18   9.   Stanley is the Chief Executive Officer of NAAVC.  *See* NAAVC Statement of

19   Information, attached as **Exhibit G**; Ex. A, at ℙ 10.  Clay Villanueva is NAAVC's secretary.

20   Ex. G.  Charles Carreon, who is counsel for Plaintiffs in this matter, is the Chief Financial

21   Officer of NAAVC.  *Id.*  Stanley, Villanueva, and Carreon are all residents of Arizona.  *Id.*

22              **3.      Clayton Villanueva**

23        Villanueva is a person, not a corporation.  Plaintiffs allege that Villanueva lives at

24   the Vine of Light Church.  FASC, ¶ 199.  The Vine of Light Church is located in Phoenix,

25   Arizona.  *See* Vine of Light Church Annual Report, attached as **Exhibit H**; Ex. A, at ℙ 11.

26   Villanueva is a resident of Arizona.  Ex H.

27

28

1
2

**D.      The exercise of jurisdiction over the County or Shaw would not be reasonable.**

3
4
5
6
7
8
9
10
11
12
13
14

The assertion of personal jurisdiction over the Maricopa County Defendants would not comport with fair play and substantial justice.  "The court examines seven factors to determine reasonableness: the extent of purposeful interjection; the burden on the defendant; the extent of conflict with sovereignty of the defendant's state; the forum state's interest in adjudicating the suit; the most efficient judicial resolution of the dispute; the convenience and effectiveness of relief for the plaintiff; and the existence of an alternative forum." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1198-99 (9th Cir. 1988) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).  Each of these factors, which are discussed individually below, is either neutral or weighs against the reasonableness of exercising personal jurisdiction.  In addressing the seven factors, it is important to note that Plaintiffs have virtually no connection to the forum state of California, as discussed in Part III.C, *supra*.

15

**1.      Purposeful interjection**

16
17
18
19

There was no purposeful interjection in California by the Maricopa County Defendants, as discussed in Part III.A, *supra*.  Even if the arrest, in Arizona, of an Arizona resident were sufficient to satisfy the purposeful availment prong, however, the degree of intrusion would not be significant.

20

**2.      Burden on the defendant**

21
22
23
24
25
26
27
28

"We examine the burden on the defendant in light of the corresponding burden on the plaintiff." *Brand v. Menlove Dodge*, 796 F.2d 1070 at 1075 (9th Cir. 1986).  The Maricopa County Defendants are located, unsurprisingly, in Maricopa County, Arizona. FASC, ¶¶ 13-14. The Vine of Light church, where Villanueva resides, is incorporated in Arizona and located in Maricopa County, Arizona. FASC, ¶¶ 182, 199; Ex. H.  The events of which Plaintiffs complain (with respect to claims against the Maricopa County Defendants) all took place in Maricopa County, Arizona, and presumably all witnesses and evidence are located there.  As discussed in Part III.C, *supra*, Plaintiff AYA is an Arizona

1    corporation with a place of business in Arizona; Plaintiff NAAVC's identified officers all

2    reside in Arizona; and Plaintiff Villanueva is a resident of Arizona.  Plaintiffs' counsel is

3    located in Tucson, Arizona.  Accordingly, the burden of litigating in California on the

4    Maricopa County Defendants is far greater than the burden of litigating in Arizona on the

5    Plaintiffs.

6    ### 3.    Conflict with sovereignty of defendant's state

7    Conflict with the sovereignty of a defendant's state requires "an examination of the

8    competing sovereign interests in regulating [the defendant's] behavior."  *Dole Food Co.,*

9    *Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002).  Plaintiffs' claims against the Maricopa

10   County Defendants all relate to the purportedly retaliatory search and seizure of

11   Villanueva's property and the arrest of Villanueva.  FASC ¶¶ 195, 199-200.  There can be

12   no question that Arizona has a sovereign interest in regulating the behavior of law

13   enforcement within its boundaries.

14   Plaintiffs further allege that the Maricopa County Defendants "disrupt[ed]

15   Villanueva's *lawful* business of growing cannabis for *medical marijuana* users and

16   medicinal hemp by destroying the crop and seizing *lawfully-grown medicinal plants*."

17   FASC, ⁋ 200 (emphasis added).  Litigating the Maricopa County Defendants' actions thus

18   requires analysis of the Arizona Medical Marijuana Act, Ariz. Rev. Stat. § 36-2801 *et seq.*,

19   to determine whether Villanueva's business was lawful.  It is not clear what interest, if any,

20   California has in resolving disputes concerning the Arizona Medical Marijuana Act, but

21   Arizona's sovereign interest in the interpretation and enforcement of its own laws is again

22   clear.  This factor therefore favors the Maricopa County Defendants.

23   Note also that the claims against the Maricopa County Defendants are also asserted

24   against the State of Arizona and the Arizona Attorney General, which presents further

25   potential conflict with the sovereignty of Arizona.

26   ### 4.    California's interest in adjudicating the dispute

27   Although NAAVC is incorporated in California, it is a party to claims against the

28   Maricopa County Defendants only insofar as they are the claims of Villanueva, one of its

officers and board members.  Thus, the dispute at issue is between Villanueva (an Arizona resident) and various Arizona public entities and law enforcement officials relating to a search warrant and arrest in Arizona. California lacks any significant interest in adjudicating such a dispute.

### 5.    Most efficient judicial resolution of the dispute

Arizona is the most efficient forum to hear the claims against the County and Shay. Plaintiffs do not specify the location where any of the actions of unnamed DEA agents took place, but the actions of Maricopa County Defendants occurred exclusively in Arizona. Any documents, witnesses, and evidence relating to the search warrant, the arrest, or the alleged "conspiracy" to violate Villanueva's civil rights are either in Arizona or in some unspecified location.  No witnesses or evidence are alleged by Plaintiffs to be in California.

### 6.    Convenience and effectiveness of relief for the plaintiff

The relief sought by Plaintiffs against the Maricopa County Defendants consists of economic damages, non-economic damages, and punitive damages, as well as injunctive relief.  FASC at 70-71.  There is no reason that this relief would be more convenient or effective in California than in Arizona, where the Maricopa County Defendants (and, for all intents and purposes, the Plaintiffs) reside.

### 7.    Existence of an alternative forum

The regulatory and policy interests of Arizona are served by the exercise of jurisdiction over this lawsuit against the State of Arizona, its elected official, its political subdivision, and that subdivision's employee.  It is thus likely that Arizona possesses a strong interest in providing a forum to resolve this suit.

On the whole, then, the seven factors strongly favor the Maricopa County Defendants and a finding that the exercise of jurisdiction would not be reasonable.

## IV.    Venue in the Northern District of California Is Improper

28 U.S.C. § 1406(a) provides that, if venue is improper, the Court may dismiss or transfer the action.  Plaintiffs' claims against the Maricopa County Defendants should be dismissed or, in the alternative, transferred to the District of Arizona.

1      Plaintiffs do not address the question of why venue is proper in this District *as to the*

2 *Maricopa County Defendants.*  Instead, Plaintiffs allege only that "[v]enue is proper under

3 18 USC § 1391(e)(1)(c) against the personally-named defendants, all officers of agencies

4 of the United States acting in their official capacities, because Plaintiffs are California

5 corporations domiciled in California, their state of incorporation, and no real property is

6 involved in the action."  FASC, ⁋ 3.[3]  Notably, the Defendants are *not* **"**all officers of the

7 agencies of the United States acting in their official capacities," because the Maricopa

8 County Defendants, the State of Arizona, and the Arizona Attorney General are not officers

9 or employees of the United States.

10      18 U.S.C. § 1391(e)(1) provides that "Additional persons may be joined as parties

11 to any such action in accordance with the Federal Rules of Civil Procedure and with such

12 other venue requirements *as would be applicable if the United States or one of its officers,*

13 *employees, or agencies were not a party*."  (emphasis added).  Generally, a civil action may

14 be brought *only* in:

> (1) a judicial district in which any defendant resides, if all defendants are
15      residents of the State in which the district is located;
16
> (2) a judicial district in which a substantial part of the events or omissions
17      giving rise to the claim occurred, or a substantial part of property that is
      the subject of the action is situated; or
18
> (3) *if there is no district in which an action may otherwise be brought as*
19      *provided in this section*, any judicial district in which any defendant is
      subject to the court's personal jurisdiction with respect to such action.
20

28 U.S.C. § 1391(b) (emphasis added).
21
22      Leaving aside officers of the United States (as Section 1391(e)(1) requires), all of

the Defendants reside in the same state:  Arizona.  All of the identified events or omissions
23
giving rise to the Plaintiffs' claims against the Maricopa County Defendants occurred in
24
Arizona or an unidentified location; none were alleged to have occurred in California.
25
Clearly, the claims against the Maricopa County Defendants could have been brought in the
26

27
_____
[3] This allegation was not changed from the original Complaint to reflect the Arizona
28  defendants.  Complaint (Doc. 1), ⁋ 3.

1  District of Arizona, so the choice under Section 1391(b)(3) is unavailable.

2  Under the doctrine of pendent venue, "[o]nce a court has determined that venue is

3  proper as to one claim, it may exercise pendent venue to adjudicate closely related claims."

4  *Saravia v. Sessions*, 280 F.Supp.3d 1168, 1191-92 (N.D. Cal. 2017) (internal citations

5  omitted), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

6  "Whether to do so is a discretionary determination, and informing the exercise of discretion

7  are principles of judicial economy, convenience, avoidance of piecemeal litigation, and

8  fairness to the litigants." *Id.* (internal quotation marks and citations omitted).  "Where a

9  case is built around a single wrong, common issues of proof, and similar witnesses, pendent

10 venue is more likely to be appropriate." *Id.* (internal quotation marks and citations omitted).

11 Here, Plaintiffs' claims against the Maricopa County Defendants are built around a

12 completely different "wrong" and set of operative facts than those against the original

13 defendants, and litigating in California (instead of Arizona, where all parties and witnesses

14 to the new claims reside) would be inconvenient and unfair.

15 **V.      Conclusion**

16 For the foregoing reasons, the First Amended and Supplemental Complaint (Doc.

17 12) and this action, as to all claims against the Maricopa County Defendants, should be

18 dismissed.

19 Respectfully submitted this 21st day of July, 2020.

20 **SACKS TIERNEY, P.A.**

21 */s/ Evan F. Hiller*

22 Evan F. Hiller

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2       On July 21, 2020, I served the following foregoing Maricopa County Defendants'

3   Motion to Dismiss, and the exhibits thereto, on the person or persons below, as follows:

4               a.       via Northern District of California ECF

5                        Charles Carreon
                         3241 E. Blacklidge Drive
6                        Tucscon, Arizona 85716
                         *Attorney for Plaintiffs*
7
                         Kevin P. Hancock
8                        U.S. Department of Justice
                         Civil Division, Federal Programs Branch
9                        1100 L Street NW
                         Washington, DC 20005
10                       *Attorney for Defendants William Barr, Timothy Shea,*
                         *Chad Wolf, Mark Morgan, and United States of America*
11
                         Leah Brownlee Taylor
12                       U.S. Department of Justice
                         Torts Branch, Civil Division
13                       P.O. Box 7146, Ben Franklin Station
                         Washington, D.C. 20044-7146
14                       *Attorney for Defendant Thomas Prevoznik*

15              b.       via U.S. Mail, postage prepaid

16                       The State of Arizona
                         Mark Brnovich, Arizona Attorney General
17                       2005 N. Central Ave.
                         Phoenix, AZ 85004
18                       *Defendant*

19       I declare under penalty of perjury that the foregoing is true and correct.

20

21   07/21/2020 _____                      */s/ Michelle L. Curtsinger* _____
     Date                                      Michelle L. Curtsinger

22

23

24

25

26

27

28

CASE NO. 3:20-CV-03098              1              MOTION TO DISMISS
2773748.v6