CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel:  628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>　　　　　Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE |

# NOTICE

Pursuant to F.R.C.P. 6(b) and Local Rule 7-10, plaintiffs move the Court *ex parte* for an order continuing the Case Management Conference currently scheduled for August 11, 2020 pursuant to the Court's scheduling order (Docket # 10), for one week, until August 18, 2020.

The legal grounds for moving *ex parte* are that Rule 6(b) authorizes the filing of an *ex parte* application to extend time for performing any act required under the rules when the application is filed prior to the expiration of the time for performing the act.

This motion is based on the attached Memorandum of Points and Authorities and the facts set forth Declaration of Charles Carreon.

Dated:  July 24, 2020               CHARLES CARREON, ESQ.
                                    By: /s/Charles Carreon
                                    CHARLES CARREON (127139)
                                    Attorney for Plaintiffs
                                    Arizona Yagé Assembly and
                                    North American Association of Visionary Churches

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **Rule 6(b)**

   Federal Rule of Civil Procedure 6(b) provides:

   > When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

   This application is thus properly made *ex parte* prior to the August 11th CMC date.

2. **Facts**

   The defendants in this action have all been served. Service on DEA and other federal defendants was accomplished per the proofs of service filed on June 3, 2020. (Docket # 11.) A supplemental Summons was issued for the Arizona Defendants (Docket # 15) to accompany the FASC (Docket # 12), and all were served on June 30, 2020. (Carreon Dec. ¶ 1; Exhibit 1.)

   Neither the State of Arizona nor the Arizona Attorney General (jointly, the "Arizona AG") have appeared in the action. (Carreon Dec. ¶ 4) Yesterday, plaintiffs' counsel called the Arizona AG's office, and spoke with one receptionist, one administrator, and left notice of intending to make an ex parte application today on a voicemail line for a "duty officer." (Carreon Dec. ¶ 4.)

   Defendants have filed three motions: *First*, a motion to stay by defendant Thomas Prevoznik, noticed for hearing on August 26th. (Docket # 17.) *Second*, a motion to stay by the Drug Enforcement Administration and other United States law enforcement agencies (jointly, the "DEA"), noticed for hearing August 26th. (Docket # 19.) *Third*, Maricopa County and Detective Shay (jointly "Maricopa County") filed a motion to dismiss noticed for hearing on September 9th. (Docket # 20.)

   Plaintiffs filed a motion for preliminary injunction noticed for hearing on August 26, 2020. (Docket # 22). (Carreon Dec. ¶ 5.)

   The parties are not in agreement about scheduling these motions. Plaintiff does not want to continue the Motion for Preliminary Injunction, seeking preliminary relief to protect plaintiffs from actual physical danger, among other risks to their person and property, that may arise from

the continued retaliatory acts of the DEA, Maricopa County and Det. Shay, as argued in detail in the Preliminary Injunction.  (Carreon Dec. ¶ 6; Docket # 22.)

Plaintiff has the burden of prosecuting the action, and getting the defendants to comply with the Court's May 13, 2020 Scheduling Order (Docket # 10), that their counsel appear to consider an optional matter.  Plaintiff believes the Scheduling Order must be complied with unless amended, and cannot be elided by the opinions of counsel as to when the CMC should occur.  Plaintiffs have asked for a stipulation to move the CMC one week (Exhibit 3), and all appearing defendants have declined (Exhibits 4, 5 and 6.)  Their explanations are quoted below.

### 3. Position of Opposing Counsel

The plaintiffs have been unable to agree with defendants' request to continue the pending Motion for Preliminary Injunction (Docket # 22)

The DEA's response reads, in substance, as follows:

> [T]he Federal Agency Defendants have a pending motion to extend those dates by approximately 60 days in the event the Court does not grant the stay we are seeking.  See ECF No. 19.  In addition, in our view it would be premature to meet and confer regarding discovery, file a Rule 26(f) report, complete initial disclosures, and hold a case management conference given that not all Defendants have been served and appeared in this matter.  It would be further premature to take these steps before the various motions currently pending before the Court are decided.

(Exhibit 4.)

Counsel Maricopa County replied in relevant part:

> I am willing, on behalf of Maricopa County and Mr. Shay, to agree to an extension of the initial meet-and-confer deadline, ADR certification deadline, rule 26(f) report deadline, initial disclosure deadline, case management statement deadline, and initial case management conference.  I agree with Mr. Hancock that those activities are premature prior to the appearance of the Arizona defendants and before the resolution of the pending motions.  If the plaintiffs and federal defendants can agree on the length of such an extension, we will join.

> I disagree that the consolidation of the motion for preliminary injunction with the other pending motions for argument on September 9 provides "mere scheduling convenience."  To the contrary, arguing that motion separately and prior the other pending motions strikes me as premature, inefficient, and potentially a waste of the court's and parties' resources.

(Exhibit 5.)

Counsel for Thomas Prevoznik replied in relevant part:

Thomas Prevoznik, has not been served as a defendant in this action. His pending motion to stay requests the Court stay all deadlines in this case. In light of the procedural posture of the case, I agree that it we would make sense to preserve judicial resources and to have hearing(s) on all pending motions (including the motion for preliminary injunction) conducted on 9/9 and resolved *before* conferring on future discovery. This is of particular import to my client, who is sued individually and is entitled to assert qualified immunity. Engaging in any discovery-related matters before service or resolution of Mr. Prevoznik's qualified immunity defense would be inefficient and burdensome. *** If you intend to file a motion for administrative relief under Local Rule 7-11, in accordance with the local rule, in your declaration, please note Mr. Prevoznik's position on the motion to stay, service, and qualified immunity as the reason(s) why a stipulation to your proposed dates could not be obtained.

(Exhibit 6.)

### 4. The Court Should Continue the CMC

Plaintiffs' counsel tried to avoid filing anything unilaterally regarding scheduling. (Carreon Dec. ¶ 8.) He spoke by telephone with counsel for the DEA and Maricopa County, and proposed a two-week continuance of the CMC in a letter that also proposed that all parties stipulate to a single hearing date for the motions that Maricopa County and the DEA were planning to file. (Carreon Dec. ¶ 9; Exhibit 2.) Plaintiffs' counsel also offered, in his phone call, to extend time for a reasonable, non-specific period, so Maricopa County and the DEA would not have to rush their filing, because the 21 day period for responsive pleadings was about to run. (Carreon Dec. ¶ 10.)

Plaintiffs' counsel also advised counsel for the DEA and Maricopa County that, had they not notified him of their representation, plaintiffs were about to file an *ex parte* application for emergency relief to prevent another police raid on a litigant, but since the "adults were now in the room," he would trust in their control over their principals to prevent any further injuries to the *status quo,* and proceed to file a Motion for Preliminary Injunction. This statement was confirmed twice in letters to opposing counsel. (Exhibits 2 and 3). When plaintiffs' counsel asked Maricopa County for a stipulation to reset the *status quo ante* the May 19, 2020 search of plaintiff Clay Villanueva's home and church as alleged in detail in the First Amended and Supplemental Complaint ("FASC") opposing counsel declined politely with a chuckle, noting that he didn't expect his clients to go along with such a proposal. (Carreon Dec. ¶ 10.)

Likewise, counsel for the DEA was unable to provide any assurances that future attacks on the litigants by the DEA would not be forthcoming. (Carreon Dec. ¶ 11.) Accordingly, plaintiffs' counsel advised the DEA and Maricopa County by letter that, lacking such assurances, plaintiffs could not continue the Motion for Preliminary Injunction (Docket # 22), as it would only prolong the chilling effect upon their Free Exercise, Free Speech and Freedom of Association that the Preliminary Injunction seeks to remedy. (Carreon Dec. ¶ 11; Exhibit 3.) Additionally, he tendered a stipulation to continue the CMC one week, exhorting his colleagues to not file any unilateral scheduling requests, but rather join in a stipulation requesting an extension of time to conduct our first joint meeting, and a continuance of the CMC until August 18th, that would give all counsel until August 11th to file our Joint Case Management Statement ("JCMS")" (Carreon Dec. ¶ 11.)

Plaintiffs thus believe it would better serve the purpose of orderly adjudication of the action to have the parties comply with its Order to meet and confer, discuss their scheduling issues, and present their positions in the JCMS, so the Court may set dates at the CMC. (Carreon Dec. ¶ 12.)

## 5. Conclusion

Plaintiffs have shown good cause to grant this parte application. Accordingly, the Court is requested to issue an order in the form submitted herewith to: (1) continue the CMC to August 18th, and (2) direct the parties to submit all scheduling concerns regarding pending and future motions in the JCMS.

Dated: July 24, 2020  CHARLES CARREON, ESQ.
By: /s/Charles Carreon
CHARLES CARREON (127139)
Attorney for Plaintiffs
Arizona Yagé Assembly and
North American Association of Visionary Churches