CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel:  628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>DECLARATION OF CHARLES CARREON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION TO RESTORE *STATUS QUO ANTE*<br><br>Date:  August 26, 2020<br>Time:  2:00 P.M.<br>Courtroom:  2 (17th floor) |

DECLARATION OF CHARLES CARREON

Charles Carreon declares and states as follows:

1. I am an attorney licensed to practice law in the State of California, and the attorney for the plaintiff herein. I make this declaration on personal knowledge, and if called as a witness could and would so competently testify.

2. The defendants in this action have all been served. Service on DEA and other federal defendants was accomplished per the proofs of service filed on June 3, 2020. (Docket # 11.)

3. A supplemental Summons was issued for the Arizona Defendants (Docket # 15) to accompany the FASC (Docket # 12), and all were served on June 30, 2020. (Exhibit 1.)

4. Neither the State of Arizona nor the Arizona Attorney General (jointly, the "Arizona AG") have appeared in the action. Yesterday, Thursday July 23rd, your declarant called the Arizona AG's office, and spoke with Alexis, a receptionist, who connected him with Beth, an administrator, who checked the AG's computer system and found no record of the matter, searching under plaintiffs' name. She directed your declarant to the "duty officer for internal investigations," and I left notice of intending to make an ex parte application today to reschedule the CMC so the Arizona AG would be able to attend.

5. Three motions have been calendared. First, a motion to stay by defendant Thomas Prevoznik, scheduled for hearing on August 26th. (Docket # 17.) Second, a motion to stay by the Drug Enforcement Administration and other United States law enforcement agencies (jointly, the "DEA"), scheduled for hearing August 26th. (Docket # 19.) Third, Maricopa County and Detective Shay (jointly "Maricopa County") filed a motion to dismiss for hearing on September 9th. (Docket # 20.) Plaintiffs filed a motion for preliminary injunction for hearing on August 26, 2020. (Docket # 22).

6. The plaintiffs have been unable to agree with defendants' request to continue the pending Motion for Preliminary Injunction (Docket # 22)

7. The responses of the attorneys currently appearing in the action are quoted hereinbelow, and attached as Exhibits 4, 5 and 6. The DEA's response to my latest letter communicating that result, and proposing that we continue the CMC reads, in relevant part, as follows:

> [T]he Federal Agency Defendants have a pending motion to extend those dates by approximately 60 days in the event the Court does not grant the stay we are seeking. See ECF No. 19. In addition, in our view it would be premature to meet and confer regarding discovery, file a Rule 26(f) report, complete initial disclosures, and hold a case management conference given that not all Defendants have been served and appeared in this matter. It would be further premature to take these steps before the various motions currently pending before the Court are decided.

(Exhibit 4.)

Counsel Maricopa County replied in relevant part:

> I am willing, on behalf of Maricopa County and Mr. Shay, to agree to an extension of the initial meet-and-confer deadline, ADR certification deadline, rule 26(f) report deadline, initial disclosure deadline, case management statement deadline, and initial case management conference. I agree with Mr. Hancock that those activities are premature prior to the appearance of the Arizona defendants and before the resolution of the pending motions. If the plaintiffs and federal defendants can agree on the length of such an extension, we will join.
>
> I disagree that the consolidation of the motion for preliminary injunction with the other pending motions for argument on September 9 provides "mere scheduling convenience." To the contrary, arguing that motion separately and prior the other pending motions strikes me as premature, inefficient, and potentially a waste of the court's and parties' resources.

(Exhibit 5.)

Counsel for Thomas Prevoznik replied in relevant part:

> Thomas Prevoznik, has not been served as a defendant in this action. His pending motion to stay requests the Court stay all deadlines in this case. In light of the procedural posture of the case, I agree that it we would make sense to preserve judicial resources and to have hearing(s) on all pending motions (including the motion for preliminary injunction) conducted on 9/9 and resolved *before* conferring on future discovery. This is of particular import to my client, who is sued individually and is entitled to assert qualified immunity. Engaging in any discovery-related matters before service or resolution of Mr. Prevoznik's qualified immunity defense would be inefficient and burdensome. *** If you intend to file a motion for administrative relief under Local Rule 7-11, in accordance with the local rule, in your declaration, please note Mr. Prevoznik's position on the motion to stay, service, and qualified immunity as the reason(s) why a stipulation to your proposed dates could not be obtained.

(Exhibit 6.)

**8.** Your declarant tried to avoid filing anything unilaterally regarding scheduling. In my very first telephone conversation with counsel for Maricopa County and the DEA, I proposed a two-week continuance of the CMC in a letter that also proposed that all parties stipulate to a single

hearing date for the motions that Maricopa County and the DEA were planning to file. (Exhibit 2.)

**9.** Your declarant also offered, in his first phone call, to extend time for a reasonable, non-specific period, so Maricopa County and the DEA would not have to rush their filing, because the 21 day period for responsive pleadings was about to run.

**10.** Plaintiff also advised counsel for the DEA and Maricopa County that, had they not notified me of their representation, plaintiffs were about to file an ex parte application for emergency relief to prevent another police raid on a litigant, but since the "adults were now in the room," I would trust in their control over their principals to prevent any further injuries to the *status quo,* and proceed to file a Motion for Preliminary Injunction. This idea was confirmed twice in letters to opposing counsel. (Exhibits 2 and 3). When your declarant asked Maricopa County for a stipulation to reset the *status quo ante* the May 19t, 2020 search of plaintiff Clay Villanueva's home and church as alleged in detail in the First Amended and Supplemental Complaint ("FASC") opposing counsel declined politely with a chuckle, noting that he didn't expect his clients to go along with such a proposal.

**11.** Likewise, counsel for the DEA was unable to provide any assurances that future attacks on the litigants by the DEA would not be forthcoming. Accordingly, your declarant advised the DEA and Maricopa County by letter that, lacking such assurances, plaintiffs could not continue the Motion for Preliminary Injunction (Docket # 22), as it would only prolong the chilling effect upon their Free Exercise, Free Speech and Freedom of Association that the Preliminary Injunction seeks to remedy. (Exhibit 3.) I also asked them to sign a stipulation to continue the CMC to August 18th. (Exhibit 3.)

/ / /
/ / /
/ / /
/ / /
/ / /

**12.** Plaintiffs believe that it would better serve the purpose of orderly adjudication of the action to underline the Court's desire to have the parties comply with its Order to meet and confer seven days in advance of the CMC, so that they can discuss their scheduling issues, present their position in the JCMS, and allow the Court to set its own dates at the CMC.

I hereby declare, pursuant to the provisions of 28 U.S.C. § 1746 (2), under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed at Tucson, Arizona on July 24, 2020

s/Charles Carreon/s
Charles Carreon, Declarant