1    MARK BRNOVICH
     ATTORNEY GENERAL
2

3    Drew C. Ensign (Bar No. 243956)
       *Deputy Solicitor General*
4    Office of the Arizona Attorney General
     2005 N. Central Ave.
5    Phoenix, Arizona 85004
     Telephone: (602) 542-5025
6    Facsimile: (602) 542-8083
     Email:  Drew.Ensign@azag.gov
7

8    *Attorney for State of Arizona and Mark
     Brnovich, Arizona Attorney General*
9

10                     **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN FRANCISCO DIVISION**

13   ARIZONA YAGÉ ASSEMBLY,                      CASE NO. 3:20-cv-03098-WHO
     NORTH AMERICAN ASSOCIATION
14   OF VISIONARY CHURCHES, and           File Date:        July 27, 2020
     CLAY VILLANUEVA,
15                                         **STATE OF ARIZONA'S NOTICE OF
                 Plaintiffs,               MOTION AND MOTION TO DISMISS
16        v.                               PLAINTIFFS' FIRST AMENDED
                                           COMPLAINTS; MEMORANDUM OF
17   WILLIAM BARR, Attorney General of the POINTS AND AUTHORITIES IN
     United States; UTTAM DHILLON, Acting  SUPPORT THEREOF**
18   Administrator of the U.S. Drug Enforcement
     Administration; CHAD F. WOLF, Acting  **FRCP 12(b)(1)-(3), (6)**
19   Secretary of the Dept. of Homeland Security;
     MARK A. MORGAN, Acting Commissioner
20   of U.S. Customs and Border Protection;  **Hearing Date:  September 2, 2020**
     THOMAS PREVOZNIK, Deputy Assistant    **Time:          2:00 p.m.**
21   Administrator of the DEA Dept. of Diversion **Place:         Courtroom 2, 17th Floor**
     Control, in his personal capacity; the UNITED **Judge:         Hon. William H. Orrick III**
22   STATES OF AMERICA; the STATE OF       **Trial Date:     N/A**
     ARIZONA; MARK BRNOVICH, Arizona
23   Attorney General; MARICOPA COUNTY, a
     political subdivision of the State of Arizona;
24   and, MATTHEW SHAY,

25               Defendants.

26

27

28

1

**TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ....................................................................................................... ii

3  NOTICE OF MOTION AND MOTION .................................................................................. iv

4  MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

5  INTRODUCTION ..................................................................................................................... 1

6  BACKGROUND ....................................................................................................................... 1

7  LEGAL STANDARD................................................................................................................ 2

8  ARGUMENT ............................................................................................................................. 3

9  I.     PERSONAL JURISDICTION IS LACKING OVER STATE
         DEFENDANTS .............................................................................................................. 3

10

11 II.    VENUE IS IMPROPER AS TO STATE DEFENDANTS ............................................. 4

   III.   SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIMS.......................................... 5
12
          A.     The State Is Immune From All Claims................................................................ 6
13
          B.     State Defendants Are Immune From Plaintiffs' State Law Claim ....................... 6
14
   IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 .......................... 7
15
   CONCLUSION.......................................................................................................................... 8
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

PAGE(S)

2

**CASES**

3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................ 3, 7

4

5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................... 2

6

*Foley v. Marquez*,
   No. CV03-1010-SI, 2003 WL 22288160 (N.D. Cal. 2003)....................................... 5

7

8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011).................................................................................................... 3

9

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945).................................................................................................... 3

10

11

*Little v. King*,
   768 F.Supp.2d 56 (D.D.C. 2011) ............................................................................... 4

12

*Lucas v. Ariz. Supreme Ct. Fiduciary Certification Program*,
   No. CV09-2599-PHX-NVW, 2010 WL 2573557 (D. Ariz. June 23, 2010),
   *aff'd*, 457 F. App'x 689 (9th Cir. 2011)..................................................................... 7

13

14

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984)................................................................................................... 6, 7

15

16

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
   506 U.S. 139 (1993).................................................................................................... 6

17

*Raygor v. Regents of Univ. of Minn.*,
   534 U.S. 533 (2002).................................................................................................... 7

18

19

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) .................................................................................. 3, 4

20

*Seminole Tribe of Florida v. Florida*,
   517 U.S. 44 (1996)...................................................................................................... 6

21

22

*Taylor v. White*,
   132 F.R.D. 636 (E.D. Penn. 1990).............................................................................. 4

23

*Ticketmaster L.L.C. v. Prestige Entertainment, Inc.*,
   306 F.Supp.3d 1164 (C.D. Cal. 2018) ....................................................................... 4

24

25

*Wennihan v. AHCCCS*,
   515 F. Supp. 2d 1040 (D. Ariz. 2005) ....................................................................... 7

26

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989)...................................................................................................... 7

27

28

*Zeiger v. WellPet LLC*,
   304 F.Supp.3d 837 (N.D. Cal. 2018) ......................................................................... 3

**STATUTES**

28 U.S.C. § 1391(b)(1)-(2) ..................................................................................... 4

28 U.S.C. § 1391(e)(1) ........................................................................................... 4

28 U.S.C. § 1406 .................................................................................................... 5

42 U.S.C. § 1983 .................................................................................................... 7

**OTHER AUTHORITIES**

5 C. Wright & A. Miller, *Federal Practice and Procedure* (3d ed. 2004) ................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(1) .......................................................................................... 5

Fed. R. Civ. P. 12(b)(2) .......................................................................................... 3

Fed. R. Civ. P. 12(b)(3) .......................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 7

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | **PLEASE TAKE NOTICE** that on September 2, 2020, at 2:00 p.m., or as soon thereafter |
| 3 | as the matter can be heard before the Honorable William H. Orrick III, in Courtroom 2, San |
| 4 | Francisco Courthouse, Defendants State of Arizona and Mark Brnovich, Arizona Attorney |
| 5 | General (collectively, the "State" or "State Defendants") will and hereby do move the Court for |
| 6 | an order dismissing the First Amended and Supplemental Complaint of Plaintiffs.  This Motion |
| 7 | is made pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(3), and (b) (6) on the |
| 8 | grounds that (1) this Court lacks subject matter jurisdiction due to sovereign immunity, (2) this |
| 9 | Court lacks subject matter jurisdiction over the State Defendants, (3) venue is improper in this |
| 10 | Court, and (4) the First Amended and Supplemental Complaint fails to state a claim upon which |
| 11 | can be granted. |
| 12 | This Motion is based on this Notice, the Memorandum of Points and Authorities in |
| 13 | Support of this Motion, and the pleadings and records on file in the case. |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

3:20-cv-03098-WHO
STATE OF ARIZONA'S MOTION TO DISMISS

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **INTRODUCTION**

3      Plaintiffs' First Amended and Supplemental Complaint ("FAC") (Doc. 12) attempts to

4   add the State of Arizona (the "State") and its Attorney General (collectively, "State Defendants")

5   as Defendants to this suit.   But this amendment is plainly inappropriate because (1) this Court

6   does not have personal jurisdiction over State Defendants, (2) venue is improper in this District,

7   (3) the State enjoys sovereign immunity against all claims and all State Defendants are immune

8   to Plaintiffs' state law claim in this Court, and (4) Section 1983 does not provide any cause of

9   action against the State, and does not provide a cause of action for damages against the Attorney

10  General.

11      For all of these reasons, the State Defendants' motion to dismiss should be granted.

12  **BACKGROUND**

13      Plaintiffs initially brought this suit against the United States of America and federal

14  officials under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(c), among other

15  federal statutes, alleging that federal laws prohibiting the importation, distribution, and

16  possession of Ayahuasca, a tea containing a Schedule I controlled substance under the

17  Controlled Substances Act, 21 U.S.C. § 801 et. seq., burdens their religious freedom.

18  Complaint, Doc. 1 ¶¶ 5-6.  Plaintiffs allege that at some time after the filing of their original

19  complaint, the United States Drug Enforcement Agency ("DEA") formed animus against the

20  Plaintiffs and their board members and initiated an investigation into one of their board

21  members, Plaintiff Villanueva, and his church in retaliation for the filing of this suit.  FAC ¶¶

22  184, 187.   Villanueva lives in Arizona and his church, which is also his residence, is

23  incorporated in Arizona, and neither was a party to this suit when the original Complaint was

24  filed. *Id.* ¶¶ 182, 199, Doc. 1.

25      Plaintiffs allege that the Maricopa County Sheriff's Office ("MSCO") and the Arizona

26  Attorney General had a longstanding collaboration with the DEA as part of the High Intensity

27  Drug Trafficking Areas Task Force, and in part through federal funding of this task force, the

28  MSCO and Arizona Attorney General's Office came to conspire with the DEA against

3:20-cv-03098-WHO
STATE OF ARIZONA'S MOTION TO DISMISS

1    Villanueva.   FAC ¶¶ 190-191.   Plaintiffs allege that Arizona law enforcement activity

2    investigating Villanueva's use of controlled substances was actually part of the conspiracy to

3    violate Villanueva's rights in retaliation for the original plaintiffs having brought this case. *Id.*

4    ¶ 196.  Specifically, Plaintiffs allege that the MSCO and the Arizona Attorney General's Office

5    investigated Villanueva's finances and MSCO searched his Arizona church-residence pursuant

6    to a warrant, during which they seized Villanueva's stash of Ayahuasca, which he uses as

7    "sacrament" in his church. *Id.* ¶¶ 200, 202.

8          Plaintiffs subsequently filed their First Amended and Supplemental Complaint in which

9    they added Villanueva as a plaintiff and the State of Arizona, Arizona Attorney General,

10   Maricopa County, and MSCO Matthew Shay as defendants in order to make their Arizona-based

11   allegations. *Id.* ¶¶ 7, 11-14.  Plaintiffs allege that the actions of these newly-added defendants in

12   Arizona, as well as the State of Arizona's ban on Ayahuasca, violated Villanueva's civil rights

13   under 42 U.S.C. § 1983 and his rights under Arizona's Free Exercise of Religion Act A.R.S.

14   § 41-1493.01.  *Id.* ¶¶ 218-228.  For these alleged violations, Plaintiffs seek economic, injunctive,

15   and declaratory relief.

16                              **LEGAL STANDARD**

17         To survive a motion to dismiss for failure to state a claim, a plaintiff must allege

18   "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

19   *Twombly*, 550 U.S. 544, 570 (2007).  The Court in *Twombly* explained that a complaint should

20   be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires a

21   "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement

22   to relief. *Id*. at 555 n. 3.  While blanket assertions may provide a defendant with the requisite

23   "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the

24   "grounds" on which that claim rests. *Id*.  "The pleading must contain something more … than

25   … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

26   *Id.* at 555 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

27   36 (3d ed. 2004)).

28

1    In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court emphasized that while a

2    trial court examining a complaint for sufficiency must accept the factual allegations as true, the

3    trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

4    at 678 (citation omitted).  Determining whether a complaint states a plausible claim for relief is

5    "a context-specific task" requiring the court "to draw on its judicial experience and common

6    sense." *Id.*at 679.  Where well-pleaded facts only "permit the court to infer more than the mere

7    possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. *Id.*

8                                    **ARGUMENT**

9    **I.     PERSONAL JURISDICTION IS LACKING OVER STATE DEFENDANTS**

10    This court lacks personal jurisdiction over the State of Arizona or the Arizona Attorney

11    General, and Plaintiffs' claims against them accordingly must be dismissed.  Neither Defendant

12    is "at home" in this District, so Plaintiffs cannot rely on general personal jurisdiction.  *See*

13    *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may

14    assert general jurisdiction … when [defendants'] affiliations with the State are so 'continuous

15    and systematic' as to render them essentially *at home* in the forum State." (emphasis added)).

16    And *none* of the relevant actions took place in this district either, and thus specific personal

17    jurisdiction is plainly lacking too.  Plaintiffs' claims against the State Defendants must therefore

18    be dismissed under Rule 12(b)(2).

19    A court may only exercise specific personal jurisdiction over a nonresident defendant

20    where that defendant has "at least 'minimum contacts' with the relevant forum such that the

21    exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

22    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citing *Int'l Shoe*

23    *Co. v. Wash.*, 326 U.S. 310, 316, (1945)).  Due process requires that Plaintiffs establish "a

24    prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each

25    defendant separately."   *Zeiger v. WellPet LLC*, 304 F.Supp.3d 837, 848 (N.D. Cal. 2018).

26    Plaintiffs have failed to do so.

27    Plaintiffs have made no allegations in their complaint that would satisfy even one of the

28    three mandatory prongs of personal jurisdiction analysis: Neither the State of Arizona nor its

1   Attorney General are alleged to have directed any activities within the Northern District of

2   California or toward any of the California resident Plaintiffs; there are no "forum-related

3   activities" giving rise to Plaintiffs' claims against these defendants; and exercising jurisdiction

4   over the State of Arizona and the Arizona Attorney General would not be "reasonable."

5   *Ticketmaster L.L.C. v. Prestige Entertainment, Inc.*, 306 F.Supp.3d 1164, 1179 (C.D. Cal. 2018)

6   (detailing the "three-prong test" on which "[s]pecific personal jurisdiction is analyzed") (citing

7   *Schwarzenegger*, 374 F.3d at 802).  Plaintiffs have not alleged any facts through which the State

8   of Arizona or the Arizona Attorney General have availed themselves "of the privilege of

9   conducting activities in the forum"—indeed the Complaint only alleges that these defendants

10  acted within their home jurisdiction of Arizona against individuals or entities located in Arizona.

11  *Id.*; FAC ¶¶ 173-238.

12          Because Plaintiffs have failed to make their requisite prima facie showing of facts giving

13  rise to this Court's jurisdiction, all claims against State Defendants must be dismissed.

14  **II.      VENUE IS IMPROPER AS TO STATE DEFENDANTS**

15          Plaintiffs' FAC should also be dismissed under Rule 12(b)(3) because the Northern

16  District of California is not a proper venue for Plaintiffs' claims against the State Defendants.

17  Civil actions may be brought in the jurisdiction in which the defendant resides or where the

18  "events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1)-(2).  And

19  where state officials "are sued in their official capacities," they are "deemed for venue purposes

20  to reside at the place where they maintain their official offices."  *Taylor v. White*, 132 F.R.D.

21  636, 640 (E.D. Penn. 1990).  While there are other grounds for establishing venue in suits

22  against the United States and its agencies or officers, these provisions *do not apply* to

23  nonfederal or state government defendants in the same suit.  28 U.S.C. § 1391(e)(1).  Such non-

24  federal defendants may only be joined "in accordance with the Federal Rules of Civil Procedure

25  and with such other venue requirements as would be applicable if the United States … were not

26  a party."  *Id.*; *e.g. Little v. King*, 768 F.Supp.2d 56, 65 n.7 (D.D.C. 2011) ("[U]nder § 1391(e)

27  … a plaintiff … who sues both a federal and a nonfederal defendant … must press his claim in a

28  district having venue with respect to the nonfederal defendant by authority other than § 1391(e)

1  …." (citation omitted)).

2  Where a case has been filed in the wrong venue, a court has the authority to dismiss the

3  claims entirely.  28 U.S.C. § 1406.  This Court has previously dismissed claims for improper

4  venue against nonfederal government defendants where "plaintiff has failed to allege that

5  defendants have had any contact with the Northern District of California."  *E.g.*, *Foley v.*

6  *Marquez*, No. 03-1010, 2003 WL 22288160 (N.D. Cal. 2003) at *4 (granting motion to dismiss

7  by Arizona government defendants, including the governor and law enforcement personnel,

8  who were "domiciled in Arizona" and not alleged to have sufficient contacts with the venue in

9  which the case was filed).

10  From the face of the Complaint, it is obvious that the Northern District of California is an

11  improper venue.  Here, as in *Foley*, Plaintiffs have failed to allege any contacts between the

12  Defendants and this District.  FAC ¶¶ 173-238.  Instead, Plaintiffs allegations expressly assert

13  that any alleged involvement by these defendants took place within Arizona.  *Id.*  Yet Plaintiffs'

14  sole assertion that venue is proper relies on § 1391(e)(1) alone and only references those

15  defendants that are "officers of agencies of the United States acting in their official capacities."

16  FAC ¶ 3.  Plaintiffs do not even attempt to allege that venue is proper against the nonfederal

17  Arizona defendants despite statutory language within § 1391(e)(1) requiring that venue for

18  nonfederal defendants be established independently of that subsection.  *Id.*  Because Plaintiffs

19  have not alleged *any* connection between the State Defendants and this District, Plaintiffs' claims

20  against the State of Arizona and the Arizona Attorney General must be dismissed based on

21  improper venue.

22  **III.    SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIMS**

23  Sovereign immunity also bars Plaintiffs' claims in multiple ways.  The State of Arizona

24  is absolutely immune from all of Plaintiffs' claims.  In addition, all State Defendants are immune

25  from Plaintiffs' state law claim, as the limited exception of *Ex parte Young* cannot be employed

26  for claims asserting violations of *state* law.  All of Plaintiffs' claims against the State of Arizona,

27  and its fourth claim against all State Defendants should therefore be dismissed under Rule

28  12(b)(1).

### A.    The State Is Immune From All Claims

Plaintiffs' actions against the State of Arizona are barred because the State enjoys sovereign immunity against *all* suits filed in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("Each state is a sovereign entity in our federal system; and ... '[i]t is inherent in the nature of sovereignty not to be amenable to suit of an individual without its consent[.]'" (citation omitted)). "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

It is therefore black-letter law that "suits against the States and their agencies … are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Nor has the State consented to be sued on any of these claims or in federal courts general. Sovereign immunity bars Plaintiff from litigating his claims against the State of Arizona in federal court. Accordingly, all claims against the State of Arizona must be dismissed in their entirety.

### B.    State Defendants Are Immune From Plaintiffs' State Law Claim

Sovereign immunity also bars Plaintiffs' fourth claim against all State Defendants because it asserts a violation of *state* law and no exception to sovereign immunity applies. Specifically, Plaintiffs' fourth claim alleges that the State Defendants have violated Arizona's Free Exercise of Religion Act, A.R.S. § 41-1493.01; FAC ¶¶ 223-233. But the Supreme Court has long recognized that the state and state officials cannot be sued in federal court for alleged violations of *state* law. *Pennhurst*, 465 U.S. at 121. Federal courts may not entertain, without the State's consent, "a claim that state officials violated state law in carrying out their official responsibilities." *Id.* No such consent is given here.

This result follows naturally as "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106. In fact, federal courts lack jurisdiction to even hear state law claims against state agencies and officials. *See Lucas v. Ariz. Supreme Ct. Fiduciary Certification Program*, No. CV09-2599-PHX-NVW, 2010 WL 2573557 (D. Ariz. June 23, 2010), *aff'd*, 457

1   F. App'x 689 (9th Cir. 2011) ("To the extent the Complaint seeks to compel the Arizona

2   Supreme Court to comply with state law, it is plainly barred by the Eleventh Amendment");

3   *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1048 (D. Ariz. 2005) ("Plaintiff's proposed

4   claims focusing on state law violations are barred because of Eleventh Amendment

5   immunity.").  This limitation applies even to supplemental jurisdiction under 28 U.S.C. § 1367.

6   *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002); *Pennhurst*, 465 U.S. at 121

7   ("[N]either pendant jurisdiction nor any other basis of jurisdiction may override the Eleventh

8   Amendment.").

9        Because Plaintiffs' Fourth Claim for Relief seeks to have this Court determine that

10  Defendants' conduct violated state law, it is barred by sovereign immunity under *Pennhurst*.

11  *See* Doc 12 ¶¶ 228-231.

12  **IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983**

13       The complaint also fails to state a claim under 42 U.S.C. § 1983, because that provision

14  does not provide Plaintiffs with a cause of action.  As a generally matter, Plaintiffs cannot assert

15  a viable § 1983 claim against the State of Arizona or against the Arizona Attorney General

16  because neither is a "person" for purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State*

17  *Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities

18  are 'persons' under § 1983").  Further, the State of Arizona cannot be held responsible for the

19  acts of its employees under a respondent superior theory of liability because vicarious liability

20  does not apply to § 1983 claims.  *Ashcroft*, 556 U.S. at 676 (holding vicarious liability is

21  inapplicable to § 1983 suits).

22       Section 1983 thus does not permit suit against the State of Arizona *at all*.  It further does

23  not provide a cause of action for damages against the Attorney General, although Plaintiffs

24  admittedly may use section 1983 to seek injunctive relief against him.  *Will*, 491 U.S. at 71 &

25  n.10.

26       All of Plaintiffs' Section 1983 claims therefore must be dismissed entirely against the

27  State under Rule 12(b)(6), and should be dismissed insofar as they seek damages against the

28  Attorney General.

1

**CONCLUSION**

2          For all of the foregoing reasons, State Defendants respectfully requests that this Court

3   dismiss Plaintiffs' FAC against them with prejudice.

4   Dated:  July 27, 2020                          **MARK BRNOVICH**
                                                    **ATTORNEY GENERAL**
5

6                                                   By  _____/s/ Drew C. Ensign_____
                                                        Drew C. Ensign
7                                                        *Deputy Solicitor General*
                                                        Attorney for Defendants State of Arizona and Mark
8                                                       Brnovich, Arizona Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    I HEREBY CERTIFY that on July 27, 2020, I electronically filed the foregoing with the

3

Clerk of the Court for the United States District Court for the Northern District of California by

4

using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

5

6

Dated:  July 27, 2020                                     /s/ Drew C. Ensign
                                                             Drew C. Ensign

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28