ETHAN P. DAVIS
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
KEVIN P. HANCOCK
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Attorneys for the Federal Agency Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, Attorney General of the United States; TIMOTHY J. SHEA, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Department of Homeland Security; MARK A. MORGAN, Acting Commissioner of the U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Department of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | No. 3:20-cv-3098-WHO<br><br><br>**FEDERAL AGENCY DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>Date: September 9, 2020<br>Time: 2:00 pm<br>Place: Courtroom 2, 17th Floor<br>Honorable William H. Orrick |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 9, 2020, at 2:00 p.m. before the Honorable William H. Orrick, in Courtroom 2 of the 17th Floor of the Philip E. Burton Courthouse and Federal Building, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants William Barr, Attorney General of the United States; Timothy Shea, Acting Administrator of the U.S. Drug Enforcement Administration ("DEA"); Chad Wolf, Acting Secretary of the Department of Homeland Security ("DHS"); Mark A. Morgan, Acting Commissioner of U.S. Customs and Border Protection ("CBP"); and the United States of America (collectively, the "Federal Agency Defendants"), by and through undersigned counsel, will move the Court to strike Plaintiffs' First Amended and Supplemental Complaint (ECF No. 12), for violating Federal Rule of Civil Procedure 15(d).  The Federal Agency Defendants respectfully request that the Court decide this motion on the papers submitted, without oral argument, pursuant to Civil L.R. 7-1(b).

## MOTION TO STRIKE THE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

The Federal Agency Defendants hereby move pursuant to Rule 15(d) to strike Plaintiffs' First Amended and Supplemental Complaint (ECF No. 12).  The reasons for this Motion are set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should strike Plaintiffs' First Amended and Supplemental Complaint ("FASC"), which Plaintiffs improperly filed without first moving this Court for leave to do so as required by Rule 15(d).  Plaintiffs ignored Rule 15(d) even though the FASC purports to add to this case one new plaintiff, four new defendants, 20 new pages of allegations about events post-dating the original complaint, and two new causes of action that are legally and factually unrelated to the original complaint's three claims.  Rule 15(d)'s motion requirement should be enforced here especially because the FASC lacks the sufficient relation to the original complaint required for a supplemental pleading.  As the Ninth Circuit has stated, supplemental pleadings cannot be used to introduce distinct new causes of action that should be the subject of a new

1  lawsuit, especially when doing so would unnecessarily complicate a case and render it inefficient

2  to litigate and try.  Further, the Federal Agency Defendants will suffer prejudice if Plaintiffs are

3  not required to comply with Rule 15(d), since Plaintiffs have now moved for a preliminary

4  injunction against the Federal Agency Defendants on the basis of the section 1983 claim

5  improperly asserted in the FASC.  That motion lacks merit (as Federal Agency Defendants will

6  argue in a separate filing), but the Federal Agency Defendants should have the opportunity to

7  oppose Plaintiffs' supplementation of the original complaint in the context of a motion properly

8  brought under Rule 15(d) first, before potentially facing the extraordinary and drastic remedy of

9  a preliminary injunction on the basis of those supplemental allegations.

## BACKGROUND

11      Plaintiff Arizona Yagé Assembly ("Arizona Yagé") alleges that it is a "religious

12  nonprofit corporation[]" that was established "as a visionary church in 2015," and which uses

13  "Ayahuasca" as its communion sacrament.  *See* Compl. ¶¶ 6, 42 (May 5, 2020), ECF No. 1

14  ("Original Complaint").  Ayahuasca is a tea that contains the hallucinogen dimethyltryptamine

15  ("DMT"), a Schedule I controlled substance under the Controlled Substances Act ("CSA").  *Id.* ¶

16  6. Ayahuasca is made "by brewing leaves from DMT-containing plants jointly with slices of

17  Banisteropsis Caapi, the 'yagé' vine."  *Id.* ¶ 38.

18      Plaintiff North American Association of Visionary Churches ("NAAVC") describes itself

19  an "interdenominational association of visionary churches."  Original Compl. ¶ 57.  NAAVC

20  claims that its "central act of Free Exercise is initiating a lawful system for importing and sharing

21  sacramentally-prepared Ayahuasca with visionary churches at reasonable cost[.]"  *Id.* ¶ 59.

22  Plaintiff Clay Villaneuva is a member of NAAVC's board of directors.  *Id.* ¶ 7.

23      On May 5, 2020, Arizona Yagé and NAAVC filed the original complaint in this action,

24  which contains three claims, one each under the Religious Freedom Restoration Act ("RFRA"),

25  Administrative Procedure Act ("APA"), and the Declaratory Judgment Act.  *See* Original Compl.

26  at 1.

27      First, in their RFRA claim, Arizona Yagé and NAAVC allege that they are entitled to a

28  blanket exemption from the CSA's prohibitions on ayahuasca.  Original Compl. ¶¶ 123-47.

1       Second, in their APA claim, they allege that the United States and the DEA have

2  maintained an alleged policy of refusing to grant religious exemptions under RFRA to "visionary

3  churches" such as Arizona Yagé (the "Policy").  *Id.* ¶¶ 71, 148-67.  In that claim, they also allege

4  that the DEA violated the APA by failing to replace its current guidance for RFRA petitions with

5  "a system of providing regulatory services to visionary churches[.]"  *Id.* ¶ 167.

6       Third, Plaintiffs claim they are entitled to a declaration "stating the rights and relations of

7  the parties" under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  Compl. ¶¶ 168-71.

8       As relief for the three claims of the Original Complaint, Plaintiffs ask the Court for a

9  declaratory judgment and an injunction requiring the Federal Agency Defendants to, among

10  other things, rescind the 2009 Guidance and register Arizona Yagé and NAAVC under the CSA

11  to import, manufacture, dispense, and use ayahuasca.  *See* Original Compl. ¶¶ 65-70.

12       On June 16, 2020, Plaintiffs filed a First Amended and Supplemental Complaint, adding

13  one new plaintiff, four new defendants, and two new claims based on events allegedly occurring

14  on May 17, 2020, nearly two weeks after the date of the Original Complaint.  First Am. and

15  Suppl. Compl. ("FASC") at 46-59 (Jun. 15, 2020), ECF No. 12; *see also* Notice of Errata at 2,

16  ECF No. 21 (claiming to correct the FASC's use of "May 17, 2020" with "May 19, 2020").

17       In the first new claim (claim 3 of the FASC), new Plaintiff Clay Villanueva and the

18  NAAVC assert a cause of action under 42 U.S.C. § 1983 against the four new defendants—the

19  State of Arizona, Arizona Attorney General Mark Brnovich, Maricopa County, Arizona,

20  Maricopa County Deputy Matthew Shay (collectively, the "Arizona Defendants")—and "Mark

21  A. Morgan on behalf of the DEA and unnamed DEA agents."[1]  FASC at 46-59.  In the FASC,

22  Plaintiffs allege that Villanueva is a board member of NAAVC and the founder of the "Vine of

23  Light visionary church," where Villanueva has "conducted ceremonies as the minister."  FASC

24  ¶¶ 7-8.  Plaintiffs further allege, in the section 1983 claim, that Plaintiffs' attorney sent the DEA

25  a letter in January 2020 requesting that it rescind the 2009 Guidance.  *Id.* ¶¶ 122, 184.  Upon

26  receiving it, the DEA allegedly "conceived animus for NAAVC and its Board," including

27

28

---

[1] The Federal Agency Defendants note that Mr. Morgan, who serves as Acting Commissioner of CBP and who is sued in his official capacity, does not have authority to take any action "on behalf of DEA."

1   Villanueva.  *Id.* ¶ 184.  After the original complaint was filed, the DEA then discovered it had

2   been sued by NAAVC.  *Id.* ¶ 185.  As a result, Plaintiffs allege, the DEA conspired to

3   "proactively retaliate against NAAVC," *id.*, by seizing Villanueva's property "to obtain tactical

4   leverage in the pending litigation by placing an NAAVC Board member at risk of prosecution,"

5   *id.* ¶ 189.  Acting on this "retaliatory animus," the DEA allegedly conspired with Arizona state

6   and local officials via a drug trafficking task force including members from both state and

7   federal law enforcement entities.  *See id.* ¶¶ 187, 190.  In the FASC's new section 1983 claim,

8   Plaintiffs allege that a search and seizure of items from Villanueva's home occurred on May 17,

9   2020.  *Id.* ¶ 199.  Specifically, Plaintiffs assert that on that date, after Deputy Shay "delivered a

10  search warrant issued by a Maricopa County Justice of the Peace," law enforcement officers

11  searched Villanueva's home and seized "the Vine of Light Church's Ayahuasca sacrament,"

12  marijuana, mobile phones, and financial records, among other things.  *Id.* ¶¶ 199-200.  Plaintiffs

13  claim that the search and seizure violated Villanueva's First, Fourth, Fifth, and Fourteenth

14  Amendment rights.  *Id.* ¶¶ 211-15.

15       As relief for their new section 1983 claim, Villanueva and NAAVC seek "not less than

16  $1,000,000" and an injunction preventing the DEA and the Arizona Defendants "from taking

17  further unlawful action[.]"  *Id.* ¶¶ 219-20.

18       In the second new claim of the FASC (claim 4 of the FASC), Villanueva asserts a claim

19  under the Arizona Free Exercise of Religion Act against the State of Arizona and the Arizona

20  Attorney General claiming Villanueva is entitled to an exemption from Arizona state regulations

21  of ayahuasca.  *Id.* ¶¶ 223-32.[2]

---

22  [2] Even if the existence of Rule 15(d) did not put Plaintiffs on notice of the requirement that they
23  obtain leave from the Court to supplement their complaint, two recent filings in this case, both of
    which were filed before Plaintiffs filed their motion for preliminary injunction, provided such
24  notice by highlighting the Rule and Plaintiffs' failure to comply with it.  On July 16, 2020, the
    Federal Agency Defendants informed the Court that "Plaintiffs improperly supplemented the
25  original complaint with" their section 1983 claim "without a 'motion and reasonable notice' as
    required by Rule 15(d)."  ECF No. 17 at 14.  Moreover, on July 21, 2020, Defendants Maricopa
26  County and Deputy Shay filed a motion to dismiss arguing in part that "Plaintiffs failed to seek
    necessary leave to file the supplemental complaint, which asserted new claims against new
27  parties[.]"  ECF No. 20 at 1.  Rather than file the motion necessary to cure this pleading
    deficiency, Plaintiffs have instead moved for emergency injunctive relief on the basis of that
28  section 1983 claim, *see* ECF No. 22, which is not part of the Original Complaint which is
    currently operative in this case.  The Federal Agency Defendants intend to timely respond to

**LEGAL STANDARD**

Rule 15 governs supplementation of pleadings.  A court may permit a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  However, Rule 15(d) provides that a party may do so only "[o]n motion and reasonable notice."  Moreover, although Rule 15(d) authorizes supplemental pleadings, "it cannot be used to introduce a 'separate, distinct and new cause of action.'"  *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted).

**ARGUMENT**

**I.    PLAINTIFFS FILED A SUPPLEMENTAL PLEADING WITHOUT A MOTION OR REASONABLE NOTICE IN VIOLATION OF RULE 15(d)**

Under Rule 15(d), a party may file a supplemental pleading only if the Court permits "[o]n motion and reasonable notice."  *See also Powell v. Marlais*, No. 14-CV-05308-JST, 2016 WL 5462443, at *11 (N.D. Cal. Sept. 29, 2016) ("A party may only file a supplemental complaint with leave of court.").  A supplemental pleading is one that "set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Plaintiffs violated Rule 15(d) because they filed their FASC without a motion seeking leave of Court to do so.  *See* ECF No. 12.  On its face, Plaintiffs concede that the FASC is a supplemental pleading.  First, Plaintiffs have styled the pleading as an "Amended *and Supplemental* Complaint."  *See* FASC (emphasis added).  Second, Claim 3 in the FASC, in which Plaintiffs assert that the DEA and unnamed DEA agents (among others) violated section 1983, states that the Plaintiffs "here set forth transactions, occurrences and events that had either not yet happened, or had not come to light, when plaintiffs [Arizona Yagé] and NAAVC filed the original complaint. Fed. R. Civ. P. 15(d)."  FASC ¶ 174.  Indeed, Plaintiffs assert that the alleged raid on Villanueva's home "took place in the early morning hours of May 17, 2020,"

---

Plaintiffs' preliminary injunction motion, but note here that the relief requested therein should be denied, in part, due to Plaintiffs' failure to follow Rule 15(d)'s required procedure for attempting to add such a claim to the Original Complaint.

1   nearly two weeks after the May 5 filing of the Original Complaint.  FASC ¶ 199.  Thus, because

2   the FASC added allegations based on events that post-dated the Original Complaint, it plainly

3   falls within the ambit of Rule 15(d), and Plaintiffs failure to seek leave to file the FASC violates

4   that rule.[3]

5   **II.   THE COURT SHOULD REQUIRE PLAINTIFFS TO MOVE UNDER RULE 15(d)**

6   **TO REFILE THE FASC BECAUSE THE FASC IS NOT A PROPER**
    **SUPPLEMENTAL PLEADING[4]**

7        Plaintiffs should be required to comply with Rule 15(d)'s motion requirement here for the

8   additional reason that, as case law from the Ninth Circuit and this District makes clear, even a

9   properly presented Rule 15(d) motion seeking leave to file the FASC should be denied.  Under

10  that case law, The FASC is not a proper supplemental pleading and its allegations should have

11  been filed as part of a separate lawsuit.

12       First, even though Rule 15(d) authorizes supplemental pleadings, "matters newly alleged

13  in a supplemental complaint must have some relation to the claim(s) set forth in the original

14  pleading." *Hopkins v. Contra Costa County*, 12-0813 WHO (PR), 2014 WL 1022428, at *4

15  (N.D. Cal. Mar. 13, 2014) (citing *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988)).  As a result,

16  supplemental pleadings "cannot be used to introduce separate, distinct and new causes of action

17  that should be the subject of a separate suit." *Id.* (citing *Neely*, 130 F.3d at 402).

18       Here, the FASC's section 1983 claim is a separate, distinct and new cause of action from

19  the RFRA, APA, and Declaratory Judgment Act claims put forth in the Original Complaint.  The

20  allegations in the FASC also make clear that the section 1983 claim is based on wholly separate

21  facts from those claims:  The RFRA, APA, and Declaratory Judgment Act claims are based on

22  the DEA's alleged maintenance of an illegal policy of denying religious exemptions to Arizona

23  Yagé and NAAVC, while the section 1983 claim is based on the alleged May 17, 2020 search

24

25  [3]      The FASC also appears to have impermissibly supplemented the Complaint with its
    claim under the Arizona Free Exercise of Religion Act; however, as that claim is asserted only
26  against the Arizona Defendants, the Federal Agency Defendants' arguments here for striking the
    FASC do not rely on that claim.
27  [4]      If the Court strikes Plaintiffs' FASC and allows Plaintiffs' leave to move under Rule
    15(d) to refile that pleading, the Federal Agency Defendants would oppose that motion by fully
28  briefing the arguments previewed below and possibly additional arguments.

and seizure of Villanueva's home. *See supra* pp. 3-5. Plaintiffs' supplemental complaint should be stricken—and any properly presented motion under Rule 15(d) to file the FASC denied—on this basis alone. *See, e.g.*, *Hopkins*, 2014 WL 1022428, at *4 (denying motion to supplement the complaint "to allege new claims").

The new, section 1983 claim asserted by the FASC is not sufficiently related to the Original Complaint merely because it alleges that the DEA "retaliate[d]" against Villanueva because of counsel's January 2020 letter to DEA and because of this lawsuit. *See supra* p. 5. Courts have rejected Rule 15(d) motions seeking to add similar retaliation claims. For example, in *Hopkins*, the Court declined to allow a prison inmate to supplement his original complaint's Eighth Amendment claim of deliberate indifference to his medical needs with "new claims" of "retaliation and harassment." 2014 WL 1022428, at *2, 4. Similarly, another district court in this Circuit refused to allow an inmate to supplement his Eighth Amendment excessive force claim with a new claim alleging that the original defendants delayed his release from prison because they "were allegedly motivated by their desire to get Plaintiff to drop the present excessive force lawsuit." *Contreraz v. Stockbridge*, No. 1:06-CV-01817-LJO, 2012 WL 396503, at *1 (E.D. Cal. Feb. 7, 2012).

Second, allowing the supplemental complaint would not promote judicial efficiency, which is "the goal of Rule 15(d)." *Neely*, 130 F.3d at 402. Where, as here, the supplemental complaint "do[es] not comprise similar facts, situations or legal issues, . . . individual defendants are different," and the new claim "describes a completely separate incident" that involves "more complicated facts and legal issues and [several] new defendants, . . . [t]rying these unrelated issues together would not promote the interest of justice and judicial economy." *Boyd v. City of Oakland*, No. C 03-3391 JL, 2005 WL 8162186, at *5 (N.D. Cal. Mar. 25, 2005) (finding that this factor "strongly supports Defendants' Motion to Strike").

### III.    THE FEDERAL AGENCY DEFENDANTS WOULD SUFFER PREJUDICE IF PLAINTIFFS ARE NOT REQUIRED TO MOVE TO FILE THE FASC UNDER RULE 15(d)

Finally, Plaintiffs should not be permitted to proceed on the basis of the FASC without moving under Rule 15(d) first (which Federal Agency Defendants would oppose), because the

Federal Agency Defendants would suffer prejudice as a result.  Plaintiffs have moved for a preliminary injunction on the basis of the section 1983 claim improperly asserted in the FASC. ECF No. 22.  As the Federal Agency Defendants will demonstrate in their response to that motion, Plaintiffs are not entitled to the injunction they seek.  But should this Court disagree, the Federal Agency Defendants could be subjected to the "extraordinary and drastic remedy" of an emergency preliminary injunction, *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012), on the basis of a pleading that Plaintiffs did not properly file in the first place despite the clarity of Rule 15(d) and despite receiving additional clear notice of their deficiency.  In that scenario, the Federal Agency Defendants would be subject to an injunction despite not having had the opportunity to fully brief the serious questions surrounding the doubtful propriety of the FASC. As the Federal Agency Defendants would explain in opposition to any Rule 15(d) motion, the addition of the FASC to this case would also cause prejudice, among other reasons, because it would needlessly complicate this case with numerous inefficiencies.  For example, litigating the factually and legally distinct RFRA and section 1983 claims together would likely require separate discovery and a bifurcated trial.  *See, e.g.*, *Caruso v. Solorio*, No. 1:15-cv-780, 2019 WL 6009465, at *3 (E.D. Cal. Nov. 14, 2019) (denying Rule 15(d) motion and finding prejudice where plaintiff attempted to supplement his "unconstitutional search" claim with a "retaliation" claim involving "new defendants" which would likely require a "bifurcated" trial).  It would be especially prejudicial to be required to engage in such unnecessarily inefficient litigation on a claim that has no connection to this forum.  *See* ECF No. 20 at 11 (moving to dismiss for improper venue or, in the alternative, transfer to the District of Arizona).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should strike the First Amended and Supplemental Complaint.

DATED: July 29, 2020                    Respectfully submitted,


                                        ETHAN P. DAVIS
                                        Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/  Kevin P. Hancock*
KEVIN P. HANCOCK
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514-3183 (phone)
(202) 616-8470 (fax)
kevin.p.hancock@usdoj.gov

*Counsel for the Federal Agency Defendants*