CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel: 628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>DECLARATION OF CHARLES CARREON IN SUPPORT OF PLAINTIFF ARIZONA YAGÉ ASSEMBLY'S MOTION FOR RELIEF UNDER F.R.Civ.P. RULES 60(b)(1) AND 6(b)<br><br>Date: September 9, 2020<br>Time: 2:00 P.M.<br>Courtroom: 2 (17th floor) |

Charles Carreon declares and affirms:

**1.** I am an attorney licensed to practice before all courts in the State of California and a member of the bar of this Court. I make this declaration in support of Plaintiffs' Motion

for Relief Under F.R.Civ.P. Rules 60(b)(1) and 6(b) on personal knowledge.  If called as a witness, I could and would so competently testify.

2.   I have been a member of the Bar of this Court since 1987, and have practiced under the Federal Rules of Civil Procedure since that time, as well.  Thus, it was disappointing to be notified by the motion of counsel that I had failed to read the text of Rule 15(d) before filing the First Amended and Supplemental Complaint in this action ("FASC," Docket #12.)  The text of Rule 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

3.   If I had read the rule, I would have filed a motion before submitting the FASC into the ECF system, requesting leave, and providing a draft of the FASC to support the proposed supplementation.

4.   However, as the contents of the FASC makes clear, the document was drafted in an emergency situation, when I had just been notified that Clay Villanueva, a Director on the Board of Directors of plaintiff North American Association of Visionary Churches, had been handcuffed in his underwear in the front yard of his home by drug agents that I could only presume had been directed to take that action by defendant the Drug Enforcement Administration (the "DEA").  These facts are laid out in detail in Mr. Villanueva's motion for preliminary injunction (Docket # 22).

5.   I believed that I could file the FASC as my first "amendment as of right," under Rule 15(1)(A), and perhaps I was not wrong.  However, I think the better practice would be to file a motion under Rule 15(d), and I would have done that, except that I have filed more than one Supplemental Complaint during the "as of right" period under Rule 15, subsection (1)(A), and I had never realized I might be running afoul of subsection (d).  Nor had opposing counsel objected, as some have in this case.

6. I meant no disrespect to the Court's authority, or to the parties subjected to the Court's jurisdiction by my inclusion of them in the FASC; however, had there been any doubt in my mind about the procedure I was using, I would simply have drafted a separate complaint alleging all of the new material, paid a second filing fee, and filed a Notice of Related Case and Motion to Consolidate promptly. The gravity of Mr. Villanueva's situation and the embarrassment of NAAVC's status as a litigant whose Board had been attacked by an armed raid demanded immediate action. Thus, the new defendants would have been sued just as surely, even had I opted to use another procedural avenue altogether.

7. Accordingly, no party has been prejudiced by my excusable neglect. Based thereon, I submit that good cause exists to grant the plaintiffs' motion for relief from the excusable neglect of your declarant, and the same is respectfully requested.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on August 5, 2020, at Tucson, Arizona.

/s/Charles Carreon
Charles Carreon, Declarant