ETHAN P. DAVIS
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
KEVIN P. HANCOCK
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Attorneys for the Federal Agency Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>        Plaintiffs,<br><br>        v.<br><br>WILLIAM BARR, Attorney General of the United States; TIMOTHY J. SHEA, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Department of Homeland Security; MARK A. MORGAN, Acting Commissioner of the U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Department of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>        Defendants. | No. 3:20-cv-3098-WHO<br><br><br>**FEDERAL AGENCY DEFENDANTS' OPPOSITION TO PLAINTIFF ARIZONA YAGE ASSEMBLY'S MOTION FOR RELIEF UNDER F.R.Civ.P. RULES 60(b)(1) AND 6(b)**<br><br><br>Date: September 9, 2020<br>Time: 2:00 pm<br>Place: Courtroom 2, 17th Floor<br>Honorable William H. Orrick |

**ARGUMENT**

Two days ago, Plaintiffs frankly admitted that their pending motion for preliminary injunction, ECF No. 22, is based on a supplemental pleading that they improperly filed without seeking leave of Court in violation of Federal Rule of Civil Procedure 15(d) because they neglected to read that rule.  *See* Pl. Arizona Yage Assembly's Mot. For Relief Under F.R.Civ.P. Rules 60(b)(1) and 6(b) ("Pls.' Mot.") at 3 (Aug. 5, 2020), ECF No. 34; Decl. of Charles Carreon ¶¶ 2-3 ("Carreon Decl."), ECF No. 34-1.  Nevertheless, on the very same day as this admission, Plaintiffs filed a *second* motion for preliminary injunction based on the same concededly improper supplemental pleading, *see* Pl. Arizona Yage Assembly's Mot. for Prelim. Inj. (Aug. 5, 2020), ECF No. 33, compounding the prejudice caused by their failure to read and follow the Federal Rules and consequent improper supplemental pleading.  As detailed below, to prevent further prejudice arising from Plaintiffs' vexatious filings, the Court should strike the improper supplemental pleading and the motions for preliminary injunction, and require Plaintiffs to comply with Rule 15(d) before allowing this litigation, which currently lacks an operative complaint, to proceed.  At a minimum, the Court should require Plaintiffs to cure the procedural defects in their filing before considering emergency litigation of any kind.

On July 29, 2020, the Federal Agency Defendants[1] moved to strike Plaintiffs' First Amended and Supplemental Complaint ("FASC"), because Plaintiffs improperly filed that supplemental pleading without first seeking leave of court to do so, as required by Rule 15(d).  *See* Mot. To Strike Pls.' FASC ("Mot. to Strike") (July 29, 2020), ECF No. 31.  As that motion explains, Plaintiffs ignored Rule 15(d) even though the FASC purports to add to this case one new plaintiff, four new defendants, 20 new pages of allegations about events post-dating the original complaint, and two new causes of action that are legally and factually unrelated to the original complaint's three claims.  *Id.* at 1-7.  Plaintiffs' violation of Rule 15(d) is no mere foot fault: the FASC improperly introduces distinct new causes of action; unnecessarily complicates

---

[1]	The "Federal Agency Defendants" are William Barr, Attorney General of the United States; Timothy Shea, Acting Administrator of the U.S. Drug Enforcement Administration ("DEA"); Chad Wolf, Acting Secretary of the Department of Homeland Security ("DHS"); Mark A. Morgan, Acting Commissioner of U.S. Customs and Border Protection ("CBP"); and the United States of America.

1   this case; and has caused the Federal Agency Defendants prejudice—on July 22, 2020, Plaintiffs

2   filed their first motion for a preliminary injunction against the Federal Agency Defendants on the

3   basis of the section 1983 claim newly and improperly asserted in the FASC.  *Id.* at 7-9.  Further,

4   the Federal Agency Defendants should have the opportunity to oppose Plaintiffs'

5   supplementation of the original complaint in the context of a motion properly brought under Rule

6   15(d) first, before potentially facing the extraordinary and drastic remedy of a preliminary

7   injunction on the basis of that supplemental pleading.  *Id.* at 9.

8       Two days ago, on August 5, Plaintiffs filed a "Motion for Relief under Rules 60(b)(1)

9   and 6(b)," ECF No. 34, that effectively responds[2] to the Federal Agency Defendants' motion to

10  strike and concedes its merit.  In that filing, Plaintiffs' "counsel has admitted that he failed to

11  obtain leave of Court under Rule 15(d)[.]"  Pl.'s Mot.  3.  Indeed, counsel for Plaintiffs declared

12  that, despite having been a member of the bar of this Court for 33 years, he "*failed to read the*

13  *text of Rule 15(d)* before filing the [FASC]."  Carreon Decl. ¶ 2, ECF No. 34-1 (emphasis added).

14  Moreover, Plaintiffs' counsel essentially admits that the FASC improperly adds new claims to

15  this case, stating, "had there been any doubt in my mind about the procedure I was using, I

16  would simply have drafted a separate complaint alleging all of the new material, [and] paid a

17  second filing fee[.]"  *Id.* ¶ 6.

18      Plaintiffs simply assert, without foundation, that "Counsel's error did not prejudice any

19  defendant."  Pl.'s Mot. 3.  But the Federal Agency Defendants have explained the prejudice that

20  Plaintiffs' improper filing has caused, *see* Mot. to Strike 7-9, and Plaintiffs' motion makes no

21  effort to respond to the Federal Agency Defendants' arguments or explain how prejudice would

22  not result from the unnecessary complication resulting from the FASC's new facts and claims,

23  and from subjecting the Federal Agency Defendants to potentially facing a preliminary

24  injunction on the basis of the FASC's improperly presented Section 1983 claim.  *See id.*; *but see*

25  Mot. to Strike at 7-9.  Indeed, Plaintiffs' other filing yesterday—a second preliminary injunction

26  motion—further compounded that prejudice.  *See* ECF No. 33.

27

28  [2]     The declaration of counsel accompanying Plaintiffs' motion acknowledges that Defendants in this case have objected to Plaintiffs' Rule 15(d) violation.  *See* Carreon Decl. ¶ 5, ECF No. 34-1.

1    Although Plaintiffs admit—as they must—that filing the FASC constitutes neglect, their
2    assertion that such neglect is "excusable" under Rules 6(b) and 60(b)(1) cannot be countenanced.
3    *See* Pl.'s Mot. at 3.  First, the cited provisions have no application here: Rule 6(b) governs when
4    a court may extend a missed deadline, and Rule 60(b)(1) applies only to a "final judgment, order,
5    or proceeding," and none of those events are at issue.  In any event, Plaintiffs' neglect resulting
6    from counsel's admitted failure to read Rule 15(d) is in no way "excusable" because
7    "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute
8    'excusable' neglect." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (alteration in
9    original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)).
10   As another court in this district recently reminded, **"**[c]ounsel are expected to know and abide by
11   the Federal Rules of Civil Procedure and Rule 60 is not intended to relieve a party of ignorance
12   of the law barring extenuating circumstances not present here." *Melo v. Zumper, Inc.*, No. 20-
13   cv-714-PJH, 2020 WL 1891796, Slip op. *5 (N.D. Cal. Apr. 16, 2020); *see also* L. Civ. R. 11-
14   1(c) ("Prior to admission to the bar of this Court, an attorney must certify. . . Knowledge of the
15   contents of the Federal Rules of Civil . . . Procedure."); Judge Orrick's Standing Order for Civil
16   Cases (Jan. 18, 2018) ("Parties shall follow the Federal Rules of Civil Procedure.").

## CONCLUSION

17   Accordingly, to prevent prejudice arising from Plaintiffs' vexatious filing of two
18   preliminary injunction motions based on a supplemental pleading they admit they improperly
19   filed, and in the absence of another currently operative complaint, the Federal Agency
20   Defendants respectfully request that the Court enter the attached proposed order: (1) denying
21   Plaintiff's Motion for Relief Under Rules 60(b)(1) and 6(b), ECF No. 34; (2) granting the
22   Federal Agency Defendants' Motion to Strike Plaintiffs' FASC, ECF No. 31; (3) striking the two
23   motions for preliminary injunction, ECF Nos. 22, 33; (4) declaring that the original Complaint,

ECF No. 1, is the operative pleading in this case; and (5) ordering Plaintiffs to properly present any request for leave to refile the FASC in a motion as required by Rule 15(d).

DATED: August 7, 2020                          Respectfully submitted,


                                               ETHAN P. DAVIS
                                               Acting Assistant Attorney General

                                               BRIGHAM J. BOWEN
                                               Assistant Branch Director

                                               */s/  Kevin P. Hancock*
                                               KEVIN P. HANCOCK
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Civil Division, Federal Programs Branch
                                               1100 L Street NW
                                               Washington, DC 20005
                                               (202) 514-3183 (phone)
                                               (202) 616-8470 (fax)
                                               kevin.p.hancock@usdoj.gov

                                               *Counsel for the Federal Agency Defendants*