CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel: 628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>OPPOSITION TO THE MOTION TO STAY OF DEFENDANT THOMAS PREVOZNIK |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Arizona Yagé Assembly, North American Association of Visionary Churches, and Clay Villanueva request denial of Thomas Prevoznik's Motion to Stay the action (Docket # 17) on the grounds that he has been dismissed from the action pursuant to plaintiff's Notice of Voluntary Dismissal of Defendant Thomas Prevoznik (Docket # 37).

> The Supreme Court has described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."
> *Ctr. for Envtl. Health v. McCarthy*, No. 14-cv-01013-WHO, 2014 U.S. Dist. LEXIS 130459, at *7 (N.D. Cal. Sep. 15, 2014), *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997).

Because defendant Prevoznik is no longer a party to the action, he lacks standing to move this Court for relief; accordingly, his Motion to Stay (Docket # 17) raises no justiciable issues. A motion that raises no justiciable issues must be denied as moot. *Eg., Rodman v. Otsuka Am. Pharm., Inc.*, No. 18-cv-03732-WHO, 2020 U.S. Dist. LEXIS 86958, *19 (N.D. Cal. May 18, 2020) (denying motions to exclude *portions* of expert testimony after excluding *all* of the expert's testimony for extrapolating conclusions beyond the scope of her sources). Accordingly, plaintiffs request denial of defendant Prevoznik's Motion to Stay (Docket # 17) on grounds of mootness.

Dated:  August 11, 2020	CHARLES CARREON, ESQ.
	By: /s/Charles Carreon
	CHARLES CARREON (127139)
	Attorney for Plaintiffs
	Arizona Yagé Assembly.
	North American Association of Visionary Churches,
	Clay Villanueva