CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel: 628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>       Plaintiffs,<br><br>       vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>       Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>PLAINTIFFS' OPPOSITION TO MOTION TO STAY OF FEDERAL AGENCY DEFENDANTS<br><br>Date: September 9, 2020<br>Time: 2:00 P.M.<br>Courtroom: 2 (17th floor) |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **SUMMARY OF ARGUMENT**

When "the prejudice to plaintiffs in postponing the trial outweighs the inconvenience to the defendant," then a motion for stay must be denied. *Bowerman v. Field Asset Servs.*, 2015 U.S. Dist. LEXIS 126058, *12, 2015 WL 5569061 (N.D. Cal. September 21, 2015), *quoting, Salinas v. City of San Jose*, No. 5:09-cv-04410 EJD, 2012 U.S. Dist. LEXIS 97802, at *13 (N.D. Cal. July 13, 2012).  That is the case here, where on the one hand, plaintiffs' First Amendment Free Exercise, and the safety and security of their Board Members and religious ministers, will be severely damaged by a stay that will keep them in suspense and at risk of criminal prosecution, and on the other hand, the Government has presented no evidence that the regular progress of this action will cause it any inconvenience whatsoever.

Nor does the DEA's noncommittal declaration, informing the Court that the agency is "updating and revising existing regulations," provide grounds to derail plaintiff's statutorily authorized claim for injunctive relief to protect Free Exercise under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(c) ("RFRA").  The Government has presented no valid grounds for this Court to arrest the progress of claims that reasonably require swift resolution.  "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Bowerman*, at *5, *quoting Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  That is all the Government has. Accordingly, the motion must be denied.

2. **FACTS**

   A. **Plaintiffs AYA and NAAVC Assert RFRA Claims to Protect Free Exercise**

This action was filed by Arizona Yage Assembly ("AYA"), a California religious nonprofit corporation, for the benefit of Winfield Scott Stanley III ("Stanley").  AYA and North American Association of Visionary Churches ( "NAAVC") joined as co-plaintiffs in the original Complaint (Docket # 1).  The Complaint alleged a first claim for relief

under RFRA, a second claim for relief under the Judicial Review of Administrative Action statute, 5 U.S.C. § 702; and a third claim for relief under the Federal Declaratory Relief Act, 28 U.S.C. § 2201-2202.

### B. AYA is a Visionary Church, and NAAVC as an Interdenominational Association of Visionary Churches

Plaintiffs are religious nonprofit corporations whose religious exercise, and that of their member churches and congregants, are substantially burdened by laws prohibiting importation, distribution, and possession of Ayahuasca, an herbal tea that contains a small amount of Dimethyltryptamine ("DMT"), a Schedule I controlled substance under the Controlled Substances Act 21 U.S.C. § 801 et. seq. (the "CSA").  (Complaint, Docket #1, ¶ 6 and ¶ 125.)  Ayahuasca, *i.e.*, yagé, is the religious sacrament of the Arizona Yagé Assembly ("AYA"), a visionary church[1] incorporated as a nonprofit corporation in the State of California.  After working with Ayahuasca for six years, Stanley established AYA as a visionary church in 2015, using Ayahuasca as AYA's communion sacrament. (Complaint, Docket #1, ¶ 42.)

North American Association of Visionary Churches ("NAAVC") is an interdenominational association of visionary churches, formed as a religious nonprofit corporation in the State of California in 2019, operated by its Board of Directors, of which Stanley is Chair, and Clay Villanueva ("Villanueva") is a Director.  Villanueva is also the founder of the Vine of Light Church ("VOLC") that, along with Stanley's AYA, was the first visionary church to join NAAVC.   All of the members of NAAVC are members of Ayahuasca visionary churches seeking to advance the Free Exercise of visionary religion.  NAAVC promotes the study of visionary religion by sponsoring scholarship and media events.  (Complaint # 1, ¶ 57.)

---

[1] "Visionary churches" use sacramental plant-based herbal preparations that contain substances scheduled or subject to scheduling under the CSA.

NAAVC's central act of Free Exercise is initiating and operating a lawful system for importing and sharing sacramentally-prepared Ayahuasca with visionary churches at reasonable cost, so that they may share the communion sacrament with their congregations. (Complaint # 1, ¶ 59.)  NAAVC has devoted its corporate resources to the attainment of all legal permissions necessary to the fulfillment of this religious corporate mission to expand the Free Exercise rights of all visionary churches and their congregations. (Complaint # 1, ¶ 59.)

The members of the Board of Directors are personally and institutionally devoted to helping visionary churches and practitioners to obtain a pure and efficacious Ayahusaca sacrament, free from the onus of illegality that substantially burdens visionary religious Free Exercise.  (Complaint # 1, ¶ 58.)  All NAAVC Board members, including Stanley and Villanueva  have suffered injuries and damages alike in type and kind to those suffered by members of all of NAAVC's member churches and their congregations; thus, NAAVC Board members are personally aggrieved by the acts of the DEA and DOJ alleged herein, and their interests are closely tied to those of the churches and congregations on whose behalf NAAVC asserts associational standing. (Complaint # 1, ¶ 58.)

### C. The DEA's Application of the CSA Substantially Burdens AYA's Free Exercise, and NAAVC's Efforts to Begin Its Ministry

AYA, its congregation, NAAVC, and NAAVC's member churches and congregations are substantially burdened by the prohibitions on manufacturing, distributing, or dispensing a controlled substance in § 841(a)(2), and by the prohibition on importation in § 952(a) of the CSA, that impose criminal penalties for violations. (Complaint # 1, ¶ 125.)

The prohibitions on manufacturing, distributing, or dispensing a controlled substance in § 841(a)(2), and the prohibition on importation in § 952(a) of the CSA, coerce AYA and NAAVC to act contrary to their religious beliefs by the threat of

criminal sanctions. (Complaint # 1 ¶ 126.) The potential for prosecution under the CSA places substantial pressure on AYA, its Founder, and the congregation to modify their behavior and violate their beliefs, forcing them to choose between either abandoning religious principle or risking criminal prosecution. (Complaint # 1 ¶ 126.)

NAAVC is substantially burdened in its ministry to visionary churches, because many very sincere congregations and their leadership are accustomed to practicing "underground," and are uncertain whether associating with a church association to advance the rights of visionary churches will accomplish the desired goal of greater Free Exercise, or stimulate DEA enforcement. (Complaint # 1 ¶ 127.) The mission of the DEA places AYA and NAAVC squarely within the scope of its stated enforcement activities. Accordingly, AYA and its congregation, and NAAVC and its member churches are in peril of prosecution. (Complaint # 1 ¶ 128.)

### D. The May 19th HIDTA Raid of Villanueva's House and VOLC Sanctuary Was A Retaliatory Act by the DEA

The Maricopa County Sheriff's Office ("MCSO"), the Arizona Attorney General ("Arizona AG"), the State of Arizona, and Det. Matthew Shay ("Shay") (collectively, the "Arizona defendants") searched the Vine of Light Church sanctuary and Villanueva's home. As set forth in much greater detail in the Motion for Preliminary Injunction of Clay Villanueva (Docket # 22-3), the only reasonable interpretation of the facts leads to the conclusion that the DEA directed MCSO and the Arizona AG to seize the Ayahuasca in the possession of an NAAVC Board member to "rein in" the activist organization. (Carreon Dec. ¶¶ 4 – 22, Docket # 22-3.) Judicial notice of the evidence cited in the Carreon Declaration, and of the Villanueva Declaration (Docket # 22-1) and their respective exhibits, is respectfully requested pursuant to F.R.E. 201(b)(2), to avoid duplication of evidence and needless redundancy in the Court's file.

Shay is a 22-year veteran of the City of Phoenix drug squad, now detailed to the federally-funded HIDTA Task Force.2  Arizona SW HIDTA funds collaboration between the DEA, the Arizona AG, and MCSO for purposes of disrupting international narcotics cartels and money laundering operations -- vast criminal enterprises.  (Carreon Dec. ¶ 5.) The DOJ's latest budget request notes that since 2019, HIDTA funding comes out of the DEA's budget, and DEA directly controls HIDTA:

> **High Intensity Drug Trafficking Areas (HIDTA) Programs: +254.0 million, transferred from the Office of National Drug Control Policy**
> The FY 2019 President's Budget permanently transfers $254 million to DEA from the Office of National Drug Control Policy (ONDCP) for the purpose of facilitating coordination of the HIDTA Program with other drug enforcement assets.  DEA currently participates in and coordinates with the various HIDTAs. Transferring the administration of the program will allow HIDTA resources to be focused on combating drug trafficking in areas where the threat is the greatest and where there is a coordinated law enforcement presence. There are currently 28 HIDTAs located in 49 states, as well as in Puerto Rico, the U.S. Virgin Islands, and the District of Columbia.
>
> U.S. Department of Justice FY 2019 Budget Request (Exhibit 6 to Villanueva's Motion for Preliminary Injunction; Docket # 22-9.)

Villanueva had no contact with drug cartels or money laundering, indeed no criminal history whatsoever, which put him outside HIDTA's declared area of expertise and interest.  VOLC was not known by "word on the street."  VOLC kept a very low profile, as Villanueva administered the Ayahuasca sacrament only to trusted individuals whose faith was confirmed.  VOLC and Villanueva had no contacts with local law enforcement.  In law enforcement, only the DEA knew of his VOLC ministry, due to his NAAVC Board membership.  (Carreon Dec. ¶ 6.)  Given that Shay is an expert narcotics officer with a specialty in disrupting large cartel-funded manufacturing facilities,[3] Shay would have no investigative interest in a small Ayahuasca church.  (Carreon Dec. ¶ 7.)

---

[2] HIDTA stands for "High Intensity Drug Trafficking Area," of which the Arizona-Southwest area is one of the largest out of the 28 HIDTA areas so designated by the Office of National Drug Control Policy, that funds operations, equipment, and training for local law enforcement.
[3] www.ecsforall.org/detective-matthew-shay.html

### E.  NAAVC and Villanueva Allege a Section 1983 Conspiracy in the FASC

Given all the indicia of a conspiracy between DEA and Maricopa County, and/or of the DEA's simple commandeering of HIDTA as its catspaw, it was necessary for NAAVC to protect one of its chief witnesses, Villanueva, from witness tampering by the Government, in violation of 18 U.S.C. § 1512(a)(2)(A).  (Carreon Dec. ¶ 11.)  For if the retaliatory purpose of the HIDTA May 19th raid is assumed, as the Court must at this stage of the proceedings, then DEA intent to affect Villanueva's testimony is ineluctably deduced from its occurrence.  Accordingly, NAAVC and Villanueva alleged that they have been damaged by the DEA's actions, through its HIDTA catspaw, just as the DEA directly injured two other visionary churches that became so insistent in their demands for CSA exemptions under RFRA, that the DEA executed search warrants on them. (FASC ¶¶ 77 – 78.)  They further sought protection via Preliminary Injunction from further incursions on their Rights to Petition for Redress of Grievances and Free Exercise. (Motions for Preliminary Injunction of NAAVC and Villanueva, Docket # 22; Stanley's Motion for Preliminary Injunction, Docket # 33.)

### 3.  WHERE A STAY WILL DAMAGE PLAINTIFFS, THE MOVING PARTY MUST SHOW THAT PROCEEDING WILL IMPOSE A CLEAR HARDSHIP OR INEQUITY

The Court's authority to stay proceedings is one of its inherent powers, and the burden is on the moving party to establish that a stay is proper.  *Bowerman v. Field Asset Servs.*, No. 13-cv-00057-WHO, 2015 U.S. Dist. LEXIS 126058, at *4-5 (N.D. Cal. Sep. 21, 2015), quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 and 255-56, (1936) and Clinton v. Jones, 520 U.S. 681, 708 (1997).

On this motion, Court will consider three factors:

(1) the possible damage which may result from the granting of a stay;
(2) the hardship a party may suffer if the case is allowed to go forward; and
(3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Bowerman*, at *4-5, *quoting Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (further citations omitted).

If the Court determines that there "is even a fair possibility that the stay … will work damage to someone else," it will require the movant to "make a clear case of hardship or inequity in being required to go forward." *Bowerman*, at *5, *quoting Landis, supra*, 299 U.S. at 255.

**4. PLAINTIFFS WILL BE DAMAGED BY A STAY**

As set forth in the Motions for Preliminary Injunction filed by Villanueva (Docket # 22) and AYA (Docket # 33) to enjoin the DEA from threatening them with search, arrest, prosecution, and confinement for engaging in the Free Exercise of religion in their use of Ayahuasca, plaintiffs have shown a substantial risk of harm of the most irreparable sort, the risk of death by COVID-19 while unjustly incarcerated for engaging in the Free Exercise of Religion. (Villanueva Declaration; Docket # 22-1, ¶¶ 24 and 32; Stanley Dec., Docket # 33-1, page 13, lines 14 – 20; Carreon Dec. ¶¶ 8 – 9, Docket # 33-2; Exhibit 11 to AYA's Motion for Preliminary Injunction, Docket # 33-12.) Such a risk is far from speculative, as past experience shows. During the May 19th HIDTA raid, not only was Villanueva arrested and humiliated by being handcuffed while dressed in undergarments his front yard, he was also exposed to potential COVID-19 infection by the seven or eight maskless HIDTA federally funded drug police that rummaged through his house, as can be seen in the security videos from his office camera recording the officers wearing their HIDTA T-shirts and no masks. (Docket #22-14.)

**5. THE GOVERNMENT HAS SHOWN NO PREJUDICE**

Conjectures about dismissed defendant Thomas Prevoznik's duties at the DEA, unsupported by any declaration, establish no facts. The only way Prevoznik is related to this case, is that he has lost defendant status and any standing to object to matters in this case. (Notice of Voluntary Dismissal, Docket # 34). The Brinks Declaration provides no evidence of prejudice arising from the DEA's defense of this litigation. The Government "has not come close to establishing the sort of 'clear case of hardship or inequity' necessary to justify a stay." *Bowerman*, at *12, *citing Landis*, 299 U.S. at 255.

### 6. *TANZIN V. TANVIR* IS A RED HERRING

The outcome of *Tanvir v. Tanzin*, 889 F.3d 72 (2nd Cir. 2018), *cert. granted sub. nom, Tanzin v. Tanvir*, 140 S.Ct. 550 (Nov. 22, 2019), has no relevance to this case as presently constituted, because Prevoznik has been dismissed from the case, and his motion to stay is moot.

### 7. CONCLUSION

Plaintiffs respectfully request that the Court deny the Government's motion, and direct the agency defendants to promptly file responsive pleadings.

Dated:  August 12, 2020          CHARLES CARREON, ESQ.

By: /s/Charles Carreon
CHARLES CARREON (127139)
Attorney for Plaintiffs
Arizona Yagé Assembly.
North American Association of Visionary Churches,
Clay Villanueva