MARK BRNOVICH
ATTORNEY GENERAL

Drew C. Ensign (Bar No. 243956)
  *Deputy Solicitor General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-5025
Facsimile: (602) 542-8083
Email:  Drew.Ensign@azag.gov

*Attorney for State of Arizona and Mark Brnovich, Arizona Attorney General*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br>v.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | CASE NO. 3:20-cv-03098-WHO<br><br>File Date:     August 19, 2020<br><br>**STATE OF ARIZONA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Hearing Date:** September 9, 2020<br>**Time:**             2:00 p.m.<br>**Place:**            Courtroom 2, 17th Floor<br>**Judge:**           Hon. William H. Orrick III<br>**Trial Date:**     N/A |

**REPLY**

The State of Arizona and Arizona Attorney General Mark Brnovich (the "State Defendants") hereby submit this Reply in support of their Motion to Dismiss. Plaintiffs have conceded (Doc. 44 at 2) "that the State of Arizona should be dismissed from the action" and that "the Fourth Claim for Relief against the Arizona AG should be dismissed." The only remaining claim is thus the Third and Fifth Claims for prospective relief against the Arizona Attorney General.

That claim should be dismissed because: (1) as addressed by Federal Defendants have explained (Doc. 31 at 6-9), Plaintiffs' failed to comply with Federal Rule of Civil Procedure 15(d) and there is thus no operative Complaint at all, Doc. 31 at 6-9;[1] and (2) this Court lacks personal jurisdiction over the State Defendants, *see* Doc. 29 at 3-4, and (3) the Northern District of California is an improper venue for a suit against them, *id.* at 4-5.

**ARGUMENT**

**I.    This Court Lacks General Personal Jurisdiction Over The Arizona Attorney General**

The Arizona Attorney General is not subject to general personal jurisdiction anywhere in California, or indeed anywhere other than Arizona. The remaining claim against him should therefore be dismissed.

General personal jurisdiction is only appropriate over defendants where "their affiliations with the State are so 'continuous and systematic' as to render them *essentially at home* in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945) (emphasis added)). As the Supreme Court reiterated in 2014, "'continuous activity of some sorts within a state is not enough to support'" general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014) (quoting *International Shoe*, 326 U.S. at 318). Rather, the "1952 decision in *Perkins v. Benguet*

---

[1] The State Defendants join the arguments of other Defendants in opposing leave to amend/supplement the Complaint and the Motion to Deem First Amended and Supplemental Complaint Properly Filed (Doc. 34).

1 remains the textbook case of general jurisdiction" and describes how an entity came to be "at
2 home" where the defendant entity's president moved to the forum state "where he kept an office,
3 maintained the company's files, and oversaw the company's activities." *Id.* at 129 (quotation
4 marks omitted).

5      As a state official, the Arizona Attorney General is properly "at home" only in Arizona.
6 Plaintiffs have not cited a single case where a state attorney general has been held subject to
7 general personal jurisdiction in a different state, and there is no reason for this to be the first.

8      Plaintiffs' premise that cooperative agreements or coordinated law enforcement efforts
9 with other states subjects those officials to the personal jurisdiction in all of those states also
10 stretches general personal jurisdiction well past its breaking point. Further, if such activities
11 were sufficient to establish general jurisdiction over the Arizona Attorney General in California,
12 "the same global reach would presumably be available in every other State," leading to the
13 absurd conclusion that the Attorney General of any one state is subject to the general jurisdiction
14 of almost any other state with which they cooperate. *Id.* at 139. "Such exorbitant exercises of
15 all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary
16 conduct with some minimum assurance as to where that conduct will and will not render them
17 liable to suit." *Id.* (despite regular contacts, defendant was not at home in California) (quotation
18 marks omitted). Therefore, this Court does not have general jurisdiction over the Arizona
19 Attorney General.

20 **II.   This Court Lacks Specific Personal Jurisdiction Over The State Defendants**

21      Nor have Plaintiffs pled facts sufficient to give rise to this Court's specific jurisdiction
22 over the State Defendants. As Plaintiffs point out, for specific jurisdiction to exist, a defendant's
23 "actions must be expressly aimed at the forum state based upon an analysis of the totality of the
24 circumstances surrounding the events." Plaintiffs' Opposition at 16 (quoting *Hudnall v. Payne*,
25 No. 13-CV-04728-WHO, 2014 WL 524079, at *3 (N.D. Cal. Feb. 6, 2014) (quotation marks
26 omitted)). Yet every one of the "key allegations" from the pleadings against the Arizona
27 Attorney General that Plaintiffs highlight in their Opposition alleges an action *in Arizona*, not

28

"expressly aimed" at California—let alone *this District* in California.  Plaintiffs' Opposition at 12-14.

Plaintiffs attempt to weave a thread between these Arizona intrastate law enforcement activities and this California case by now claiming that Plaintiff Villanueva is a witness here, but such assertions are conspicuously absent from the complaint.  Plaintiffs' Opposition at 16-17; First Amended and Supplemental Complaint ("FASC"), Doc. 12.  Indeed, the word "witness" appears once in the FASC: in a quotation of the Fifth Amendment.  FASC, Doc. 12 at ¶ 111.  This is insufficient.  "To survive a motion to dismiss, a *complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  Plaintiffs are attempting to cure their deficient complaint by alleging a previously unclaimed tort based on factual allegations that do not appear in the complaint.  Plaintiffs' Opposition at 16-17.  That does not suffice.

Plaintiffs' expansion upon the State Defendants' connections to California for law enforcement purposes, including through the High Intensity Drug Trafficking Areas ("HIDTA") task force, also do not provide sufficient contacts to give this Court specific jurisdiction in this case.  While the HIDTA program is at least mentioned in the FASC, the region to which Arizona is assigned includes the *southern border* and San Diego—far from the Northern District of California.  Plaintiffs' Opposition at 6-7.  Other cooperative law enforcement agreements between Arizona and California that Plaintiffs mention are likewise insufficient to establish specific jurisdiction contacts for this case, and some are also geographically bound far from the contours of this District.  Plaintiffs' Opposition at 9-10 (including Cal. Penal Code § 853.2, constrained to within 25 miles of the Colorado River).

Moreover, geographical boundaries aside, these other interstate agreements are not sufficiently tied to the facts/claims alleged in the FASC.  The existence of cross-border cooperative agreements for law enforcement can no more serve to hale the Arizona Attorney General into California courts than similar agreements can cause the United States Attorney General to be subject to suit in Canada.  Plaintiffs have failed to establish sufficient contacts or

1  purposeful availment through these programs to subject the Arizona Attorney General to this
2  Court's jurisdiction in the instant case.

3  Plaintiffs remarkably cite (at 16) *Boyd v. Arizona*, 469 F. App'x 92 (3d Cir. 2012), which
4  actually supports State Defendants. In *Boyd*, the Third Circuit held specific jurisdiction existed
5  in the District of New Jersey where plaintiff Boyd properly alleged that an Arizona law
6  enforcement officer "constructed a police report based on information received from New Jersey
7  prosecutors," "traveled to New Jersey to procure from Boyd a DNA sample," "prepared an
8  affidavit in support of Boyd's extradition from New Jersey to Arizona," and conspired "to
9  provide the New Jersey extradition court with false or misleading information." 469 F. App'x at
10 99. *Boyd*'s allegations of multiple contacts related directly to and at times occurring in the venue
11 state stand in stark contrast to the Plaintiffs' pleadings against the Arizona Attorney General
12 here, which are limited to allegations of conduct taking place wholly in Arizona and membership
13 in a multistate task force.

14 Plaintiffs have thus failed to plead allegations that, even if taken as true, establish this
15 Court's personal jurisdiction over the State Defendants.

16 **III.    No Jurisdictional Discovery Is Required.**

17 As set forth above, Plaintiffs have failed to plead sufficient facts to give rise to this
18 Court's jurisdiction even if their factual allegations are taken as true. They therefore are not
19 entitled to jurisdictional discovery.

20 Plaintiffs cite *Hudnall v. Payne* for the assertion that "discovery may appropriately be
21 granted where pertinent facts bearing on the question of jurisdiction are controverted or where a
22 more satisfactory showing of the facts is necessary," 2014 WL 524079, at *5 (quotation marks
23 omitted), but as laid out above, such discovery is unnecessary because Plaintiffs' factual
24 allegations are facially insufficient to establish this Court's jurisdiction. The pertinent facts in
25 the FASC need not be controverted for this Court to see that it does not have jurisdiction over the
26 State Plaintiffs here.

27
28

**IV.  The Northern District Of California Is An Improper Venue.**

This Court is an also improper venue for Plaintiffs' claims against the State Defendants. As noted above, all the acts, events, and omissions alleged against the Arizona Attorney General in the FASC took place in Arizona, and the Plaintiffs' assertion of an "event" of witness tampering is both absent from the pleadings and too tenuous to establish proper venue here. *Supra* at 3-5; Plaintiffs' Opposition at 18.  Plaintiffs have "failed to allege that" the State Defendants "have had any contact with the Northern District of California." *Foley v.Marquez*, No. C03-1010 SI, 2003 WL 22288160 (N.D. Cal. Oct. 1, 2003) at *4 (granting motion to dismiss by Arizona government defendants, including the governor and law enforcement personnel, who were "domiciled in Arizona" and not alleged to have sufficient contacts with the venue in which the case was filed).  Further, Plaintiffs have failed to allege in the FASC any authority under which the Northern District of California may be considered a proper venue for their claims against the State Defendants.  Motion to Dismiss, Doc. 29 at 9-10.  Thus, all of Plaintiffs claims against the State Defendants should be dismissed on the independent grounds of improper venue.

## CONCLUSION

For all of the foregoing reasons, State Defendants respectfully requests that this Court dismiss the entirety of Plaintiffs' FASC against them with prejudice.

Dated: August 19, 2020  **MARK BRNOVICH**
**ATTORNEY GENERAL**

By     /s/ Drew C. Ensign
Drew C. Ensign
*Deputy Solicitor General*
Attorney for Defendants State of Arizona and Mark Brnovich, Arizona Attorney General

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 19, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: August 19, 2020                                     /s/ Drew C. Ensign
                                                                          Drew C. Ensign