ETHAN P. DAVIS
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
KEVIN P. HANCOCK
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-3183
Fax: (202) 616-8470
E-mail: kevin.p.hancock@usdoj.gov

*Attorneys for the Federal Agency Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, Attorney General of the United States; TIMOTHY J. SHEA, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Department of Homeland Security; MARK A. MORGAN, Acting Commissioner of the U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Department of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>Defendants. | No. 3:20-cv-3098-WHO<br><br>**FEDERAL AGENCY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY OR IN THE ALTERNATIVE TO ENLARGE TIME TO RESPOND TO THE COMPLAINT**<br><br>Date: September 9, 2020<br>Time: 2:00 pm<br>Place: Courtroom 2, 17th Floor<br>Honorable William H. Orrick |

In this action, Plaintiffs assert claims against the Federal Agency Defendants[1] under: (1) the Religious Freedom Restoration Act ("RFRA"); (2) the Administrative Procedure Act ("APA"); (3) 42 U.S.C. § 1983; and (4) the Declaratory Judgment Act. *See* ECF No. 12. In their Motion to Stay or in the Alternative to Enlarge Time to Respond to the Complaint, the Federal Agency Defendants requested a stay of all four claims against them pending the Supreme Court's review of *Tanvir v. Tanzin*, 889 F.3d 72 (2d Cir. 2018), *cert. granted sub. nom, Tanzin v. Tanvir*, 140 S. Ct. 550 (Nov. 22, 2019), or in the alternative, to enlarge the Federal Agency Defendants' time to file a responsive pleading. *See* Fed. Agency Defs.' Mot. to Stay or in the Alternative to Enlarge Time to Respond to the Compl. ("Mot. to Stay") (July 16, 2020), ECF No. 19.

Since that time, the Federal Agency Defendants have opposed two motions for preliminary injunction filed by Plaintiffs. Those oppositions explain not only why those motions should be denied, but also why Plaintiffs' claims should be dismissed. First, all four claims should be dismissed for improper venue and failure to plead a sovereign immunity waiver. *See* Fed. Agency Defs.' Opp'n to Pls.' First Mot. for Prelim. Inj. ("FADs' 1st PI Opp'n") at 10-12 (Aug. 12, 2020), ECF No. 41; Fed. Agency Defs.' Opp'n to Pl. Arizona Yage Assembly's Mot. for Prelim. Inj. ("FADs' 2nd PI Opp'n") at 11 (Aug. 19, 2020), ECF No. 49. Second, Plaintiffs' RFRA claim and section 1983 claim should be dismissed for lack of standing and failure to state a claim upon which relief could be granted. *See* FADs' 1st PI Opp'n at 14-22; FADs' 2nd PI Opp'n at 11-13, 16-23. Third, Plaintiffs' RFRA claim should be dismissed for failure to exhaust administrative remedies and lack of subject matter jurisdiction. *See* FADs' 2nd PI Opp'n at 13-16. Finally, Plaintiffs' derivative claim under the Declaratory Judgment Act must necessarily fall along with Plaintiffs' substantive claims. *Cty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1215-16 (N.D. Cal. 2017) ("The government correctly notes that the Declaratory Judgment Act creates a remedy for litigants but is not an independent cause of action."). If the Court

---

[1] The "Federal Agency Defendants" are William Barr, Attorney General of the United States; Timothy Shea, Acting Administrator of the U.S. Drug Enforcement Administration ("DEA"); Chad Wolf, Acting Secretary of the Department of Homeland Security; Mark A. Morgan, Acting Commissioner of U.S. Customs and Border Protection; and the United States of America.

denies Plaintiffs' motions for preliminary injunction on any or all of these grounds, the Federal Agency Defendants will move to dismiss those claims.

The Federal Agency Defendants' filings have also explained that, in the alternative, the Court should strike both preliminary injunction motions and the First Amended and Supplemental Complaint, see ECF No. 12, upon which they were based, because Plaintiffs admit to filing that supplemental pleading without leave of court in violation of Rule 15(d).  See Mot. to Strike Pls.' FASC ("Mot. to Strike") (July 29, 2020), ECF No. 31; See Fed. Agency Defs.' Opp'n to Pl.'s Mot. For Relief Under FRCP 60(b)(1) and 6(b) (Aug. 7, 2020), ECF No. 36; FADs' 1st PI Opp'n at 10-11; FADs' 2nd PI Opp'n at 11.

If Plaintiffs' RFRA or APA claims survive the Federal Agency Defendants' oppositions to Plaintiffs' preliminary injunction motions (and any subsequent motion to dismiss), those claims should be stayed.  On August 11, 2020, Plaintiffs voluntarily dismissed their RFRA claim against Defendant Thomas Prevoznik, the Deputy Assistant Administrator of the DEA's Diversion Control Division, who had been sued in his individual capacity.  ECF No. 37.  Although the Federal Agency Defendants' motion to stay had been based in part on Prevoznik's own motion to stay pending the Supreme Court's review of *Tanvir*, see ECF No. 17, Prevoznik's dismissal does not affect the primary reason why the RFRA and APA claims should be stayed: The requested stay would allow the DEA to make substantial progress on, if not complete, a rulemaking already underway which would likely moot Plaintiffs' APA claim and at the very least significantly alter their RFRA claim.  Mot. to Stay at 8.

As the Federal Agency Defendants' Motion to Stay explains, the rulemaking will replace the DEA's 2009 Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act, which is directly challenged by Plaintiffs' RFRA and APA claims.  *Id.* at 8-9.  Plaintiffs do not dispute that this Court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," including "administrative" proceedings.  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d

857, 863-64 (9th Cir. 1979).  Nor do Plaintiffs deny that a rulemaking replacing the 2009 Guidance would moot or significantly affect its RFRA and APA claims.  *See* ECF No. 42.

Plaintiffs claim that a stay would cause them harm, but as the Federal Agency Defendants have explained in their opposition to Plaintiffs' second preliminary injunction motion, Plaintiffs have failed to establish that they face any threat of imminent harm (irreparable or otherwise) arising from their RFRA or APA claims.  FADs' 2nd PI Opp'n at 11-13, 23-25.  In particular, Plaintiffs' delays in seeking relief illustrate that a stay would cause no harm:  Despite being founded in 2015, Plaintiff Arizona Yagé Assembly has never filed a RFRA petition seeking a CSA exemption with the DEA and waited approximately five years before bringing this lawsuit and before seeking a preliminary injunction on its RFRA claim.  *Id.* at 7-8, 13-15, 24.  A stay for several more months will not cause prejudice.

Plaintiffs also assert that the government has not demonstrated that it would suffer prejudice absent a stay, *see* Pls.' Opp'n to Mot. to Stay of Fed. Agency Defs.' at 8 (Aug. 12, 2020), ECF No. 42, but as explained in the Federal Agency Defendants' motion to stay:

> It would be inefficient and wasteful to proceed with the claims against the Federal Agency Defendants in light of the DEA's rulemaking. During the rulemaking process, Plaintiffs and other stakeholders will have the opportunity to submit comments regarding whether and how the DEA's procedure for evaluating religious exemptions should be modified and to influence the rule that the DEA ultimately adopts. If this litigation were to proceed in parallel with that process, the parties would be briefing, and the Court judging, the legality of a procedure that is likely to change and may even be influenced by Plaintiffs' comments during the rulemaking. Also, any Court decision during this time would risk prejudging the regulatory options available to the DEA before the agency has a chance to issue an NPRM, consider comments, finalize the rule, and explain its reasons for the course it ultimately chooses. Finally, even assuming Plaintiffs' challenges to the DEA's current process could be fully adjudicated before the DEA's rulemaking is complete, any decision likely would be rendered inapplicable once the DEA finalizes its new rule. Thus, the stay requested here is appropriate to mitigate the possibility that the Court and the parties will unnecessarily expend resources litigating claims that are likely to be overtaken by events.

Mot. to Stay at 10 (citation omitted).  The motion to stay should therefore be granted.[2]

---

[2]  In light of Prevoznik's dismissal, the Federal Agency Defendants respectfully request that their requested stay run until June 30, 2021, instead of following the Supreme Court's decision in *Tanvir*, as originally requested.  *See* Mot. to Stay at 9.  June 30, 2021 is consistent with the Federal Agency Defendants' original proposal, in that it is approximately the latest date at which

Finally, the Federal Agency Defendants' have also moved in the alternative under Civil Local Rule 6-3 for an extension of their deadline to respond to Plaintiffs' Complaint by 60 days after any denial of their motion to stay. Mot. to Stay at 15. Plaintiffs stated that they would not oppose an extension of 30 days from the date of any denial of the motion to stay. *Id.* at 17. Therefore, if Plaintiffs' claims survive rulings on Plaintiffs' motions for a preliminary injunction, if the Federal Agency Defendants' motion to strike the First Amended and Supplemental Complaint is denied, and if the instant motion to stay is denied, the Federal Agency Defendants respectfully request, at a minimum, 30 days to respond to any surviving portions of the operative complaint.

DATED: August 19, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/  Kevin P. Hancock*
KEVIN P. HANCOCK
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514-3183 (phone)
(202) 616-8470 (fax)
kevin.p.hancock@usdoj.gov

*Counsel for the Federal Agency Defendants*

---

a ruling in *Tanvir* is likely to be issued at the conclusion of the Supreme Court's October 2020 term. As explained in the motion to stay, by that time, "the DEA will likely either have issued or made significant progress on issuing a Notice of Proposed Rulemaking, and the propriety of continuing the litigation in light of the status of the rulemaking could be reevaluated at that time." *Id.* at 9-10.