CHARLES CARREON (CSB # 127139)
3241 E. Blacklidge Drive
Tucson, Arizona 85716
Tel:  628-227-4059
Email: chascarreon@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches, and
Clay Villanueva

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY, NORTH AMERICAN ASSOCIATION OF VISIONARY CHURCHES, and CLAY VILLANUEVA,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>WILLIAM BARR, Attorney General of the United States; UTTAM DHILLON, Acting Administrator of the U.S. Drug Enforcement Administration; CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security; MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection; THOMAS PREVOZNIK, Deputy Assistant Administrator of the DEA Dept. of Diversion Control, in his personal capacity; the UNITED STATES OF AMERICA; the STATE OF ARIZONA; MARK BRNOVICH, Arizona Attorney General; MARICOPA COUNTY, a political subdivision of the State of Arizona; and, MATTHEW SHAY,<br><br>                    Defendants. | Case No.: 3:20-CV-03098-WHO<br><br>REPLY DECLARATION OF WINFIELD SCOTT STANLEY III IN SUPPORT OF AYA'S MOTION FOR PRELIMINARY INJUNCTION AND IN RESPONSE TO OPPOSITION OF ALL FEDERAL AGENCY DEFENDANTS<br><br>Date:  September 9, 2020<br>Time:  2:00 P.M.<br>Courtroom:  2 (17th floor) |

Winfield Scott Stanley III declares and affirms:

**1.**     I am the founder and Director of Arizona Yage Assembly ("AYA") and North American Association of Visionary Churches ("NAAVC").  I make this declaration in support of AYA's Reply Brief in Support of AYA's Motion for Preliminary Injunction ("AYA's Motion") and in Response to the Opposition of All Agency Defendants.  The matters stated herein are true of personal knowledge and from an informed review of relevant documents.  I could and would so competently testify if called as a witness.

**2.**     I am the founder of AYA, and make the following statement in order to rebut the contentions of the United States of America in its opposition brief, that AYA, incorporated in California, does not have its physical nexus of operations in California.  This is entirely incorrect.  AYA has incorporated in three states, Arizona, California, and Oregon, because it has congregants in all three of those states, and in order to operate lawfully in each of those states, the laws of the states require that corporations either incorporate directly in the state, or file registrations by a foreign corporation.  AYA has chosen to incorporate separately in each state in order to take full advantage of the legal privileges of in-state incorporation, and in order to serve its congregation in each of those states in a lawful fashion.

**3.**     AYA incorporated in the State of California on January 11, 2019, as is reflected in the document attached hereto as Exhibit 3, the church's California Articles of Incorporation.  This action was filed by the California-incorporated AYA, that was formed for the benefit of California residents who are AYA congregants.

**4.**     AYA has a very substantial California congregation.  AYA has a very large number of congregants who are resident in the State of California, as compared with the total number of congregants.  The total number of persons who have participated in AYA communion in California, according to my most accurate record, is 839.

**5.**     The total number of people who have participated in AYA ceremonies nationwide is 2,524.  Accordingly, a near-plurality of AYA's national membership is based in California with a total of 839.

**6.** This action was brought for the benefit of AYA members in California, in particular. AYA members in California are the focus of this action, in that by means of this action, AYA seeks to secure the right of California residents to attend AYA ceremonies without fear of criminal investigation, prosecution, and incarceration. At present, all congregations are at risk of prosecution, which is inconsistent with the promise of Free Exercise as promised in the *O Centro* case.

**7.** My activity on behalf of AYA in California has been very extensive during the last 5 years. My best estimate of the total number of ceremonies I have given in the State of California since 2015 is 120, 65 in Northern California and 55 in Southern California. My best estimate of the total number of miles I have driven in the State of California in order to minister to the AYA congregation is 120,000. Each place where AYA holds a ceremony, and each group of people who congregate at that ceremony, establish additional grounds for AYA to seek protection for these ceremonies in this Court.

**8.** The DEA suggests that AYA might administer Ayahuasca to minors. This is not the case. The application process screens out minors at the outset.

**9.** In its reply brief, the DEA states that AYA "does not claim to use any screening process to evaluate the religious sincerity of its participants, as other religious groups do." The DEA must know of, and be indifferent to the evidence AYA submitted to establish how it performs pre-ceremony screening of prospective congregants, using questionnaires, preparation materials addressing a prospective congregant's spiritual interests, commitment, and intention in seeking Ayahuasca communion. Of course, all of these matters speak to the religious sincerity of its prospective and current congregants.

**10.** AYA does, in fact, have several layers of pre-ceremony screening and preparation for all participants in its ceremonies, including inquiries such as: "What are your spiritual interests in taking part in ceremony, including, for example your intentions for healing or personal growth," and "Briefly describe your current health and spiritual practice."

**11.** AYA has an open process of email, phone, and direct communication, engaging with the sincere spiritual interests of the members of its congregation.

12. AYA's Member Survey, summarized as Exhibit 6 submitted in support of AYA's Motion (Docket # 33-8), provides substantial evidence of the religious sincerity of our congregation.

13. AYA does not compare its path and method with the paths and methods of other religions. AYA does not claim religious sincerity to be objectively testable. If such a test exists, and it is administered by other religions, the DEA has not entered it into evidence. If the DEA has metrics for evaluating religious sincerity, they have failed to enter their own criteria and screening process for religious sincerity into evidence.

14. The DEA presents no evidence or declaration on how it evaluates religious sincerity. To borrow their own phrasing, the DEA has entered into evidence no "process to evaluate the religious sincerity" of AYA, its members, or any religious group applying for exemption, and therefore has no standard for making such an evaluation itself.

15. To clarify and correct statements in my earlier declarations, in Peru I have deepened my experience of Ayahuasca communion through apprenticeship with Eladio Melendez Garcia, a third generation Ayahuasquero who lives and conducts Ayahuasca ceremonies in Jenaro Herrera, Peru, a small community off the banks of the Ukayali River about 20 kilometers upriver from the confluence of the Ucayali, the Marañon, and Amazon rivers. After four or five years of personal practice, following my very first experience with Ayahuasca in 2009, I began to conduct small ceremonies sharing the sacrament with others.

16. I would also like to supply a legible copy of my teacher's letter of recognition and support, that became illegible during the filing process due to a software glitch. A true copy of the letter I intended to attach in legible form as "Eladio's Letter," Exhibit 14 to AYA's Motion for Preliminary Injunction, is attached hereto as Exhibit 4.

17. Last, I would like to confirm that Mr. Carreon is correct that it was not until April 2, 2019 that I decided not to file a Petition for Religious Exemption with the DEA (a "PRE") on behalf of AYA. When I stated that we had begun to have second thoughts about filing a PRE in "late 2017," that was incorrect, because concerns about the PRE

process putting myself and AYA in jeopardy did not arise until late 2018, ripened in the spring of 2019, when Mr. Carreon delivered his comprehensive analysis, and resulted in the decision to direct Mr. Carreon to prepare a RFRA lawsuit for filing District Court, rather than a PRE for submission to the DEA.

    I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on August 26, 2020, at Tucson, Arizona.

*[signature]*
Winfield Scott Stanley, III, Declarant