UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIZONA YAGE ASSEMBLY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>Defendants. | Case No. 3:20-cv-03098-WHO<br><br>**ORDER TRANSFERRING VENUE**<br><br>Re: Dkt. No. 61 |

The plaintiffs—Arizona Yagé Assembly, the North American Association of Visionary Churches, and Clay Villanueva—move to transfer this case to the United States District Court for the District of Arizona and for an additional 30 days to file an amended complaint. Dkt. No. 61. The defendants that have submitted filings do not oppose the transfer or extension. Dkt. Nos. 63, 64. This matter can be resolved without oral argument; the hearing is VACATED. *See* L.R. 7-1(b). For the reasons that follow, the motion is GRANTED.

The short but involved history of this suit is surveyed in an order I issued on a group of motions on September 21, 2020 ("September 21 Order") [Dkt. No. 57]. As relevant here, I dismissed the State of Arizona, Maricopa County, and officials of both governments for lack of personal jurisdiction. September 21 Order 16–23. As a result, the only defendants who remained were federal agencies and officers in their official capacities. I then denied the plaintiffs' motions for two preliminary injunctions. *Id.* 23–29. I noted that there are likely numerous barriers to the plaintiffs successfully obtaining injunctions and pursuing their claims. *Id.* 23. But, as I explained, "both motions fail for another, more preliminary reason. The plaintiffs have not demonstrated a likelihood of success on the merits—or even serious questions going to the merits—because they have not pleaded or shown that venue is proper in this District." *Id.* 23.

Because the suit was narrowed to be against only federal officers and agencies, venue was proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). The plaintiffs argued that venue was proper under Subsection A but had not pleaded or demonstrated that any of them resided in the Northern District of California. *Id.* 24–28. My September 21 Order explains this finding in detail and I incorporate it here. I permitted the plaintiffs 30 days to amend their complaint. Now, they instead move to transfer this case.

Transfer is proper because, as my September 21 Order held, I lack personal jurisdiction over some defendants and this is the wrong venue for a suit against the others. But it appears that venue—as well as personal jurisdiction—lies in the District of Arizona. My September 21 Order establishes that at least Villanueva resides in that District. *Id.* 28. Both entity plaintiffs also appear to reside there. *Id.* 25–28. The events alleged in the complaint all occurred in Arizona. Especially in light of the defendants' non-opposition to transfer, it is "in the interest of justice" to transfer this case to that District. *See* 28 U.S.C. § 1406(a).[1]

There is also good cause to extend the plaintiffs' time to file an amended complaint— which they had leave to do under my September 21 Order—to 30 days after the date this case is docketed in the District of Arizona. FED. R. CIV. P. 6(b)(1)(A).

This case shall be TRANSFERRED to the District of Arizona.

**IT IS SO ORDERED.**

Dated: November 6, 2020

William H. Orrick
United States District Judge

---

[1] The plaintiffs move to change venue under 28 U.S.C. § 1404(a), which contemplates transfer from districts in which venue was originally proper. I order transfer under § 1406(a) because venue does not lie in this District, and it gives the plaintiffs the result they seek.