JOHN SULLIVAN (CSB#204648) Pro Hac Vice
10857 Kling Street
North Hollywood, California 91602
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches,
Clay Villanueva, and Vine Of Light Church

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villanueva, and Vine of Light Church,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick B. Garland, Attorney General of the United States; D. Christopher Evans, Acting Administrator of the U.S. Drug Enforcement Administration; Alejandro N. Mayorkas, Secretary of the Dept. of Homeland Security; Troy Miller, Senior Official Performing the Duties of Commissioner of U.S. Customs and Border Protection; the United States of America; Maricopa County, Matthew Shay, and Marco Paddy,<br><br>Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>**MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiffs respectfully request that the Court grant leave to file a Fourth Amended Complaint to add newly-discovered facts, some of which occurred after the filing of this action.

The grounds for the motion are that investigation of the Drug Enforcement Administration's informant has produced additional facts relevant to the fair and just

determination of the action on the merits, that the amendments will cause no delay, are submitted in good faith, and will cause no undue delay in the progress of the action.

      A copy of the proposed Fourth Amended Complaint is attached hereto as required by Local Civil Rule 15.1, as Exhibit 1.  A "redline" showing the proposed amendments is attached as Exhibit 2.

      Defendants were requested to stipulate to this motion, and declined.

Dated:  May 4, 2021        JOHN SULLIVAN
/s/John Sullivan
JOHN SULLIVAN
Attorney for Plaintiffs
Arizona Yagé Assembly,
North American Association of Visionary Churches, Clay Villanueva and Vine of Light Church

MEMORANDUM OF POINTS AND AUTHORITIES

**I.   The Legal Standard on This Motion to File a Supplemental Pleading**

District courts have broad discretion in allowing supplemental pleadings. [Citation omitted.]  The Ninth Circuit has instructed: "The Rule is a tool of judicial economy and convenience. Its use is therefore favored." *Id.* In assessing whether to grant a motion to supplement under Rule 15(d), courts generally consider four factors: Whether the amendment (1) would cause the opposing party undue prejudice, (2) is sought in bad faith, (3) would be futile, or (4) creates undue delay.
*Acosta v. Austin Elec. Servs. LLC*, No. CV-16-02737-PHX-ROS, 2018 U.S. Dist. LEXIS 191352, at *5-6 (D. Ariz. Nov. 8, 2018), *citing Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988) (further citations omitted).

**II.   Plaintiffs Should Be Allowed to File a Supplemental Pleading**

**A.   The Amendments Will Cause No Prejudice to Any Defendant**

Undue prejudice exists where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."
*Acosta v. Austin Elec. Servs. LLC*, No. CV-16-02737-PHX-ROS, 2018 U.S. Dist. LEXIS 191352, at *10 (D. Ariz. Nov. 8, 2018).

The proposed amendments, redlined in Exhibit 2 at ¶ 158 – 191, supplement the narrative in the Third Amended Complaint (Docket # 77) with facts discovered in February and March of this year regarding unemployed film actor and DEA Confidential Informant ("DEA CI") Rami Joseph Najjar ("Najjar").  Najjar has previously been identified in the Third Amended Complaint (Docket # 77), and these additional facts are timely submitted, and merely clarify the allegations previously made, and do not present the defendants with any new defense challenges; rather, they provide more complete notice of the nature of Plaintiffs' claims.

The proposed amendments provide additional facts to establish:

1. Najjar's unsuitability to serve as a DEA CI, because:
    a. Najjar is an admitted controlled substance user  (PFAC ¶ 167.a);

3
**MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT**

    b. Najjar was a member of the media (a SAG Actor, with an agent, and a resume posted on IMDb.com) (PFAC ¶ 167.b);

    c. Najjar has an Arizona criminal record, and is currently under criminal prosecution in California (PFAC ¶ 167.c);

    d. Najjar is persistently short of money, and has filed bankruptcy twice (PFAC ¶ 167.d);

    e. Najjar was not a member of any visionary religion, had no existing sources of information about NAAVC, Villanueva, or VOLC, and provided only publicly available information (PFAC ¶ 167.e);

    f. Najjar's information could not be corroborated, and he had no past record as a favorable witness for the Government (PFAC ¶ 167.f);

    g. Najjar uses aliases, as he did when communicating with Villanueva (PFAC ¶ 167.g);

    h. Najjar lives and drives without a license in the State of California, a misdemeanor that carries a jail term and a $1,000 fine, and a law that few Californians flaunt (PFAC ¶ 167.h);

    i. Najjar applied filed Petition for Name Change in Santa Monica Superior Court the same day he learned Plaintiffs were inquiring about him in preparation to serve him with a subpoena (PFAC ¶ 179);

    j. On April 30, 2021, Superior Court Judge Chester Horn denied the request for name change because, based on Najjar's sworn testimony, the Court found that "the petitioner has an active restraining order against him that expires 03/22/2022 and a pending criminal hearing 06/24/2021." (PFAC ¶ 180)[1]

    k. Najjar is a flight risk, as he often changes addresses, and has over twenty street addresses, a dozen telephone numbers, and

---

[1] On March 1, 2021, Najjar was sued by a company called Cirrus, and an individual named Kevin Kim, for "Workplace Violence Prevention" and "Civil Harassment Prevention." *See* Cirrus Asset Management, Inc. v. Najjar, Case No. 21STRO01002 (Super. Ct. Cal. 2021); *Kim v. Najjar*, Case No. 21STRO01003 (Super. Ct. Cal. 2021). Cirrus runs the Mitchell Arms, Najjar's last residence before moving to the Sherman Oaks Riviera. Mr. Kim is presumably an employee who obtained the restraining order against Najjar arising out of violence at his workplace, the Mitchell Arms. *Ergo*, Najjar attacked the landlord and was found to be a danger to him.

4
**MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT**

      a large number of email addresses that map back to him. (PFAC ¶ 167.i).

2. Najjar's role, as a CI, in aiding DEA Agent Marco Paddy ("Agent Paddy") to initiate a retaliatory conspiracy against NAAVC and Villanueva (PFAC ¶¶ 162-178);

3. The relationship between Agent Paddy and Najjar that was initiated, conducted, and continued in violation of The Attorney General's Guidelines Regarding the Use of Confidential Informants (the "AG Guidelines"), including:

    a. Agent Paddy's failure to obtain approval from DEA supervisors to recruit a media-connected Confidential Informant (PFAC ¶ 166);

    b. Agent Paddy's failure to perform required vetting and documentation of his handling of Najjar (PFAC ¶¶ 167-168); and,

    c. Agent Paddy's failure to record Villanueva and NAAVC in the Narcotics and Dangerous Drugs Information System ("NADDIS") (PFAC ¶ 166.).

4. The direct causal relationship between Agent Paddy's "pulling the trigger" on the investigation of Villanueva and the injuries suffered by NAAVC, Villanueva, and the other Plaintiffs due to Agent Paddy's culpable misconduct, committed with conscious disregard of the Plaintiffs' Free Exercise and other constitutional rights (PFAC ¶¶ 166, 186, and 204).

### B. All Other Factors Indicate the Appropriateness of Allowing Plaintiffs' Requested Amendments

Plaintiffs' requested amendments evince no taint of bad faith, are substantive and relevant to the claims alleged, and will cause no delay.

### III. Defendants Declined to Stipulate to This Motion

Plaintiffs sent a draft of the PFAC and this motion to the defendants and requested that they stipulate to it.

The County's first position was: "The County Defendants do not oppose the motion for leave to amend. The County Defendants and Plaintiffs agree that none of the requested amendments moot the County Defendants' motion to dismiss, and that briefing of that motion should go forward as currently scheduled."

The DEA and all other Government agencies then responded: "Federal Gov Defendants will agree to take "no positon" [sic] on your motion on the condition that Plaintiffs (1) agree that an amended complaint moots our motion to dismiss; or (2) agree to ask the court to stay/toll our reply deadline pending the court's disposition of the motion for leave to amend."

The County and Shay then stated: "Defendant Paddy is adopting the same position as the Federal Defendants."

### IV. Conclusion

For all of the above reasons, the Court is respectfully requested to grant the motion, and allow Plaintiffs to file the proposed Fourth Amended Complaint lodged herewith.

Dated:  May 4, 2021                             JOHN SULLIVAN
                                                /s/John Sullivan
                                                JOHN SULLIVAN
                                                Attorney for Plaintiffs
                                                Arizona Yagé Assembly,
                                                North American Association of Visionary Churches, Clay Villanueva and Vine Of Light Church