Jeffrey S. Leonard (No. 3809)
Jeffrey.Leonard@SacksTierney.com
Evan F. Hiller (No. 28214)
Evan.Hiller@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600
*Attorneys for Defendants Maricopa County and Matthew Shay*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, et al.,<br><br>　　　　Defendants. | Case No.  20-CV-02373-PHX-ROS<br><br>**DEFENDANTS MARICOPA COUNTY AND MATTHEW SHAY'S PRELIMINARY RESPONSE TO PLAINTIFF CLAY VILLANUEVA'S *EMERGENCY EX PARTE* APPLICATION FOR WRIT OF HABEAS CORPUS (DOC. 125)** |

　　　　Defendants Maricopa County and Matthew Shay (the "County Defendants") hereby file this preliminary response to Plaintiff Clay Villaneuva's *Emergency Ex Parte* Application for Writ of Habeas Corpus (Doc. 125) (emphasis original) (the "Emergency Application").  The County Defendants intend to file a substantive response to the Emergency Application, but want immediately to bring to the Count's attention several critical points prior to the Court's consideration of the Emergency Application.

　　　　*First*, it is the State of Arizona, not the County, that pursued criminal charges against Mr. Villanueva, presented evidence to a grand jury, secured an indictment, and requested a warrant.  It is the State of Arizona, through the Arizona Attorney General's Office, that controls the criminal proceedings against Mr. Villanueva that have resulted in his arrest and pre-trial detention.

　　　　*Second*, the County Defendants never represented that Mr. Villanueva would not be prosecuted based upon the evidence uncovered pursuant to the May 2020 search warrant.  To the contrary, the County argued only that Mr. Villanueva did not allege present or likely

1

future irreparable injury, because he failed to allege – and there was no basis to conclude – that he intended to take *future* actions that would subject him to *future* criminal investigations, searches, or seizures. Rather than denying a criminal investigation could occur, the County pointed out that *Younger v. Harris* holds that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" are not an irreparable injury justifying injunctive relief. 401 U.S. 37, 45-46 (1971); *see* Doc. 121 at 11; Doc. 110 at 15-16 ("the possibility of future criminal prosecution based on the criminal investigation and the May 19, 2020 search is not an 'irreparable' injury").

Most critically, it was abundantly clear from the County's response to Villanueva's earlier motion for a preliminary injunction that eventual criminal prosecution was very much possible. *See* Doc. 39 at 14 ("Detective Shay has *not yet* submitted his report and charging recommendations to the AG's Office, where a prosecutor will decide whether to bring charges.") (emphasis added); Doc. 39-1 (Shay Decl.) at ¶ 45 ("I have *not yet* submitted my report and charging recommendations to the Arizona Attorney General's Office.") (emphasis added).

*Finally*, the assertion that "Notice of the intended filing of an ex parte application to procure applicant's relief was provided to all defendants herein on Monday, August 30, 2021, via email" (Application, page 2) is false. No notice was provided, by email or otherwise, to counsel for the County Defendants.

The County reserves the right to file a substantive response to the Emergency Application.

Respectfully submitted this 3rd day of September, 2021.

**SACKS TIERNEY, P.A.**

*/s/ Evan F. Hiller*
Jeffrey S. Leonard
Evan F. Hiller
*Attorneys for the County Defendant*

2

3110674.v1