**Charles Carreon <chascarreon@gmail.com>**

---

# AYA v. Garland / Clay Villanueva Arrest / Ex Parte Relief / Action Requested
2 messages

---

**Charles Carreon, Esq.** <chascarreon@gmail.com>　　　　　Mon, Aug 23, 2021 at 8:11 PM
To: "Evan Hiller Esq." <Evan.Hiller@sackstierney.com>

Dear Evan,

Please find below an email for all counsel, requesting your assistance in this unusual situation. Thank you again for your responsiveness. If anyone can find a filed complaint, I will be very grateful.

If we can confirm that there was an error here, a failure to file, a failure to serve the notice of appearance, whatever it may be, it could avoid exacerbating the injury and mitigate the harm. That is something that all parties to damages litigation are wise to consider when the opportunity is presented.

I trust that you will be able to advise your clients wisely at this juncture, and guide them into an appropriately responsive course of action.

Thank you,
Charles

　　　　　　　　　　　　　　　August 23, 2021

Lisa.N.Newman@usdoj.gov
Evan.Hiller@SacksTierney.com
Kwan.Piensook@usdoj.gov

Lisa N. Newman
United States Department of Justice
Federal Programs Branch, Civil Division

Kwan Piensook
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449

Evan Hiller
Sacks Tierney
4520 Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251

Re: *AYA v. Garland, Case No. 2:20-cv-02373-ROS*

Counsel:

I am following up on my earlier email today about Mr. Villanueva's LAX arrest. Villanueva was told he was arrested in California because of an out-of-state warrant issued in Maricopa County.

This information about the arrest contradicts the following:
- There is no case pending in Maricopa County Superior Court with Mr. Villanueva's name.
- Evan Hiller, counsel for Maricopa County, says he has no knowledge of the filing, and presumes it was done by the AZ AG.
- Drew Ensign, counsel for Arizona AG, says: "By your own account (1) he is being held in a *California* jail and (2) does not appear to have any *Arizona* charges pending against him. Put simply, you've given me no reason to believe that the Arizona Attorney General's office is involved or who within our organization I should direct your request to."

Mr. Villanueva's situation is perilous in the extreme. To get right to the point -- he is suffering from cancer and is therefore unvaccinated, was headed to Peru for treatment, had no knowledge of a case pending against him (if there was). Most importantly, Villanueva had been assured by Mr. Hancock's statements (when Mr. Villanueva moved for a Preliminary Injunction before Judge Orrick) and the repeated statements by the various defendants that he faced no imminent risk of prosecution. Yet federal law enforcement detained him, and now he is in LA County Jail, where Covid Delta 4 is a threat to Mr. Villanueva's life.

I am seeking your cooperation to provide statements and be available for telephonic hearings and conferences with prosecutors and judges, as needed, to obtain Mr. Villanueva's release from custody. I am flying to Los Angeles to appear at Mr. Villanueva's extradition hearing.

If you lack experience in extradition matters, you may not know the procedure, so I will apprise you of it:
- A defendant may demand an extradition hearing, but the only issue litigated is the defendant's identity.
- An individual facing out of state drug charges who was detained while flying out of the country faces particularly daunting odds of obtaining release on bail or on their own recognizance (an "OR").
- As an apparent flight risk, such a person is likely to be required to wait for the prisoner transport to take them back to the state where they are charged with a crime.

The facts in this case, however, as they are known to all of you, militate entirely against the usual risk analysis:
  - Mr. Villanueva had received no Notice to Appear by mail or personal service
  - Mr. Villanueva had no knowledge of charges pending against him
  - Indeed, there do not appear to be any charges pending.
  - Mr. Villanueva was traveling to Peru as he did a few months ago for therapy for his prostate cancer.
  - He is unvaccinated.
  - Delta 4 Covid produces unusually high risks of death for cancer victims.

It bears repeating that when Mr. Villanueva sought a Preliminary Injunction before Judge Orrick, he was assured that he was not at risk of prosecution by all defendants. All defendants joined in each other's arguments, and the USDOJ was most unequivocal about the fact that the *O Centro* case made it impossible for DEA to arrest him without first considering his exemption claim. Yet, Mr. Villanueva is detained in California by CBP and DHS on what is said to be a Maricopa County Superior Court warrant that nobody seems to know anything about.

Judge Orrick based his denial of the Motion for Preliminary Injunction in large part on the fact that USDOJ assured him that Mr. Villanueva was not at risk of prosecution, certainly not in California, and Det. Shay submitted an affidavit on behalf of Maricopa County saying that the case had not been sent for prosecution.

The grounds for denying the injunction based on venue have disappeared, since Rami Joseph Najjar has turned out to be the initiator of the conspiracy, and an LA resident. Accordingly, had this been known at the time of the Preliminary Injunction hearing, as it was known to Agent Paddy who filed an affidavit eliding his knowledge of Najjar's Santa Monica residence, the denial of the motion on venue grounds would not have occurred. Accordingly, plaintiffs would all be justified in filing an *ex parte* application to reopen the California case and renew the motion for Preliminary Injunction. Alternatively, the motion could be renewed in the pending Arizona RFRA Action before Judge Silver, with enforcement sought by miscellaneous action in California federal court. In addition to

renewing the Motion for Preliminary Injunction, Mr. Villanueva may seek a writ of *habeas corpus* compelling Mr. Villanueva's release and restraining any proceedings against him outside of the pending RFRA action in which you represent various defendants.

However, none of those actions would be appropriate if I did not first request the assistance of each of you to obtain Mr. Villanueva's swift release.  As the attorneys for Maricopa County and the USDOJ, CBP and DHS, your confirmation of factual representations that I may make to the California Superior Court to obtain Mr. Villanueva's release would be helpful, and in my past experience as a prosecutor, could literally swing the jail doors open.

I am travelling to Los Angeles to secure Mr. Villanueva's release.  Please establish contact with me at 928-975-2191 and via reply email so that I may enlist your good offices to accomplish this "de-escalation" of the conflict.  Mr. Villanueva's health is at risk, and I know without a doubt that every one of you has a decent appreciation for the importance of protecting his life from being lost due to what may amount to a bureaucratic mixup.

As attorneys and officers of the Court, our duties to society sometimes extend well beyond the usual bounds of advocacy.  This is one of those occasions.  I look forward to receiving your cooperation to accomplish Mr. Villanueva's swiftest possible release without the payment of bail.

With warm regards,

    [signature]
Charles Carreon
Attorney at Law

cc:     AYA
        NAAVC
        CV


Charles Carreon
Attorney at Law
Federal & California Law
Tel: 628-227-4059
This message may contain attorney-client and/or attorney work-product privileged material.  If you are not the intended recipient, please first notify the sender and then delete the message and any attachment.

Inadvertent disclosures shall not work a waiver of any privilege.

The sender has requested a read receipt. If you do not wish to provide one, click here.

---

**Hiller, Evan F.** &lt;Evan.Hiller@sackstierney.com&gt;  Tue, Aug 24, 2021 at 11:30 AM
To: "Charles Carreon, Esq." &lt;chascarreon@gmail.com&gt;
Cc: "Newman, Lisa N. (CIV)" &lt;Lisa.N.Newman@usdoj.gov&gt;, "Piensook, Kwan (USAAZ)" &lt;Kwan.Piensook@usdoj.gov&gt;, "Leonard, Jeffrey S." &lt;Jeffrey.Leonard@sackstierney.com&gt;

Charles,

I've spoken with the Arizona Attorney General's Office. They were not in a position to provide further information.

Today I learned that A.R.S. 13-2813 creates a class 1 misdemeanor for "unlawful disclosure of an indictment, information or complaint if the person knowingly discloses the fact that an indictment, information or complaint has been found or filed before the accused person is in custody or has been served with a summons, except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or as authorized by the court in furtherance of justice."

With that said, I can't imagine that the arrest warrant is a coincidence, or that it is somehow unrelated to the criminal investigation and search warrant that are the subject of this civil suit. I suspect that the warrant will be served on Mr. Villanueva when he appears in Arizona, and that any indictment would then become public, but criminal procedure really is not my area of expertise.

I do want to point out that the "no threat of future harm" arguments that the County and Deputy Shay have made in this matter are directed to standing for injunctive relief; I think that the case law is pretty clear that a single criminal investigation and prosecution would not be an irreparable injury, and the Complaint does not allege future plans to take actions in violation of state or federal law.

Evan F. Hiller

Attorney
P. 480.425.2661 | F. 480.425.4961

Evan.Hiller@SacksTierney.com



Sacks Tierney P.A.

4250 N. Drinkwater Blvd., Fourth Floor

Scottsdale, AZ 85251

www.sackstierney.com

a Member of **MERITAS** Law Firms Worldwide

*Evan Hiller*
Attorney
P. 480.425.2661  F. 480.425.4961
Evan.Hiller@sackstierney.com



*Celebrating 60 Years of Service 1960 - 2020*

Sacks Tierney
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251
www.sackstierney.com
a Member of **MERITAS** Law Firms Worldwide

**NOTICE: This e-mail may contain confidential and privileged material for the
sole use of the intended recipient.
Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the
sender and delete and destroy all copies. To ensure IRS compliance, any
tax advice included in this e-mail may
not be used by any recipient to avoid penalties imposed under the Internal Revenue
Code, state or local tax law
provisions.
Thank you.**

[Quoted text hidden]

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.