JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316
Tel:818-769-7236 Fax:818-301-2175
Email: Sullivan.John84@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches,
Clay Villanueva, and Vine of Light Church

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villanueva, and Vine of Light Church<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick B. Garland, Attorney General of the United States; D. Christopher Evans, Acting Administrator of the U.S. Drug Enforcement Administration; Alejandro N. Mayorkas, Secretary of the Dept. of Homeland Security; Troy Miller, Senior Official Performing the Duties of Commissioner of U.S. Customs and Border Protection; the United States of America; Maricopa County, Matthew Shay, and Marco Paddy<br><br>Defendants. | Case No.:20-CV-02373-ROS<br><br>**SUPPLEMENTAL DECLARATION OF CHARLES CARREON IN SUPPORT OF *EMERGENCY EX PARTE* APPLICATION FOR WRIT OF HABEAS CORPUS** |

Charles Carreon declares and affirms:

1. I am an attorney licensed to practice before all courts in the State of California since my admission to the California State Bar on January 17, 1987, and currently serve as Registered In-House Counsel, Arizona Bar # 030064, for plaintiff North American Association of Visionary Churches ("NAAVC"). Petitioner Clay Lindell Villanueva is a founding Director of NAAVC, and in that capacity, I have been advising him as a

Director of NAAVC. I have come to know him well, and state the matters herein of personal knowledge.

2. I make this declaration to supplement the Verified Petition for Writ of Habeas Corpus (the "Petition," Docket #25) that urges this Court to immediately release plaintiff Clay Villanueva ("Mr. Villanueva") from custody in the Maricopa County Jail. The matters averred herein are relevant to the determination of Mr. Villanueva's pending application for writ of habeas corpus.

**PETITIONER'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS ARE VIOLATED BY ARIZONA'S FAILURE TO PROMPTLY ARRAIGN HIM**

3. *First*, this declaration submits evidence that Mr. Villanueva is being held in violation of the Arizona Prompt Arraignment Law, Rule 14.2(1)(b) of the Arizona Rules of Criminal Procedure, and therefore, unconstitutionally in violation of the Fourteenth Amendment Due Process clause. The dispositive precedent appears in the Ninth Circuit holding in *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992),[1] holding Multnomah County, Oregon liable under 42 U.S.C. § 1983 for failing to arraign an individual in compliance with the Oregon prompt arraignment law. As in *Oviatt*, where Oregon law gave rise to a "liberty interest" under the Fourteenth Amendment, Arizona's Prompt Arraignment Law gives rise to a liberty interest that Maricopa County has flagrantly violated due to a municipal policy or a targeted retaliatory practice of failing to timely serve indictments. Under the Arizona Prompt Arraignment Law, an indictment issued when the defendant is not in custody must be served within thirty (30) days. The evidence shows that Mr. Villanueva was indicted not less than 75 days before his arrest, and still has not been arraigned today, ninety (90) days later! This evidence is contained in the documents obtained from the California extradition file, attached as Exhibit 1, and the Declaration of Richard Gaxiola, establishing that:

---

[1] "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992), *quoting Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 868-69 (1983).

**SUPPLEMENTAL DECLARATION OF CHARLES CARREON IN SUPPORT OF *EMERGENCY EX PARTE* APPLICATION FOR WRIT OF HABEAS CORPUS**

      a. The Arizona Arrest Warrant was issued no later than June 9, 2021 (Exhibit 1, page 18);

      b. Mr. Villanueva was arrested on August 23, 2021 (Exhibit 1, generally: Arrest documents and Felony Fugitive Complaint filed by Los Angeles County District Attorney to honor the Arizona Warrant);

      c. Mr. Villanueva had retained Mr. Gaxiola immediately after the May 19, 2020 search of his home, and kept him on retainer until the end of July, 2021, during which Mr. Gaxiola monitored Maricopa County Superior Court criminal filings for a case against Mr. Villanueva, and having discovered nothing in over a year, withdrew from representation (Gaxiola Dec., ¶¶ 4-7).

4. Mr. Villanueva had no idea charges had been filed against him, and a warrant lay hidden in the NCIC system, waiting to trigger his arrest in a foreign state, if he attempted to board an international flight.

## PETITIONER IS GRIEVOUSLY PREJUDICED BY THE DELAY IN ARRAIGNMENT, THAT HAS NOW CONTINUED FOR 90 DAYS, WHICH IS 60 DAYS BEYOND THE STATUTORY DEADLINE IN A.R.C. 14.2

5. Mr. Villanueva's belief that he faced no risk of prosecution was reasonable, given Mr. Gaxiola's disinterested professional conclusion that no prosecution threat existed, and the fact that he requested to end the representation, because it appeared no prosecution was forthcoming.

6. Most importantly, Mr. Gaxiola's declaration establishes that Mr. Villanueva suffered cognizable prejudice under Arizona law due to the failure to arraign him for at least 90 days after indictment. *See, State v. Leenhouts*, 218 Ariz. 346, 347, 185 P.3d 132, 133 (2008) (Arizona's failure to provide timely arraignment on supervening indictment prejudiced the defense and warranted reversal of trial court denial of motion to dismiss indictment). Like the defendant in Leenhouts, Mr. Villanueva has been prejudiced in the defense of his case, and in regaining his pretrial liberty, because if Mr. Villanueva had been set for arraignment by July 9, 2021 (within thirty days of the June 9th date on the

Arrest Warrant), he would have appeared in court voluntarily with his retained counsel by his side, would not have attempted international travel, would not have been arrested in California, would not have been incarcerated for this extended period of time, and would not be facing death by malnutrition and hypothermia.

7. The declarations of Mr. Villanueva's wife Cecilia, and his son Cian Villanueva, submitted herewith, corroborate his own belief in his innocence to all the charges, his reasons for traveling to Peru, his ignorance of any charges pending against him.

8. Medical records establishing that Mr. Villanueva suffers from Stage 3 Lymphatic Cancer are attached Exhibit 2.

### REPORT ON PETITIONER'S CURRENT CONDITION
### AND MATTERS HE REQUESTS THE COURT TO CONSIDER

9. Finally, I would like to update the Court on the status of Mr. Villanueva's diet and health conditions, and legal concerns, as he reported them to me during telephone calls over the holiday weekend. He told me to please tell the Court that he is continuing to suffer from hunger and cold. He is only eating oranges, which other prisoners donate to him. He is constipated and unable to pass stools ever since he arrived at the Maricopa County jail. He is ordinarily to receive between one and five enemas per day, and he cannot receive any. This is essential for his health, and being unable to eliminate increases stress, anxiety, and the progress of cancer. Additionally, he advised that he is constantly worried about his exposure to COVID 19 and the DELTA strain thereof, because he is housed cheek-by-jowl in grossly overcrowded conditions with unmasked prisoners. As a sixty-year-old cancer victim, he is at particular risk of lethal infection, and fears that he will contract the virus and die of COVID if he remains incarcerated under the unsafe conditions.

10. Mr. Villanueva also asked me to direct the Court's attention to the time period when the Arrest Warrant against him was issued – June 2020 – during which time all of the documents he was reading that Maricopa County's lawyers were filing in this lawsuit to influence your Honor's decisions flaunted the idea that "plaintiffs have no reasonable fear

of prosecution." This deception was particularly effective in getting Mr. Villanueva to proceed with his usual religious practice, and undertake the trip to Peru that resulted in his arrest at LAX.

**PETITIONER PRAYS AN AUDIENCE,**

**THAT THE COURT MAY WITNESS HIS CONDITION**

11. Mr. Villanueva prays the Court to order Maricopa County to "produce his body" at a hearing before your Honor, so that you may see his pitiable physical condition with your own eyes, and judge the gravity of his situation.

12. Further affiant sayeth naught.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on September 7, 2020, at Tucson, Arizona.

_____
Charles Carreon