# EXHIBIT A

MARK BRNOVICH
Attorney General (Firm State Bar No. 14000)
Mukai Amoo (State Bar No.: 029531)
Email:  Mukai.Amoo@azag.gov
Assistant Attorneys General
Financial Remedies Section
2005 N. Central Ave.
Phoenix, AZ 85004
Telephone: 602-542-8423
Attorneys for the State

Electronic Filing Email: CRMRacketeering@azag.gov
P002-2021-000232 / #9564970

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

| | |
|---|---|
| IN THE MATTER OF: | Case No. CV2021-007240 |
| APPROXIMATELY $8,025.00 IN U.S. CURRENCY AND OTHER PROPERTY LISTED IN THE ATTACHED APPENDIX ONE, | **STATE'S VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM*** |
| Defendants *In Rem*. | (Assigned to the Hon. Danielle Viola) |

COMES NOW the State of Arizona, by and through undersigned counsel, and for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1.      This combined *in personam* and *in rem* action is brought on behalf of the State of Arizona, pursuant to the Arizona Racketeering Act, A.R.S. §§ 13-2301 *et seq.* ("AZRAC"), particularly § 13-2314; the Arizona Forfeiture Reform Act, A.R.S. §§ 13-4301, *et seq.* ("AFRA"), particularly §§ 13-4310, 13-4311, 13-4312, and 13-4313; and the Drug Offenses chapter of A.R.S. Title 13, A.R.S. §§ 13-3401, *et seq.*, including A.R.S. § 13-3413.

2.      Under AZRAC, AFRA and the Drug Offenses chapter, the Attorney General is empowered to bring a civil action on behalf of the State of Arizona to

enforce their provisions; to prevent, restrain or remedy racketeering or a violation of A.R.S. § 13-2312; to seek forfeiture of property; and to obtain civil judgments on behalf of the State and other persons injured by racketeering.

3.     The Superior Court in and for this county has jurisdiction to enter appropriate orders, including forfeiture orders, pursuant to A.R.S. §§ 13-4302 and 13-4303. The property for which forfeiture is sought was within this State at the time of the seizure for forfeiture and filing of this action and remains so. The Superior Court has *in personam* jurisdiction over the named *in personam* defendant as he resides in this county and has *in personam* jurisdiction over the property as it was seized for forfeiture in this County. The conduct alleged against the Defendant subject him and the property listed at Appendix One hereto to *in personam* liability and subjects the property to *in personam* and *in rem* forfeiture liability as it occurred, in whole or in part, in Arizona and in this County. The Superior Court has *in personam* and *in rem* jurisdiction over any other owners or interest holders in the property subject to forfeiture in this action.

4.     Venue is proper in this county under, without limitation, A.R.S. §§ 13-2314, 13-4303, and 12-401 on behalf of the State because this action is brought in the county in which the property listed in the Appendix One hereto was seized, in the county in which conduct giving rise to forfeiture occurred, and one or more putative owners or putative interest holders in the property discussed below can be complained against civilly or criminally in this county for the conduct alleged to have given rise to forfeiture.

5.     This Verified Complaint follows the filing of the State's Notice of Pending Forfeiture and Notice of Seizure for Forfeiture ("NOPF"), on May 3, 2021, pursuant to A.R.S. § 13-4308(B).

## PARTIES

6.     The party bringing this action is the State of Arizona *ex rel.* MARK BRNOVICH, Attorney General ("State").

7.     Defendant *in personam* is Clay Lindell Villanueva ("Defendant" or "Villanueva").  The Defendant's *in personam* liability extends to any spouse, marital, business, or other community shared with Defendant.

8.     Defendant *in rem* is the entirety of the property more fully described in Appendix One to this Verified Complaint (hereafter "Property"), which is subject to seizure and forfeiture to the State of Arizona, pursuant to A.R.S. §§ 13-3413; 13-2301, *et seq.*; and 13-4301, *et seq.*

9.     The Property is further described in a statute providing for its forfeiture pursuant to the provisions of A.R.S. §§ 13-2301 (D)(4)(b)(xi), 13-3408(A), 13-2301 (D)(4)(b)(xxvi), 13-2317(8), 13-2314(G)(3), and 13-2314(N)(3).

10.    All persons known to have an interest in the property, as defined in A.R.S. § 13-4301(4)-(7), were given or provided a Notice of Pending Forfeiture pursuant to A.R.S. § 13-4307.

11.    Regarding the Property, on May 19, 2020, that property constituted the proceeds of conduct giving rise to forfeiture  and/or constituted property used or intended to be used to facilitate conduct involving prohibited drugs and/or proceeds therefrom.

12.    Villanueva filed a claim in this matter on May 27, 2021, *in propria persona*, alleging an ownership interest in Items 2.1 and 5.1 of Appendix One, and objecting to the forfeiture of that property.

13.    Sun West Mortgage Company, Inc. ("Sun West"), a lienholder of Item 5.1 in Appendix One, filed its Verified Claim of Exemption from Forfeiture on May 24, 2021, based on a deed of trust by Villanueava in favor of Sun West secured by the real property.  The deed of trust defines Villanueva as the trustor as "a married man as his sole and separate property."

14.    No other person or entity filed a claim to Item 5.1.  No person or entity filed a claim to Items 2.2 or 6.1 of Appendix One.  The deadline for filing claims in this matter was June 3, 2021. That deadline has now passed. No extension of time can be

granted. The State will file an Application for Order of Forfeiture for all unclaimed property and unclaimed interests in property as directed by law.

15. Designation of a person as a claimant (or acknowledgement that a claim has been filed) does not imply or have the effect that the State recognizes a claim as timely, legally sufficient or otherwise valid. The State reserves the right to move to strike or dismiss a deficient claim or putative party and/or to file an application for order of forfeiture of any unclaimed interest in property or any interest in property asserted in a deficient claim. Similarly, the State reserves the right to proceed to file an application for order of forfeiture *in rem* of any interest in property and/or an application for a default judgment and judgment *in personam* upon the failure of any person or entity to file a proper and timely Answer to this Complaint when an Answer is required. The State also expressly reserves the right to seek to forfeit the property identified in Appendix One and to seek a judgment against the Defendant and the property named herein as allowed by the law applicable to this action or on any other grounds.

## NATURE OF ACTION AND CONDUCT ALLEGED

16. This is an action to prevent, restrain, and remedy the racketeering acts of Defendant and persons acting in concert with them, and their participation in an enterprise through racketeering, to seek a judgment in the amount of resulting liability and injury to the State arising from the conduct, and to forfeit property and interests in property pursuant to statutes authorizing *in personam* and *in rem* forfeiture. It consists of an *in personam* action under AZRAC, AFRA and the Drug Offenses chapter of A.R.S. Title 13 seeking remedies and judgments, including treble damages; *in personam* civil forfeiture of property and supplemental remedies under AZRAC and AFRA; and *in rem* forfeiture of property and supplemental remedies based on racketeering and drug offense conduct under A.R.S. § 13-2314(G), 13-3413, and A.R.S. § 13-4311.

17.     The conduct giving rise to this action includes violations of the following statutes:

A.R.S. § 13-2301(D)(4) [Racketeering];

A.R.S. § 13-2308 [Participating in or Assisting a Criminal Syndicate];

A.R.S. § 13-2312 [Illegal Control or Conducting of an Enterprise];

A.R.S. § 13-2317 [Money Laundering];

A.R.S. § 13-3401, *et seq*. [Drug Offenses];

A.R.S. §13-1001 [Attempt to Commit the Above Offenses];

A.R.S. §13-1002 [Solicitation to Commit the Above Offenses];

A.R.S. §13-1003 [Conspiracy to Commit the Above Offenses]; and

A.R.S. §13-1004 [Facilitation of the Above Offenses].

## GENERAL ALLEGATIONS

18.     On January 8, 2020, a Maricopa County Drug Suppression Task Force ("MCDST") detective received information from a local Drug Enforcement Administration ("DEA") tip line regarding Villanueva.

19.     Specifically, the source provided that Villanueva manufactured, possessed, transferred, and sold DMT. DMT is an abbreviation for N, N-Dimethyltryptamine, which is classified as a dangerous drug. DMT is a hallucinogenic that functions similarly to psychedelic drugs.

20.     Villanueva engaged in these activities at a facility named "center for divine awakening," located at 15801 North 40th Street, Phoenix, Arizona 85032 (the "facility").

21.     Parties, generally, rent the facility for what they deem to be "spiritual" events.

22.     The source added that Villanueva utilized PayPal for the DMT transactions.

23.     The PayPal account name was vol@wavz.net.

24.     The MCDST detective corroborated the source's information with a webpage and social media posts regarding Villanueva's activities.

25.    The detective also discovered that Villanueva held five (5) PayPal accounts, including accounts "wavz research," "Wavs," and "Vine Light."

26.    Villanueva held monthly ceremonies at the facility.

27.    During these ceremonies, Villanueva offered ayahuasca.  "Ayahuasca" is herbal tea mixed with DMT.

28.    Participants could opt to participate in a one or two-night experience.

29.    Villanueva charged a fee to participate in the ceremonies.

30.    Villanueva required customers to register online.

31.    After surveilling Villanueva's residence, located at 1134 West Glenrosa Avenue, Phoenix, Arizona 85013 (Glenrosa Avenue residence), the MCDST detective learned of marijuana production and processing at the residence.

32.    The Court subsequently granted search warrants SW2020-001680 and SW2020-000601, which authorized MCDST members to view records regarding medical marijuana cards and associated cultivation permissions.

33.    The MCDST detective discovered that Villanueva's clients had transferred their cultivation permissions to Villanueva since March 2012.

34.    Villanueva, his wife, Cecilia Villanueva (Mrs. Villanueva), and the clients provided the Arizona Department of Health Services ("DHS") with false information in order to obtain the cultivation permissions.

35.    On May 19, 2020, MCDST members executed search warrant SW2020-006615, which authorized them to search the Glenrosa Avenue residence, Villanueva, and Mrs. Villanueva.

36.    The MCDST detained Villanueva and Mrs. Villanueva.

37.    Among other things, investigators discovered $14,025.00 in United States (U.S.) currency.

38.    For the period January 1, 2019 through February 12, 2020, Villanueva's five (5) PayPal accounts had collectively received over $248,000.00.

39.   During the execution of the search warrant at the Glenrosa Avenue residence, investigators located a mid-sized marijuana grow.

40.   Investigators found one hundred (100) pounds of DMT ayahuasca in powder, liquid, and paste form; one (1) gram of methamphetamine; a small amount of peyote-like product; approximately three (3) pounds of cannabis; one hundred and seventy-seven (177) grams of psilocybin mushrooms; approximately five (5) pounds of high-grade marijuana; approximately three thousand, six hundred (3,600) grams of hash oil; one hundred seven (107) marijuana plants weighing approximately thirty-three (33) pounds; mobile phones; drug paraphernalia; marijuana manufacturing equipment; drug ledgers; and a customer list.

41.   The approximate value of the seized drugs is as much as $4,000,000.00.

42.   During an interview, Villanueva acknowledged that he received ayahuasca, containing DMT, in the mail from Peru.

43.   Villanueva added that he and Mrs. Villanueva had been growing marijuana since approximately 2002.

44.   Villanueva alleged that he and Mrs. Villanueva did not know their "patients," and that they paid a "medical marijuana doctor" for the cards of patients, caregivers, and cultivators.

45.   Villanueva added that the doctor's office offered this arrangement in exchange for one (1) ounce of marijuana per month and the fees that the office incurred for the cards.

46.   Villanueva admitted to possessing marijuana, DMT, and mushrooms in his home, and Villanueva was able to identify most of the same.

47.   Villanueva, however, declined to provide information regarding pricing.

48.   Investigators did locate several customer lists, price lists, and ledgers dating back many years.

49.   Investigators observed that marijuana, DMT, mushrooms, and cannabis-based products were packaged in quantities consistent with illegal drug sales.

50.   The primary assigned MCDST detective noticed in Villanueva's mobile phone that Villanueva engaged in marijuana and DMT sales for at least months, if not years.

51.   The detective also observed that at least one of Villanueva's associates received shipments of moderate amounts of DMT from outside of the United States.

52.   The Maricopa County Sheriff's Office ("MCSO") submitted for forfeiture the U.S. Currency totaling $14,025.00, the Glenrosa Avenue residence, and body armor as racketeering proceeds and/or property used or intended to be used for the illegal drug enterprise.

**FIRST CLAIM FOR RELIEF**

**Racketeering**

53.   Plaintiff incorporates by this reference each of the allegations made above.

54.   Beginning no later than January 8, 2020 and continuing through no earlier than May 19, 2020, Villanueva engaged in the following conduct, by way of example and without limitation, in violation of AZRAC and the Drug Offenses chapter of A.R.S. Title 13:  acts involving A.R.S. §§ 13-2312 (illegal control of an enterprise; illegally conducting an enterprise), 13-2317 (money laundering), and, in connection therewith, A.R.S. §§ 13-1001 (Attempt), 13-1002 (Solicitation), 13-1003 (Conspiracy), and 13-1004 (Facilitation).

55.   The conduct complained of constituted acts committed for financial gain, chargeable or indictable under the laws of this State, and punishable by imprisonment for more than one year under the laws of this State.

56.   The State is therefore entitled to the remedies provided for in A.R.S. § 13-2314, including injury to the State as defined in A.R.S. §13-2318 and treble damages and the recovery of reasonable attorney fees and expenses of the prosecution and investigation giving rise to this action.

## SECOND CLAIM FOR RELIEF
### Illegally Participating in the Conduct of the
### Enterprise through Racketeering

57.     Plaintiff incorporates by this reference each of the allegations made above.

58.     Beginning no later than January 8, 2020 and continuing through no earlier than May 19, 2020, Villanueva was employed by or associated with an enterprise (the "Enterprise"), to wit:  a group of persons associated in fact, persons who conducted the affairs of such enterprise through the foregoing offenses, or knowingly participated directly or indirectly in the conduct of the enterprise knowing that the enterprise was being conducted through such offenses, as more specifically set forth above, in violation of the statutes listed therein, and A.R.S. § 13-2312.

59.     Beginning no later than January 8, 2020  and continuing through no earlier than May 19, 2020, Villanueva and others, with the intent to promote or aid a violation of A.R.S. § 13-2312, agreed with one or more persons that at least one of them or another person would engage in conduct constituting the offense.   In furtherance of said conspiracy, they performed one or more overt acts alleged above, in violation of A.R.S. §§ 13-2312 and 13-1003.

60.     Beginning no later than January 8, 2020 and continuing through no earlier than May 19, 2020, Villanueva acquired or maintained property or interests in property, in violation of A.R.S. § 13-2312, including and without limitation: (a) the property described in Appendix One; and/or (b) interests in, security of, claims against, or property, office, title, license or contractual rights affording a source of influence over the Enterprise.

## THIRD CLAIM FOR RELIEF
### Gain Acquired or Maintained Through
### A.R.S. § 13-2314(D)(7), A.R.S. § 13 2301(D)(4);
### and Injury to the State, A.R.S. § 13-2318

61.     Plaintiff incorporates by this reference each of the allegations made above.

62.   Defendant acquired or maintained gain through the offenses described above, which are included in the definition of racketeering in A.R.S. § 13-2301(D)(4), including, but not limited to, the property described in the Appendix One, plus all of the fruits of such gain since its acquisition.  The State also suffered injury as defined in A.R.S. §13-2318 from the racketeering conduct, Defendant and his property and interests in property are liable for that injury, and the State is entitled to a judgment in the amount of that injury.

## FOURTH CLAIM FOR RELIEF
### Judgment in an Amount Equal to the Gain Through Illegal Conduct of an Enterprise, A.R.S. § 13-2314(D)(7), A.R.S. § 13-2312; and Injury to the State, A.R.S. § 13-2318

63.   Plaintiff incorporates by this reference each of the allegations made above.

64.   Defendant and others acquired or maintained gain, including the amounts described in the allegations above, through the conduct of the Enterprise through racketeering, or became liable for such acquisition or maintenance of gain.  The State also suffered injury as defined in A.R.S. §13-2318 from the Illegal Enterprise conduct, Defendant and their property and interests in property are liable for that injury, and the State is entitled to a judgment in the amount of that injury.

## FIFTH CLAIM FOR RELIEF
### Forfeiture of Substitute Assets, A.R.S. § 13-4313

65.   Plaintiff incorporates by this reference each of the allegations made above.

66.   Property of Defendant is described in A.R.S. § 13-2314, providing for its forfeiture.

67.   All property representing property of Defendant up to the value of property otherwise subject to forfeiture which cannot be located; has been transferred or conveyed to, sold to or deposited with a third party; has been placed beyond the

jurisdiction of the court; has been substantially diminished in value by an act or omission of the Defendant; has been commingled and/or combined with other property which cannot be divided without difficulty; or is subject to any interest that is exempt from forfeiture; is subject to forfeiture as a substitute asset pursuant to A.R.S. § 13-4313(A).

68.     Plaintiff is therefore entitled to a judgment of forfeiture in the amount described above for one or more of the reasons referenced in the preceding paragraph, including through the forfeiture of substitute assets.

**SIXTH CLAIM FOR RELIEF**
***In Personam* Forfeiture**
**A.R.S. § 13-2314(D)(6) & (E)**

69.     Plaintiff incorporates by this reference each of the allegations made above.

70.     Villanueva is liable for conduct described in A.R.S. § 13-2314(D)(6)(a), (b) or (c), and therefore liable for the total value of all interests in property described in those subdivisions and for the amount of injury to the State  as defined in A.R.S. §13-2318.

71.     The Court is therefore required to enter an order of forfeiture against the Defendant in the amount of the total value of all those interests, less the value of any interests that are forfeited before or at the time of the entry of the final judgment.

**SEVENTH CLAIM FOR RELIEF**

**Involuntary Trusteeship, A.R.S. § 13-2314(F)**

72.     Plaintiff incorporates by this reference each of the allegations made above.

73.     Villanueva acquired property through the violations described above or became liable for such acquisition or maintenance of gain and injury to the State.

74.     Defendant hold such property, its proceeds and its fruits, including the property described in the Appendix One hereto, in constructive trust for the benefit of

the State based upon that liability, for the reasons discussed above and as provided by Arizona law.

## EIGHTH CLAIM FOR RELIEF
### *In Rem* Forfeiture
### A.R.S. § 13-2314(G), A.R.S. § 13-2312, A.R.S. § 13-3413

75.     Plaintiff incorporates by this reference each of the allegations made above.

76.     With respect to the property described in Appendix One, attached hereto, that property and all interests in that property is also subject to forfeiture *in rem* because Villanueva and others have committed one or more acts for financial gain which are chargeable or indictable under the laws of this State, and punishable by imprisonment for more than one year involving one or more of the offenses enumerated in A.R.S. § 13-2301(D)(4).

77.     That property and interests therein have been forfeited in their entirety from the time of the first occurrence of said act or acts, subject only to recovery of such lawful interests as are claimed and established by claimants under A.R.S. §§ 13-4304 and 13-4311.

78.     Those properties and interests therein are subject to forfeiture in rem because they constitute one or more of the following:

   a.     Property or an interest in property acquired or maintained by a person in violation of section 13-2312;

   b.     An interest in, security of, claims against or property, office, title, license or contractual right of any kind affording a source of influence over any enterprise or other property which a person has acquired or maintained an interest in or control of, conducted or participated in the conduct of in violation of section 13-2312;

   c.     Proceeds traceable to an offense included in the definition of racketeering in section 13-2301, subsection D, paragraph 4;

d.      Monies, negotiable instruments, securities and other property used or intended to be used in any manner or part to commit or facilitate the commission of a racketeering offense; or

e.      Property described in A.R.S. § 13-3413.

79.     Only persons who file a timely, proper Claim in response to the State's Notice and a timely and proper Answer in response to this Verified Complaint may be recognized as claimants and parties in the *in rem* action.

80.     Only Defendants who file a proper and timely Answer in response to this *Verified Complaint* may be recognized as Defendants and parties in the *in personam* action.

## **PRAYER FOR RELIEF**

WHEREFORE, the State respectfully requests that:

1.      The Court order Defendant to pay to the State of Arizona, the amount equal to the gain acquired or maintained by reason of acts of racketeering enumerated in A.R.S. § 13-2301(D)(4), including the amounts described above and in Section 1 of Appendix One hereto.

2.      The Court order Defendant to pay, jointly and severally, to the State of Arizona the amount equal to the gain acquired or maintained through the illegal conduct/control of an enterprise in violation of A.R.S. § 13-2312, including the amounts described above and in Section 1 of the Appendix One hereto.

3.      The Court order Defendant to pay, jointly and severally, to the State of Arizona an amount equal to the injury to the State as defined by A.R.S. § 13-2318, including the amounts described above and in Section 1 of the Appendix One hereto.

4.      Pursuant to A.R.S. § 13-2314, the Court order Defendant to pay, jointly and severally, treble damages to all persons, including the State, injured by reason of Defendant's acts of racketeering or violation of A.R.S. § 13-2312.

5.      The Court enter an order restraining and enjoining Defendant, temporarily, preliminarily and permanently, from engaging in the acts and practices

13

1   alleged in this Verified Complaint.

2       6.   The Court issue an injunction enjoining the Defendant from conveying,

3   alienating, disposing of or otherwise making unavailable property subject to forfeiture

4   and from taking control or possession of such property, including property acquired or

5   maintained by any person in violation of A.R.S. § 13-2312 and including all such

6   interest in, security of, claims against or property or contractual rights affording a

7   source of influence over any enterprise or other property established, operated,

8   controlled, conducted or in whose conduct any person participated in violation of

9   A.R.S. § 13-2312.  Similarly, the State asks that the Court direct any Defendant(s),

10  claimant(s), person(s) in possession or control of property seized for forfeiture (whether

11  seized actually or constructively) and subject to forfeiture, and all persons in general, to

12  the provisions of A.R.S. 13-4306(A), prohibiting the replevin, conveyance,

13  sequestration or attachment. That is, the property cannot be repossessed, sold,

14  transferred, conveyed, removed from this jurisdiction or the reach of the court, made

15  unavailable, or additionally liened or encumbered under any circumstance. The

16  participation in, exercise of, acceptance of, or acquiescence to any act or instrument that

17  is contrary to or that could impede the purpose, intent and operation of this provision is

18  in violation of the law and is subject to remedies and consequences provided by law.

19      7.   The Court order Defendant to file annual financial statements and other

20  reports necessary to determine Defendant's compliance with the injunction and orders

21  of the Court entered in connection with this matter.

22      8.   The Court order Defendant to pay the State's costs of the suit in

23  prosecuting the matter of complaint herein, including reasonable attorneys' fees,

24  pursuant to an application for fees, expenses, and costs.

25      9.   The Court enter an order declaring that all property acquired through an

26  offense included in the definition of racketeering in A.R.S. § 13-2301(D)(4) or through

27  a violation of A.R.S. § 13-2312 and all property fraudulently conveyed, and the

28  proceeds thereof, unless held by a person who acquired it as a bona fide purchaser for

14

value reasonably without notice of the unlawful conduct and who was not knowingly taking part in an illegal transaction, is held in constructive trust for the benefit of the State for satisfaction of further orders of the Court.

10. The Court enter a finding that probable cause and reasonable cause existed for the seizure for forfeiture and forfeiture of the property and interests in property described herein, the filing of the State's Notice, and the filing of this Verified Complaint.

11. The Court set a hearing on any valid *in rem* claims pursuant to A.R.S. § 13-4311 and, after the hearing, enter orders under A.R.S. §§ 13-4310, 13-4311, 13-4314 and 13-4315.

12. The Court consider applications for orders of forfeiture under A.R.S. § 13-4314 showing jurisdiction, notice and facts sufficient to demonstrate probable cause for forfeiture with regard to all interests in property described in Appendix One not properly and timely claimed, and order disposition pursuant to A.R.S. §§ 13-2314, 13-3413, 13-4314 and 13-4315, if applicable.

13. The Court consider any application for default judgment, if applicable.

14. The Court enter an order forfeiting to the State of Arizona:

a. any property or other interest acquired or maintained by a person in violation of A.R.S. § 13-2312, including the property described in Appendix One;

b. any interest in, security of, claims against, property, office, title, license or contractual right of any kind affording a source of influence over any enterprise which any person has acquired or maintained an interest in or control of, conducted or participated in the conduct of in violation of A.R.S. § 13-2312, including the property described in Appendix One;

c. all proceeds traceable to an offense included in the definition of racketeering in A.R.S. § 13-2301(D)(4) including the property described in Appendix One;

15

d.      all monies, negotiable instruments, securities, property and other things of value used or intended to be used in any manner or part to facilitate commission of such offense, including the property described in Appendix One;

e.      all property described in A.R.S. § 13-3413;

f.      all property of the Defendant up to the value of the property described above to the extent that any of the property described in the statute providing for its forfeiture cannot be located; has been transferred or conveyed to, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value by an act or omission of the Defendant; has been commingled with other property which cannot be divided without difficulty; or is subject to any interest that is exempt from forfeiture; and,

g.      that the State has all rights, title and interests in property and interests in property ordered forfeited, that the State holds clear title to all forfeited property, that title to the forfeited property and its proceeds is deemed to have vested in the State on the commission of the act or omission giving rise to the forfeiture under this title, that the attorney for the State may transfer good and sufficient title to any subsequent purchaser or transferee free of any liens or encumbrances, and the title shall be recognized by all courts, by this state and by all departments and agencies of this state and any political subdivision.

15.     The Court enter an order that the property and interests described in Appendix One are forfeit to the State, in the event that no claimant makes the proof required by § 13-4304, within the time prescribed by A.R.S. § 13-4311 (D) and (F), and order disposition pursuant to A.R.S. §§ 13-2314, 13-3413, 13-4314 and 13-4315.

16.     The Court enter an order declaring that the proceeds of all property forfeited to the State from the time of the forfeiture to the time of disposition are held in constructive trust for the benefit of the State for satisfaction of further orders of the Court and forfeited to the State under A.R.S. § 13-4310(F).

16

17.     The Court retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that may be entered herein, and in order to entertain any suitable applications or motions by Plaintiff for additional relief.

18.     The Court order forfeited any other property of a claimant up to the value of the claimant's property that the court finds is subject to forfeiture as a substitute asset pursuant to the provisions of A.R.S. §13-4313, should the provisions of A.R.S. §13-4313 become applicable.

19.     The Court enter an order striking any putative claims that are not timely filed as mandated by A.R.S. § 13-4311(D) (an owner or interest owner must file a claim within 30 days from the date of notice) and/or fail to include all of the information required for valid claims under A.R.S. § 13-4311. *See also*, A.R.S. § 13-4311(E)("No extension of time for the filing of a claim may be granted."); *See State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, ¶13, 228 P.3d 950, 953 (App. 2010).

20.     The Court grant such other and further relief as the Court deems just and proper.

21.     A Verification is attached to and included as part of this Complaint.

YOU ARE HEREBY NOTIFIED that you must file an Answer to this Complaint in Maricopa County Superior Court within twenty (20) days of the service of this Complaint, exclusive of the day of service, with the Clerk of this Court.  Service is effective according to the terms of A.R.S. § 13-4307.  The Answer must comply with all of the requirements of a claim under A.R.S. § 13-4311 and must comply with all of the requirements of an Answer under A.R.S. § 13-4311(G) and the Arizona Rules of Civil Procedure.  The Answer must be signed and verified under penalty of perjury by the person asserting an owner or interest holder.  You are further required to serve a copy of any Answer upon the Attorney for the State listed above.  If you fail to file an Answer within the time required by law, the Attorney for the State shall proceed to apply for an Order of Forfeiture of the property and all interests in the property, for the disposition

1  and allocation of the property, and for any other relief demanded in and set forth in this

2  Complaint, pursuant to A.R.S. §§ 13-4311(G),  13-4314(A), and 13-4315.

3       If you fail or have failed to file a proper and timely claim to the property seized

4  for forfeiture *in rem*, the Attorney for the State shall file an application for an Order of

5  Forfeiture of the property and all interests in the property and disposition and allocation

6  of the property pursuant to A.R.S. §§ 13-4311, 13-4314(A), and 13-4315.

7       RESPECTFULLY SUBMITTED this <u>2nd</u> day of July, 2021.

8                        MARK BRNOVICH
                      ATTORNEY GENERAL

9                        <u>/s/ Mukai S. Amoo</u>

10                        Mukai Amoo
                      Assistant Attorney General

11                        Attorney for the State

12

13  FILED electronically with the Clerk of the Superior Court
   and a copy delivered via the Court's e-filing system to

14  the Honorable Danielle Viola this <u>2nd</u> day of July, 2021

15

16  COPY of the foregoing delivered for mailing
this <u>2nd</u> day of July, 2021, to:

17

18  Clay Lindell Villanueva
1134 W. Glenrosa Ave.
Phoenix, AZ 85013

19  *Pro Per*

20

21  Scott E. Gizer, Esq.
Early Sullivan Wright Gizer & McRae LLP

22  4808 N. 22nd St., Ste. 200
Phoenix, AZ 85016

23  *Attorney for Sun West Mortgage Company, Inc.*

24  <u>/s/ D'Bora Tarrant</u>

25

26

27

28

1                                       **VERIFICATION**

2        I, Gabriel Almanza, Detective with the Maricopa County Sheriff's Office, declare

3 under penalty of perjury as follows:

4        1.     I make this Verification for and on behalf of the State of Arizona in this

5 action, being acquainted with the facts alleged in the foregoing Verified Complaint; and

6        2.     I have read the foregoing Verified Complaint and know the contents

7 thereof and the matters and things stated therein are true based on my knowledge, or

8 information or belief.

9        Executed on this _____ day of June, 2021.

10

11                                         _____

12                                         Gabriel Almanza, Badge No. S1329
                                        Maricopa County Sheriff's Office

## APPENDIX ONE

**1.**   ___In Personam___:  All real and personal property and interests in property having a value up to the amount of liability and injury to the state (less liens and encumbrances), including but not limited to all: business equipment and inventory; pre-paid accounts or deposits; contractual rights; vehicles; boats; aircraft; escrow accounts; safe deposit box contents; investment and financial accounts; estates, including marital and decedent; trusts, including living, irrevocable and revocable; commercial paper; livestock; beneficial interests; survivorship agreements; insurance policies; currency, U.S. and foreign; bank accounts, foreign and domestic, including but not limited to savings and loan associations and thrift associations; retirement benefits or accounts, defined contribution plans or benefits and profit sharing plans; causes in action; precious metals, gems and jewelry; leaseholds; and fraudulent transfers; and substitute assets, including but not limited to the property described below, owned by, belonging to, or held for the benefit of any of the following persons, their businesses or enterprises, and their spouses or marital communities:

   1.1   Clay Lindell Villanueva, individually and as to any marital, business or other community.

**2.**   **U.S. or other Currency, _In Rem and In Personam_:**

   2.1   Funds representing the money (approximately $8,025.00 in U.S. Currency) found during a search warrant (SW2020-006615) at 1134 West Glenrosa Avenue, Phoenix, Arizona 85013 on May 19, 2020.

   2.2   Funds representing the money (approximately $6,000.00 in U.S. Currency) found during a search warrant (SW2020-006615) at 1134 West Glenrosa Avenue, Phoenix, Arizona 85013 on May 19, 2020.

**3.**   **Financial Institution Accounts, _In Rem_:**

   None at this time.

**4.**   **Vehicles, _In Rem_:**

   None at this time.

5.    **Real Property, *In Rem*:**

    5.1    1134 West Glenrosa Avenue, Phoenix, Arizona 85013
           Owner: Clay L. Villanueva
           Parcel Number: 155-41-083
           Legal Description: Lot 15, Block 4, MELROSE MANOR, according to Book 38 of Maps, Page 24, records of Maricopa County, Arizona.

6.    **Miscellaneous personal property, *In Rem*:**

    6.1    Black body armor found during a search warrant (SW2020-006615) at 1134 West Glenrosa Avenue, Phoenix, Arizona 85013 on May 19, 2020.[1]

**-Nothing Follows-**

---

[1] Impounded for destruction.