# EXHIBIT C

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Merrick B Garland, et al., | |
| Defendants. | |

The present suit involves a wide variety of federal and state claims based on Plaintiff Clay Villanueva's desire to "consume ayahuasca tea for sacramental purposes."[1] (Doc. 109 at 15). Pursuant to the operative complaint, Villanueva and his affiliated religious organizations are the named plaintiffs while the named defendants are a collection of federal officials, Maricopa County, and a detective with the Maricopa County Sheriff's Office. The complaint seeks monetary and injunctive relief. The requested injunctive relief largely focuses on "prohibiting" any defendant "from conspiring to infringe or chill Villanueva's" constitutional rights by prohibiting his alleged religious practices involving Ayahuasca tea. (Doc. 109 at 93). Villanueva recently amended his complaint and motions to dismiss are pending.

On September 3, 2021, Villanueva filed an "Emergency Ex Parte Application for Writ of Habeas Corpus." (Doc. 125). According to that document, Villanueva is being held in Maricopa County jail on state criminal charges allegedly related to the religious

---

[1] As alleged in the complaint, Ayahuasca tea is "an herbal tea that contains a small amount of Dimethyltryptamine," a controlled substance. (Doc. 109 at 5).

practices that are the basis for his claims in this suit. While not entirely clear, it appears Villanueva has been charged with crimes connected to his possession of ayahuasca tea. Villanueva believes his current incarceration is "unlawful" and he seeks either immediate release or an "immediate hearing" in federal court. The emergency motion will be denied because the proper respondent for such relief is not a party to this suit.

"A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). Because Villanueva alleges he is being held in the "Maricopa County jail," the proper respondent likely would be the Maricopa County Sheriff. Villanueva has not alleged or argued that any of the current defendants have custody of him. Accordingly, the petition for writ of habeas corpus will be denied on this threshold basis.

Beyond the failure to name the proper respondent, there may be additional flaws with Villanueva's attempt to secure federal habeas relief in this suit. For example, Villanueva has not cited any authority authorizing a court to award habeas-type relief in a suit involving state and federal claims of the type in the operative complaint. Normally, civil claims and habeas claims are viewed as "independent and mutually exclusive" avenues for relief.[2] *See Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016). Moreover, Villanueva has not sufficiently addressed if abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), would be merited in his circumstances. Should Villanueva wish to continue to pursue federal habeas relief, he must file a separate habeas action that names the correct respondent and squarely addresses the abstention issue.

Accordingly,

**IT IS ORDERED** the Application for Writ of Habeas Corpus (Doc. 125) is **DENIED WITHOUT PREJUDICE**.

---

[2] It may be possible to "seek relief under both a habeas statute and § 1983 in a single pleading." *Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008). But it does not appear possible to have a civil complaint containing claims against certain individuals as well as a habeas petition against different individuals in the same case. At the very least, it is too unwieldly when, as here, the proper respondent for the habeas petition is not a defendant identified in the civil complaint.

**IT IS FURTHER ORDERED** if Villanueva proceeds to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, it must be directly assigned to the undersigned. That direct assignment, however, does not give rise to future direct assignments under Local Rule of Civil Procedure 3.7(e).

Dated this 8th day of September, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -