# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Merrick Garland, et al., | |
| Defendants. | |

This matter involves a wide variety of federal and state claims based on Plaintiffs' desire to "consume ayahuasca tea for sacramental purposes." (Doc. 109 at 15).

On October 1, 2021, Plaintiffs Clay Villanueva, Arizona Yage Assembly, North American Association of Visionary Churches, and the Vine of Light Church moved to consolidate this action with *Arizona v. $8,025.00 in U.S. Currency*, No. CV-21-01278-PHX-JAT, which is currently before Judge James A. Teilborg. (Doc. 133). Plaintiffs argue consolidation is appropriate because "(1) there is substantial overlap in the facts and law in the two cases; (2) the danger of inconsistent adjudication of the same issues is extremely high; and (3) the efficiencies of consolidation outweigh any inconvenience." (Doc. 133). Having reviewed the two cases, the Court concludes consolidation is not warranted. The

cases concern different legal issues and unnecessary confusion may result from trying the proceedings together. Plaintiffs' motion to consolidate, (Doc. 133), will therefore be denied.

## BACKGROUND

The present suit seeks to establish that Plaintiffs are entitled, under the Religious Freedom Restoration Act and the First Amendment, to "consume ayahuasca tea for sacramental purposes." (Doc. 109 at 8-15). Pursuant to the operative complaint, Villanueva and several affiliated religious organizations are the named plaintiffs. (Doc. 109). The named defendants are a collection of federal officials, Maricopa County, and a detective with the Maricopa County Sheriff's Office. (Doc. 109). The complaint seeks monetary, injunctive, and declaratory relief. The requested injunctive relief seeks to restrain Defendants "from conspiring to infringe or chill Villanueva's" constitutional rights by prohibiting or prosecuting his alleged religious practices involving Ayahuasca tea. (Doc. 109 at 93). Motions to dismiss are pending.

Plaintiffs seek to consolidate this matter with *Arizona v. $8,025.00 in U.S. Currency*, No. CV-21-01278-PHX-JAT. (Doc. 133). *$8,025.00 in U.S. Currency* is a forfeiture action that was brought by the State of Arizona in state court against property on the ground that the property was used in the commission of drug-related offenses. (CV-21-01278, Doc. 1-1 at 5-8, 45). Villanueva removed that matter to federal court on July 23, 2021. (CV-21-01278, Doc. 1). A motion to remand that action is pending. (CV-21-01278, Doc. 9).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 provides, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018).

# ANALYSIS

## I.  Consolidation may be impermissible

Consolidation is possible only when the two suits are both "properly before the same court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). If there is no federal jurisdiction in one of the suits, that suit cannot be consolidated with a suit where federal jurisdiction exists. *Id.* Here, there is a significant question whether there is federal jurisdiction over the suit pending before Judge Teilborg. Because consolidation is not appropriate regardless of the jurisdictional issue, the Court need not resolve whether jurisdiction exists such that consolidation is even possible.

## II.  The matters pose different questions

The matters Plaintiffs seek to consolidate, although based on similar facts, involve different legal questions that may be confusing to try together. *Arizona v. $8025.00 in U.S. Currency* is a forfeiture action brought by the State of Arizona in its sovereign capacity and in relation to Arizona state criminal proceedings. By contrast, this matter is a federal civil rights complaint brought by Plaintiffs seeking monetary, injunctive, and declaratory relief. (Doc. 112 at 87-95). The matters are thus of a different character.

The proper disposition of *Arizona v. $8025.00 in U.S. Currency* is likely to turn on some combination of Arizona criminal law, the Arizona law of civil forfeiture, abstention, and the law associated with removal jurisdiction under 28 U.S.C. §§ 1441, 1446. Of these issues, only abstention is likely to bear significant weight in this matter. And, because the matters involve different parties and one matter is civil while the other is criminal, it is not clear that the abstention analysis will overlap.

Beyond abstention, the two matters are quite different. This matter involves a variety of state tort claims for money damages, (Doc. 112 at 77-82), that are not present in the forfeiture action. Because the claims are brought against government officials, resolution of these claims could turn on a qualified immunity defense that would not arise under the forfeiture action. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil

1 damages insofar as their conduct does not violate clearly established statutory or
2 constitutional rights of which a reasonable person would have known.'") (quoting *Harlow*
3 *v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  This suit also does not involve questions of the
4 Arizona law of forfeiture, and there is no question of remand.  The forfeiture action
5 therefore may be resolved on bases distinct from the present matter.  Villanueva has not
6 adequately demonstrated to the Court why it should consolidate the forfeiture action with
7 this one in light of the distinct character and divergent legal questions in the two suits.

Furthermore, Plaintiffs' Fourth Amended Complaint in this matter is 91 pages and alleges numerous claims against a variety of defendants. (Doc. 109).  The parties bringing the forfeiture action, the State of Arizona and Arizona Attorney General Mark Brnovich, are not among those defendants because they were already dismissed by the Court.  (Doc. 70).  In Defendants' motions to dismiss (Doc. 110; Doc. 111; Doc. 112) they raise a significant number of complex defenses that are not likely to come up in the forfeiture action and are unlikely to lead to the resolution of the forfeiture action.  Adding more defendants and more issues by consolidating this matter with the forfeiture action would exacerbate, rather than ameliorate, confusion that might result as the Court hears so many claims and defenses against a variety of state and federal defendants.  Plaintiffs will still have the opportunity to bring their claims in the forfeiture action before a competent court even absent consolidation.

**III.     Villanueva's counterclaim argument does not require consolidation**

Villanueva also contends the forfeiture action should have been brought by Arizona as a compulsory counterclaim in this action, and therefore the Court should exercise supplemental jurisdiction over the forfeiture action.  (Doc. 133-4 at 20).  Villanueva does not explain why he thinks the forfeiture action is a compulsory counterclaim, and it is not clear from the filings whether he thinks it should be a basis for consolidation.  Because the presence of a compulsory counterclaim in a separate case would counsel in favor of consolidation, the Court will consider the argument here.

The Court infers Villanueva believes that, because he filed this matter in the

Northern District of California before Arizona brought the forfeiture action in Arizona state court,[1] Arizona was obligated under Rule 13(a)(1) to bring its forfeiture claims in the present suit. Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counterclaim any claim that—at the time its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."). But the obvious problem with this position is that Arizona is not a party to the present suit. A non-party is not required to pursue its claims by way of a counterclaim. In fact, it is not even possible for a non-party to file a counterclaim.

Considering the differing nature of these cases, and assuming consolidation is even possible, the efficiencies of consolidation do not outweigh the inconveniences consolidation may cause.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Consolidate (Doc. 133) is **DENIED**.

Dated this 26th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The Court notes it is possible that state courts may be excluded from exercising *in rem* jurisdiction over the property at issue in this case under the prior exclusive jurisdiction doctrine. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."). Plaintiffs, however, have not provided any arguments to this effect and it is not necessary to resolve this issue in order to dispense with the motion to consolidate.