Case No.:20-CV-02373-ROS
Arizona Yagé Assembly's Motion for Preliminary Injunction

# Exhibit 2

JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Church,
Clay Villanueva, and the Vine of Light Church

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villaneuva, and the Vine of Light Church,<br><br>    Plaintiffs,<br><br>    vs.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No.:20-CV-02373-ROS |

## DECLARATION OF CHARLES CARREON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Charles Carreon declares and affirms:

1. I am an attorney licensed to practice before all courts in the State of California since my admission to the California State Bar on January 17, 1987, and currently serve as Registered In-House Counsel, Arizona Bar # 030064, for plaintiff North American Association of Visionary Churches ("NAAVC").

2. I make this declaration in support of the motion for preliminary injunction of plaintiff Arizona Yage Assembly ("AYA") for an order enjoining the Drug Enforcement Administration (the "DEA") and U.S. Customs and Border Protection ("CBP") from enforcing the Controlled Substance Act ("CSA") prohibitions on

possession of Ayahuasca tea against AYA. If called as a witness, I could and would so competently testify.

3. The following chart sets forth the Exhibits relied upon as evidence on this motion. Each exhibit is a true and correct copy of the original document that it is represented to be.

| | |
|---|---|
| Exhibit 1 | Declaration of Winfield Scott Stanley III |
| Exhibit 2 | Declaration of Charles Carreon |
| Exhibit 3 | AYA's Tenants and Principles |
| Exhibit 4 | Ceremonial Instructions |
| Exhibit 5 | Code of Ethics |
| Exhibit 6 | Questionnaire |
| Exhibit 7 | Confirmation Letter |
| Exhibit 8 | Summary of Survey Results |
| Exhibit 9 | District Court Complaint in *CHLQ v. Mukasey* |
| Exhibit 10 | Halpern Declaration from in *CHLQ v. Mukasey* |
| Exhibit 11 | Halpern scientific article from *CHLQ v. Mukasey* |
| Exhibit 12 | Gerding Declaration from *CHLQ v. Mukasey* |
| Exhibit 13 | Opinion Letter of Dr. Paulo Barbosa |
| Exhibit 14 | Oregon District Court's final injunction to DEA in *CHLQ v. Mukasey* |
| Exhibit 15 | Eladio Garcia Letter |
| Exhibit 16 | Villanueva Application for Writ of Habeas Corpus |
| Exhibit 17 | Webpages from dea.gov, MCSO.org, and AZHIDTA.org |
| Exhibit 18 | Carreon Letter to Kevin Hancock at DOJ |
| Exhibit 19 | Kevin Hancock's Reply to Carreon Letter |

| Exhibit 20 | June 9, 2021 Maricopa County Superior Court Warrant for Clay Anthony Villanueva (middle name is misnomer) |

4. Ayahuasca is AYA's sacramental communion substance, and it contains a small amount of Dimethyltryptaline ("DMT").

5. Ayahuasca is not listed as a drug of abuse in the latest DEA Resource Guide, *Drugs of Abuse*.[1] This is because Ayahuasca is almost exclusively consumed in religious ceremonies. Like peyote, Ayahuasca is not a drug of abuse, and courts have recognized that it is not a "recreational drug" and tends not to be diverted into the illicit market.

6. The law permitting the use of sacramental substances containing a controlled substance was carved out by two U.S. branches of South American visionary churches, the Uniao do Vegetal ("UDV") and the Santo Daime (the "Daime"), who sequentially prevailed in litigation against the DEA. The UDV won the seismically-disruptive *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 425 (2006) case. The Daime won its exemption in an opinion by the late Judge Owen Panner that was highly critical of the DEA's evident unwillingness to fairly evaluate evidence of the Daime's religious sincerity and Ayahuasca's physical and psychological safety in *Church of the Holy Light of the Queen v. Mukasey*, 615 Supp.2d 1210, 1215 (Oregon , 2006)(vacated on other grounds).

7. *O Centro* and *CHLQ v. Mukasey* are founded on the rights established by Congress when it enacted RFRA, providing exemptions from general laws that substantially burden First Amendment Religious Free Exercise and fail the strict scrutiny test. The strict scrutiny test requires the Government to show that the burden imposed by the law is the least restrictive means of advancing a compelling government interest. This requires a case-by-case analysis of each Free Exercise claim of burden, considering

---

[1] https://www.dea.gov/sites/default/files/2020-04/Drugs%20of%20Abuse%202020-Web%20Version-508%20compliant-4-24-20_0.pdf

**DECLARATION OF CHARLES CARREON**

3

whether, in the case *sub judice*, the Government can carry its burden. In both *O Centro* and the *CHLQ v. Mukasey* cases, the DEA could not carry that burden. Because the UDV and the Santo Daime churches have rather similar practices, and use the exact same Ayahuasca sacrament as many visionary churches, the principles applicable to the UDV and the Daime should apply to other visionary churches with similar cases.

8. Both the UDV and the Santo Daime were provoked to file suit by DEA searches and seizures of visionary church sacraments that the courts later held to be improper. Both the UDV and the Santo Daime were raided by the DEA during the same two-day period in May 1999, while both churches believed they were in negotiations with Janet Reno's DOJ. This statement is made in reliance upon the statement of the Daime's attorneys under Rule 11 requirements in the Daime's Complaint in *CHLQ v. Mukasey, supra*. (Exhibit 9, ¶ 26 and ¶45). To my knowledge, based on reading the case file extensively on PACER, this statement was not disputed by the Government.

9. In the UDV and Daime cases, the DEA obtained federal warrants and conducted its own seizures, while in the case *sub judice*, it enlisted the Maricopa County Sheriff's Office ("MCSO"), the Arizona Attorney General ("Arizona AG"), the State of Arizona, and Det. Matthew Shay ("Shay") (collectively, the "Arizona defendants") to search the Vine of Light Church sanctuary and Villanueva's home.

10. The exemptions granted to UDV and Santo Daime have not led to diversion into illegal markets, and AYA can be similarly compliant.

11. AYA uses sacramental Ayahuasca prepared from the same two plant materials that UDV and Santo Daime use to prepare their Sacramental teas.

12. On October 23, 2020, I sent the Exhibit 18 letter to Kevin Hancock, then-counsel of record for the Federal Defendants. The letter stated AYA's intent to rely on the representations and assurances that AYA did not face a threat of imminent prosecution. My letter also clarified AYA's position that Sacramental Ayahuasca intended for use as AYA's communion Sacrament is not lawfully subject to seizure because AYA's importation of the substance is entitled to an exemption as the least

restrictive means of accommodating the Government's interest in avoiding diversion of Ayahuasca into illegal markets. Mr. Hancock's response on behalf of all federal agencies is attached as Exhibit 19.

13. Plaintiff Clay Villanueva is a Minister of Visionary Religion, the founder of Plaintiff Vine of Light Church in Arizona, and a Board Member of Plaintiff NAAVC. Villanueva became a target of the DEA in 2019 when the NAAVC began publicly advocating for the religious rights of its members to use Ayahuasca.

14. Pursuing an activist mission to engage the DEA on policy issues, NAAVC circulated an online petition on September 17, 2019 (see FAC at ¶ 193), to the DEA demanding that the agency alter its policies towards NAAVC and other Visionary Churches.

15. NAAVC also sent a detailed, lengthy letter to the DEA in early January 2020 that requested changes in the DEA's policies.

16. On May 5, 2020, Clay Villanueva – as a board member of NAAVC – authorized the filing of a Federal case in the Northern District of California styled *Arizona Yage Assembly et al. v. Barr*, Case No. 3:20-cv-03098-WHO (N.D. Cal.).

17. Less than two weeks after NAAVC filed its complaint, at the behest of a DEA agent, Maricopa County Sherrif's Office retaliated against Petitioner by procuring a search warrant to search Petitioner's church-residence. The warrant contained blatant falsehoods and material omissions, and was obtained through judicial deception.

18. On May 19, 2020, Villanueva was the victim of an illegal search by a Federal HIDTA ("High Intensity Drug Trafficking Areas") Task Force that executed an armed raid on his church-residence, arrested him, and seized his religious sacrament. The pretext for the raid was a fabricated "anonymous tip" to DEA that Petitioner was manufacturing DMT in a drug lab at his residence. This fabricated tip was never corroborated by any physical evidence or witness statements, and investigators never even attempted to arrange a "controlled buy," which is the gold standard for drug investigations.

19. On August 22, 2021, Villanueva attempted to embark on a flight out of Los Angeles for Peru after he was assured by counsel (who reasonably relied on the statements of counsel of record in this case) that he was not facing a threat of imminent prosecution.

20. Despite suffering from Stage 3 lymphatic cancer, Villanueva was held in State custody for more than 30 days. Clay Villanueva's health cratered in jail, where he was twice hospitalized at the point of death and then released over the State's objection on a $150,000 property bond. The story of his suffering was recorded in his Emergency Ex Parte Application for Writ of Habeas Corpus (Exhibit 16; Docket # 125).

21. AYA is burdened by DEA and DOJ's enforcement of a complete ban on Ayahuasca use and importation due to the small amount of a Schedule I controlled substance contained therein. DHS' Customs Process cannot survive judicial scrutiny because it is not the least restrictive means of interdicting contraband. DHS provides no post-seizure procedure for recovery of seized Ayahuasca Sacrament.

22. Here, DHS has been put on notice – through multiple sworn statements – that AYA's sole and exclusive reason for importing Ayahuasca is to engage in Free Exercise. Although there can be no lawful reason for AYA's Ayahuasca to be seized, DHS continues to seize AYA's religious sacrament and cause irreparable harm to the Free Exercise rights of AYA. DHS will suffer no hardship from being enjoined, while AYA's Free Exercise rights will be denied, unless the request relief is granted.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on November 8, 2020, at Tucson, Arizona.

           /s/Charles Carreon
           Charles Carreon, Declarant