Case No.:20-CV-02373-ROS
Arizona Yagé Assembly's Motion for Preliminary Injunction

# Exhibit 16

JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316
Tel:818-769-7236 Fax:818-301-2175
Email: Sullivan.John84@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly,
North American Association of Visionary Churches,
Clay Villanueva, and Vine of Light Church

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Arizona Yagé Assembly, North American
Association of Visionary Churches, Clay
Villanueva, and Vine of Light Church

       Plaintiffs,

vs.

Merrick B. Garland, Attorney General of
the United States; D. Christopher Evans,
Acting Administrator of the U.S. Drug
Enforcement Administration; Alejandro
N. Mayorkas, Secretary of the Dept. of
Homeland Security; Troy Miller, Senior
Official Performing the Duties of
Commissioner of U.S. Customs and
Border Protection; the United States of
America; Maricopa County, Matthew
Shay, and Marco Paddy

       Defendants.

Case No.:20-CV-02373-ROS

**PLAINTIFF CLAY VILLANUEVA'S**
***EMERGENCY EX PARTE***
**APPLICATION FOR WRIT OF**
**HABEAS CORPUS**

## I.     SUMMARY OF THE GROUNDS FOR EMERGENCY RELIEF

Because the applicant, plaintiff Clay Lindell Villanueva, is currently suffering the
risk of death while unjustly incarcerated in the Maricopa County jail, this application is
made *ex parte* on an emergency basis pursuant to the habeas corpus proceeding
authorized at 28 U.S.C. § 2241 *et seq*.  Section 2243 of the habeas procedural scheme
imposes a statutory deadline that the proposed Order submitted herewith incorporates.

Notice of the intended filing of an ex parte application to procure applicant's relief was provided to all defendants herein on Monday, August 30, 2021, via email.

On August 23, 2021, plaintiff Clay Villanueva ("Villanueva") was arrested at LAX prior to boarding a plane to Peru to participate in religious ceremonies. The arrest was made pursuant to a hitherto unknown arrest warrant that all defendants in this case disavowed knowledge of, on grounds of being a "fugitive" from a proceeding that had been concealed from Villanueva, his attorneys, and even the attorneys for Maricopa County in this action. Defendants -- who made multiple representations to this Court that Plaintiffs were in no imminent risk of criminal prosecution, were gravely wrong. Villanueva has been arrested and now faces prosecution in Maricopa County over the exact same matters that he put at issue in this litigation over a year ago. Such matters are serious enough, but Villanueva faces something even more drastic than prosecution. Villanueva is suffering Stage 3 Lymphatic Cancer and requires immediate release from custody from Maricopa County Sheriff's confinement. When Villanueva's counsel (who has verified this petition) tracked him down in detention in Los Angeles, he feared Villanueva would die in custody from malnutrition and hypothermia. Matters have not improved since his extradition to Maricopa County jail two days ago. His bond is excessive, and apparently, due to a forfeiture lien placed on his home by Maricopa County (also the subject of litigation in this Court), he cannot secure his release with the aid of a property bond. Villanueva therefore requests the emergency relief requested in the proposed Order submitted herewith, to ensure that Clay returns to his normal treatment for illness during continued confinement.

Defendants have repeatedly represented that Plaintiffs do not face an "imminent threat of prosecution." *See* Dkt. Nos. 39, 41, 85, 86, 116, 117. Yet on August 22, 2021, Plaintiff Clay Villanueva was arrested at the Los Angeles International Airport ("LAX"). Initially, Defendant Department of Homeland Security ("DHS") detained Villanueva minutes before trying to board an international flight to Peru. Next, Defendant Maricopa County, acting through employee Monica Schaffner, informed the Los Angeles Police

department that a valid warrant had been issued for Villanueva's arrest and they would extradite. Finally, Defendant Maricopa County, acting through the Maricopa County Sheriff's Office ("MCSO"), arrested Villanueva and booked him on September 1, 2021. Despite numerous representations to this Court that Villanueva was not facing an imminent threat of prosecution, he has been detained, arrested and is currently incarcerated in an Arizona jail.

Villanueva was arrested because he was a so-called "fugitive" of justice. Records obtained by counsel over the last week show that the Arizona Attorney General convened a grand jury and sought an indictment for the very activities that are at issue in the instant case – namely, Villanueva's legal and protected right to religious Free Exercise that Defendants have characterized as criminal activity. To be absolutely clear, Villanueva's recent arrest stems solely from the illegal search of his residence in May 2020 (discussed at length in the Second, Third and Fourth Amended Complaints) and not any other action Villanueva has taken in the 15 months since the government's retaliatory search.

Villanueva could not have been a fugitive because the Arizona Attorney General and the defense attorneys in this case **intentionally** **withheld** notice of his indictment. Villanueva's criminal case was never calendared in any court, no process was ever initiated to serve him, he was never summoned, and no officer ever attempted to execute his arrest warrant. To the contrary, Villanueva was informed on numerous occasions by Defendants that he was not facing an imminent threat of prosecution. Because he had no knowledge of the "stealth warrant" and no way of learning about it, Villanueva was not a fugitive and his arrest was illegal.

Emergency relief is necessary because Clay Villanueva is dying of cancer. He was diagnosed with Stage 3 lymphatic cancer in 2020, and he has lost nearly 15 percent of his body weight since his diagnosis. Villanueva has pursued an alternative treatment course based on a vegetarian diet, vitamin and mineral supplements, herbal and botanical therapies, mediation, and spiritual prayer. For the last year, Villanueva has been able to maintain his vitality and maximize his life span by following this carefully prescribed

holistic treatment regimen, primarily based around eating fresh fruits, vegetables, and a small amount of fish for protein. All other food gives him side effects that include vomiting and severe indigestion. Without proper nutrition or access to homeopathic remedies, Mr. Villanueva is rapidly losing his battle with cancer and is facing the real prospect that he will die in an Arizona jail.

Villanueva was targeted by Defendants because he had the nerve to practice Visionary Religion and advocate for his Free Exercise rights. He was falsely arrested on a fabricated warrant, prosecuted in secret, and lied to by the attorneys for the government. He is a 60-year-old religious man with no prior criminal history who lacks sufficient equity in his house to post a $150,000 real property bond. He is incarcerated, unable to receive prescribed cancer care and his required cancer therapy diet, losing weight due to malnutrition, losing his battle with cancer, and at risk of dying in jail while awaiting trial. Due to these extraordinary circumstances, Plaintiff Villanueva respectfully requests that this Court grant this emergency writ of Habeas Corpus and order Defendant Maricopa County to immediately release Villanueva on his own recognizance.

## II. BACKGROUND FACTS

### A. Clay Villanueva is a Military Veteran, IT Professional, and Spiritual Leader With No Prior Criminal Record

Clay Lindell Villanueva is a 60-year-old man who spent seven years serving his country in the Navy as a communications technology specialist, and later became a respected IT professional for over two decades. Villanueva is also a Minister of Visionary Religion, the founder of the Vine of Light Church in Arizona, and a Board Member of the North American Association of Visionary Churches ("NAAVC"). Vine of Light Church members use Ayahuasca, an herbal tea that contains a small amount of Dimethyltryptamine ("DMT"), as their religious sacrament. In communion ceremonies, congregants pray to receive the transmission of wisdom and Divine Love that comes through sacramental use of Ayahuasca.

### B. Villanueva Became a Target of Retaliation by DEA, and then a Plaintiff in this Case

As alleged in the pending Fourth Amended Complaint (Docket #109), Villanueva became a target of the Drug Enforcement Agency ("DEA") in 2019 when the NAAVC began publicly advocating for the religious rights of its members to use Ayahuasca. NAAVC began pursuing an activist mission to engage the DEA on policy issues, and to that end, circulated an online petition to the DEA demanding that the agency alter its policies towards NAAVC and other Visionary Churches. NAAVC also sent a detailed, lengthy letter to the DEA in early January 2020 that requested changes in the DEA's policies toward NAAVC member churches, such as Villanueva's Vine of Light Church.

On May 5, 2020, Clay Villanueva – as a board member of NAAVC – authorized the filing the instant case in the Northern District of California. Less than two weeks after NAAVC filed the original Complaint in this case, at the behest of a DEA agent, Maricopa County Sherrif's Office ("MCSO") Detective Matthew Shay retaliated against Villanueva by procuring a search warrant to search Villanueva's church-residence. The search warrant was based on fabricated evidence that Villanueva had an illegal drug lab and was manufacturing DMT. The warrant contained blatant falsehoods and material omissions, and was only obtained through judicial deception.

On May 19, 2020, Villanueva was the victim of an illegal search by a Federal/State task force that executed an armed raid on his church-residence, arrested him, and seized his religious sacrament. Because there was never any drug lab or manufacturing of DMT by Villanueva, the HIDTA task force found no evidence of such activity. As a result of the illegal and unconstitutional search, Villanueva joined this suit as a named Plaintiff, alleging a 42 U.S.C. § 1983 claim against the Federal and State defendants.

### C. When Opposing A Motion for Preliminary Injunction, the Federal Government and Maricopa County Deceived Judge Orrick by Promising No Prosecution

Plaintiffs sought a preliminary injunction to prevent the Defendants from taking any further prosecutorial steps until his rights under the Religious Freedom Restoration Act and 42 U.S.C. § 1983 were resolved. The Defendants in this case opposed the preliminary injunction on the grounds that Villanueva did not face an "imminent threat of prosecution." Defendants informed the Honorable Judge Orrick that there was no need for an injunction because there was no risk Villanueva would be prosecuted. Judge Orrick relied on the representations by the defendants to deny the motion: "[P]laintiffs have not shown, as they must to obtain a pre-enforcement injunction, that there has been any realistic, imminent threat of prosecution or enforcement action by the federal government." *See* Dkt. 57 at 23:20-23.

### D. The Federal Government and County Deceived the Arizona District Court and the Plaintiffs by Promising No Prosecution

The false assurances provided to Judge Orrick in the Northern District of California were repeated to this Court. In a filing dated June 15, 2021, Department of Justice attorney Lisa Newman made the following representations to the Court on behalf of DHS:

- "The alleged May 19, 2020 search of Villanueva's home, Compl. ¶¶ 159-204, does not support Plaintiffs' claims of future harm *by Defendants*." Dkt. 112 at page 17 (emphasis in original).

- "Finally, neither AYA nor NAAVC allege any concrete plan to import ayahuasca in the future, much less that they will be prosecuted." Dkt. 112 at page 17.

- "Where, as here, the allegedly feared future harm is prosecution, there must be a 'genuine threat of imminent prosecution,' and 'neither the mere existence of a proscriptive statute nor a generalized threat' is sufficient." Dkt. 112 at page 15.

Also dated June 15, 2021, attorneys for Defendants Maricopa County and MCSO Detective Matthew Shay made the following representations to the Court:

- "The instant Motion to Dismiss further addresses Plaintiffs' claims for injunctive relief, which are not justified by real and immediate threat of irreparable injury."  Dkt. 110 at page 2.

- "The criminal investigation of Villanueva (and the search of his property, and the seizure of his contraband) has already occurred; there is no plausible basis to conclude that an injunction against Shay himself would be necessary (or, for that matter, effective) to address the highly speculative 'threat' alleged by Plaintiffs." Dkt. 110 at page 8).

- "First, Plaintiffs have failed to plausibly allege that future injuries are 'real and immediate' rather than 'conjectural or hypothetical.'"  Dkt. 110 at page 15.

The representations made to this Court on June 15 were all false.  Just **six days** before these statements were made – on June 9, 2021 – a grand jury indictment appears to have issued out of the Superior Court for Maricopa County.  Thus, at the same time counsel for DOJ and Maricopa County were making these misrepresentations to this Court, employees of the Maricopa County were testifying in a grand jury proceeding against Clay Villanueva brought by the Arizona Attorney General.

In light of the fact that Defendant Matthew Shay (an MSCO Detective) and other Maricopa County officials participated in the grand jury proceedings, these misrepresentations to this Court are inexcusable and clearly violative of Villanueva's civil and constitutional rights.

### E. The Secret Indictment and Planned Deprivation of Due Process

The putative warrant from Maricopa County was assigned Case No. 2021-001611-001 (the "Warrant Case"), and bears a "Court Ordered Date" of June 9, 2021.[1] Villanueva was never provided any notice of any indictment or warrant for his arrest. The putative warrant is completely concealed from public view, and as of the date of this filing, cannot be found in the physical or digital files of the Warrant Case. Nor does any indictment appear in the files of the Warrant Case.

No hearing was scheduled in the Warrant Case for June 9, 2021. On the comprehensive list of criminal defendant court hearings in Maricopa County Superior Court on June 9, 2021, the name Villanueva does not once appear. Villanueva clearly has never failed to appear at any criminal court hearing, and therefore did not "Fail to Appear" at a hearing, and was never a "fugitive," because flight requires knowledge of what one is fleeing. Villanueva had been lulled into the belief that he had no criminal charges against him by the above-quoted reassurances of the defendants in the RFRA Case, and their attorneys, that he faced "no imminent risk of prosecution."

The existence of the Warrant Case was deliberately concealed from Villanueva so that he would be arrested without warning, most likely while driving or travelling, and be hauled before the court under compromising circumstances that would impede his efforts to obtain his freedom and prove his innocence, expose him to inconvenience and hardship, and expose him to additional "fugitive" charges in any foreign state outside Arizona where he might be arrested.

Indeed, to this very day, a search for "Clay Villanueva" in Maricopa County's "Public Access to Criminal Court Information" website does not identify any cases in

---

[1] The judge's signature on the putative warrant is illegible, and there is no printed name under the illegible signature. There is also no printed name of the Deputy Clerk who allegedly signed the order and that signature is also illegible. The inability to identify any of the signatories on this document is inherently suspect and makes its authenticity and validity impossible to determine from the face of the document.

which he is a criminal defendant.[2]  Both the putative warrant and the indictment remain accessible only to the defendants, who have concealed their existence and affirmatively deceived Villanueva by telling him, through the agency of their attorneys, that he stands no risk of imminent prosecution.  Unfortunately, there was not one thing Villanueva could have done to avoid his current situation, because all of the diligence in the world would not have revealed the existence of the minefield of secret warrants, one of which was bound to explode and destroy his life whenever he had any investigative contact with a police officer or other official with access to the NCIC.  Thus, the NCIC database itself was taken over and turned to a corrupt purpose.

### F.  Villanueva Triggers the Secret Warrant Planted for Him at the Airport and Disappears into the Los Angeles County Detention System

On August 22, 2021, having been assured that international flight would not expose him to risk, Mr. Villanueva attempted to embark on a flight out of Los Angeles for Peru.  In addition to travelling to Peru to augment his holistic treatment regimen for cancer, Villanueva was also traveling to lead Ayahuasca ceremonies for the congregants of his Vine of Light Church.  Villanueva's plan was to travel along with 10 other congregants, who were all visiting Peru as part of a religious pilgrimage.  For that reason, he was carrying travel itineraries and a supply of cash to cover the lodging food and other expenses of the entire group, an amount totaling approximately $10,000.

DHS detained Villanueva at the gate, and then called the Los Angeles County police.  DHS advised the police officers that they ran a warrants check on Villanueva and detailed him at the gate.  Villanueva was then handed over to the Los Angeles County police.  A Los Angeles police officer then contacted Maricopa County employee Monica Scheffner.  Ms. Scheffner "confirmed" that the warrant on Villanueva was valid and that MCSO would extradite Villanueva.  After receiving confirmation from Maricopa County, Villanueva was booked for 1551.1 PC Fugitive Warrant.

---

[2] https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/

Mr. Villanueva was only able to report to his family that he was being arrested, as he was separated from his luggage, his possession, medical records, special food and medications, and other things necessary to treat his cancer. Arrested while leaving the country in possession of a large amount of cash, none of which was illegal, Villanueva – who knew of nothing that might prompt a person to flee – nevertheless looked to the authorities like a fugitive from justice. Thus, he was completely deprived of his right under the Fourteenth Amendment to due process and an opportunity to be heard on the issue, and was charged with a Felony Complaint by the People of the State of California in Case No. BA497967. Villanueva was thus "framed" as a fugitive by Maricopa County and the Arizona Attorney General, and jailed without any opportunity to bail.

## G. This Arrest is Just the Latest Effort to Harass, Intimidate and Overwhelm Villanueva

Since Villanueva started advocating for his Free Exercise rights, the three defendants in this action have generated four new cases against him in a blatant effort to harass, intimidate, and overwhelm him. The first case for retaliatory purpose against Villanueva was filed by Maricopa County filed on May 17, 2020, to procure a search warrant for Villanueva's home and church, in Superior Court Case No. SW 2020-006651 (the "Search Warrant Lawsuit"). The Search Warrant Lawsuit was founded upon judicial deception, including (a) initiation of the investigation by the use of a "planted tip" to conceal the hand of the initiating DEA agent, and (b) the assertion of no less than nine false statements by the detective who swore out the warrant affidavit. All of this is alleged in detail in the Fourth Amended Complaint (Docket # 109).

The second retaliatory case was a "racketeering" forfeiture lawsuit to seize Villanueva's home and money, filed by the Arizona Attorney General, Maricopa County Superior Court Case No. CV2021-007240, filed both *in personam* against Villanueva, and *in rem* against his real and personal property (the "Forfeiture Lawsuit".) The Forfeiture Lawsuit was filed in order to harass and multiply litigation against Villanueva, and was "verified" by a false verification (the "False Verification") that asserted entirely

false claims, *inter alia*, falsely swore that Villanueva had possessed FOUR MILLION DOLLARS worth of controlled substances. The False Verification was signed by Maricopa County Det. Almanza, who has previously been found to engage in perjurious verification of charges in Maricopa County. Finally, a lien placed on Villanueva's home by Maricopa County in the Forfeiture Lawsuit is believed to be currently deterring bondsmen from issuance a property bond for a reasonable, payable fee to secure Villanueva's release on bond.

The third retaliatory case is Maricopa County Case No. CR2021-001611-001, entitled *State of Arizona v. Clay Anthony Villanueva* (the "AZ Warrant Lawsuit"). This case number appears on the invalid criminal warrant dated June 9, 2021 on which Villanueva was detained at LAX (the "Arizona Arrest Warrant"). The AZ Warrant Lawsuit is completely secret, cannot be found by searching Villanueva's demographics, and when the file was physically inspected by an attorney for plaintiff on August 31, 2021, the file contained no indictment, no warrant, no materials whatsoever, except for the record of a grand jury hearing. Before an Arizona arrest warrant may issue, Arizona law requires that a prosecutor make a showing, and the court make a finding, that the defendant in a criminal matter is unlikely to appear if given notice. The paper and digital files of this secret action record no such showing being made by any prosecutor, and no such finding being made by any Maricopa County judge. Accordingly, all evidence shows the Arizona Arrest Warrant to be a deliberate vehicle for secretly end-running this first-filed litigation and initiating the arrest without notice for the retaliatory purpose alleged hereinbelow.

The fourth retaliatory case is the action filed (under the wrong name) by the Los Angeles County District Attorney, *People of the State of California v. Clay Anthony Villanueva*, Los Angeles Superior Court Case NO. BA47967, alleging violation of Cal. Penal Code § 1551, "Fugitive From Justice." Los Angeles County then procured a warrant in violation of the terms of Section 1551, that allows such a warrant to issue only when the defendant is "charged by a verified complaint," or "an affidavit … that a crime

has been committed in such another State." No such verified complaint or affidavit were received by Los Angeles County, that merely claims to have "verified the warrant" by calling a Maricopa County employee. However, neither the putative Arizona Arrest Warrant, nor the teletype "confirmation" are affidavits, or verified statements. Thus, the fourth redundant lawsuit arising out of the May 19, 2020 Raid is merely another piece of vexatious, harassing criminal litigation intended to cause injury to plaintiff for no purpose other than retaliation against him for asserting his right to petition for redress of grievances by filing the RFRA Case and engaging in other Visionary Religion activism protected by the First Amendment.

All of the above actions are active at this time, and are based on claims the defendants allege arise out of the illegal search of Villanueva's residence on May 19, 2020. The defendants have engaged in filing a multiplicity of actions, proceeding piecemeal against Villanueva in bad faith, in order to frustrate the entry of meaningful relief for Villanueva in this case.

## III.  DISCUSSION

### A. An Emergency Application for Habeas Corpus is Proper

Villanueva brings this emergency application for habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a). Because Villanueva is a pretrial detainee, he is not being held pursuant to judgment of state court and therefore his claim does not fall under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-06, 1009 (9th Cir. 2004) ("the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment - for example, a defendant in pre-trial detention or awaiting extradition"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

The All Writs Act, 28 U.S.C. § 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The

"purpose and function" of the All Writs Act is "to supply the courts with the instruments needed to perform their duty, as prescribed by the Congress and the Constitution." *Harris v. Nelson*, 394 U.S. 286 (1969).  The Act recognizes an Article III court's inherent authority to "fashion appropriate modes of procedure" necessary to the exercise of its judicial function.  *Id.* at 299.

### B.  Inability Comply with 28 U.S.C. § 2249

Plaintiff is unable to attach a copy of any Arizona indictment in compliance with 28 U.S.C. § 2249, because it has been concealed from the filers of this writ application, and while Villanueva may have seen it in jail, no copy has been provided to his counsel in this action.  Plaintiff's counsel and designees were unable to obtain a copy either over the Internet, or by physically obtaining the file in Maricopa County Court Clerk's office, which was attempted by counsel on August 31, 2021.  Accordingly, plaintiff prays that the Court order respondent to "promptly file with the court certified copies of the indictment" with this Court pursuant to 28 U.S.C. § 2249.

### C.  Plaintiff Villanueva's Detention is in Violation of his Constitutional Rights and he Should be Immediately Released on his Own Recognizance

"Federal habeas corpus relief for most state prisoners was established as a statutory remedy in 1867, enabling federal courts to grant a writ of habeas corpus in cases where a person is restrained in violation of the Constitution or federal law."  *Holley v. Yarborough*, 568 F.3d 1091, 1097 (9th Cir. 2009).  Since that time, the power to grant the writ has been adjusted by various congressional acts, although the general requirements for relief have remained the same.  *See id.* (*citing Williams v. Taylor*, 529 U.S. 362, 375, (2000). "The underlying principle is that, while not all constitutional errors are sufficient to entitle the petitioner to a remedy, 'errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ.'"  *Id.*

According to the Supreme Court, a writ of habeas corpus can reach behind prison walls and iron bars, but it is not static, narrow, formalistic remedy, its scope also including protection of individuals against erosion of their right to be free from wrongful

restraints upon their liberty. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963). "The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.S. 54, 58 (1968)

Here, Villanueva's continued incarceration in an Arizona jail is contrary to law, contrary to decency, and violates Villanueva's Constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. As discussed above, Villanueva was detained on an invalid Arizona Arrest Warrant. The Arizona Arrest Warrant arises out of a secret proceeding of which plaintiff had no knowledge. Indeed, Maricopa County (in collusion with the Arizona Attorney General) created the invalid Arrest Warrant without establishing to the court, as required by Arizona law, that plaintiff was not likely to answer charges if provided notice of the indictment.

Maricopa County intentionally concealed whatever indictment underlies the Arizona Arrest Warrant, and the warrant itself, to surprise plaintiff with an arrest that was deprive plaintiff of notice and an opportunity to be heard, and to seek release on his own recognizance or bond.

Because Defendants hid his indictment and arrest warrant in order to gain leverage in the litigation, Villanueva had no way of knowing that he was facing prosecution. Plaintiff had retained counsel to respond to any charges that might be filed, and none were filed for over a year after the May 19, 2020 search of his home. No amount of diligent inquiry by plaintiff or his attorneys would have been sufficient to discover the concealed warrant and indictment.

Villanueva's constitutional rights have been violated in the following ways:

- All Defendants violated Villanueva's constitutional rights under the Fourth, Fifth Amendment and Fourteenth Amendments by failing to provide Villanueva with any notice of any indictment pending against him or any warrant that had been issued for his arrest.

- Defendant Maricopa County, by and through employee Monica Schaffner, deprived Villanueva of his right to due process of law under the Fifth and Fourteenth Amendments by falsely and erroneously confirming the validity of any warrant that was allegedly issued for Villanueva's arrest.

- Defendant Matthew Shay, while acting under color of law, deprived Villanueva of his right to due process of law under the Fifth and Fourteenth Amendments, by participating in a Grand Jury proceeding against Villanueva **at the same** that his attorneys represented to the Court that Villanueva faced no imminent threat of prosecution.

- All Defendants have acted with a conscious disregard of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, by virtue of ensuring that Villanueva was arrested, subject to improper police investigation, and incarcerated pending extradition.

- Plaintiff is suffering from cruel and unusual punishment in violation of the Eight Amendment by being deprived of necessary food and warmth, exposing him to immediate severe and continuous suffering due to hunger and cold, and great emotional distress due to exacerbation of the chronic decline of his health due to cancer, and the painful knowledge that as his health slips away, his pretrial detention could turn into a death sentence.

Plaintiff's incarceration is not only unlawful, it is imperiling his health by exposing him to malnutrition, hypothermia, and continuous stress that undermines his health and may lead to his death in custody. Maricopa County, having injured plaintiff and placed him in peril of his life due to their own unconstitutional, retaliatory acts, are required to act with alacrity to protect plaintiff from the enhanced risk of death his is now

exposed to in Arizona jail, due to their own tortious acts.  Yet, the callous indifference demonstrated by the Defendants in this case shocks the conscience.  Accordingly, the Court is respectfully respected to issue the relief prayed in the proposed Order submitted herewith.

Dated:  September 3, 2021       /s/John Sullivan
                                   JOHN SULLIVAN (CSB#204648) Pro Hac Vice
                                   17532 Miranda Street
                                   Encino, California 91316
                                   Tel:818-769-7236 Fax:818-301-2175
                                   Email:Sullivan.John84@gmail.com

**VERIFICATION**

The matters stated in the foregoing petition upon personal knowledge are true and correct.  Those matters alleged based on knowledge, information, and belief, are true to the best of my knowledge, information, and belief.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on September 3, 2021, at Tucson, Arizona.


Charles Carreon

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Arizona Yagé Assembly, North American
Association of Visionary Churches, Clay
Villanueva, and Vine of Light Church

        Plaintiffs,

    vs.

Merrick B. Garland, Attorney General of
the United States; D. Christopher Evans,
Acting Administrator of the U.S. Drug
Enforcement Administration; Alejandro
N. Mayorkas, Secretary of the Dept. of
Homeland Security; Troy Miller, Senior
Official Performing the Duties of
Commissioner of U.S. Customs and
Border Protection; the United States of
America; Maricopa County, Matthew
Shay, and Marco Paddy

        Defendants.

Case No.:20-CV-02373-ROS

**[PROPOSED] ORDER
GRANTING PLAINTIFF CLAY
VILLANUEVA'S *EMERGENCY*
APPLICATION FOR WRIT OF
HABEAS CORPUS**

     For good cause shown, pursuant to 28 U.S.C. § 2241 *et seq*., and 28 U.S.C. §
1651(a), the Court hereby Orders the following:

       a.  All Defendants are directed to show cause on or before September 7, 2021
           why the writ should not be granted;

       b.  Defendant Maricopa County is required to make a return certifying the true
           cause of Clay Villanueva's detention on or before September 7, 2021;

c. Defendant Maricopa County is directed to immediately release Clay Lindell Villanueva, or to produce the body of plaintiff Clay Lindell Villanueva at a hearing before this Court on September 7, 2021.

Dated: _____, 2021

_____
UNITED STATES DISTRICT COURT JUDGE
ROSLYN O. SILVER

Respectfully submitted,
August 3, 2021

/s/John Sullivan
_____
JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316
Tel:818-769-7236 Fax:818-301-2175
Email: Sullivan.John84@gmail.com

# Other Documents

## 2:20-cv-02373-ROS Arizona Yage Assembly et al v. Barr et al

STD,TRANSFER-IN

## U.S. District Court

## DISTRICT OF ARIZONA

## Notice of Electronic Filing

The following transaction was entered by Sullivan, John on 9/3/2021 at 11:33
AM MST and filed on 9/3/2021

**Case Name:**        Arizona Yage Assembly et al v. Barr et al
**Case Number:**      2:20-cv-02373-ROS
**Filer:**            Clay Villanueva
**Document Number:** 125

**Docket Text:**
**APPLICATION for Writ of EMERGENCY EX PARTE APPLICATION
FOR WRIT OF HABEAS CORPUS by Clay Villanueva. (Attachments:
# (1) Proposed Order Granting Order to Show Cause Why Writ of
Habeas Corpus Should Not Issue)(Sullivan, John)**

**2:20-cv-02373-ROS Notice has been electronically mailed to:**

Drew Curtis Ensign      drew.ensign@azag.gov, ACL@azag.gov,
terry.olsen@azag.gov

Evan Franklin Hiller     evan.hiller@sackstierney.com,
michelle.curtsinger@sackstierney.com

Jeffrey S Leonard      jeffrey.leonard@sackstierney.com,
michelle.curtsinger@sackstierney.com

John William Sullivan    johnw.sullivan@yahoo.com, naavclaw@gmail.com,
sullivan.john84@gmail.com

Kwan Piensook    kwan.piensook@usdoj.gov, CaseView.ECF@usdoj.gov,
mary.finlon@usdoj.gov

Lisa Newman    lisa.n.newman@usdoj.gov

**2:20-cv-02373-ROS Notice will be sent by other means to those listed below
if they are affected by this filing:**

Charles H Carreon
Charles Carreon Attorney at Law
3241 E Blacklidge Dr.
Tucson, AZ 85716

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=9/3/2021]
[FileNumber=22376047-0
]
[0fbe35e4d2c6c1958d38f9feb49494ccad84c7104eb667341cace8ca6c02b378954
65957925778ba29e5684e543a7b8efbdb33b6a3d241d1655a995a601caaf9]]
**Document description:**Proposed Order Granting Order to Show Cause Why
Writ of Habeas Corpus Should Not Issue
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=9/3/2021]
[FileNumber=22376047-1
]
[99ec33c654493e8d18e93ce1da4474df2bb47a1dad473aacb2cc094d00a35465f71
f72c559bd527a4d2736cea51d6ec75a9ef47a7499eeb1177690f8f1c6bb6e]]