Case No.:20-CV-02373-ROS
Arizona Yagé Assembly's Motion for Preliminary Injunction

# Exhibit 18

# CHARLES CARREON

LAW FOR THE DIGITAL AGE

October 23, 2020

Kevin.p.hancock@usdoj.gov
United States Department of Justice
Federal Programs Branch, Civil Division

**Re: *AYA v. Barr, et al., NDCAL Case #3:20-cv-03098-WHO***

Dear Mr. Hancock:

The Department of Justice, Drug Enforcement Administration, Dept. of Homeland Security, and Customs and Border Protection (the "Government") are respectfully notified that plaintiff Arizona Yagé Assembly and minister Winfield Scott Stanley III (jointly "AYA") will rely upon the Government's statement in opposition to AYA's Motion for Preliminary Injunction (Docket # 33, the "Motion"), wherein the Government represented that AYA faces no imminent risk of prosecution from the Government due to importing, dispensing, or possessing Sacramental Ayahuasca. The Government assured the Court there was no prosecution of AYA on the horizon:

> [A]ttempts by the federal government to seize substances containing DMT … occurred before the Supreme Court's ruling in *O Centro*, which required the DEA to abandon its previous practice of categorically not considering exemptions to the CSA's ban on Schedule I substances. (Docket # 49, 13:16-20.)

> DEA's lack of history of past prosecution or enforcement of the CSA against ayahuasca use also indicates that Plaintiff faces no genuine threat of imminent prosecution. Plaintiffs do not point to a single federal criminal prosecution relating to ayahuasca. (Docket # 49; 12:21-24.)

> Arizona Yagé … failed to demonstrate that it faces any genuine threat of imminent prosecution by federal authorities. (Docket # 49, 1:1-2.)

And as you yourself said at the hearing, summing up the Government's reassurances to the Court that AYA runs no risk of prosecution from its activities:

> As to the allegations of fears of prosecution, again, plaintiffs are only able to submit generalized fears. The test is there has to be a specific threat of prosecution. Plaintiffs are still not able to articulate any such threat, because there has been none. (Docket # 60, 22:20-23.)

The Court relied on the representations, and denied the Motion:

> [P]laintiffs have not shown, as they must to obtain a pre-enforcement injunction, that there has been any realistic, imminent threat of prosecution or enforcement action by the federal government. They, therefore, have likely not demonstrated that they can succeed on the merits or would suffer irreparable injury absent an injunction. (Docket # 57, 23:20-24.)

Accordingly, the Government is judicially estopped[1] from taking or enforcing any position contrary to the assurance made in Court, that federal authorities have no plans to interfere with AYA's openly declared acts of Free Exercise, and are barred from doing so by *O Centro*.

---

[1] *Russell v. Rolfs*, 893 F.2d 1033 (9th Cir. 1990).

Based on affirmative representations made to the Court, the Government has an affirmative obligation to bring all of the agencies that the DOJ represents in this action into conformity with the Government's representations to the Court.  Currently, the Department of Homeland Security and Customs and Border Protection are not on the same page with the Government's representations, because one or both of those agencies are interfering with AYA's Free Exercise by holding a small shipment of Ayahuasca addressed to Scott Stanley and AYA in the Los Angeles Customs office.  (Exhibit 1.)

Sacramental Ayahuasca intended for use as AYA's communion Sacrament is not lawfully subject to seizure because AYA's importation of the substance is entitled to an exemption as the least restrictive means of accommodating the Government's interest in avoiding diversion of Ayahuasca into illegal markets.  Since the Government now has in its possession multiple sworn statements establishing that AYA's sole and exclusive reason for importing Ayahuasca is to engage in Free Exercise, and has represented that it has no intent to prosecute AYA or Mr. Stanley based on those declarations, there can be no lawful reason for AYA's Ayahuasca to be seized.

Accordingly, I request that, no later than 6 p.m. Mountain Time on October 27, 2020, you provide me, on behalf of all Government agencies, including DEA, DHS, and CBP, assurance that AYA's Ayahuasca will be released for delivery to AYA in the usual course of international parcel delivery.  I would further request that AYA receive actual delivery of the Sacramental Ayahuasca no later than November 2, 2020.

Thank you for your attention to these requests.

Very truly yours,

Charles Carreon

cc:   AYA
      NAAVC
      CV

10:41  Case 2:20-cv-02373-ROS  Document 137-19  Filed 11/09/21  Page 4 of 4

**Tracking Number:**
EE011369264PE

Remove ✕

Your item is being processed by United States Customs.

## In-Transit

Inbound Into Customs

## Text & Email Updates ⌃

Select what types of updates you'd like to receive and how. Send me a notification for:

Text    Email

☐  ☐  All Below Updates

☐  ☐  Expected Delivery Updates ⓘ

☐  ☐  Day of Delivery Updates ⓘ

☐  ☐  Package Delivered ⓘ

☐  ☐  Available for Pickup ⓘ