# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SOUL QUEST CHURCH OF MOTHER
EARTH, INC. and CHRISTOPHER
YOUNG,

      Plaintiffs,

v.                                                                 Case No. 6:20-cv-701-WWB-DCI

ATTORNEY GENERAL, UNITED
STATES OF AMERICA and
ADMINISTRATOR, U.S. DRUG
ENFORCEMENT ADMINISTRATION,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 61), Plaintiffs' Response and Opposition (Doc. 62), and Defendants' Reply (Doc. 65). For the reasons set forth below, the Motion will be granted in part.

## I. BACKGROUND

Plaintiff Soul Quest Church of Mother Earth, Inc. ("**Soul Quest**") is an Orlando, Florida based religious organization founded in 2016 under the direction of Plaintiff Christopher Young. (Doc. 59, ¶¶ 46–47, 53). In the practice of their religion, Plaintiffs use ayahuasca, a sacramental tea containing small amounts of the Schedule I controlled substance dimethyltryptamine. (*Id.* ¶¶ 4–6). Soul Quest conducts ceremonies using the tea three times a month and holds sober ministering services each Sunday that do not include the use of the tea. (*Id.* ¶¶ 55, 58, 95–96). Prior to participation in the ceremony, members must be educated and evaluated for suitability and participation may be denied

by Soul Quest with suggestions for "alternative methods for achieving suitable religious and therapeutic fulfillment." (*Id.* ¶ 100).

In August 2016, the Drug Enforcement Administration ("**DEA**") directed Plaintiffs to file a petition for religious exemption for the use of ayahuasca. (*Id.* ¶¶ 111–13). Accordingly, on August 21, 2017, Plaintiffs petitioned the DEA for a religious exemption. (*Id.* ¶ 115; *see also* Doc. 59-10). On April 16, 2021, the DEA denied Plaintiffs' application. (Doc. 59, ¶¶ 10–11, 24, 35, 117; *see also* Doc. 59-2). Pursuant to the DEA's order, Plaintiffs are prohibited from importing, possessing, manufacturing, and distributing ayahuasca. (Doc. 59-2 at 9). As a result, Plaintiffs seek declaratory and injunctive relief against Defendants pursuant to the Religious Freedom Restoration Act ("**RFRA**"), 42 U.S.C. § 2000bb *et seq.*, the Administrative Procedures Act ("**APA**"), 5 U.S.C. § 701 *et seq.*, and the First Amendment permitting them to import, possess, manufacture, and use ayahuasca in their religious ceremonies. (Doc. 59, ¶¶ 118–53).

**II.    DISCUSSION**

In their Motion, Defendants argue that the Third Amended, Verified Complaint (Doc. 59) must be dismissed because this Court lacks jurisdiction to review the DEA's denial of a religious exemption pursuant to 21 U.S.C. § 877. In the alternative, Defendants argue that Plaintiffs' APA and First Amendment Claims must be dismissed for failure to state a claim. Plaintiffs dispute that § 877 vests jurisdiction of this case with the Courts of Appeal and that their APA claim is subject to dismissal. Plaintiffs do not respond to Defendants' arguments regarding their First Amendment claim.

A party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction . . . come in

2

two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

Defendants attack subject-matter jurisdiction pursuant to 21 U.S.C. § 877. Section 877 states that "any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located[.]" 21 U.S.C. § 877. Thus, if this Court determines that the DEA issued a final decision under the Controlled Substances Act ("**CSA**"), 21 U.S.C. § 801 *et seq.*, then this Court is divested of jurisdiction to review the final decision of the DEA or any claim that in substance seeks review of the issues addressed therein. *See Hemp Indus. Assoc. v. U.S. Drug Enf't Admin.*, 539 F. Supp. 3d 120, 130–31 (D.D.C. 2021); *John Doe, Inc. v. Gonzalez*, No. 06-966, 2006 WL 1805685, at *23 (D.D.C. June 29, 2006); *see also Avera v. Airline Pilots Ass'n Int'l*, 436 F. App'x 969, 973 (11th Cir. 2011) (stating, with respect a similar statute, that "[w]here Congress has provided in the courts of appeals an exclusive forum" for the

3

review of agency decisions, parties may not "bypass that forum" through artful pleading or an "impermissible collateral challenge" to the agency order (quoting *Green v. Brantley*, 981 F.2d 514, 521 (11th Cir. 1993))); *John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 570 (D.C. Cir. 2007) ("[A]dopting [a] narrow interpretation of § 877 encourages forum shopping and encourages dissatisfied claimants to 'jump the gun' by going directly to the district court to develop their case instead of exhausting their administrative remedies before the agency.").

Plaintiffs argue that § 877 does not preclude this Court's exercise of subject-matter jurisdiction because: (1) the determination letter was issued pursuant to RFRA, not the CSA; (2) the April 16, 2021 letter denying its petition for a religious-based exemption to the CSA did not constitute final agency action; and (3) § 877 is not exclusive.[1]

First, Plaintiffs argue that the DEA denied their request under RFRA and, therefore, the exclusive jurisdiction provision of the CSA does not apply. This argument, however, fails to acknowledge or address that the April 16, 2021 letter clearly and explicitly states that the DEA has a separate, independent basis to deny Plaintiffs' request under the CSA because the methods used by Plaintiffs for the importation, storage, and use of its ingredients and ayahuasca fail to pass muster under the DEA's standards. (Doc. 59-2 at 6–9). As set forth in the determination letter, the DEA found that "even assuming arguendo that [Plaintiffs'] practices constitute a religious exercise, [it] cannot be

---

[1] Plaintiffs attempt to "incorporate by reference" the arguments raised in "its prior Opposition to Motion to Dismiss[.]" (Doc. 62 at 1 n.1). However, pursuant to Local Rule 3.01, any and all arguments Plaintiffs intend to raise and rely on must be contained in a single filing. Thus, Plaintiffs' purported incorporation by reference is not proper and this Court will only consider those arguments properly raised and briefed in the Response and Opposition filed in response to the pending Motion.

4

accommodated in a manner that would allow DEA to preserve its compelling interests in public health and safety and in preventing illegal diversion of ayahuasca." (*Id.* at 9). Plaintiffs fail, entirely, to explain how this clear statement of decision under the CSA can or should be ignored by this Court for jurisdictional purposes.

Next, Plaintiffs posit that the April 16, 2021 letter does not constitute final agency action under the CSA because the DEA lacked authority to render a decision under RFRA. To constitute final agency action, "[f]irst, the action under review must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. Second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *John Doe, Inc.*, 484 F.3d at 566 (quotation omitted). Here, the record clearly reflects that the DEA engaged in an investigation regarding Plaintiffs' importation, storage, and distribution of ayahuasca—Plaintiffs' dispute as to the thoroughness of that investigation does not negate the clear fact that some investigation occurred—and then issued a decision that determined Plaintiffs' legal rights with respect to the CSA. Plaintiffs' argument, yet again, fails to acknowledge or address that the DEA offered a wholly independent basis for its denial of Plaintiffs' request that does not arise out of or rely on RFRA, but is entirely based on the CSA. Accordingly, Plaintiffs have not met their burden in showing that their claims are not inextricably intertwined with a final agency action under the CSA within the meaning of § 877.

Finally, Plaintiffs argue that even if the CSA applies, it does not divest this Court of jurisdiction. In support of this argument, Plaintiffs rely on *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991). In *McNary*, the Supreme Court held that § 210(e) of

the Immigration and Nationality Act did not prevent the district court from exercising general federal question jurisdiction over claims "alleging a pattern or practice of procedural due process violations" because there was no clear congressional language precluding jurisdiction for the type of claim alleged and denying jurisdiction would foreclose meaningful judicial review of the plaintiffs' claims. *Id.* at 483–84. Plaintiffs fail to explain how *McNary*, which did not arise under § 877, applies to the facts in this case. Specifically, even if the statutory provisions were sufficiently similar to permit this Court to rely on *McNary*, there are no claims alleged in the Third Amended, Verified Complaint that amount to "general collateral challenges to unconstitutional practices and policies used by the agency in processing applications." *Id.* at 492. Rather, the claims alleged in this case are by a single entity challenging the specific findings and determination in its case and denying its individual application for relief from the CSA, which the *McNary* opinion did not state would have entitled the applicants to overcome an exclusive jurisdictional provision. *Id.* at 492–93.

Plaintiffs have failed to meet their burden in showing that this Court can exercise jurisdiction over this case. At the very least, because the DEA has provided a final decision that rests, at least in part, on a determination under the CSA that is separate and apart from any decisions under RFRA, it appears that this Court is divested of jurisdiction pursuant to § 877 over that determination, which is inextricably intertwined with the issues raised and the relief requested in this case. Thus, this case must be dismissed for lack of jurisdiction. The Court need not address Defendants' remaining arguments.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 61) is **GRANTED in part** as set forth in this Order and **DENIED as moot** in all other respects.

2. Third Amended, Verified Complaint (Doc. 59) is **DISMISSED without prejudice**.

3. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on March 4, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

7