JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for Plaintiffs Arizona Yagé Assembly

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villaneuva, and the Vine of Light Church,

    Plaintiffs,

vs.

Merrick Garland, Attorney General of the United States, *et al.*,

    Defendants.

Case No.:20-CV-02373-ROS

**PLAINTIFF ARIZONA YAGE ASSEMBLY'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO FEDERAL AGENCIES' NOTICE OF SUPPLEMENTAL AUTHORITY**

Responding to the Notice of Supplemental Authority (Docket # 18) filed by the federal agency defendants (the "Agency Defendants"), plaintiff Arizona Yagé Assembly ("AYA") submits a recently-decided controlling case defining a "final action" under 21 U.S.C. § 877. *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 2022 U.S. App. LEXIS 2718, at *18-19 (9th Cir. 2022).  (Exhibit A.)

**RESPONSE TO FEDERAL AGENCIES' NOTICE OF SUPPLEMENTAL AUTHORITY**

**A. The District Courts Have a Strict Duty to Exercise Jurisdiction Over Congressionally-Created Private Rights of Action Under RFRA**

This Court has original jurisdiction over AYA's RFRA claim. 42 U.S.C. § 2000bb-1(c).  The Supreme Court has made clear that a District Court is obliged to exercise jurisdiction when a proper case is pled.

"Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."

*Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 821 (1976).

The Supreme Court has often observed that "*federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress*."

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (emphasis added).

### B. *Oklevueha* Provides Adequate Guidance on the Issue Presented

Controlling Ninth Circuit authority instructs this Court to accept subject matter jurisdiction over RFRA claims and reject jurisdictional arguments based on exhaustion of administrative remedies or prudential standing. *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012).

### C. The SQ Order Lacks Precedential Authority

"A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)).

### D. AYA Took the RFRA Path, And Avoided the DEA's "Guidance" Detour

In "The Road Not Taken," Robert Frost reminded us that the road we take makes all the difference in where we arrive.[1] AYA and Soul Quest have taken markedly different roads, and will arrive at entirely different destinations. And although "less traveled," AYA's road has "the better claim," and leads to the lawful destination conceived by Congress when it enacted RFRA.

As alleged in AYA's Fourth Amended Complaint, the *Soul Quest* plaintiffs submitted a petition pursuant to the DEA Guidance, after receiving a cease-and-desist letter from the DEA that also "invited" submission of the petition, and then filed suit

---

[1] https://www.poetryfoundation.org/poems/44272/the-road-not-taken

under RFRA when the DEA took no action for several years.[2]  By contrast, AYA refused to engage in DEA's sham process and contends that the Guidance is *ultra vires*.[3]

Unlike AYA, the Soul Quest plaintiffs acquiesced to the DEA's unlawful arrogation of authority to determine their entitlement to a RFRA exemption.  Thus, the Florida Middle District judge never considered whether the Guidance procedure was lawful.  The denial of Soul Quest's petition was final, so appellate jurisdiction under Section 877 would seem to arise from the denial of the exemption request.  The error crept in when the court examined Soul Quest's RFRA and First Amendment claims, found them both directed at the same alleged defects in the DEA's denial, and conflated the constitutional claims with the claim for administrative review under 5 USC § 706.  This reversible error was perhaps occasioned, but not excused, by Soul Quest's acquiescence to the Guidance process.

Whatever justification might be tendered for the result in *Soul Quest*, no procedural peculiarities in the instant garden variety RFRA case would justify eliding the Cout's jurisdiction over AYA's claim.  *Oklevueha, supra,* compels the opposite result.  Thus, even if the SQ Order were appealed and affirmed, it would only create an inter-circuit split on this critical issue and would not provide authority for similar improvident RFRA claim dismissals in the Ninth Circuit.

E.   **There Has Been No DEA "Decisionmaking," so AYA Has Nothing to Appeal Under Section 877**

The SQ Order cannot provide a template for action in this case, where the DEA has taken no "final action" within the meaning of Section 877 and there is nothing from which AYA could appeal.  The holding in *Advanced Integrative Med. Sci. v. Garland, supra,* turned on the meaning of the phrase "final action," as the Ninth Circuit explained.

---

[2] Fourth Amended Complaint ("FAC"), ¶¶ 105-107.
[3] AYA alleged that DEA's purported Guidance Exemption process is: (a) a sham process (FAC at ¶ 98), (b) *ultra vires* and in excess of statutory jurisdiction and authority (FAC ¶¶ 94, 207); (c) unlawful under RFRA (FAC ¶ 94); and (d) contrived to dissuade Visionary Religious groups from filing RFRA lawsuits (FAC ¶¶ 93, 95).

> The bite in the phrase "final action" ... is in the word "final," that requires that the action under review "mark the consummation of the agency's decisionmaking process."

*Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, No. 21-70544, 2022 U.S. App. LEXIS 2718, at *17-18 (9th Cir. Jan. 31, 2022), *quoting Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478, 121 S. Ct. 903, 915 (2001).

There has been no "decisionmaking" by the DEA here because AYA has jealously guarded its RFRA-created right to subject the DEA's interference with AYA's free exercise to statutory strict scrutiny. Because the DEA has made no findings about AYA's religious rights appealable under 21 U.S.C. § 877, AYA has nothing to appeal. The DEA's desperate effort to substitute an administrative appeal for this sacred private right of action by mere legerdemain makes a mockery of RFRA, and is inconsistent with the DEA's own contentions in *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, No. 21-70544, 2022 U.S. App. LEXIS 2718, at *17-18 (9th Cir. Jan. 31, 2022).

### F. Conclusion

The Agency Defendants' "supplemental authority" is not binding, apposite, or useful authority for deciding the issues presented by AYA's case. The Court is respectfully requested to disregard the suggestion that this Court might properly follow a path similar to that laid out by the SQ Order. Such a course is foreclosed by controlling Ninth Circuit and Supreme Court precedent, that require this Court to exercise its Congressionally-mandated RFRA jurisdiction by subjecting federal laws that substantially burden free exercise to strict scrutiny.

Dated:  March 15, 2022

/s/John Sullivan
JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com
Attorney for Plaintiff Arizona Yagé Assembly