JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for North American Association of
Visionary Churches

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villaneuva, and the Vine of Light Church,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>　　　　Defendants. | Case No.:20-CV-02373-ROS<br><br>**MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) AS TO NAAVC** |

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff North American Association of Visionary Churches ("NAAVC") hereby moves this Court to enter a final judgment on the Court's March 30, 2021, Order dismissing without prejudice NAAVC's claims against the United States, U.S. Attorney General, Drug Enforcement Administration Administrator, Secretary of Homeland Security, and Commissioner for U.S. Customs and Border Protection under the Religious Freedom Restoration Act ("RFRA").

As discussed more fully in the accompanying memorandum, NAAVC's RFRA claims are separate and distinct from the claims asserted by the other Plaintiff pending in this Court and there is no just reason for delay. NAAVC respectfully requests that the Court enter final judgment so it can seek immediate appeal on, *inter alia*, whether

NAAVC has plead a plausible claim under 42 U.S.C. § 1983 and Article III standing under RFRA.

Dated: May 3, 2022                     Respectfully submitted,

/s/*John Sullivan*
JOHN SULLIVAN
Attorney for Plaintiff
North American Association of Visionary Churches

JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for North American Association of
Visionary Churches

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly, North American Association of Visionary Churches, Clay Villaneuva, and the Vine of Light Church, <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No.:20-CV-02373-ROS <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) AS TO NAAVC** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

I. Introduction ................................................................................................................ 5

II. Procedural Background .............................................................................................. 6

III. Legal Standard ........................................................................................................... 6

IV. The Dismissal Order Against NAAVC is Final For The Purpose of Appeal ............... 7

V. There is No Just Reason for Delay in Entering Final Judgment Against NAAVC ....... 7

   A.   NAAVC Should be Allowed to Appeal Dismissal of its 42 U.S.C. § 1983 Claim Because it is the Only Section 1983 Claim Left ....................................................... 8

   B.   NAAVC Should Be Allowed to Appeal Dismissal of its RFRA Claims Because NAAVC Standing Issues are Distinct and Severable from AYA Standing Issues .. 8

   C.   Issuance of a Final Judgment Is Necessary to Avoid The Possible Injustice of Delaying Judgment on a Distinct and Separate Claim ........................................... 12

VI. Conclusion ................................................................................................................ 16

# TABLE OF AUTHORITIES

42 U.S.C. § 1983 ................................................................................................. 8

42 U.S.C. § 2000bb .......................................................................................... 5, 13

*Am. Trucking Ass'ns v. City of L.A.*,
　559 F.3d 1046 (9th Cir. 2009) ...................................................................... 12

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
　465 F.3d 946 (9th Cir. 2006) ...................................................................... 7-8

*Ariz. Yage Assembly v. Garland*,
　20-cv-02373-PHX-ROS, 2022 U.S. Dist. LEXIS 58625 (D. Ariz. Mar. 30, 2022) ... 13

*Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*,
　397 U.S. 150 (1970) ..................................................................................... 10

*Brodheim v. Cry*,
　584 F.3d 1262 (9th Cir. 2009) ...................................................................... 15

*Burwell v. Hobby Lobby Stores, Inc.*,
　573 U.S. 682 (2014) ..................................................................................... 14

*Church of the Holy Light of the Queen v. Mukasey*,
　615 F. Supp. 2d 1210 (D. Or. 2009) .......................................................... 5, 9

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
　819 F.2d 1519 (9th Cir. 1987) ........................................................................ 8

*Core-Vent Corp. v. Nobel Indus. AB*,
　11 F.3d 1482 (9th Cir. 1993) ........................................................................ 11

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
　446 U.S. 1 (1980) ....................................................................................... 7, 7

*Doe v. Cong. of the U.S.*,
　891 F.3d 578 (6th Cir. 2018) ................................................................. 10, 11

*Fair Hous. v. Combs*,
　285 F.3d 899 (9th Cir. 2002) ........................................................................ 11

*Gelboim v. Bank of Am. Corp.*,
　574 U.S. 405 (2015) ..................................................................................... 12

*James v. Price Stern Sloan*,
　283 F.3d 1064 (9th Cir. 2002) ........................................................................ 7

*LSO, Ltd. v. Stroh*,
  205 F.3d 1146 (9th Cir. 2000) ................................................................................. 9-10

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ........................................................................................... 12

*Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*,
  474 F. Supp. 2d 1133 (N.D. Cal. 2007) .................................................................. 10

*Oklevueha Native Am. Church of Haw., Inc. v. Holder*,
  676 F.3d 829 (9th Cir. 2012) .............................................................................. 13

*Oklevueha Native Am. Church of Haw., Inc. v. Lynch*,
  828 F.3d 1012 (9th Cir. 2016) ............................................................................... 5

*R. Prasad Indus. v. Irons Env't Sols. Corp.*,
  CV-12-08261-PCT-JAT, 2014 WL 4722487, (D. Ariz. Sept. 23, 2014) ................... 8

*Santa Clara v. Andrus*,
  572 F.2d 660 (9th Cir. 1978) ................................................................................. 7

*Sears, Roebuck & Co. v. Mackey*,
  351 U.S. 427 (1956) ............................................................................................. 9

*Church of the Holy Light of the Queen v. Mukasey*,
  08-cv-3095-PA, 2008 U.S. Dist. LEXIS 102990, at *8 (D. Or. Dec. 19, 2008). 9

*Stanley v. Cullen*,
  633 F.3d 852 (9th Cir. 2011) ............................................................................. 6-7

*Surefoot LC v. Sure Foot Corp.*,
  531 F.3d 1236 (10th Cir. 2008) ............................................................................ 12

*Thoms v. Maricopa Cnty. Cmty. Coll. Dist.*,
  2021 U.S. Dist. LEXIS 314822 (2021) ................................................................ 12

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*,
  546 U.S. 418 (2006) .......................................................................................... 5, 9

**NAAVC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

4

I. **Introduction**

Plaintiff North American Association of Visionary Churches ("NAAVC") is an interdenominational association of visionary churches whose members use Ayahuasca as religious sacrament. NAAVC and its members are substantially burdened by laws prohibiting importation, distribution, and possession of Ayahuasca. Because DMT is listed as a Schedule I controlled substance under the Controlled Substances Act (the "CSA"), and because the Drug Enforcement Administration ("DEA") and the Department of Homeland Security ("DHS") interpret the law to enact a complete ban against the religious sacrament Ayahuasca, NAAVC members are forced to choose between obedience to their religion and criminal sanction.

NAAVC brought suit under RFRA as "religious persons" whose Free Exercise is substantially burdened by the Government. 42 U.S.C. § 2000bb-1(c). NAAVC's standing arose out of the fact that the association and its members' religious rights are directly targeted by the Government defendants and this injury is redressable. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 434 (2006); *Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1016 (9th Cir. 2016); Church of the Holy Light of the Queen v. Mukasey, 615 F. Supp. 2d 1210, 1211-12 (D. Or. 2009). Nevertheless, this Court ruled in its March 30, 2022, Order that NAAVC lacked standing to bring claims under RFRA because NAAVC had failed to allege a "concrete plan" to violate the Controlled Substances Act. *See* Dkt. 162 at 11.

NAAVC now requests a final judgment under Rule 54(b) so that it may file an immediate appeal at the Ninth Circuit challenging, *inter alia*, this Court's conclusions regarding its standing to assert claims under RFRA. Although NAAVC and Plaintiff Arizona Yage Assembly ("AYA") joined together as Plaintiffs to file RFRA claims against the Federal Defendants, their claims are separate and distinct and the two parties now find themselves in vastly different postures. Both NAAVC and AYA strongly agree that, under dispositive Ninth Circuit law and precedent, both groups have standing to

assert claims under RFRA without voluntarily incriminating themselves in violation of their Fifth Amendment protections. However, only AYA will be amending its complaint to provide additional specificity about its religious practices in the future. NAAVC plans to ask the Ninth Circuit to find that their Fourth Amended Complaint sufficiently alleges a 42 U.S.C. § 1983 claim and that NAAVC has standing to bring its claims under RFRA.

For these reasons, as discussed more fully below, there is no just reason for delay and NAAVC respectfully requests that the Court enter final judgment as to its RFRA claims.

## II.   Procedural Background

NAAVC filed its initial complaint in this matter in the District Court for the Northern District of California on March 5, 2020. *See* Dkt. 1. This case was transferred from California to the District of Arizona on November 6, 2020. *See* Dkt, 65. NAAVC filed a Fourth Amended Complaint on May 27, 2021 (Dkt. 109), and the Federal Defendants filed a motion to dismiss for lack of subject matter jurisdiction on June 15, 2021. *See* Dkt. 112. On March 30, 2022, this Court issued an Order dismissing NAAVC's RFRA claims with leave to amend. *See* Dkt. 153. Clay Villanueva has posthumously dismissed his claims, so those issues are no longer in the case. *See* Dkt. 156.

## III.   Legal Standard

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . . ."

Thus, entry of a final judgment under Rule 54(b) is appropriate where: (1) the action involves multiple claims for relief, (2) there is a judgment as to one or more of the claims, and (3) the Court finds that there is no just reason for delay. *See Stanley v. Cullen*, 633 F.3d 852, 863 (9th Cir. 2011). Entry of a Rule 54(b) order is a "fairly routine act" over

which the trial court has broad discretion. *James v. Price Stern Sloan*, 283 F.3d 1064, 1068 (9th Cir. 2002) ("[I]ssuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances.").

Here, there is no dispute that the action involves multiple claims for relief asserted by multiple separate entities. Thus, in evaluating NAAVC's request under Rule 54(b), the only issues for the court are whether there is a "final judgment" and whether "there is no just reason for delay."

### IV.     The Dismissal Order Against NAAVC is Final For The Purpose of Appeal

In evaluating whether entry of judgment as to one or more claims under Rule 54(b) is appropriate, the "district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). For a judgment to be "final," it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (quoting S*ears, Roebuck & Co. v. Mackey, 351* U.S. 427, 436 (1956)).

It is well settled that "[a]n order dismissing for want of jurisdiction of the subject matter or jurisdiction of the person, or because of improper venue, or for any other reason is a final judgment, even though the dismissal is without prejudice." 9 Moore's Federal Practice Par. 110.08[1]. Here, this Court dismissed without prejudice NAAVC's claims under RFRA based on lack of standing, which is a procedural ruling that constitutes a final judgment even if it does not bar re-filing in this or another Court. *See Santa Clara v. Andrus*, 572 F.2d 660, 665-66 (9th Cir.), *cert. denied*, 439 U.S. 859 (1978) (a final judgment dismissing claims without prejudice is appealable under 28 U.S.C. § 1291).

### V.     There is No Just Reason for Delay in Entering Final Judgment Against NAAVC

"In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (holding

that the court properly certified judgment under Rule 54(b) where "no risk of duplicative effort by the courts"); *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co., 81*9 F.2d 1519, 1525 (9th Cir. 1987) (stating that "the solution for Rule 54(b) purposes lies in a more pragmatic approach focusing on severability and efficient judicial administration").

District courts are empowered with substantial discretion in determining Rule 54(b) certification issues, which is to be exercised "in the interest of sound judicial administration." *Curtiss-Wright Corp.*, 446 U.S. at 8.  "Consideration of [judicial administrative interests] is necessary to assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." *Id.* (internal quotations omitted); *see also R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 4722487, at *3 (D. Ariz. Sept. 23, 2014) ("[j]udgment under Rule 54(b) is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level.").

### A. NAAVC Should be Allowed to Appeal Dismissal of its 42 U.S.C. § 1983 Claim Because it is the Only Section 1983 Claim Left

Rather than accept the Court's invitation to attempt an amendment, NAAVC intends to stand on the plausibility of its allegations of conspiracy under 42 U.S.C. § 1983.  NAAVC's Section 1983 claim arises out of the May 19, 2020 raid on Mr. Villanueva's home and the Vine of Light Church.  Mr. Villanueva has posthumously dismissed his claims (Dkt. 156), and AYA never filed a 42 U.S.C. § 1983 claim. Accordingly, NAAVC respectfully seeks leave to appeal the dismissal of its Section 1983 claim, on the grounds that it will further the purpose of efficient judicial administration and would cause hardship to delay review of that decision on appeal.

### B. NAAVC Should Be Allowed to Appeal Dismissal of its RFRA Claims Because NAAVC Standing Issues are Distinct and Severable from AYA Standing Issues

AYA and NAAVC are separate and district entities, and their separate assertions of standing under RFRA can be decided independently of each other.  *See Sears, Roebuck &*

*Co. v. Mackey,* 351 U.S. 427, 436 (1956) (claims are separate if they "can be decided independently of each other."). AYA is a singular religious church that holds regular religious ceremonies involving Ayahuasca. AYA is similar in structure and practice to *Santo Daime* and *Uniao do Vegetal*, two visionary churches that brought claims under RFRA and were granted religious exemptions from the CSA by Federal courts. *See O Centro*, 546 U.S. at 434; *Church of the Holy Light of the Queen*, 615 F. Supp. 2d at 1211-12.

By contrast, NAAVC is an interdenominational association of Visionary Churches, formed as a religious nonprofit corporation in the States of Arizona and California. *See* Dkt. 109 (Fourth Amended Complaint [hereinafter "FAC"]) at ¶ 58. NAAVC is operated by members of existing Ayahuasca visionary churches for purposes of engaging in the Free Exercise of visionary religion. *Id.* NAAVC funds and promotes the study of visionary religion, sponsoring scholarship and media events that serve to increase understanding of and interest in visionary religious practice. *Id.*

These organizational distinctions between AYA and NAAVC means that their standing to bring claims derive from two different sources. AYA has direct standing because: (a) AYA suffered injury-in-fact by, *inter alia*, the unlawful seizures of their property, (b) AYA members are suffering unnecessary and undue hardship as a result of its uncertain religious status; and (c) AYA members have stated their intent to continue practicing its religion by possessing and ingesting Ayahuasca, an act that would violate the Controlled Substances Act were it not Free Exercise *ab initio*. *See Church of the Holy Light of the Queen v. Mukasey*, No. CV 08-3095-PA, 2008 U.S. Dist. LEXIS 102990, at *8 (D. Or. Dec. 19, 2008) (holding that Visionary Church had standing to bring RFRA claims based on considerations of "prudential ripeness" and finding that a ruling on the merits would relieve plaintiffs of "their current uncertainty over the legal status of their religious practices."); *see also LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (holding that pre-enforcement challenges may be brought where the complainant can identify "any present injury occasioned

by the threat of prosecution."); *Doe v. Cong. of the U.S.*, 891 F.3d 578, 585-86 (6th Cir. 2018) ("An allegation that the Government is compelling a particular person to violate personal religious beliefs (as opposed to an allegation by a taxpayer that the Government has violated a generalized constitutional mandate) states an Article III injury-in-fact."); *Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1142 (N.D. Cal. 2007) (finding that plaintiffs had standing because Defendants had seized their religious sacrament and that "plaintiffs assert they intend to continue growing marijuana as part of their religious practice."); *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 154 (1970) (plaintiff "may have a spiritual stake in First Amendment values sufficient to give standing to raise issues concerning the Establishment Clause and the Free Exercise Clause.").

By contrast, NAAVC has **both** direct and associational standing. NAAVC has direct and associational standing because NAAVC suffered injury-in-fact by, *inter alia*: (a) the arrest of one of its founding Directors, Clay Villanueva, resulting in his death due to medical neglect after release from punitive incarceration and the unlawful seizure of his property; (b) the seizure of its Sacramental Ayahuasca by DHS; (c) the members of NAAVC's Board of Directors are personally and institutionally devoted to helping visionary churches and practitioners to obtain a pure and efficacious Ayahuasca sacrament, free from the onus of illegality that substantially burdens visionary religious Free Exercise; (d) All NAAVC Board members are members of visionary churches and have suffered injuries and damages alike in type and kind to those suffered by members of all of NAAVC's member churches and their congregations; and (e) NAAVC seeks the exemptions necessary to transmit the doctrine to visionary churches by distributing Ayahuasca to visionary churches that obtain their own exemptions, and will need Ayahuasca for communion services.

NAAVC has standing as an interdenominational association of Visionary Churches because its central act of Free Exercise is initiating a lawful system for importing and sharing sacramentally-prepared Ayahuasca with visionary churches at reasonable cost, so

**NAAVC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

that they may share the communion sacrament with their congregations. The proposed importation and distribution of Ayahuasca as NAAVC's primary Free Exercise activity might be likened to the work of a kosher or halal food producer that provides kosher or halal food that satisfies religious requirements. Just as Free Exercise protects the right of religious persons to have food that satisfies their religious requirements, so also those who manufacture that food are protected by the right of Free Exercise. Just as the seizure of halal or kosher food without just compensation would be a regulatory taking in violation of the Fifth Amendment, so also is DHS's seizure and forfeiture of NAAVC's imported Sacramental Ayahuasca.[1]

      NAAVC's standing to bring RFRA claims is not dependent upon or tied to any other issue pending issue in this case. As the Sixth Circuit has observed, "[w]hether Plaintiffs have alleged an injury-in-fact sufficient for Article III standing is distinct from the analysis of whether they have alleged a substantial burden on their religious exercise under RFRA." *Doe*, 891 F.3d at 86. Thus, the Court's decision on standing is distinct from the merits issues that will remain pending once AYA has amended its complaint. NAAVC's standing issues are unique to NAAVC and severable from AYA's claims and standing. *Cf. Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (upholding Rule 54(b) certification of order dismissing some defendants for lack of personal jurisdiction). The Ninth Circuit will not have to decide NAAVC's standing more than once, even if there are subsequent appeals. Allowing an immediate appeal would aid expeditious decision of the matter, serve the efficient administration of justice, and as argued further herein, will avoid irreparable harm to NAAVC's board members and member churches

---

[1] NAAVC also likely has organizational standing because it has devoted its organizational resources to the attainment of all legal permissions necessary to the fulfillment of this religious corporate mission to secure the Free Exercise rights of all visionary churches and their congregations. *See Fair Hous. v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (finding that non-profit organization had standing to sue "because it showed a drain on its resources from both a diversion of its resources and frustration of its mission.").

**NAAVC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

### C. Issuance of a Final Judgment Is Necessary to Avoid The Possible Injustice of Delaying Judgment on a Distinct and Separate Claim

"Rule 54(b) was adopted in view of the breadth of the 'civil action' the Rules allow, specifically 'to avoid the possible injustice' of 'delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case'. . . . . The Rule thus aimed to augment, not diminish, appeal opportunity." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409-10 (2015) (quoting *Report of Advisory Committee on Proposed Amendments to Rules of Civil Procedure* 70 (1946)).

Here, NAAVC sought declaratory relief so its members could hold religious ceremonies without worrying that law enforcement officers will again disrupt their Free Exercise. This type of intimidation and interruption of NAAVC's free exercise caused – and continues to cause – irreparable harm. *See Am. Trucking Ass'ns v. City of L.A.*, 559 F.3d 1046, 1059 (9th Cir. 2009) ("[C]onstitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm."); *Thoms v. Maricopa Cnty. Cmty. Coll. Dist.* 2021 U.S. Dist. LEXIS 314822, 2021 WL 5162538 (D. Ariz. Nov. 5, 2021) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *cf. Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1241 (10th Cir. 2008) (a party "may seek relief by declaratory judgment and have the controversy adjudicated in order that he may avoid the risk of damages or other untoward consequence.") (quoting *Keener Oil & Gas Co. v. Consol. Gas Utils. Corp, 19*0 F.2d 985, 989 (10th Cir. 1951)). Moreover, NAAVC's desire to avoid law enforcement actions against its members does not undercut its standing to bring a declaratory judgment action. *See, e.g.,* M*edImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128 (2007) (holding that a petitioner's actions to avoid an imminent threat of litigation does not eliminate Article III jurisdiction in a declaratory judgment action).

Forcing NAAVC to wait to appeal the Court's standing decision until after resolving AYA's claims on the merits would result in a substantial and unnecessary delay for

NAAVC. There is no reason for NAAVC to wait for AYA's claim to be adjudicated before its standing under RFRA can be decided by the Ninth Circuit. Further, should the Court decide for AYA on the merits of its claim, NAAVC would more quickly be awarded the injunctive relief it seeks and avoid the continuing harm it suffers at the hands of the Federal Defendants.

Undue delay would cause manifest injustice and needlessly delay NAAVC's progress towards an adjudication on the merits that will provide the relief promised by Congress when it adopted RFRA. *See* 42 U.S.C. § 2000bb ("The purposes of this Act are – (1) to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened...."). Specifically, it would be manifestly unjust for this Court to compel NAAVC to suffer additional financial injury due to the repeated seizure and destruction of sacramental medicines that has previously occurred, and that defendants Merrick Garland and DHS have promised will happen to all other imported sacrament that DHS discovers NAAVC to be importing.

NAAVC has contended throughout this litigation that its RFRA claim is not a "pre-enforcement claim" because NAAVC alleged recent, current, deliberate, and likely future harm and injury caused by DEA and DHS: *See* Dkt. 116 at 10. The Court found that *Oklevueha* justified characterizing NAAVC's claim as "pre-enforcement" despite the fact that the Federal Defendants had recently undertaken an enforcement action by seizing NAAVC's Ayahuasca. *See Ariz. Yage Assembly v. Garland*, No. CV-20-02373-PHX-ROS, 2022 U.S. Dist. LEXIS 58625, at *17 n.11 (D. Ariz. Mar. 30, 2022). However, the *Oklevueha* held that "the district court's focus on future prosecution is inapposite," because "the FedEx seizure was an enforcement of the CSA against Plaintiffs, mitigating the relevance of a hypothetical future-enforcement." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835-836 (9th Cir. 2012). Simply put, "When the Government seized Plaintiffs' marijuana pursuant to the CSA, a definite and concrete dispute regarding the lawfulness of that seizure came into existence." *Id.* at 836. Thus,

this Court's reliance on *Oklevueha* seems difficult to square with the outcome of the case, and therefore prompt appellate review is appropriate and necessary to avoid injustice.

Finally, there can be no doubt that any Ayahuasca that NAAVC attempts to import will be seize and destroyed occur upon discovery by DHS, without any recourse, because correspondence from Department of Justice Attorney Hancock promises precisely that. *See* Dkt. 137-20 (Ltr from Hancock to Carreon). Thus, prospective relief should be available to prevent future interruptions of Free Exercise due to the seizure of Sacramental Ayahuasca.

In summary, NAAVC has an open and obvious legal dispute over the lawfulness of its Free Exercise importation of Ayahuasca, and under the ordinary rules of Article III standing as applied in the RFRA context, NAAVC has clearly established standing. Under RFRA, the imposition of heightened pleading standards that require plaintiffs to stand so close to the flames of prosecutorial enforcement that they risk spontaneous combustion, is inappropriate and contrary to law.[2] This is especially true when the statute has been most famously applied to alleviate mere financial risk for profit-making privately-held corporations seeking to avoid religious scruples over what health care they provide their employees:

> The owners of the businesses have religious objections to abortion, and according to their religious beliefs the four contraceptive methods at issue are abortifacients. If the owners comply with the HHS mandate, they believe they will be facilitating abortions, and if they do not comply, they will pay a very heavy price—as much as $1.3 million per day, or about $475 million per year, in the case of one of the companies. If these consequences do not amount to a substantial burden, it is hard to see what would.

*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 691 (2014).

---

[2] "We also disagree with the district court's conclusion that to present a case fit for review, Plaintiffs need to frame the scope of the injunctive relief they seek through allegations about Oklevueha's members' use, possession, cultivation, and distribution of marijuana. Such specific pleadings are not required to establish fitness for review, which requires only the existence of a 'concrete factual situation.'" *Oklevueha*, 676 F.3d at 838.

**NAAVC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

14

It cannot be that the risk of incarceration and death counts less weightily in the calculus of evaluating religious exemptions than a bill payable in legal tender, even if the bill is for hundreds of millions of dollars. Surely the risk of imprisonment and death will do more to chill free exercise than the risk of a fine from the Department of Health and Human Services. And surely the right to engage in communion with the Divine is a more protectable religious right, closer to the core of religious faith, than concern over what type of contraceptives one employees may use.

NAAVC member churches are still reeling from the death of Board member Clay Villanueva, who served Ayahuasca to his Vine of Light Church congregation until he was detained last year in Los Angeles by Department of Homeland Security officers, remanded to Arizona, and incarcerated in Phoenix under prohibitively high bail for over a month. Villanueva's unnecessary arrest and incarceration caused a precipitous decline in his health. Although his condition as a cancer victim was well-known to corrections staff, he was unable to get proper nutrition and was twice hospitalized while in prison. Villanueva died on April 1. 2022, a victim of a precipitous decline in health caused by health care neglect while incarcerated. *See* Dkt. 129 at 4 (Declaration of Charles Carreon noting the health risks of his continued incarceration and the fact that he faced "death by malnutrition and hypothermia); Dkt 129-2 at 2 (Declaration of Cecilia Villanueva noting his weight loss and his frailty).

NAAVC members thus witnessed an NAAVC Board member killed through deprivation of medical care in the U.S. carceral system for engaging in Free Exercise. This is a unique form of harm that has caused acute distress to the entire community of Ayahuasca practitioners. Already practicing their religion under the threat of criminal sanctions, a reasonable person would interpret the government's treatment of Mr. Villanueva as a warning meant to chill their legal Free Exercise of religion. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (holding the chilling inquiry under the First Amendment is whether the action would chill or silence a "person of ordinary firmness."). To minimize the injustice that NAAVC members face on a daily basis, this

Court should allow their appeal to proceed to the Ninth Circuit so they may expeditiously pursue their right to practice their religion without criminal sanctions.

Where, as here, the Court has dismissed NAAVC without considering the merits of their underlying claims, it will cause injustice to deny them the opportunity to appeal what would, but for the existence of other plaintiffs, be a final judgment.

## VI.  Conclusion

For the foregoing reasons, NAAVC respectfully requests that the Court grant its motion under Rule 54(b) and enter final judgment as to its RFRA claims.

Dated: May 3, 2022                                   Respectfully submitted,

/s/*John Sullivan*
JOHN SULLIVAN
Attorney for Plaintiffs
Arizona Yagé Assembly,
North American Association of
Visionary Churches, and Clay
Villanueva