BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN (TX 24107878)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Federal Agency Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, | No. 2:20-cv-2373-ROS |
| Plaintiffs, | |
| vs. | **Defendants' Opposition to Motion for Entry of Final Judgment Under Rule 54(b) as to NAAVC (ECF No. 157)** |
| Merrick B. Garland, Attorney General of the United States; et al, | |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................1

LEGAL STANDARD .......................................................................................................4

ARGUMENT ....................................................................................................................5

I.    The Court's Order Dismissing NAAVC's RFRA and § 1983 Claims with
      Leave to Amend Is Not Yet Final. ...............................................................................5

II.   NAAVC's Motion Should Be Denied to Avoid Piecemeal Appeals of
      Interrelated Claims...........................................................................................................7

      a.    The Plaintiffs—an Alleged Church and an Association of Which That
            Church Is a Member—Are Interrelated..............................................................8

      b.    Plaintiffs' Factual Allegations and Legal Claims Overlap. ....................................9

      c.    Allowing NAAVC to Immediately Appeal Would Risk Duplicative
            Litigation and the Unnecessary Expenditure of Judicial Resources. ..................12

III.  NAAVC's Motion Should Be Denied Because It Cannot Establish That There
      Is No Just Reason for Delay...........................................................................................13

CONCLUSION ...............................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Attias v. CareFirst, Inc.*,
  969 F.3d 412 (D.C. Cir. 2020) ..................................................................10

*Burghardt v. Borges*,
  No. 20-16763, 2020 WL 7352029 (9th Cir. Oct. 15, 2020) ........................6

*City of Santa Clara v. Andrus*,
  572 F.2d 660 (9th Cir. 1978) .......................................................................7

*Curtiss-Wright Corp. v. GE, Co.*,
  446 U.S. 1 (1980) ................................................................................*passim*

*Escalera v. Corizon Health Inc.*,
  No. 19-cv-4934-PHX-MTL-JFM, 2020 WL 5593848 (D. Ariz. Sept. 18, 2020) ..................10

*First Amend. Coal. of Arizona, Inc. v. Ryan*,
  No. CV-14-01447-PHX-NVW, 2016 WL 4236373 (D. Ariz. Aug. 10, 2016) ......................10

*Foreman v. Bank of Am., N.A.*,
  No. 18-cv-01375-BLF, 2019 WL 8137145 (N.D. Cal. Dec. 3, 2019) ...................14

*Gausvik v. Perez*,
  392 F.3d 1006 (9th Cir. 2004) .....................................................................4

*Gonzalez v. U.S. Hum. Rts. Network*,
  No. 20-cv-00757-PHX-DWL, 2021 WL 1312553 (D. Ariz. Apr. 8, 2021) ...........................9

*Gregorian v. Izvestia*,
  871 F.2d 1515 (9th Cir. 1989) ............................................................. 13, 14

*James v. Price Stern Sloan*,
  283 F.3d 1064 (9th Cir. 2002) .....................................................................4

*Jewel v. NSA*,
  810 F.3d 622 (9th Cir. 2015) ...............................................................*passim*

*Lopez v. Youngblood*,
  No. 1:07-cv-0474-DLB, 2009 WL 1924788 (E.D. Cal. July 1, 2009) ...........................6

*Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*,
  946 F.3d 1100 (9th Cir. 2020) ...................................................................13

*Purdy Mobile Homes v. Champion Home Bldrs.*,
    594 F.2d 1313 (9th Cir. 1979) ........................................................................10

*Roberts v. C.R. England, Inc.*,
    No. C 11-2586 CW, 2012 WL 711903 (N.D. Cal. Mar. 5, 2012) ..............................4

*Sussex Drug Prods. v. Kanasco, Ltd.*,
    920 F.2d 1150 (3d Cir. 1990) .........................................................................16

*Tsyn v. Wells Fargo Advisors, LLC*,
    No. 14-cv-02552-LB, 2016 WL 7635883 (N.D. Cal. June 27, 2016) ...................5, 10, 11, 12

*Williams v. Winget*,
    No. 19-cv-05096, 2021 WL 2262544 (D. Ariz. June 3, 2021) ..............................10

*WMX Techs., Inc. v. Miller*,
    104 F.3d 1133 (9th Cir. 1997) .......................................................................6, 7

*Wolf v. Banco Nacional de Mexico, S.A.*,
    721 F.2d 660 (9th Cir. 1983) .............................................................................6

*Wood v. GCC Bend, LLC*,
    422 F.3d 873 (9th Cir. 2005) .................................................................*passim*

**Federal Statutes**

21 U.S.C. § 877 ......................................................................................2, 3, 15

28 U.S.C. § 1291 ....................................................................................4, 6, 7

28 U.S.C. § 1292 ..........................................................................................4

42 U.S.C. § 1983 ......................................................................................1, 2

**Federal Rules**

Fed. R. Civ. P. 54(b) ................................................................................4, 13

**Other Authorities**

10 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2654 (4th ed. 2022) ...........4

10 Charles Alan Wright & Arthur R. Miller ,Fed. Prac. & Proc. § 2656 (4th ed. 2022) ...........6

**INTRODUCTION**

For over two years, Plaintiffs Arizona Yage Assembly (AYA)—an alleged visionary church—and North American Association of Visionary Churches (NAAVC)—an alleged association of churches of which AYA is a member—have alleged in lockstep that the federal government has burdened an ayahuasca practice which they allege is religious. With each amended complaint, Plaintiffs' factual allegations and legal claims have been substantially overlapping, if not identical. That changed only when, on March 30, 2022, this Court dismissed with leave to amend the Religious Freedom Restoration Act (RFRA) and 42 U.S.C. § 1983 claims presented in Plaintiffs' Fourth Amended Complaint. Now these related entities apparently disagree on how to proceed; AYA has filed a Fifth Amended Complaint, ECF No. 159, while NAAVC has moved for a Rule 54(b) certification to immediately appeal the Court's dismissal of its RFRA and its § 1983 claims, ECF No. 157 ("Mot."). None of Rule 54(b)'s requirements are satisfied here: the Court's order is not yet final, the factual and legal claims are interrelated, and the equities counsel against splintering this case into piecemeal appeals and allowing these related Plaintiffs two bites at the appellate apple. Accordingly, and as explained further below, NAAVC's motion should be denied.

**BACKGROUND**

AYA and NAAVC filed their Original Complaint on May 5, 2020, against various agencies of the federal government and federal officers acting in their official capacities (Defendants) in the Northern District of California. ECF No. 1. The Original Complaint alleged three claims. First, the Plaintiffs alleged that RFRA exempts their use of ayahuasca from the prohibitions in the Controlled Substances Act (CSA) on possession, use, distribution, and importation of controlled substances. *See* ECF No. 1, ¶¶ 123–147. Second, Plaintiffs claimed that DEA's process for administering religious exemptions to the CSA was unlawful and should be set aside under the Administrative Procedure Act (APA). *See id.* ¶¶ 148–167. Third, the Plaintiffs requested declaratory relief premised on these claims, *See id.* ¶¶ 168–171, as well as injunctive relief. The Original Complaint did not distinguish between the claims brought by AYA and those brought by NAAVC.

On June 16, 2020, Plaintiffs filed an amended Complaint, adding a new Plaintiff, Clay Villanueva, and new Defendant officials from the State of Arizona and Maricopa County. ECF No. 12. Villanueva and NAAVC newly sought relief under 42 U.S.C. § 1983 for an allegedly unlawful conspiracy by federal, state, and county defendants. *Id.* ¶¶ 173–222. On September 21, 2020, Judge Orrick denied Plaintiffs' two pending preliminary injunction motions (on their RFRA and § 1983 claims) for improper venue. ECF No. 57 at 28-29.

On January 21, 2021, Plaintiffs filed a Third Amended Complaint in this Court but did not materially alter their allegations or claims against Defendants. ECF No. 77. On May 27, 2021, Plaintiffs filed a Fourth Amended Complaint that largely remained the same as previous complaints but included additional allegations concerning Plaintiffs' Third Claim for Relief—their § 1983 claim. ECF No. 109 ¶¶ 161-193, 229; *see* Proposed Redline, ECF No. 100-2. The RFRA claims in the Third and Fourth Amended Complaints again did not distinguish between AYA and NAAVC.

Defendants moved to dismiss all claims asserted against them in the Fourth Amended Complaint. ECF No. 112. Defendants argued that the Court lacked jurisdiction over Plaintiffs' APA and RFRA claims under 21 U.S.C. § 877, that Plaintiffs' facial challenge to DEA's Guidance was barred by the statute of limitations, and that Plaintiffs lacked standing to challenge DEA's exemption process. *Id.* at 3-8. Defendants further argued that Plaintiffs' RFRA claim should be dismissed for lack of standing because Plaintiffs failed to allege a genuine threat of prosecution and any genuine threat of prosecution would not be fairly traceable to the Defendants. *Id.* at 8-11. Defendants also moved to dismiss the RFRA claim under Rule 12(b)(6) because Plaintiffs failed to allege that DEA's religious exemption process or the CSA itself substantially burdened their religious exercise. *Id.* at 11-12. Finally, Defendants moved to dismiss the § 1983 claim for failure to state a claim. *Id.* at 12-17. In opposing Defendants' motion to dismiss Plaintiffs' RFRA and APA claims, Plaintiffs did not differentiate between NAAVC and AYA; instead, Plaintiffs' opposition—like the multiple complaints before it—referred to these Plaintiffs collectively.

2

On March 30, 2022, this Court granted Defendants' motion to dismiss. ECF No. 153 ("Order"). The Court dismissed Plaintiffs' APA claim without leave to amend because it concluded that Plaintiffs lacked standing to challenge DEA's religious-exemption process "because Plaintiffs' injury arises from application of the CSA and the designation of DMT as a Schedule I substance." *Id.* at 8. The Court also concluded that Plaintiffs' APA claim was not ripe because Plaintiffs "have not participated in the exemption process." *Id.* at 9. The Court also dismissed Plaintiffs' RFRA claim but with leave to amend. *Id.* at 13. The Court concluded that Plaintiffs had not sufficiently alleged that they had standing because they failed to "'articulate[] a 'concrete plan' to violate' the CSA, and Plaintiffs have [] to demonstrate a risk of imminent prosecution by the federal government." *Id.* at 10. In so doing, the Court rejected Defendants' argument that the Court lacked jurisdiction over Plaintiffs' RFRA claim under 21 U.S.C. § 877, but did not reach Defendants' other threshold arguments. *Id.* The Court similarly dismissed Plaintiffs' § 1983 claim with leave to amend because "Plaintiffs have not pleaded facts sufficient to plausibly demonstrate the DEA was acting under color of state law." *Id.* at 15. Mirroring Plaintiffs' own treatment of their factual allegations as a collective, the Court referred to Plaintiffs collectively and its opinion did not differentiate between NAAVC and AYA in dismissing the APA, RFRA, and § 1983 claims.

On May 3, 2022, NAAVC filed a Motion for Entry of Final Judgement under Rule 54(b). ECF No. 157. This motion seeks an immediate appeal of the Court's dismissal of NAAVC's RFRA and § 1983 claims while Plaintiff AYA continues to litigate its RFRA claim against the Federal Government. *Id.* NAAVC asserts that the Court's dismissal is final, that the parties and allegations are sufficiently distinct, and that there is no just reason for delay. On May 15, 2022, AYA filed a Fifth Amended Complaint limited to a RFRA claim against the Federal Government. ECF No. 159. This Complaint added an additional Plaintiff: Winfield Scott Stanley III, a founder of AYA and board member of NAAVC, and again alleged that RFRA exempts AYA's use of ayahuasca from the CSA's prohibitions on possession, use, distribution, and importation of controlled substances. *Id.* ¶¶ 74-103.

3

**LEGAL STANDARD**

Generally, an appellate court has "jurisdiction to hear an appeal only if it arises from a final order" that disposes of all of the claims in the case. *Jewel v. NSA*, 810 F.3d 622, 627 (9th Cir. 2015); *see also* 28 U.S.C. § 1291. Rule 54(b) provides a narrow exception:

> When an action presents more than one claim for relief, . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

"[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. GE, Co.*, 446 U.S. 1, 10 (1980). Indeed, an appeal following the grant of a Rule 54(b) motion is "the exception rather than the rule." Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 2654 (4th ed. 2022); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (such requests are "not routine"); *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("should be used sparingly"); *Roberts v. C.R. England, Inc.*, No. C 11-2586 CW, 2012 WL 711903, at *4 (N.D. Cal. Mar. 5, 2012) ("disfavored").[1]

The Rule 54(b) analysis proceeds in two steps. First, a district court must "determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood*, 422 F.3d at 878 (quoting *Curtiss–Wright Corp.*, 446 U.S. at 7). Second, "[o]nce having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8.

---

[1] Contrary to these cases, Plaintiffs assert that Rule 54(b) motions are routinely granted, relying on *James v. Price Stern Sloan*, 283 F.3d 1064 (9th Cir. 2002). *See* Mot. at 6-7. Plaintiffs quote an excerpt from a lengthy footnote in that opinion. *See James*, 283 F.3d at 1067 n.6. In that footnote, the Ninth Circuit contrasted its review of certifications under 28 U.S.C. § 1292(b) from those under Rule 54(b), noting that the former face greater appellate scrutiny. *Id.* Regardless, decisions of the Ninth Circuit issued after *James* are clear: In the Rule 54(b) context, the Ninth Circuit reviews *de novo* a district court's determination as to the interrelated nature of the claims at issue and reviews for abuse of discretion only the latter assessment of whether the equities favor immediate appeal of the non-overlapping claims. *See Jewel*, 810 F.3d at 628.

4

This second step involves two distinct inquiries.  The district court must begin by evaluating "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10; *see also Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552-LB, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016).  Assessing whether the claims or parties proposed for immediate appeal overlap with the claims or parties that would remain in district court "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8 (cleaned up).  The Ninth Circuit reviews this "'juridical concerns' determination" de novo, "asking whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel*, 810 F.3d at 628 (quoting *Wood,* 422 F.3d at 879).  This factor is carefully "scrutinize[d] . . . so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Jewel*, 810 F.3d at 625 (cleaned up).

If, but only if, the claims or parties are sufficiently separable does the district court then evaluate "equitable factors such as prejudice and delay." *Tsyn*, 2016 WL 7635883, at *2; *see also Jewel*, 810 F.3d at 628.  This "equitable analysis ordinarily is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Jewel*, 810 F.3d at 628 (cleaned up).

## ARGUMENT

NAAVC's motion should be denied.  None of the three Rule 54(b) requirements are satisfied.  First, the order that NAAVC seeks to immediately appeal is not yet final.  Second, there is substantial overlap between AYA and NAAVC, their factual and legal allegations, and the arguments expected to be raised in both district court and the Ninth Circuit such that Rule 54(b) certification would risk piecemeal appeals.  Third, the equities favor denying NAAVC's motion.

## I.   The Court's Order Dismissing NAAVC's RFRA and § 1983 Claims with Leave to Amend Is Not Yet Final.

The order dismissing NAAVC's RFRA and § 1983 claims with leave to amend is a non-final order that is not yet eligible for Rule 54(b) certification.    As NAAVC acknowledges, *see* Mot. at 7, before reaching the other Rule 54(b) prongs, the "district court must first determine that it is dealing with a 'final judgment.'"  *Curtiss-Wright*, 446 U.S. at 7. That is because Rule 54(b) does not alter or expand what constitutes a "final decision[]" as defined by 28 U.S.C. § 1291; rather, Rule 54(b) serves the more limited purpose of permitting immediate appeal of a final decision as to one claim or party before the district court renders a final decision as to the remaining claims and parties.  *See Wolf v. Banco Nacional de Mexico, S.A.*, 721 F.2d 660, 662 (9th Cir. 1983) ("an appeal would not lie under Rule 54(b), because the judgment does not dispose of the entire first claim"); *Lopez v. Youngblood*, No. 1:07-cv-0474-DLB, 2009 WL 1924788, at *4 (E.D. Cal. July 1, 2009) (if a "judgment is not final as to one entire claim," it is "not appropriate for entry of judgment pursuant to Rule 54(b)").

In the order at issue here, the Court dismissed NAAVC's RFRA and § 1983 claims "with leave to amend."  *Compare* Order at 4 ("Plaintiffs' claim against the Federal Defendants under the APA will be dismissed without leave to amend because the Court finds amendment would be futile.") *with id.* ("Plaintiffs' claims under RFRA and § 1983 against the Federal Defendants will be dismissed with leave to amend.").  And "when a district court expressly grants leave to amend, it *is* plain that the order is not final."  *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc); *see also Burghardt v. Borges*, No. 20-16763, 2020 WL 7352029, at *1 (9th Cir. Oct. 15, 2020).  Therefore, Rule 54(b) is not yet applicable.  *See* Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 2656 ("A dismissal for failing to state a claim upon which relief may be granted that is made with leave to amend clearly does not finally decide that claim, however, and Rule 54(b) would not apply.").[2]

---

[2] The Ninth Circuit has stated that a plaintiff whose claim was dismissed with leave to amend may not file a notice of appeal "simply because he does not choose to file an

6

NAAVC cites just one case for the contrary proposition. *See* Mot. at 7 (citing *City of Santa Clara v. Andrus*, 572 F.2d 660, 665-66 (9th Cir. 1978)). In that case, the court held that, "[a]lthough the dismissal of the action 'in its entirety' is 'without prejudice,'" the judgment nonetheless constituted a final judgment under 28 U.S.C. § 1291. *Santa Clara*, 572 F.2d at 665. Two decades later in *WMX*, the Ninth Circuit sitting *en banc* held otherwise: "We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. . . . To the extent that any of our cases may suggest a different rule, we now overrule them." 104 F.3d at 1136.

Because the Court's dismissal of NAAVC's RFRA and § 1983 claims was without prejudice and with express leave to amend, Rule 54(b) certification is not yet available.

## II.  NAAVC's Motion Should Be Denied to Avoid Piecemeal Appeals of Interrelated Claims.

NAAVC's Rule 54(b) motion should be denied because the parties, allegations, and legal claims in AYA's Fifth Amended Complaint and in NAAVC's proposed appeal substantially overlap. The Ninth Circuit has cautioned that Rule 54(b) motions should be denied in such circumstances because, absent a "seriously important reason," it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once." *Wood*, 422 F.3d at 882. The key inquiry is "whether the [order proposed for certification] is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to [the Ninth Circuit] on the same set of facts.'" *Jewel*, 810 F.3d at 628 (citation omitted). As the Supreme Court has cautioned, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. A district court should grant a Rule 54(b) motion only if it "effectively preserves the historic federal policy against piecemeal appeals." *Id.* (citation omitted).

---

amended complaint." *WMX*, 104 F.3d at 1136. Rather, "[a] further district court determination must be obtained" before a dismissal with leave for amend is considered final. *Id.* NAAVC has not yet separately sought or secured such a determination here.

Here, it is difficult to envision a case that undercuts this historic policy more than the present one.  Granting NAAVC's Rule 54(b) motion would permit an organization to appeal claims that continue to be litigated by one of its member churches and an individual on its own board of directors, who may similarly decide to appeal should they ultimately prove unsuccessful on those claims.  This Court should deny NAAVC's motion to avoid that piecemeal result.

### a. The Plaintiffs—an Alleged Church and an Association of Which That Church Is a Member—Are Interrelated.

AYA (which is proceeding in this Court with its Fifth Amended Complaint) and NAAVC (which is seeking to immediately appeal to the Ninth Circuit) are far from distinct entities.  As alleged in the Fourth Amended Complaint, AYA is "a visionary church incorporated as a nonprofit corporation in the State of Arizona and California."  ECF No. 109 ¶ 43.  NAAVC "is an interdenominational association of visionary churches, formed as a religious nonprofit corporation in the States of Arizona and California."  *Id.* ¶ 58.  "AYA is a member of NAAVC, and the Founder of AYA is a member of the NAAVC board."  *Id.* ¶ 59.  And AYA recently amended its complaint yet again, adding AYA founder—and NAAVC board member—Winfield Scott Stanley III as a plaintiff.  *See* ECF No. 159 ¶ 6.  In summary, Plaintiffs allege that AYA is a visionary church and a member of NAAVC's association of churches, and that AYA's founder is one of NAAVC's directors.  Whether "AYA and NAAVC are separate and distinct entities," Mot. at 8, as a legal matter has little bearing; for Rule 54(b) purposes, what matters is whether they are interconnected.  They are.

NAAVC's standing arguments similarly demonstrate the interrelatedness of the two plaintiffs.  In its latest complaint, NAAVC alleges that it "has associational standing" to bring its RFRA claim "for the benefit of its member churches"—including AYA—"to seek relief to which they are entitled and would have standing to assert directly. . . ."  ECF No. 109 ¶ 67.  "A determination in favor of NAAVC in this action," Plaintiffs have explained, "will be beneficial to its member visionary churches," such as AYA, as they "will be incentivized to secure individual RFRA exemptions" to distribute ayahuasca.  *Id.*  According

to Plaintiffs, all "NAAVC Board members have suffered injuries and damages alike in type and kind to those suffered by members of all of NAAVC's member churches," including AYA. *Id.* at ¶ 59. In asserting that NAAVC has Fifth Amendment rights, Plaintiffs alleged that "membership organizations may assert the Fifth Amendment rights of their members, and AYA here asserts the Fifth Amendment rights of its members on their behalf"; meanwhile, NAAVC "asserts that standing herein on behalf of those individual congregants of its member churches" such as AYA. *Id.* at ¶ 119.

In other words, NAAVC's standing is derivative of the standing of AYA and its members. This is simply "not a case where the dismissed parties are tangential to the main claims being asserted in the litigation, and thus where immediate appeal of their dismissal may streamline the litigation." *Gonzalez v. U.S. Hum. Rts. Network*, No. 20-cv-00757-PHX-DWL, 2021 WL 1312553, at *4 (D. Ariz. Apr. 8, 2021) (denying Rule 54(b) certification where defendants seeking immediate appeal were individual members of the board of directors of the defendant entity remaining in district court).

In the present motion, NAAVC nonetheless maintains that its "standing to bring RFRA claims is not dependent upon or tied to any other [] pending issue in this case." Mot. at 11. That contention is belied by the allegations recited above. And Defendants—and this Court—have little more to rely on than Plaintiffs' allegations because Plaintiffs have refused to even request from DEA the very exemption they are seeking in this litigation. If and when Plaintiffs do submit an exemption petition, DEA will be in a better position to gauge the relationship between AYA and NAAVC, as well as whether either or both are entitled to a RFRA-based exemption. However, at this time, and based on NAAVC's latest complaint, *see* ECF No. 109, the entities and their leadership appear to significantly overlap. Allowing NAAVC to immediately appeal while a NAAVC member (AYA) and NAAVC board member (Mr. Stanley) continue litigating in district court would not facilitate the efficient resolution of this litigation. *See Wood*, 422 F.3d at 882.

**b. Plaintiffs' Factual Allegations and Legal Claims Overlap.**

Plaintiffs' other factual allegations similarly do not distinguish between AYA and

NAAVC, further counseling against Rule 54(b) certification. *See Jewel*, 810 F.3d at 629 (holding that Rule 54(b) motion should be denied because the four allegedly distinct categories of claims "rel[ied] on inter-connected factual allegations"). When "the facts and legal theories relied upon by [one set of plaintiffs] are not substantially different from" those relied on by other plaintiffs, Rule 54(b) motions should be denied. *See id.* at 630; *see also Attias v. CareFirst, Inc.*, 969 F.3d 412, 418 (D.C. Cir. 2020) ("Nonetheless, any such certification would raise concerns, for the claims of any one plaintiff in this case overlap substantially with the claims of every other plaintiff. The claims of each plaintiff arise from [the same alleged misconduct].").

District courts regularly deny Rule 54(b) motions where the claims at issue "are premised on intermingled facts." *Williams v. Winget*, No. 19-cv-05096, 2021 WL 2262544, at *2 (D. Ariz. June 3, 2021); *see also Escalera v. Corizon Health Inc.*, No. 19-cv-4934-PHX-MTL-JFM, 2020 WL 5593848, at *7 (D. Ariz. Sept. 18, 2020) (the "factual issues underlying the claim against [one defendant] significantly overlap with the factual issues underlying the claim against [] the remaining Defendant, rendering piecemeal appeals highly probable").

To assess the relationship of the underlying factual allegations, district courts look at how the factual allegations were originally portrayed in the complaint. Where the complaint fails to present a separate set of factual allegations pertaining to each plaintiff, Rule 54(b) motions are regularly denied. *See, e.g.*, *First Amend. Coal. of Arizona, Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *2 (D. Ariz. Aug. 10, 2016) (denying Rule 54(b) after noting that "the Second Amended Complaint contains a single set of 'Relevant Facts' that applies to all the claims"); *Tsyn*, 2016 WL 7635883, at *3 ("A basic and not inconsequential overlap lies in the fact that all the claims in the Fourth Amended Complaint spring from what the plaintiffs themselves call 'Factual Allegations Common to All Counts.'").

Here, "there can be no real dispute that" AYA's and NAAVC's RFRA claims[3] "'stem[] largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts.'" *Tsyn*, 2016 WL 7635883, at *3 (quoting *Jewel*, 810 F.3d at 630). The Fourth Amended Complaint makes that plain. Other than paragraphs 48-75, which briefly describe each named plaintiff, including explaining that AYA is a member of NAAVC, the remainder of the factual allegations pertaining to the RFRA claim generally do not distinguish between AYA and NAAVC. For example, paragraph 78 alleges that DEA's "regulatory services are necessary to give substance to the Free Exercise rights of AYA, its congregation, NAAVC, its member churches [*e.g.*, AYA], and their congregations." ECF No. 109 ¶ 78. The complaint continues to refer to Plaintiffs in the same breath throughout. *See, e.g.*, *id.* ¶ 79 (alleging that DEA's guidance "was developed . . . with conscious disregard for the Constitutional rights of AYA and its congregation, NAAVC, its member churches [*e.g.*, AYA], and the member-church congregations."); *id.* ¶ 105 ("Plaintiffs AYA and its congregation, NAAVC, and NAAVC's member churches [*e.g.*, AYA] and their congregations, have been damaged by being required to pay legal fees to discover that the Guidance was merely a ruse . . . .").

---

[3] NAAVC seeks immediate appeal of the dismissal of both its RFRA and its § 1983 claims. Defendants acknowledge that the claims involve two causes of action. "For purposes of Rule 54(b), however, 'The word 'claim' . . . refers to a set of facts giving rise to legal rights in the claimant.'" *First Amend. Coal. of Arizona, Inc.*, 2016 WL 4236373, at *2 (quoting *Purdy Mobile Homes v. Champion Home Bldrs.*, 594 F.2d 1313, 1316 (9th Cir. 1979)). Plaintiffs' own allegations attempt to connect the facts underlying NAAVC's RFRA and § 1983 claims. *See* ECF No. 109 ¶ 232 (alleging that DEA's actions were designed "to silence [Villanueva's] Free Religious Expression" and "to obtain tactical leverage in the pending litigation" of NAAVC's RFRA claim). And the Fifth Amended Complaint, in setting forth the remaining plaintiffs' RFRA claim, continues to rely on a number of the factual allegations that underlie NAAVC's § 1983 claim. *See* ECF No. 159 ¶¶ 55-58. In any event, even if NAAVC's RFRA and § 1983 claims were sufficiently separable, the Court should not certify its dismissal of NAAVC's § 1983 claim for immediate appeal because the Court's dismissal with leave to amend is not final, *see supra* Argument § I, NAAVC and the remaining plaintiffs are interrelated, *see supra* Argument § II.a, and the equities do not favor NAAVC, *see infra* Argument § III. Indeed, splitting the claims could lead to additional piecemeal appeals, as NAAVC itself would have the potential opportunity for two appeals rather than one.

The nature of the overlap of Plaintiffs' claims is even more apparent when reviewing the paragraphs at the end of the Fourth Amended Complaint detailing Plaintiffs' legal claims. The RFRA claim begins with an allegation that "AYA, Villanueva, VOLC, NAAVC, and NAAVC's member churches and congregations ('RFRA Plaintiffs') are substantially burdened by the" CSA. *Id.* ¶ 133. That defined term—"RFRA Plaintiffs"—is used more than a dozen times in the paragraphs that follow to refer to Plaintiffs collectively. *Id.* ¶¶ 134-158. Where the complaint does refer to AYA and NAAVC separately by name, the allegations continue to rest on a common set of facts. *See, e.g.*, *id.* ¶ 138 ("On April 22, 2020, NAAVC and AYA were notified that their *joint* property, a container of Ayahuasca ordered for the use of NAAVC and AYA, had been seized by DHS . . . .") (emphasis added).

Because the underlying factual allegations are interrelated, and sometimes identical, "[w]ere *any* pending claim to follow [NAAVC's] dismissed [RFRA] claim to the Ninth Circuit in a further appeal, then, that return trip would require the appeals court to refamiliarize itself with this lawsuit," in violation of the Ninth Circuit's command to prevent piecemeal appeals. *Tsyn*, 2016 WL 7635883, at *3 (cleaned up).

### c. Allowing NAAVC to Immediately Appeal Would Risk Duplicative Litigation and the Unnecessary Expenditure of Judicial Resources.

"Apart from the common and intersecting facts, the nature of the claims makes piecemeal certification inappropriate." *Jewel*, 810 F.3d at 629. Because the "facts and legal theories relied upon" by NAAVC "to show standing . . . are not substantially different" from the arguments AYA will raise as it continues litigating before this Court, the "risk of duplicative litigation on [the] remaining claims" is significant. *Id.* Rule 54(b) motions should be denied where, as here, ongoing litigation in the district court and the proposed appeal would require each court to separately address similar arguments and defenses. There are numerous ways in which an immediate appeal may be duplicative of ongoing litigation in this Court; Defendants offer just two of the many possibilities for redundancy below.

First, upon review of AYA's Fifth Amended Complaint and Defendants' forthcoming motion to dismiss, this Court may conclude that AYA continues to lack

standing to pursue its RFRA claim.   AYA would presumably appeal that dismissal to the Ninth Circuit.   In two separate cases, then, the Ninth Circuit would be called to review this Court's dismissal of NAAVC's RFRA claim on standing grounds (based on the allegations in the Fourth Amended Complaint) and then to review this Court's dismissal of AYA's RFRA claim on standing grounds (based on the allegations in the Fifth Amended Complaint, which largely overlap those found in the Fourth Amended Complaint).

Second, even if NAAVC persuades the Ninth Circuit that it has standing, the Ninth Circuit would likely remand back to this Court to address the merits.   *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020) ("In general, an appellate court does not decide issues that the trial court did not decide.).   That is particularly true here because addressing the merits of Plaintiffs' RFRA claim would require developing a factual record regarding NAAVC's practices and the risk of diversion from their premises.   Unlike a case presenting a "purely legal issue" in "which the factual record is so fully developed as to render any further development irrelevant," the RFRA merits inquiry is a "question [that] could benefit from development of the record and will benefit from decision by the district court in the first instance."   *Planned Parenthood*, 946 F.3d at 1111, 1114.   If the Ninth Circuit agrees and remands, and if this Court separately decides that it can reach the merits of the remaining plaintiffs' RFRA claim, significant judicial resources would be wasted revisiting the same or related merits issues twice.

It is difficult to predict how litigating these cases on separate, parallel tracks would play out.   Defendants have raised a number of threshold defenses that may lead to dismissal before this Court or at the Ninth Circuit—dismissals that would have substantial bearing on the ongoing proceedings in the other forum.   Whatever the result of the district court and appellate litigation, there is a high likelihood that unnecessarily duplicative litigation would be the result.   Because Rule 54(b) is available only to "preserve[] the historic federal policy against piecemeal appeals," *Curtiss-Wright*, 446 U.S. at 8, NAAVC's motion should be denied.

13

### III.    NAAVC's Motion Should Be Denied Because It Cannot Establish That There Is No Just Reason for Delay.

The final requirement before relief may be awarded under Rule 54(b) is that the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Because NAAVC has not satisfied the first two Rule 54(b) requirements, the Court need not even reach this inquiry. *See Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (explaining that the "no just reason for delay" inquiry is "an assessment of basically equitable concerns, . . . made only after the 'judicial concerns' of the first step are satisfied"). Should it do so, however, NAAVC provides no basis for such a determination.

A court's determination that there is no just reason for delay "focus[es] on traditional equitable principles such as prejudice and delay." *Id.* But in this "usual case where some issues are adjudicated earlier than others," *Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 WL 8137145, at *4 (N.D. Cal. Dec. 3, 2019); *see also Wood*, 422 F.3d at 879 (noting that "partial adjudication of one of several related claims or issues is . . . routine"), neither principle favors granting the relief NAAVC seeks.

As to delay, NAAVC asserts that "[f]orcing NAAVC to wait to appeal the Court's standing decision until after resolving AYA's claims on the merits" would result in "manifest injustice and needlessly delay NAAVC's progress towards an adjudication on the merits that will provide the relief promised by Congress when it adopted RFRA," and, specifically, would "compel NAAVC to suffer additional financial injury due to the repeated seizure and destruction of sacramental medicines." Mot. 12-13. But the suggestion that NAAVC cannot wait for the resolution in district court of AYA's claims rings hollow in light of the history of this litigation.

First, NAAVC chose to bring its claims together with AYA, and the suggestion that it now cannot bear the yoke of its co-plaintiffs should not be countenanced. Moreover, when compared with those co-plaintiffs, NAAVC has pursued its claims with the least urgency. In particular, although NAAVC joined the unsuccessful July 2020 motion for preliminary injunction filed by all Plaintiffs, only AYA filed two subsequent (also unsuccessful)

preliminary injunction motions against Defendants in August 2020 and November 2021. *See* ECF Nos. 22, 33 & 137. Notably, the latter two, which NAAVC did not join, were based on the very RFRA claims for which NAAVC now claims an urgent need to appeal.

Second, the notion that it would be unjust for NAAVC to wait any longer to obtain appellate review lacks all force where, as here, Plaintiffs made numerous procedural decisions that prolonged this litigation, not the least of which was initially filing in a district in which venue was clearly lacking, Order (Nov. 6, 2020), ECF No. 65, and then taking an additional six months to file an amended complaint on which they wished to proceed, ECF No. 100.

Third, NAAVC has never sought an exemption under RFRA from DEA. Such an exemption constitutes the very relief NAAVC sought in the Fourth Amended Complaint, *see* ECF No. 109, Prayer for Relief 88-89 (¶¶ 1.i.-j.), 92 (¶¶ 1.b., f. & h.). Given that Plaintiffs began "preparing" to proceed via DEA's exemption process in "late 2017," ECF No. 53-1 ¶ 4, they could have submitted a RFRA exemption request at any time. If DEA had granted their petition, Plaintiffs would have what they seek in this case. And even if DEA had denied their petition, Plaintiffs would have been able to obtain immediate review in the Court of Appeals for the Ninth Circuit. 21 U.S.C. § 877. In other words, they chose not to pursue a more direct route to the appellate review they now claim to urgently need.

Finally, NAAVC alleges that it seeks through this litigation an exemption from the CSA so that it may "obtain[] importation permits to import sacramental Ayahuasca for distribution to" "visionary churches that obtain their own exemptions." ECF No. 109 ¶¶ 61, 155; *see also id.* ¶ 62. But NAAVC does not identify any other visionary churches, to which NAAVC wishes to distribute ayahuasca, that have themselves secured—or even *sought*—their own RFRA exemptions from the CSA. Plaintiffs' allegations suggest that AYA is one such visionary church to which NAAVC might distribute ayahuasca, but of course AYA does not currently have an exemption and only intends to obtain one through this litigation. In this regard, it is hard to conceive of how the specific relief NAAVC itself seeks is so urgent as to

15

require appellate resolution of its standing before any of its member churches have crossed the standing threshold for their own claims.

With respect to prejudice, NAAVC makes no argument that this equitable factor favors granting them the extraordinary relief they seek.  Nor could they, for they suffer no independent prejudice from awaiting the normal procession of litigation.  On the other hand, however, Defendants and the courts would be prejudiced by piecemeal appellate review.  As explained *supra* at Argument § II.b.-c., the substantial factual and legal overlap of NAAVC's claims with those of the remaining plaintiffs would very likely result in duplicative briefing and review, and accordingly the unnecessary expenditure of judicial resources, in this Court and in the Court of Appeals.  *See Jewel*, 810 F.3d at 630 ("Our consideration of the single issue served up for interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems." (citing *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990) ("The interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here also suggests that it was not in the interests of sound judicial administration for the district court to certify this judgment as final."))).

## CONCLUSION

For the foregoing reasons, NAAVC's motion should be denied.

Dated: June 3, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
LISA NEWMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW

16

Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically transmitted the foregoing response to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

*/s/ Lisa Newman*
LISA NEWMAN

17