JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorney for North American Association of
Visionary Churches

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Arizona Yagé Assembly, North American
Association of Visionary Churches, Clay
Villaneuva, and the Vine of Light Church,

        Plaintiffs,

    vs.

Merrick Garland, Attorney General of the
United States, *et al.*,

        Defendants.

**Case No.:20-CV-02373-ROS**

**NAAVC'S REPLY TO FEDERAL
DEFENDANTS' OPPOSITION
TO MOTION FOR ENTRY OF
FINAL JUDGMENT UNDER
RULE 54(b)**

# TABLE OF CONTENTS

Table of Authorities ................................................................................. iii

I.   Introduction .......................................................................................1

II.  The Court's Dismissal Order is an Appealable Judgment as to NAAVC's
     Claims ...............................................................................................1

III. Allowing the Ninth Circuit to Immediately Review NAAVC's Standing Under
     RFRA is a Pragmatic Approach that Will Serve Judicial Economy ...................2

IV.  The Federal Defendants Completely Ignore the Recent Incarceration and Death
     of NAAVC's Board Member .................................................................4

V.   Maricopa County and Matthew Shay Do Not Oppose Certification of the §
     1983 claims; There is No Risk of Piecemeal Litigation Because AYA Does Not
     Have a 42 U.S.C. § 1983 Claim............................................................6

VI.  Conclusion .......................................................................................7

# Table of Authorities

*Ariz. State Carpenters Pension Tr. Fund v. Miller*,
    938 F.2d 1038 (9th Cir. 1991) ............................................................................ 1

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
    CASE NO. 14cv0751-GPC-DHB, 2015 U.S. Dist. LEXIS 72008 (S.D. Cal. June
    3, 2015) ................................................................................................................ 2

*Burghardt v. Borges*,
    No. 20-16763, 2020 WL 7352029 (9th Cir. Oct. 15, 2020) ............................... 2

*Hameed v. IHOP Franchising*,
    2011 U.S. Dist. LEXIS 37852 at * 3 (E.D. Cal. Mar. 31, 2011), ...................... 2

*Jewel v. NSA*,
    810 F.3d 622 (9th Cir. 2015) .............................................................................. 3

*Lopez v. City of Needles*,
    95 F.3d 20, 22-23 (9th Cir. 1996) ...................................................................... 2

*Noel v. Hall*,
    568 F.3d 743 (9th Cir. 2009) .............................................................................. 4

*Sheehan v. Atlanta Int'l Ins. Co.*,
    812 F.2d 465 (9th Cir. 1987) .............................................................................. 4

Texaco, *Inc. v. Ponsoldt, 939 F.2d*
    794, 798 (9th Cir. 1991) ..................................................................................... 3

*WMX Techs. v. Miller*,
    104 F.3d 1133 (9th Cir. 1997) ............................................................................ 2

*Wood v. GCC Bend, L.L.C.*,
    422 F.3d 873 (9th Cir. 2005) .......................................................................... 3, 4

42 U.S.C. § 1983 .................................................................................................. 6, 7

## I.      Introduction

The Federal Defendants construe the Controlled Substances Act in a way that impedes the Free Exercise religious rights of the North American Association of Visionary Churches ("NAAVC").  As a result, NAAVC's constitutional rights are continuously under assault and NAAVC members face criminal sanctions for practicing their religion.  For NAAVC members, justice delayed is justice denied.

This Court dismissed NAAVC's RFRA claims for lack of standing.  NAAVC is seeking certification under Rule 54(b) in order to protect the fundamental constitutional rights of its members.  In response, the Federal Defendants attempt to minimize the harms suffered by NAAVC and seek to prolong the violation of NAAVC's fundamental constitutional right to Free Exercise.

## II.     The Court's Dismissal Order is an Appealable Judgment as to NAAVC's Claims

NAAVC demonstrated in its affirmative memorandum that this Court's Order dismissing NAAVC's claims was an appealable judgment for the purposes of Rule 54(b).  *See* ECF No. 158 at 9; *see also Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) ("A decision is final ... if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") *quoting Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988).  The dismissal of all of NAAVC's claims effectively ends the litigation on the merits for NAAVC.

The Federal Defendants argue that Rule 54(b) is inappropriate because this Court dismissed the claims "with leave for amend."  ECF. No. 162 at 10.  This argument fails because NAAVC has expressly and explicitly stated in its Rule 54(b) motion that it does not intend to amend its complaint.  *See* ECF No. 157 at 8 ("only AYA will be amending its complaint to provide additional specificity about its religious practices in the future.").  "Where the plaintiff expresses in a filed brief that he does not intend to amend his complaint, 'the district court [has] an

opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable.'" *Bona Fide Conglomerate, Inc.*, 2015 U.S. Dist. LEXIS 72008, at *6 (quoting *Lopez v. City of Needles*, 95 F.3d 20, 22-23 (9th Cir. 1996)).  In light of NAAVC's statement that it does not intend to amend its Complaint, it is appropriate for this Court to dismiss the claims against NAAVC without leave to amend and certify the matter for appeal pursuant to Rule 54(b).  *Id.*; *Hameed v. IHOP Franchising*, 2011 U.S. Dist. LEXIS 37852 at * 3 (E.D. Cal. Mar. 31, 2011) ("Because Plaintiff has declined to amend his complaint, this Court will render a final judgment on the dismissed claims in satisfaction of the second requirement.").

The Federal Defendants rely on two inapposite cases.  *WMX Techs. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) and *Burghardt v. Borges*, No. 20-16763, 2020 WL 7352029, at *1 (9th Cir. Oct. 15, 2020) were decided, not in the context of a Rule 54(b) motion, but rather, after the dismissed plaintiffs filed improvident notices of appeal instead of moving for final judgment under Rule 54(b).  "[W]hen a district court expressly grants leave to amend, it is plain that the order is not final. ***Something more is both anticipated and required***.  In that event, a further step must be taken to 'fix an unequivocal terminal date for appealability,' and to avoid 'the hazards of confusion or misunderstanding as to the time for appeal.'" *Id.* (quoting *Jung v. K. & D. Mining Co., Inc.*, 356 U.S. 335 (1958) (emphasis added).  NAAVC's Rule 54(b) motion is the "something more" that satisfies the requirement. *See Lopez*, 95 F.3d at 22-23.  For the reasons outlined here and below, the Court should modify its Order, dismiss the claims against NAAVC without leave to amend, and certify the matter for appeal pursuant to Rule 54(b).  *Id.*

## III.   Allowing the Ninth Circuit to Immediately Review NAAVC's Standing Under RFRA is a Pragmatic Approach that Will Serve Judicial Economy

Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration."  *Wood v. GCC Bend LLC*, 422

F.3d 873, 880 (9th Cir. 2005).  Thus, the primary issue for the Court is whether a Rule 54(b) certification would make successive appeals on the same issue likely. Here, there is almost no chance of successive appeals on the RFRA standing issue. In dismissing AYA and NAAVC's claims, this Court made clear that the sole issue was whether the plaintiffs had identified a sufficiently "***concrete plan***" to violate the CSA.  ECF. No. 153 at 10 (emphasis added).  AYA has filed a Fifth Amended Complaint alleging a concrete plan to violate the Controlled Substances Act, which addresses the Court's concern about AYA's standing to bring a RFRA claim.  ECF No. 159 at ¶¶ 69-73.  Because it is now highly unlikely that AYA's RFRA claims will be dismissed for lack of standing, the likelihood of a successive appeal on this issue is also highly unlikely.

The proper focus in the Court's analysis, is on facts going to standing, and the Government has identified no common facts to be proven regarding the unique and independent bases for ***standing*** of NAAVC and AYA.  From the outset, there are notable differences between the two religious groups: AYA's members are natural persons, and NAAVC's members are visionary churches.  The Federal Defendants have failed to identify any overlapping facts that will be more efficiently determined in a single proceeding.  Nor are, as the government contends, mere overlapping facts inimical to certification.  Claims with "overlapping facts" can be "separate for purposes of Rule 54(b)."  *Wood v. GCC Bend, L.L.C.*, 422 F.3d 873, 881 (9th Cir. 2005).  The inquiry under Rule 54(b) "does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628 (internal quotation marks omitted).

Indeed, this Court may enter judgment under Rule 54(b) even where the remaining claims would require proof of the same facts involved in the dismissed claims.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citing *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987)

and finding that "although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation."); *see also Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("[W]e have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would streamline the ensuing litigation."); *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims.").  An immediate appeal preserves the possibility that NAAVC's RFRA claims could yet be adjudicated in a single proceeding with AYA's RFRA claims while the cases are still pending and discovery is ongoing.  At that point, it would serve judicial economy to put NAAVC on the same discovery schedule as AYA and for the claims to move forward on the same track toward trial.

The Federal Defendants helpfully note that if the Ninth Circuit were to remand NAAVC's claims, "and … this Court separately decides that it can reach the merits of the remaining plaintiffs' RFRA claim, significant judicial resources would be wasted revisiting the same or related merits issues twice."  ECF No. 162 at 17.  Far from an argument against a Rule 54(b) certification, this possibility strongly favors immediate appeal of the dismissal of NAAVC's RFRA claims by the Ninth Circuit.  The pragmatic approach is to allow NAAVC to immediately appeal the Order dismissing its RFRA claims for lack of standing, rather than force NAAVC to sit on the sidelines while this Court resolves AYA's claim.

## IV.   The Federal Defendants Completely Ignore the Recent Incarceration and Death of NAAVC's Board Member

The Federal Defendants mechanically argue that NAAVC's invocation of urgency is "rings hollow."  ECF No. 162 at 18-19.  NAAVC has alleged that the arrest and incarceration of NAAVC Board member Clay Villanueva, and now his death, created the very sense of urgency of which the Federal Defendants feign

ignorance.  Mr. Villanueva was targeted and arrested because DEA agent Marco Paddy provided a tip to HDITA Task Force members in Maricopa County.  Mr. Villanueva was criminally investigated and prosecuted despite the fact that law enforcement officers *knew* that Mr. Villanueva was a minister of the Vine of Light Church and *knew* that Ayahuasca communion was a central feature of Mr. Villanueva religious Free Exercise.   Mr. Villanueva's health deteriorated dramatically while incarcerated and he was forced to make several trips to the hospital during his period of incarceration.  Mr. Villanueva's health did not stabilize following his release on bond and, as a direct result of his incarceration, Mr. Villanueva suffered a premature death on April 1, 2022.

The Federal Defendants do not address the illegal incarceration of Mr. Villanueva in their opposition, much less acknowledge that this needless enforcement action led to Mr. Villanueva's premature and untimely death at the young age of 60.  But ignoring Mr. Villanueva's death cannot make it go away.  The Federal Defendants currently interpret the Controlled Substances Act in a manner that criminalizes Ayahuasca and the practice of visionary religion, and every day NAAVC members put themselves at risk of incarceration and death because of this erroneous interpretation.  This is the manifest injustice that NAAVC referred to in its affirmative motion.

NAAVC seeks a RFRA exemption so that its members can practice their religion without fear of criminal sanction.  The Federal Defendants correctly point out that none of the Visionary Churches that have joined NAAVC have secured a RFRA exemption from the CSA.  ECF No. 162 at 19.  That is precisely the point – NAAVC is seeking an immediate appeal so that it can assert RFRA exemptions on behalf of its members.  One of NAAVCs primary goals is for its members to feel comfortable practicing their religion in the open.  There is simply "no just reason" to delay an appeal that will defend the basic constitutional and religious rights of NAAVC's members.

**V.      Maricopa County and Matthew Shay Do Not Oppose Certification of the § 1983 claims; There is No Risk of Piecemeal Litigation Because AYA Does Not Have a** 42 U.S.C. § 1983 **Claim**

Separate and apart from NAAVC's RFRA claim, NAAVC seeks entry of a final judgment so it may appeal this Court's Order dismissing NAAVC's § 1983 claims against Maricopa County (with leave to amend), dismissing NAAVC's § 1983 claims against the Federal Defendants (with leave to amend), and dismissing NAAVC's claims against Defendant Matthew Shay (without leave to amend).  ECF No. 153 at 4, 23.  Neither Defendant Maricopa County nor Matthew Shay filed an opposition to NAAVC's Rule 54(b) motion seeking entry of a final judgment on these claims.

In a long footnote, the Federal Defendants oppose NAAVC's Rule 54(b) motion on its § 1983.  ECF No. 162 at 11 fn 3.  This argument should be rejected because, as the Federal Defendants concede, the RFRA claims asserted in this case by AYA and NAAVC are separate and distinct from the § 1983 claims asserted only by NAAVC.  AYA has not asserted a §1983 claim and there is no connection or factual overlap between AYA and NAAVC with respect to the §1983 claims.  Thus, there is no risk of piecemeal litigation on the § 1983 claims and no risk that the parties will be given "two bites at the appellate apple."

In addition, the equities clearly favor immediate appeal and the Federal Defendants' opposition.  As discussed above, NAAVC Board member Clay Villanueva was targeted, investigated, arrested and incarcerated for practicing his religion.  These law enforcement actions ultimately led to Mr. Villanueva's untimely death.  NAAVC's §1983 claims against the Federal Defendants, Maricopa County and Matthew Shay are intended to remedy these prior violations of civil rights *and* to enjoin the future enforcement of the Controlled Substances Act in a manner that tramples the Constitutional rights of NAAVC members.  There is no just reason for the continued violation of NAAVC's religious Free Exercise rights and therefore no

just reason for this Court to delay appellate review of NAAVC's dismissed §1983 claims.

**VI.    Conclusion**

For the foregoing reasons, NAAVC respectfully requests that this Court enter an order granting NAAVC's Motion under Rule 54(b).  NAAVC further requests that this Court modify its March 30, 2022, Order to dismiss the claims against NAAVC without leave to amend, and certify the matter for appeal pursuant to Rule 54(b).  *Id.*

 Dated: June 27, 2022                                    Respectfully submitted,


                                                         /s/*John Sullivan*
                                                         JOHN SULLIVAN
                                                         Attorney for Plaintiffs
                                                         Arizona Yagé Assembly,
                                                         North American Association of
                                                         Visionary Churches, and Clay
                                                         Villanueva