**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Merrick B. Garland, et al., | |
| Defendants. | |

Before the Court is Plaintiff North American Association of Visionary Churches' ("NAAVC") Motion for Entry of Final Judgment Under Rule 54(b). (Doc. 157). NAAVC asks the Court to enter judgment against it—but not any other Plaintiff—so that it may appeal the Court's March 30, 2022 Order. (Doc. 153).

The Motion (Doc. 157) will be denied.

## BACKGROUND

Plaintiffs Clay Villanueva,[1] Arizona Yage Assembly, North American Association of Visionary Churches, and the Vine of Light Church brought this action against a variety of state and federal government officials and entities seeking monetary, injunctive, and declaratory relief. (Doc. 109 at 87-94). Plaintiffs brought claims against the United States; Merrick Garland, the U.S. Attorney General, Anne Milgram, the Administrator of the Drug Enforcement Agency ("DEA"), Alejandro Mayorkas, the Secretary of the Department of Homeland Security ("DHS"), and Chris Magnus, the Commissioner for U.S. Customs and

---

[1] Plaintiff Clay Villanueva was voluntarily dismissed on June 2. (Doc. 161). Plaintiff Wilfred Scott Stanley III joined the Fifth Amended Complaint. (Doc. 159).

Border Protection ("CBP") (collectively, "the Federal Defendants") in their official capacities under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq.; claims against the United States and DEA under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, et seq.; claims against a DEA agent under 42 U.S.C. § 1983; and claims against state entities and personnel under § 1983 and state laws. (Doc. 109 at 43-87).

On March 30, 2022, the Court dismissed Plaintiffs' Fourth Amended Complaint. (Doc. 153). The Court granted Plaintiffs leave to amend their RFRA and § 1983 claims against the Federal Defendants. (Doc. 153 at 23). A Fifth Amended Complaint, joined by all Plaintiffs except NAAVC, was filed on May 15, 2022. (Doc. 159). Rather than joining the Fifth Amended Complaint, NAAVC moved for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) so it can immediately appeal the Court's March 30 Order. (Doc. 157 at 1-2).

**ANALYSIS**

The Federal Rules of Civil Procedure provide: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court established the framework for Rule 54(b) motions in *Sears, Robuck & Co. v. Mackey*, 351 U.S. 427 (1956) and *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980). *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-78 (9th Cir. 2005). "To determine whether Rule 54(b) certification is appropriate, the district court 'must first determine that it is dealing with a 'final judgment.''" *Stanley v. Cullen*, 633 F.3d 852, 864 (9th Cir. 2011) (quoting *Curtiss-Wright*, 466 U.S. at 7). If so, the court "must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 466 U.S. at 8. It is within the discretion of the district court to grant or not grant Rule 54(b) in order to "to prevent piecemeal appeals in cases which should be reviewed only as single units." *Stanley*, 633 F.3d at 864-65 (quoting *id.*, at 10).

The March 30 dismissal Order against Plaintiffs was not a final judgment because the Court granted leave to amend. (Doc. 153 at 12-13, 23); *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final.") (emphasis omitted). In the Motion for Entry of Final Judgment, NAAVC argues dismissal with leave to amend is a final judgment. (Doc. 157 at 9) (citing *Santa Clara v. Andrus*, 572 F.2d 660, 665-66 (9th Cir. 1978)). However, the case NAAVC relies on, *Santa Clara*, is in contrast with the Ninth Circuit's en banc ruling in *WMX Technologies*: "We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. . . . To the extent that any of our cases may suggest a different rule, we now overrule them." *WMX Techs.*, 104 F.3d at 1136.

Even if the March 30 Order could be construed as final judgment, the interest in preventing piecemeal appeals justifies denial of the Motion for Entry of Final Judgment (Doc. 157). *See Stanley*, 633 F.3d at 864-65 (citation omitted). As Defendants point out, NAAVC's case is in almost all material respects identical to that of the other Plaintiffs. (Doc. 162 at 1). They raise similar or the same claims against the same Defendants arising from the same violation of their rights—the seizure of ayahuasca belonging to AYA and NAAVC by DHS and the alleged threat of prosecution by the DEA. They chose to litigate together with the same counsel and have joined almost all of the same filings. The only issue separating NAAVC from the other Plaintiffs is that NAAVC raised a § 1983 claim against the DEA in addition to a RFRA claim. (Doc. 109 at 66).

Courts routinely deny Rule 54(b) judgment when, as here, the facts underlying plaintiffs' claims overlap. *See, e.g., Wood*, 422 F.3d at 883 ("[T]he interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals."); *Gonzalez v. U.S. Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *4 (D. Ariz. Apr. 8, 2021); *Williams v. Winget*, No. CV-19-05096-PHX-MTL, 2021 WL 2262544, at *2 (D. Ariz. June 3, 2021); *Escalera v. Corizon Health Inc.*, No.

CV-19-4934-PHX-MTL-JFM, 2020 WL 5593848, at *7 (D. Ariz. Sept. 18, 2020); *First Amend. Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *2 (D. Ariz. Aug. 10, 2016).

If the Court granted judgment against NAAVC, the Ninth Circuit might be forced to hear successive, materially indistinguishable appeals regarding NAAVC and the other Plaintiffs. The interest in efficient judicial administration thus counsels against entry of final judgment.

## CONCLUSION

The parties chose not to appeal the Court's March 30 Order on an interlocutory basis. *See* 28 U.S.C. § 1292(a)(1). The Court cannot now authorize an appeal by granting final judgment because a final ruling has not been made within the meaning of *WMX Technologies*. What is more, the Court would not enter judgment against NAAVC pursuant to Rule 54(b) in order "to prevent piecemeal appeals in cases," such as this, "which should be reviewed only as single units." *Stanley*, 633 F.3d at 864-65 (citation omitted).

Accordingly,

**IT IS ORDERED** the Motion to Enter Final Judgment Under Rule 54(b) (Doc. 157) is **DENIED**.

Dated this 25th day of July, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge