JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

CHARLES CARREON (CSB #127139)
305 Cuprite Street
Tyrone, New Mexico 88065
Tel: 928-975-2191
Email: chascarreon@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the U.S. Drug Enforcement Administration; Alejandro Mayorkas,, Secretary of the Dept. of Homeland Security; and Chris Magnus, Commissioner of U.S. Customs and Border Protection.<br><br>　　　　　Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>DECLARATION OF WINFIELD SCOTT STANLEY III IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS FIFTH AMENDED COMPLAINT |

# DECLARATION OF WINFIELD SCOTT STANLEY III IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Winfield Scott Stanley III, hereby declares and affirms:

1. I am the founder of plaintiff Arizona Yage Assembly ("AYA"), and the Chair of the Board of Directors of plaintiff North American Association of Visionary Churches ("NAAVC"). I make this declaration in support of AYA's Opposition to the Federal Defendants' Motion to Dismiss the Fifth Amended Complaint. If called as a witness, I could and would so competently testify.

2. AYA is a religious nonprofit corporation whose religious exercise, and that of their member churches and congregants, is substantially burdened by laws prohibiting importation, distribution, and possession of Ayahuasca, an herbal tea that contains a small amount of Dimethyltryptamine ("DMT"), a Schedule I controlled substance under the Controlled Substances Act 21 U.S.C. § 801 et. seq. (the "CSA").

3. For example, attached hereto as Exhibit 1 is a true and correct copy of an email I received recently from a person who canceled their scheduled attendance for an upcoming ceremony in November at our AYA ceremonial maloka in the District of Arizona, the salient portion of which I quote for the Court's convenience: "I have had a growing uneasy feeling … that I cannot trust your container because of the US governments stance on the medicine. I signed up for the event after a seemingly convincing conversation with one of your facilitators, [name redacted]. At that time he put many of my fears at ease but I've realize that I will not feel safe during the journeywork if I believe there is a chance it could be raided by the police."

4. Although the briefs filed by the Federal Defendants in this action have repeatedly claimed that my congregation members are not under threat of "imminent arrest," they have arrested or threatened to arrest members of my congregation following (and not prior to) our initiation of this federal legal action.. The Federal Defendant's claim of no threat of "imminent arrest."  may signal only that the DEA is not planning to arrest me or my congregation members today. After all, a short few weeks after AYA

DECLARATION OF WINFIELD SCOTT STANLEY III IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS FIFTH AMENDED COMPLAINT

2

church member Clay Villanueva was assured in defense briefs that plaintiffs were not at risk of prosecution, he was arrested on a warrant that had already been issued by the Arizona Superior Court in a secret grand jury proceeding that was initiated during the very time when we were being assured by Defendants that there was no imminent threat of prosecution.  Accordingly, the assurances of the Federal Defendants do not diminish my reasonable fear of prosecution.  The people in my congregation live daily under the threat of arrest for engaging in their free exercise of religion.

5. As noted in the text of the email above, the issue for the members of my congregation is not that they may be arrested *soon*, but rather that they may be arrested at *any time*; as if by virtue of their religious practice, they are engaged in an ongoing criminal activity, rather than a protected First-Amendment activity.  And although the Department of Justice may point to the lack of convictions as testimony to my congregation members not being under threat of imminent arrest, threats of arrest made to individual members of my congregation, whether actualized or not, result in the intimidation of my congregation as a whole.

6. The facts laid out in the declaration of our counsel, establishing that DHS agents like Agent Smyrnos are secretly contacting AYA church members and attempting to turn them into informants against the congregation, is deeply unsettling, and substantially burdens the free exercise of our entire church.  To know that Agent Smyrnos would go to the extreme of monitoring the shipment of lawful products useful in the practice of Visionary Religion, and use purchases of legal cactus material as a pretext for entering the homes of AYA members and planting their message of fear, attempting to induce them to betray me and their fellow congregation members, is troubling behavior from a government I seek to respect through the lengthy process of this litigation.  As a church, I do not expect to have my congregation stalked, monitored, and queried to establish informants,  like some illegal organization, but that is what has occurred.

7. It is notable that Federal Defendants make no affirmative statements or representations regarding active investigations or prosecutions of AYA.  Federal

Defendants do not say "DEA agents are not currently monitoring the activities of AYA or Winfield Scott Stanley," or "there are no active criminal investigations of AYA or its members." Rather, the Federal Defendants use evasive language that castigates us in their briefs for insufficiently proving that such investigations are now taking place. They do this while, at the same time, leaving open the very real possibility that the Department of Justice is planning to empanel a grand jury and prosecute one or more of the people in my church.

8. In fact, the primary reason for the failure of our settlement talks with Defendants this summer, for which they had initially approached us, is their refusal not to use statements obtained during our settlement talks against us in prosecution. We had asked Defendants for a temporary exemption period, while we entered into settlement-talk review. This the Defendants refused to do, and instead characterized our proposal in the parlance of a criminal investigation as a request for immunity from prosecution. Defendants were unwilling to moderate their prosecutorial orientation to allow Plaintiffs to make disclosures that might be helpful to settlement discussions. If Defendants were unwilling to withdraw the threat of prosecution during the short period of settlement talks, they're certainly unwilling to do so now without a court ruling  Accordingly, without a ruling from this honorable Court, it is clear to me that I and the AYA congregation will not receive access to the least restrictive means regime for the importation and sharing of Ayahuasca that the UDV and the Santo Daime currently enjoy.

9. The threat of arrest is not imminent for my congregation at some future and unknown date, it is with us now. The people in our congregation understand that we live under this open threat by law enforcement. As a church we are more than willing to engage in the time and expense of this litigation, to protect our free exercise. But these

/ / /

/ / /

/ / /

ongoing threats of arrest are ones which we cannot fully assuage with our members and potential members, as exemplified by the email quoted above, without receiving a remedy from this honorable Court.

 I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on October 17, 2022 at Tucson, Arizona.

*/s/ Winfield Scott Stanley III*

Winfield Scott Stanley III