# EXHIBIT 5

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| **STATE OF ARIZONA,** | NO. V1300CR202180074 |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | Assigned to Division 7____ |
| **ADAM BERGER DEARMON,** | |
| Defendant. | |
| DOB: REDACTED | |

The **STATE OF ARIZONA** and the Defendant hereby agree to the following disposition of this case:

**PLEA:**    The Defendant agrees to plead **GUILTY** to:

Count 9 of the Indictment: **POSSESSION OF DRUG PARAPHERNALIA (NON-METHAMPHETAMINE, NON-MARIJUANA RELATED)**, committed on or about February 2, 2021, in violation of ARS §13-3415(A), a class 6 undesignated felony.

This is a non-dangerous, non-repetitive offense under the Criminal Code.

**TERMS:**    On the following understanding, terms and conditions:

1. Pursuant to A.R.S. §§13-702 and 13-701, a class 6 felony carries a presumptive sentence of 1 year, a minimum sentence of .5 year (a mitigated sentence of .33 year), and a maximum sentence of 1.5 years (an aggravated sentence of 2 years). If designated a misdemeanor, the crime carries a maximum sentence of 6 months in the Yavapai County Jail and a maximum fine of $2,500.00 plus 78% in surcharges. If a fine, penalty or forfeiture is imposed, Defendant must pay a $20.00 probation surcharge.

Pursuant to A.R.S. §13-801, the maximum fine that can be imposed for each felony is **$150,000** plus 78% in surcharges.

Probation is available for a term not to exceed 3 years.

Restitution of economic loss is not an issue.

1

_____
Defendant's Initials

A defendant who is sentenced to prison is eligible to earn a release credit day for every six (6) days served.

If/when Defendant is sentenced to prison, Defendant shall also be sentenced to serve a term of **community supervision** equal to one-seventh of the prison term; this community supervision term shall be served consecutively to the actual period of imprisonment. If Defendant fails to abide by the conditions of community supervision, Defendant can be required to serve the remaining term of community supervision in prison.

Pursuant to A.R.S. §13-610, Defendant shall submit to deoxyribonucleic acid (DNA) testing for law enforcement identification purposes.

**Special conditions regarding sentence, parole, or commutation, if any:**

Any undesignated class 6 felony offense may be designated as a felony or misdemeanor by the Court according to the provisions of A.R.S. §13-604 or 13-702(G).

2. The parties stipulate to the following additional terms (subject to Court approval at sentencing as set forth in paragraph 8):

Defendant agrees to make a factual basis for the change of plea.

The parties stipulate that Defendant shall be placed on a term of supervised probation for a period of three (3) years.

The parties stipulate that any undesignated offense cannot be designated a misdemeanor until Defendant successfully completes a term of probation.

Defendant shall pay a fine of not less than $750.00 plus 78% in surcharges. If Defendant is required by law to pay a fine as part of the special conditions of sentencing for a particular offense, then the Court shall impose the greater of the fines plus surcharges. The fine and/or surcharges shall not be waived by the Court. Pursuant to A.R.S. §12-116.09, Defendant shall also pay a $2.00 victims' rights enforcement fund penalty assessment.

Pursuant to A.R.S. §13-4436 and/or stipulation of the parties, the Court shall retain jurisdiction to decide any and all victim restitution issues in this matter during any period of probation or imprisonment imposed upon Defendant (or any other constitutionally or statutorily authorized period of time) including the amount of restitution (unless it is already stipulated in this Plea Agreement). For purposes of any restitution hearing, the parties stipulate that the Arizona Rules of Evidence shall not apply to the presentation of evidence to the Court by the State on behalf of the victim(s) or their subrogees (including,

_____
Defendant's Initials

but not limited to, the Yavapai County Crime Victim Compensation Fund and/or the victim(s)'s insurance or benefit plan) or any third parties who provided or will provide medical or mental health services to the victim(s).  Additionally, the parties stipulate that in lieu of victim testimony, the Court may consider written statements or summaries from the victim(s) or estate of the victim(s) concerning restitution.  Defendant agrees that the amount of restitution will not be limited by the nature or level of the particular crime(s) pled to above.  Defendant agrees to fully repay any third parties who provided or will provide medical or mental health services to the victim(s) arising from defendant's conduct, notwithstanding any agreement between the third party and the victim (or anyone acting on the victim's behalf) that reduced the victim's obligation to repay the full amount of the debt through any agreement.  Defendant agrees to pay restitution to the victim(s) of his criminal conduct, or their subrogees or any third parties who provided or will provide medical or mental health services to the victim(s) (see above), whether or not they are included in the Indictment/Information or this Plea Agreement.  Defendant understands that any restitution shall incur interest at the statutory rate of ten percent (10%) per annum.

Defendant shall not enter or remain in the United States in violation of any federal immigration laws.

3.  The following charges are dismissed, or if not yet filed, shall not be brought against Defendant:

All remaining counts of the Information or Indictment not pled to above.

4.  This Plea Agreement, unless rejected or withdrawn or subsequently set aside in post-conviction proceedings, serves to amend the complaint, indictment, or information to charge the offense to which Defendant pleads, without the filing of any additional pleading.  If the Plea Agreement is rejected or withdrawn, or if the conviction is subsequently set aside in post-conviction proceedings, the original charges and any charges that are dismissed by reason of this Plea Agreement are automatically reinstated.  Defendant hereby waives any statute of limitations defense as to charges dismissed pursuant to this Plea Agreement.

5.  Defendant, by entering this Plea Agreement, hereby waives and gives up his rights to a preliminary hearing or other probable cause determination on the charges to which he pleads.  Defendant agrees that this Plea Agreement shall not be binding on the State should Defendant be charged with or commit a crime between the time this Plea Agreement was offered by the State to the Defendant and the time for sentencing in this cause; nor shall this Plea Agreement be binding on the State until the State confirms all representations made by Defendant and his attorney, to-wit: Defendant avows that he has no prior felony convictions, and agrees, should it be determined that he does have one or more felony convictions, to waive double jeopardy to allow the State to withdraw from this Plea

3

_____
Defendant's Initials

Agreement and to reinstatement of the original charges together with the further possibility of an allegation of such prior record at the discretion of the prosecutor.

Defendant avows that all personal identifying information (name, partial social security number, and date of birth) contained in this Plea Agreement is true and correct. Further, Defendant acknowledges that the State has relied on the personal information provided at his arrest before offering this Plea Agreement and understands that if the personal identifying information contained herein is false, the State may withdraw from this Plea Agreement and that he may be subjected to further prosecution for these false statements.

6. Unless this Plea Agreement is rejected or withdrawn, Defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the Court's entry of judgment against him and imposition of a sentence upon him consistent with this Plea Agreement. Defendant acknowledges that by entering this Plea Agreement he will have no right of direct appeal (A.R.S. §13-4033).

7. The parties hereto fully and completely understand and agree that by entering into this Plea Agreement, Defendant consents to judicial fact-finding by a preponderance of the evidence as to any aspect or enhancement of sentence, and that any sentence either stipulated to or recommended herein in paragraph 2 is not binding on the Court. In making the sentencing determination, the Court is not bound by the rules of evidence. If, after accepting this Plea Agreement, the Court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the State and Defendant each an opportunity to withdraw from the Plea Agreement. In the event this Plea Agreement is withdrawn, all original charges will be automatically reinstated.

8. The parties hereto fully and completely understand and agree that it is the Court's duty to impose sentence upon Defendant and that any sentence either stipulated to or recommended herein in paragraph 2 is not binding upon the Court, and that the Court need not accept either the stipulation or recommendation but is bound only by the limits set forth in paragraph 1 and the applicable statutes.

9. This Plea Agreement in no way prohibits or hinders the State's ability to pursue a civil forfeiture or other property forfeiture or other property forfeiture action pursuant to Titles 13, 28 or other applicable sections of the Arizona Revised Statutes or Federal law.

10. If you are not a citizen of the United States, pleading guilty or no contest to a crime may affect your immigration status. Admitting guilt may result in deportation, even if the charge is later dismissed. Your plea or admission of guilt could result in your deportation or removal, could prevent you from ever being able to get legal status in the United States, or could prevent you from becoming a United States citizen.

_____
Defendant's Initials

I have read and understand the provisions of this Plea Agreement. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading **guilty,** I will be waiving and giving up my right to a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above in paragraph 1, to confront, cross-examine, compel the attendance of witnesses, to present evidence in my behalf, my privilege against self-incrimination and the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein. I fully understand that if, as part of this plea bargain, I am granted probation by the Court, the terms and conditions thereof are subject to modification at any time during the period of probation. I understand that if I violate any of the written conditions of my probation, my probation may be terminated and I can be sentenced to any term or terms stated above in paragraph 1.

I have personally and voluntarily placed my initials on each page of this Plea Agreement and I have signed the signature line below to indicate that I have read and approved of all of the previous paragraphs in this Plea Agreement, both individually and as a total binding agreement.

_____   _____
Date                                                            **ADAM BERGER DEARMON**
                                                                         Defendant

I have discussed this case with my client in detail and advised my client of his constitutional rights and all possible defenses. I believe that the defendant's plea is knowing, intelligent, and voluntary and that the plea and disposition are consistent with law.

_____   _____
Date                                                            **Charity Clark**
                                                                         Attorney for Defendant

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

February 24, 2022                                    *[signature]*
_____   _____
Date                                                            **Christopher G. Michalsky**
                                                                         Deputy County Attorney

_____
Defendant's Initials

6

_____
Defendant's Initials