**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Arizona Yage Assembly, et al.,

          Plaintiffs,

v.

Merrick B. Garland, et al.,

          Defendants.

No. CV-20-02373-PHX-ROS

**ORDER**

      Plaintiffs Arizona Yage Assembly ("AYA") and Winfield Scott Stanley III ("Stanley"), AYA's Founder and Director, have filed a Fifth Amended Complaint alleging claims against Merrick Garland, the United States Attorney General, Anne Milgram, the Administrator of the Drug Enforcement Agency ("DEA"), Alejandro Mayorkas, the Secretary of the Department of Homeland Security ("DHS"), and Chris Magnus, the Commissioner for U.S. Customs and Border Protection ("CBP") (collectively, "the Agency Defendants") in their official capacities. That complaint alleges sufficient facts to establish standing as well as sufficient facts establishing a burden on Plaintiffs' religious practices. Therefore, the motion to dismiss will denied.

## FACTUAL BACKGROUND

      AYA describes itself as a "Visionary Church"; church members allegedly use and share ayahuasca as part of their religious ceremonies. (Doc. 159 at ¶ 8). Ayahuasca is a tea brewed from plants containing a hallucinogenic compound, dimethyltryptamine ("DMT"). (*Id.*) DMT is listed as a Schedule I controlled substance under the Controlled Substances

Act ("CSA").

Plaintiffs allege four shipments of ayahuasca from Peru to AYA have been seized by the federal government between April and December 2020. (Doc. 159 at ¶¶ 41, 42, 45, and 46). Plaintiffs additionally allege that AYA currently holds bi-monthly ayahuasca ceremonies within the District of Arizona, that it plans to continue to hold bi-monthly meetings for the foreseeable future, and that it will continue importing ayahuasca for that purpose. (Doc. 159 at ¶¶ 70-73).

Although a DEA guidance document ("the Guidance") first promulgated in 2009 established a procedure for seeking religious exemptions from the CSA, *see* U.S. Dep't of Just., Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act, Plaintiffs have not sought an exemption. (*See* Doc. 159 at ¶ 68). Plaintiffs allege they declined to seek an exemption because the "Guidance imposes substantial burdens on Plaintiffs, such as requiring applicants to disclose inculpatory information and incur significant financial costs before filing a petition." (*Id.*) Plaintiffs additionally allege the Guidance is a "sham" because the "DEA has never granted an exemption under the Guidance." (*Id.*)

## PROCEDURAL BACKGROUND

This case has shifted form over the course of five amended complaints, and the parties are familiar with the case history. (*See* Doc. 153 at 1-3). Initially, Plaintiffs Clay Villanueva,[1] Arizona Yage Assembly, North American Association of Visionary Churches, and the Vine of Light Church brought this action against a variety of state and federal government officials and entities seeking monetary, injunctive, and declaratory relief. (Doc. 109 at 87-94). Plaintiffs brought claims against the Agency Defendants (the Attorney General, DEA, DHS, and CBP) in their official capacities under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq.; claims against the United States and DEA under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, et seq.; claims against a DEA agent under 42 U.S.C. § 1983; and claims against state entities and

---

[1] Plaintiff Clay Villanueva was voluntarily dismissed on June 2, 2022. (Doc. 161). Plaintiff Wilfred Scott Stanley III joined the Fifth Amended Complaint. (Doc. 159).

personnel under § 1983 and state laws.  (Doc. 109 at 43-87).

On March 30, 2022, the Court dismissed Plaintiffs' Fourth Amended Complaint. (Doc. 153).  The Court granted Plaintiffs leave to amend only their RFRA and § 1983 claims against the Agency Defendants.  (Doc. 153 at 23).  A Fifth Amended Complaint, brought only by AYA and Winfield Scott Stanley III, was filed on May 15, 2022, asserting a RFRA claim and a claim for declaratory judgment against the Agency Defendants.  (Doc. 159). Plaintiffs seek a declaration and injunction providing that their "importation[,] use, possession, or transportation of Ayahuasca for bona fide religious use in Visionary Communion is lawful ab initio, and not a violation of the CSA," that the Agency Defendants' interpretation of the law as a complete ban against AYA's importation and sharing of Ayahuasca in Visionary Communion violates RFRA," compelling the Agency Defendants to grant AYA a religious exemption from the absolute prohibitions on importing, sharing, and using Ayahuasca, and barring them from initiating any criminal investigation. (Doc. 159 at p. 30-31).

The Agency Defendants filed a Motion to Dismiss the Fifth Amended Complaint (Doc 175), arguing Plaintiffs do not have standing to bring their RFRA claim, and that they have failed to state a RFRA claim. See Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

### I.    Motions to Dismiss

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief.  *Id.* at 679.  Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true, [they] 'are not bound to accept as true a legal

1    conclusion couched as a factual allegation.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at

2    555).

3        **II.    Standing**

4        The Agency Defendants first argue Plaintiffs' RFRA claim should be dismissed for

5    lack of standing. (Doc. 175 at 12). For the reasons below, Defendants' motion to dismiss

6    for lack of standing is denied.

7        Under Article III of the Constitution, a plaintiff only has standing if he can show (1)

8    an "injury in fact" that is "concrete and particularized" and "actual or imminent;" (2) that

9    the injury is "fairly traceable to the challenged action of the defendant;" and (3) that it is

10   "likely, as opposed to merely speculative, that the injury will be redressable by a favorable

11   decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations

12   and citations omitted). In cases seeking prospective injunctive relief, "past wrongs do not

13   in themselves amount to that real and immediate threat of injury necessary to make out a

14   case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Rather, a

15   plaintiff's "standing to seek the injunction requested depend[s] on whether he [is] likely to

16   suffer future injury." *Id.* at 105.

17       To have standing to bring a pre-enforcement RFRA claim like Plaintiffs have

18   alleged here, the Ninth Circuit requires plaintiffs to allege a "genuine threat of imminent

19   prosecution." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835

20   (9th Cir. 2012) (*Oklevueha I*) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220

21   F.3d 1134, 1139 (9th Cir. 2000) (en banc)). This requires considering: "(1) whether the

22   plaintiffs have articulated a 'concrete plan' to violate the law in question; (2) whether the

23   government has communicated a specific warning or threat to initiate proceedings; and (3)

24   the history of past prosecution or enforcement under the statute." *Id.*

25       The Agency Defendants argue Plaintiffs have failed to allege any genuine threat of

26   imminent prosecution, because they rely on claims of past harm, they have failed to allege

27   a particular or specific threat by Defendants to initiate proceedings, and they have failed to

28   allege any past federal prosecutions for ayahuasca use. Plaintiffs oppose each of those

- 4 -

1    arguments.

2        **A. Concrete Plan**

3        Defendants argue "neither the mere existence of a proscriptive statute nor a

4    generalized threat of prosecution" is sufficient to establish standing. *Thomas*, 220 F.3d at

5    1139. However, Plaintiffs may satisfy the "concrete plan" requirement where the plaintiff

6    "actually did violate [the law at issue] on a number of occasions," and where they plan to

7    continue doing so. *Oklevueha I*, 676 F.3d at 836 (quoting *Sacks v. Off. of Foreign Assets

8    Control*, 466 F.3d 764, 773 (9th Cir. 2006)) (finding concrete plan existed where

9    "[p]laintiffs are currently violating and plan to continue to violate the CSA by purchasing

10   and consuming marijuana"). While the Court previously dismissed Plaintiffs' RFRA

11   claims because of a failure to allege a concrete plan, the Fifth Amended Complaint

12   specifically alleges AYA "currently holds bi-monthly Ayahuasca ceremonies" and that it

13   "plans to continue to hold bi-monthly meetings . . . for the foreseeable future." (Doc. 159

14   at ¶¶ 70-73) That is sufficient, taken as true, to allege a concrete plan to violate the CSA.

15       **B. Future and Past Prosecutions**

16       Defendants next argue that Plaintiffs have not alleged any specific warning or threat

17   by Defendants to initiate proceedings against Plaintiffs, nor have they alleged any past

18   federal prosecutions for violations of the CSA based on ayahuasca use. However, in

19   *Oklevueha I*, the Ninth Circuit held a plaintiff "need not allege a threat of future prosecution

20   because the statute has already been enforced against them." 676 F.3d at 836. For the same

21   reasons, in that case there was no need to inquire into "the history of enforcement of the

22   statute," under the third prong, because "the CSA has already been enforced against

23   Plaintiffs through the seizure of their [controlled substance]." *Id.* at 837.

24       Defendants argue the facts here differ from those in *Oklevueha I*. Defendants mainly

25   argue there was, in fact, no past enforcement of the CSA against Plaintiffs. Defendants

26   argue "CBP's alleged border seizures cannot form the basis for a broad pre-enforcement

27   injunction against DEA and the CSA *in toto* because DEA has not 'enforced' these

28   provisions against Plaintiffs." (Doc. 179 at 5). However, the CSA operates through

multiple agencies; as the Agency Defendants have argued, the DEA may grant permits for importation of controlled substances, without which the CBP and/or DHS will seize packages as a matter of course. (*See* Doc. 149 at 4). The Agency Defendants' actions and responsibilities are thus intertwined; the Defendant agencies cannot avoid accountability for enforcing the CSA by claiming they enforce only one piece of it.

Moreover, just because DEA has not commenced a federal criminal prosecution does not mean the CSA has not been enforced against Plaintiffs. Just as in *Oklevueha I*, "[w]hen the government seized Plaintiffs' [drugs] pursuant to the CSA, a definite and concrete dispute regarding the lawfulness of that seizure came into existence." 676 F.3d at 836. And here, Plaintiffs allege four separate seizures of ayahuasca shipments by DHS between April and December 2020. (Doc. 159 at ¶¶ 41, 42, 45, and 46). Plaintiffs also allege AUSA Kevin Hancock sent a letter in November 2020, in response to AYA's demand for release of their packages containing ayahuasca, stating that any future imports of Schedule I controlled substances like ayahuasca will be seized and forfeited unless an applicable permit for lawful importation has been issued.[2] (*See* Doc. 177 at 12; Doc. 179 at 2). Those allegations are enough to establish that the CSA has already been enforced against him and will continue to be enforced.[3]

Accordingly, Plaintiffs have alleged facts sufficient to demonstrate standing for their RFRA claim.

## C. DEA Exemption Process

The bulk of Defendants' arguments stem from the fact that Plaintiffs have not sought

---

[2] While Defendants argue this case is more like the facts in *Thomas*, 220 F.3d 1134, the Court disagrees. In *Thomas*, the plaintiffs were landlords and devout Christians who believed an unmarried man should not cohabitate with an unmarried woman; they brought a pre-enforcement action to block applicability of a statute that made it unlawful to refuse to rent a property to a person because of marital status. The Ninth Circuit held the plaintiffs did not have standing, because "[t]he asserted threat [of prosecution] is wholly contingent upon the occurrence of unforeseeable events," like an unmarried couple seeking to rent their property in the first place, so there was no realistic danger of injury as a result of the statute. *Id.* at 1141. Here, by contrast, Plaintiffs have already had multiple shipments of ayahuasca seized pursuant to the CSA. The harm is nowhere near as speculative as it was in *Thomas*.

[3] The allegations made about Agent Smyrnos threatening a member of AYA with felony drug prosecution after seizing packages containing mescaline, another controlled substance, do not necessarily impact this analysis.

an exemption from the applicability of the CSA. The DEA promulgated the "Guidance" in 2009 in response to the Supreme Court's ruling in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006). However, in 2012 the Ninth Circuit addressed a similar argument as Defendants make here, and the court refused "to read an exhaustion requirement into RFRA where the statute contains no such condition." *Oklevueha I*, 676 F.3d at 838 (stating that "the Supreme Court has reviewed a RFRA-based challenge to the CSA without requiring that the plaintiffs first seek a religious use exemption from the DEA") (citing *O Centro*, 546 U.S. 418). Both the Supreme Court and the Ninth Circuit have recognized that RFRA "plainly contemplates that *courts* would recognize exceptions [to the CSA]—that is how the law works." *Id.* (quoting *O Centro*, 546 U.S. at 434).

The Court will not depart from that clear precedent. Accordingly, the Defendants' alternative request that the Court stay the case to allow Plaintiffs to apply for an exemption is denied.

**D. Associational Standing**

Lastly, Defendants argue AYA has no associational standing to bring claims on behalf of AYA's members.

A plaintiff organization may bring suit on its members' behalf when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose;[4] and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

Defendants first argue Plaintiffs have failed to allege any AYA member has suffered an injury sufficient to establish they would have standing to sue in their own right. However, Plaintiffs have alleged ayahuasca is a central component of AYA members' religion (*see* Doc. 159 at ¶¶ 34-36), and that if ayahuasca shipments continue to be seized, their members will be unable to practice their religion (*see* Doc. 159 at ¶ 47). Defendants

---

[4] Defendants do not dispute this prong, so the Court will assume AYA has met the requirement.

also argue that individual members must participate in the litigation, destroying AYA's associational standing. However, the Ninth Circuit in *Oklevueha* answered this question on closely related facts, and held that "it can reasonably be supposed that the [AYA's prospective relief], if granted, will inure to the benefit of those members of the association actually injured." 676 F.3d at 839 (quoting *Warth v. Sedlin*, 422 U.S. 490, 515 (1975)). There is no need for the kind of individualized inquiry Defendants suggest.

Accordingly, Plaintiffs have alleged facts sufficient to support standing. Defendants' motion to dismiss for lack of standing is denied.[5]

### III.   Failure to State a Claim (FRCP 12(b)(6))

RFRA provides that the government "shall not substantially burden a person's exercise of religion" unless the government "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §§ 2000bb-1(a)-(b). To state a claim under RFRA, a plaintiff must allege facts sufficient to show that "application of the [CSA] would (1) substantially burden (2) a sincere (3) religious exercise." *O Centro*, 546 U.S. at 428.

Defendants only obliquely challenge Plaintiffs' assertion that ayahuasca use is a sincere religious exercise for its members. (Reply at 8-9). Defendants claim Plaintiffs are trying to rely on a categorial allegation that ayahuasca is always religious, instead of individualized allegations about personal religious beliefs. (*Id.*) But Plaintiffs have alleged "[d]rinking sacramental Ayahuasca is the central communion ceremony of AYA where congregants receive the transmission of wisdom and Divine Love that comes through sacramental use of Ayahuasca. Without Ayahuasca, AYA does not have a religious practice to share, and AYA congregants are unable to practice their religion." (Doc. 159 at ¶ 9). Plaintiffs have alleged particular facts about the ayahuasca religious ceremonies AYA's members attend. (Doc. 159 at ¶¶ 31-36). And Plaintiffs have also alleged that it plans to serve ayahuasca to its members in religious ceremonies despite the possibility that

---

[5]  Defendants' footnoted argument that Plaintiffs similarly lack standing for their declaratory relief claim is denied for the same reasons. (*See* Doc. 175 at 12, n.7).

Defendants may enforce the CSA against them. (Doc. 159 at ¶¶ 70-73). Construed most favorably to Plaintiffs, the Fifth Amended Complaint sufficiently alleges the sincerity of Plaintiffs' religious beliefs.

Plaintiffs have also alleged that they are "substantially burdened by the prohibitions on manufacturing, distributing, or dispensing a controlled substance in [the CSA], and by the prohibition on importation in [the CSA], that impose criminal penalties for violations." (Doc. 159 at ¶ 80). "A statute burdens the free exercise of religion if it puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, including when, if enforced, it results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002). Plaintiffs allege they are forced to choose between "either abandoning religious principle or risking criminal prosecution." (Doc. 159 at ¶¶ 81, 86). That is sufficient to state a RFRA claim. *See Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1016 (9th Cir. 2016) (*Oklevueha II*) (reiterating "a substantial burden under RFRA exists . . . only when individuals are . . . coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions") (citation omitted); *Church of the Holy Light of the Queen v. Mukasey*, 615 F. Supp. 2d 1210, 1219 (D. Or. 2009), vacated on other grounds, *Church of Holy Light of Queen v. Holder*, 443 F. App'x 302 (9th Cir. 2011) (finding that prohibiting plaintiffs' use of ayahuasca would substantially burden their exercise of religion where the tea was the "sole means by which [they] are able to experience their religion") (citation omitted).

While Defendants try to re-cast Plaintiffs' alleged "burden" as one imposed by the DEA's exemption process, that was not how Plaintiffs made their allegations in the Fifth Amended Complaint.[6] (*See* Doc. 175 at 19). Plaintiffs argue they are burdened by the CSA's complete ban on ayahuasca use and importation (Doc. 159 at ¶¶ 82-87), not by the exemption process outlined by DEA's Guidance. They have alleged multiple seizures of

---

[6] Indeed, the Court previously dismissed Plaintiffs' claim under the Administrative Procedures Act that sought to challenge the DEA's guidance for lack of standing. (Doc. 153 at 9).

ayahuasca shipments, which interrupts their free exercise of religion because they cannot use the ayahuasca that has been seized. (Doc. 159 at ¶¶ 41-46, 51, 83). That is sufficient to state a claim under RFRA.

Accordingly, Defendants' Motion to Dismiss the RFRA claim for failure to state a claim is denied.

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 175) is **DENIED**.

Dated this 4th day of May, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge