CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, California 91316-1249
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly, and
Winfield Scott Stanley III
*Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, Winfield Scott Stanley III,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>Merrick Garland, Attorney General of the United States.et al.<br><br>　　　　　Defendants. | Case No.:20-CV-02373-ROS<br><br>Plaintiff's Opposition to Defendants' Motion to Reschedule Rule 16 Conference |

　　　　Plaintiffs respectfully oppose the motion of all Defendants to reschedule the Rule 16 Conference set by this Court's Order issued May 16, 2023 (Dkt. 186), setting a Rule 16 Case Management Conference (the "CMC Scheduling Order") for June 22, 2023 at 2:00 p.m. Arizona time (5:00 p.m. EDT).  The grounds for the opposition are threefold:

　　　　*First*, there is no conflict because the hearing in *Beck v. Dept. of Defense*, Case No. 21-cv-03249 (Maryland District Court) that defense counsel asserts to be in conflict with this Court's hearing date is a telephonic hearing scheduled for 2:30 p.m. EDT (11:30 a.m. Arizona time).

*Second*, this Court's CMC Scheduling Order was issued after the scheduling order in the *Beck* case, and counsel could and should have advised the Court and counsel immediately upon discovering what she now asserts to be a conflict. (Dkt. 187-2, showing that the *Beck* scheduling order was issued on May 2, 2023.)

*Third*, this case has been pending since May 5, 2020, whereas the *Beck* case was filed on December 22, 2021. Although no actual conflict appears here, assuming *arguendo* that there were a conflict, this action should receive priority, because Plaintiffs herein seek injunctive relief from ongoing substantial burdens on their First Amendment-protected free exercise of religion. Interference with First Amendment rights should be adjudicated with the greatest possible promptness, as the Supreme Court observed in *Freedman v. Maryland*, 380 U.S. 51, 85 S. Ct. 734 (1965). "In *Freedman,* 380 U.S. at 59, the Supreme Court held that prior restraints upon First Amendment rights avoid constitutional infirmity only where certain procedural requirements are present. [T]hese safeguards include the following: 1) 'a requirement that the state initiate . . . and bear the burden of proof' in a judicial action to restrain the allegedly unprotected speech; 2) 'an assurance that [speech] will not be delayed . . . while the state seeks protracted judicial review'; and 3) 'a requirement that judicial review will be prompt.'" *Gospel Missions of Am. v. Bennett*, 951 F. Supp. 1429, 1453 (C.D. Cal. 1997), *quoting Freedman v. Maryland*, 380 U.S. 51, 85 S. Ct. 734 (1965). While not perfectly analogous to this case, the *Freedman* opinion makes clear that First Amendment claims deserve prompt adjudication.

Accordingly, because there is no scheduling conflict, because the government motion was unduly delayed, and because this action, filed 19 months before the *Beck* case, deserves priority, the motion of defendants should be denied.

Dated:  May 31, 2023                                    CHARLES CARREON
                                                                          /s/Charles Carreon
                                                                          CHARLES CARREON (127139)
                                                                          Attorney for Plaintiffs
                                                                          Arizona Yagé Assembly,
                                                                          Winfield Scott Stanley III