BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN (TX 24107878)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8470
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, | No. 2:20-cv-2373-ROS |
| Plaintiffs, | **ANSWER** |
| v. | |
| Merrick B. Garland, Attorney General of the United States, *et al.*, | |
| Defendants. | |

Defendants Merrick Garland, in his official capacity as Attorney General, Anne Milgram, in her official capacity as Administrator of the U.S. Drug Enforcement Administration, Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security, and Troy Miller, in his official capacity as Acting Commissioner of the U.S. Customs and Border Protection, hereby respond to the Fifth Amended Complaint (Doc. 159) filed by Plaintiffs Arizona Yagé Assembly and Winfield Scott Stanley III, following the court's order granting in part and denying in part Defendants' motion to dismiss (Doc. 183).

1.      The allegations in paragraph 1 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 1.

2.      Paragraph 2 characterizes several statutory provisions; Defendants refer the Court to those provisions for a full and accurate statement of their contents. Additionally, the allegations in paragraph 2 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 2.

3.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 3 that Plaintiff is an Arizona nonprofit corporation and that a substantial part of the events or omissions giving rise to the claim occurred in Arizona, and, therefore, denies them. The remaining allegations in paragraph 3 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 3.

4.      Defendants deny that the Drug Enforcement Administration is called the Drug Enforcement Agency and aver that Christopher Magnus no longer serves as Commissioner of U.S. Customs and Border Protection (CBP) and is substituted with Troy Miller in his official capacity as Acting Commissioner of CBP as a Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d). Defendants admit that Plaintiffs otherwise accurately identify the named defendants' official positions.

1

Defendants admit that the DEA and CBP are statutorily charged with enforcing certain aspects of the Controlled Substances Act (CSA); that in the CSA, Congress vested in the Attorney General authority to regulate controlled substances; and that pursuant to 21 U.S.C. § 871, the Attorney General delegated this function to the Administrator of DEA. Defendants aver that DEA's legal authority is generally related to the manufacture, distribution, and dispensing of controlled substances; CBP's authority extends to the import and export of controlled substances.

Finally, the allegations in paragraph 4 relating to the enforcement of the CSA affecting Plaintiffs' Free Exercise are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

5.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 5, and, therefore, deny them.

6.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 6, and, therefore, deny them.

7.      Defendants admit that Plaintiffs submitted the Complaint in this manner.

8.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 8, and, therefore, deny them.

9.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 9, and, therefore, deny them.

10.     Defendants admit that Dimethyltryptamine (DMT) is a Schedule I controlled substance under 21 U.S.C. § 812. Defendants deny the remaining allegations in paragraph 10.

11.     Defendants admit that DMT is a Schedule I controlled substance. Defendants deny the remaining allegations in paragraph 11.

12.     The allegations in paragraph 12 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

13.     The allegations in paragraph 13 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

14.     The allegations in paragraph 14 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

15.     Defendants admit that CHLQ and UDV are DEA registrants, pursuant to settlement agreements with the United States government. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 15, and, therefore, deny them.

16.     Defendants deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint. The remaining allegations in paragraph 16 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested and refer the Court to the cited cases for a complete and accurate statement of their contents.

17.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 17, and, therefore, deny them.

18.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in the first sentence of paragraph 18, and, therefore, deny them. Defendants deny the allegations in the second sentence of paragraph 18 and refer the Court to the cited case for a complete and accurate statement of its content.

19.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in the first five sentences and the last sentence of paragraph 19, and, therefore, deny them. Defendants also lack knowledge or information sufficient to confirm or deny the allegations in sentence 6 that AYA and Mr. Stanley operated in good faith as a church and minister in reliance on the *O Centro* opinion and, therefore, deny them. Sentences 6 through 9

3

of paragraph 19 are characterizations of the cases cited; Defendants refer the Court to the cited cases for a complete and accurate statement of their contents.

20.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 20, and, therefore, deny them.

21.     Defendants deny the allegations in paragraph 21 that consist of characterizations of conduct by employees of Agency Defendants. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 21, and, therefore, deny them.

22.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 22, and, therefore, deny them.

23.     Defendants deny that the controlling body of scientific evidence establishes that sacramental Ayahuasca is physically safe for persons who do not consume contraindicated foods or medications prior to ceremony. Defendants aver that Ayahuasca use is not limited to religious ceremonial sacrament. Defendants admit that the term "Ayahuasca" does not appear in the DEA Resource Guide, *Drugs of Abuse*. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 23, and, therefore, deny them.

24.     Defendants admit that Ayahuasca contains DMT. Defendants deny the allegation that DEA and the U.S. Department of Homeland Security (DHS) absolutely prohibit the importation, manufacturing, and possession of Ayahuasca. Defendants deny the allegation that DEA "has an undoubted bias towards issuing no exemptions via administrative process." Defendants admit that CHLQ and UDV are DEA registrants, pursuant to settlement agreements with the United States government. With respect to the allegations in the fourth sentence, Defendants admit that no plaintiff in the *O Centro* and *CHLQ* cases has had their DEA registration revoked. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 24, and, therefore, deny them.

25.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 25, and, therefore, deny them.

26.     Defendants admit that paragraph 26 accurately quotes the cited opinion and refer the Court to the cited opinion for a complete and accurate statement of its content.

27.     Defendants admit that Ayahuasca contains DMT and that DMT is a Schedule I controlled substance.  Defendants admit that Ayahuasca was referred to Hoasca in *O Centro*, and admit Ayahuasca is often made by combining P. viridis leaves with B. Caapi vines to create an orally consumed psychoactive tea.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 27, and, therefore, deny them.

28.     Defendants admit that paragraph 28 accurately quotes the cited opinion and refer the Court to the cited opinion for a complete and accurate statement of its content. Defendants aver that Native Americans have a unique legal status in the United States, and deny that the consumption of peyote by Native Americans can be analogized to the consumption of ayahuasca such that their regulatory treatment can be treated similarly. Defendants also deny the allegation in paragraph 28 that Ayahuasca is not a drug of abuse, as it contains DMT, which is a Schedule I drug because it has no currently accepted medical use and a high potential for abuse. Defendants deny that Ayahuasca tends not to be diverted into the illicit market.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 28, and, therefore, deny them.

29.     The allegations in the last sentence of paragraph 29 are legal conclusions for which no response is required. Additionally, the allegations about religious sincerity are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the last sentence of paragraph 29 and the allegations about religious sincerity. Defendants deny that Plaintiffs brought a Free Exercise Claim in their Fifth Amended Complaint. Defendants deny the allegations in paragraph 29 that drinking Ayahuasca confirms a person's religious intent because Ayahuasca is known to be used recreationally. Defendants also deny that Ayahuasca is almost exclusively consumed in

religious ceremonies. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 29, and, therefore, deny them.

30.     Defendants deny the allegations in the first sentence of paragraph 30. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 30, and, therefore, deny them.

31.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 31, and, therefore, deny them.

32.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 32, and, therefore, deny them.

33.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 33, and, therefore, deny them.

34.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 34, and, therefore, deny them.

35.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 35, and, therefore, deny them.

36.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 36, and, therefore, deny them.

37.     Defendants deny the allegations in paragraph 37 because Plaintiffs may apply for an exemption from the CSA for religious use of a controlled substance.

38.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 38, and, therefore, deny them.

39.     Because Plaintiffs have never sought a religious exemption from DEA, Defendants deny the allegation in paragraph 39 that the Government failed to provide Plaintiffs a RFRA exemption. The remaining allegations in paragraph 39 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 39 and deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

40.     Defendants admit that on October 14, 2020, CBP intercepted two parcels containing substances that tested positive for DMT, which were subsequently seized, forfeited, and destroyed. Defendants also admit that Plaintiffs' counsel sent letters to a DOJ attorney requesting that their Ayahuasca not be seized and that their seized Ayahuasca be returned to them. Defendants lack knowledge or information sufficient to confirm or deny the allegations that the substances that tested positive for DMT were Ayahuasca and sacramental and, therefore, deny those allegations. Defendants also lack knowledge or information sufficient to confirm or deny the allegations in paragraph 40 relating to continued seizures, and, therefore, deny them. Defendants deny that the CSA has been enforced against AYA and Mr. Stanley.

41.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 41, and, therefore, deny them. Defendants aver that Plaintiffs' allegations do not contain sufficient information to identify or locate such a parcel or the referenced notice.

42.     Defendants admit that a parcel addressed to "AYA SCOTT STANLEY" assigned USPS tracking number EE011369264PE was intercepted at the Los Angeles International Mail Facility (LA IMF) on October 14, 2020, and contained a substance that tested positive for DMT, which was subsequently seized, forfeited, and destroyed. Defendants also admit that Plaintiffs sent an objection to the seizure to counsel for Defendants, and that Defendants' counsel responded, stating that DHS had regulatory authority to seize, forfeit, and destroy the seized parcel's contents. Defendants lack knowledge or information sufficient to confirm or deny allegations regarding the intended use of any seized parcel or its alleged sacramental nature, and, therefore, deny them.

43.     Defendants admit that former DOJ attorney Kevin Hancock said "I can confirm that CBP is processing one or more packages associated with the U.S. Postal Service tracking numbers provided with your letters, and that CBP's processing is not yet complete. Assuming *arguendo* that the package(s) being processed were addressed to AYA and in fact contain Ayahuasca, as you claim, your letter identifies no valid reason why CBP could not

lawfully inspect and seize such package(s), and thus there is no legal basis for your demand that CBP release them." The allegations in the last sentence of paragraph 43 are characterizations of the cited letter by Mr. Hancock. Defendants refer the Court to the cited letters for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

44.     Defendants deny the allegations in paragraph 44, which mischaracterizes former DOJ attorney Kevin Hancock's correspondence, and refer the Court to the correspondence for a complete and accurate statement of their contents

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants admit that on October 14, 2020, CBP intercepted a package addressed to "SCOTT STANLEY c/o AYA" assigned USPS tracking number EE011186439PE that contained a substance that tested positive for DMT, which was subsequently seized, forfeited, and destroyed. Defendants lack knowledge or information sufficient to confirm or deny the allegations that the substance was Ayahuasca and sacramental, and the allegations that this was the fourth shipment seized, and, therefore, deny those allegations.

47.     The allegations in the first sentence of paragraph 47 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the first sentence of paragraph 47 and deny that Defendants have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint. Defendants deny the allegations that AYA does not have a sacrament to share, and AYA congregants are unable to practice their religion, as Plaintiffs' Fifth Amended Complaint alleges that Plaintiffs continue to hold "bi-monthly Ayahuasca ceremonies" after the alleged seizures. ECF No. 159 ¶ 70.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations, and, therefore, deny them.

48.     The allegations in the last sentence of paragraph 48 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is

required, Defendants deny that Plaintiffs are entitled to the relief requested. Defendants deny the remaining allegations in paragraph 48.

49.     The allegations in the first and last sentences of paragraph 49 are characterizations of the relief Plaintiffs seek to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested. The remaining allegations in paragraph 49 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 49. Defendants deny that have violated Plaintiffs' rights to equal protection under the Fourteenth Amendment—a claim that Plaintiffs did not bring in their Fifth Amended Complaints.  Defendants deny that DEA prosecutes cases.

50.     Defendants admit that Schedule I controlled substances imported in violation of federal law "shall be deemed contraband and seized and summarily forfeited to the United States" in accordance with 21 U.S.C. § 881(f). Defendants also admit that Plaintiffs' counsel sent letters to a DOJ attorney requesting that their Ayahuasca be returned to them; and that Plaintiffs filed Motions for Preliminary Injunction, which were denied. ECF No. 57. Defendants deny that DHS is a subordinate agency of the Agency Defendants because DHS is a cabinet-level executive department of the United States Government. Defendants lack knowledge or information sufficient to confirm or deny allegations regarding whether AYA's Ayahuasca use is entirely sacramental in character, and, therefore, deny them. The remaining allegations in paragraph 50 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 50.

51.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 51, and, therefore, deny them.

52.     Defendants deny the allegations that AYA is unable to hold ceremonies, as Plaintiffs' Fifth Amended Complaint alleges that Plaintiffs continue to hold "bi-monthly Ayahuasca ceremonies" after the alleged seizures. ECF No. 159 ¶ 70.  Defendants lack knowledge or information sufficient to confirm or deny allegations regarding the intended use

of the substances CBP seized and AYA's ability to hold ceremonies without Ayahuasca, and, therefore, deny them. The remaining allegations in paragraph 52 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 52 and deny that Defendants have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

53.     The allegations in paragraph 53 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 53.

54.     The allegations in paragraph 54 relating to a substantial burden are legal conclusions for which no response is required. However, should a response be required, Defendants deny these allegations. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 54, and, therefore, deny them.

55.     The allegations in the first sentence of paragraph 55 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the first sentence of paragraph 55. Defendants deny that DEA had any involvement in Mr. Villanueva's arrest, incarceration, or prosecution and therefore deny that AYA members can reasonably believe that DEA will investigate or arrest AYA members. Defendants deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint. Finally, Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 55, and, therefore, deny them.

56.     Defendants admit that non-federal law enforcement agents arrested Clay Villanueva on August 22, 2021, at LAX pursuant to a Maricopa County felony warrant. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 56, and, therefore, deny them.

57.     Defendants deny the allegations in paragraph 57 relating to federal participation in the alleged raid. The remaining allegations in paragraph 57 are legal conclusions for which

10

no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 57 and deny that Defendants have violated Mr. Stanley's Free Exercise rights—a claim not brought in the Fifth Amended Complaint.

58.     Defendants deny that DEA arrested Mr. Villanueva and seized all of Vine of Light Church's Ayahuasca. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 58, and, therefore, deny them.

59.     Defendants deny the allegations in the first sentence of paragraph 59. The remaining allegations are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 59.

60.     Defendants admit that the AYA member's daughter was present in the house during the conversation.  Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 60 relating to the daughter's occasional comments, and, therefore, deny them. Defendants admit that the AYA member disclosed the identity of another AYA member and that Agent Smyrnos left a card with the member as he routinely does. Defendants otherwise deny the characterization of the interaction between Agent Smyrnos and the member and refer the Court to Agent Smyrnos's declaration recounting the interaction, ECF 175-1.

Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 60 relating to the AYA member's continued involvement with AYA following the member's encounter with Agent Smyrnos, and, therefore, deny them.

Defendants admit that AYA asserts associational standing. The allegations in the last two sentences of paragraph 60 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the last two sentences of paragraph 60 and deny that Defendants have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

61.     Defendants admit that Agent Smyrnos called and left a voicemail with the second AYA member on July 1, 2021, stating he wanted to speak with him.  Defendants deny that Agent Smyrnos disrupted an AYA member's life.

62.     Defendants admit that on July 2, 2021, Plaintiffs' counsel called Agent Smyrnos; and that Plaintiff's counsel emailed Agent Smyrnos on July 16, 2021, asking that questions about AYA members be directed to counsel. Defendants admit that on July 8, 2021, Agent Smyrnos responded via email, asking Plaintiffs' counsel to inform his clients that "[m]escaline and plants containing mescaline such as the peyote, San Pedro, and torch cactus are controlled substances under federal law" and that "unauthorized importation of controlled substances violates federal law," which "may result in legal action." Defendants admit that on July 16, 2021, Plaintiffs' counsel responded that neither "San Pedro" nor "Peruvian torch" was listed as a controlled substance and asked Agent Smyrnos to clarify under what authority DHS contended that San Pedro and torch cactus are controlled substances. Defendants admit there was no further email correspondence between Plaintiffs' counsel and Agent Smyrnos. Defendants deny the remaining allegations in paragraph 62 and refer the Court to Agent Smyrnos' declaration recounting the interaction, ECF 175-1.

63.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 63, and, therefore, deny them. Defendants also deny Plaintiffs assertions relating to Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

64.     The allegations in paragraph 64 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 64.

65.     The allegations in paragraph 65 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 65.

66.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 66, and, therefore, deny them. Defendants deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

67.     Defendants admit that DEA purports to provide a process for applying for a CSA religious exemption; Defendants deny the allegation to the extent to which it is construed to suggest that the avenue for applying exemptions is not, in fact, available.

68.     Defendants admit that DEA published *Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act (Guidance)*, and that DEA has not registered any entity pursuant to a request for an exemption under the *Guidance*. Defendants otherwise deny Plaintiffs' characterization of the *Guidance* in paragraph 68. The remaining allegations in paragraph 68 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 68.

69.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 69, and, therefore, deny them.

70.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 70, and, therefore, deny them.

71.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 71, and, therefore, deny them.

72.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 72, and, therefore, deny them.

73.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 73, and, therefore, deny them.

74.     Defendants incorporate by reference herein their responses to paragraphs 1 through 74.

75.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 75, and, therefore, deny them.

76.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 76, and, therefore, deny them.

77.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 77 relating to Plaintiffs' beliefs and practices, and, therefore, deny them. The remaining allegations in paragraph 77 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 77.

78.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 78, and, therefore, deny them.

79.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 79, and, therefore, deny them.

80.     The allegations in paragraph 80 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 80.

81.     The allegations in paragraph 81 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 81. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 81, and, therefore, deny them.

82.     The allegations in paragraph 82 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 82. Defendants deny the allegations in paragraph 82 characterizing the Defendant Agencies' application of the CSA and related statutes and regulations as an absolute bar. Defendants deny that they have violated Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

83.     The allegations in paragraph 83 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 83. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 83, and, therefore, deny them.

84.     The allegations in paragraph 84 are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have substantially burdened Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

85.     The allegations in paragraph 85 are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have burdened Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

86.     The allegations in the first and second sentences of paragraph 86 are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have substantially burdened Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 86, and, therefore, deny them.

87.     The allegations in paragraph 87 are legal conclusions for which no response is required. However, should a response be required, Defendants deny these allegations as Plaintiffs did not bring a Free Exercise claim. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 87, and, therefore, deny them.

88.     The allegations in the first sentence of paragraph 88 are a characterization of RFRA; Defendants refer the Court to the statute's text for an accurate account of RFRA's requirements. *See* 42 U.S.C. §§ 2000bb *et seq*. The allegations in the second sentence of paragraph 88 are a characterization of 21 C.F.R. § 1312.12; Defendants refer the Court to that

15

provision for a complete and accurate statement of its contents. Defendants admit that Ayahuasca contains DMT, a Schedule I controlled substance and that 21 C.F.R. § 1312.11 states that "[n]o person shall import . . . any controlled substances listed in Schedule I" into the United States "unless and until such person is properly registered under the Act . . . and the Administration has issued him or her a permit to do so in accordance with § 1312.13." Defendants further admit that pursuant to 21 C.F.R. § 1312.12 "[r]egistered importers . . . seeking to import a controlled substance in schedule I . . . must submit an application for a permit to import controlled substances on DEA Form 357," which "must include . . . the registration number of the importer."

89. The allegations in paragraph 89 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 89.

90. The allegations in paragraph 90 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 90.

91. The allegations in paragraph 91 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. The allegations in paragraph 93 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 93 as Plaintiffs did not bring a Fifth Amendment or First Amendment claim.

94. The allegations in paragraph 94 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 94 as Plaintiffs did not bring a Free Exercise claim.

95. The allegations in paragraph 95 are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have violated

Plaintiffs' Free Exercise rights—a claim that Plaintiffs did not bring in their Fifth Amended Complaint. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 95, and, therefore, deny them.

96.     The allegations in paragraph 96 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 96.

97.     The allegations in the first sentence of paragraph 97 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in the first sentence of paragraph 97. Defendants admit that Ayahuasca contains DMT, a Schedule I controlled substance, and that 21 C.F.R. § 1312.11 states that "[n]o person shall import . . . any controlled substances listed in Schedule I" into the United States "unless and until such person is properly registered under the Act . . . and the Administration has issued him or her a permit to do so in accordance with § 1312.13." Defendants further admit that pursuant to 21 C.F.R. § 1312.12 "[r]egistered importers . . . seeking to import a controlled substance in schedule I . . . must submit an application for a permit to import controlled substances on DEA Form 357," which "must include . . .  the registration number of the importer."

98.     The allegations in paragraph 98 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 98.

99.     Defendants deny that AYA is entitled "all further administrative clearances necessary to eliminate substantial burdens on AYA's Free Exercise rights" as Plaintiffs did not bring a Free Exercise claim in their Fifth Amended Complaint. The remaining allegations in paragraph 99 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 99.

100.    The allegations regarding actual controversy and interested parties are legal conclusions for which no response is required. However, should a response be required,

17

Defendants deny the allegations regarding actual controversy and interested parties. The remaining allegations in paragraph 100 are a characterization of the relief Plaintiffs request to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

101.    The allegations in paragraph 101 are characterizations of the relief Plaintiffs request to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

      a.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(a), and, therefore, deny them.

      b.   Defendants deny that "religious person" is a term under RFRA. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(b), and, therefore, deny them.

      c.   Defendants deny that "religious person" is a term under RFRA. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(c), and, therefore, deny them.

      d.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(d), and, therefore, deny them.

      e.   Defendants deny the allegations in paragraph 101(e).

      f.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(f), and, therefore, deny them.

      g.   Defendants admit that on October 14, 2020, CBP intercepted two parcels containing substances that tested positive for DMT, which were subsequently seized, forfeited, and destroyed; and that Plaintiffs' counsel sent letters to a DOJ attorney requesting that their Ayahuasca not be seized and that their seized Ayahuasca be returned to them. Defendants deny that the CSA has been enforced against AYA and Mr. Stanley. Defendants lack

18

knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 101(g), and, therefore, deny them.

h.  Defendants deny the allegation in paragraph 101(h) that Ayahuasca is not a drug of abuse, as it contains DMT, which is a Schedule I drug because it has no currently accepted medical use and a high potential for abuse. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 101(h), and, therefore, deny them.

i.  Defendants deny the allegations in paragraph 101(i).

j.  Defendants admit that Ayahuasca contains DMT and that DMT is listed as a Schedule I controlled substance under 21 U.S.C. § 812.

k.  Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(k), and, therefore, deny them.

l.  The allegations in paragraph 101(l) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(l).

m.  Defendants deny the allegations in paragraph 101(m).

n.  Defendants deny the characterization of the CSA as a "complete ban." Defendants admit that AYA and Mr. Stanley have not yet been granted— or even applied for—an exemption from the CSA or otherwise obtained a registration.

o.  Defendants admit that Ayahuasca contains DMT, a Schedule I controlled substance and that 21 C.F.R. § 1312.11 states that "[n]o person shall import . . . any controlled substances listed in Schedule I" into the United States "unless and until such person is properly registered under the Act . . . and the Administration has issued him or her a permit to do so in accordance with § 1312.13." Defendants aver that AYA and Mr. Stanley have not yet been granted—or even applied for—an exemption from the CSA or

otherwise obtained a registration. Finally, Defendants deny Plaintiffs' assertions relating to a Free Exercise claim—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

p.  Defendants admit that Ayahuasca contains DMT, a Schedule I controlled substance. The remaining allegations in paragraph 101(p) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 101(p).

q.  The allegations in paragraph 101(q) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(q) and deny that Plaintiffs engaged in Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

r.  Defendants admit that Plaintiffs have no claim for damages against DHS or individual DHS agents. Defendants admit that on October 14, 2020, CBP intercepted two parcels containing substances that tested positive for DMT, which were subsequently seized, forfeited, and destroyed. Defendants lack knowledge or information sufficient to confirm or deny the allegations of the two additional seizures referenced in paragraph 101(r), and, therefore, deny them. The remaining allegations in paragraph 101(r) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 101(r).

s.  Defendants deny the allegations in paragraph 101(s).

t.  Defendants deny the allegations in paragraph 101(t).

u.  Defendants admit that Agent Smyrnos investigated two AYA members for importing controlled substances. Defendants deny the characterization that Agent Smyrnos sought to turn an AYA member into an informant against other AYA members.

v.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(v), and, therefore, deny them.

w.  The allegations in paragraph 101(w) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(w).

x.   The allegations in paragraph 101(x) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(x) and deny that Defendants burdened Plaintiffs' Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

y.   Defendants deny the allegations in paragraph 101(y).

z.   Defendants deny the allegations in paragraph 101(z).

aa. The allegations in paragraph 101(aa) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(aa) and deny Plaintiffs assertions relating to Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

bb. The allegations in paragraph 101(bb) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(bb) as Plaintiffs did not bring a Free Exercise claim in their Fifth Amended Complaint.

cc. The allegations in paragraph 101(cc) are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have injured Plaintiff's Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

dd. The allegations in paragraph 101(dd) are legal conclusions for which no response is required. However, should a response be required, Defendants

21

deny that they have substantially burdened Plaintiffs' Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

ee. Defendants deny the characterization of the CSA as an "absolute prohibition." The remaining allegations in paragraph 101(ee) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 101(ee).

ff. The allegations in paragraph 101(ff) are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have substantially burdened Plaintiffs' Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

gg. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(gg), and, therefore, deny them.

hh. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 101(hh), and, therefore, deny them.

ii. The allegations in paragraph 101(ii) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(ii).

jj. The allegations in paragraph 101(jj) are legal conclusions for which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought.

kk. Defendants deny the allegations in paragraph 101(kk).

ll. Defendants deny the allegations in paragraph 101(ll) regarding an alleged "Policy." The remaining allegations in paragraph 101(ll) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 101(ll).

mm.   Defendants deny the allegations in paragraph 101(mm) regarding an alleged "Policy." The remaining allegations in paragraph 101(mm) are legal conclusions for which no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to confirm or deny whether Plaintiffs could qualify for a CSA religious exemption because they have not applied for one.

nn. The allegations in paragraph 101(nn) are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have substantially burdened Plaintiffs' Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

oo. The allegations in paragraph 101(oo) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(oo).

pp. The allegations in paragraph 101(pp) are legal conclusions for which no response is required. However, should a response be required, Defendants deny that they have substantially burdened Plaintiffs' Free Exercise—a claim that Plaintiffs did not bring in their Fifth Amended Complaint.

qq. The allegations in paragraph 101(qq) are legal conclusions for which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought.

rr. The allegations in paragraph 101(rr) are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101(rr).

102.   Defendants incorporate by reference herein their responses to paragraphs 1 through 101 above.

103.    The allegations in paragraph 103 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 103.

## PRAYER FOR RELIEF

1.    The allegations in paragraph 1 are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

2.    The allegations in paragraph 2 are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

3.    The allegations in paragraph 3 are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

4.    The allegations in paragraph 4a-4d are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

1.    The allegations in paragraph 1 are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

2.    The allegations in paragraph 2 are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATVE DEFENSES

Defendants incorporate by reference herein their responses to the allegations set forth above.  All defenses are asserted by each Defendant.  The United States denies each and every allegation not specifically admitted herein.  All allegations not expressly admitted are denied.

Without any admission as to the burden of proof or as to any of the allegations in the

24

Complaint, Defendants assert the following additional defenses:

      1.     Plaintiffs lack standing.

      2.     Plaintiffs fail to state a claim upon which relief can be granted.

      3.     Plaintiffs failed to exhaust the administrative remedies available to them.

WHEREFORE, having fully answered Plaintiffs' Complaint, the United States prays that Plaintiffs take nothing, their Complaint be dismissed, and judgment be awarded in favor of the United States together with costs and all other just and proper relief.

Respectfully submitted this 1st day of June 2023.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
LISA NEWMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8470
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

*/s/ Lisa Newman*
LISA NEWMAN

26