CHARLES CARREON (CSB #127139)
7 N. Crest Ridge Dr.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

LISA NEWMAN
Trial Attorney

BONNIE E. DEVANY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
Email: bonnie.e.devany@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, <br><br> Plaintiffs, <br> v. <br><br> Merrick Garland *et al.*, <br><br> Defendants. | **Case No. 2:20-cv-2373-ROS** <br><br> **Joint Case Management Report** |

## 1. DATE AND ATTENDEES OF RULE 26(F) CONFERENCE

The Rule 26(f) meeting was held on June 8, 2023, at 2:30 E.T., via teleconference line. Plaintiffs' counsel Charles Carreon attended. Defendants' counsel Lisa Newman and Bonnie Devany attended. Plaintiffs' and Defendants' counsel below assisted with the development of this Case Management Report:

For Plaintiffs ("Plaintiffs"):

Charles Carreon (CSB #127139)
7 N. Crest Ridge Dr.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

For Defendants ("Defendants"):

Lisa Newman
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

Bonnie Devany
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
Email: bonnie.e.devany@usdoj.gov

## 2. PARTIES

**a. Plaintiff Parties**

    i. ARIZONA YAGÉ ASSEMBLY ("AYA");

    ii. WINFIELD SCOTT STANLEY III ("Mr. Stanley"), in his capacity as Founder and Director of Arizona Yagé Assembly.

b. **Defendant Parties**

    i. MERRICK GARLAND, Attorney General of the United States and head of the Department of Justice ("DOJ");

    ii. ANNE MILGRAM, Administrator, U.S. Drug Enforcement Administration ("DEA");

    iii. ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security ("DHS");

    iv. TROY A. MILLER, Acting Commissioner, U.S. Customs and Border Protection ("CBP") (note substitution of defendant from former Commissioner CHRISTOPHER MAGNUS under Federal Rule of Civil Procedure 25(d)).

Plaintiffs do not anticipate the addition or elimination of any other entity or parent corporation or agency at the time of this report.

### 3. STATEMENT OF THE NATURE OF THE CASE

a. **Plaintiffs' Statement**

In their Fifth Amended Complaint (Dkt. # 159, the "Complaint") Plaintiffs allege violations of 42 U.S.C. § 2000bb-1(c), the Religious Freedom Restoration Act ("RFRA") and a second claim under the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. Specifically, Plaintiffs alleged that: (1) they are engaged in the *bona fide* practice of religion; (2) RFRA requires Defendants to establish that their imposition of a complete ban on Plaintiffs' importation and use of Ayahuasca is the least restrictive means of accomplishing a compelling government interest; and, (3) Defendants cannot carry their burden, because, *inter alia*, they provide a less restrictive means alternative to two other churches that import and use Ayahuasca under DEA registration.

Defendants concede that two churches hold DEA registrations, and import and distribute Ayahuasca to their congregations. (Answer, Dkt. # 189, ¶ 15.)

Disputes in this action are legion. Defendants dispute virtually all the Complaint's substantive allegations, including Plaintiffs' core contention that a RFRA claim is a Free Exercise Claim. (Answer, Dkt. # 189, ¶ 4.) Thus, this Court will be asked to determine:

1. Whether Plaintiffs' use of Ayahuasca is protected First Amendment Free Exercise;

2. Whether the Controlled Substance Act ("CSA") substantially burdens Plaintiffs' Free Exercise by banning their importation and use of Ayahuasca for religious ceremonies;

3. Whether RFRA requires that Defendants provide Plaintiffs with the least restrictive means of regulation to accommodate their religious use of Ayahuasca;

4. Whether the DEA provides equal regulatory treatment to Plaintiffs, as religious persons, as compared with the DEA's regulatory treatment of secular persons and businesses;

5. Whether Defendants enforced the CSA against Plaintiffs by seizing their Ayahuasca;

6. Whether Defendants labeled Plaintiffs as drug trafficking suspects due to the seizures;

7. Whether Plaintiffs are subject to profiling and surveillance due to seizures;

8. Whether Visionary Churches are profiled as targets of DHS-instigated controlled deliveries by state law enforcement to procure search warrants and indictments;

9. Whether being profiled as a drug trafficking suspect for engaging in Free Exercise use of Ayahuasca would chill the religious zeal of a reasonable person;

### b. Defendants' Statement

This case, which Plaintiffs bring under RFRA, concerns whether Plaintiffs are entitled to a religious exemption from the CSA so that they may import, distribute, possess, and use ayahuasca. *See* Dkt. 183 at 3; Dkt. 159 ¶¶ 7, 96-99.[1] Defendants note that Plaintiffs did not assert a claim under the Free Exercise Clause in their Fifth Amended Complaint,

---

[1] The Court framed the issue in its opinion on the Fifth Amended Complaint as follows: "Plaintiffs seek a declaration and injunction providing that their 'importation[,] use, possession, or transportation of Ayahuasca for bona fide religious use in Visionary Communion is lawful ab initio, and not a violation of the CSA,' that the Agency Defendants' interpretation of the law as a complete ban against AYA's importation and sharing of Ayahuasca in Visionary Communion violates RFRA,' compelling the Agency Defendants to grant AYA a religious exemption from the absolute prohibitions on importing, sharing, and using Ayahuasca, and barring them from initiating any criminal investigation. (Doc. 159 at p. 30-31)."

4

as alluded to in items 1, 2, and 9 of Plaintiffs' statement above, despite numerous references to the phrase "Free Exercise" in their Fifth Amended Complaint and in various filings. *See generally* Dkt. 159; *see also, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 357 (2015) ("Congress enacted RFRA in order to provide greater protection for religious exercise than is available under the First Amendment."). The only two claims for relief in the Fifth Amended Complaint are under RFRA and the Declaratory Judgement Act. *See* Dkt. 159, ¶¶ 7, 74-99 (RFRA); ¶¶ 100-103 (Declaratory Judgment Act). Defendants disagree both that "this Court will be asked to determine" the issues in items 4 and 6-9 of Plaintiffs' statement, and that the issues in those items are relevant in determining whether Plaintiffs are entitled to a religious exemption from the CSA, and ultimately a DEA registration, so that they may import, distribute, possess, and use a controlled substance. Defendants discuss this further in their discovery section below. *See infra* Section 13(a)(ii)(B).

The CSA, 21 U.S.C. § 801 *et seq.*, regulates the use of psychotropic substances, including "Schedule I" controlled substances, the importation and use of which is prohibited due to the high risk of abuse and lack of accepted medical use, 21 U.S.C. § 812(b)(1). As relevant here, under the CSA, DEA has authority to register an applicant to import or distribute a Schedule I controlled substance when doing so is consistent with the public interest. *Id.* § 823(b); 21 C.F.R. § 1301.31. Through the CSA, Congress created a closed regulatory system to strictly control and monitor the flow of controlled substances in the United States. Under this system, all parties—including health care professionals, pharmacists, medical researchers, and religious adherents—wishing to handle controlled substances must register with DEA. 21 U.S.C. §§ 823, 954; 21 C.F.R. §§ 1301.01-1301.52. The purpose of this registration system is to ensure that controlled substances are safely handled and properly safeguarded to prevent loss, theft, and diversion to illicit use. 21 U.S.C. §§ 823, 958.

DEA maintains a religious-exemption process open to anyone who wishes to obtain a registration to import, export, manufacture, dispense, distribute, use, or possess a controlled substance for religious purposes. As relevant here, this process allows DEA to

consider a petitioner's request that she or he be granted a registration to import, distribute, or use a controlled substance for religious purposes or to request other exemptions to the CSA and implementing regulations for religious purposes. Importantly, this process also allows DEA to weigh an individual or organization's proposed safeguards to ensure that the controlled substance will not be diverted to illegal uses and to consider the risks of harm posed by a particular substance.

Plaintiff AYA alleges it is a "Visionary Church" that practices communion by ingesting ayahuasca, a hallucinogenic tea brewed from plants that contain the Schedule I controlled substance dimethyltryptamine (DMT). Plaintiffs have not sought an exemption from DEA for its importation, distribution, or use of ayahuasca.

## 4. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Religious Freedom Restoration Act, 42 U.S.C. § 2000-bb-1(c).

## 5. PARTIES WHICH HAVE NOT BEEN SERVED

All parties have been served.

## 6. STATEMENT AS TO ADDITIONAL PARTIES

The parties do not anticipate the addition of any additional parties or otherwise anticipate amending the pleadings.

## 7. CONTEMPLATED MOTIONS AND ISSUES TO BE DECIDED

**a.   Plaintiffs:**

   i. Plaintiffs anticipate filing discovery motions to compel the disclosure of documents and the provision of testimony from Defendants.

   ii. Plaintiffs anticipate that there will be litigation over the scope of a Protective Order to protect: AYA's First Amendment rights to be free of compelled

disclosure of church practices; and the Fifth Amendment right of Mr. Stanley and the AYA congregation to be free of compelled self-incrimination. This is reasonably anticipated, based on the DEA's complete refusal, in prior settlement negotiations, to accede to any limits on the DEA's ability to extract such information and utilize it in criminal investigation and prosecution.

  iii. Plaintiffs may file a Motion for Preliminary Injunction.
  iv. Plaintiffs will file a Motion for Summary Judgment.
  v. Plaintiffs will file *Daubert* motions to exclude from evidence any testimony offered in reliance on the document entitled "Ayahuasca: Risks to Public Health and Safety" prepared by the DEA's Diversion Control Division and released through FOIA litigation conducted by parties unrelated to this action.

**b.   Defendants:**

  i. Defendants anticipate seeking a protective order from the Court to protect privileged information but do not believe that Plaintiffs are entitled to protect church practices from disclosure under the First or Fifth Amendments. Similarly, Plaintiffs are not entitled under the Fifth Amendment to limit the disclosure of information learned in civil discovery from a lawsuit initiated by Plaintiffs to receive a religious exemption.
  ii. Plaintiffs indicated that they may file a motion for a preliminary injunction if the timeline of discovery was not expedient. Plaintiffs voluntarily mooted their prior motion for a preliminary injunction after full briefing by moving for leave to file a Fifth Amended Complaint, and it is Defendants' position that a third motion for a preliminary injunction would be inappropriate.
  iii. Plaintiffs also indicated that they may move for leave to file a Sixth Amended Complaint if the Court does not construe their Fifth Amended Complaint to include the allegations in Section 3(a) items 4, 6-9. The Court granted Plaintiffs leave to amend their Complaint after dismissing their Fourth Amended Complaint. *See* Dkt. 153. Plaintiffs have now been given five opportunities to finalize their allegations, and Defendants do not believe that a sixth opportunity would be

7

      appropriate under Rule 15.

  iv. If there are no disputes of material fact, Defendants anticipate moving for summary judgment after the conclusion of discovery.

  v. Defendants may file motions in limine and/or motions to exclude Plaintiffs' experts under *Daubert*, if appropriate.

## 8. STATEMENT AS TO WHETHER CASE IS SUITABLE TO A MAGISTRATE JUDGE FOR SETTLEMENT OR TRIAL

The parties would be amenable to engaging in additional settlement negotiations after the close of fact discovery but before a motion for summary judgment is filed. *See infra* Section 17. Depending on the outcome of those conversations, the parties would be amenable to engaging in settlement negotiations before a magistrate judge.

## 9. STATUS OF RELATED CASES IN FEDERAL COURT

There are three (3) cases that involve similar claims against some of the same defendants in this case although they do not include any of the Plaintiffs in this case. *Church of the Eagle and the Condor v. Garland*, No. 2:22-cv-1004-SRB (D. Ariz.), is before Judge Bolton and is in discovery. *Soul Quest v. Garland*, No. 6:20-cv-701-WBB-DCI (M.D. Fla.), is before the Eleventh Circuit Court of Appeals after dismissal by the district court. *The Church of the Celestial Heart v. Garland,* 1:23-cv-545-ADA-SAB (E.D. Cal.), is before Judge Ana de Alba in the Eastern District of California, and Defendants have not yet filed an answer. The facts and procedural history of these cases are different from the present case.

## 10. ISSUES RELATING TO PRESERVATION, DISCLOSURE, DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties agree to comply with all Rules regarding preservation, disclosure, and discovery of electronically stored information.

## 11. CLAIMS OF PRIVILEGE OR WORK PRODUCT

**Plaintiffs**: The parties agree that it is likely that each side will assert some privileges and will strive to resolve all issues via a confidentiality agreement and order pursuant to F.R.E. 502(d).

**Defendants:** Defendants anticipate protecting all applicable privileges.

### 12. ORDERS UNDER FEDERAL RULE OF EVIDENCE 502(d)

The parties anticipate requesting an order under FRCP 502(d)

### 13. DISCUSSION OF NECESSARY DISCOVERY

**a.    Extent, nature, and location of discovery:**

    **i. Plaintiffs**:

        A. Plaintiffs have prepared drafts of their core discovery, including: Request for Admissions (25 per defendant); follow-on Interrogatories; Depositions pursuant to Rule 30(b)(6), directed to each of the three Federal Agency Defendants; a Deposition of Agent Alex Smyrnos; and other depositions as appear appropriate in the light of discovered facts. Plaintiff's depositions of defendants will be conducted via teleconference.

        B. Inquiry into the defendants' investigative and profiling activities will help plaintiffs carry their burden of proving standing arising from seizures and investigative operations conducted against them. These enforcement activities substantially burden free exercise by depriving the congregation of access to sacramental Ayahuasca, as seizures lead to searches and prosecution, making the risk of imprisonment the price of engaging in the practice of Visionary Communion. Such materials are discoverable *ipso facto*, given defendants' contention that plaintiffs must produce evidence that they are at risk of prosecution. Accordingly, evidence of policies, practices and investigative activities that put plaintiffs at risk of prosecution, and their sacrament at risk of seizure, are discoverable. Such discovery will reveal the substantial burden that the defendant agencies' policies and activities impose

on plaintiffs' free exercise. It will also provide the Court with facts to consider whether defendants' policies and practices can be justified by the compelling interest and least-restrictive means applicable to plaintiffs' RFRA claim.

## ii. Defendants:

A. Defendants anticipate serving Requests for Production of Documents, Requests for Admission, and Interrogatories, as well as deposition practice within the ordinary bounds contemplated by the Federal Rules of Civil Procedure. Defendants also anticipate expert discovery, including exchanging reports and potential depositions of any Plaintiffs' experts.

B. As discussed in Defendants' statement of the case, *supra* Section 3(b),Defendants disagree that issues related to items 4 and 6-9 in Plaintiffs' statement are within the permissible scope of discovery, *cf. supra* Section 3(a), as they are not relevant in determining whether Plaintiffs are entitled to a religious exemption from the CSA so that they may import, distribute, use, and possess a controlled substance. In particular, as to items 6, 7, and 9, Plaintiffs' Complaint did not include allegations about being labeled "drug trafficking suspects," or being subject to "profiling" or "surveillance." As to item 8, while Plaintiffs alleged a state-federal investigative conspiracy under § 1983 in Plaintiffs' Fourth Amended Complaint, this claim and the allegations in support thereof were dismissed by the Court's Order, Dkt. 153 at 13-15. Plaintiffs did not reallege their § 1983 claim in their Fifth Amended Complaint even though the Court gave them express leave to do so, *see generally* Dkt. 159. And as to item 4, Plaintiffs do not bring an equal protection claim. *See generally id.* Moreover, even though Plaintiffs' Fifth Amended Complaint included vestiges of allegations previously supporting their § 1983 claim from their previous four complaints, in denying the government's motion to dismiss, the Court did not credit or rely on the allegations Plaintiffs seemingly rely on to support items 6-9 involving

alleged profiling, surveillance, and state arrest warrants as supporting Plaintiffs' RFRA claim with respect to standing. Instead, the Court's order relied only on the previous seizures of ayahuasca as "enough to establish that the CSA has already been enforced against [Plaintiff] and will continue to be enforced." Dkt. 183 at 6 (noting additionally that the "allegations made about Agent Smyrnos … do not necessarily impact this analysis"). Similarly, the Court did not credit or rely on such allegations in finding, for Rule 12(b)(6) purposes, that Plaintiffs had alleged a burden and instead relied on the seizures of ayahuasca. *Id.* at 9 ("Plaintiffs argue they are burdened by the CSA's complete ban on ayahuasca use and importation . . . not by the exemption process outlined by DEA's Guidance. They have alleged multiple seizures of ayahuasca shipments, which interrupts their free exercise of religion because they cannot use the ayahuasca that has been seized.").

b. **Suggested changes, if any, to the discovery limitations of FRCP:**
   i. **Plaintiffs** may request leave to serve additional interrogatories, and depending upon what is discovered, additional time to take depositions.
   ii. **Defendants** believe that the limits set by the Federal Rules of Civil Procedure are sufficient for both sides.

c. **Number of hours for each deposition:**
   i. **Plaintiffs** believe that full days of seven hours and half-days of three and one half hours are appropriate, and 30 hours of depositions for each side should be sufficient so long as responsive documents have been obtained sufficiently in advance of the depositions to permit efficient use of digital exhibits in the teleconference format.
   ii. **Defendants** believe there need be no limit to the amount of time used across depositions, up to the limits set by the Federal Rules of Civil Procedure.

14. **STATEMENT OF WHEN PARTIES WILL EXCHANGE INITIAL DISCLOSURES**

The parties agree that initial disclosures should be due on July 6, 2023. *See infra* Section 15.

## 15. PROPOSED DISCOVERY TIMELINES

**THE PARTIES' PROPOSED DISCOVERY TIMELINES**

| Reference | Event | Defendants' Date | Plaintiffs' Date |
|---|---|---|---|
| | Fed. R. Civ. P. 26(f) Conference | June 7, 2023 | Agreed |
| 6 | Deadline to amend pleadings or join additional parties | July 1, 2023 | Agreed |
| | Defendants' Answer to Plaintiffs' Complaint (Dkt. 1) | June 1, 2023 | Agreed |
| 14 | Deadline to exchange initial disclosures | July 6, 2023 | Agreed |
| | Written fact discovery may commence | July 20, 2023 | Agreed |
| | Substantial completion of written fact discovery | Nov. 16, 2023 | November 1, 2023 |
| | Deposition fact discovery may commence | Dec. 1, 2023 | August 3, 2023 |
| 15(a) | Close of fact discovery | Apr. 4, 2024 | December 15, 2023 |
| 15(b) | Deadline to designate and disclose all expert witnesses | May 2, 2024 | January 29, 2024 |

| 15(b) | Exchange of expert reports and information relied upon by expert | June 6, 2024 | February 19, 2024 |
|---|---|---|---|
| 15(b) | Exchange expert rebuttal reports and any documents relied upon in preparing such reports | July 11, 2024 | March 19, 2024 |
| 15(c) | Close of expert discovery | Aug. 8, 2024 | May 2, 2024 |
| 15(d) | Deadline to engage in settlement discussions | Aug. 22, 2024 | Prefer no deadline |
| 15(e) | Dispositive motion deadline | Oct. 24, 2024 | June 3, 2024 |

## 16. STATEMENT REGARDING JURY TRIAL AND LENGTH OF TRIAL

The parties do not request a jury trial.  Plaintiffs anticipate trial will take four (4) days, while Defendants anticipate trial will require seven (7) days.

## 17. PROSPECTS FOR SETTLEMENT

a.  **Plaintiffs' Position.**  Plaintiffs believe that they invested sufficient time in pursuing settlement negotiations with the government during the stipulated stay of the litigation that began on June 13, 2022 (Order, Dkt. # 164) and continued for three months until September 13, 2022 (Order, Dkt. # 174).  During settlement negotiations, Plaintiffs proposed to allow disclosures of sensitive information to the DEA while protecting the Fifth Amendment right of Mr. Stanley and the AYA congregation to be free of compelled self-incrimination, and AYA's First Amendment rights to refrain from disclosing church affairs under the establishment clause.  Plaintiffs simply asked that specified information not be disseminated to enforcement attorneys or agents within the Agency; however, the DEA declined the offer.  Candidly, the only compromise acceptable to Defendants would be a dismissal of the action, and on the other hand, the only compromise acceptable to the

13

Plaintiffs would be for the Defendants to admit the legitimacy of Plaintiffs' claims. There is no common ground for the most skilled negotiator to expand into a settlement. The Defendants'' current position of virtually uniform opposition to the Complaint's allegations indicates the existence of a gulf between the parties' positions that can only be bridged by this Court's adjudication of the disputes.

b.      **Defendants' Position.** Defendants agree that the parties need not engage in settlement negotiations within 90 days of the initial Case Management Conference because of the parties' previous negotiations. Defendants note that, in addition to remaining open to good-faith settlement conversations throughout the discovery period, re-engagement on potential settlement at the conclusion of fact discovery would likely be appropriate.

## 18. OTHER MATTERS

The parties will employ procedures and future agreements to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system. The parties agree that a protective order is appropriate and will confer shall confer regarding the applicability of a unified exhibit numbering system. The parties shall also explore the possibilities for remote depositions as may be appropriate.

DATED  this 12 day of June, 2023.

*/s/ Charles Carreon*_____
CHARLES CARREON
7 N. Crest Ridge Dr
Silver City, New Mexico 8806
Tel: 928-975-219
Email: chascarreon@gmail.com

*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

14

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Bonnie E. Devany*
BONNIE E. DEVANY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
Email: bonnie.e.devany@usdoj.gov

LISA NEWMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*