BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN
Trial Attorney
BONNIE E. DEVANY (TX 24131173)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
E-mail: bonnie.e.devany@usdoj.gov

*Attorneys for Defendants*

CHARLES CARREON (CSB #127139)
7 N. Crest Ridge Dr.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**JOINT MOTION TO SEAL PORTIONS OF THE RECORD** |

The parties respectfully move the Court under Local Rule 5.6 for an order to seal Exhibit A of Docket No. 175-1, in which Defendants inadvertently revealed the names of two members of Arizona Yagé Assembly ("AYA"). After Plaintiffs' counsel brought this

inadvertent disclosure to Defendants' attention, the parties agreed to jointly request an order to seal the exhibit and permit Defendants to file an amended version redacting the two members' names.

## ARGUMENT

A party seeking to seal a judicial record must articulate "'compelling reasons supported by specific factual findings[]' . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135). "After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)).

Courts have long recognized a compelling interest in protecting individuals' privacy of their personal matters. *See, e.g.*, *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Tschida v. Motl*, 924 F.3d 1297, 1304 (9th Cir. 2019). This is particularly so when the information sought to be protected is not material to the dispute. *Cf. Young v. Libertiy Mut. Group, Inc.*, No. CV-12-02302-PHX-JAT, 204 WL 6886018, *2 (D. Ariz. Dec. 5, 2014) (finding that Plaintiff's privacy interests were not a compelling reason to seal Plaintiff's medical records when such records were "central to the issues in the case"). Here, the parties are seeking only to redact the names of two AYA members that were inadvertently included in an attachment to Agent Smyrnos's

declaration supporting Defendants' Motion to Dismiss. *See* Exhibit A of Docket No. 175-1 at 8. Defendants did not include the names of the AYA members in either their briefing or in Agent Smyrnos's declaration. But the names of the two members were included in the attachment to Agent Smyrnos's declaration, which is an email from Plaintiffs' counsel to Agent Smyrnos that includes the names of the two AYA members. As evidenced by the fact that the members' names were not included in Defendants' brief or supporting declaration, the names of the two AYA members were not necessary in supporting the government's motion to dismiss. Thus, including their names provides little to no additional information that would help the public understand the nature of the government's arguments in moving to dismiss Plaintiffs' complaint. The two proposed redactions are thus narrowly tailored to the relevant privacy interests and balance the public's interest in having unredacted access to the remainder of the filings. *See also Young*, 204 WL 6886018, at *3 n.2 ("[I]f the parties believe that a document should be sealed solely because a non-relevant portion of that document contains confidential information, the parties should consider stipulating to the admissibility of a redacted version.").

## **CONCLUSION**

For these reasons, the parties respectfully request that the Court grant their motion to seal and permit Defendants to file Exhibit A of Docket No. 175-1 under seal.

Respectfully submitted this 28th day of June 2023.

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    BRIGHAM J. BOWEN
    Assistant Branch Director

3

LISA NEWMAN
Trial Attorney

*/s/ Bonnie E. Devany*
BONNIE E. DEVANY
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
E-mail: bonnie.e.devany@usdoj.gov

*Attorneys for Defendants*

*/s/ Charles Carreon*
CHARLES CARREON
7 N. Crest Ridge Dr
Silver City, New Mexico 8806
Tel: 928-975-219
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

4