BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8470
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**Declaration of Alexander Smyrnos** |

I, Alexander Smyrnos, Pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following declaration with respect to the above-captioned matter:

1. I am currently a Special Agent with Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS) at HSI Casa Grande, Arizona. I have held this position since February 2019. As a Special Agent, I am an investigator/law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7)—an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in

Title 18, United States Code, Section 2516. Prior to this, I held the position of Counterintelligence Agent within DHS responsible for national security investigations within the U.S. Coast Guard for approximately nine years.

2. On February 26, 2021, I was contacted by U.S. Customs and Border Protection (CBP) officers located at the Miami, FL International Mail Facility (IMF) regarding a U.S. Postal Service (USPS) parcel intercepted on February 21, 2021, at the IMF, originating from Peru and destined to a consignee in Arizona. I was contacted because the consignee's mailing address was located in Arizona and within the area of responsibility (AOR) of HSI Casa Grande. As part of the investigatory referral, I was informed that this parcel contained approximately 3 kilograms (kg) of mescaline. Mescaline is a Schedule I Controlled Substance. 21 U.S.C. § 812; 21 C.F.R. § 1308.11. Additionally, as part of the investigatory referral, I was informed that in October 2020, CBP had intercepted another USPS parcel containing 3 kilograms (kg) of mescaline at the Miami, FL IMF, and originating from Peru and destined to a consignee in Arizona with the same name and address as the February 2021 parcel. In the investigatory referral, and on the packaging, there was no reference to or identification of AYA.

3. On April 15, 2021, at approximately 1009 hours HSI Special Agent Peter Everhart and I conducted an interview of the consignee of both intercepted parcels referenced above at the consignee's residence in Arizona regarding the parcels containing mescaline originating from Peru. We told the consignee that she was not under arrest and she invited SA Everhart and me into her home to speak about the mescaline parcels, which she stated she had ordered. The consignee stated that she is a practitioner of Kambo, which is a South American shamanistic tradition involving applying secretions from the Kambo frog to initiate a purge for believed cleansing benefits. The consignee stated that she had ordered supplies for Kambo from a website called tribematses.com. She stated that she has been ordering supplies to include tobacco, milkwood, and sticks with Kambo frog secretion for approximately the past two years.

4. The consignee stated that she had ordered a shipment containing Kambo supplies

and the 3 kg of mescaline in approximately November 2020 but never received the shipment. She said that she contacted tribematses.com and told them she had not received the shipment from November 2020. Tribematses.com resent the shipment with new Kambo supplies and an additional 3 kg of mescaline in February 2021.

5. The consignee stated that she had ordered the mescaline on behalf of a friend. The consignee stated that the friend had told her that the mescaline was derived from ground San Pedro cactus and was not illegal. She stated that the friend had asked her to order the mescaline since she had a wholesale order with tribematses.com and would save money on shipping. The consignee said she had met the friend through Kambo groups. She stated that mescaline is not used in the Kambo ceremony and hypothesized that the friend was planning to use the mescaline for personal use. The consignee consented to provide us with copies of her text messages and Venmo transactions between her and the friend.

6. During the interview, the consignee stated that she had participated in ayahuasca ceremonies in Arizona and Mexico through the Arizona Yage Assembly (AYA), which the consignee stated was a church. The consignee's mention of AYA was the first time I had become aware of AYA through the course of this investigation. At the end of the consensual conversation, when the consignee asked me what would happen next, I told her assuming that the information she provided was true and accurate, she wouldn't see us again.

7. On July 1, 2021, I contacted the consignee's friend described above via telephone and left a voicemail stating I wanted to speak to him regarding his association with the consignee. On Friday July 2, 2021, I received a phone call from Charles Carreon stating he was an attorney representing AYA, and that he was representing the consignee and the friend as members of AYA. No further contact with either individual has occurred following my July contact with Charles Carreon.

8. In follow-up to our phone conversation, on July 8 and 15, 2021, I sent Mr. Carreon two email messages in an effort to close out the investigation into this matter. Those emails, and Mr. Carreon's response, are attached here as Exhibit A. Neither individual was threatened with prosecution. HSI Casa Grande's investigation into this matter was closed in July of 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September 2022.

                                        ALEXANDER W SMYRNOS
                                        Digitally signed by ALEXANDER W SMYRNOS
                                        Date: 2022.09.23 12:45:23 -07'00'

                               _____
                               Alexander Smyrnos
                               Special Agent
                               Homeland Security Investigations
                               U.S. Immigration and Customs Enforcement
                               U.S. Department of Homeland Security

# EXHIBIT A

**From:** Charles Carreon, Esq. <chascarreon@gmail.com>
**Date:** Friday, Jul 16, 2021, 4:24 AM
**To:** Smyrnos, Alexander <Alexander.Smyrnos@ice.dhs.gov>
**Subject:** Re: AYA v. Garland / contact information

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact ICE SOC SPAM with questions or concerns.

Agent Smyrnos,

Your email requests that I tell my clients that "San Pedro and torch cactus are controlled substances," and confirm that they've gotten the message. You further advise that DHS will then stop investigating them, while somewhat ambiguously suggesting that DHS will monitor their conduct for compliance with your directive, which could result in further "legal action." This request presents serious issues for consideration.

You are correct that peyote (*Lophophora Williamsii*) is a Schedule I substance. (21 C.F.R. § 1308.11 copy attached). But San Pedro (*Echinopsis Pachanoi*) and Peruvian Torch (*Echinopsis Peruviana*) are not on either Schedules I, II, III, IV or V.

Importation of controlled substances is made unlawful by 21 USC Sec. 952 (attached), which forbids importation of Controlled Substances in Schedules I, II, III, IV and IV. The only plant substances referred to in Section 952 are Coca Leaves and Poppy Straw (both in Schedule II). Thus, DHS's legal basis for seizing *Echinopsis* varieties is not based on the statute. Section 952 does not illuminate why "efforts to import" *Echinopsis* varieties could result in "legal action." Nor does your email state what kind of "legal action" might ensue from importation

efforts. Accordingly, I remain uncertain of the validity of your assertion, because importation of *Echinopsis* is clearly not a crime.

Nor is possession of nonscheduled substances a crime. As the Oklahoma District Court held: "*Because the substance is unscheduled, plaintiff would have to prove by a preponderance of the evidence that defendant's possession of the substance constitutes a violation of the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. §§ 802(32) and 813 ("CSAEA")*. United States v. Jones, No. 18-CR-0128-CVE, 2018 U.S. Dist. LEXIS 179637, at *9 (N.D. Okla. Oct. 19, 2018)"

*Echinopsis Pachanoi* and *Echinopsis Peruvian* are not analogues, aka "designer drugs." A global search in all federal and state Lexis case law produces not a single response to a search for either of the two cacti, by either their scientific or popular names names. I cannot find a single source of authority for your contention that these vegetable substances are subject to any greater degree of regulation than other vegetable products. Are you aware of any prosecutions or civil penalty actions resulting from possession of any mescaline-containing cacti other than *Lophophora Williamsii*? Please advise if you are, because I cannot find any. My search for any information the DEA might have on *Echinopsis* varieties produced only one source -- a 2016 copy of the old Microgram journal, that has a cursory entry to "phytochemical study of Echinopsis Peruviana." No Echinopsis varieties are listed in the latest copy of Drugs of Abuse.

While I am of course respectful of your authority as an agent of the US government, I am also aware that, while they may not have the force of law, the representations of federal officers are of great importance. Thus, your words must be understood before they are agreed to in a casual fashion. Accordingly, before we proceed further, please clarify under what authority the Department of Homeland Security contends that "San Pedro, and torch cactus are controlled substances," and that "efforts to import [*Echinopsis*] may result in legal action."

Of course, my request that you contact AYA members only through me, as the Church attorney, remains in effect. Should you have any questions regarding whether an investigative target is a Church member, do not hesitate to contact me. As previously stated, both the persons to whom you addressed your email representations are AYA members, and remain in contact.

Warm regards,
Charles Carreon
Attorney at Law

On Thu, Jul 15, 2021, 11:26 AM Smyrnos, Alexander <Alexander.Smyrnos@ice.dhs.gov> wrote:

> Charles,
> Were you able to pass this notification to your clients? I am trying to close this investigation out. Thanks.
> 
> **Alexander Smyrnos**
> **Special Agent**
> **Homeland Security Investigations**
> **480-322-3462**
> **Error! Filename not specified.**
>
> **From:** Smyrnos, Alexander
> **Sent:** Thursday, July 8, 2021 2:51 PM
> **To:** Charles Carreon, Esq. <chascarreon@gmail.com>
> **Subject:** RE: AYA v. Garland / contact information
>
> Mr. Carreon,

Thank you for speaking with me. Please relay the following information to your clients, **[redacted]** and **[redacted]**, and confirm that they have received and understand the below information. If you or your clients have any additional questions please feel free to reach out:

1. Mescaline and plants containing mescaline, such as the peyote, San Pedro, and torch cactus are controlled substances under federal law.
2. The unauthorized importation of controlled substances violates federal law.
3. Future efforts to import controlled substances contrary to law may result in legal action.
4. The sale and distribution of controlled substances, to include mescaline and its derivatives, is an additional federal crime.

Thank you for your assistance in resolving this matter.

**Alexander Smyrnos**
**Special Agent**
**Homeland Security Investigations**
**480-322-3462**



Virus-free. www.avg.com