CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316-1249
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland Attorney General of the United States; et al. <br><br> Defendants. | Case No.:20-CV-02373-ROS <br><br> MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' REQUESTS FOR PRODUCTION [F.R.Civ.P. 6(b) and 34] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Plaintiffs hereby give notice of their motion pursuant to F.R.Civ.P. 6(b) for an extension of time of one week to respond to the Rule 34 Requests for Production 8 – 25 propounded by all Defendants.

The grounds for the motion are that due to an excusable error in document preparation, Plaintiffs' counsel unintentionally served incomplete responses to Defendants' Requests for Production, inadvertently responding only to Request for Production 1 – 7, omitting to respond to the remainder. Plaintiffs immediately corrected

the error the day after being notified by opposing counsel, so the error has been remedied at this point, without having caused any prejudice to any party or this Court's handling of the case. Accordingly, Plaintiffs respectfully request that their response be deemed timely pursuant to Rule 6(b).

The motion is based upon the attached Declarations of Charles Carreon and Winfield Scott Stanley III.

Dated: October 27, 2023

CHARLES CARREON
/s/Charles Carreon
CHARLES CARREON (127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III

# MEMORANDUM OF POINTS AND AUTHORITIES

**1. Relief Requested: A 10-day Extension to Respond to a Rule 34 Request**

Plaintiffs move for an extension of time of ten days, from October 17, 2023 until October 27, 2023 to respond to a Rule 34 request for production of documents ("RFP" collectively, and "RFPs" individually) propounded by all Defendants. The purpose of the requested retroactive extension is to preserve the non-privilege objections of Plaintiffs to RFPs to which Plaintiffs' counsel inadvertently failed to respond.

**2. Rule 6(b) Should be Applied to Preserve Plaintiffs' Rights to Provide Responses and Objections to the Defendants' RFPs 8 - 25**

In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1494-95 (1993), the Court explained the meaning of excusable neglect of counsel from which a party may be relieved under Rule 6(b):

> [Rule 6(b)] grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness." Webster's [**1495] Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.

As set forth in the attached declarations, Plaintiffs' counsel's actual ignorance that RFPs 8 – 25 had been served and required response establishes excusable neglect. A Rule 6(b) motion should be granted on grounds of excusable neglect where the failure to meet the deadline is due to actual ignorance of the deadline. *Wand v. Roman Catholic Archbishop of Portland*, No. CV 10-29-PK, 2010 U.S. Dist. LEXIS 141181 (D. Or. Dec. 1, 2010) (applying Rule 60(b) to find excusable neglect for failure to timely file a claim due to actual ignorance of the deadline).

Plaintiff is particularly blameless here, and should be relieved of the consequences of their counsel's omission, because Plaintiff diligently reviewed the responses prepared by Plaintiffs' counsel, and saw no reason to look beyond the document prepared for his review, that incorporated the Defendants' RFPs and the Plaintiffs' responses. (Stanley Dec. ¶¶ 5 - 6.)

### 3. Rule 34 Contains an Implied "Good Cause Exception" to Relieve Parties from the "Potentially Harsh Consequences Associated With the Waiver of Objections" that Can Result from Inadvertent Service of Untimely Responses

Rule 34(b) does not impose a *per se* waiver penalty for untimely discovery responses. *Munoz v. Board of Trustees of the Cal. State Univ.*, No. 2:21-cv-1692-MCE-CKD, 2022 U.S. Dist. LEXIS 43255, at *7 (E.D. Cal. Mar. 9, 2022), citing *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005)(rejecting *per se* waiver rule "that deems a privilege waive if a privilege log is not produced within Rule 34's 30-day time limit").

In *Ocean Garden Prods. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 U.S. Dist. LEXIS 132343, at *4 (D. Ariz. July 27, 2020) an Arizona District Court explained that, even though it lacks Rule 33's express "good cause language," Rule 34 equally allows the Court to relieve parties from harsh consequences of waiver:

> Although Rule 34 does not contain an analogous provision, courts "generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33."  Accordingly, courts "retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver."
> *Ocean Garden Prods. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, at *4 (citation omitted); *see also, Id., at* *24 (finding objections to RFPs waived where no good cause shown for failure to timely object).

Accordingly, when a party whose attorney has unintentionally failed to provide timely responses to Rule 34 document requests corrects the error with alacrity, that is an appropriate situation for application of the "good cause" rule implicit in Rule 34.  That was the case in *Munoz v. Board of Trustees, supra*, where the court observed:

> [D]efense counsel has provided a swift and sincere explanation for the delayed responses: an inadvertent clerical mistake that prevented the RFPs from making it to his desk within the 30-day window. As soon as defense counsel realized the RFPs were outstanding on January 21, 2022, he contacted plaintiff's counsel (on the next business day) and proposed February 18, 2022, as a date certain for providing responses.
> *Munoz v. Bd. of Trs. of the Cal. State Univ.*, No. 2:21-cv-1692-MCE-CKD, 2022 U.S. Dist. LEXIS 43255, at *7-8 (E.D. Cal. Mar. 9, 2022)

Plaintiffs and their counsel in this case have been equally honest, and even more prompt than that of the *Munoz* defense counsel. (Carreon Dec. ¶¶ 6 – 8.) As in *Munoz*, counsel promptly acknowledged the inadvertent clerical mistake in responding to the Defendants' Requests for Production. (Carreon Dec. ¶ 7 – 8.) And the Defendants herein have taken a very similar posture as did the demanding plaintiff in *Munoz*,[1] who "would only agree to the proposed extension if responsive documents would be produced and no objections would be asserted other than attorney-client privilege." *Munoz v. Bd. of Trs. of the Cal. State Univ.*, No. 2:21-cv-1692-MCE-CKD, 2022 U.S. Dist. LEXIS 43255, at *3 (E.D. Cal. Mar. 9, 2022).

Unlike defense counsel in *Munoz*, Plaintiffs in this case immediately served the Corrected Responses, the very day after they were notified of the error. (Carreon Dec. ¶ 8.) By contrast, the *Munoz* defense lawyer did not serve responses to the Requests for Production until after the demanding plaintiff had filed a motion to compel responses. *Munoz, supra*, 2022 U.S. Dist. LEXIS 43255, at *5. Nevertheless, the court found good cause to excuse the defendants "untimely assertion of objections to the RFPs six weeks beyond the default 30-day deadline." *Munoz, supra*, 2022 U.S. Dist. LEXIS 43255, at *9. The court found "no need to harshly punish defendant … for the errors of its counsel by precluding the assertion of any objections to these extensive discovery requests." *Munoz, supra*, 2022 U.S. Dist. LEXIS 43255, at *10.

Plaintiffs respectfully submit they have established good cause to be relieved from the consequences of their counsel's error in serving incomplete Responses to Requests for Production, pursuant to the above-cited authorities applying Rule 34 to similar cases.

///

---

[1] Plaintiffs' counsel emailed Defendants' counsel to elicit their response to this motion. Opposing counsel responded as follows: "***It is the government's position that Plaintiffs have waived their ability to raise objections to the unanswered requests.*** The government is happy to provide an extension for Plaintiffs to provide their response to these requests, however, in such in event, we believe it is necessary to also seek an extension for the substantial completion of written discovery deadline." (Emphasis added.) (Carreon Dec. ¶ 9.)

### 4. Plaintiff Served an Incomplete Response Due to Excusable Neglect

On September 1, 2023, Defendants served an RFP on Plaintiffs that set forth 25 RFPs. (Carreon Dec. ¶ 2.) Defendants granted an extension of two weeks until October 16, 2023. (Carreon Dec. ¶ 3.) On that date, plaintiff's counsel requested an additional extension of one day to allow a thorough review of the response by the client, plaintiff Stanley. (Carreon Dec. ¶ 4.) To provide responses incorporating the text of each individual request, Plaintiffs' counsel converted the Defendants' RFP into a Word formatted document and cut and pasted material from that document into the Plaintiffs' response; unfortunately, due to a copying error, Plaintiff's counsel prepared a draft response that copied only the text of RFPs 1-7, and did not include the text of RFPs 8 – 25. (Carreon Dec. ¶ 5.) This error then carried through to subsequent drafts, and both Plaintiffs' counsel and Plaintiff Stanley relied on the incomplete draft, without referring back to the original document served by Defendants. (Stanley Dec. ¶ 6; Carreon Dec. ¶ 6.) Thus, when Plaintiffs' counsel served Plaintiffs' Response to Defendants' RFP, it only provided responses for RFPs 1-7. (Carreon Dec. ¶ 6.) Plaintiffs' counsel's omission was completely unintentional, manifesting from complete ignorance of the existence of RFPs 8 – 25. (Carreon Dec. ¶ 6.) Although privilege objections are not waived under Rule 34 by a failure to respond to an RFP, inability to object to a demand on the grounds that it is not proportional to the needs of the litigation, or otherwise objectionable, would impair Plaintiffs' ability to require the Defendants to focus some of their demands, and conceivably enable the Defendants to demand production of an unreasonable volume of documents that would impair Plaintiffs' conduct of this litigation. (Carreon Dec. ¶ 6.)

### 5. Plaintiffs Were Ignorant of Counsel's Error and Corrected it by Serving a Corrected Response the Day After Receiving Notice of the Error

Plaintiff Stanley diligently reviewed the responses prepared by Plaintiffs' counsel, and saw no reason to look beyond the document prepared for his review. (Stanley Dec. ¶¶ 5 - 6.) On October 26, 2023, Defendants' counsel notified plaintiffs' counsel of the omission. (Carreon Dec. ¶ 7.) As quickly as possible, on October 27, 2023, Plaintiffs

corrected the omission, serving Plaintiffs' Corrected Responses for all Requests for Production, 1 – 25.  (Carreon Dec. ¶ 8.)

**6. Discovery Deadlines are Not Imminent, and No Party Will be Prejudiced by the Court's Granting the Requested Relief**

Pursuant to the Court's Scheduling Order (Dkt # 195), written fact discovery began July 20, 2023, is to be substantially complete by November 16, 2023, and to be finally completed by April 4, 2023.  Opposing counsel have expressed the view that these deadlines may require extension if the relief sought herein is granted.  (*See* foonote 1.) Plaintiffs do not believe that granting the requested relief requires changes in the discovery schedule; however, they will agree to reasonable extensions of the current deadlines to accommodate the concerns of the Defendants.  Accordingly, no party will be prejudiced by the Court's granting the requested relief.

**7. Conclusion**

Plaintiffs have shown good cause for the Court to grant the requested relief by issuing an Order in the form submitted herewith, and the same is respectfully requested.

Dated: October 27, 2023

CHARLES CARREON
/s/Charles Carreon
CHARLES CARREON (127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III