JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

CHARLES CARREON (CSB #127139)
305 Cuprite Street
Tyrone, New Mexico 88065
Tel: 928-975-2191
Email: chascarreon@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br>Merrick Garland Attorney General of the United States; et al.<br><br>　　　　　Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' F.R.Civ.P. 6(b) MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' REQUESTS FOR PRODUCTION |

### DECLARATION OF CHARLES CARREON

Charles Carreon declares and affirms:

1.   I am an attorney licensed to practice before all courts in the State of California, and admitted *pro hac vice* by this Court as plaintiffs' counsel of record herein.  I make this declaration in support of the Rule 6(b) motion of Plaintiffs Arizona Yagé Assembly ("AYA") and Winfield Scott Stanley III ("Mr. Stanley").  If called as a witness, I could and would so competently testify.

2. On September 1, 2023, Defendants served a Rule 34 Request for Production on Plaintiffs that set forth 25 individual document requests. The Defendants also served a set of Interrogatories. This motion concerns only the Request for Production.

3. At my request, Defendants granted an extension of two weeks to respond, until October 16, 2023.

4. On October 15, 2023, I had prepared the draft responses to discovery and sent them to Plaintiff Stanley for review. On October 16, 2023 we discussed the responses to Requests for Production. On October 16, 2023, I requested an additional extension of one day to allow a thorough review of the discovery responses by the client, plaintiff Stanley.

5. I prepared the Responses to Requests for Production in the following fashion: I converted the Defendants' RFP into a Word formatted document and cut and pasted material from that document into the Plaintiffs' responses. Due to a copying error, I copied only the first page of the requests, that recorded only the text of RFPs 1 -7, and did not include the text of RFPs 8 – 25.

6. This error then carried through to subsequent drafts, and both Plaintiffs' counsel and Plaintiff Stanley relied on the incomplete draft, without referring back to the original document served by Defendants. Thus, when Plaintiffs' counsel served Plaintiffs' Response to Defendants' RFP, it only provided responses for RFPs 1 -7. Plaintiffs' counsel's omission was completely unintentional, manifesting from complete ignorance of the existence of RFPs 8 – 25. Although privilege objections are not waived under Rule 34 by a failure to respond to an RFP, inability to object to a demand on the grounds that it is not proportional to the needs of the litigation, or otherwise objectionable, would impair Plaintiffs' ability to require the Defendants to focus some of their demands, and enable the Defendants to demand production of an unreasonable volume of documents that would impair Plaintiffs' conduct of this litigation. These would be harsh

consequences indeed; accordingly, I have filed this motion to admit my error and request that it not redound to the detriment of my clients, who are in no way to blame.

7.   On October 26, 2023, Defendants' counsel notified plaintiffs' counsel of the omission.

8.   As quickly as possible, on October 27, 2023, Plaintiffs corrected the omission, serving Plaintiffs' Corrected Responses for all Requests for Production, 1 – 25.

9.   On October 27, 2023, I emailed Defendants' counsel to elicit their response to this motion.  Opposing counsel responded as follows: "***It is the government's position that Plaintiffs have waived their ability to raise objections to the unanswered requests.***  The government is happy to provide an extension for Plaintiffs to provide their response to these requests, however, in such in event, we believe it is necessary to also seek an extension for the substantial completion of written discovery deadline." (Emphasis added.)

10.  The foregoing facts establish that my confessed error herein was due to excusable neglect that was promptly remedied and caused no prejudice to Defendants.

11.  Plaintiffs submit they have established good cause for the Court to grant the Order submitted herewith, and respectfully respect the same.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on October 27, 2023, at Silver City, New Mexico.

_____
Charles Carreon, Declarant