CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

BONNIE E. DEVANY
Trial Attorney

LISA NEWMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br>v.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**JOINT STATEMENT ON DISPUTE OVER PROTECTIVE ORDER PROVISIONS** |

The parties respectfully provide the following statement regarding a dispute over two provisions in a protective order, discussed below.  The redlined agreement is attached.  A screenshot of the disputed text is included in this statement for ease of reference followed by the parties' respective positions.

**Defendants' Position**: The Privacy Act generally precludes federal agencies from disclosing any record contained in a system of records unless the individual to whom the record pertains gives prior written consent to the disclosure. *See* 5 U.S.C. § 552a. In that regard, the entry of a protective order ("PO") is standard for civil cases against the federal government where the Privacy Act may be implicated and facilitates the timely exchange of information in discovery. Protective orders also facilitate the exchange of other sensitive information, and both parties identified categories of documents that may warrant inclusion in a PO.  Defendants first sent Plaintiffs a draft PO and draft clawback agreement on July 13, 2023, but Plaintiffs did not provide edits to the draft PO until November 22, 2023. Parties have reached an agreement on most of the disputed issues in the PO, but request to file a motion for a PO to brief the two outstanding issues to facilitate the continuation of discovery before the substantial completion of discovery deadline.

**Plaintiffs' Position**:  The parties have reached agreement on the bulk of the provisions of the PO, and only a few issues remain for resolution.  On July 19, 2023, Plaintiffs objected to an Attorney's Eyes Only provision that Defendants agreed to withdraw on November 29, 2023.  Various other issues plaintiffs raised that same date were resolved by discussion. Two issues remain.

**Issue 1: Including language in the protective order restricting the government's access and use of discovered information (¶¶ 8 and 9).**

> 8.  **Access to Protected Information.** Except as provided in this Order, all Protected Information produced or exchanged subject to this Order shall be used solely for the purposes of this action and for no other purpose <u>whatsoever, and</u> shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.  <u>Defendants and their counsel shall not transmit any Protected Information disclosed by Plaintiffs to enforcement prosecuting attorneys or criminal investigators employed by the Defendant agencies, or to state, county or municipal law enforcement agencies.</u>
>
> 9.  Notwithstanding Paragraph 6 of this Order, Documents designated "Confidential - Subject to Protective Order" or a similar marking may be disclosed to the following:
>
>   a. The Court and its official <u>personnel</u>;
>   b. Counsel of record for the <u>parties</u>;
>   c. Associates and staff of the counsel of record for the parties, including agency counsel, paralegals, office clerks, and other support staff whose assistance is required by the counsel working on the <u>case</u>;
>   d. Employees of the Federal Government with a need to have access to such documents in connection with this litigation, including supervisory officials of one of the Defendants or the Department of Justice<s>,</s>
>
>   <s>provided however that this Order shall not prevent any federal employee from having access to records to which such employee would normally have access in the regular course of his or her employment</s>;

**Defendants' Position:** Plaintiffs improperly seek to weaponize the PO to restrict the

government from using any information Plaintiffs deem to be "protected information," even if such information is suggestive of criminal activity. *See, e.g.*, *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222, 1224–27 (9th Cir. 1995) (collecting cases); *In re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir. 1988) (civil protective orders are not appropriate or effective means of vindicating the privilege against self-incrimination); *In re Grand Jury Proceedings (Williams)*, 995 F.2d 1013 (11th Cir. 1993) (same); *Pillsbury Co. v. Conboy*, 459 U.S. 248, 261 (1983) (noting that courts lack authority to grant immunity against use of incriminating testimony in a subsequent criminal prosecution). AYA requested—and Defendants agreed—to remove an attorneys' eyes only provision in the PO because it would prejudice AYA, yet now requests that information it designates as "protected" be restricted and not revealed to certain employees of Defendant agencies that AYA has sued. Plaintiffs redline is not limited to prosecutors and is improper regardless, and Defendants request that this language be excluded from the PO.

**Plaintiffs: Explicit Restrictions on Use of Plaintiffs' Protected Information**

Confirmation that a person participated in an AYA ceremony is testimonial evidence protected from compelled self-disclosure under the Fifth Amendment. AYA asserts the Fifth Amendment rights of its members under *Albertson v. Subversive Activities Control Bd.*, 382 U.S. 70, 86 S. Ct. 194 (1965)(quashing subpoena on motion of Communist Party officers asserting Fifth Amendment rights of members to quash subpoena for Party's membership list). Laws compelling potentially self-incriminatory acts can be constitutionally valid when balanced by confidentiality provisions. Legislatures may tax illegal drugs if the statute imposing the tax "effectively limited dissemination of information to prosecuting authorities." Taxation of Illegal Narcotics: A Violation of Fifth Amendment Rights or an Innovative Tool in the War Against Drugs, 11 St. John's J.L. 747, 764 (Summer, 1996)(summarizing state court decisions applying Fifth Amendment constitutional scrutiny to statutes that tax unlawful controlled substance transactions). The dispute prevents only prosecutors from receiving Protected Information, and is not a backdoor Attorneys Eyes Only provision.

4

**Issue 2: Whether AYA may assert the Fifth Amendment on behalf of its members**

**Defendants' position:** AYA invokes the Fifth Amendment on behalf of its members under *Albertson*, 382 U.S. at 70. But *Albertson* was brought by *individuals* not an organization asserting its members' rights and is inapposite in a civil lawsuit by an *organization*. Plaintiffs withheld documents and declined to answer interrogatories (not just RFP, invoking the Fifth Amendment rights of Stanley and its members. The privilege is personal and cannot be claimed by corporate officers on behalf of a corporation, and an organization like AYA may not assert the Fifth Amendment rights of others. *See United States v. White*, 322 U.S. 694, 700–01 (1944) ("official records and documents of the organization … cannot be the subject of the personal privilege against self-incrimination" even if personally incriminating). Defendants have not requested or subpoenaed information from any AYA congregants; they have requested only information *from AYA* and in AYA's records. Discovery "concerning membership and leadership" and "financial records" of a church in RFRA case does not implicate the Fifth Amendment. *Oklevueha v. Holder*, 2013 WL 3243371, at *5 (D. Haw. 2013) (negative inferences in invoking Fifth Amendment).

**Plaintiffs' position**: The DEA's RFP # 7 requests: "any and all … communications with any and all individuals who are members of AYA relating to membership in AYA, your ceremonies, and your tenets and beliefs." Compelled disclosure of those documents would impose the same burden as SACB's demand for the member list of an illegal association. "[P]etitioners were members of the Communist Party[who] refused, by reason of a claim of privilege against self-incrimination, to answer the allegations of petitioners' membership in the Party…. *Albertson v. Subversive Activities Control Bd.*, 118 U.S. App. D.C. 117, 332 F.2d 317, 320-21 (1964), *overruled in Albertson, supra*, 382 U.S. 70. Mr. Stanley founded AYA, whose practices the DEA deems criminal, and invokes the Fifth Amendment to prevent compelled disclosure of testimonial evidence linking AYA members with AYA. If disclosed, prosecutors should not obtain access to that information. *Oklevueha v. Holder*, *supra*, was decided before the 2015 adoption of the Rule 26(b)(1) relevance and proportionality standard. *Eg.*, *Lopez v. Corecivic*, No. CV 19-04332 ROS, 2021 U.S. Dist. LEXIS 264290, at *56 (D. Ariz. July 26, 2021).

| | | |
|---|---|---|
| Dated: December 4, 2023 | | Respectfully submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

*/s/ Charles Carreon*
CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

**Certification.**

Counsel for Defendants and Plaintiffs hereby certify that they have attempted to resolve the instant dispute through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order. Counsel for Defendants sent an email with a draft protective order on July 13, and sent follow-up emails about the issue on July 17, July 20, October 26, October 30, November 6, November 16, November 17, and November 20. Additionally, counsel for Defendants raised this issue during meet and confers calls with Plaintiffs' counsel on July 24, August 11, November 7, and finally on November 21. Plaintiffs' counsel returned edits on November 22, 2023. Defendants accepted many of the Plaintiffs' suggestions. The parties subsequently conferred about the remaining disputes included in this statement on November 30, 2023, and reached further agreement about several provisions in dispute.