CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Cir.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>    Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' F.R.Civ.P. 6(b) MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' SECOND SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR ADMISSIONS |

DECLARATION OF CHARLES CARREON

Charles Carreon declares and affirms:

1.   I am an attorney licensed to practice before all courts in the State of California, and admitted *pro hac vice* by this Court as plaintiffs' counsel of record herein.  I make this declaration in support of the Rule 6(b) motion of Plaintiffs Arizona Yagé Assembly ("AYA") and Winfield Scott Stanley III ("Mr. Stanley").  If called as a witness, I could and would so competently testify.

2. This is a motion for extension of the thirty-day response deadlines for interrogatories under F.R.Civ.P. 33(b)(2) and requests for admissions ("RFAs") under F.R.Civ.P. 36(a)(3). On December 20, 2023, Defendants served their Second Set of Interrogatories (50 counting subparts), and their first set of forty-four (44) RFAs (the "Second Wave"). An extension of an additional thirty days from the current response date will give Plaintiffs until February 18, 2024 to respond to the Second Wave. The facts below establish good cause for the requested extension of time.

3. Plaintiffs make this request because Plaintiffs' counsel simply hasn't had time to work on the Second Wave, as explained in summary at ¶ 5 and in detail in ¶ 6 hereinbelow. Further, the Second Wave is focused and demanding discovery that requires internal investigation by counsel and cannot be completed within the time allowed by statute. Finally, Defendants have declined to provide more than a one-week extension, which would be insufficient.

4. The defendants served the Second Wave on December 20th, two days before Plaintiffs' counsel's pre-announced vacation (December 22nd - January 8, 2024).

5. Since January 8th, Plaintiffs' counsel has been fully engaged in meeting and conferring, editing shared documents, and engaging in negotiations with defense counsel regarding:

   a. the terms of the Joint Stipulation to Extend Deadlines in the Case Management Order, Dkt. #206, (the "CMO Stipulation") (*see* ¶6.h – i);

   b. the terms of a DOJ-initiated Joint Statement to present a dispute concerning the First Wave of DOJ discovery to this Court (*see* ¶ 6.i - o); and,

   c. the terms of a Plaintiff-initiated Joint Statement to seek the Court's advice on how to prepare a joint statement under this Court's Discovery Rule (¶ 6.p - r).

**DECLARATION OF COUNSEL**
**IN SUPPORT OF F.R.Civ.P. 6(b) MOTION FOR EXTENSION OF TIME**
2

6.  To recount how Plaintiffs' counsel has been embroiled in these three activities, to the exclusion of responding to the Second Wave, your declarant will review the efforts of counsel for all parties during the last month:

   a. Plaintiffs responded to a First Set of Interrogatories and a Request for Production (the "RFPs"), served September 1, 2023 (the "First Wave"), to which Plaintiffs responded by:

      i. Producing AYA documents corroborative of Plaintiff Stanley's declarations previously submitted at various points in this action;

      ii. Answering interrogatories regarding relevant matters in reasonable detail;

   b. Plaintiff Stanley spent many hours meeting with Plaintiffs' counsel to comply with discovery obligations, including internal and external document review and production, conducting internal inquiries with those who help administer AYA's religious activities, and preparing to meet the prior January 29, 2024 deadline for lay and expert witness disclosure;

   c. Early in December, 2023, your declarant notified defense counsel that he would be taking his first vacation since this case incepted during Christmas, and elicited agreement that, as Plaintiffs have three-times acceded to the vacation absences of DOJ attorneys, there would be no interference with Plaintiffs' Counsel's holiday vacation;

   d. Early in the week that ending Friday, December 22nd, Plaintiffs' counsel told defense counsel he would be out of the office until the 8th of January of the coming year;

   e. That week, Defendants put two initiatives on the table:

      i. On December 20th, they served the Second Wave;

      ii. On December 22nd, they emailed Plaintiffs' counsel the DOJ's draft of a joint statement (the "DOJ Draft") regarding the First Wave, with a request that your declarant provide his edits to the document by December 26th;

f. Your declarant respectfully demurred to the request to work on the DOJ Draft during Christmas holidays, and reminded defense counsel of the mutual commitment to respect the vacations of opposing counsel;

g. On January 8th, your declarant responded to the DOJ's first draft what was ultimately filed after substantial negotiating as the CMO Stipulation, Dkt. #206;

h. Negotiating the CMO Stipulation took all week, then on Friday, just after we filed it, defense counsel notified your declarant that the DOJ was going to file the DOJ Draft that day, and I had a few hours to get Plaintiffs' revisions to defense counsel, or that would be the "Joint Statement;"

i. Your declarant protested that this was an unreasonable demand, because the DOJ Draft sought enforcement of almost all of the DOJ's First Wave of discovery -- eighteen (18) Interrogatories and twenty-two (22) RFPs;

j. Defense counsel argued that Plaintiffs' had forfeited their right to have their arguments included in the DOJ Draft by not getting revisions back to defense counsel sooner;

k. Your declarant protested that this was unfair, because both parties had been working collaboratively on preparing the CMO Stipulation and defense counsel had not raised the issue of revising the DOJ Draft for a Friday

deadline, but defense counsel responded they had made a refence to the matter in an email;

l. Your declarant managed to prevail upon defense counsel to await receipt of Plaintiffs' edits to the DOJ Draft until close of business next Monday, Martin Luther King Day;

m. Your declarant spent nearly eleven hours on Martin Luther King Day drafting Plaintiffs' position in fourteen lines each, per the Court's Discovery Rule, regarding why further responses should not be required to 18 Interrogatories and 22 RFPs (the "Rough Joint Statement");

n. On January 16th, your declarant met and conferred with defense counsel, and defense counsel said the DOJ was filing the DOJ Draft as the joint statement, and would not file the Rough Joint Statement that your declarant had worked on for eleven hours on a national holiday;

o. Later that day, declarant confirmed the DOJ's surprising position via email: *"First, we agreed that it would be a good idea to submit a joint statement requesting clarification of the form for submitting joint statements, but subsequent exchanges made that proposal essentially moot, as the remainder of this email outlines. Please advise if the DOJ wishes to change its position on this issue, and delay filing its Joint Statement until we have obtained directions from the Court."*

p. Even later that day, this Court issued its Amended Scheduling Order (Dkt. # 205), and shortly thereafter, defense counsel sent your declarant an email that stated in relevant part: *"In light of the Court's order granting the extension of the case management deadlines, and in light of what was an unproductive and unprofessional conferral, we will not be filing the joint statement this evening. … We will closely review what you sent us, and I*

> will be back in touch.  **_Defendants agree that it makes sense to file a joint statement requesting guidance on the joint statement process, which you've said you will draft and circulate._**"  (Emphasis added.)

q. The next day, on January 17th, your declarant drafted a proposed Joint Statement Regarding the Form of Joint Statements, explaining in fourteen lines Plaintiffs' position on the proper form of a Joint Statement, and sent it to defense counsel to include the DOJ's position;

r. At the January 16th meet and confer, Plaintiffs also requested an extension of slightly over thirty days to respond to the Second Wave, to which defense counsel responded with an offer of one week additional time; and,

s. Defense counsel have not responded to Plaintiffs' draft Joint Statement Regarding the Form of Joint Statements, sent over forty-eight hours ago.

7. Plaintiffs respectfully submit that the foregoing establishes that good cause exists to grant the Plaintiffs until February 18, 2024, sixty days from the December 20, 2024 date of service, to serve responses thereto.  RFAs must always must be handled with the greatest of care, and the Second Set of Interrogatories asks focused questions about which your declarant lacks personal knowledge; accordingly, without an additional thirty days to conduct the necessary investigation, it would be impossible to prepare adequate response to fairly represent Plaintiffs' position.  The one week offered by Defendants would simply be insufficient to make up for the time that was lost during vacation and the above-related intensive meet and confer process.

8. This request is not made for purposes of harassment or delay, or to needlessly increase the cost of litigation, but rather is made for the sole purpose of procuring sufficient time to perform the duties of counsel in a manner that will advance the swift and fair adjudication of this case.

9.   Accordingly, Plaintiffs respectfully request the Court to grant the Order submitted herewith.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct, and that this declaration was signed on January 19, 2024, at Silver City, New Mexico.

Charles Carreon, Declarant