IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Merrick Garland, et al., | |
| Defendants. | |

Parties have filed a Joint Statement on Dispute Over Protective Order Provisions (Doc. 205). The dispute concerns two issues and the Court will address each in turn.

**A. Whether AYA May Assert the Fifth Amendment on Behalf of Its Members**

Plaintiffs seek to assert the Fifth Amendment on behalf of its members to prevent disclosure of potentially incriminating information related to membership in Plaintiffs' organization and participation in ceremonies. (Doc. 205 at 5). Plaintiffs rely on *Albertson v. Subversive Activities Control Bd.*, where the Supreme Court held orders requiring individuals to register and admit to membership in the Community Party violated the Fifth Amendment's self-incrimination clause. 382 U.S. 70 (1965). But as Defendants point out, *Albertson* did not involve an organization asserting the Fifth Amendment on behalf of its members but was brought by individuals challenging orders compelling individual people to take individually incriminating action by registering as members of a Communist action organization. *See id.* at 74-76, 82-83. Here, Defendants' discovery requests do not seek incriminating admissions or documents from any individual members of Plaintiffs'

organization, but instead seek organizational records and communications held by the organization itself. (Doc. 205 at 5). It is well established that "the official records and documents" of an organization "cannot be the subject of the personal privilege against self-incrimination." *United States v. White*, 322 U.S. 694, 699 (1944); *see also Shelton v. United States*, 404 F.2d 1292, 1301-02 (D.C. Cir. 1968) (affirming contempt conviction where the defendant refused to produce records and correspondence of Ku Klux Clan organizations); *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 2013 WL 3243371, at *4 (D. Haw. June 26, 2013) (finding the defendant church—with marijuana use as a central part of its religion—could not assert a Fifth Amendment privilege to avoid answering interrogatories related to membership and other records).

Thus, the Court finds Plaintiff AYA may not assert the Fifth Amendment on behalf of its members in responding to Defendants' discovery requests.

**B. Restricting the Government's Access and Use of Discovered Information**

Plaintiffs seek to include a provision in the protective order restricting the government's access and use of discovered information by prohibiting Defendants from transmitting any protected information to "enforcement prosecuting attorneys or criminal investigators employed by the Defendant agencies, or to state, county or municipal law enforcement agencies." (Doc. 205 at 3). Plaintiffs argue this provision is necessary to prevent compelled self-disclosure of testimonial evidence by its members under the Fifth Amendment, offering only *Albertson* as caselaw supporting its position. (Doc. 205 at 4). Defendants argue Plaintiffs seek to improperly weaponize the protective order "to restrict the government from using any information Plaintiffs deem to be 'protected information,' even if such information is suggestive of criminal activity." (Doc. 205 at 3-4). Defendants cite numerous cases holding grand jury subpoenas *per se* take precedence over civil protective orders, *see, e.g.*, *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222, 1224–27 (9th Cir. 1995); *In re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir. 1988); *In re Grand Jury Proceedings (Williams)*, 995 F.2d 1013 (11th Cir. 1993), and holding courts cannot grant immunity against use of incriminating testimony in

subsequent criminal prosecutions, *see Pillsbury Co. v. Conboy*, 459 U.S. 248, 261 (1983). Defendants' argument is persuasive, particularly where Plaintiff AYA cannot assert the Fifth Amendment privilege on behalf of its members. The Court finds the protective order shall not restrict Defendants' access and use of discovered information as sought by Plaintiffs in this dispute.

      **IT IS ORDERED** parties shall file a proposed protective order consistent with this order by **February 2, 2024**.

      Dated this 22nd day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge