BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

LISA NEWMAN (TX 24107878)
BONNIE DEVANY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br>v.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**JOINT STATEMENT ON DISPUTE OVER PROPER FORM OF DISCOVERY JOINT STATEMENTS TO RESOLVE DISCOVERY DISPUTES** |

The parties submit the following statement regarding their dispute over the joint statement process required by the Court's "Discovery Disputes" rule (the "Rule"). The parties are at an

impasse over the Court's joint-statement process, and present their respective positions below.

**Defendants' Position:**  Defendants respectfully request an in-person status conference with the Court to discuss the issues in this statement. Should the Court wish to set a hearing, counsel is available between January 29 and February 2. Defendants have significant concerns with the manner in which the joint-statement process has proceeded, including (1) lengthy delays in receiving Plaintiffs' position to be input into the joint statements drafted by Defendants, (2) unproductive and hostile conferrals with Plaintiffs' counsel, (3) Plaintiffs' position that the joint statement consist of 14 lines to separately address *each* deficient interrogatory, request for production, request for admission, or objection. Defendants address each issue below. These issues have prejudiced Defendants' ability to obtain highly relevant, discoverable information in a timely matter that is essential to its case and have hindered its ability to substantially complete discovery. As detailed below, the meet-and-confer process has become unsuccessful, and Defendants seek leave to present discovery disputes through formal motion (a) based on a written conferral and (b) unilaterally when a dispute has arisen and has not been resolved within a week of being raised.

**Plaintiffs' Position**:  Plaintiffs have been cooperative in scheduling, conducting, and documenting all meet and confer efforts pursuant to the Court's Joint Statement Process ("CJSP"), pursuant to which (1) "no motions are permitted to be filed," and (2) each party receives no less than 14 lines to address each Interrogatory, Request for Production, Request for Admissions, Boilerplate Objection, or Interrogatory Subpart.  A joint statement is complete when both parties have reviewed each other's most recent submissions, replied or passed on the opportunity to reply, and agreed to file it.  As required by the CJSP, Plaintiffs make "reasonable efforts to resolve a dispute" by engaging in reasoned debate and seeking compromise.  It was Plaintiffs' Counsel who courteously alerted Defense counsel to the CJSP, and deterred them from moving unilaterally for a hearing on their preferred form of Protective Order by acquainting them with *Steigleman v. Symetra Life Ins. Co.*, No. CV-19-08060-PCT-ROS, 2023 U.S. Dist. LEXIS 10264 (D. Ariz. Jan. 20,

2023) and *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 U.S. Dist. LEXIS 180502 (D. Ariz. Oct. 19, 2018).  Yesterday, the Defendants prevailed on their contentions when the Court accepted them in its Order (Dkt. # 210); accordingly, it's clear the CJSP is functional, and Plaintiffs' Counsel has been diligent in adhering to it.  No changes are needed in the CJSP.

**Issue 1: Timing of joint statements**

**Defendants' Position:** Plaintiffs' delays in providing its positions in joint statements have substantially delayed Defendants' ability to put crucial disputes before the Court, which has accordingly resulted in significant delays in substantially completing discovery. As detailed in the Joint Statement on the Protective Order, Dkt. 205 at 7, it took more than 5 months (from July 17 until December 4) and more than ten conferrals for Defendants to receive Plaintiffs' position and file the joint statement on a routine protective order.  Defendants sent Plaintiffs a draft protective order on July 13, 2023, and despite repeated emails from Defendants, did not receive edits back from Plaintiffs until November 22, 2023.  Similarly, Defendants first sent Plaintiffs a letter on the deficiencies in Plaintiffs' discovery responses on October 26, 2024.  When these deficiencies were not resolved, Defendants sent Plaintiffs a four-issue joint statement on these deficiencies on December 21, 2023, and followed up by email on December 21, January 5, January 9, and finally on January 12.  Defendant did not receive Plaintiff's position until January 16, and Plaintiffs stated during a conferral that these attempts to solicit Plaintiffs' position were not sufficient.

**Plaintiffs' Position:**

Defendants slowed CJSP progress by threatening to file unilateral discovery motions, each time having to be reminded that we do not file discovery motions, by Plaintiffs' Counsel citing them to *Steigleman v. Symetra, supra.  Eg.*, last Tuesday, the parties held an excellent meet and confer that, *inter alia*, caused some hurt feelings when Plaintiffs' Counsel, flummoxed by the DOJ's argument that Defendants could ignore the twenty pages of discovery arguments

3

Plaintiffs had provided them, and simply file the DOJ's draft, simply gave up and said, "Okay, that's fine – you do that," and then moved on to the next issue. Only when the Amended Scheduling Order (Dkt. # 207) issued did Defense Counsel notify Plaintiffs Counsel they would not be filing the DOJ draft of the Joint Statement, and invited Plaintiffs' Counsel to draft this "Joint Statement about how to do Joint Statements." The very next day, Plaintiffs' Counsel sent a simple fourteen-line draft, but Defense Counsel didn't provide a responsive draft for five (5) days. No changes are required to the CJSP, that requires counsel to dedicate their time to simplify the Court's work. Defense counsel just need to get into the spirit of how this collaborative process must work.

**Issue 2: Conferral required under Local Rule Local Rule 7.2(j) and the Court's Case Management Order: that parties "must personally meet and confer and make all reasonable efforts to resolve a discovery dispute prior to contacting the Court."**

**Defendants' Position:** Although the parties have worked collegially at times during this case, verbally conferring with Plaintiffs' counsel in the hopes of reaching an agreement on resolving discovery disputes has become unproductive and unsuccessful. Plaintiffs' counsel dominates the conversations and repeatedly cuts off, interrupts, or speaks over Defendants' counsel. It is not uncommon for Defendants' counsel to be able to speak less than 10 minutes in a 45-minute or hour-long conferral. Most recently, during the 40-minute conferral about the joint-statement that Defendants wished to file requesting leave to file a motion to compel, Plaintiffs' counsel yelled, interrupted, and talked over Defendants' counsel for most of the call. Such behavior does not exemplify "the spirit" of a "collaborative process." Defendants do not believe that discovery conferrals between the parties are productive, nor have they yielded a resolution that hadn't already been agreed upon in writing. Given the lack of success of previous conferrals, Defendants request leave to contact the court (a) through motion and (b) based on written, rather than in-person conferral.

**Plaintiffs' Position:**

Clearly the Court does not want to be flooded with the extensive email correspondence that

4

demonstrates Plaintiffs' Counsel's collaborative and congenial style. Frankly, until last Tuesday, undersigned Plaintffs' Counsel was wont to rhapsodize about the positive relationship between opposing counsel. As this Court can see, despite the fact that neither side gives quarter in this momentous battle for the Plaintiffs' religious freedom, counsel know how to articulate and present disputes. Although Plaintiffs' Counsel has never worked under a discovery policy as stringent as the CJSP, and indeed, feels constrained in argument by the limits of the Joint Statement form, the CJSP is workable. From reading the Court's discovery decisions, it is easy to see that the Court deals with discovery matters diligently, and only asks the parties to prepare their disputes in the same manner. The DOJ seeks relief from the duty to hold meet and confer via phone or teleconference, a job that every attorney appearing before this Court has borne. Certainly DOJ lawyers are not made of such sensitive stuff that they are unable to comply with the CJSP.

**Issue 3: Form of joint statement**

**Defendants' Position:** Defendants believe the most efficient way to resolve their disputes over Plaintiffs' discovery responses is through motions, rather than joint statements. The parties have been unable to agree even on the form of these statements. Defendants first conferred "request by request," identifying specific deficiencies in each response in a letter sent on October 26, 2023. Plaintiffs declined to provide a "request by request" response. Hoping to reach an agreement, Defendants conferred about their concerns, but the conferrals did not resolve the disputes. Given the impasse, Defendants drafted a 4-page joint statement identifying the issues for a motion to compel. Over Defendants' objection, Plaintiffs separated that statement into Plaintiffs' position on each of the disputed 45 requests (and likely will be close to 100 pages). Although a request-by-request statement would make sense for a handful of disputes, doing so for hundreds of requests will result in statements totaling hundreds of pages, requiring a significant amount of time to draft, respond, and resolve. A motion would allow the parties to present the disputes in a cohesive brief that includes caselaw and an explanation for why that information is critical to the party.

**Plaintiffs' Position:**

The CJSP is already quite stringent, requiring a party defending their objections to Interrogatories to state in fourteen lines: (1) The legal basis for what may be multiple objections, (2) the factual support for the contention, and (3) the desired ruling from the Court. Many of the DOJ's Interrogatories are, in themselves, nearly fourteen lines, and worthy of multiple objections. Were the Court to impose further restrictions, the JCSP would become a Procrustean bed, truncating argument and depriving parties of the ability to make cogent arguments. The Court's rulings would run the risk of being inadequately informed, and the record might be seeded with vexing, reversible errors based on the deprivation of "the opportunity to be heard," that lies at the root of Fourteenth Amendment due process. "In civil actions, also, the ultimate objective is not that Government 'shall win a case, but that justice shall be done.'" *Note: Hold Fast the Keys to the Kingdom: Federal Administrative Agencies and the Need for Brady Disclosure*, 95 Minn. L. Rev. 1424, 1430, quoting *Campbell v. United States*, 365 U.S. 85, 96, 81 S. Ct. 421, 427 (1961).

Dated: January 23, 2023             Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
Lisa Newman (TX 24107878)
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

1
2
3
4

*/s/ Charles Carreon*
CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

5

*Attorney for Plaintiffs*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Certification.**

Counsel for Defendants and Plaintiffs hereby certify that they have attempted to resolve the instant dispute through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order.