BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

LISA NEWMAN (TX 24107878)
BONNIE E. DEVANY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS |

**OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' DISCOVERY REQUESTS**

Although Defendants regret the necessity of filing an opposition to any extension motion, Defendants respectfully oppose Plaintiffs' motion for a 30-day extension of time to respond to Defendants' discovery requests.  In an eleventh-hour *ex parte* motion to the Court, Plaintiffs request an additional 30 days to respond to Defendants' discovery requests.  In doing so, Plaintiffs' counsel misrepresents facts and does not establish good cause for a 30-day extension. Defendants have been receptive and accommodating throughout this case to reasonable extensions sought by Plaintiffs.  Plaintiffs, however, have substantially delayed the discovery process through repeated extensions for their responses and significant delays in conferring about discovery disputes.  As a result, Defendants are deeply concerned about the pace of discovery in this matter: indeed, Defendants have still not received complete or sufficient responses to their *first* set of discovery requests served nearly five months ago. Plaintiffs' motion is consistent with Plaintiffs' delays throughout discovery and comes during a breakdown of the meet-and-confer process.  *See* Decl. of Lisa Newman ("Newman Decl.") ¶¶ 11, 14–28 (detailing the parties' meet-and-confer processes over the discovery period). Plaintiffs' actions have resulted in Plaintiffs continuing to withhold essential information about Arizona Yagé Assembly ("AYA").

Given the history and effect of previous delays in moving forward with discovery, Defendants reluctantly oppose an additional 30-day delay.  To be clear, Defendants do not oppose a reasonable extension, and accordingly offered Plaintiffs an additional week. However, given the substantial completion of written discovery deadline approaching on March 8, Defendants would be prejudiced by another substantial extension for Plaintiffs to respond to these discovery requests.  For the reasons below, the Court should deny Plaintiffs'

request for a 30-day extension to respond to Defendants' discovery requests.

## I. Plaintiffs Have Not Established Good Cause for This Extension.

Plaintiffs have not established good cause for seeking a 30-day extension to respond to Plaintiffs' discovery requests. Not only did Plaintiffs file this eleventh-hour request without conferring about or acknowledging Defendants' offer of a one-week extension, but Plaintiffs also have not provided a compelling reason for seeking an additional 30 days to respond that satisfies good cause. Pls.' Mot. 3 (Dkt. No. 208).

First, as an initial matter, Plaintiffs' motion was filed just hours before their time to respond to the requests expired. Defendants served discovery requests on December 20, 2023, *see* Newman Decl. ¶ 20; *id.* Ex. I, such that Plaintiffs' responses were due January 19, 2024.[1] Plaintiffs did not file this motion until 7 PM MT/ 9 PM ET the day their responses were due. After Plaintiffs initially asked Defendants for a five-week extension, Defendants responded that they would be "happy to discuss a reasonable extension," and asked Plaintiffs to explain why they needed an additional month. Newman Decl. ¶¶ 30, 31. Defendants did not believe Plaintiffs provided a reasonable justification for this lengthy extension and subsequently proposed an additional week. *Id.* ¶ 33. Plaintiffs never responded to that offer and instead filed this *ex parte* motion seeking a 30-day extension.

Second, Plaintiffs' counsel made misrepresentations to this Court in his sworn declaration regarding his "pre-announced vacation." Specifically, Plaintiffs' counsel states that "[t]he defendants served the Second Wave on December 20th, two days before Plaintiffs'

---

[1] Plaintiffs assert that their responses were due on January 20. That is incorrect. *Compare* FED. R. CIV. P. 33(b)(2), (responding party to interrogatories must serve its answers and any objections within 30 days after service); *id.* 36(a)(3) (same as to Requests for Admission), *with* Pls.' Mot. 1 (requesting "an extension of time from the current deadline of January 20, 2024").

3

counsel's pre-announced vacation (December 22nd - January 8, 2024)," implying that Defendants served the requests on that day deliberately to limit Plaintiffs' response time. Carreon Decl. ¶ 4. This is not true. There was no such "pre-announced" vacation period provided to Defendants. Just the opposite: in early December, Defendants asked Plaintiffs' counsel to provide the dates of his vacation, and counsel never responded. Newman Decl. ¶ 12. It was not until *after* Defendants had served their second set of requests that Plaintiffs' counsel first disclosed that he would be taking an 18-day vacation starting the next day that would be ending one week before the substantial completion of discovery deadline. *Id.* ¶¶ 12–13.[2]

Last, beyond pointing to counsel's earlier vacation, which, as discussed above, was not pre-announced, and asserting that "Defendants have kept him occupied," Plaintiffs have not offered a compelling justification for why they require an additional 30 days or an explanation for why they delayed seeking this extension. Defendants intend to continue moving the discovery process forward, despite Plaintiffs' continued resistance. Plaintiffs have not demonstrated that they acted diligently to meet the discovery requests deadlines, and the sparse rationale provided by Plaintiffs does not satisfy the good cause standard. *See, e.g.*, *Prison Legal News v. Ryan*, No. CV-15-02245-PHX-ROS, 2018 WL 11352127, at *4 (D. Ariz. Jan. 11, 2018) ("Parties demonstrate good cause by acting diligently to meet the original deadlines set forth by the court.").

---

[2] As a professional courtesy, it is not typical practice for counsel for Defendants to attach e-mail correspondence. In her more than three years working for the Department of Justice, counsel has never had to provide e-mail correspondence to the Court to correct misrepresentations made by opposing counsel. However, in recent weeks, Plaintiffs' counsel has repeatedly misrepresented events that were memorialized in writing between the parties, and again did so in his declaration to the Court. Out of an abundance of caution, counsel has attached this correspondence.

**II.     Defendants Will Be Prejudiced By An Additional Extension, and the Parties' Are All But Certain To Miss the New Written Discovery Deadline.**

Contrary to Plaintiffs' assertions, Pls.' Mot. 4, Defendants will be prejudiced by Plaintiffs requested 30-day extension until February 18, 2024, to respond to Defendants' discovery requests. Such a lengthy extension is not feasible given the current fact discovery deadlines in this case. Even though this Court amended the discovery schedule to extend the substantial completion deadline until March 8, 2024, granting this extension will all but ensure that the substantial completion deadline will again need to be extended.

The Court need look no further than Plaintiffs' substantial delays in responding to Defendants' first set of discovery requests as an example of delays that have plagued this case. Defendants served those requests nearly five months ago, on September 1, 2023. *See* Newman Decl. ¶ 4. Plaintiffs sought additional time to respond to those requests *three* times, twice from Defendants and once from the Court. *See id.* ¶¶ 5, 7; Dkt. No. 200. Even with an extension, Plaintiffs' discovery responses were woefully insufficient: many interrogatories were partially or fully unanswered and Plaintiffs initially failed to respond to 18 out of 25 of Defendants' requests for production. *See* Newman Decl. ¶ 9; *see also* Ex. D (Plaintiffs' initial responses to Defendants' first discovery requests); Ex. F (Plaintiffs' supplemental RFP responses); Ex. G (Plaintiffs' supplemental interrogatory responses). To raise these issues, among others, Defendants sent a 10-page deficiency letter on October 26, 2023, outlining the deficiencies in Plaintiffs' responses both thematically and as to individual requests. Newman Decl. ¶ 9. Plaintiffs did not respond to this letter and instead supplemented some of their discovery responses. *Id.* ¶¶ 9–10. Those supplemental responses did not cure the vast majority of issues Defendants raised. Following several unsuccessful meet-and-confers about these deficiencies,

5

Defendants circulated a joint statement on December 21, 2023, outlining four issues with the responses. Plaintiffs did not return their positions until January 16, 2023, and the parties are still negotiating this statement more than a month later. But for Plaintiffs' delay, Defendants would have put these issues before the Court several months ago. The end result is that Defendants still do not have complete responses to discovery requests that were served on September 1, 2023.

Plaintiffs' delays and incomplete responses are significant: they have denied Defendants information needed to fairly contest Plaintiffs' RFRA claim, including information about AYA's practices that is squarely relevant both to AYA's "prima facie case under RFRA," and to Defendants' "affirmative defense." *Gonzales v. O Centro*, 546 U.S. 418, 428 (2006); 42 U.S.C. §§ 2000bb-1(a)-(b). Six months into discovery, Defendants still know very little about AYA, the safety of its practices, those who lead or attend its ceremonies, and how it imports, handles, stores, or transports ayahuasca. Defendants are entitled through discovery to information to support their defenses and to test Plaintiffs' representations. *See, e.g.*, *Oklevueha v. Holder*, No. 09-cv-336 SOM-BMK, 2013 WL 3243371, at *5 (D. Haw. June 26, 2013) (explaining that Defendants are entitled to information to test the "genuineness of Plaintiffs' religious beliefs and whether the [CSA] is a substantial burden on those beliefs"). Yet through a series of substantial delays, including in responding to Defendants' first discovery requests and the four-month delay in reaching an agreement on the protective order, Plaintiffs continue to deny Defendants the information they seek and are entitled to.

Once Defendants receive Plaintiffs responses to either set of requests, if past responses are indicative of future responses, they will likely require follow up: either by way of additional

requests, through a lengthy joint statement process, or a motion to compel responses, if the Court granted leave to do so. To that end, an extension would further reduce the amount of time Defendants have to follow up on discovery responses—leaving a little over two weeks before the substantial completion of written discovery deadline again expires. Given that Defendants have been unable to obtain Plaintiffs' positions about substantive discovery disputes in less than five weeks, such an extension will singularly prejudice Defendants.

### III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' motion for an extension of time of 30 days to respond to Defendants' discovery requests.

Dated: January 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
LISA NEWMAN (TX 24107878)
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

*/s/ Lisa Newman*
LISA NEWMAN