BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN (TX 24107878)
BONNIE E. DEVANY (TX 24131173)
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8470
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS |

**DECLARATION OF LISA NEWMAN**

I, Lisa Newman, declare:

1. I am an attorney for the U.S. Department of Justice, Civil Division, Federal Programs Branch. I represent Defendants in the above-captioned case. The statements made herein are based on my personal knowledge, and on information made available to me in the course of my duties and responsibilities as Defendants' counsel in this case.

2. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Extension.

3. Filed herewith as Defendants' Exhibits A-R are true and correct copies of the following documents and email correspondence.

| Exhibit | Exhibit Description |
|---|---|
| Exhibit A | Email from Bonnie Devany to Charles Carreon, subject line "*AYA v. Garland DEA's First Discovery Request*" (September 1, 2023, 5:10 PM ET) |
| Exhibit B | Email exchange among Bonnie Devany, Lisa Newman, and Charles Carreon, subject line "*AYA v. Garland / Discovery deadlines*" (September 26, 2023, to September 28, 2023) |
| Exhibit C | Email from Charles Carreon to Bonnie Devany and Lisa Newman, subject line "*AYA v. Garland / One day extension*" (October 16, 2023, 4:56 PM ET) |
| Exhibit D | Email from Charles Carreon to Bonnie Devany and Lisa Newman, subject line "*AYA v. Garland / Plaintiffs" Responses to Discovery*" (October 18, 2023, 2:01 AM ET) |
| Exhibit E | Email from Lisa Newman to Charles Carreon, subject line "*Discovery Issues in Arizona Yage Assembly, et al. v. Garland, No. 2:20-CV-2373 (D. Ariz.)*" (October 26, 2023, 12:42 PM ET) |
| Exhibit F | Email from Charles Carreon to Bonnie Devany and Lisa Newman, subject line "*AYA v. Garland / Corrected Response to RFP*" (October 27, 2023, 11:06 PM ET) |
| Exhibit G | Email from Charles Carreon to Bonnie Devany and Lisa Newman, subject line "*AYA v. Garland / Plaintiffs" Supp Interrogatory Responses*" (November 15, 2023, 1:25 AM ET) |
| Exhibit H | Email exchange among Lisa Newman, Charles Carreon, and Bonnie Devany, subject line "*AYA v. Garland / Latest revisions to Joint Statement re PO*" (December 4, 2023) |
| Exhibit I | Email from Lisa Newman to Charles Carreon, subject line "*AYA – Defs." 2d Interrogatories and First RFAs*" (December 20, 2023, 10:16 AM ET) |
| Exhibit J | Email exchange among Lisa Newman, Charles Carreon, and Bonnie Devany, subject line "*AYA v. Garland / Plaintiff"s Draft Joint Statements re Defendants" Responses to Interrogatories and RFPs*" (December 20, 2023, to December 22, 2023) |
| Exhibit K | Email from Lisa Newman to Charles Carreon, subject line "*AYA v. Garland / Plaintiff"s Draft Joint Statements re Defendants" Responses to Interrogatories and RFPs*" (December 20, 2023 to January 5, 2024) |
| Exhibit L | Email exchange between Charles Carreon and Lisa Newman subject line "*AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines*" (January 9, 2024, to January 16, 2024) |
| Exhibit M | Email from Charles Carreon to Lisa Newman and Bonnie Devany, subject line "*AYA v. Garland / Revised Motion to Extend CMO Deadlines v.3.0*" (January 10, 2024, 2:49 AM ET) |
| Exhibit N | Email from Charles Carreon to Lisa Newman and Bonnie Devany, subject line "*AYA v. Garland / The "other joint statement"*" (January 12, 2024, 6:20 PM ET) |

| Exhibit O | Email from Charles Carreon to Lisa Newman and Bonnie Devany, subject line "*AYA v. Garland / Meet and Confer*" (January 15, 2024, 4:38 PM ET) |
|---|---|
| Exhibit P | Email from Charles Carreon to Lisa Newman and Bonnie Devany, subject line "*AYA v. Garland / Joint statement draft -- not for submission*" (January 15, 2024, 5:04 PM ET) |
| Exhibit Q | Email from Charles Carreon to Lisa Newman, subject line "*AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines*" (January 16, 2024, 3:37 PM ET) |
| Exhibit R | Email from Lisa Newman to Charles Carreon and Bonnie Devany, subject line "*AYA v. Garland / Joint Statement re Style of Joint Statements*" (January 17, 2024, 3:39 PM ET) |

I. **Plaintiffs' previous discovery extensions.**

4. On September 1, 2023, Defendants served Plaintiffs with Defendant DEA's First Set of Interrogatories and First Set of Requests for Production. Ex. A at 2.

5. On September 26, 2023, Plaintiffs requested an extension to respond to Defendant DEA's First Set of Interrogatories and First Set of Requests for Production. Ex. B at 5.

6. On September 28, 2023, the parties agreed to a two-week extension for Plaintiffs to respond to Defendants' first discovery requests, making the new deadline to respond to Defendants' first discovery requests October 16, 2023. Ex. B at 2–3.

7. On October 16, 2023, at around 4:50 PM ET, Plaintiffs sought an additional extension to respond to Defendants' first discovery requests, and the parties agreed to a one-day extension, until October 17, 2023. Ex. C at 2.

8. On October 18, 2023, at 2:01 AM ET, Plaintiffs responded to Defendants' first discovery requests. Ex. D at 2.

9. On October 26, 2023, Defendants sent Plaintiffs a letter outlining the deficiencies in Plaintiffs' responses to Defendants' first discovery requests, including that Plaintiffs failed to respond to 18 of Defendants' 25 requests for production. Ex. E at 3. This

letter included specific deficiencies with individual requests, including where responses were incomplete. *See id.* 3–12.

10. Plaintiffs supplemented their responses to Defendants' First Requests for Production on October 27, 2023, Ex. F, and to Defendant DEA's First Set of Interrogatories on November 15, 2023, Ex. G.

11. As detailed in the parties' Joint Statement on Dispute Over Protective Order, Dkt. No. 205, defense counsel first sent Plaintiffs a draft protective order on July 13, 2023, and sent follow-up emails about the issue on July 17, 2023, July 20, 2023, October 26, 2023, October 30, 2023, November 6, 2023, November 16, 2023, November 17, 2023, and November 20, 2023. Dkt. No. 205 at 7. Additionally, counsel for Defendants raised this issue during meet and confer calls with Plaintiffs' counsel on July 24, 2023, August 11, 2023, November 7, 2023, and finally on November 21, 2023. *Id.* Plaintiffs' counsel did not return edits on the draft protective order until November 22, 2023. *Id.* The parties then conferred again about the draft protective order on November 30, 2023, and filed a joint statement regarding the protective order on December 4, 2023. *Id.*

**II.   Correspondence with Plaintiffs' counsel regarding holiday vacation.**

12. On December 4, 2023, Plaintiffs' counsel asked the following: "can we share vacation schedules with each other before the end of the week and then work together to accommodate each other?" Ex. H at 2. Declarant responded with the following: "by vacation schedules, do you mean in the month of December/January? If so, please share your schedule and we will too." *Id.* Plaintiffs' counsel never responded to this email, and did not notify Defendants' counsel until December 20, 2023, that he would be taking a vacation starting the

next day, on December 21 through January 8, one week before the substantial completion of discovery deadline. Ex. K at 3.

13. On December 20, 2023, at 3:00 PM ET, defense counsel met and conferred with Plaintiffs' counsel. This meeting was the first time Plaintiffs' counsel informed defense counsel that he would be taking an 18-day vacation. Ex. J at 2.

### III. Deficiencies in Plaintiffs' responses to Defendants' first discovery requests are still unresolved.

14. On December 21, 2023, Defendants sent Plaintiffs a four-issue draft statement outlining the deficiencies in Plaintiffs' discovery responses, asking that they provide their position by December 26, 2023. Ex. J at 3. Plaintiffs' counsel responded that he would be on vacation until January 8, 2024, and was not able to provide a response to the statement while out. Ex. J at 3.

15. Plaintiffs stated in an email on December 21, 2023, that they would "be providing supplemental answers to DEA interrogatories 2 and 3 by January 8th." Ex. J at 3. Plaintiffs never sent supplemental responses.

16. On December 22, 2023, declarant responded, explaining that Defendants believed it was critical to attempt to resolve the disputes before the substantial completion deadline. Ex. J at 2. Declarant stated that they would like to accommodate counsel's vacation schedule without prejudicing the client, and asked whether Plaintiffs could provide a written response before January 8. *Id.* Plaintiff did not respond to that email.

17. On January 5, 2024, declarant sent a follow-up email to Plaintiffs' counsel with: (1) a draft stipulation to extend the deadlines in the case management order asking for his position by Wednesday, January 10, and (2) separately stated that Defendants looked forward

to "receiving your response on our joint statement when you return from vacation on January 8." Ex. K at 2. Plaintiff did not respond to the second portion of the email.

18. On January 9, 2024, declarant again referenced the joint statement circulated on December 21, 2023: "[A]s I previewed in my last emails, we intend to file our Dec. 21 statement (regarding plaintiffs' discovery deficiencies) before the current substantial completion deadline. Please let me know when you anticipate sending us your portion of the draft. We ask that you return your potion no later than Friday." Ex. L at 10–11. Plaintiff did not respond to that portion of the email or otherwise indicate when he intended to return Plaintiffs' positions.

19. On January 12, 2024 at 2:28 PM ET, declarant emailed a final reminder about the joint statement to Plaintiffs' counsel stating that "we will be filing our joint statement before the current substantial completion deadline. As a reminder, please provide your portion of the joint statement by EOD today. Otherwise, we will file it as-is and will note our attempts to confer in the certificate of conference." Ex. L at 13.

20. On January 12, 2024 at 6:02 PM ET, Plaintiffs' counsel responded that he was "confused," stated that "we haven't spoken about this all week," and that Plaintiffs' "joint statement will not be complete, and Plaintiffs will object to any adjudication of matters based on an incomplete joint statement." Ex. L at 12. Plaintiffs' counsel stated: "I'll get you Plaintiff's side of the application by EOD Monday." *Id.*

21. On January 12, 2024 at 6:18 PM ET, Plaintiffs' counsel sent a follow-up email about the joint statement, stating that "Plaintiffs will have to file a declaration to establish that

6

the dispute has never been raised until now," and accusing Defendants of creating "a manufactured claim that Plaintiffs failed to meet and confer." Ex. N at 2.

22. On January 12, 2024, at 9:05 PM ET, declarant responded, including attachments of the four attempts that Defendants had made to obtain Plaintiffs' position, and stated that Defendants believed these attempts "more than amply satisfies our obligation to obtain your portion of the statement and does not remotely amount to a 'manufactured claim that Plaintiffs failed to meet and confer.'" Ex. L at 9–10. Since Plaintiffs had stated that they would provide their positions by end of day on Monday, January 15, 2024, declarant extended Plaintiffs' time to provide their position by one final time to 5:00 PM ET on Monday, January 15, 2024. *Id.* at 11.

23. On January 15, 2024 at 5:04 PM ET, Plaintiffs' counsel provided declarant with a partial response to 1 out of the 4 issues Defendants had included in the joint statement. Ex. P at 2. Plaintiffs' counsel also stated in a separate email at 4:38 PM ET that he could not meet Defendants' "unreasonable deadline," and requested, among other things, that the parties confer at 4 PM ET on January 16, 2024—the date by which Defendants repeatedly stated they intended to file the joint statement. Ex. O at 2.

24. On January 16, 2024, Plaintiffs' counsel sent the draft joint statement at 3:37 PM ET, less than 30 minutes before the conferral time set by Plaintiffs. Ex. Q at 2. This draft transformed the joint statement that Defendants had circulated on 4 issues into a breakdown of each individual discovery request, despite Defendants' previous and repeated objections to Plaintiffs doing so. *Id.*

25. On January 16, 2024 at 4:00 PM ET, declarant attempted to verbally confer with Plaintiffs' counsel on the joint statement. This call was attended by another DOJ attorney of record, Bonnie Devany, and a second DOJ staff member. During the 40-minute conferral, Plaintiffs' counsel yelled, interrupted, and talked over Defendants' counsel for most of the call. Ex. L at 2–3. Declarant told Plaintiffs' counsel that she would not tolerate that behavior and would end the call if counsel did not cease his unprofessional and disrespectful behavior. The call ended shortly after that. Both DOJ employees noted after the call to the declarant that Plaintiffs' counsel's behavior was shocking and upsetting.

26. In the same January 16, 2024 meet and confer, Plaintiffs' counsel informed defense counsel that Plaintiffs would not supplement responses to DEA interrogatories 2 and 3 until a protective order was in place, which as detailed in Paragraph 11, *supra*, Plaintiffs drastically delayed.

27. Because this Court granted the parties' motion to extend the case management deadlines during the conferral call, shortly after the call ended, declarant indicated that Defendants would not file the joint statement as-is and would review Plaintiffs' draft. Ex. L at 2–3.

28. Defendants are still working on responding to the Joint Statement regarding the deficiencies in Plaintiffs' responses to Defendants' first discovery requests. *See generally* Ex. L.

**IV. Plaintiffs seek extension to respond to Defendants' Second Set of Interrogatories and First Set of Requests for Admission.**

29. On December 20, 2023, at 10:16 AM ET, defense counsel served Defendants' Second Set of Interrogatories and First Set of Requests for Admission. Ex. I at 2.

30. On January 10, 2024, Plaintiffs' counsel requested an extension to respond to Defendants' Second Set of Interrogatories and First Set of Requests for Admission from January 19, 2024, *see* FED. R. CIV. P. 33(b)(2), 36(a)(3), to February 26, 2024, Ex. M at 2, seeking a 38-day extension for a total of 68 days to respond to the discovery requests.

31. On January 16, 2024, declarant responded, asking Plaintiffs' counsel to explain the basis of the request for an extension, and noting that "[o]nce we hear your explanations, we are happy to discuss a reasonable extension. But I want to be upfront with you that we are unlikely to agree to a two-month extension of your response time, when the new proposed substantial completion deadline is March 8."  Ex. L at 3.

32. On January 16, 2024, Plaintiffs' counsel asked defense counsel to provide an alternative date for an extension by 4:00 PM ET, January 17, 2024.  Ex. R at 2.

33. On January 17, 2024, at 3:39 PM ET, declarant offered Plaintiffs a one-week extension to respond to Defendants' Second Set of Interrogatories and First Set of Requests for Admission.  Ex. R at 2.  Plaintiffs' counsel never responded to this email.

34. On January 20, 2024, Plaintiffs filed their *ex parte* motion for an extension of the time to respond.  Dkt. No. 208.  This motion did not include Defendants' position, despite declarant's explicit instruction during a conferral on January 16, 2024 that Plaintiff include Defendants' opposition in any motion filed *ex parte*.