# EXHIBIT F

| **From:** | Charles Carreon, Esq. |
| **To:** | Devany, Bonnie E. (CIV); Newman, Lisa N. (CIV) |
| **Cc:** | Scott Stanley |
| **Subject:** | [EXTERNAL] AYA v. Garland / Corrected Response to RFP |
| **Date:** | Friday, October 27, 2023 11:06:37 PM |
| **Attachments:** | 10.27.2023.RFP.RESPONSE.v.2.0.pdf |

Dear Lisa and Bonnie,

Please find attached the Corrected Responses to RFPs.
Mr. Stanley is copied on this email.

Warm regards,
Charles Carreon
Attorney at Law
California and Federal Law
Tel: 928-975-2191
This message may contain attorney-client and/or attorney work-product
privileged material.  If you are not the intended recipient, please first
notify the sender and then delete the message and any attachment.
Inadvertent disclosures shall not work a waiver of any privilege.



CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316-1249
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly,  and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br>                Plaintiffs, <br><br>     vs. <br><br> Merrick Garland Attorney General of the United States; et al. <br><br>          Defendants. | Case No.:20-CV-02373-ROS <br><br> PLAINTIFFS' CORRECTED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANTS <br><br> F.R.Civ.P. 34 |

PROPOUNDING            All Defendants

PARTIES:

RESPONDING PARTY:      Plaintiffs Arizona Yagé Assembly and Winfield Scott

Stanley III

SET NUMBER:            ONE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PREFATORY STATEMENT

Due to an error in document conversion and copying of the requests for production, Plaintiffs first set of responses served on October 17, 2023 were incomplete. Specifically, responses to requests 8 – 25 were entirely omitted. This corrected response is complete, and provides responses to requests 8 – 25.

## REQUESTS FOR PRODUCTION, OBJECTIONS & RESPONSES

1.      Produce any and all documents that you contend are relevant to any of the allegations or claims in Plaintiffs' Fifth Amended Complaint.

Response: Plaintiffs produced responsive documents that are accessible for download via shared Dropbox folder.[1] Plaintiffs have and will continue to supplement that production. Plaintiffs may produce additional documents pursuant to the confidentiality stipulation that the parties are currently negotiating.

2.      Produce any and all documents identified, listed, and/or referenced in your Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1). Response: Plaintiffs produced responsive documents that are accessible for download via shared Dropbox folder. (See link in footnote 1.) Whenever appropriate, Plaintiffs will supplement their production.

3.      Produce any and all communications regarding ayahuasca use with any person identified in your Initial Disclosures. Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, violative of the privacy rights of non-litigants, invading the priest-penitent privilege, and seeking privileged attorney-client and attorney work-product protected communications. Response: Responsive documents have been produced (see link in footnote 1). Some responsive documents are withheld on the grounds objected above. Plaintiffs may produce additional documents pursuant to an appropriate confidentiality stipulation.

4.      Produce any and all documents that you have written, revised, used at your

---

[1] https://www.dropbox.com/sh/crxwqsvxvhezjf2/AABJXqk_DdKoa7NUIaQHUdZIa?dl=0

ceremonies, or otherwise intend to rely upon to demonstrate the existence of what you allege is your "sincere" "religious . . . belief[s]." Response: Plaintiffs produced responsive documents that are accessible for download via shared Dropbox folder.  (See link in footnote 1.)  Plaintiffs have supplemented that production at https://www.dropbox.com/scl/fo/e38nqu6xipjgg042bipnc/h?rlkey=33n5h77fl2cu42iptb1y ytlvt&dl=0.

5.      Produce any and all documents that relate to the process by which you ensure that you "offer Visionary communion only to sincere religious persons with a reverent mindset."  Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, violative of the privacy rights of non-litigants, invading the priest-penitent privilege, and seeking privileged attorney-client and attorney work-product protected communications.  Response: Reasonably construed, the interrogatory seeks information found in responsive documents that have been produced (see link in footnote 1).  Plaintiffs have supplemented that production at https://www.dropbox.com/scl/fo/e38nqu6xipjgg042bipnc/h?rlkey=33n5h77fl2cu42iptb1y ytlvt&dl=0.

6.      Produce any and all documents, whether in draft or final form, regarding, relating to, or referred to in the documents attached to your original motion for a preliminary injunction in this case, Dkt. No. 33: "AYA Tenets and Precepts"[8]; "Ceremonial Instructions"; "Code of Ethics"[10]; the questionnaire filed in this case as Dkt. No. 33-6; and the confirmation letter filed in this case as Dkt. No. 33-7.  Objections: irrelevant to the determination of any claim or defense, seeking privileged attorney-client and attorney work-product protected communications.  Response:  Plaintiffs decline to produce responsive documents based on the stated objections.

7.      Produce any and all documents that contain communications with any and all individuals who are members of AYA relating to membership in AYA, your ceremonies, and your tenets and beliefs.  Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, invading the privacy

rights of non-litigants, encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233), invading the confidentiality of medical records (ARS § 12-2292),  violating Plaintiffs' rights of Free Exercise,  violating Plaintiffs' rights of Free Exercise, violating AYA's right under the Establishment Clause to be free of government process probing internal church activities, violating the Fifth Amendment rights of AYA's congregation, and invading privileged attorney-client and attorney work-product protected communications.  Response: Responsive documents have been produced (see link in footnote 1). Some responsive documents are withheld on the grounds objected above.  Plaintiffs may produce additional documents pursuant to an appropriate confidentiality stipulation.

8.  Produce any and all copies of the "AYA attendee roster." Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, violative of the privacy rights of non-litigants, invading the priest-penitent privilege encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233).  Response:  A responsive document exists, and Plaintiffs decline to produce the same, based on the above objections.

9. Produce any and all survey responses used to generate the "Summary – AYA June 2018 Survey of Congregants" document filed in this case as Dkt. No. 33-8.  Objections: to the extent the document requested would reveal individual respondents' identifying information, the request is objectionable as violative of the privacy rights of non-litigants, and invading the priest-penitent privilege encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233). Response:  The survey was conducted through SurveyMonkey, a third-party service. Plaintiffs will seek to download responsive documents or otherwise make them available to the requesting parties through the SurveyMonkey account.  Such documents or access will not be produced with personally identifying information, such as email addresses, telephone numbers, names and mailing or street addresses.

10. Produce and all drafts of the survey that was delivered via email and the email in which delivered the survey to the AYA roster to generate the "Summary – AYA June 2018 Survey of Congregants" document filed in this case as Dkt. No. 33-8. Objections: requests production of documents that would be subject to the work product privilege, if they existed, and to the extent the document requested would reveal individual respondents' identifying information, the request is objectionable as violative of the privacy rights of non-litigants, and invading the priest-penitent privilege encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233).  Response: Drafts of the survey do not exist.  The email, with the email addresses of recipients redacted, will be produced in the Dropbox folder for which the link is provided at footnote 1.

11. Produce any and all documents that contain communications with any and all individuals who have facilitated, participated in, requested to participate in, or attended one or more of your ceremonies. This request includes, but is not limited to, any and all communications sent to or from prospective or actual ceremony participants, including copies of the questionnaire filed in this case as Dkt. No. 33-6 in any state of completion as well as any communications with prospective or actual participants regarding ceremony logistics (time, place, etc.), ceremony eligibility (questions from prospective participants about eligibility, explanations from you about eligibility to participate, etc.), and other ceremony- or ayahuasca-related inquiries.   Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, invading the privacy rights of non-litigants, encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233), invading the confidentiality of medical records (ARS § 12-2292), violating Plaintiffs' rights of Free Exercise,  violating Plaintiffs' rights of Free Exercise, violating AYA's right under the Establishment Clause to be free of government process probing internal church activities, violating the Fifth Amendment rights of AYA's congregation, and invading privileged attorney-client and attorney work-product

protected communications.  Response: Responsive documents exist, and will not be produced, based on the objections asserted above.

12. Produce any and all documents regarding or relating to your ceremonies, including those in which ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present. This request includes, but is not limited to, any and all documents regarding or relating to the location, time, set and setting, duration, frequency, format, cost, payment, advertising, and attendance of your ceremonies, as well as post-ceremonial integration.   Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, invading the privacy rights of non-litigants, encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233), invading the confidentiality of medical records (ARS § 12-2292),  violating Plaintiffs' rights of Free Exercise,  violating Plaintiffs' rights of Free Exercise, violating AYA's right under the Establishment Clause to be free of government process probing internal church activities, violating the Fifth Amendment rights of AYA's congregation, and invading privileged attorney-client and attorney work-product protected communications.  Response: Responsive documents exist, and will not be produced, based on the objections asserted above.

13. Produce any and all documents regarding or relating to each and every instance in which you have received anything of value, including payment, donations, or in-kind contributions, from ceremony participants or those requesting to participate in one of your ceremonies.  Objections: irrelevant to the determination of any claim or defense, overbroad and disproportionate to the needs of the case, invading the privacy rights of non-litigants, encroaching on promises of confidentiality AYA has made to third parties, invading the priest-penitent privilege (ARS § 12-2233), invading the confidentiality of medical records (ARS § 12-2292),  violating Plaintiffs' rights of Free Exercise,  violating Plaintiffs' rights of Free Exercise, violating AYA's right under the Establishment Clause to be free of government process probing internal church activities, violating the Fifth

Amendment rights of AYA's congregation, and invading privileged attorney-client and attorney work-product protected communications.  Response:  The requests is so extremely disproportional in its request for documents, *i.e.*, "regarding or relating to each and every instance in which you have received anything of value," without limitation, that identifying which documents are requested would be nearly impossible.  Without waiver of these objections, responsive documents exist, and will not be produced, based on the objections asserted above.

14. Produce any and all documents regarding or relating to ethical and safety protocols and procedures you use in connection with your ayahuasca ceremonies, including, but not limited to, protocols and procedures used to screen participants, advise participants regarding required and recommended pre-ceremony preparations, aid participants during and after ceremonies, train individuals serving as facilitators, respond to medical emergencies or psychological care needs, prevent or respond to misconduct, and otherwise ensure the safety of those participating in your ceremonies. Objections: overbroad and disproportionate to the needs of the case.  Response:  Plaintiffs have produced all responsive documents, to the extent of their ability to identify them, given the overbroad formulation of this request.

15. Produce any and all documents provided to, shown to, or shared with participants prior to, during, and after your ceremonies, including any guidance provided to participants prior to, during, and after any ceremony. Objections: overbroad and disproportionate to the needs of the case; to the extent the request seeks the identities of individuals who may have attended AYA ceremonies or inquired about attendance, the request invades the privacy rights of non-litigants; to the extent it seeks communications from AYA ceremonial participants, it encroaches on promises of confidentiality AYA has made to third parties, it invades the priest-penitent privilege (ARS § 12-2233), it invades the confidentiality of medical records (ARS § 12-2292),  and violates the Fifth Amendment rights of AYA's congregation members.  Response:  Interpreting this request as non-redundant of  other requests, Plaintiffs have produced all responsive documents, to

the extent of their ability to identify them, given the overbroad formulation of this request.

16. Produce any and all documents regarding or relating to any instance in which aid, support, or assistance, whether medical, psychological, or otherwise, was offered, administered, or provided to any person prior to, during, or after a ceremony, including any instance in which any person was not permitted to continue with a ceremony. Objections: overbroad and disproportionate to the needs of the case; to the extent the request seeks the identities of individuals who may have attended AYA ceremonies or inquired about attendance, the request invades the privacy rights of non-litigants; to the extent it seeks communications from AYA ceremonial participants, it encroaches on promises of confidentiality AYA has made to third parties, it invades the priest-penitent privilege (ARS § 12-2233), it invades the confidentiality of medical records (ARS § 12-2292),  and violates the Fifth Amendment rights of AYA's congregation members. Response:  Responsive documents exist, and a reasonably proportionate sample of such, with personally identifying information redacted, will be produced to the Dropbox folder linked at footnote 1.

17. Produce any and all documents regarding or relating to any instance in which misconduct of any kind (including, but not limited to, sexual misconduct, battery, assault, fraud, use of controlled substances other than ayahuasca, "misuse[] [of] the Sacrament," "a breach of ethics," or any instances in which any person "conducted themselves improperly during [a] ceremony occurred or was alleged to have occurred prior to, during, or after a ceremony.  Objections: to the extent the request seeks the identities of individuals who may have attended AYA ceremonies or inquired about attendance, the request invades the privacy rights of non-litigants; to the extent it seeks communications from AYA ceremonial participants, it encroaches on promises of confidentiality AYA has made to third parties, it invades the priest-penitent privilege (ARS § 12-2233), it invades the confidentiality of medical records (ARS § 12-2292),  and violates the Fifth Amendment rights of AYA's congregation members.  Response:  Documents responsive

to the request for "improper conduct" exist in the form of a list of individuals who are disqualified from AYA membership; however, it should be noted that some individuals may be excluded from future ceremonies for engaging conduct that is simply inconsistent with the AYA ceremonial process, and need not be unlawful or offensive.  An anonymized copy of the list will be produced to the Dropbox folder linked at footnote 1.

18. Produce any and all documents regarding or relating to the storage, preparation, security, distribution, dispensing, obtaining, importing, exporting, destroying/disposing, or otherwise handling of ayahuasca, including, but not limited to, security measures you have adopted relating to your handling of ayahuasca, including those referred to in the document titled "Ceremonial Instructions"; measurements of ayahuasca, including before and after transportation; and measurements taken after ceremonies when you "account for" any unconsumed portions.  Response:  No responsive documents exist.

19. Produce any and all documents and communications regarding or relating to any instance of actual, attempted, or suspected unauthorized access to ayahuasca in your possession. Response:  No responsive documents exist.

20. Produce any and all communications to or from any and all individuals who have been involved in the storage, preparation, security, distribution, dispensing, obtaining, importing, exporting, destroying/disposing, transporting, transferring to another person, or otherwise handling of ayahuasca. Objections: to the extent the request seeks the identities of individuals who may have assisted in preparations for and conduct of AYA ceremonies, the request invades the privacy rights of non-litigants; to the extent it seeks communications from AYA ceremonial participants, it encroaches on promises of confidentiality AYA has made to third parties, it invades the priest-penitent privilege (ARS § 12-2233), it invades the confidentiality of medical records (ARS § 12-2292),  and violates the Fifth Amendment rights of AYA's congregation members.  Response: Responsive documents exist, and will be withheld based upon the stated objections.

21. Produce any and all documents that identify, describe, refer to, or contain communications to or from any and all individuals from whom you seek guidance or consultation, whether or not within your organization, including, but not limited to, the "honored educators" and "peers" from which you seek, and with whom you share, "knowledge and feedback," as well as and any association of psychedelic churches. Objections: overbroad and disproportionate to the needs of the case, invading the privacy rights of non-litigants, encroaching on promises of confidentiality AYA has made to third parties, violates the work product privilege for communications with Plaintiffs' consulting experts, violating AYA's right under the Establishment Clause to be free of government process probing internal church activities, violating the Fifth Amendment rights of Plaintiff Stanley, and invading privileged attorney-client and attorney work-product protected communications.  Response:  Responsive documents exist, and have been produced previously.  Additional responsive documents will be produced, with redactions of personally-identifying information.  Some responsive documents are communications with experts that will be produced during the expert disclosure and discovery phase of this litigation.

22. Produce any and all documents that identify, describe, refer to, or contain materials used in the training of individuals who hold a leadership role or position of authority within your organization. Response:  Responsive documents exist, and have been produced previously.  Additional responsive documents will be produced, with redactions of personally-identifying information.

23. Produce any and all documents that identify, describe, refer to, or contain materials used in the training of ceremony participants. Response:  Responsive documents exist, and have been produced previously.  No additional documents exist to produce.

24. Produce any and all communications with medical or other trained professionals involved in drafting the document filed in this case as Dkt. No. 33-7. Objection: "other trained professionals" is overbroad, and doesn't reasonably identify the type of person to which reference is made.  Response: The referenced document was drafted by Plaintiff

Stanely, and he is a trained professional in the administration of Ayahuasca.  Plaintiff Stanley has on occasion, consulted orally with medical professionals concerning the type of issues addressed in the referenced document; however, those consultations were oral, and not recorded in written exchanges.

25. Produce any and all documents which refer, reflect, relate to, or support your answers to any interrogatory, or from which you obtained or confirmed information used in answering any interrogatory in this action. Objections: overbroad and disproportionate to the needs of the case, which makes responding with precision difficult.  Response: without waiver of the objection, Plaintiffs have produced responsive documents. Plaintiffs will supplement production as appropriate, if additional responsive documents are found, created, or come into Plaintiffs' custody and control.

Dated: October 27, 2023                    CHARLES CARREON
                                           /s/Charles Carreon
                                           CHARLES CARREON (127139)
                                           Attorney for Plaintiffs
                                           Arizona Yagé Assembly,
                                           Winfield Scott Stanley III