# EXHIBIT J

| | |
|---|---|
| **From:** | Newman, Lisa N. (CIV) |
| **To:** | Charles Carreon, Esq. |
| **Cc:** | Devany, Bonnie E. (CIV) |
| **Subject:** | RE: [EXTERNAL] AYA v. Garland / Plaintiff"s Draft Joint Statements re Defendants" Responses to Interrogatories and RFPs |
| **Date:** | Friday, December 22, 2023 11:55:32 AM |

Hi Charles,

Although you asked at the beginning of December that we share vacation schedules as a courtesy, when I responded and asked you what days you would be on vacation so that we could work around your schedule, you did not respond.  We learned for the first time on Dec. 20 during the M&C that you would be off through January 8, but we were under the impression that you might be willing to attend to pressing discovery matters during that 3-week period—particularly given the impending substantial completion deadline of January 16.  Had we known that you would be unavailable in the weeks leading up to that deadline, we would have moved around our own schedules to get you a draft of the joint statement so that it could be submitted before your vacation, and we have since made efforts to send our joint statement on Plaintiffs' discovery responses as soon as we heard about your upcoming vacation.

While we think it is critical to attempt to resolve these disputes before the substantial completion deadline, vacation is of course important, and I'm glad you are taking one. We'd like to accommodate your schedule without prejudicing our clients. We'd ask that you provide us a written response to our joint statement—which only contains four issues—before January 8.  Can you please let us know your position on our accommodation proposal?

Finally, as I noted below, the government cannot provide a written response to your joint statement because you have not provided your position on any of the RFPs or ROGs. Plaintiffs need to identify the RFPs or ROG responses that you view as deficient and the reasons for those purported deficiencies, just as defendants did in their deficiency letter and joint statement.

All the best,
Lisa

---

**From:** Charles Carreon, Esq. <chascarreon@gmail.com>
**Sent:** Thursday, December 21, 2023 7:19 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Cc:** Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
**Subject:** Re: [EXTERNAL] AYA v. Garland / Plaintiff's Draft Joint Statements re Defendants' Responses

to Interrogatories and RFPs

Lisa

As previously agreed, we are going to respect each other's vacations, and I recall that you have taken several during the course of this litigation, while I have taken none.  Mr Hancock also went on vacation before he left the case and the DOJ. Accordingly, to put it colloquially, it's my turn. And as a practical matter, I am simply not available to turn around a joint statement during that time. And, it would  seem that any holiday time pressure is unwarranted, since the court has not yet acted on the joint statement we submitted regarding the protective order.

Plaintiffs are eager to continue our work together, and look forward to receiving the government's edits to the draft joint statements I submitted to you yesterday. As noted at that time, given the volume and complexity of the government's objections, and the brevity of the space allocated to argue them, I expect the government to set out objections to what are facially valid discovery responses, to which I will then respond in the joint statement.

Of course, the defendants may simply provide supplemental answers, or specify the date on which supplementation will be provided.

Plaintiffs reiterate their request for each defendant to specify as required by Rule 34 (b)(C) whether in fact any documents are being withheld pursuant to objection in response to each RFP to which objection has been made.

Because we remain unpersuaded by the government's arguments for an arbitrary cut off date for document production, believing rather, as I explained, that where damages and enjoinable conduct continue up until trial, discovery should not be cut off at some prior arbitrary date. Because we have previously provided relevant case authority supporting that position, Plaintiffs would ask you to detail those "numerous factual distinctions" that render Judge Silver's opinion in the prison injunction case inapplicable here.

Finally, Bonnie asked me yesterday to confirm that AYA will be providing supplemental answers to DEA interrogatories 2 and 3 by January 8th. So confirmed.

Warm regards
Charles

On Thu, Dec 21, 2023, 4:18 PM Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov> wrote:

> Hi Charles,
>
> As previewed on yesterday's call with Bonnie and Sarah, attached is our draft of a joint statement on your responses to Defendants' first set of ROGs and RFPs.  As you will see, we have requested leave to file a motion to compel the information sought in our ROGs and RFPs.  We organized the statement categorically into 4 issues, as we did on our

deficiency letter.  We ask that you provide us with your portion of the joint statement **by December 26,** and, at your request, we will call you tomorrow to ensure that you've received the email while on leave.  We sincerely appreciate your attention to this while on leave.

As mentioned yesterday, in those requests for which Defendants stood on our objections, we do not intend to search for or produce documents for those requests. Those requests are:

- DEA RFP Nos. 1, 18 subparts (c)-(g),19-23;
- CBP RFP Nos. 1, 2, 15-16;
- DHS RFP Nos. 1, 4-6, 8-11, 13-14;
- DEA ROG No. 1;
- CBP ROG Nos. 1-2, 6 part II (relating to reports between DHS, DEA, and/or State LEOs);
- DHS ROG Nos. 1, 4-5

We have reviewed the draft joint statements that you circulated yesterday on Plaintiffs' ROGs and RFPs.  Our view is that it is neither advisable nor appropriate to submit joint statements that are 78 and 81 pages in length breaking out the parties' positions for each of Plaintiffs' individual ROGs and RFPs.  That is a motion to compel in joint-statement form, and we do not believe that is what the joint statement process is intended for or what would be most helpful for the Court.  Instead, we would suggest that you: (i) identify the ROG and RFP responses that you view as deficient based on our responses and objections; and (ii) consider organizing Plaintiffs' joint statement categorically, as you previously indicated that you thought a categorical approach was an effective way to organize the joint statements.

As we indicated yesterday and in Bonnie's email this morning, we intend to produce responsive, non-privileged documents in response to DEA RFP No. 17 and DHS RFP No. 17.  Otherwise, Defendants will produce non-privileged documents responsive to your requests identified after a reasonable search for documents.  The identification and review process is ongoing so it's premature for us to be able to inform you about the extent to which privileges may apply to responsive documents on the basis of our objections.  Once we know whether they do, we will be provide a privilege log.

While we will respond to your contention ROGs by the close of fact discovery, Defendants cannot commit to a date certain by which they will respond to these ROGs because many of them require information from the Plaintiffs that Defendants have not received in discovery and which Defendants will be moving to compel on.  That will depend on the Court's schedule and the date upon which our motion to compel is

ultimately resolved.  However, as discussed on the call yesterday, since we are seeking an extension of the case management order, why don't we put a pin in this issue and discuss when we reengage on the extension?

I hope you and your family have a nice holiday!

All the best,
Lisa

---

**From:** Charles Carreon, Esq. <chascarreon@gmail.com>
**Sent:** Wednesday, December 20, 2023 2:55 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
**Subject:** [EXTERNAL] AYA v. Garland / Plaintiff's Draft Joint Statements re Defendants' Responses to Interrogatories and RFPs

Lisa and Bonnie,

Attached are draft joint statements for our review and discussion.

Some points:

1. Plaintiffs request that Defendants state, as required by Rule 34(b), whether there are any documents being withheld on grounds of privilege or otherwise.  "If there are responsive emails Defendants wish to withhold, the declaration must set forth the basis for doing so. If no emails meet these requirements beyond the 15 already produced to Plaintiff, the declaration must so state." *Shank v. Corizon Inc*., No. CV-19-04638-PHX-ROS (JFM), 2021 U.S. Dist. LEXIS 31694, at *5 (D. Ariz. Feb. 19, 2021)
2. Plaintiffs left a space for the Defendants to elect which objections to stand on.
3. Plaintffs will provide responsive argument to each objection the Defendants choose to stand on.
4. Plaintiffs are willing to wait to receive updated responses for those interrogatories and RFPs the Defendants have offered to answer "at the close of discovery," if we can nail down that precise date and preserve the opportunity to request that the Court compel further responses.
5. Plaintiffs have left a space for litigating the merits of the Defendants' Boilerplate Objections at the end of the IROG Jt. Statement. Whether this space gets used or deleted depends on how firmly the Defendants hold to their objections.

Charles

Charles Carreon
Attorney at Law
California and Federal Law
Tel: 928-975-2191
This message may contain attorney-client and/or attorney work-product privileged material.  If you are not the intended recipient, please first notify the sender and then delete the message and any attachment.  Inadvertent disclosures shall not work a waiver of any privilege.