# EXHIBIT Q

| | |
|---|---|
| **From:** | Charles Carreon, Esq. |
| **To:** | Newman, Lisa N. (CIV) |
| **Subject:** | Re: [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines |
| **Date:** | Tuesday, January 16, 2024 3:37:02 PM |
| **Attachments:** | JT.STMT.DISCOV.12.21.23.Draft.v.CC.EDITS.docx |

Lisa,

Please find attached Plaintiffs revisions to the Government's joint statement.
If you don't agree on the form of the Joint Statement, which clearly follows the Court's rules, then Plaintiffs will move ex parte for an order establishing clearer ground rules for drafting the Joint Statement.
I would suggest we all hold off on filing any Joint Statements until we have agreement on the form.
We'll discuss these things in a half hour.

Charles
Charles Carreon
Attorney at Law
California and Federal Law
Tel: 928-975-2191
This message may contain attorney-client and/or attorney work-product
privileged material.  If you are not the intended recipient, please first
notify the sender and then delete the message and any attachment.
Inadvertent disclosures shall not work a waiver of any privilege.



On Tue, Jan 16, 2024 at 12:21 PM Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov> wrote:

> Charles,
>
> As I asked below and will ask again, please respond to our established email chain instead of sending a new email each time you respond to my messages.  It will make it easier for both of us to keep track of our correspondence and outstanding issues.
>
> As I've now relayed on multiple occasions and again in my email last night, we do not agree to your converting this statement about our view of the deficiencies in Plaintiffs' responses into a statement making Plaintiffs' affirmative argument justifying your response (or lack thereof) to each of Defendants' individual RFP or interrogatory requests.  It does not "radically tilt the playing field toward the Defendants," when we are both limited to 14 lines and when Defendants have limited our own discussion about our views of the deficiencies to 14 lines.  A joint statement limited to 14 lines is not intended to and does not articulate every issue that we have about your responses.  That is why our top line request in this statement is that Defendants be able to file a motion to compel in order to fully brief this issue for the Court, at which point you may fully respond to our arguments.
>
> In advance of our call today at 4, I wanted to provide our initial responses to the 4 topics that you'd like to discuss:

1. Plaintiffs want to establish an agreed form for these Discovery Joint Statements, including the ability to devote at least 14 lines to each RFP, Interrogatory or RFA in dispute.
    1. I am happy to discuss the form of these statements moving forward.  But as I previously stated in our December 21 email, we will not utilize the joint statement process to make an affirmative argument for each individual RFP or ROG request or response.  That is a motion to compel in joint statement form, and is not an efficient way to move the discovery process along for either the parties or the Court given how long it has taken for Defendants to obtain Plaintiffs' responses to two joint statements, that were far more limited in the number of issues presented to the Court.  That is why we have requested leave to file a motion to compel.

2. Plaintiffs would like an agreement that neither party will seek to compel production of information that the other party intends to produce pursuant to Protective Order, at least until the PO is signed.
    1. As I stated in my email below, we will not agree to this. As discussed in our sections of the joint statement on the protective order, we do not believe there is a basis to use the protective order to withhold the information we've sought in civil discovery and which Defendants need in order to support their defense.  And Plaintiffs have not indicated with specificity that the protective order would itself resolve all of their objections to our discovery requests.

3. Plaintiffs want to establish an agreed date, at least ten days from today, on which we agree to file Joint Statements seeking to resolve discovery disputes.
    1. As I indicated last night, we will not agree to an additional 10 day delay of filing our statement when you have had this statement since Dec. 21.  Nor have you explained why the previous week was not a sufficient amount of time to prepare Plaintiffs' responses to this 4-issue statement.  And finally, I'll note that you stated in your January 12 email that "I suggest we take this up on Monday, and you send me your latest draft, and I'll get you Plaintiff's side of the application by EOD Monday."  We agreed to one further extension at a date and time suggested by you, relying on your representation that you would provide us with a draft by Monday at 5.

4. Plaintiffs need an extension until February 18th to respond to the Second Set of Rogs and the First Set of RFAs.
    1. We sent this set of discovery requests on December 20.  Plaintiffs waited until January 10 (10 days before the responses are due) to ask for an additional one month extension.  You have not explained why you need two months to respond to requests that you've stated are "redundant" of Defendants' first set of ROGs.  Although we disagree that our second set of ROGs are redundant, I asked below that you explain the basis for that.  Once we

> hear your explanations, we are happy to discuss a reasonable extension. But I want to be upfront with you that we are unlikely to agree to a two-month extension of your response time, when the new proposed substantial completion deadline is March 8.

**From:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Sent:** Monday, January 15, 2024 8:13 PM
**To:** Charles Carreon, Esq. <chascarreon@gmail.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
**Subject:** RE: [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines

Hi Charles,

As I stated below, I strongly disagree that you have had inadequate time to consider the issues in our statement. We sent you a deficiency letter on October 25—nearly 3 months ago—discussing the exact issues included in this statement. We had several conferrals after our Oct. 25 letter discussing our concerns. You've now had this particular draft statement for nearly a month; and for a week since you've been back from vacation. That time frame—by any metric—is more than sufficient to respond to a 4-issue statement, which consists of only 14 lines per issue.

In that vein, although I believe the emails below speak for themselves, I must object to the mischaracterization that you've made included in the joint statement about this process, including (3) that we "now suddenly demand that Plaintiffs complete their portion of this joint statement on Martin Luther King Day, or have their arguments unrepresented."

Although we had planned on getting the joint statement on file before the end of the year to allow the Court time to consider the issue before the substantial completion deadline, we could not do so because of your vacation. Since then, we have been clear that we intended to file this statement by January 16. Had you responded to any of my three emails about this joint statement seeking to discuss the timing for providing your portion, I suspect we could have reached an agreement. For example, we could have done so in the week leading up to the date on which we stated we would be filing, and not 4 PM on the day we told you we would be filing. We will not agree to further delay this process by extending the filing of our statement another 3 weeks. I am happy to have a phone call tomorrow to discuss this process moving forward, but we will file this statement tomorrow as we have indicated all along. We will not be able to move discovery forward if discovery continues to be delayed by your repeated and substantial requests for extensions of time to our joint statements and discovery requests. And we will stringently object to your filing of an *ex parte* scheduling motion that you've just raised and for which you've provided no justification as to the legal grounds for filing such a motion *ex parte*.

I must correct a mischaracterization in your January 15 email, which I've attached. In that email you stated that you "have received a refusal from the DOJ to even state which of its overflowing boilerplate objections it will stand upon." However, as we stated in the same December 21 email in which we sent the draft statement, we provided a bullet point list of every specific requests on which we intended to stand on our objections. I am reattaching that email.

Now to respond to the areas you noted in which you've indicated that we can reach an agreement.

1. While we are happy to hear that you stand ready to provide us with a leadership list once the court enters a protective order, you previously told us you'd do so by January 8 but did not. As you know, we disagree that a protective order needs to be in place in order to provide that information to Defendants in civil discovery. Moreover, Issue 1 includes a broader swath of information than just the leadership list, so providing a leadership list would not satisfy all of the deficiencies identified in Issue 1.
2. Similarly, although I am happy to hear that you made progress on training, you did not say when you intend to supplement that response by (it appears that the date was left out by mistake).

I have a few specific issues as to the current draft of the joint statement:

- On page 2 you state that "Plaintiffs sought and Defendants declined to resume discussions about these discovery issues that were ongoing before the holidays." I have no idea what "these discovery issues" are referring to, so please clarify what you mean. As it reads, you imply that you sought to have discussions about the issues in our joint statement that Defendants declined to have those conversations, which certainly did not happen. I have a hard time squaring that sentence with Plaintiffs' failure to respond to our emails about this issue.
- We do not agree to your splitting Issue 1 of the statement up into Plaintiffs' position on individual interrogatories and RFPs (or splitting up all issues in that manner). Your position now exceeds 14 lines, which as you know, is contrary to the Court's rule. We complied with this rule and kept our portions to 14 lines, and would ask that you do the same. Moreover, we specifically requested in this statement leave to file a motion to compel, which (as we stated in our December 21 email), would allow both parties to brief these issues in more detail, including deficiencies with each individual interrogatory or RFP as appropriate.
- You have indicated on page 2 of the statement that our second set of interrogatories "renders redundant and disproportionate all of the First Set of Interrogatories in dispute." We disagree, but please provide us with an explanation as to why that is the case so that we may confer.

And finally, I would respectfully request that you respond to this email chain instead of composing a new and separate emails for each of your responses on the topic of this joint statement.

All the best,
Lisa

---

**From:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Sent:** Friday, January 12, 2024 9:05 PM
**To:** Charles Carreon, Esq. <chascarreon@gmail.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
**Subject:** RE: [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines

Charles,

I have now sent four emails about the draft joint statement that we circulated on December 21 in the last several weeks, that have gone un-responded to by you.

The first email attached is from December 21, which includes the draft of the statement we had previewed in several M&Cs. We asked for you provide your position by December 26.

The second email includes your response to my December 21 email notifying me (for the first time) that you would be on vacation for three weeks and not able to provide a response to our statement while out. I responded asking you to provide your portion of the statement before January 8. You did not respond to this email.

The third email is from me to you on January 5, responding on the same email chain, which included (1) the draft stipulation for an extension of the case management order and (2) separately references returning the joint statement when you returned from vacation on January 8. You did not respond to this email.

And finally, I again referenced the joint statement in our below email chain on January 9 (which I've now highlighted), and asked that you provide your position no later than Friday. You did not respond to that portion of the email.

I feel strongly that 4 separate emails about Defendants' draft joint statement more than amply satisfies our obligation to obtain your portion of the statement and does not remotely amount to a "manufactured claim that Plaintiffs failed to meet and confer."  However, in interests of continuing to work collaboratively as we did on our joint stipulation, if you will return your portion of the statement by **5 PM ET on Monday, January 15**, we will include your portion in the statement.

All the best,
Lisa

---

**From:** Charles Carreon, Esq. <chascarreon@gmail.com>
**Sent:** Friday, January 12, 2024 6:02 PM
**To:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
**Subject:** Re: [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines

Lisa,

This has me confused, I'm sorry.

Which joint statement are you referring to?

We haven't spoken about this all week.

My joint statement will not be complete, and Plaintiffs will object to any adjudication of matters based on an incomplete joint statement.

I suggest we take this up on Monday, and you send me your latest draft, and I'll get you Plaintiff's side of the application by EOD Monday.

All applications for discovery adjudication are timely under our current CMO.

Please accept my offer, that will avoid Plaintiffs having to move to strike an improperly prepared application for discovery relief.

Thank you for your courtesy.

Charles

Charles Carreon

Attorney at Law

California and Federal Law

Tel: 928-975-2191

This message may contain attorney-client and/or attorney work-product privileged material.  If you are not the intended recipient, please first notify the sender and then delete the message and any attachment.  Inadvertent disclosures shall not work a waiver of any privilege.



On Fri, Jan 12, 2024 at 2:28 PM Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov> wrote:

> Charles,
>
> As I indicated most recently in the January 9 email below, we will be filing our joint statement before the current substantial completion deadline.  As a reminder, please provide your portion of the joint statement by EOD today.  Otherwise, we will file it as-is and will note our attempts to confer in the certificate of conference.
>
> All the best,
>
> Lisa
>
> ---
>
> **From:** Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
> **Sent:** Tuesday, January 9, 2024 10:30 AM
> **To:** Charles Carreon, Esq. <chascarreon@gmail.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>
> **Subject:** RE: [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines
>
> Good morning Charles,
>
> Thanks for returning these edits.  I added a few comments in the attached draft.  As to your deletion of the third paragraph, our reading of the Court's Rule 16 Case Management Order is that Judge Silver imposes a pretty high bar on seeking discovery extensions:

> 7   M.   This Order contemplates that each party will conduct discovery to permit
> 8   completion within the deadline. Any discovery which results in insufficient time to
> 9   undertake necessary additional discovery and which requires an extension of the discovery
> 10  deadline will be met with disfavor, will only be granted for good cause or only to prevent
> 11  manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of an extension,
> 12  exclusion of evidence, or the imposition of other serious sanctions pursuant to FRCP
> 13  37(b),(c),(d).

In light of the language that "an extension of the discovery deadline will be met with disfavor," and "will only be granted for good cause or only to prevent manifest injustice," we believe the extension motion needs to include a more in-depth rationale as to why the parties believe an extension is warranted than what is currently contained in the paragraph after that which you deleted.  That's why we included a paragraph identifying specific deficiencies that will need to be addressed before we can move forward with the substantial completion or close of fact discovery.  If you would like to add a paragraph specific to Plaintiffs' views, you are welcome to do so, and we will review it.  We appreciate you discussing with your client ASAP, and ask that you provide us with any additional edits and your dates by Wednesday so that we have time to confer and get the motion on file by Friday.

Since we are talking dates, as I previewed in my last emails, we intend to file our Dec. 21 statement (regarding plaintiffs' discovery deficiencies) before the current substantial completion deadline. Please let me know when you anticipate sending us your portion of the draft.  We ask that you return your potion no later than Friday.

And finally, let me know how much additional time you are requesting on our discovery requests served on December 20 so that we can take that into consideration as we are discussing scheduling order dates.

All the best,
Lisa

**From:** Charles Carreon, Esq. <chascarreon@gmail.com>
**Sent:** Tuesday, January 9, 2024 1:58 AM

**To:** Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Newman, Lisa N. (CIV) <Lisa.N.Newman@usdoj.gov>
**Subject:** [EXTERNAL] AYA v. Garland / Proposed Stipulation to Extend CMO Deadlines

Lisa and Bonnie,

Thanks so much for taking the initiative to prepare this needed motion.

Please find attached my markup of your motion and comments.

I'll talk with the clients ASAP and get you our response and alternative proposed dates.

Also, because it's a good time to mention it, Plaintiffs will be requesting an extension of time to respond to the discovery you folks served before the holidays.

Warm regards,

Charles

Charles Carreon

Attorney at Law

California and Federal Law

Tel: 928-975-2191

This message may contain attorney-client and/or attorney work-product privileged material.  If you are not the intended recipient, please first notify the sender and then delete the message and any attachment. Inadvertent disclosures shall not work a waiver of any privilege.