CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316-1249
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>　　　　Defendants. | Case No.:20-CV-02373-ROS<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' SECOND SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR ADMISSIONS |

# MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Summary of Argument

Plaintiffs' moving papers establish good cause to receive a thirty-day extension of the statutory deadlines until February 18, 2024 to respond to the Defendants' Second Set of Interrogatories and First Set of Requests for Admissions (the "Second Wave") because: (1) Defendants have shown no prejudice that would result from granting the extension; (2) Plaintiffs are in good faith; (3) the delay is reasonable; and (4) the extension is requested due to (a) Plaintiffs' Counsel's pre-announced Christmas vacation from December 22, 2023 until January 8, 2024 (a period of seventeen days), and (b) Plaintiffs' Counsel's involvement in procedural negotiations in this matter that required considerable attention and made working on the Second Wave infeasible. (Carreon Dec. ¶ 6; Dkt. # 208-1.) Plaintiffs require the additional time to provide proper responses to the Second Wave, and not for purposes of delay, harassment, or to cause undue expense. (Carreon Dec. ¶¶ 7 - 8; Dkt. # 208-1.)

### 2. Plaintiffs Pass the Four-Part Test the Court Applies to This Motion

This Court applies "a four-part test for determining if an extension of time is merited under Rule 6(b)." *Lundin v. Discovery Comms. Inc.*, No. CV-16-01568-PHX-ROS, 2018 U.S. Dist. LEXIS 245291, at *20-21 (D. Ariz. Mar. 8, 2018), quoting *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). The four parts are: "prejudice to Defendants, whether [the party seeking the extension] was acting in bad faith, the length of the delay, and the reason for the delay."

#### a. Defendants Will Suffer No Prejudice

Defendants have presented no evidence that the Defendants would be prejudiced by the granting of the requested relief. That there has been a discovery dispute about the defendants' *first* set of interrogatories and document demands is at best a collateral issue irrelevant to the determination of this motion regarding defendants' Second Wave of discovery. Defendants have not attempted to seriously articulate any prejudice that might result from granting Plaintiffs relief.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY [F.R.Civ.P. 6(b)]**
2

### b. Plaintiffs Are in Good Faith

The Second Wave of discovery presents a need for attorney focus, client conferencing, fact investigation, and legal research. (Carreon Dec. ¶ 7; Dkt. # 208-1.) Plaintiffs simply request sufficient time to do this work properly, and not, as Plaintiffs' Counsel has averred, for purposes of undue delay, harassment, or to cause needless expense. (Carreon Dec. ¶ 8; Dkt. # 208-1.) Nothing filed in opposition has put those averments in dispute. Accordingly, the record establishes that Plaintiffs are in good faith.

### c. The Delay is Brief, the Case Has Been Pending for Years, and No Trial Date Has Been Set

No one is more eager to see this case resolved by a fair adjudication on the merits than Plaintiffs, who have always moved swiftly to acquit their procedural duties. By contrast, the Department of Justice ("DOJ") has previously sought to instigate delay in this matter, and at least once, by way of a questionable initiative. The DOJ commenced its appearance in this action by filing the Federal Agency Defendants' Motion to Stay (Dkt. # 19), supported by a declaration stating that the entire case should be stayed because *"the DEA is currently updating and revising its regulations implementing the CSA for the purpose of describing the procedures by which the DEA will evaluate applications for religious exemptions under RFRA."* Declaration of Scott A. Brinks, Dkt # 19-1, page 5, lines 12 – 15; the "Brinks Declaration").

The Brinks Declaration appears to have been a child of convenience, now orphaned, as the DEA admitted in response to Plaintiffs' Request for Admission No. 19: "*To the extent Plaintiffs seek an admission that Defendant has not yet completed this undertaking and implemented revised regulations*, *Defendant admits*."[1] (Carreon Reply Dec. ¶ 5.)

---

[1] At a minimum, the DEA is almost three years behind on a task it swore to Judge Orrick it was working on at the time. The Court may fairly infer from these facts that the task of "updating and revising" was never really begun, and Mr. Brinks' declaration was filed for purposes of securing unwarranted delay.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY [F.R.Civ.P. 6(b)]**

3

The DOJ must fail in its attempts to conjure prejudice from Plaintiffs' innocent conduct, while its own tactics in discovery are questionable.  For example, in response to seven straightforward contention ***interrogatories propounded on September 22, 2023***, ***DEA has provided only*** pages of boilerplate objections during the past four months, and a ***promise to provide nothing more until June 27, 2024***.  (Carreon Reply Dec. ¶¶ 6 – 8.)  Thus, by fiat, the DOJ granted itself an extension of seven (7) months to respond to very basic discovery, leaving Plaintiffs no recourse but to invoke the Court's assistance to compel earlier responses, a process that is further blocked by the DOJ's insistence on "dictating the form" of Joint Statements, instead of producing the documents collaboratively.  *Eg.,* Docket # 212.

Minor skirmishes are of course to be expected in a case of this novelty and magnitude, and no serious prejudice arises to either party from the attendant delays.  The case has been pending since May 2020, no trial date has set, and the recently adjusted scheduling presented in the Court's Amended Scheduling Order (Dkt. # 207) provides adequate time after Plaintiffs' proposed extended response date of February 18, 2024 for the parties to resolve disputes.  The process of adjudicating discovery disputes will of course be much easier when the Court has settled the current dispute about how to write a Joint Statement presented in the parties' Joint Statement on Dispute over Proper Form of Discovery Joint Statements to Resolve Discovery Disputes.  (Dkt. # 212.)

### d. The Extension is Needed Because Plaintiffs' Counsel took a Christmas Vacation and Worked Diligently on Procedural Matters in this Action

The defendants served discovery right when they knew Plaintiffs' Counsel was going on vacation, and have studiously ignored the fact that, under the usual meaning of "Christmas vacation," it was reasonable for him to say he couldn't work on the discovery until he returned on January 8, 2024, as he informed opposing counsel promptly upon receipt of the Second Wave. (Carreon Dec. ¶ 6, subsections d. – f; Dkt. # 208-1.)

Plaintiffs twice allowed the litigation process to be slowed by acceding to AUSA Newman's request to go on vacation.  Similarly, before he left the DOJ, AUSA Kevin

Hancock also took a vacation for a couple of weeks with Plaintiffs' agreement. Plaintiffs' Counsel has never taken a vacation since the action was filed on May 5, 2020. (Carreon Reply Dec. ¶¶ 2 – 3.)

After he returned from Christmas vacation, Plaintiffs' Counsel jumped right into scheduling negotiations, that required considerable consultation with the Plaintiffs, exchanges of numerous drafts, and consumed virtually all work time available for this case. (Carreon Reply Dec. ¶ 4.)

The extension request is reasonable because the initial thirty days allowed by statute have been used productively on other matters, based in large part on Plaintiffs' Counsel's reasonable expectation that courtesies previously extended to the AUSA's would be reciprocated. (Carreon Dec. ¶ 6; Dkt. # 208-1 and Carreon Reply Dec. ¶ 3.) The DOJ's position on this motion would surprise any attorney who found him or herself in Plaintiffs' Counsel's position; accordingly, no blame should attach to his conduct, and Plaintiffs should not suffer the consequences of being forced to hastily prepare responses to the Second Wave because of the DOJ's unexpected abandonment of traditional trial lawyer courtesy, after having benefited from Plaintiffs' Counsel's past courtesies.

### 3. Conclusion

Plaintiffs have shown good cause for the Court to issue an Order in the form submitted as Docket # 208-2, granting Plaintiffs until February 18, 2024 to respond to the Defendants' First Set of Interrogatories and the First Set of Requests for Admissions, and the same is respectfully requested.

Dated: January 19, 2024

    CHARLES CARREON
    /s/Charles Carreon
    CHARLES CARREON (127139)
    Attorney for Plaintiffs
    Arizona Yagé Assembly,
    Winfield Scott Stanley III