CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Cir.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648)
17532 Miranda Street
Encino, CA 91316
Tel:818-769-7236
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>REPLY DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' F.R.Civ.P. 6(b) MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' SECOND SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR ADMISSIONS |
|---|---|

DECLARATION OF CHARLES CARREON

Charles Carreon declares and affirms:

**1.** I am an attorney licensed to practice before all courts in the State of California, and admitted *pro hac vice* by this Court as plaintiffs' counsel of record herein. I make this declaration in support of the Rule 6(b) motion of Plaintiffs Arizona Yagé Assembly ("AYA") and Winfield Scott Stanley III ("Mr. Stanley"). If called as a witness, I could and would so competently testify.

**2.** I write first to object to the assertion that I spoke discourteously at a meet and confer. I do not wish to give much weight to the issue, but seeing AUSA Newman swear in a declaration that my style of speech was "shocking" is not the sort of thing I can allow to go unrebutted. The assertion is entirely unmerited, and the assertion itself is unprofessional. While occasionally sarcastic in response to arguments that seemed deliberately obtuse, my language was tempered, while expressing chagrin at the DOJ's obstructionist posture towards drafting a simple joint statement. As to "talking over" someone, this is a characteristic of all three counsel in this case, and opposing counsel are quite mistaken if they think that they are innocent of this fault. As to the meet and confer being "unproductive," the contrary seems to be the case, since it produced the agreement to negotiate and file the Joint Statement on Dispute over Proper Form of Discovery Joint Statements to Resolve Discovery Disputes (Dkt. # 212.)

**3.** What is shocking to me is that Ms. Newman, whom I have treated cordially on each of the two occasion when Plaintiffs allowed scheduling changes to accommodate her multi-week vacations, would turn my request for a vacation into an opportunity to serve me with discovery right at the start of the vacation, and then calumniate against me when I sought the time to do the job right. I was also courteous with former AUSA Kevin Hancock, who took a vacation during the first year this action was pending. Granting reciprocal courtesies has always seemed to me to be the foundation of trial lawyer civility, and I am shocked to see the DOJ unable to demonstrate that basically decent attitude toward opposing counsel. I was honored to serve as CJA Panel Counsel in the

District of Oregon from 1995 - 2000, where I squared off against AUSAs in over fifty criminal cases, taking two through trial verdict.  In all of those encounters, and in several civil rights cases where the United States has been a defendant, I have always found DOJ lawyers to be courteous to a fault.  To find myself on the receiving end of such remarkable discourtesy as is being administered in this case leaves me truly taken aback.  Defense counsel's injection of personality into this dispute is an unfortunate distraction from the real work at hand.  My only goal here is to properly represent the Plaintiffs.

**4.**    After returning from Christmas vacation, I jumped right into scheduling negotiations, that required considerable consultation with the Plaintiffs, exchanges of numerous drafts, and consumed virtually all work time available for this case.  To clarify that statement, I have various other client matters in addition to this case, and my spouse of fifty years is completely disabled.  I am the sole caregiver in the home, do all driving, and virtually all cooking and housework.  Thus, there is not an infinity of time available to me.  Based on my billing records, I know that my application of time to this case is appropriate and proportional to the task of performing my duties of representation, and my request for additional time reflects the need to balance all of my responsibilities.

**5.**    Because this is not a discovery motion, despite the DOJ's efforts to make it one, Plaintiffs will present only two items from the plethora of evidence of evidence available to show that the Department of Justice ("DOJ") is deeply committed to its own stratagems of delay.  ***First, the DOJ moved to stay this matter on the basis of the declaration of Scott A. Brinks***, whose declaration, signed July 14, 2020, swears that the "the DEA is currently updating and revising its regulations implementing the CSA for the purpose of describing the procedures by which the DEA will evaluate applications for religious exemptions under RFRA."  Scott A. Brinks ("Brinks Dec.," Dkt # 19-1, page 5, lines 12 - 15).  However, as the DEA admitted in response to Plaintiffs' Request for Admission No. 19, it hasn't gotten much done in three years:  "To the extent Plaintiffs seek an admission that Defendant has not yet completed this undertaking and implemented revised regulations, Defendant admits."

6.   *Second,  the DEA is stonewalling on seven (7) straightforward contention interrogatories propounded on September 22, 2023, each in the following form:*

> **INTERROGATORY NO. 2:**
> If you contend AYA has used AYAHUASCA for purposes other than FREE EXERCISE, please state all facts upon which you base your contention, IDENTIFY all DOCUMENTS including ESI, POLICIES and REPORTS, that contain evidence in support of YOUR contention, and IDENTIFY all PERSONNEL and other PERSONS with knowledge of facts having a tendency to prove or disprove YOUR contention.

7.   All seven interrogatories received virtually identical boilerplate objections and this response:

> **RESPONSE:** Subject to and given the foregoing objections, Defendant will respond to this interrogatory by the close of fact discovery.

8.   On January 12, 2024, AUSA Newman confirmed that this meant the DOJ would provide answers "on June 27 under the adjusted schedule." Accordingly, *the DOJ has granted itself an extension of seven months on these contention interrogatories*, without so much as a "by your leave," and certainly without the approval of the Court. This is but the tip of the iceberg of the DOJ's obstructionism, that is pervasive with respect to every aspect of discovery.

9.   Plaintiffs submit that they have established good cause for the relief requested, and accordingly request the Court to issue an order in the form submitted herewith at Docket # 208-2.

     I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct.  Signed, this 25th of  on January, 2024, at Silver City, New Mexico.



                                  Charles Carreon, Declarant