# EXHIBIT G

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN
Trial Attorney
BONNIE E. DEVANY (TX 24131173)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8101
E-mail: bonnie.e.devany@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, <br><br> Plaintiffs, <br><br> v. <br><br> Merrick B. Garland, Attorney General of the United States, *et al.*, <br><br> Defendants. | No. 2:20-cv-2373-ROS <br><br> **DEFENDANT DRUG ENFORCEMENT ADMINISTRATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of Civil Procedure, Defendants[1] by and through undersigned counsel, propound these interrogatories. Defendants request responses within the time and in the manner prescribed by the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions set forth below.

## **DEFINITIONS**

The following definitions are applicable to all requests unless otherwise noted.

1.      The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests anything which might otherwise be construed to be outside their scope.

2.      The word "any" shall be construed to include the word "all"; the word "all" shall be construed to include the word "any."

3.      The word "each" shall be construed to include the word "every"; the word "every" shall be construed to include the word "each."

4.      The word "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure.  It includes, without limitation, any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to any notes, memoranda, charges, complaints, claims, minutes from meetings, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, reports, communications (electronic or otherwise), contracts, agreements, telegrams, records, correspondence, diaries, calendars, diagrams, tables, brochures, pamphlets, instruction manuals, charts, logs, medical x-rays, medical images, medical records, medical charts, medical notes, medical test results, recordings and transcriptions of recordings, information retrievable from computers, photographs, or any other writing, however produced, reproduced, recorded, or stored, whether electronic or

---

[1] Defendants include the following named defendants in their respective official capacities: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration; Alejandro Mayorkas, Secretary of the United States Department of Homeland Security; and Troy Miller, Acting Commissioner of United States Customs and Border Protection.

otherwise.  A draft or non-identical copy is a separate document.  "Document" also includes any attachments or enclosures to the document, to the file or container holding the document, and to any writing or printing which might appear on such file or container.

5.      The word "person" is defined as any natural person, church, other religious organization, business, firm, partnership, labor union, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, commission, or any other organization or entity.

6.      The terms "relate to," "relates to," or "relating to" mean relating to, pertaining to, supporting, discussing, concerning, describing, evidencing, constituting, or otherwise referring to.

7.      The word "concerning" means relating to, pertaining to, supporting, discussing, describing, evidencing, constituting, or otherwise referring to.

8.      The words "you," "your," and "Plaintiff(s)," should be interpreted as meaning any of the Plaintiffs named in the above-captioned action, including agents, representatives, attorneys, and any other person acting on behalf of each Plaintiff.  "AYA" refers to Plaintiff Arizona Yagé Assembly.

9.      The term "Plaintiffs' Fifth Amended Complaint" means the Plaintiffs' Fifth Amended Complaint filed in the above-captioned action, Dkt. No. 159, on May 15, 2022.

10.     The terms "Defendant" and "Defendants" mean: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration ("DEA"); Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("DHS"); and Troy Miller, Acting Commissioner of United States Customs and Border Protection ("CBP").

11.     The term "communication" means any exchange of information by any means of transmitting, sending, or receiving information of any kind.

12.     The term "ayahuasca" means *either or both* the tea made from brewing a mixture of plants that contains the known psychoactive substance N,N-dimethyltryptamine

("DMT"), and β-carboline alkaloids such as harmine, harmaline, or tetrahydroharmine, *and/or* any plants or plant material used in the brewing process.

13.   The term "ceremony participant" or "participant" means individuals who participate in AYA ceremonies.  The term includes those AYA refers to as "practitioners."[2]

14.   The term "ceremony" includes, but is not limited to, any sacred plant medicine ceremony, sweat lodge, or vision quest, whether undertaken, conducted, or completed as an individual or a group, and whether or not ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present.

15.   The term "facilitator" means an individual responsible for the care and the safety of ceremony participants.  The term has the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[3]

16.   The term "lead facilitator" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[4]

17.   The term "Minister of the Assembly" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[5]

18.   The term "sexual misconduct" includes, but is not limited to, sexual abuse; sexual exploitation; sexual harassment; sexual advances; requests for sexual favors; verbal, physical, or visual conduct of a sexual nature; or any pattern of behavior that would be perceived as sexual misconduct.

---

[2] *See, e.g.*, Ceremonial Instructions, Dkt. No. 33-4, ¶ 7 ("Ceremonial Instructions").

[3] *See, e.g.*, Ceremonial Instructions ¶ 3.

[4] *See, e.g.*, Ceremonial Instructions ¶ 6.

[5] *See, e.g.*, Ceremonial Instructions ¶ 3.

3

## INSTRUCTIONS

1.      You are to answer the following interrogatories separately and fully in writing and under oath in accordance with Federal Rule of Civil Procedure 33.

2.      These interrogatories shall be deemed continuing in nature so as to require supplemental responses or document production as required by Rule 26(e) of the Federal Rules of Civil Procedure.

3.      Whenever an interrogatory requests that you identify a person, that response shall include:

   a.  With respect to a natural person, that person's full name and present or last known address;

   b.  With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity, the form of such organization (e.g., corporation, partnership, etc.) and the address of the principal office or place of business of such organization or entity.

4.      Whenever an interrogatory requests that you identify a document, that response shall include the title, date, author, signatories, recipients, a general description of such document sufficient to permit it to be identified with particularity in a request for production, the present or last known location of such document, and the identity of the persons having custody, control, or possession thereof.

5.      Whenever an interrogatory requests that you identify an oral statement or communication, that response shall include (a) the identity of each person making or participating in the statement or communication, (b) the identity of each person who was present when the communication was made, and (c) a description of what was said or the substance of the statement or communication.

6.      If you assert a claim of privilege in objecting to any interrogatory, or to any part thereof, and information is not provided on the basis of such assertion, please describe the basis of such privilege.

4

7.     If you deny knowledge or information sufficient to answer an interrogatory, please respond to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, describe the efforts made to locate or otherwise obtain the information requested, and set forth the name and addresses of any persons who are known by you to have such knowledge.

8.     No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory.  If an interrogatory cannot be answered fully, please answer it to the extent possible and explain why you cannot answer more fully.  If you answer an interrogatory subject to an objection, indicate whether information or documents have been withheld on the basis of the objection.

9.     If, in answering these interrogatories, you encounter what you deem to be an ambiguity when construing any interrogatory, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering.

10.     These interrogatories seek all responsive information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, representatives, and any other person acting for you or on your behalf.

5

## **INTERROGATORIES**

1.      Identify each and every person who has knowledge or information concerning the allegations made in Plaintiffs' Fifth Amended Complaint.  For each person identified, describe in detail the substance of the person's knowledge and describe the person's relationship to you, if any.

2.      Identify each and every person who has served in, have been asked to serve in, or has requested to serve in, a leadership role or position of authority in one of your ceremonies or in your organization, including any individual who has served as, has been asked to serve, or has requested to serve as, your "Minister of the Assembly," "lead facilitator," a facilitator other than "lead facilitator," a member of your Board of Directors, or as an advisor to your organization.  For each person identified, indicate which role or roles the person served in, was requested to serve in, or requested to serve in, and when the person served in, was requested to serve in, or requested to serve in, that role or, if the person never served, why not.

3.      Identify and describe each and every instance in which you provided training to any individual identified in response to Interrogatory No. 2.  For each instance identified, indicate who led the training, who received the training, when the training occurred, the content of or topics covered during the training, and any materials used during the training.

4.      Identify each and every person who has attended or participated in, or who has requested to attend or participate in, one of your ceremonies.  For each person identified, indicate when the person attended or participated, or requested to attend or participate; whether the person was permitted to attend or participate and any explanation as to why or why not the person was permitted to attend or participate; and how many times the person has attended or participated in one of your ceremonies.

5.      Identify each and every instance in which a person was not "approved to participate" in one of your ceremonies, either "by the Minister of the Assembly" or by

6

someone else within your organization.[6]  For each instance identified, please identify the person who made the decision, the reason or reasons for the decision, how that decision was communicated to the person not approved to participate, and whether the person not approved to participate was ever permitted to participate in one of your ceremonies on any other occasion.

6.     Identify each and every instance in which a person did not "remain within the ceremonial environment until the conclusion of the ceremony."[7]  For each instance identified, please identify the date, time, and location of the ceremony, why the person did not remain until the conclusion, any steps taken by your facilitators to "assure that [ceremony participants]" kept their commitment "to remain within the ceremonial environment until the conclusion of the ceremony, "whether any assistance (medical or otherwise) was administered to the person, and whether the person was ever permitted to participate in one of your ceremonies on any other occasion.

7.     Identify each and every instance in which a ceremony participant's request to receive "an additional serving" was denied, including the date, time, and location of the ceremony, why the participant was not permitted to receive an additional serving, whether any assistance (medical or otherwise) was administered to the person, and whether the person was ever permitted to participate in one of your ceremonies on any other occasion.[8]

8.     Identify each and every possible response to the document filed in this case as Dkt. No. 33-6 that, if provided by a prospective ceremony participant, would result in you determining that the prospective participant was not eligible to participate in one of your ceremonies.

---

[6] *See* Ceremonial Instructions ¶ 7 ("It is an absolute prerequisite for participation in the ceremony that the practitioner have completed all of the required health and psychological disclosures, and been approved to participate by the Minister of the Assembly.")

[7] *See* Ceremonial Instructions ¶ 8.

[8] *See* Ceremonial Instructions ¶ 15 (noting a "lead facilitator" "evaluate[s]" a ceremony participant's "status" in connection with the "request" "to receive an additional serving").

7

9.      For each of the statements regarding proper preparation in the document filed in this case as Dkt. No. 33-7, identify the medical or other trained professionals involved in drafting this document and the medical or other basis for including each of the statements in this document.

10.      Identify the date and location of each and every instance in which you held a ceremony, including those in which ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present.  For each and every instance identified, indicate every substance consumed by any person or offered for consumption, who was present at the ceremony, who was responsible for handling any substances consumed by any person or offered for consumption, and who served in a leadership role and/or position of authority at the ceremony (*e.g.*, Minister of the Assembly, "lead facilitator," other facilitator).

11.      Identify each and every instance in which you have stored, prepared,[9] secured, distributed, dispensed, obtained, imported, exported, destroyed/disposed of, transported,[10] transferred to another person, or otherwise handled ayahuasca.  For each instance identified, indicate when the activity occurred, any and all persons involved in the activity, including any senders and/or recipients, and any steps you required the person or persons to take to be granted permission to perform the activity (including, but not limited to, training, background check, use of key or code).

12.      Identify any and all security measures you have adopted relating to your handling of ayahuasca, including those referred to in the document titled "Ceremonial Instructions."[11]   For any physical devices identified, indicate the make, model, and serial number of any device; the persons who have access to the device; and the days and times when

---

[9] *See* Ceremonial Instructions ¶ 2 (referring to "persons respectful of the plans and their sacred potential" who gather them "in the traditional fashion")

[10] *See* Ceremonial Instructions ¶ 3 ("When the Sacrament cannot be prepared at the ceremonial site, it is transported in sealed containers by trusted and experienced members of the congregation.").

[11] *See* Ceremonial Instructions ¶ 3 ("All quantities of the Sacrament, however small the amount, shall be kept in a secure location.").

access to the device is available.  For any other security measures identified, please describe in reasonable detail the measure, including when the measure was first implemented, and how the measure adequately ensures the safe handling of ayahuasca.

13.     Identify each and every instance in which an individual not authorized to access ayahuasca in your possession has gained, or attempted to gain, access.  For each instance identified, indicate if unauthorized access occurred, when unauthorized access or attempted unauthorized access occurred, who gained or attempted to gain unauthorized access, whether any security measures were circumvented in gaining or attempting to gain such access, whether any remedial steps were taken in response, and whether, since the measure was implemented, any unauthorized access occurred or was attempted.

14.     Identify each and every instance in which aid, support, or assistance,[12] whether physical, medical, psychological, or otherwise, was offered, administered, or provided to any person prior to, during, or after a ceremony. For each instance identified, please identify the date, time, and location of the ceremony, the type of assistance provided, the reason that assistance was provided, whether the person receiving assistance was permitted to continue the ceremony, and whether the person to whom assistance was provided was ever permitted to participate in one of your ceremonies on any other occasion.

15.     Identify each and every instance in which misconduct of any kind (including, but not limited to, sexual misconduct, battery, assault, fraud, use of controlled substances other than ayahuasca, "misuse[] [of] the Sacrament,"[13] "a breach of ethics,"[14] or any instances in which any person "conducted themselves improperly during [a] ceremony[15]) occurred or was alleged to have occurred prior to, during, or after a ceremony.  For each instance identified,

---

[12] *See* Ceremonial Instructions ¶ 26 (facilitators "provide whatever additional care is required to assure the safety of the individual, the community, and the public").

[13] *See* Ceremonial Instructions ¶ 29.

[14] *See* Code of Ethics, Dkt. No. 33-5, at 2 ("Code of Ethics").

[15] *See* Ceremonial Instructions ¶ 29.

indicate when and where the misconduct occurred or was alleged to have occurred, who alleged the misconduct, who was alleged to have been involved in the misconduct, whether the misconduct or alleged misconduct was reported to your Board of Directors, to law enforcement, or to another entity, whether the misconduct resulted in any disciplinary action (including by the Minister of the Assembly), and, if so, the type of any disciplinary action (including "exclusion from future ceremonial activity") taken.,

16.   Identify each and every one of the "honored educators" and "peers" from which you seek, and with whom you share, "knowledge and feedback."[16]  For each individual identified, describe the "knowledge and feedback" sought or shared.

17.   Describe the set and setting of your ayahuasca ceremonies, including but not limited to the location, the number and title of any facilitators, the number and title of any healthcare professionals, the number of participants, the physical and psychological environment, and mental preparation of the participants.

18.   Identify each and every person who wrote, edited, reviewed, commented on, or otherwise received a draft of the documents attached to your original motion for a preliminary injunction in this case, Dkt. No. 33: "AYA Tenets and Precepts"[17]; "Ceremonial Instructions"[18]; "Code of Ethics"[19]; the questionnaire filed in this case as DKT. No. 33-6; and the confirmation letter filed in this case as Dkt. No. 33-7.

19.   Describe how your religious tradition relates to, borrows from, interacts with, or is otherwise connected to other religious traditions, including Christianity.[20]

---

[16] *See* Code of Ethics at 2.

[17] *See* AYA Tenets and Precepts, Dkt. No. 33-3 ("AYA Tenets and Precepts").

[18] *See* Ceremonial Instructions.

[19] *See* Code of Ethics.

[20] *See* Code of Ethics at 3 ("Our statement of ethics can be summarized in *The Beatitudes* (Matthew 5:3–12)").

20.     Identify each and every instance in which you have received anything of value, including payment, donations, or in-kind contributions, from ceremony participants or those requesting to participate in one of your ceremonies.  For each instance identified, please provide the amount received, the date received, and the purpose of payment, donation, or other contribution.[21]

21.     For each document used at your ceremonies or trainings, or that you otherwise intend to rely upon to demonstrate the existence of what you allege are your "sincerely held religious beliefs and practices," identify each and every person who wrote, edited, reviewed, commented on, or otherwise received drafts of the document.

22.     Describe the process by which you ensure that you "offer Visionary Communion only to sincere religious persons with a reverent mindset," including how you determine who are "sincerely religious persons" and whether they have a "reverent mindset."[22]

23.     Identify each and every organization or association of which AYA or one of the named Plaintiffs is a member, or have requested to be a member.  For each organization or association identified, indicate when AYA or one of the named Plaintiffs first requested to become a member, how long AYA or one of the named Plaintiffs has been a member, whether AYA or one of the named Plaintiffs pays dues or anything else of value to the organization or association, and any individuals at the organization or association with whom AYA or one of the named Plaintiffs communicates or has communicated.

---

[21] *See* Code of Ethics at 1.

[22] Fifth Am. Compl., Dkt. No. 159, ¶ 78.

11

1

2

Dated:  September 1, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

3

4

BRIGHAM J. BOWEN
Assistant Branch Director

5

LISA NEWMAN
Trial Attorney

6

7

*/s/ Bonnie E. Devany*
BONNIE E. DEVANY
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 616-8101
bonnie.e.devany@usdoj.gov

8

9

10

11

12

13

*Counsel for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 1, 2023, I caused a copy of the foregoing to be served via e-mail on counsel of record for Plaintiffs.

<u>*/s/ Bonnie E. Devany*</u>
Bonnie E. Devany
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice

13