BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN
BONNIE E. DEVANY
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8101
E-mail: lisa.n.newman@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of Civil Procedure, Defendants[1] by and through undersigned counsel, propound these interrogatories. Defendants request responses within the time and in the manner prescribed by the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions set forth below.

**DEFINITIONS**

The following definitions are applicable to all requests unless otherwise noted.

1. The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests anything which might otherwise be construed to be outside their scope.

2. The word "any" shall be construed to include the word "all"; the word "all" shall be construed to include the word "any."

3. The word "each" shall be construed to include the word "every"; the word "every" shall be construed to include the word "each."

4. The word "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure. It includes, without limitation, any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to any notes, memoranda, charges, complaints, claims, minutes from meetings, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, reports, communications (electronic or otherwise), contracts, agreements, telegrams, records, correspondence, diaries, calendars, diagrams, tables, brochures, pamphlets, instruction manuals, charts, logs, medical x-rays, medical images, medical records, medical charts, medical notes, medical test results, recordings and transcriptions of recordings, information retrievable from computers, photographs, or any other writing, however produced, reproduced, recorded, or stored, whether electronic or

---

[1] Defendants include the following named defendants in their respective official capacities: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration; Alejandro Mayorkas, Secretary of the United States Department of Homeland Security; and Troy Miller, Acting Commissioner of United States Customs and Border Protection.

1

otherwise. A draft or non-identical copy is a separate document. "Document" also includes any attachments or enclosures to the document, to the file or container holding the document, and to any writing or printing which might appear on such file or container.

5. The word "person" is defined as any natural person, church, other religious organization, business, firm, partnership, labor union, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, commission, or any other organization or entity.

6. The terms "relate to," "relates to," or "relating to" mean relating to, pertaining to, supporting, discussing, concerning, describing, evidencing, constituting, or otherwise referring to.

7. The word "concerning" means relating to, pertaining to, supporting, discussing, describing, evidencing, constituting, or otherwise referring to.

8. The words "you," "your," and "Plaintiff(s)," should be interpreted as meaning any of the Plaintiffs named in the above-captioned action, including agents, representatives, attorneys, and any other person acting on behalf of each Plaintiff. "AYA" refers to Plaintiff Arizona Yagé Assembly.

9. The term "Plaintiffs' Fifth Amended Complaint" means the Plaintiffs' Fifth Amended Complaint filed in the above-captioned action, Dkt. No. 159, on May 15, 2022.

10. The terms "Defendant" and "Defendants" mean: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration ("DEA"); Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("DHS"); and Troy Miller, Acting Commissioner of United States Customs and Border Protection ("CBP").

11. The term "communication" means any exchange of information by any means of transmitting, sending, or receiving information of any kind.

12. The term "ayahuasca" means **either or both** the tea made from brewing a mixture of plants that contains the known psychoactive substance N,N-dimethyltryptamine

("DMT"), and β-carboline alkaloids such as harmine, harmaline, or tetrahydroharmine, **and/or** any plants or plant material used in the brewing process.

13. The term "ceremony participant" or "participant" means individuals who participate in AYA ceremonies. The term includes those AYA refers to as "practitioners."[2]

14. The term "ceremony" includes, but is not limited to, any sacred plant medicine ceremony, sweat lodge, or vision quest, whether undertaken, conducted, or completed as an individual or a group, and whether or not ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present.

15. The term "facilitator" means an individual responsible for the care and the safety of ceremony participants. The term has the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[3]

16. The term "lead facilitator" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[4]

17. The term "Minister of the Assembly" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[5]

18. The term "sexual misconduct" includes, but is not limited to, sexual abuse; sexual exploitation; sexual harassment; sexual advances; requests for sexual favors; verbal, physical, or visual conduct of a sexual nature; or any pattern of behavior that would be perceived as sexual misconduct.

---

[2] *See, e.g.*, Ceremonial Instructions, Dkt. No. 33-4, ¶ 7 ("Ceremonial Instructions").

[3] *See, e.g.*, Ceremonial Instructions ¶ 3.

[4] *See, e.g.*, Ceremonial Instructions ¶ 6.

[5] *See, e.g.*, Ceremonial Instructions ¶ 3.

3

**INSTRUCTIONS**

1. You are to answer the following interrogatories separately and fully in writing and under oath in accordance with Federal Rule of Civil Procedure 33.

2. These interrogatories shall be deemed continuing in nature so as to require supplemental responses or document production as required by Rule 26(e) of the Federal Rules of Civil Procedure.

3. Whenever an interrogatory requests that you identify a person, that response shall include:

    a. With respect to a natural person, that person's full name and present or last known address;

    b. With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity, the form of such organization (e.g., corporation, partnership, etc.) and the address of the principal office or place of business of such organization or entity.

4. Whenever an interrogatory requests that you identify a document, that response shall include the title, date, author, signatories, recipients, a general description of such document sufficient to permit it to be identified with particularity in a request for production, the present or last known location of such document, and the identity of the persons having custody, control, or possession thereof.

5. Whenever an interrogatory requests that you identify an oral statement or communication, that response shall include (a) the identity of each person making or participating in the statement or communication, (b) the identity of each person who was present when the communication was made, and (c) a description of what was said or the substance of the statement or communication.

6. If you assert a claim of privilege in objecting to any interrogatory, or to any part thereof, and information is not provided on the basis of such assertion, please describe the basis of such privilege.

4

7. If you deny knowledge or information sufficient to answer an interrogatory, please respond to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, describe the efforts made to locate or otherwise obtain the information requested, and set forth the name and addresses of any persons who are known by you to have such knowledge.

8. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If an interrogatory cannot be answered fully, please answer it to the extent possible and explain why you cannot answer more fully. If you answer an interrogatory subject to an objection, indicate whether information or documents have been withheld on the basis of the objection.

9. If, in answering these interrogatories, you encounter what you deem to be an ambiguity when construing any interrogatory, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering.

10. These interrogatories seek all responsive information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, representatives, and any other person acting for you or on your behalf.

# INTERROGATORIES

1.  Please identify each and every actual or intended activity Plaintiffs believe is or was an exercise of religion that is substantially burdened by Defendants' conduct. For each activity, please:

    a.  Describe its religious significance.
    b.  Describe the burden on the activity that Plaintiffs believe has been caused by Defendants' conduct.
    c.  State whether a member or participant at an AYA ceremony must always use or consume ayahuasca in connection with that activity, or, if not, state all conditions under which participant may have no obligation to use or consume ayahuasca in connection with the activity or may be exempt or excused from any such obligation.
    d.  Identify and describe all instances in which the activity has occurred by providing the dates, times, and locations of the activity, as well as the names of all AYA officers, leaders, or personnel present at the activity.
    e.  Identify whether any other substances listed on a Schedule pursuant to the Controlled Substances Act, including any "medicinal drugs,"[6] were present at the location at which the activity took place, whether or not they were consumed.

2.  Describe the process by which an individual becomes a member or congregant of AYA, or a non-member participant of AYA ceremonies. This includes but is not limited to:

    a.  How AYA recruits members and advertises for its ceremonies, including any facebook and other social media advertisements;
    b.  What requirements, if any, AYA imposes on individuals to become AYA members;
    c.  The responsibilities or obligations of membership;
    d.  The ways in which an individual participates as a member of AYA;
    e.  The duration of such membership;
    f.  Whether any monetary transfers are made in connection with such membership, including required, requested, recommended, suggested, or customary fees, dues, donations, or contributions;

---

[6] *See* Code of Ethics, Dkt. No. 33-5 at 4.

6

      g. Any reasons why membership would be granted, denied, or terminated; including any policies or criteria that aid in making such a determination;
      h. Whether non-members are allowed to participate in AYA ceremonies, and if so, how that differs from member recruitment and screening, and;
      i. Each and every person involved in making membership determinations.

3. Identify each and every instance in which a facilitator determined that a participant requested or required "assistance or transportation after the ceremony," or "additional care" after the ceremony.[7] For each instance identified, please identify the person who made the decision, the reason or reasons for that decision, any training that person had to make such a determination, and any policies or criteria in place to aid in making such a determination.

4. Please describe all information and identify all documents that AYA conveys to potential and actual participants of ayahuasca ceremonies about the "risks and hazards connected with" an ayahuasca ceremony and "physical and physiological infirmity [that] would place [an individual] at risk to participate in any way with the ceremony activities."[8]

5. Describe all individuals, protocols, procedures, guidelines, or other criteria in place during an ayahuasca ceremony to ensure the medical, psychological, emotional, and sexual safety of participants during and after the ceremony. This includes but is not limited to:

      a. Whether AYA personnel meet with individuals participating in the ceremony prior to or after the ceremony;
      b. Whether there are trained medical professionals present during the ceremony;
      c. Whether there are medical professionals monitoring for adverse health effects;
      d. Whether there is a plan for medical or psychiatric emergencies;

---

[7] *See* AYA Ceremonial Instructions, Dkt. No. 33-4 at 4.

[8] *See* AYA Health Form.

7

  e. Whether there is medical equipment on site;
  f. Whether AYA facilitators are prohibited from engaging in sexual contact with those who participate in ceremonies during or any time after ceremonies; and
  g. Whether AYA has a practice of following up with individuals regarding adverse health effects or other negative side effects, including psychiatric, emotional, or sexual, after the ceremony.

6. Describe your plans for importing, manufacturing, storing, transporting, and distributing ayahuasca, including:

  a. The importers and recipients of the shipments;
  b. Where the ayahuasca will be shipped to;
  c. The quantity and form of imported ayahuasca;
  d. Where and who will manufacture the ayahuasca;
  e. Where and how the ayahuasca will be transported once it has been received in the United States (including all in and out-of-state locations to which AYA will transport such ayahuasca);
  f. The amount of ayahuasca that will be consumed at each ceremony;
  g. All physical locations for which you will be seeking a DEA registration, and;
  h. Procedures for recordkeeping.

7. Please identify the person or persons who do not consume ayahuasca (or are otherwise not under the influence of a controlled or mind-altering substance) immediately prior to or during the ayahuasca ceremony such that they can attend to any medical emergency or other issues that arise during or immediately after the ceremony. For any such persons, identify their respective roles and their medical training or expertise.

8. Please identify any AYA members who have been arrested or charged by federal law enforcement authorities for ayahuasca importation, use, manufacture, or distribution.

8

9. Beyond answers to Interrogatory No. 8, please identify any and all specific instances of "congregants" relaying to Stanley that they "understand [they] live under [an] open threat by law enforcement."[9]

10. Please explain how "Kambo ceremony[ies]" and "the Divine Kambo Sacrament"[10] relate to AYA's sincere religious beliefs.

11. Please identify any and all instances of AYA hosting Kambo ceremonies. For each instance of a Kambo ceremony, please identify:

   a. The date and location of each and every instance in which you held a ceremony;
   b. How kambo was brewed, distributed, consumed, destroyed/disposed of, or otherwise present;
   c. How AYA acquired kambo, including any potential supplier or importer;
   d. Any other substance consumed by any person or offered for consumption, including whether ayahuasca was taken in conjunction with kambo;
   e. Who was present at the ceremony;
   f. Who was responsible for handling any substances consumed by any person or offered for consumption; and
   g. Who served in a leadership role and/or position of authority at the ceremony (e.g., Minister of the Assembly, "lead facilitator," other facilitator).

12. Please describe AYA's corporate structure including each and every state in which AYA is incorporated, its corporate status, any officers, and any other related entities. Please identify any and all incorporation documents and state corporate filings.

13. Identify all churches, congregations, religions, denominations, religious organizations, sects, or spiritual organizations with which Mr. Stanley is or has been affiliated

---

[9] *See* Declaration of Winfield Scott Stanley in Support of Plaintiffs Opposition to Federal Defendants' Moton to Dismiss Fifth Amended Complaint, Dkt. No. 177-1 ¶ 9.

[10] *See* AYA Health Form at 1, 4.

9

or involved in any way (including but not limited to employment, direction, management, advising, consulting, volunteering, membership, or participation in activities). Parent organizations, subsidiary organizations, and branches of a single organization are to be considered separate organizations for purposes of this interrogatory. For each group that you identify:

    a. Identify the group and describe the nature of Mr. Stanley's involvement, including providing the title(s) of any positions that he has held and describing the duties of each position.
    b. Identify the time periods of Mr. Stanley's affiliation or involvement with the group.
    c. State Mr. Stanley's beginning and ending (or current) salaries or compensation, if he received a salary or compensation.

Dated: December 20, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Lisa Newman
LISA NEWMAN
BONNIE E. DEVANY
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 514-5578
Lisa.n.newman@usdoj.gov

*Counsel for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 20, 2023, I served counsel of record for Plaintiffs a copy of this document via e-mail.

/s/ Lisa Newman
Lisa Newman
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice