BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

LISA NEWMAN (TX 24107878)
BONNIE E. DEVANY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, | No. 2:20-cv-2373-ROS |
| Plaintiffs, |  |
| v. |  |
| Merrick Garland, Attorney General of the United States, *et al.*, |  |
| Defendants. |  |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR EXTENSION OF TIME [DKT. 227]**

On the evening of March 8, 2024, just a few hours before the substantial completion of written discovery deadline, Plaintiffs filed a last-minute request for an additional fourteen days to satisfy discovery obligations that they have had for more than six months.  Dkt. No. 227.  According to their motion, Plaintiffs seek an additional two weeks "to *attempt* to comply with as much of the Discovery Order as can be accomplished."  *Id.* at 3 (emphasis added).  To begin, Plaintiffs have had more than six months to satisfy their obligation to substantially complete discovery.  In that time, Plaintiffs have produced almost no responsive documents—and indeed no communications except for a single, seemingly altered e-mail. And in the time since the Court's Discovery Order, Dkt. No. 220—where the Court rejected Plaintiffs' objections—they have not revised their interrogatory responses, have not revised or verified their responses to Defendants' requests for production, have not responded to Defendants' Joint Statement regarding insufficiencies in subsequent discovery requests, and have otherwise not produced a single additional document.  Plaintiffs have shirked these obligations and moved for an eleventh-hour extension against the Court's clear orders, *see* Dkt. Nos. 207, 216, 220, 224, without establishing good cause or conferring with Defendants. Against a backdrop of consistently obstructionist conduct in discovery, and for the reasons stated below, Defendants oppose this additional, prejudicial request for an extension.

First, Plaintiffs have long been on notice of this critical substantial completion deadline. Certainly, Plaintiffs have been on notice since at least January 16, 2024, when the Court amended this deadline consistent with the parties' joint stipulation.  Dkt No. 207, at 1 (Am. Scheduling Order) ("The Court views compliance with the provisions of this Order as critical

to its case management responsibilities and the responsibilities of the parties . . . .").[1]  Since then, Plaintiffs have sought additional extensions and attempted to delay discovery, *see, e.g.*, Dkt. No. 208 (requesting a 30-day extension on the eve of a deadline), which Defendants have opposed, *see* Dkt. No. 213, and this Court has rebuffed, *see* Dkt. No. 216.  In addition, in its ruling on the parties' joint statement regarding Plaintiffs' deficient discovery responses, the Court was clear about the current state of discovery and Plaintiffs' obligations:

> This dispute is another of Plaintiffs' attempts to delay or disrupt discovery. *Plaintiffs are on notice* that the Court will impose sanctions—including liability for excessive costs and fees, prohibiting Plaintiffs from supporting or opposing designated claims or defenses, and dismissal of the action—for any further obstruction or failure to meet discovery obligations. . . . Accordingly, **IT IS ORDERED** Plaintiffs shall provide full and complete responses to Defendants' First Sets of Interrogatories and Requests for Production as outlined in this Order no later than **March 8, 2024**.

Dkt. No. 220 at 20 (Feb. 22, 2024) ("Discovery Order") (first emphasis added).  And to leave no room for doubt, the Court issued an additional order regarding these deadlines two days before Plaintiffs filed their extension, explaining that "[a]ll the Court's orders, including the February 22, 2024 Discovery Order (Doc. 220) remain in effect and the deadlines stand." Dkt. No. 224.  There is no doubt that Plaintiffs have had both sufficient time and notice to comply with the March 8 substantial completion deadline.

Second, Plaintiffs have not established good cause for an extension.  They have been on notice of this critical deadline for months, but they provide no explanation in their motion

---

[1] In fact, that was the Court's second extension.  On November 14, 2023, the Court extended the substantial completion deadline for the first time to January 16, 2024.  Dkt. No. 203.

for why they have not been able to comply.  Indeed, they simply state in conclusory fashion that Plaintiffs are "attempt[ing] to comply with as much of the Discovery Order as can be accomplished" and that "[AYA] has not yet been able to reach an actionable consensus on this matter."  Dkt. No. 227, at 3.  It is not clear exactly what that means, but it is certainly not a reasonable explanation for why Plaintiffs were not able to substantially complete written discovery by their agreed-upon deadline, or why there is no "consensus" nearly four years after initiating this lawsuit.  To the contrary, from those statements, it does not appear that Plaintiffs have started to collect, let alone review and produce, potentially responsive documents.

Last, granting such an extension would be prejudicial to Defendants and ultimately inequitable.  As an initial matter, Plaintiffs filed this motion without conferring with Defendants and despite the Court's order that its deadlines remained in effect.  But in any event, Defendants would have opposed such an extension.  Defendants substantially completed written discovery on March 8, 2024, in accordance with the Court's deadlines.  Indeed, Defendants completed six document productions totaling more than 20,000 pages during the written discovery period.  This stands in stark contrast to the discovery Plaintiffs have completed.  To date, Defendants have received almost no documents from Plaintiffs or otherwise received revised responses to Defendants' interrogatories, apart from 39 pages describing AYA's ceremonies, an excel spreadsheet of survey responses, and reproductions of materials already on the public docket.  That continued asymmetry is a prejudice to Defendants that cannot be cured.

In sum, Plaintiffs' latest maneuver is yet another improper attempt to "delay or disrupt discovery," delay meeting their discovery obligations, and deprive Defendants and the Court

4

from receiving information "critical to the [RFRA] inquiry" about "Plaintiffs' organization, the safety of its practices, those who lead or attend its ceremonies, and how it imports, handles, stores, or transports ayahuasca." Dkt. No. 220, at 1-2. Defendants stand ready to litigate this case and have expended significant time and resources fulfilling their ongoing discovery obligations. Plaintiffs, who initiated this lawsuit, should be required to do the same.

For the reasons stated above, the Court should deny Plaintiffs' motion for an extension of time and grant appropriate relief as it deems necessary.

Dated: March 11, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
LISA NEWMAN (TX 24107878)
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

5

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on March 11, 2024, I electronically transmitted the attached

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the CM/ECF registrants for this matter.

5

6                                              */s/ Lisa Newman*
7                                              LISA NEWMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28