CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

JOHN SULLIVAN (CSB#204648) Pro Hac Vice
17532 Miranda Street
Encino, California 91316-1249
Tel:818-769-7236 Fax:818-301-2175
Email:Sullivan.John84@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland Attorney General of the United States; et al. <br><br> Defendants. | Case No.:20-CV-02373-ROS <br><br> MOTION FOR LEAVE TO FILE STANDARD BRIEF AND DECLARATION IN OPPOSITION TO ISSUES PRESENTED IN DEFENDANTS' STATEMENT ON DISPUTE OVER PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES (Dkt. # 225) |
|---|---|

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Plaintiffs hereby give notice of their motion, pursuant to the Court's Discovery Dispute instructions https://www.azd.uscourts.gov/content/discovery-dispute-instructions for leave to file a standard length opposition of 17 pages, as permitted by LRCiv 7.2(e), to the Defendants' Statement on Dispute Over Plaintiffs' Responses to Defendants' Second Set of Interrogatories (Dkt. # 225) on March 18, 2024.

The grounds for the motion are that, to have a meaningful opportunity to be heard, Plaintiffs must file declarations to establish predicate facts to establish First Amendment

privilege and other rights available to restrict the scope of civil discovery, and a sufficient space for argument to present an accurate view of the law and thus provide the Court with arguments as to the proper application of the law.  Further grounds exist because the Federal Rules of Civil Procedure have established motion procedures that secure the due process right to have a meaningful opportunity to be heard, and the Discovery Dispute instructions, that constrict the scope of the parties' ability to establish facts and argue issues in an ample format, should not be applied in a compulsory fashion to all cases.

       This motion is based on the declaration of counsel, the memorandum of points and authorities, and the proposed order submitted herewith.

Dated: March 11, 2024                              CHARLES CARREON
                                                    /s/Charles Carreon
                                                    CHARLES CARREON (127139)
                                                    Attorney for Plaintiffs
                                                    Arizona Yagé Assembly,
                                                    Winfield Scott Stanley III

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Relief Requested: Leave to File an Opposition of 17 Pages Supported by Declaration(s) in Response to Docket # 225, by March 18, 2024**

Via Docket # 225, Defendants filed a request to adjudicate a dispute concerning the Second Set of Interrogatories under the Court's Discovery Dispute instructions.

Plaintiffs respectfully request the Court to allow Plaintiffs to file a response in the standard opposition format established by LRCiv 7.2(e), i.e., a 17 page brief and supporting declarations.

The factual grounds for the request are set forth in the attached declaration of counsel.

**2. Rule 37 Compliance is Crucial Here**

To establish the predicate facts for the Court to adjudicate Plaintiffs' contentions in the pending discovery dispute, they must be presented through admissible evidence in the form of declarations, in compliance with the Federal Rules of Civil Procedure, as set out in Rule 37(a)(3)(B)(iii): "A party seeking discovery may move for an order compelling an answer, designation, production or inspection.  This motion may be made if … (iii) a party fails to answer an interrogatory submitted under Rule 33."

Discovery orders to compel disclosure must be authorized by the procedures authorized in the Federal Rules, that do not authorize issuance of orders in the absence of admissible evidence submitted via declaration.  Thus, both the Plaintiffs' facts and the Defendants' contentions must be presented through factual averments of whatever length may be required to present them.

This case is not a simple one.  Issues of first impression are numerous, and adequate briefing is needed.  Plaintiffs have learned to fear the outcome of a discovery dispute adjudicated without the protective guardrails of Rule 37 motion practice, because it resulted in the issuance of the Discovery Order (Dkt. # 220).  In the one proceeding conducted according to the Discovery Dispute instructions, Plaintiffs were unable to convince the Court to see its side of even one dispute out of forty, resulting in the Court's

issuance of an order that would compel Plaintiffs to produce the email addresses of 5,239 people, and all of AYA's email exchanges. (Carreon Dec. ¶ 3.)

The Court rejected Plaintiffs' First Amendment objections to producing these types of documents, which were supported by appellate authority, but due to the brevity of the space allowed for argument, were lacking explanatory argument to tie the argument to the facts of this case.

Further, Plaintiffs had no means for providing the Court with an adequate account of how compelling the discovery responses would cause Constitutional injury and extreme burden to the Plaintiffs. Finally, the Defendants were not required to factually establish any of the Defendants' asserted needs for the documents.

Accordingly, the Court was handicapped in its analysis of the issues, and reached an erroneous result that failed to take note of important controlling authority in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010), that not only affirms the existence of a First Amendment Privilege to protect internal communications of advocacy organizations such as political and religious nonprofits, it also announced a required balancing test to be applied when such a party contests a demand for disclosure and production by raising First Amendment Privilege.

As the *Perry* Court stated, the court must "balance the burdens imposed on individuals and associations against the significance of the . . . interest in disclosure … to determine whether the "interest in disclosure . . . outweighs the harm [which may take into account] the importance of the litigation, … the centrality of the information sought to the issues in the case, … the existence of less intrusive means of obtaining the information, … and the substantiality of the First Amendment interests at stake." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010).

Because the Court applied the Discovery Dispute instructions, the Defendants were not required to make the showing required by *Perry*: "Importantly, the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation -- a more demanding standard of relevance than that under

Federal Rule of Civil Procedure 26(b)(1). The request must also be carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010).

In order to present a more complete review of the discovery dispute, including a the presentation of an adequate factual record and thorough legal research of the issues, and to comply with the requirements of Rule 37, Plaintiffs respectfully request the Court grant the requested relief.

### 3. Conclusion

Plaintiffs have shown good cause for the Court to grant the requested order allowing Plaintiffs to present their opposition to the Defendants' Statement on Dispute Over Plaintiffs' Responses to Defendants' Second Set of Interrogatories (Dkt. # 225) in a standard seventeen (17) page brief supported by declarations(s) on or before March 18, 2024

Dated: March 11, 2024                    CHARLES CARREON
                                         /s/Charles Carreon
                                         CHARLES CARREON (127139)
                                         Attorney for Plaintiffs
                                         Arizona Yagé Assembly,
                                         Winfield Scott Stanley III