EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Parties have filed a Joint Statement on a dispute over Plaintiffs' responses to Defendants' First Sets of Interrogatories and Requests for Production (Doc. 219) ("Joint Statement").

Plaintiffs have the initial burden to establish a prima facie case under the RFRA. 42 U.S.C. § 2000bb-1(b). Defendants must then make an individualized showing that application of the Controlled Substances Act and its implementing regulations to Plaintiffs' organization is the least restrictive means of furthering a compelling government interest. *Id.* The discovery Defendants seek in these disputed requests is critical to this inquiry.

It is clear both from this dispute and those already adjudicated by the Court, *see, e.g.*, (Docs. 210, 216, and 218), Plaintiffs have not taken their discovery obligations seriously. In the present dispute, Plaintiffs have failed to adequately respond to nearly 40 of Defendants' discovery requests. Plaintiffs have provided incomplete, insufficient, or unresponsive answers to many of the requests and in some instances have refused to respond at all. Defendants state they "still know very little about Plaintiffs' organization,

1  the safety of its practices, those who lead or attend its ceremonies, and how it imports,
2  handles, stores, or transports ayahuasca." Joint Statement at 5. The Court is in the same
3  boat. Plaintiffs' responses and productions are totally insufficient and Plaintiffs' refusal to
4  sufficiently respond to Defendants' discovery requests based on inapplicable privileges and
5  objections is wrong and in some cases ridiculous.

6  Plaintiffs shall provide full and complete responses and productions to Defendants'
7  requests. Where Plaintiffs claim they have already produced documents or that no
8  responsive documents exist, Plaintiffs must verify their answers under penalty of perjury.

9  **PLAINTIFFS' ASSERTED PRIVILEGES AND OBJECTIONS**

10  As Defendants point out, federal law governs the applicable privileges in this
11  Religious Freedom Restoration Act case. *See, e.g.*, Joint Statement at 32; Fed. R. Evid.
12  501; *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir. 1975) ("In determining the federal
13  law of privilege in a federal question case, absent a controlling statute, a federal court may
14  consider state privilege law. But the rule ultimately adopted, whatever its substance, is not
15  state law but federal common law." (internal citation omitted)). Even if the Court were to
16  consider Plaintiffs' asserted privileges, they are either unrecognized or inapplicable.

17  First, confidentiality promises made to third parties are not grounds for objection,
18  particularly where, as here, a protective order is in place. *See Walt Disney Co. v. DeFabiis*,
19  168 F.R.D. 281, 283 (C.D. Cal. 1996) ("[O]nly privilege, not confidentiality, is a valid
20  objection under Fed. R. Civ. P. 26(b)); *In re Application of O'keeffe*, 2016 WL 2771697,
21  at *4 (D. Nev. Apr. 4, 2016) ("Confidentiality agreements do not bar discovery."); *Nat'l
22  Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 681 (C.D.
23  Cal. 2009) ("Although there is no absolute privilege for highly confidential information,
24  such information, even if not privileged, may be protected under Rule 26(c)(1)(G)."
25  (internal citations omitted)).

26  Second, the Arizona statute protecting disclosure of medical records is inapplicable
27  in this federal question case. Even if state privilege law governed, this statute would not
28  apply since Plaintiffs are not licensed health care providers as defined by the statute, *see*

A.R.S. § 12-2291(5), and Defendants' requests do not seek medical records "maintained for purposes of patient diagnosis or treatment," *id.* § 12-2291(6).

Third, the First Amendment Free Exercise and Establishment Clauses do not establish any privilege applicable to the civil discovery sought by Defendants. *See Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, 2022 WL 3597106, at *3 (D. Ariz. June 17, 2022) (explaining the "First Amendment's Free Exercise Clause and Establishment Clause offer religious organizations wide latitude to structure and govern their organizations in accordance with their own sincerely held beliefs, but the religion clauses do not offer an immunity against civil discovery."); *see also Cason v. Federated Life Ins. Co.*, 510 F. App'x. 663, 665 (9th Cir. 2013).

Fourth, Arizona's priest-penitent privilege does not apply here. As discussed above, federal privilege law governs. *See* Fed. R. Evid. 501; *Lewis*, 517 F.2d at 237. Even if the Arizona statute did govern here, Plaintiffs have not shown it would apply. Plaintiffs assert the privilege as a blanket exclusion and do not identify any "confession" or allege any such confession was confidential and not made in the presence of third parties. *See State v. Archibeque*, 221 P.3d 1045, 1048, 1050 (Ariz. Ct. App. 2009). Plaintiffs may not rely on Arizona's priest-penitent privilege to avoid responding to Defendants' discovery requests.

Finally, Plaintiffs object to discovery under the Fourth Amendment warrant requirement throughout the Joint Statement. This is a frivolous objection and Plaintiffs cite no authority to support it. The Fourth Amendment has no bearing on this case, where Plaintiffs object to discovery in a civil lawsuit Plaintiffs initiated against Defendants. *See, e.g.*, *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by [the government acting as] a private litigant in the course of civil litigation."); *Bey v. Antoine*, No. 19-CV-1877, 2023 WL 3204576, at *1 (E.D.N.Y. May 2, 2023) ("Where a plaintiff brings claims [against the government,] the protections of the Fourth Amendment do not provide a shield against civil discovery going to those issues."); *O'keeffe*, 2016 WL 2771697, at *5 (finding

- 3 -

a party may not invoke privacy "to prevent discovery regarding matters that a party places in controversy").

In short, none of Plaintiffs' proffered objections justify their refusal to respond to Defendants' discovery requests. The Court will address each disputed request in the order presented in the Joint Statement.

**DISPUTED REQUESTS**

**Interrogatory No. 2:**

This interrogatory seeks the identity of persons asked to serve or have requested to serve in leadership roles or positions of authority in AYA or its ceremonies, which roles they served in or requested to serve in, and when. This information is crucial, and Plaintiffs' response is clearly incomplete. The names Plaintiff provided without further information are insufficient, and withholding additional responsive information on the basis of deposition limits is wrong. Plaintiffs shall provide a complete response to this interrogatory.

**Interrogatory No. 3:**[1]

This interrogatory seeks information about the *training* of persons in positions of leadership or authority. As Defendants argue, AYA's training procedures are relevant to the analysis of potential health, safety, or diversion risks. *See* Joint Statement at 10, 21. Plaintiffs' response is unresponsive by failing to identify any individuals who provided training and do not deny training has been provided. Plaintiffs may not amend or supplement their responses in the Joint Statement. Plaintiffs shall provide a complete and responsive response to this interrogatory.

**Interrogatory No. 5:**[2]

This interrogatory asks for information about individuals being denied participation in Plaintiffs' ceremonies, why they were not approved to participate in one of AYA's

---

[1] This interrogatory appears twice in the Joint Statement under two different categories of issues presented by the Parties. *See* Joint Statement at 10, 21. The Court will address all arguments related to this interrogatory here.

[2] This interrogatory appears twice in the Joint Statement under two different categories of issues presented by the Parties. *See* Joint Statement at 12, 24. The Court will address all arguments related to this interrogatory here.

- 4 -

1 ceremonies, who made the decisions, and how the decisions were communicated to the
2 individuals. Instead of responding to the request, Plaintiffs offer to "provide a selection of
3 anonymized documents showing one or more instances of the sort sought by this
4 interrogatory, with personal and location identifiers of non-parties redacted." Joint
5 Statement at 24. As Defendants argue, this is clearly insufficient. Plaintiffs do not identify
6 a single incident resulting in denial of participation in future ceremonies. Plaintiffs
7 acknowledge a "list of people who will not be allowed to participate in ceremonies" exists
8 but refuse to produce it. *Id*. If this information was conveyed in writing, Defendants are
9 entitled to production of all documents. Defendants' request for this information is not an
10 "improper effort by the Defendants to judge the religious beliefs of the Plaintiffs," and the
11 information sought is relevant to Defendants' defenses. Since there is a protective order in
12 place, the information provided pursuant to this request must be unredacted and non-
13 anonymized. The priest-penitent privilege does not apply. Plaintiffs shall provide a
14 complete response to this interrogatory.

15 **<u>Interrogatory No. 16:</u>**

16 This interrogatory seeks the identity of all "honored educators" and "peers" from
17 which Plaintiffs seek and with whom Plaintiffs share "knowledge and feedback," including
18 the "knowledge and feedback" sought from or shared by them. In the Joint Statement,
19 Plaintiffs assert "[f]urther information is not available" and Defendants "project[ing] the
20 existence of other inspirators for the Plaintiffs does not create discoverable information."
21 While it is true Defendants' projections would not "create discovery information,"
22 Defendants' objections to Plaintiffs' response are based on Plaintiffs' acknowledging
23 "significant peer support within the anonymity of our church membership" but asserting it
24 would be a "betrayal of trust to see the release of these names and the tenor of these
25 conversations to public agencies." Joint Statement at 14. Further, Defendants argue this
26 response is inconsistent with a prior declaration identifying at least one other individual
27 responsive to this request. This information is relevant to for identifying potential
28 witnesses and evaluating the safety and sincerity of Plaintiff's practices. While Plaintiffs

1 need not "create discoverable information," they shall provide all existing information as
2 part of a full, detailed, and complete response to this interrogatory.

3 **RFP No. 21:**

4 This request seeks documents related to "knowledge and feedback" sought or shared
5 by Plaintiffs with anyone from whom they "seek guidance or consultation." Joint
6 Statement at 16. Defendants argue Plaintiffs have produced only one (altered) email.
7 Plaintiffs offer to produce additional documents with redactions in response but cite *Hobby
8 Lobby* to assert Defendants "have no license to scrutinize the rationality of AYA's beliefs."
9 *Id.* While the *rationality* of Plaintiffs' beliefs may not be relevant, Defendants are correct
10 that *Hobby Lobby* is inapplicable since "both the genuineness of the Plaintiffs' beliefs and
11 the nature and character of those beliefs is at issue." *Id.* Plaintiffs shall produce all
12 additional responsive documents referred to in their response, and redactions are not
13 allowed because a protective order is in place.

14 **RFP No. 22:**

15 Plaintiff have apparently misconceived this request, which seeks documents related
16 to training of individuals holding leadership or authoritative roles in Plaintiffs'
17 organization. As Defendants argue, these documents are related to whether AYA's
18 practices pose health, safety, or diversion risks to participants or the broader public. Joint
19 Statement at 18. Plaintiffs indicate they plan to produce a large set of relevant material in
20 the form of the AYA Newsletter for the past two years of publication. This may be helpful,
21 but as Defendants point out, they cannot know whether it will constitute a sufficient
22 response to the request until the materials are promptly produced. If Plaintiffs have further
23 responsive materials, they shall produce them.

24 **Interrogatory No. 4:**

25 This interrogatory seeks information related to who and how many people have
26 attended Plaintiffs' ceremonies and consume or request to consume ayahuasca. Plaintiffs
27 refused to respond to this request in its entirety. This information is particularly relevant
28 to the sincerity of participants and whether individuals can joint under false pretenses. As

discussed above, Plaintiffs' objections in the Joint Statement to producing communications on confidentiality grounds are inapplicable. Confidentiality promises made to third parties are not grounds to object to civil discovery, particularly where, as here, a protective order is in place. *See, e.g.*, *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996) ("[O]nly privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)). The information Defendants seek is relevant to determining health, safety, and diversion risks and the genuineness of Plaintiffs' beliefs. Plaintiffs shall provide a complete response to this interrogatory.

**Interrogatory No. 7:**

This interrogatory seeks information about individuals being denied "an additional serving" of ayahuasca during Plaintiffs' ceremonies. This information is relevant to potential health or safety risks posed by Plaintiffs' practices. Plaintiffs may not amend or supplement their responses in the Joint Statement. Plaintiffs do not identify a single incident where an individual was denied "an additional serving" of ayahuasca. Although, as Plaintiffs argue, Defendants' objections to Plaintiffs' response "doesn't create discoverable facts," to the extent such facts exist, they shall be included in a full and complete response to this interrogatory.

**Interrogatory No. 8:**

This interrogatory seeks information about when responses to an AYA questionnaire would result in ineligibility to participate in Plaintiffs' ceremonies. This information is relevant to potential health or safety risks posed by Plaintiffs' practices. Plaintiffs do not identify any specific response that would result in denying participation and apparently contradict both prior statements and their explanation in the Joint Statement by responding a "yes" response to the medical intake questionnaire would "prompt further inquiry" rather than an automatic denial of participation. *See* Joint Statement at 28-29. If Plaintiffs have denied participation or made "further inquiry" in deciding whether to deny participation, a complete response to the interrogatory must identify the questionnaire response that prompted this action. Further, Plaintiffs' response must clarify whether a

"yes" response to the medical questionnaire renders an individual ineligible for participation or simply prompts further inquiry. Plaintiffs may not amend or supplement their responses in the Joint Statement.

**Interrogatory No. 9:**

This interrogatory seeks information related to medical or other trained professionals involved in the drafting of a document regarding proper preparation of ayahuasca and the medical or other basis for including statements in the document. This information is relevant to evaluating potential health or safety risks posed by Plaintiffs' practices and identifying potential witnesses. Defendants are correct that "Plaintiffs neither confirm or deny whether any medical or trained professionals were involved in drafting the referenced document" and fail to identify which "scientific and medical protocols have been incorporated" despite asserting they have incorporated such information. Plaintiffs' response is incomplete. If no medical or other professionals were involved in drafting this document, Plaintiffs must clearly identify this. Further, Plaintiffs must provide a complete response identifying the "medical or other basis for including each of the statements" in the document. Simply stating the protocols "derive from ancient unwritten practices" is insufficient, particularly where Plaintiffs acknowledge "[s]cientific and medical protocols have been incorporated." Plaintiffs list two such protocols in their response, but if any further responsive information exists, Plaintiffs shall provide it in a complete response to this interrogatory.

**Interrogatory No. 14:**

This interrogatory seeks information related to aid and support offered or provided to participants before, during, or after a ceremony. Plaintiffs' response asserts "the particulars of any individual non-party's ceremonial experience are not relevant." This is incorrect. The information sought by this interrogatory is relevant to evaluating potential health or safety risks posed by Plaintiffs' practices and identifying potential witnesses. Plaintiffs further offer a "medical records" objection, but (as discussed at length above), this does not apply here. Finally, Plaintiffs attempt to supplement their response to argue

- 8 -

EXHIBIT 1

its response to a separate interrogatory satisfies its burden for this interrogatory. Plaintiffs may not amend or supplement their responses in the Joint Statement and, as Defendants point out, the other interrogatory Plaintiffs reference only asks about assistance or care provided *after* a ceremony and is insufficient anyway. Plaintiffs shall provide a full and complete response to this interrogatory, identifying all instances of aid or assistance provided before, during, or after a ceremony including when and where the instance occurred.

**Interrogatory No. 17:**

This interrogatory seeks information related to the setting of Plaintiffs' ayahuasca ceremonies. Defendants assert Plaintiffs' lengthy response is incomplete since it does not identify the number and title of healthcare professionals or the titles of the three to eight facilitators present at the ceremonies. Joint Statement at 35-36. This information is relevant to evaluating potential health, safety, or diversion risks posed by Plaintiffs' practices and identifying potential witnesses. Plaintiffs' position in the Joint Statement does not address these issues, instead focusing on adding context to Defendants' citation to *O Centro* regarding DMT's status as an "exceptionally dangerous" substance. This is not responsive to Defendants' position in the Joint Statement. Plaintiffs shall provide a full and complete response to this interrogatory.

**RFP No. 3:**

This request seeks "any and all communications regarding ayahuasca use with any person identified" in Plaintiff's initial disclosures. This information is relevant to evaluating health, safety, and diversion risks and the sincerity of Plaintiff's beliefs. Defendants argue Plaintiffs have not produced *any* communications pursuant to this request and instead simply indicated responsive documents have been produced pursuant to other requests and reasserted its general objections. *See* Joint Statement at 37. In the Joint Statement, Plaintiffs ambiguously and wrongly assert that they have "responded proportionately" but do not indicate anything about their response or identify any documents produced. *Id.* And as discussed above, Plaintiffs' proffered objections do not

- 9 -

apply. Plaintiffs must produce all documents and communications responsive to this request, including not only communications between Plaintiffs and the individuals identified in their initial disclosures, but all communications those individuals have had related to ayahuasca, including with participants.

**RFP No. 11:**

This request seeks documents containing communications with individuals who have participated in or facilitated one of Plaintiffs' ceremonies. Plaintiffs' response shows responsive documents exist but are being withheld based on Plaintiffs' general objections. As discussed at length above, Plaintiffs' asserted objections and privileges do not apply and will not serve as a basis for objecting to civil discovery. Specifically, the Fourth Amendment warrant requirement no bearing on this case, where Plaintiffs object to discovery in a civil lawsuit Plaintiffs initiated against Defendants. *See, e.g.*, *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."). The First Amendment Free Exercise and Establishment Clauses do not establish any privilege applicable to the civil discovery sought by Defendants. *See Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, 2022 WL 3597106, at *3 (D. Ariz. June 17, 2022) (explaining the "First Amendment's Free Exercise Clause and Establishment Clause offer religious organizations wide latitude to structure and govern their organizations in accordance with their own sincerely held beliefs, but the religion clauses do not offer an immunity against civil discovery."). And further, the priest-penitent privilege does not apply. Plaintiffs have not demonstrated a justification for refusing to produce responsive documents. Plaintiffs shall make a full and complete production of all responsive documents pursuant to this request.

**RFP No. 12:**

This request seeks documents related to Plaintiffs' ceremonies involving ayahuasca, such as when it is brewed, distributed, consumed, destroyed or disposed of, or otherwise

present. This information is relevant to evaluating health, safety, and diversion risks potentially posed by Plaintiffs' practices. Plaintiffs' response indicates responsive documents exist but are being withheld based on Plaintiffs' general objections. *See* Joint Statement at 41. This is contradicted by Plaintiffs' position in the Joint Statement, in which Plaintiffs assert they "have responded abundantly to this response." *Id.* This contradiction is later clarified as Plaintiffs acknowledge their response should have referred to "additional" responsive documents. *Id*. at 42. But Plaintiff's asserted objections do not apply here. Plaintiffs shall make a full and complete production of all responsive documents pursuant to this request.

**RFP No. 13:**

This request seeks documents related to receipt of anything of value, e.g. payment or donations, from ceremony participants. This information is relevant to evaluating Plaintiffs' true purpose and sincerity, and finances "consistent with a religious organization as opposed to a commercial enterprise that engages in the purchase and sale of ayahuasca for profit." Joint Statement at 43. Plaintiffs refuse to produce any documents pursuant to this request, despite acknowledging responsive documents exist. As detailed above, Plaintiffs' proffered objections and privileges do not apply here and will not serve as justification for Plaintiffs' refusal to produce responsive documents. Plaintiffs shall make a full and complete production of all responsive documents pursuant to this request.

**RFP No. 14:**

This request seeks documents related to ethical and safety protocols used in connection with Plaintiffs' ceremonies. Plaintiffs' response asserts they have "produced all responsive documents, to the extent of their ability to identify them, given the overbroad formulation of this request." Joint Statement at 45. Plaintiffs' position in the Joint Statement explains Plaintiffs have not withheld any "documents known to be responsive" based on the overbreadth exception. *Id.* But Plaintiffs do not state the construction they applied in answering this request to allow Plaintiff to determine whether the response was adequate, and Plaintiffs do not explain what search they undertook to identify responsive

Case 2:20-cv-02373-ROS Document 293 Filed 03/22/24 Page 12 of 20

EXHIBIT 1

documents. Plaintiffs shall clarify these points in a full and complete response and shall produce all additional responsive documents should any exist.

**RFP No. 15:**

This request seeks documents shared with participants before, during, and after Plaintiffs' ceremonies. Plaintiffs' response states "[i]nterpreting this request as non-redundant of other requests, Plaintiffs have produced all responsive documents." Joint Statement at 46. Plaintiffs do not state the limiting construction they applied to this request as required by RFP Instruction No. 7. *Id.* Plaintiffs shall state with particularity their interpretation of the request "as non-redundant of other requests" to allow Defendants to determine whether Plaintiffs' response is adequate.

**RFP No. 16:**

This request seeks documents related to instances where "aid, support, or assistance" was offered or administered to any person before, during, or after Plaintiffs' ceremonies. Joint Statement at 47. This information is relevant to evaluating potential health and safety risks posed by Plaintiffs' practices. Plaintiffs' response indicates "[r]esponsive documents exist, and a reasonably proportionate sample of such, with personally identifying information redacted, will be produced." *Id.* This is an inadequate response. Plaintiffs do not offer any specific objections to the construction of this request and are not entitled to pick and choose a sample of documents as they see fit. Further, the information provided pursuant to this request must be unredacted and non-anonymized since a protective order is in place. Plaintiffs shall promptly produce all responsive documents without redactions.

**RFP No. 17:**

This request seeks documents related to every specific instance or allegation of misconduct in connection with Plaintiffs' ceremonies. This information is relevant to evaluating Plaintiffs' sincerity and potential risks to health and safety posed by Plaintiffs' practices. Since there is a protective order in place, information provided pursuant to this request must be unredacted and non-anonymized. The Fourth Amendment warrant

requirement no bearing on this case, where Plaintiffs object to discovery in a civil lawsuit Plaintiffs initiated against Defendants. *See, e.g.*, *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."). Plaintiffs shall promptly produce the list of individuals who are disqualified from membership in Plaintiffs' organization without redactions and shall produce any additional documents responsive to this request.

**RFP No. 23:**

This straightforward request seeks documents "that identify, describe, refer to, or contain materials used in the training of ceremony participants." Joint Statement at 50. Plaintiffs' response states "[r]esponsive documents exist, and have been produced previously." *Id.* Plaintiffs' position in the Joint Statements asserts this request is redundant of RFP 15. *Id.* But Plaintiffs have misconstrued this request, which asks for materials used in the training of participants, as redundant of RFP 15, which asks for documents shown to participants before, during, or after ceremonies. There may be substantial overlap between the categories of documents sought by these requests, and it may be true that no additional documents exist. If that is the case, Plaintiffs shall particularly clarify this fact. If additional documents do exist, Plaintiffs shall promptly produce them.

**Interrogatory No. 10:**

This interrogatory seeks the date and location of every ceremony Plaintiffs have held, what substances were involved, who was present, and who handled substances or served in a leadership role during each ceremony. This information is relevant to potential diversion risks posed by Plaintiffs' practices. Plaintiffs' response asserts prior-filed documents "have provided sufficient information concerning this topic that any additional information would be duplicative, redundant and unnecessarily burdensome." Joint Statement at 53. Plaintiffs do not provide specific information for even a single ceremony as the interrogatory requires. Plaintiffs shall provide a full and complete response to this

EXHIBIT 1

interrogatory.

**Interrogatory No. 11:**

This interrogatory seeks information related to Plaintiffs' handling of ayahuasca including when any handling activity occurred, all persons involved, and required steps for persons to be granted permission to handle ayahuasca. Information about sourcing, storage, transportation, and security of ayahuasca is relevant to potential diversion and safety risks posed by Plaintiffs' practices. Plaintiffs' response again asserts prior-filed documents "have provided sufficient information concerning this topic that any additional information would be duplicative, redundant and unnecessarily burdensome" and provides a short explanation that Plaintiffs "adhere to a protocol of sourcing Ayahuasca from ethical providers," which is "acquired by Stanley, stored on the premises under his exclusive control, and utilized exclusively in AYA ceremonies." Joint Statement at 55. Plaintiffs' position in the Joint Statement asserts this information is not "relevant to the issue of religious intent" but ignores the diversion and safety risk analysis. *Id.* This information is plainly relevant, and Plaintiffs shall provide it in a full and complete response to this interrogatory.

**Interrogatory No. 12:**

This interrogatory seeks information about security measures related to Plaintiffs' handling of ayahuasca, including specific information about any physical devices or other security measures identified. This information is relevant to potential diversion and safety risks posed by Plaintiffs' practices. Plaintiffs' response states Plaintiff Stanley is the sole person having custody of ayahuasca and it is secured either "locked in a vehicle, locked in a temporary storage facility, or inside premises under his control." Joint Statement at 57. This response is insufficient. The response does not identify when these security measures were implemented, what devices are used to "lock" the ayahuasca, or how these measures ensure safe handling of ayahuasca. Plaintiffs shall provide this specific information as part of a full and complete response to this interrogatory.

EXHIBIT 1

**RFP No. 18:**

This request seeks documents related to the storage, security, preparation, distribution, procurement, and other handling of ayahuasca. This information is clearly relevant to potential diversion and safety risks posed by Plaintiffs' practices. But Plaintiffs' response simply states "[n]o responsive documents exist," and does not give any indication of the extent of Plaintiffs' search for responsive documents or whether any search was even conducted. Joint Statement at 59. The Court agrees with Defendants' argument that "it is highly improbable that no other responsive documents—whether in the form of emails, text messages, Facebook messages, or invoices, etc.—exist," particularly where Plaintiffs indicated responsive documents exist in response to a similar request (RFP No. 20) and would be required to keep detailed records of this sort if they obtain a DEA registration they seek as relief in this case. *Id.* Plaintiffs' response is wholly unsatisfactory. Plaintiffs shall conduct a reasonable search and promptly produce all responsive documents.

**RFP No. 20:**

This request seeks communications to or from any individuals who have been involved in handling ayahuasca. Plaintiffs' response indicates responsive documents exist but are withheld based on Plaintiffs' previous objections. As discussed at length above, Plaintiffs' asserted privileges and objections are inapplicable here. Neither the First nor Fourth Amendments establish any privilege applicable to the civil discovery sought by Defendants. *See Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, 2022 WL 3597106, at \*3 (D. Ariz. June 17, 2022) (explaining the "First Amendment's Free Exercise Clause and Establishment Clause offer religious organizations wide latitude to structure and govern their organizations in accordance with their own sincerely held beliefs, but the religion clauses do not offer an immunity against civil discovery."); *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."). Further, this request does not create a substantial burden to Plaintiffs under

the RFRA because the documents sought are plainly relevant to potential diversion and safety risks posed by Plaintiffs' practices and Defendants' compelling interest inquiry. Since there is a protective order in place, the information provided pursuant to this request must be unredacted and non-anonymized. Plaintiffs shall promptly produce all documents responsive to this request.

**Interrogatory No. 18:**

This interrogatory seeks the identity of every person involved in drafting five documents attached to Plaintiffs' preliminary injunction motion. Plaintiffs' response states Plaintiff Stanley is the author and "lead editor" for two of the five documents but does not identify anyone else involved in the drafting process for any of the documents. Joint Statement at 64. Since Plaintiffs rely on these documents to establish their prima facie case, they are relevant to Defendants' defenses, the sincerity of Plaintiffs' religious beliefs, and identifying potential witnesses. Plaintiffs' response is insufficient. Plaintiffs shall provide a full and complete response to this interrogatory.

**Interrogatory No. 21:**

This interrogatory seeks the identify of every person involved in the drafting process of any document used at Plaintiffs' ceremonies or trainings or that Plaintiffs "otherwise intend to rely upon to demonstrate" their sincerely held religious beliefs and practices. Joint Statement at 66. This information is relevant to Defendants' defenses, identifying witnesses, and the sincerity of Plaintiffs' beliefs. Plaintiffs' response simply states Plaintiff "Stanley wrote all of the documents that he and AYA will present as evidence of sincerely held religious beliefs and practices." *Id.* This response is incomplete and insufficient. Plaintiffs do not identify any other person who (or claim that no other person) "edited, reviewed, commented on, or otherwise received" these documents as the request calls for. Further, the response addresses only documents Plaintiffs intend to rely on to demonstrate sincerity and ignores that the request seeks this information about documents used at Plaintiffs ceremonies as well. Plaintiffs shall provide a full and complete response to this interrogatory.

**Interrogatory No. 23:**

This interrogatory seeks the identity of every organization of which any of the Plaintiffs is a member or has requested to be a member, including when the membership request was made, the duration of membership, any dues or other value paid to the organization, and individuals at these organizations Plaintiffs have communicated with. This information is relevant to the sincerity of Plaintiffs' beliefs, potential risk of diversion, and identifying potential witnesses. Plaintiffs' response simply indicates "AYA has been a member of the North American Association of Visionary Churches since it was formed in June of 2019, and pays yearly organizational dues of $200." Joint Statement at 68. This response is incomplete. Plaintiffs do not provide any information about Plaintiff Stanley's membership in any organization, any organizations any Plaintiff requested to be in but did not join, or any individuals Plaintiffs have communicated with in connection with any actual or requested membership. Plaintiffs shall provide this information as part of a full and complete response to this interrogatory.

**RFP No. 4:**

This request seeks all documents Plaintiffs "have written, revised, used at [their] ceremonies, or otherwise intended to rely upon to demonstrate" Plaintiffs' sincere religious beliefs. Joint Statement at 70. Plaintiffs' response states they have "produced responsive documents" and "have supplemented that production." *Id.* Defendants argue Plaintiffs have "not produced any documents in a 'revised' format, only final-form documents" and "do not indicate whether they have or intend to produce documents 'used' at ceremonies." *Id.* Plaintiffs' position in the Joint Statement asserts "Plaintiffs have produced many documents they intend to rely upon . . . and will produce more in a timely fashion, supplementing production if and when new documents are discovered." *Id.* Plaintiffs shall promptly produce any additional responsive documents, including draft or revised versions and documents used at ceremonies.

**RFP No. 5:**

This request seeks all documents related to "the process by which" Plaintiffs "ensure

that [they] 'offer Visionary communication only to sincere religious persons with a reverent mindset.'" Joint Statement at 71. This information is relevant to evaluating the sincerity of Plaintiffs' beliefs and potential diversion risks. Plaintiffs' response states "[r]easonably construed, the interrogatory seeks information found in responsive documents that have been produced." *Id.* Plaintiffs do not explain how they "reasonably construed" the request as required. Plaintiffs may not amend or supplement their responses in the Joint Statement. Plaintiffs shall provide a complete and sufficient response and shall promptly produce all responsive documents pursuant to this request.

**RFP No. 6:**

This request seeks all documents, whether draft or final, related to the documents attached to Plaintiffs' motion for preliminary injunction. This information is relevant to evaluating the sincerity of Plaintiffs' beliefs, practices, and core documents. Plaintiffs' response states they "decline to produce responsive documents based on the stated objections." Joint Statement at 73. Plaintiffs' position in the Joint Statement misconstrues the request by stating Plaintiffs have provided "the responsive documents identified." *Id.* But this request not only asks for draft versions of responsive documents, but also all drafts and documents "relating to or referred to" in the referenced documents. Plaintiffs' response is incomplete and insufficient. Plaintiff shall promptly produce all additional responsive documents.

**RFP No. 7:**

This request seeks all documents containing communications with any members of Plaintiffs' organization related to membership, ceremonies, and their tenets and beliefs. This information is relevant to evaluating the sincerity of Plaintiffs' beliefs and potential diversion risks. Plaintiffs' response states some "[r]esponsive documents have been produced" and "[s]ome responsive documents are withheld," but "Plaintiffs may produce additional documents pursuant to an appropriate confidentiality stipulation." Joint Statement at 74. As discussed at length above, Plaintiffs' proffered objections are inapplicable here and will not serve as justification for refusing to produce or respond to

discovery requests. Plaintiffs wrongly argue Defendants must articulate an occasion when Plaintiffs have encouraged illicit, recreational use of ayahuasca or diversion to have their discovery requests adequately responded to. Instead, Defendants are entitled to this discovery to determine whether Plaintiffs' practice pose a diversion risk. This information is relevant and not "grossly disproportionate to the needs of the case." *Id.* Plaintiffs shall promptly produce all documents responsive to this request.

**RFP No. 8:**

This request seeks "all copies of the 'AYA attendee roster.'" Joint Statement at 76. Plaintiffs' response acknowledges a "responsive document exists," but "Plaintiffs decline to produce the same, based on the above objections." *Id.* This information is relevant to identifying potential witnesses and evaluating Plaintiffs' sincerity and whether individuals are joining Plaintiffs' organization under false pretenses. Again, Plaintiffs' proffered objections are inapplicable here. Confidentiality promises made to third parties are not grounds to object to civil discovery, particularly where, as here, a protective order is in place. *See, e.g.*, *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996) ("[O]nly privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)). Neither the First nor Fourth Amendments establish any privilege applicable to the civil discovery sought by Defendants. *See Byzantine Cath. Eparchy of Phoenix v. Burri L. PA*, 2022 WL 3597106, at *3 (D. Ariz. June 17, 2022) (explaining the "First Amendment's Free Exercise Clause and Establishment Clause offer religious organizations wide latitude to structure and govern their organizations in accordance with their own sincerely held beliefs, but the religion clauses do not offer an immunity against civil discovery."); *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."). And the priest-penitent privilege does not apply to protect disclosure of the attendee roster. Plaintiffs shall promptly produce all documents responsive to this request.

EXHIBIT 1

**RFP No. 10:**

This request seeks all "drafts of the survey that was delivered via email" and the email that "delivered the survey to the AYA roster to generate the 'Summary – AYA June 2018 Survey of Congregants' document." Joint Statement at 78. This information is relevant to evaluating the sincerity of Plaintiffs' beliefs and identifying potential witnesses. Plaintiffs' response states "[d]rafts of the survey do not exist," but notes "the email, with the email addresses of recipients redacted, will be produced." *Id.* Plaintiffs have not yet produced that email but claim they will do so "immediately upon discovery." *Id.* Since there is a protective order in place, the information provided pursuant to this request must be unredacted and non-anonymized. Plaintiffs shall search for and promptly produce the referenced email by the deadline set forth at the end of this Order.

\* \* \*

This dispute is another of Plaintiffs' attempts to delay or disrupt discovery. Plaintiffs are on notice that the Court will impose sanctions—including liability for excessive costs and fees, prohibiting Plaintiffs from supporting or opposing designated claims or defenses, and dismissal of the action—for any further obstruction or failure to meet discovery obligations. *See* Fed. R. Civ. P. 11, 26, 37; 28 U.S.C. § 1927.

Accordingly,

**IT IS ORDERED** Plaintiffs shall provide full and complete responses to Defendants' First Sets of Interrogatories and Requests for Production as outlined in this Order no later than **March 8, 2024**.

Dated this 22nd day of February, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge