BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
LISA NEWMAN
Trial Attorney
BONNIE E. DEVANY (TX 24131173)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Fax: (202) 616-8101
E-mail: bonie.e.devany@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick B. Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS** |

Exhibit 3

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of Civil Procedure, Defendants[1] by and through undersigned counsel, propound these requests for production. Defendants request responses within the time and in the manner prescribed by the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions set forth below.

## DEFINITIONS

The following definitions are applicable to all requests unless otherwise noted.

1. The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests anything which might otherwise be construed to be outside their scope.

2. The word "any" shall be construed to include the word "all"; the word "all" shall be construed to include the word "any."

3. The word "each" shall be construed to include the word "every"; the word "every" shall be construed to include the word "each."

4. The word "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure. It includes, without limitation, any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to any notes, memoranda, charges, complaints, claims, minutes from meetings, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, reports, communications, contracts, agreements, telegrams, records, correspondence, diaries, calendars, diagrams, tables, brochures, pamphlets, instruction manuals, charts, logs, medical x-rays, medical images, medical records, medical charts, medical notes, medical test results, recordings and transcriptions of recordings, information retrievable from computers, photographs, or any other writing, however produced, reproduced, recorded, or stored, whether electronic or

---

[1] Defendants include the following named defendants in their respective official capacities: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration; Alejandro Mayorkas, Secretary of the United States Department of Homeland Security; and Troy Miller, Acting Commissioner of United States Customs and Border Protection.

otherwise.  A draft or non-identical copy is a separate document.  "Document" also includes any attachments or enclosures to the document, to the file or container holding the document, and to any writing or printing which might appear on such file or container.

5. The word "person" is defined as any natural person, church, other religious organization, business, firm, partnership, labor union, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, commission, or any other organization or entity.

6. The terms "relate to," "relates to," or "relating to" mean relating to, pertaining to, supporting, discussing, concerning, describing, evidencing, constituting, or otherwise referring to.

7. The word "concerning" means relating to, pertaining to, supporting, discussing, describing, evidencing, constituting, or otherwise referring to.

8. The words "you," "your," and "Plaintiff(s)," should be interpreted as meaning any of the Plaintiffs named in the above-captioned action, including agents, representatives, attorneys, and any other person acting on behalf of each Plaintiff.  "AYA" refers to Plaintiff Arizona Yagé Assembly.

9. The term "Plaintiffs' Fifth Amended Complaint" means Plaintiffs' Fifth Amended Complaint filed in the above-captioned action, Dkt. No. 159, on May 15, 2022.

10. The terms "Defendant" and "Defendants" mean: Merrick Garland, Attorney General of the United States; Anne Milgram, Administrator of the United States Drug Enforcement Administration ("DEA"); Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("DHS"); and Troy Miller, Acting Commissioner of United States Customs and Border Protection ("CBP").

11. The term "communication" means any exchange of information by any means of transmitting, sending, or receiving information of any kind.

12. The term "ayahuasca" means *either or both* the tea made from brewing a mixture of plants that contains the known psychoactive substance N,N-dimethyltryptamine

("DMT"), and β-carboline alkaloids such as harmine, harmaline, or tetrahydroharmine, *and/or* any plants or plant material used in the brewing process.

13. The term "ceremony participant" or "participant" means individuals who participate in AYA ceremonies. The term includes those AYA refers to as "practitioners."[2]

14. The term "ceremony" includes, but is not limited to, any sacred plant medicine ceremony, sweat lodge, or vision quest, whether undertaken, conducted, or completed as an individual or a group, and whether or not ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present.

15. The term "facilitator" means an individual responsible for the care and the safety of ceremony participants. The term has the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[3]

16. The term "lead facilitator" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[4]

17. The term "Minister of the Assembly" is intended to have the same meaning as that ascribed to it by AYA in the document titled "Ceremonial Instructions."[5]

18. The term "sexual misconduct" includes, but is not limited to, sexual abuse; sexual exploitation; sexual harassment; sexual advances; requests for sexual favors; verbal, physical or visual conduct of a sexual nature; or any pattern of behavior that would be perceived as sexual misconduct."

---

[2] *See, e.g.*, Ceremonial Instructions, ECF No. 22-3, ¶ 7 ("Ceremonial Instructions").

[3] *See, e.g.*, Ceremonial Instructions ¶ 3.

[4] *See, e.g.*, Ceremonial Instructions ¶ 6.

[5] *See, e.g.*, Ceremonial Instructions ¶ 3.

# INSTRUCTIONS

1. These document requests seek all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, representatives, and any other person acting for you or on your behalf.

2. If any materials responsive to these requests are no longer in your possession, custody, or control, please identify their last known location, when they were last in your possession, how they were disposed of, and any person who currently has possession, custody, or control.

3. If any documents responsive to any request have been lost, mutilated, or destroyed, please so indicate, state the general nature of each document, including but not limited to the date of preparation and the title, general subject matter, and author, and please provide a brief explanation regarding the circumstances of the loss, mutilation, or destruction.

4. With respect to each document request, if you are able to provide some, but not all, of the documents or things requested, please provide such items as you can, and specifically identify the items that you cannot or will not produce.

5. If you assert a claim of privilege in objecting to any document request, or to any part thereof, please describe the basis of such privilege.

6. No part of a document request should be left unanswered merely because an objection is interposed to another part of the document request.

7. If, in responding to these document requests, you encounter what you deem to be an ambiguity when construing any document request, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in responding.

8. Federal Rule of Civil Procedure 34(b)(2)(C) provides: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

9. These document requests shall be deemed continuing in nature so as to require supplemental responses or document production as required by Rule 26(e) of the Federal Rules of Civil Procedure.

10. Please produce electronically stored information ("ESI") in accordance with the ESI protocol in place at the time of production. For any production that occurs when no ESI protocol is in place, please produce ESI as load-ready data, including Tagged Image File Format (TIFF) documents, text files, load files (OPT, DAT, LSI); please include all available metadata in the load files for each document you produce; and please produce scans of any hardcopy materials as load-ready data, and supply a file identifying the custodian from whom each hard-copy document was collected.

**REQUESTS FOR PRODUCTION**

1. Produce any and all documents that you contend are relevant to any of the allegations or claims in Plaintiffs' Fifth Amended Complaint.

2. Produce any and all documents identified, listed, and/or referenced in your Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1).

3. Produce any and all communications regarding ayahuasca use with any person identified in your Initial Disclosures.

4. Produce any and all documents that you have written, revised, used at your ceremonies, or otherwise intend to rely upon to demonstrate the existence of what you allege is your "sincere" "religious . . . belief[s]."[6]

5. Produce any and all documents that relate to the process by which you ensure that you "offer Visionary communion only to sincere religious persons with a reverent mindset."[7]

6. Produce any and all documents, whether in draft or final form, regarding, relating to, or referred to in the documents attached to your original motion for a preliminary injunction in this case, Dkt. No. 33: "AYA Tenets and Precepts"[8]; "Ceremonial Instructions"[9]; "Code of Ethics"[10]; the questionnaire filed in this case as Dkt. No. 33-6; and the confirmation letter filed in this case as Dkt. No. 33-7.

7. Produce any and all documents that contain communications with any and all individuals who are members of AYA relating to membership in AYA, your ceremonies, and your tenets and beliefs.

---

[6] *See* Fifth Am. Compl., Dkt. No. 159, ¶ 101(e).

[7] *See* Fifth Am. Compl., Dkt. No. 159, ¶ 78.

[8] *See* AYA Tenets & Precepts, Dkt. No. 33-3 ("AYA Tenets & Precepts").

[9] *See* Ceremonial Instructions.

[10] *See* Code of Ethics.

8. Produce any and all copies of the "AYA attendee roster."[11]

9. Produce any and all survey responses used to generate the "Summary – AYA June 2018 Survey of Congregants" document filed in this case as Dkt. No. 33-8.

10. Produce and all drafts of the survey that was delivered via email and the email in which delivered the survey to the AYA roster to generate the "Summary – AYA June 2018 Survey of Congregants" document filed in this case as Dkt. No. 33-8.

11. Produce any and all documents that contain communications with any and all individuals who have facilitated, participated in, requested to participate in, or attended one or more of your ceremonies.  This request includes, but is not limited to, any and all communications sent to or from prospective or actual ceremony participants, including copies of the questionnaire filed in this case as Dkt. No. 33-6 in any state of completion as well as any communications with prospective or actual participants regarding ceremony logistics (time, place, etc.), ceremony eligibility (questions from prospective participants about eligibility, explanations from you about eligibility to participate, etc.), and other ceremony- or ayahuasca-related inquiries.

12. Produce any and all documents regarding or relating to your ceremonies, including those in which ayahuasca is brewed, distributed, consumed, destroyed/disposed of, or otherwise present.  This request includes, but is not limited to, any and all documents regarding or relating to the location, time, set and setting, duration, frequency, format, cost, payment, advertising, and attendance of your ceremonies, as well as post-ceremonial integration.

13. Produce any and all documents regarding or relating to each and every instance in which you have received anything of value, including payment, donations, or in-kind contributions, from ceremony participants or those requesting to participate in one of your ceremonies.

---

[11] *See* Dkt. No. 33-8 at 1 n.1.

7

14. Produce any and all documents regarding or relating to ethical and safety protocols and procedures you use in connection with your ayahuasca ceremonies, including, but not limited to, protocols and procedures used to screen participants, advise participants regarding required and recommended pre-ceremony preparations, aid participants during and after ceremonies, train individuals serving as facilitators, respond to medical emergencies or psychological care needs, prevent or respond to misconduct, and otherwise ensure the safety of those participating in your ceremonies.

15. Produce any and all documents provided to, shown to, or shared with participants prior to, during, and after your ceremonies, including any guidance provided to participants prior to, during, and after any ceremony.

16. Produce any and all documents regarding or relating to any instance in which aid, support, or assistance, whether medical, psychological, or otherwise, was offered, administered, or provided to any person prior to, during, or after a ceremony, including any instance in which any person was not permitted to continue with a ceremony.

17. Produce any and all documents regarding or relating to any instance in which misconduct of any kind (including, but not limited to, sexual misconduct, battery, assault, fraud, use of controlled substances other than ayahuasca, "misuse[] [of] the Sacrament,"[12] "a breach of ethics,"[13] or any instances in which any person "conducted themselves improperly during [a] ceremony[14]) occurred or was alleged to have occurred prior to, during, or after a ceremony.

18. Produce any and all documents regarding or relating to the storage, preparation, security, distribution, dispensing, obtaining, importing, exporting, destroying/disposing, or otherwise handling of ayahuasca, including, but not limited to, security measures you have adopted relating to your handling of ayahuasca, including those referred to in the document

---

[12] *See* Ceremonial Instructions ¶ 29.

[13] *See* Code of Ethics, Dkt. No. 3305, at 2 ("Code of Ethics").

[14] *See* Ceremonial Instructions ¶ 29.

8

titled "Ceremonial Instructions"[15]; measurements of ayahuasca, including before and after transportation[16]; and measurements taken after ceremonies when you "account[] for" any unconsumed portions.[17]

19.  Produce any and all documents and communications regarding or relating to any instance of actual, attempted, or suspected unauthorized access to ayahuasca in your possession.

20.  Produce any and all communications to or from any and all individuals who have been involved in the storage, preparation, security, distribution, dispensing, obtaining, importing, exporting, destroying/disposing, transporting, transferring to another person, or otherwise handling of ayahuasca.

21.  Produce any and all documents that identify, describe, refer to, or contain communications to or from any and all individuals from whom you seek guidance or consultation, whether or not within your organization, including, but not limited to, the "honored educators" and "peers" from which you seek, and with whom you share, "knowledge and feedback," as well as and any association of psychedelic churches.[18]

22.  Produce any and all documents that identify, describe, refer to, or contain materials used in the training of individuals who hold a leadership role or position of authority within your organization.

23.  Produce any and all documents that identify, describe, refer to, or contain materials used in the training of ceremony participants.

---

[15] *See* Ceremonial Instructions ¶ 3 ("All quantities of the Sacrament, however small the amount, shall be kept in a secure location.").

[16] *See* Ceremonial Instructions ¶ 3 ("The quantities of the Sacrament are measured by volume, and each member entrusted with a duty of transporting the Sacrament is responsible for delivering all of the Sacrament with which they are entrusted to the ceremonial location.").

[17] *See* Ceremonial Instructions ¶ 27.

[18] *See* Code of Ethics at 2.

9

24. Produce any and all communications with medical or other trained professionals involved in drafting the document filed in this case as Dkt. No. 33-7.

25. Produce any and all documents which refer, reflect, relate to, or support your answers to any interrogatory, or from which you obtained or confirmed information used in answering any interrogatory in this action.

| | |
|---|---|
| Dated: September 1, 2023 | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>BRIGHAM J. BOWEN<br>Assistant Branch Director<br><br>LISA NEWMAN<br>Trial Attorney<br><br>*/s/ Bonnie E. Devany*<br>BONNIE E. DEVANY<br>Trial Attorney<br>Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 616-8101<br>bonnie.e.devany@usdoj.gov<br><br>*Counsel for Defendants* |

11

# CERTIFICATE OF SERVICE

I hereby certify that, on September 1, 2023, I caused a copy of the foregoing to be served via e-mail on counsel of record for Plaintiffs.

/s/ *Bonnie E. Devany*
Bonnie E. Devany
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice