# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Having been invited to file an answer to the petition for a writ of mandamus, the District Court offers what follows.

\* \* \*

The fundamental element for the issuance of a writ of mandamus is the district court must have failed to fulfill a duty the court was obligated to do by law. That element is missing here.

This Court never, by order or otherwise, precluded A First Amendment associational argument by Plaintiffs. At no time before Plaintiffs filed the petition for a writ of mandamus was such an argument made. In particular, in the Joint Statement (Doc. 219) that preceded the Discovery Order (Doc. 220) from which Plaintiffs seek relief, Plaintiffs never raised the specific issue raised in their petition for a writ of mandamus. Plaintiffs' discovery dispute statement simply asserted that "Defendants' inquiries and demands are also constrained by the First Amendment," (Doc. 219 at 6), citing *Surinach v. Pesquera De Busquets*—a First Circuit case concerning an investigatory subpoena seeking

information on a church's financial practices where there was a possibility the church's financial decision-making would be "supplanted by governmental control," 604 F.2d 73, 78 (1st Cir. 1979). And in the discovery dispute statement, Plaintiffs' position specifically addressed the application of the First Amendment Religion Clauses, again citing only to *Surinach* asserting "government agencies" using "compulsory process to discover the finances of churches violates the Establishment Clause." (Doc. 219 at 83–84).

Significantly, Plaintiffs made no reference to *Perry v. Schwarzenegger*, which is the bedrock for the petition for a writ of mandamus, nor did Plaintiffs raise a specific constitutional right to association in the civil discovery context. Further, aside from their general objection under *Surinach*, Plaintiffs did not make any First Amendment objection or argument in their responses to any of the identified interrogatories[1] or on two of their identified requests for production[2]. In other words, Plaintiffs did not invoke *Perry v. Schwarzenegger* in responding to discovery requests. Not did Plaintiffs invoke *Perry* in the joint discovery dispute statement. Discovery cannot operate efficiently if one party holds arguments, waiting for the time it believes appropriate to make them.

And neither party ever identified *Perry v. Schwarzenegger* as controlling or even applicable in the Joint Statement. This failure by Plaintiffs could be viewed as an admission Plaintiffs believed *Perry* was not relevant to the discovery dispute then before the District Court. Of importance, had Plaintiffs cited this case, Defendants would have provided argument and, if merited, the Court would have applied the balancing test required by *Perry* to evaluate the disputed discovery requests. And the Court would have entertained reasonable narrowing of these requests had Plaintiffs proposed any. But they did not. Plaintiffs were adamant they were not willing to produce any additional information.[3] Thus, this petition is rather the latest effort by Plaintiffs to resist discovery

---

[1] *See* Doc. 219 at 15 (Interrogatory 16); 22–23 (Interrogatory 4); 54 (Interrogatory 10); 56 (Interrogatory 11); 65 (Interrogatory 18); 66–67 (Interrogatory 21); 68–69 (Interrogatory 23).

[2] *See* Doc. 219 at 17 (RFP 21); 41–42 (RFP 12).

[3] Counsel for Plaintiffs, after filing the writ of mandamus and obtaining a stay, filed a motion to intervene (Doc. 232) on behalf of the very members and congregants whose First Amendment association rights Plaintiffs now seek to assert. There is no explanation why intervention was necessary or would be helpful to their First Amendment association right.

obligations.

Finally, Plaintiffs' first attempt to raise associational rights of its members was in a motion to stay (Doc. 222) filed with the Court before Plaintiffs filed their petition for a writ of mandamus.  Recognizing the motion may present a legitimate legal issue requiring timely resolution, the Court ordered expedited briefing on Plaintiff's motion to stay (Doc. 224).  Instead of waiting for the motion to stay to be fully briefed and resolved by this Court, Plaintiffs elected to seek a writ of mandamus in the Ninth Circuit (Doc. 230).

Accordingly,

**IT IS ORDERED** the Clerk of Court shall forward a copy of this order to the Court of Appeals for the Ninth Circuit, referencing Case Number 24-1405.

Dated this 10th day of April, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge