BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

LISA NEWMAN
BONNIE E. DEVANY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

Arizona Yagé Assembly; Winfield Scott
Stanley III, in his capacity as Founder and
Director of Arizona Yagé Assembly,

        Plaintiffs,

    v.

Merrick Garland, Attorney General of the
United States, *et al.*,

        Defendants.

No. 2:20-cv-2373-ROS

**DEFENDANTS'
CONSOLIDATED REQUEST FOR
(1) A STATUS CONFERENCE
AND (2) EXTENSION OF TIME
TO RESPOND TO MOTION TO
INTERVENE [DKT. 232]**

**DEFENDANTS' CONSOLIDATED REQUEST FOR A STATUS CONFERENCE AND MOTION FOR AN EXTENSION OF TIME**

On March 19, 2024, this Court stayed this case "in its entirety until the Ninth Circuit issues a dispositive order in the appellate action *In Re: Arizona Yage Assembly*, Case No. 24-01405." Dkt. 240.  As Defendants set forth in their concurrently filed Notice of Dispositive Order in Appellate Action, Dkt. 244, the Ninth Circuit issued a dispositive order in Plaintiffs' mandamus action on September 13, 2024.  Because this Court's stay was tied to the issuance of a now-issued dispositive order, Defendants respectfully submit that the stay has been lifted by operation of its own terms and concomitantly request that this Court set a status conference to determine how this case should proceed.  In addition, Defendants request an extension of the deadline to respond to a pending Motion to Intervene, the date of which deadline is uncertain, given the intervening stay.

There are a number of outstanding issues in this case that were pending when Plaintiffs filed a petition for a writ of mandamus that now call for resolution given the Ninth Circuit's denial of the writ of mandamus.

**Compliance with the Court's Discovery Orders.**  First, as Defendants detailed at length in the joint statement, and as laid out in the Court's order compelling Plaintiffs' responses to Defendants' First Set of Discovery Requests, Dkts. 219-220, Plaintiffs did not substantially complete written fact discovery by the Court's substantial-completion deadline of March 8, 2024.  As required by this Court's Order compelling responses to Defendants First Set of Discovery Requests, Dkt. 220, "Plaintiffs shall provide full and complete responses and productions to Defendants' requests.  Where Plaintiffs claim they have already produced documents or that no responsive documents exist, Plaintiffs must verify their answers under penalty of perjury."  Dkt. 220 at 1-2.  Compliance with this Order was initially required on or before the March 8 substantial completion deadline, the date on which Plaintiffs filed an extension motion seeking additional time; the Court granted a one-week extension, until March 15 to comply with the Court's Order.  Plaintiffs did not comply and instead sought mandamus relief from the Ninth Circuit on March 11.  Dkt. 230.  In light of this filing, Defendants did not press the issue of noncompliance and instead agreed to a stay, which the

1  Court granted on March 20.  Dkt. 240.  Now that the stay has expired, Plaintiffs are obligated
2  to comply with the Court's Order and respond to the outstanding interrogatories; produce
3  documents to outstanding RFPs, including emails and other communications; and where no
4  responsive documents exist, verify such answers.  Plaintiffs have signaled an intent to file a
5  petition for a writ of certiorari and seek an additional stay on of this case on that basis.
6  However, Defendants do not believe that Plaintiffs can justify an additional extension of the
7  stay in order to file a petition for writ of certiorari, which would further delay Plaintiffs'
8  compliance with this Court's orders.

9      **Pending Discovery Dispute (Dkt. 225).**  Second, before Plaintiffs filed their
10  mandamus petition, Defendants filed a statement regarding the deficiencies in Plaintiffs'
11  responses to Defendants' Second Set of Interrogatories served on December 20, 2023.  Dkt.
12  225. As noted in that statement, Plaintiffs did not provide their position.  *Id.*  Plaintiffs filed a
13  motion seeking additional time, and although the Court noted that this extension request was
14  "yet another of Plaintiffs' attempt to delay and obstruct the discovery process in this case they
15  initiated" the Court stated that "[i]f Plaintiffs wish to respond to the issues presented in
16  Defendants' Statement (Doc. 229), they shall do so through the joint statement procedure no
17  later than March 19, 2024."  Dkt. 234.  Now that the stay has expired, Plaintiffs must either
18  respond to the disputes raised in Defendants' statement or fully respond to Defendants
19  Second Set of Interrogatories.  As noted, this response was initially due the day the parties
20  stipulated to seeking a stay, and clarification regarding this deadline would benefit the parties
21  going forward.

22      **Interrogatories.** Third, upon expiration of the stay Defendants expect that Plaintiffs
23  will also fully respond to Defendants Third Set of Interrogatories Served on February 20, 2024.
24  Had the stay not been entered, these responses otherwise would have been due on March 21,
25  2024, shortly after the stay was entered.  Clarification regarding this deadline likewise would
26  benefit the parties going forward.

27      **Motion to Intervene.**  Fourth, on March 12, 2024, Prospective Intervenor Plaintiffs
28  who are described as "members of the congregation of the Arizona Yage Assembly Visionary

3

Church"—individuals who otherwise are represented by the Church as an associational plaintiff already—filed a Motion to Intervene.  Dkt. 232.  The responsive deadline to file an opposition is unclear given the 8-day lapse of time between when the motion was filed on March 12 and the Court stayed the case on March 20.  Undersigned counsel was on unexpected bereavement leave when the Ninth Circuit issued its September 13, 2024 order on the mandamus action.  Out of an abundance of caution, Defendants now seek an extension of time to file their opposition by October 4, 2024 (unless the Court wishes to set an omnibus schedule for the parties' outstanding responses).[1]

**Preservation.**  Finally, as Defendants raised in a July 2, 2024, letter to Plaintiffs in anticipation of the expiration of the stay, Defendants raised a concern that Plaintiffs have not made reasonable and timely efforts to assure that the relevant documents in this case have been preserved.  *See* Order, Dkt. 240 (requiring preservation of documents during the pendency of the stay); *see also, e.g.*, Dkt. 227 at 3 ("information demanded by the Discovery Order needs to be accessed with the collaboration of AYA members, and despite earnest efforts, the church has not yet been able to reach an actionable consensus on this matter"); Dkt. 227-1 at 2. ("Since the Court issued the Discovery Order, I have been engaged in a series of meetings with AYA personnel and legal counsel, and attempting to obtain the collaboration of church members to comply with the Order.").  Defendants asked a set of questions about Plaintiffs' efforts to preserve documents and prevent spoliation of evidence.  Plaintiffs did not respond to these questions but stated that counsel "look[ed] forward to speaking with you when matters resume in the District Court."  Defendants have received scant indication that Plaintiffs have undertaken these obligations at all, and, if so, how and to what extent they have done so.  Defendants hope to raise this issue—which bears on a range of other discovery issues, including those mentioned above—at the requested status conference.

Given the number of outstanding discovery issues pending upon expiration of the stay

---

[1] As Defendants previously raised to Plaintiffs, Defendants are amenable to a similar extension of Plaintiffs' time to file their outstanding responses, should Plaintiffs choose to seek one.

and the unique posture of this case at this moment, as well as questions about to what extent Plaintiffs are prepared to or willing to conduct discovery, Defendants make two requests via this motion.  **First**, Defendants respectfully submit that a status conference will be the best and most efficient method to resolve these overlapping issues and advance this litigation and request that the Court schedule such a conference.  **Second**, Defendants request that the Court extend their deadline to respond to the pending Motion to Intervene, Dkt. 231, to October 4, 2024.

Defendants conferred with Plaintiffs who indicated that "Plaintiffs will not oppose a three week extension for defendants to file opposition, with a complementary two week time period for Plaintiffs to file their reply."  Additionally, Plaintiffs' counsel indicated that he will be out of the office on vacation until September 23.

Dated: September 19, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Lisa Newman*
Lisa Newman
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**Certification.**

Counsel for Defendants hereby certify that they have attempted to resolve the instant matter through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order. Defendants emailed Plaintiffs' counsel on the afternoon of September 19, 2024, the following "The Ninth Circuit issued its order denying your motion to stay the mandate on Sept. 13, which we believe is a dispositive order in the appellate action under the Court's language staying this case. Unfortunately, I was on bereavement leave when the order was issued, and I am just surfacing and I realized that our opposition to the motion to intervene that you filed back in March is likely due today. This evening, I will be filing a motion seeking an extension of our time to respond to the motion to intervene until September 27, 2024 and in that motion will request a status conference now that the stay has expired. With sincere apologies for the tight turnaround, could you let me know me know whether you are opposed to this request for relief by **6:30 PM ET**? If I do not hear from you by that time, I will note that I was not able to obtain your position at the time of filing (and will of course note the late hour at which I requested your position). I will simultaneously be filing a notice alerting the Court of the order." Undersigned received an out-of-office message from Plaintiffs' counsel stating that counsel would be out on vacation until September 23, 2024. Undersigned then received an email from another counsel, Melissa Dean, who stated the following: "My name is Melissa Dean and I anticipate officially coming on to the case as soon as my ad hoc application is approved. Attorney Carreon is on vacation until Monday and has forwarded all emails pertaining to this matter to me. I will try to reach him and get an answer for you on this today. Would you please consider holding off on taking any action until I can get an answer for you?" Undersigned relayed the following message: "Thanks for your message. Given that we believe our deadline to respond to the motion to intervene is likely today, I will need to get the motion on file today by COB in Arizona. However, I can hold off on filing until 7 PM ET. If I don't hear back from you by then, I will note that I was not able to obtain Plaintiffs' position by the time of filing." Plaintiffs initially suggested jointly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

stipulating to extend the stay to allow Plaintiffs time to file a petition for certiorari, which Defendants declined to do.  Plaintiffs accordingly indicated that their position is as follows: "Plaintiffs will not oppose a three week extension for defendants to file opposition, with a complementary two week time period for Plaintiffs to file their reply."