BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

JULIE STRAUS HARRIS
Assistant Branch Director

LISA NEWMAN
BONNIE E. DEVANY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
Email: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, | No. 2:20-cv-2373-ROS |
| Plaintiffs, | **DEFENDANTS' STATEMENT ON DEFENDANTS' OBJECTION TO PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE OF DEA** |
| v. | |
| Merrick Garland, Attorney General of the United States, *et al.*, | |
| Defendants. | |

Defendants respectfully provide the following statement regarding a dispute over Plaintiffs' 30(b)(6) Notice of Deposition of DEA Pursuant to Rule 30(b)(6) on January 14, 2025, Dkt. No. 260 (the Notice). Although Plaintiffs indicated that they are willing to consider different dates for this deposition, it is Defendants' position that (1) depositions cannot take place until Plaintiffs have substantially completed written fact discovery (which has not happened), and (2) the topics included in the notice are improper. Accordingly, Defendants request that this Court quash or strike the Notice.

As detailed in the certificate of conference below, Plaintiffs indicated that they would not provide their position for this statement for filing today. Nevertheless, Defendants are submitting this statement in abundance of caution to preserve their right to move to quash the Notice or any related subpoena. Because Plaintiffs did not issue a subpoena, it is not clear what the deadline for a motion to quash to Notice or subpoena would be. However, should the Notice be construed as a subpoena, the deadline for filing a motion to quash the subpoena would be January 2, 2025. *See* Fed. R. Civ. P. 45(d0(2)(B). Defendants circulated a draft Joint Statement regarding this dispute for Plaintiffs' review on the morning of January 2, 2025, the next working day after Plaintiffs first responded to Defendants' efforts to confer on the Notice. Moreover, the parties were not able to agree to a stipulation to extend Defendants' deadline. While Plaintiffs' position remains blank below, Defendants do not object to Plaintiffs filing their position within the time allotted by the Court-ordered timeline of 5 days.

**Defendants' Statement:**

On December 19, 2024, Plaintiffs served notice of a 30(b)(6) deposition on DEA. DEA moves to quash or strike the notice, on several grounds. *First*, the notice, which identifies 92 "matters for examination," is facially overbroad and seeks privileged information—for example, by asking DEA to testify to how it intends to "use" Plaintiffs' discovery responses "in this litigation," *e.g.*, Dkt 260 at 9-15 (Topics 6, 7, 10, 11, 13)—and accordingly, DEA seeks to move to quash the notice under Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). *Second*, service via email without agreement is improper. The parties agreed to electronic service for document production;

Plaintiffs never asked Defendants for similar agreement as to deposition notices. *Third*, the notice contravenes the parties' agreement to propose in tomorrow's Proposed Rule 16 Order that deposition fact discovery not begin before March 28, 2025, at the earliest. Moreover, it would be impractical and inefficient to begin depositions prior to the substantial completion of written fact discovery, Dkt. 195 at 1 E-F, which Plaintiffs admit that they have not achieved. Dkt. 261. Defendants timely objected to the notice on December 23 and again during a conference on December 31, and requested that Plaintiffs withdraw it but Plaintiffs refused.

**Plaintiffs' Statement**

Dated: January 2, 2025         Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

*Lisa Newman*
Lisa Newman
Bonnie E. Devany
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 514-5578
E-mail: lisa.n.newman@usdoj.gov

*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Certification.**

Counsel for Defendants hereby certify that they have attempted to resolve the instant dispute through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order. On December 9, 2024, Defendants' counsel informed Plaintiffs' counsel via email that Defendants would largely be out of the office over the holidays between December 20, 2024 and January 3, 2025. On December 19, 2024 at 8:44 PM ET Plaintiffs' counsel emailed to Defendants' counsel "Plaintiff's Notice of Deposition of Defendant DEA Pursuant to F.R.Civ.P 30(b)(6)." Plaintiffs also filed the 30(b)(6) Notice on the docket on December 19, 2024. Dkt. No. 260. On December 23, 2024, Defendants' counsel responded to Plaintiffs' counsel via email, briefly outlining Defendants' objections to the Notice, and by noting that under previous agreement that deposition fact discovery could not begin until substantial completion of fact discovery, which Plaintiffs have conceded has not yet occurred. Dkt. 261. Defendants' counsel also stated that Plaintiffs had not conferred regarding the notice, and requested Plaintiffs withdraw the notice to allow the parties to confer. On December 30, 2024, by which date Plaintiffs' counsel had still not responded to Defendants' counsel's December 23, 2024 email, Defendants' counsel sent a follow-up email, asking whether Plaintiffs would withdraw the notice and requesting a response no later than December 31, 2024, stating that otherwise Defendants would need to file a Joint Statement by Thursday, January 2, 2025 on this issue. On December 31, 2024, the parties conferred via phone. Defendants' counsel again reiterated that they needed an answer from Plaintiffs regarding the requested withdrawal of the Notice to allow them to timely file a statement on the Notice. During that phone conference and later that evening, Plaintiffs' counsel informed Defendants that she did not yet have an answer and would promptly update counsel when she received one. On January 1, 2025, at 8:31 PM ET, Plaintiffs' counsel informed Defendants that "withdrawing the notice would not be appropriate at this time considering the relevant issues pertaining to Exacting Scrutiny that are yet to be adjudicated." As an alternative, Plaintiffs' counsel circulated a draft joint stipulation that would hold the deposition in abeyance until the Court resolved this dispute. On January 2, 2025, at 11:05 AM ET, Defendants circulated a single paragraph draft joint statement outlining the dispute,

apologized for the tight turnaround given the circumstances, and asked for Plaintiffs' position by 6 PM ET.  At 3:01 PM ET, Defendants' counsel received a voicemail from Plaintiffs' counsel followed by an email at 4:13 PM ET indicating that "I am unable to provide Plaintiffs' position today, as I do not have authority to waive the court-ordered review period from five days to one."  As a compromise and in order to allow Plaintiffs additional time to provide their position for the joint statement, at 4:38 PM ET, Defendants sent to Plaintiffs' counsel a version of the draft stipulation Plaintiffs' counsel circulated on the evening of January 1 revised to include reasonable edits for clarity.  At 5:25 PM ET, Plaintiffs' counsel indicated via email to Defendants' counsel that "I do not have authority to enter a joint stipulation other than what Plaintiffs' previously tendered."  At 8:01 PM ET, Defendants informed Plaintiffs that they would file the joint statement without Plaintiffs' position, indicating the parties' attempts at conferral, and would not object to Plaintiffs filing a response within the Court timeline to respond to joint statements.