BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

JULIE STRAUS HARRIS
Assistant Branch Director

BONNIE DEVANY (TX 24131173)
LISA NEWMAN (TX 24107878)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
E-mail: bonnie.e.devany@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>v.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**DEFENDANTS' STATEMENT ON DISPUTES REGARDING PROPOSED PROVISIONS OF RULE 16 SCHEDULING ORDER** |

Defendants submit the following statement with respect to the parties' disputes regarding the parties' proposed provisions of the Proposed Amended Rule 16 Scheduling Order, which this Court ordered to be filed no later than January 3, 2025. Dkt. 258. Defendants' proposed Amended Rule 16 Scheduling Order ("Defs.' Proposed Order") is attached as Exhibit A. Plaintiffs' proposed Amended Rule 16 Scheduling Order ("Pls.' Proposed Order") is attached as Exhibit B. As detailed in the conferral certification below, the parties have conferred extensively over these issues. While the parties were able to come

to an agreement on many provisions, the parties were not able to reach an agreement on several key provisions, discussed below. Defendants have attempted to obtain Plaintiffs' position on the below disputed provisions. Ultimately, Plaintiffs articulated that they were not able to provide their positions by the Court's January 3 deadline. Because this Court has cautioned the parties against further delaying litigation, *see, e.g.*, Dkt. No. 258 at 4; Dkt. No. 220 at 20, Defendants are filing their statement unilaterally, and the portion of the statement for Plaintiffs' position has been left blank, with the exception of Issue 1, which Plaintiffs previously provided to Defendants. Plaintiffs have indicated they will seek an extension regarding the proposed Amended Rule 16 Scheduling Order, for which Defendants take no position.

**Defendants' General Position Statement**

Defendants request that the Court enter Defendants' Proposed Order, which largely mirrors the previous two scheduling orders that the parties agreed upon, and which this Court entered. Dkt. 195, Dkt. 207, while accommodating Plaintiffs' proposal by allotting additional time for certain deadlines. *See* Ex. A, Sections D-F, K, R. Pursuant to Defendants' proposal: *first*, the parties would resolve any outstanding deficiencies with Plaintiffs' discovery responses; *second*, Plaintiffs would disclose their privilege log; *third*, the Court would resolve the associational privilege issue; and *finally*, the parties would proceed to depositions of fact witnesses. In contrast, Plaintiffs propose to re-open written fact discovery after the substantial completion deadline by suggesting for the first time a "phased discovery plan," including an additional five months of written discovery into "core" RFRA matters. Defendants disagree with several of Plaintiffs specific proposals, as detailed below, including this eleventh hour, belated "phased" discovery plan. *See* Ex. B at Sections I-R. This Court has repeatedly warned that no further extensions will be granted absent extraordinary circumstances, *see* Dkt. 218 at 1; Dkt. 234 at 2; Dkt. 258 at 4, and Plaintiffs invoke none.

**Plaintiffs' General Position Statement**

**Issue 1: Whether non-expert discovery has expired in this litigation**

**Plaintiffs' Position**:  Defendants and Plaintiffs do not agree as to whether the time for non-expert discovery has expired in this litigation. Plaintiffs position is that discovery is ongoing while Defendants contend that non-expert discovery is closed.   Pursuant to the Case Management Order, "All fact discovery…shall be completed by June 27, 2024." Dkt. 207, 2:6-7. On March 20, 2024, this case was stayed in its entirety. Dkt. 240, 1:17-18. The amount of time between the date of the stay and the original deadline for non-expert discovery to close is approximately 100 days. On September 25, 2024, this court lifted the stay. Dkt. 247. Plaintiffs position is pursuant to the deadlines of Dkt. 207, that the last date for non-expert discovery is January 3, 2024 – 100 days from the date the stay was lifted. Order Dkt. 258 clearly contemplates that discovery will continue "due to the important constitutional rights at stake." Dkt. 258, 11:3. Plaintiffs filed a deposition notice pursuant to Rule 30(b)(6), to take the deposition of a DEA representative and obtain information relevant to the Exacting Scrutiny issues in dispute. Dkt. 260. If non-expert discovery is closed, the opportunity to take depositions and address the parties' outstanding discovery responses will be waived.

**Defendants' Position Statement**:

Contrary to Plaintiffs' statement, Defendants' position is *not* that the period for "non-expert discovery is expired," but rather that the deadline for substantial completion of written fact discovery was March 8, 2024. June 27, 2024 was the deadline for close of fact discovery. The substantial completion deadline was intended to "allow[ ] parties to take depositions at a defined time with the assurance that substantially all document discovery has been completed." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 2979575, at *4 (S.D. Cal. June 8, 2018). Plaintiffs admit they have not met the substantial completion deadline. Dkt. 261. However, they contend that the Court's order on associational privilege allows them to issue new written discovery; Defendants disagree.  *See* Dkt. 258.  However, the time to take fact depositions has not expired: the prior schedule included a period following substantial completion resolution of disputes regarding written discovery responses before fact discovery

closed and depositions began; each party's proposed Rule 16 order similarly includes a March 28, 2025 date to begin depositions of fact witnesses.  After that date, the parties may confer on and notice depositions (if Plaintiffs have substantially completed discovery).

**Issue 2: Definition of Substantial Completion of Written Fact Discovery (Section A in Defendants' Proposed Order).**

**Defendants' position**

Plaintiffs' proposed order makes clear that they intend to propound additional written discovery on "core" RFRA matters through November 14, 2025. Defendants submit that Plaintiffs were required to propound any written discovery prior to the substantial completion deadline. As Defendants made clear to Plaintiffs leading up to the March 8 deadline, the vast majority of written discovery requests should have been served and responded to—and any joint statements regarding deficiencies in those requests should have been submitted—prior to the substantial completion deadline to allow the Court sufficient time to adjudicate such disputes before the parties proceeded to depositions. *See, e.g.*, Dkt. 213 at 6-7. The parties did not previously specifically define "substantial completion," but no reasonable definition of that term would exclude written discovery requests about RFRA elements that Plaintiffs deem to be "core." Defendants timely complied with their obligations to propound and substantially complete written discovery in all areas needed to "fairly contest Plaintiffs' RFRA claims." Dkt. 213 at 6.  Accordingly, Defendants now propose a definition of substantial completion in Section A of their Proposed Order.

**Plaintiffs' position**

**Issue 3: Compliance with FRCP 34(b)(2)(E)(i) (Section C in Plaintiffs' Proposed Order)**

**Defendants' position**

Plaintiffs propose that Defendants shall "substantially with FRCP 34(b)(2)(E)(i)," including providing specific information regarding Defendants' discovery responses "so Plaintiff can understand their context." Defendants have complied with FRCP 34(b)(2)(E)(i). Defendants previously proposed producing responsive documents in standard TIFF format, which maintains the metadata allowing the receiving party to ascertain the sort of information Plaintiffs now seek. Plaintiffs' counsel insisted that Defendants produce documents in PDF format, which strips such data. The parties stipulated to such format for Defendants' productions, and Defendants complied. Plaintiffs cannot now demand information contrary to their stipulation, and Section C should not be included. Further, Plaintiffs' Section C highlights the current inequity plaguing discovery in this case, prejudicing Defendants. Plaintiffs have had more than a year since Defendants first began producing responsive documents in December 2023 to review those documents to prepare for litigation. Plaintiffs now demand information they previously eschewed while delaying and denying Defendants access to the information needed to fairly contest Plaintiffs' RFRA claim. *See* Dkt. 213 at 6.

**Plaintiffs' position**

**Issue #4: Dispute over Joint Statement Process (Sections Plaintiffs' Proposed Order F-G)**

**Defendants' position**

Plaintiffs' proposal in Sections F and G as to the form and timing of joint statements, and the filing of motions to compel, contravenes this Court's previous orders on joint statements in which this Court stated that "responses and positions to joint statements of discovery disputes shall be provided within five days of receipt of the joint statement" and that "no motions are to be filed." Dkt. 218 at 1. This Court reiterated its position that "the Court's method and means of resolving discovery disputes remains applicable, and no motions are to be filed without the Court's approval." Dkt. 234 at 2. Defendants submit that Plaintiffs offer no compelling reason to relitigate this issue, given the Court's previous clear orders on this subject, and Sections F and G should not be included in the Amended Rule 16 Order.

**Plaintiffs' position**

**<u>Issue 5: Associational privacy hearing (Section H in Plaintiffs' Proposed Order)</u>**

**<u>Defendants' position</u>**

Plaintiffs propose resolving the associational privacy dispute in an "evidentiary hearing" on March 13, 2025. Defendants submit that it is both premature to establish how the Court shall resolve this dispute. Plaintiffs have not yet provided Defendants with their privilege log. Only once Defendants have received the privilege log will the scope of the dispute be apparent; at that time, the parties may confer about the dispute and the appropriate manner for its resolution, and make a proposal to the Court as necessary. Defendants request that Section H be excluded from the scheduling order.

**<u>Plaintiffs' position</u>**

**Issue 6: Dispute over Outstanding Written Discovery (Sections I-N in Plaintiffs' Proposed Order)**

**Defendants' position**

Defendants have completed document production and responded to all non-contention discovery requests; Plaintiffs have not. Dkt. 245. Despite a 6-month appeal and the expiration of the stay 3 months ago, Plaintiffs' sections J-L propose an additional 4-5 months beyond the already-expired substantial completion deadline to respond to requests propounded 11 to 15 months ago. The parties twice agreed to extend the substantial completion deadline, Dkt. 202, Dkt. 206. Defendants opposed further extensions, Dkt. 213, Dkt. 228.  As this Court stated in granting the last extension, "no further extensions will be granted absent ordinary circumstances." Dkt. 234 at 2.  Plaintiffs offer no such justification for additional time; they state only that new counsel was recently retained to assist with discovery, and that "sufficient responses cannot be completed by January 1, 2025." Dkt. 261. That insufficient reason contravenes this Court's previous orders. In particular, Plaintiffs do not explain whether in the 10 months after the requests were served, the 6 months during which this case was on appeal, or the 3 months since the stay was lifted, the original (and still-retained) counsel performed any work to attempt to complete Plaintiffs' responses. Sections I-N should be excluded.

**Plaintiffs' position**

**Issue 7: Dispute over Scope of ESI Search Terms (Section M in Plaintiffs' Proposed Order)**

**Defendants' position**

Plaintiffs propose that the parties "determine with specificity the scope of ESI Search Terms and Temporal Scope for all outstanding and future non-expert discovery requests by February 8, 2025." Section M. Defendants have determined search terms and completed searches, proposed temporal periods, and produced more than 20,000 pages. Because Defendants have already completed their productions, this section should be excluded. That Plaintiffs do not yet have ESI *search terms* for requests served on September 1, 2023 confirms that "Plaintiffs' have not even 'started to collect, let alone review and produce, potentially responsive documents,'" Dkt. 234 at 2, and strongly suggests that Plaintiffs never endeavored to comply with the substantial completion deadline. Defendants—concerned about non-compliance and potential spoliation—have asked Plaintiffs to detail their document collection and retention practices, including most recently in a July 2, 2024 letter. Plaintiffs did not respond. Defendants request that this Court order Plaintiffs to detail in writing their compliance with their discovery obligations, including the preservation of, collection of, and search for relevant and responsive documents since filing this case and since Defendants' requests were served.

**Plaintiffs' position**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Issue 8: Dispute Over Necessity of Phase 2 (Sections O-R in Plaintiffs' Proposed Order)**

**Defendants' position**

Plaintiffs propose that the Parties shall "if necessary, . . . exchange additional written discovery . . . limited to the core issues in this case"—"Plaintiffs' religious exercise, the Defendants' asserted compelling interests, and any less restrictive means available"—and that five more months is necessary for such "additional . . . discovery." Sections P, R.  But discovery into these basic elements of Plaintiffs' claim and Defendants' defenses under RFRA is not a tertiary or new issue arising out of a discovery response or deposition so as to be a proper topic for "additional discovery" at this stage in the case. The prior scheduling order afforded Plaintiffs ample opportunity to propound discovery requests on these core issues—nearly 18 months, since July 20, 2023, to propound whatever written discovery they believed necessary to prove *their RFRA claim* and dispute Defendants' defenses.  The deadline for substantially completing written discovery of such matters was March 8, 2024.  In the allotted written fact discovery period, Defendants diligently sought discovery from Plaintiffs relevant to Plaintiffs' claim and Defendants' defenses.  Plaintiffs are not entitled to this end-run around the substantial completion deadline; accordingly, Sections O-R should be excluded from the scheduling order.

**Plaintiffs' position**

**Issue 9: Dispute Over Expert Discovery (Section S in Plaintiffs' Proposed Order)**

**Defendants' position**

Defendants do not agree that Section S, which defines the scope of Expert Discovery is necessary. Plaintiffs never sought to include such a section in the previous two scheduling orders that the parties agreed upon, and which this Court entered. Dkt. 195, Dkt. 207. Now, Plaintiffs offer no explanation why this additional section is newly necessary or why the scope of expert discovery must be so defined, and accordingly, Defendants submit that Section S should not be included.

**Plaintiffs' position**

Dated: January 3, 2025                    Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney
                                          General

                                          JULIE STRAUS HARRIS
                                          Assistant Branch Director

                                          */s/ Bonnie E. Devany*
                                          Bonnie E. Devany
                                          Lisa Newman
                                          Trial Attorneys
                                          Civil Division, Federal Programs Branch
                                          U.S. Department of Justice
                                          1100 L Street NW
                                          Washington, D.C. 20005
                                          Telephone: (202) 616-8101
                                          E-mail: bonnie.e.devany@usdoj.gov

                                          *Attorneys for Defendants*

**Certification.**

Counsel for Defendants hereby certify that they have attempted to work with Plaintiffs' counsel to resolve the instant dispute through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order.  On December 4, 2024, this Court ordered the parties to meet and confer and prepare a Proposed Amended Rule 16 Scheduling Order to be filed with the Court no later than January 3, 2025.  Dkt. 258 at 12.  On December 9, 2024, Defendants sent Plaintiffs a proposed amended Rule 16 Scheduling Order. With the proposed order, Defendants stated, "we'd like to get this on file by December 20, as our team will largely be out of the office in the two weeks preceding the January 3 date set by the Court to file a proposed amended scheduling order."  On December 16, the parties conferred on the proposed amended scheduling order and Plaintiffs' outstanding discovery obligations.  On December 19 at 8:34 PM ET, Plaintiffs informed Defendants by email of "the unlikelihood of providing a counterproposal to Defendants' Initial Rule 16 Scheduling Order" by Defendant's requested date of December 20.  In a letter attached to that December 19 email, Plaintiffs stated that "at this junction, Plaintiffs are not prepared to stipulate to a Rule 16 order that governs all future pretrial proceedings without knowing how long it will take to accomplish even the first task on the list – provision of the privilege log."  Letter at 2. Plaintiffs further explained that they were not prepared to estimate how long it would take to provide the privilege log because they had not obtained "the necessary software to perform the extensive document review to provide the required privilege log. While I expect to fill this information deficit within the next week, I do not yet have a full count of the total number of emails and attachments that I will have to categorize and attempt to review, nor do I have access to the software required to effectively initiate such a massive undertaking."  The parties conferred via phone again on December 20.  In a December 23 email, Defendants articulated to Plaintiffs that "as [counsel] relayed on the phone, in order to keep discovery in this case moving expeditiously, we will make ourselves reasonably available to confer despite being on leave" the week of December 23.  On December 31 at 12:52 PM ET, Plaintiffs, for the first time, provided Defendants with a draft of Plaintiffs' proposed Amended Rule 16 Scheduling Order.  The parties conferred via phone on December 31, during which it became clear that

the parties disagreed in significant ways over how discovery should proceed in this case at this time, and further that the parties would need to submit a joint statement to resolve the issue. On January 1, 2025, at 8:31 PM ET, Plaintiffs circulated a draft joint statement to resolve this dispute.  Defendants circulated a revised version of that statement on January 3, 2025, at 1:00 AM ET.  The parties conferred again via phone and email on January 3.  Ultimately, Plaintiffs stated in an email sent January 3, at 6:20 PM ET that because Plaintiffs were still working on completing their Privilege Log, they would not be able to provide their positions by the Court's Jan. 3 deadline. Plaintiffs' email also stated that they plan to seek an extension regarding the proposed Amended Rule 16 Scheduling Order.  Defendants responded to Plaintiffs email, stating that Defendants would file their position unilaterally and would not take a position on Plaintiffs' extension motion.