CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br>v.<br><br>Merrick Garland, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-ROS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE OF DEA** |

Plaintiffs respectfully provide the following response to Defendant's Objection to Plaintiffs' 30(b)(6) Notice of Deposition of DEA served to counsel for all parties via email and filed on December 19, 2024, Dkt. No. 260. Plaintiffs are willing to consider different dates, and it is Plaintiffs' position that (1) this testimony is necessary to guide the court's application of Exacting Scrutiny to adjudicate the unresolved associational privilege dispute and (2) the topics included in the notice are limited to testimony directly relevant to Exacting Scrutiny. Accordingly, Plaintiffs request that this Court issue an order under F.R.Civ.P. 37(a)(3)(B) directing the Drug Enforcement Administration to designate a witness or witnesses to testify as to the matters set forth in the Notice of Deposition ("the Notice") (Dkt. # 260) to testify within thirty (30) days and to produce the documents requested in the Rule 34 request made a part thereof, as more fully detailed in Plaintiffs' motion to compel to be filed herein shortly.

**Defendants' Statement:**

On December 19, 2024, Plaintiffs served the Notice on DEA. DEA moves to quash the notice, on several grounds. *First*, the notice, which identifies 92 "matters for examination," is facially overbroad and seeks privileged information—for example, by asking DEA to testify to how it intends to "use" Plaintiffs' discovery responses "in this litigation," *e.g.*, Dkt 260 at 9-15 (Topics 6, 7, 10, 11, 13)—and accordingly, DEA seeks to move to quash the notice under Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). *Second*, service via email without agreement is improper. The parties agreed to electronic service for document production; Plaintiffs never asked Defendants for similar agreement as to deposition notices. *Third*, the notice contravenes the parties' agreement to propose in tomorrow's Proposed Rule 16 Order that deposition fact discovery not begin before March 3, 2025. Moreover, it would be impractical and inefficient to begin depositions prior to the substantial completion of written fact discovery, Dkt. 195 at 1 E-F, which Plaintiffs admit that they have not achieved. Dkt. 261. Defendants timely objected to the notice on December 23 and again during a conference on December 31, and requested that Plaintiffs withdraw it but Plaintiffs refused.

**Plaintiffs' Statement**

The DEA has provided Plaintiffs with only evasive and incomplete discovery responses. Dkt. 260 at 16-51. The DEA's own discovery demands infringe Plaintiffs' associational privacy. The Court applies Exacting Scrutiny to Defendants' demands. On December 19, 2024, relying on prior agreement, Plaintiffs served a Rule 30(b)(6) Notice via email, seeking relevant, proportional testimony to establish the DEA's asserted governmental interests and the narrow tailoring of inquiry to justify compelled disclosure of thousands of AYA member and donor identities, emails, medical records, ceremonial attendance and donation records. Plaintiffs require information about the DEA's claimed governmental interest and why it claims its discovery demands are narrowly tailored. However, the DEA's refusal to produce critical evidence has frustrated written discovery efforts. Defendants have declined to provide responses to interrogatories or categorization of documents disclosing their theory of the case. Pursuant to F.R.Civ.P. 37(a)(3)(B), Plaintiffs move to compel the DEA to designate a witness or witnesses to testify per the Notice and produce all requested documents.

Dated: January 9, 2025

Respectfully submitted,
MELISSA DEAN

*/s/ Melissa E. Dean.*
MELISSA DEAN (FLB #103182)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*

3

**Certification.**

Counsel for Plaintiffs hereby certify that they have attempted to resolve the instant dispute through personal consultation and sincere effort in accordance with Rule 7.2(j) and the Rule 16 Scheduling Order. On January 2, 2025, at 11:05 AM ET, Defendants circulated a single paragraph draft joint statement outlining the dispute, apologized for the tight turnaround and asked for Plaintiffs' position by 6 PM ET. At 3:01 PM ET, Defendants' counsel received a voicemail from Plaintiffs' counsel followed by an email at 4:12 PM ET stating, "Pursuant to Dkt. 218, responses to joint statements of discovery disputes must be provided within five days of receipt. While I have forwarded your joint statement to my client, I am unable to provide Plaintiff's position today, as I do not have authority to waive the court-ordered review period from five days to one. Additionally, I must note that all of the substantive issues raised in the joint statement were raised for the first time this morning, notwithstanding that we have met and conferred in person twice on this topic. During those meetings, Defendants did not raise these substantive objections. It was the government's obligation during those two meet-and-confers to bring these types of specific objections to the table. However, the government was adamant that Plaintiffs withdraw the notice or the government would move to quash. Now that the government's substantive objections have been elicited, the proper next step is to meet and confer. Given the objections stated in the proposed joint statement, it does not appear that we are in need of Court assistance at this time. It sounds like we can resolve these matters through further discussion and by continuing to address the broader task of organizing discovery in a manner that accommodates the needs of all litigants to prepare their cases for trial. I will be ready within the time allocated by Dkt. 218 to engage in a substantive meet-and-confer on the topic of Defendants objections and will have discussed these issues with my client. This approach will allow us to avoid unnecessary motion practice as directed by LRCiv 7.2(j) and focus on resolving the matter collaboratively. Please let me know a convenient time after 11:00 AM on January 6, 2025 or January 7, 2025 to continue our discussions." On January 7, 2025, Defendants' counsel emailed Plaintiffs' counsel at 12:28 PM requesting to confer on this 30(b)(6) issue after 4 PM. Plaintiffs' counsel responded to Defendants' counsel via email at 4:26 PM that, "I'm available to confer about Defendants' points of issue for the 30(b)(6) notice. While I don't have authority to make any concessions without first conferring with my client and co-counsel, it would probably be a good use of our time. Just give me a call on my cell."

Defendants' counsel responded at 4:30 PM stating, "Why don't we wait to talk until you have permission from the client to meaningfully confer about next steps–our positions are laid out in the statement, so it doesn't make sense for us to confer until you have permission from your client to do so." Plaintiffs' and Defendants' counsel have made a sincere effort to coordinate the scheduling of a meet-and-confer to complete the process of preparing a joint proposed scheduling order as directed by Order Dkt. 269 which has been scheduled at their soonest availability on 1:30 PM on Friday, January 10, 2025. A meet-and-confer specifically addressing the Defendants Objections to the 30(b)(6) Notice has not yet been coordinated.