CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland Attorney General of the United States; et al. <br><br> Defendants. | Case No.:20-CV-02373-ROS <br><br> MOTION TO COMPEL AGENCY DEFENDANTS TO ORGANIZE AND LABEL THEIR DOCUMENT PRODUCTION TO CORRESPOND TO THE CATEGORIES OF PLAINTIFFS' REQUESTS PURSUANT TO F.R.Civ.P. 34(b)(2)(E) <br><br> ORAL ARGUMENT REQUESTED |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Plaintiffs hereby move the Court pursuant to F.R.Civ.P. 37(a)(3)(B) for an order compelling defendants, the Drug Enforcement Administration ("DEA"), the Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP"), jointly referred to as the "Agency Defendants," to identify and label the documents produced in response to Plaintiffs' Rule 34 Requests for Production. The grounds for the motion are that, under Rule 34(b)(2)(E), it is mandatory for the Agency Defendants to label the documents to correspond to the categories in the requests, unless they are produced in the manner kept in

the ordinary course of business.  The motion is based on this notice, the memorandum of points and authorities, the declaration of Melissa Dean, the Proposed Order, all files and records in the action, and such further evidence and argument as the Court may consider at the hearing thereon.  Plaintiffs request leave to present oral argument at the hearing.

Dated: January 14, 2025



MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Relief Requested: An Order Compelling the Defendant Agencies to Organize and Label their Document Production to Correspond to the Categories in Plaintiffs' Requests

Pursuant to Rule 37(a)(3)(B), Plaintiffs Arizona Yage Assembly and Winfield Scott Stanley III (plaintiffs) move this Court to compel the Drug Enforcement Administration ("DEA"), the Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP"), jointly referred to as the "Agency Defendants," to comply with the requirement of Rule 34(b)(2)(E) by organizing and labeling their document production to correspond to the categories in Plaintiffs' requests.

## II. The Courts Routinely Enforce the Requirements of F.R.Civ.P. 34(b)(2)(E)

"The discovery Rules and remedies are in place to ensure proper and efficient information sharing between parties. If one side fails to comply with discovery requests, the court can step in so long as there was good faith effort to obtain a response from the opposition, the attempted 'meet and confer.' The court's powers to compel a party to comply with discovery requests are for situations like the present case. If a party fails to comply with the Federal Rules, a court can compel them to produce relevant and organized documents to make document review easier for the propounding party and allow for more affective advocacy." *Black v. Akins (In re Akins)*, 640 B.R. 721, 736 (Bankr. E.D. Cal. 2022).

This Court has previously granted a motion such as this one:

> Defendants filed a Motion to Compel. … The Court found that Plaintiff had failed to respond to the discovery requests because… (d) he failed to identify specific documents purportedly provided as responses; and (e) his unfulfilled proffer of a "stack of documents" was insufficient and responsive documents had to be identified to particular requests. The Court granted the motion….
>
> *Espinoza v. Ryan*, No. CV-17-3983-PHX-ROS (JFM), 2020 U.S. Dist. LEXIS 12581, at *5 (D. Ariz. Jan. 24, 2020)

Other Ninth Circuit District Courts are in accord:

> Federal Rule of Civil Procedure 34(b)(2)(E) requires that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E).
>
> *Zysman v. Zanett Inc.*, No. C-13-02813 YGR (DMR), 2014 U.S. Dist. LEXIS 44859, at *5-6 (N.D. Cal. Mar. 31, 2014)

### III.     Plaintiffs' Document Requests and Defendants' Responses

"Motions to compel are not designed to be costly. If anything, filing a motion to compel in the case of a 'document dump' is the most economically efficient option. An attorney can quickly file the motion and the court can order a party to comply with Rule 34 and produce untimely documents in an organized manner." *Black*, 640 B.R. 721, 736 (Bankr. E.D. Cal. 2022). "A motion to compel could therefore save an attorney from billing countless hours." *Id*.

Plaintiffs propounded requests for production to all Agency Defendants on September 22, 2023. The Defendants' responses to requests for productions were served on November 6, 2023 and are attached as exhibits as follows: The Drug Enforcement Administration ("DEA") as Exhibit 2; The Department of Homeland Security ("DHS") as Exhibit 3, and; U.S. Customs and Border Protection ("CBP") as Exhibit 4.  Plaintiffs are unable to make use of the Defendants' production, because any document could be relevant to any of the 54 requests for production, or to one of the 21 interrogatories Plaintiff propounded.  Dean Decl. ¶ 18.

On November 28, 2023, Plaintiffs were informed that Defendants had documents ready to produce as single page TIFF files (as opposed to PDF) – apparently this is the government's standard practice for document production. *See* Dkt.271-4. Plaintiffs' counsel expressed willingness to accept a sample TIFF document, even though receiving PDF files was preferred as he lacked experience with this form of electronically stored data ("ESI"). *Id*. The record is not clear, however it appears that Defendants decided against sending Attorney Carreon a sample TIFF document and instead elected to convert all productions into PDF format with no further effort to meet-and-confer. *Id*.

On December 20, 2023, Plaintiffs' first initiated effort to raise the issue with the Agency Defendants' deficient discovery responses by circulating a draft joint statement

dispute via email to Defense counsel for review and discussion. *See* Dkt. 213-11; Dean Decl. ¶11.

On December 21, 2023, Plaintiffs were informed that the Agency Defendants: [1] "stood on our objections" to non-expert discovery; [2] "do not intend to search for or produce documents responsive to Plaintiffs DEA RFP Nos. 1, 18 subparts (c )-(g), 19-23; CBP RFP Nos. 1, 2, 15-16; DHS RFP Nos. 1, 4-6, 8-11, 13-14; DEA ROG No. 1; CBP ROG Nos. 1-2, 6 part II (relating to reports between DHS, DEA, and/or State LEOs); or DHS ROG Nos. 1, 4-5, and [3] intended to delay response to Plaintiffs' "contention ROGS by the close of fact discovery." Dkt. 213-11; Dean Decl. ¶12. Additionally, Defendants asserted that Plaintiffs' initial draft joint statement raising such issues was not presented in the appropriate form. Dkt. 213-11; Dean Decl. ¶12.

Later that day, Plaintiffs' counsel responded stating, "Plaintiffs are eager to continue our work together, and look forward to receiving the government's edits to the draft joint statements I submitted to you yesterday" and "reiterate[d] their request for each defendant to specify as required by Rule 34 (b)(C) whether in fact any documents are being withheld pursuant to objection in response to each RFP to which objection has been made." Dkt. 213-11; Dean Decl. ¶12.

On December 22, 2023, Defendants informed Plaintiffs of its refusal to engage in the discovery dispute procedure on issues raised by Plaintiffs stating, "the government cannot provide a written response to your joint statement because you have not provided your position on any of the RFPs or ROGs." Dkt. 213-11; Dean Decl. ¶12.

On January 15, 2023, Plaintiffs' counsel attempted again to schedule a meet-and-confer with Defense counsel in order to equally address the issues Plaintiffs' raised with Defendants' deficiencies and file both parties' joint statements of dispute contemporaneously. Dkt. 211-16; Dean Decl. ¶13.

On December 7, 2024, Plaintiffs retained additional counsel to take over ongoing discovery matters, and handle meet-and-confers with Defendants' counsel. Dean Decl. ¶2.

MOTION TO COMPEL AGENCY DEFENDANTS TO ORGANIZE AND LABEL THEIR DOCUMENT PRODUCTION

After reviewing the Agency Defendants' responses to Plaintiffs' document requests (Exhibits 2, 3, and 4), Plaintiffs' discovery counsel identified numerous deficiencies and determined it would be necessary and appropriate to request that Defendants for to specific compliance with Rule 34 by producing a document production index. Dean Decl. ¶¶5-8.

During a meet-and-confer on December 16, 2024, Plaintiffs' counsel requested Defendants to specify which document productions responded to each of Plaintiffs document requests. Counsel for Defendants declined, stating that all documents were relevant to all requests, and they would not provide further specification. Plaintiffs' counsel raised issue with Defendants' deficient responses during the meeting and was further informed that Defendants' took the position that this objection was untimely. Dean Decl. ¶8.

On December 19, 2024, Plaintiffs emailed a letter to Defendants raising issue with Defendants outstanding discovery obligations and requested specific compliance with Rule 34, asking them to identify document request responses, narrow future productions to relevant documents, and produce improperly withheld privileged documents. Dean Decl. ¶9.

On December 23, 2024, Defendants asserted that the letter Plaintiffs' sent on December 19, 2024, was the first time Plaintiffs had raised issue with deficient responses and disputed that any objections to Defendants' responses could be raised at this time. Dean Decl. ¶10. This is not supported by the record. Dkt. 213-11; Dkt. 213-16; Dean Decl. ¶11-14.

On December 31, 2024, during meet-and-confer Plaintiffs' counsel reiterated the request for Defendants' specific compliance with Rule 34(b)(2)(E)(i) and proposed a production date of February 14, 2025. Defendants were opposed. Dean Decl. ¶15.

On January 10, 2025, Plaintiffs' gave notice to Defense counsel of the intent to file this Motion to Compel Defendants to Organize and Label Their Document Production to Correspond to the Categories of Plaintiffs' Requests Pursuant to F.R.Civ.P. 34(b)(2)(E)(i) and requested a copy of the draft joint statement previously circulated by Plaintiffs' counsel on December 20, 2023. Dean Decl. ¶16.

**IV.** **The Agency Defendants are Engaging in Precisely the Conduct F.R.Civ.P. 34(b)(2)(E) Was Meant to Prevent**

The Agency Defendants have consistently engaged in actions that hinder Plaintiffs' ability to pursue their claims, increase litigation costs, and delay the proceedings. Dean Decl. ¶18-21. Defendants mischaracterize the actual dispute to this Honorable Court in an effort to frame the relevant issue as a dispute surrounding the digital format in which their documents have been produced—TIFF files v. PDF files.[1] *See* "Issue Three" at Dkt. 271-1. However, this is not the case. While Defendants' productions are electronic files in Plaintiffs' preferred "PDF" format, Defendants have produced a massive amount of disorganized, heavily redacted, and unspecified individual documents. At this juncture, Plaintiffs' have not requested information about the "metadata" which Defendant's claim has been "stripped" from their document productions.[2]

Rule 26(g) imposes an affirmative duty on attorneys to evaluate the legitimacy of discovery requests, responses, and objections before certifying them. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 651 (C.D. Cal. 2007).

That the federal government produced over 20,000 documents of "stripped ESI" over a year ago and did not disclose this fact to Plaintiffs' counsel or this Honorable Court until January 13, 2025, further substantiates Plaintiffs' position that the parties are far away from substantial completion of written discovery.[3] *Id*. What is most clearly apparent from Defendants' admission today, an adequate ESI protocol for the production of voluminous electronic documents has yet to be developed, nor have Defendants made a sincere effort to meet-and-confer with Plaintiffs on such matters prior to converting their single page TIFF

---

[1] "The plaintiff's cost of filtering through 33 million emails was minimal because they used software to search through the email. The search process would have been extremely costly if the opposing party had produced the email in **a nonsearchable image such as a (TIFF)** or in a printed format as opposed to an electronic format." *See* 1 *Arkfeld on Electronic Discovery and Evidence* § 5.2 (2024)

[2] Metadata should be intact when "native" files are disclosed. *See* 23 Am. Jur. 2d *Depositions and Discovery* § 156 (May 2009); 1 *Arkfeld on Electronic Discovery and Evidence* § 3.7.

[3] Once the electronic information has been identified and collected, the issue of what format electronic information should be disclosed must be addressed. In some instances, it may be sufficient to convert the electronic data into an image, such as a TIFF, for disclosure; **in other circumstances, this may not be sufficient and sanctionable conduct. For example, disclosure in a TIFF format will not allow for data searching by electronic means and will not provide any "metadata" contained in the document.** *See* 1 *Arkfeld on Electronic Discovery and Evidence* § 4.4.

files into PDF files potentially stripping their ESI productions of relevant metadata.[4] *See* Dkt.271-4. Should the issue of authenticating Defendants' "stripped ESI" arise, Plaintiffs do not waive the right to raise this concern matter at the appropriate time as this was not disclosed until now; while highly troubling, this is not the issue for today.

As it relates to the actual issue—Defendants' repeated assertion of substantial completion with their discovery obligations under Rule 34(b)(2)(E)(i)—the lack of specificity in the "document dump" is further evidenced upon review of the actual responses (or lack thereof) provided by the federal government for each of Plaintiffs requests. *See generally* Exhibits 2, 3, and 4. Unless the "stripped metadata" clearly specifies which document is responsive to Plaintiffs' specific requests, possession of such data (at this juncture) will not address the current state of Defendants' "document dump" which is compounded further into obscurity due to what are clearly incomplete, evasive, and obstructive responses.

Litigants "are not at liberty under federal discovery rules to dump massive amounts of documents, which apparently have no logical order to them, on their adversaries and demand that they try to find what they are looking for." *Flynn v. Love*, No. 3:19-CV-00239-MMD-CLB, 2021 U.S. Dist. LEXIS 201064, at *8 (D. Nev. Oct. 19, 2021). The drafters of the Rules had this problem in mind when subsection (b)(2)(E) was added. "This provision in Rule 34 arose out of "a concern that litigants were deliberately mixing critical documents with masses of other documents to hide their existence or obscure their significance." *Rutherford v. Paloverde Health Care Dist.*, No. ED CV13-1247-JAK (SPx), 2014 U.S. Dist. LEXIS 197183, at *8 (C.D. Cal. Apr. 25, 2014)

As averred in the Dean Declaration, the volume of documents produced by the Agency Defendants appears to be padded with large numbers of documents that have no apparent use as evidence – a vast array of research articles on pharmacological topics, **some of which**

---

[4] Based on Plaintiff counsel's cursory research, it is premature to determine whether Defendants' TIFF to PDF conversion has actually resulted in production of ESI stripped of its metadata. Due to the highly unorganized "document dump" and evasive responses to Plaintiffs' requests, it is additionally unclear whether Defendants' potentially stripped metadata is relevant to the claims and defenses yet to be proven in this case.

**are not in English** – and the net result of this "document dump" is the classic disappearance of a needle of relevant information in a haystack of irrelevant material. Dean Decl. ¶7.

When the producing party adopts this tactic, advocates are not expected to wallow in self-inflicted discovery misery, ignore discovery and other pre-trial rights, or implement a strategy that essentially runs up huge legal fees. *Black*, 640 B.R. 721, 741 (Bankr. E.D. Cal. 2022). The appropriate remedy is a motion to compel the labeling of documents by request category. *Espinoza v. Ryan*, No. CV-17-3983-PHX-ROS (JFM), 2020 U.S. Dist. LEXIS 12581, at *5 (D. Ariz. Jan. 24, 2020); *see also, Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006).

### V.  Conclusion

Plaintiffs respectfully request that this Honorable Court order the Defendant Agencies to comply with Rule 34(b)(2)(E)(i), organize and label their document production specifying which productions correspond to the specific categories in Plaintiffs' Requests and further compel Defendants to produce a document production index of the same.

Dated: January 14, 2025                           MELISSA DEAN

                                                  _____
                                                  MELISSA DEAN (FLB #103182)
                                                  Attorney for Plaintiffs
                                                  Arizona Yagé Assembly,
                                                  Winfield Scott Stanley III
                                                  *Pro hac vice*