CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>         Plaintiffs,<br><br>    vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>         Defendants. | Case No.:20-CV-02373-ROS<br><br>MOTION FOR ORDER AMENDING THE COURT'S DISCOVERY DISPUTE RULE TO ALLOW THE FILING OF DISCOVERY MOTIONS |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Plaintiffs hereby request that the Court amend the Court's Discovery Rule and the provision of the Rule 16 Conference Order to allow the filing of discovery motions in this action. The grounds for the motion are that the Federal Rules of Civil Procedure 26 and 37 allow the filing of motions, and that the joint statement procedure is not sufficient to the needs of this proceeding. The motion is based on this notice, the memorandum of points and authorities, the declaration of Melissa Dean, and the Proposed Order submitted herewith.

Dated: January 14, 2025

_____
MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III,
*Pro hac vice*

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **Reason for the Motion: The Court's Discovery Rule and the Rule 16 Scheduling Order Forbid Filing Motions**

The Court's Discovery Disputes policy[1] and the Rule 16 Scheduling Conference document provide that the parties shall adhere to a joint statement procedure that requires to refrain from filing discovery motions, and confines the parties to a joint statement of 14 lines per issue unless an enlargement has been approved by the Court.

2. **F.R.Civ.P. 37 Grant Parties a Right to File Motions to Compel Discovery**

Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails [*19] to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. *Beard v. Cty. of Stanislaus,* No. 1:21-cv-00841-ADA-SAB, 2022 U.S. Dist. LEXIS 191687, at *18-19 (E.D. Cal. Oct. 20, 2022), quoting *Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

3. **F.R.Civ.P. 26(c) Grants Parties a Right to File Various Discovery Motions**

Under Rule 26(c), parties may move for a protective order to protect against annoyance, embarrassment, oppression, or undue burden and expense. *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1079 (9th Cir. 1988). Motions to limit the frequency and extent of discovery may be filed under Rule 26(b). *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 442 (N.D. Cal. 2015)l. Motions can also be filed to enforce the duty to supplement initial disclosures required under Rule 26(e). *City & Cty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003).

4. **Discovery Motions Create a Thorough Record for Deliberation**

Under L.R.Civ. 7.2(e), all motions may be submitted in a format that includes a 17 page brief and supporting declarations. Of course, the moving party is also granted a reply

---

[1] https://www.azd.uscourts.gov/sites/azd/files/judge-orders/ROS_Discovery_Dispute_Instructions_On_Line.pdf

brief to answer issues raised in the opposition. While meet and confer obligations to be met beforehand, motion practice places the parties on an equitable footing, and builds the record with steady inputs from both parties. Under L.R.Civ. 7.2(j), discovery motions will not be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.

> a. **Motions create a legal record with sufficient arguments due to adequate length allowances and time for preparation**

The process of preparing a motion is demanding, requiring the advocate to set forth the legal elements of their contentions, and providing the opposing party sufficient time to thoroughly read, research, analyze and effectively critique the opposition. Dean Decl. ¶14, 19, 20. This give and take of argument helps the parties avoid errors like failing to identify associational privacy as the governing Constitutional doctrine, which may have led the Court itself into error, and put the action on a circuitous track to final resolution. Dean Decl. ¶17, 19, 20. Future such detours in the adjudicative process should certainly be avoided.

> b. **A factual record based on testimony and averments, rather than the representations of counsel that establish no facts except by stipulation**

Deciding discovery motions requires the determination of foundational facts, such as, in this case, the governmental interests that the DEA and other Defendants contend justifies their demand for the identities of over 5,268 AYA members and donors, 111,821 of their emails, private group social media posts, medical records, and donation and ceremonial attendance records. The DEA should be required to answer fundamental questions about: the important or compelling governmental interests at stake; why it needs to gather so much private information in this case, when it has never been required in the past; how the information will be used and kept secure; and, how such disproportionate the discovery demands are narrowly tailored to pass exacting scrutiny. The representations of Assistant U.S. Attorneys about what the DEA's answers to these questions would be, set forth in fourteen lines, cannot pass constitutional muster, and must fail exacting scrutiny.

Accordingly, to make the evidentiary determinations necessary to satisfy exacting scrutiny, motion practice is required.

## 5. Discovery Motions Prevent Prejudicial Surprise and Discovery Motions Issued on an Inadequate Basis

As noted above, discovery motions prevent prejudicial surprise through the requirement for meeting and conferring beforehand, the duty to support position with foundational facts and adequate argument. The moving party cannot accelerate the process to disadvantage the other party, or unilaterally file a "joint statement" that leaves the other party to play catch-up, as the practice of the Defendants has now become. Dean Decl. ¶¶5-8, 13, 16, 18, 23. It is an orderly process that is often capped with oral argument, and permits the parties to make their case fully in the District Court and create a useful record for appeal. Dean Decl. ¶¶19, 20, 22.

## 6. The Joint Statement Format Permits Gamesmanship by Exploiting the Extreme Swiftness of the Process to Surprise and Overwhelm the Opposing Party

This Court has held that submission of unilateral discovery disputes is an improper and sanctionable deviation from the Court's discovery dispute procedures. *Faulkner v. Wausau Bus. Ins. Co.*, No. CV-10-01064-PHX-ROS, 2011 U.S. Dist. LEXIS 159294, at *2 (D. Ariz. Apr. 14, 2011). Pursuant to the Court's Order of Dkt. 218, which imposes a five day window for response, a party can send another party a joint statement of dispute on Friday, demand that the receiving party return their own joint statement response, and by Wednesday, have a discovery dispute on file (with or without the receiving party's response) that the Court will determine without oral argument. Dean Decl. ¶¶15, 16, 22.

### a. The Format Rewards the Party that Initiates Numerous Disputes

From December 20, 2024 to January 12, 2025, Plaintiffs have received four joint statements from Defendants on separate issues, each requiring limited time to thoroughly research and prepare responses in order to avoid the prejudice of unilateral filing without articulating Plaintiffs' positions. See Dkt. 261; Dkt. 265; Dkt. 267. Dean Decl. ¶¶15, 16.

The most recent draft joint statement was circulated by Defendants via email on Sunday, January 12, 2025 at 9:47 PM; regardless of whether or not Plaintiffs' counsel has enough time to thoroughly prepare responses to the nine (9) issues raised, Defendants intend to unilaterally file the statement on Friday, January 17, 2025—this deadline does not allocate

enough time for the parties to engage in the meet-and-confer process obligated by the procedural local rules and risks undermining counsels' ethical obligations to provide competent and diligent representation to Plaintiffs. Dean Decl. ¶16.

### b. The Format Has Been Abused by Defendants in this Action

From the first date Plaintiffs made initial efforts to raise issue with the deficiencies of Defendant's responses (December 20, 2023) until this action was stayed (March 13, 2024), the joint statement dispute process was seemingly utilized by Federal Defendants to overwhelm Plaintiffs by strongly opposing any requests for extension of time while also asserting to this Court that Plaintiffs were intentionally delaying discovery. Dean Decl. ¶18. Rather than agreeing to Plaintiffs requests for extensions of time to respond, or making a sincere effort to resolve disputes without Court intervention, the federal government treated litigation as a game and manufactured disputes all related to Plaintiffs' untimely discovery responses. The unilateral filing of joint statements of disputes by Defendants has prejudiced Plaintiffs and exacerbated wide disparities in resources available to each party. Dean Decl. ¶20.

### 7. Conclusion

Plaintiffs have shown good cause for the Court to grant the requested relief by issuing an Order in the form submitted herewith, and the same is respectfully requested.

Dated: January 14, 2025                                MELISSA DEAN

_____
MELISSA DEAN (FLB #103182)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*