CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email: melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>        Defendants. | Case No.:20-CV-02373-ROS<br><br>EX PARTE MOTION FOR EXTENSION OF TIME FOR THE PARTIES TO FULFILL MEET-AND-CONFER OBLIGATIONS |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that Plaintiffs hereby move ex parte pursuant to F.R.Civ.P. 6(b) for a 14-day extension of time to complete the process of meeting and conferring with opposing counsel. Since December 20, 2024, Defendants have circulated four statements of dispute, and Plaintiffs' counsel has worked diligently to prepare thorough and timely responses within the five-day limit imposed by this Court's Order (Dkt. 218). However, additional time is necessary for counsel to fulfill their meet-and-confer obligations and ensure that any jointly filed statement

of dispute reflects a genuine, good-faith effort by the parties to resolve and narrow disputes collaboratively before seeking this Honorable Court's intervention.

Dated: January 17, 2025

MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. Relief Requested: A 14-day Extension to Fulfill Meet-and-Confer Obligations Prior to Filing Statements of Dispute**

On Friday, January 10, 2025, at 5:18 PM, Defendants circulated a deficiency letter on Plaintiffs' privilege log. On Sunday, January 12, 2025, at 9:47 PM, Defendants circulated a draft statement of dispute and informed Plaintiffs of their intent to unilaterally file the statement if responses are not received by Friday, January 17, 2025.

Plaintiffs' counsel responded that same evening at 10:51 PM to reserve once of the timeslots offered by Defense counsel, advised of possible scheduling conflicts, and offered additional availability to meet-and-confer.

On Monday, January 13, 2025, at 11:16 AM, Plaintiffs' counsel informed Defendants that the tentative meeting would not be possible (for good cause) and provided additional availability to confer within the five day review period. At 12:28 PM, counsel for the parties agreed to meet-and-confer the next day. At 4:56 PM, Plaintiffs' counsel informed Defendants of the insufficient time to review the issues raised in the deficiency letter and joint statement with Plaintiffs.

Counsel for the parties began initial discussions on Tuesday, January 14, 2025. Plaintiffs' counsel reiterated that despite the issues raised by Defendants, without developing proper protocol to review Plaintiffs' electronically stored information ("ESI"), that even with technology assisted review ("TAR"), a more refined privilege log would be impossible to create.

Plaintiffs' counsel advised that prior to drafting responses it would be necessary to consult with the client and in order to meaningfully confer with Defendants on Plaintiffs' positions, thorough research, review and preparation would be required. Plaintiffs proposed that the counsel for the parties' stipulate to allocating the time necessary to prepare a joint statement and fulfill meet-and-confer obligations. Defendants reiterated that the statement of dispute was urgent and would be filed on Friday, January 17, 2025.

On Thursday, January 16, 2025, at 2:41 PM, Plaintiffs offered to prepare and circulate a stipulation extending the time for counsel to meet-and-confer. Plaintiffs also provided notice to Defendants of the intent to move *Ex Parte*, requesting the Court to grant the following relief: [1] Require that sufficient meet-and-confer efforts take place before Defendants' unilaterally initiate the Joint Statement Procedure' [2] provide two additional weeks to meet and confer to facilitate resolution and/or narrowing of these issues.

Defendants dispute the categorical privilege log that Plaintiffs produced pursuant to this Court's Order (Dkt. No. 258) on January 3, 2025. Given the significant constitutional issues at stake, Plaintiffs assert that the five-day deadline imposed by this Court's Order (Dkt. No. 218) does not provide sufficient time to resolve or narrow the nuanced issues raised in Defendants' draft statements of dispute. This timeline is inadequate for Plaintiffs' counsel to thoroughly review the case law cited in Defendants' dispute, assess the validity of the challenges, consult with their client, formulate a legally sound position, present an argument, and obtain authority to engage in meaningful meet-and-confer discussions with opposing counsel.

Furthermore, the undersigned counsel is working to understand the functionality of Plaintiffs' newly secured e-discovery software to determine whether any additional information might be appropriate. However, without a developed ESI protocol—including search terms and temporal scope—it is unreasonable to expect Plaintiffs to prepare productions or refine the privilege log further.

**2. This Rule 6(b) Motion is Properly Filed *Ex Parte* Prior to the Expiration of the Time for Plaintiffs**

Federal Rule of Civil Procedure 6(b)(1)(A) provides:

"When an act may or must be done within a specified time, the court may for good cause, extend the time: with or without motion or notice if the court acts, or **if a request is made, before the original time** or its extension expires." (Emphasis added.)

### 3. Defendants Intend to Unilaterally File a Statement of Dispute

Since Defendants first circulated the draft statement of dispute, Plaintiffs have consistently maintained that, given the significant constitutional rights at stake, it is essential for any joint statement submitted to this Honorable Court to reflect that the parties have thoughtfully narrowed the issues. Additionally, it should demonstrate that counsel for both parties have made a genuine and collaborative effort to resolve as many issues as possible. Despite Plaintiffs' standing offer for the past week to prepare and circulate a stipulation committing the parties to allocate sufficient time for collaborative discussions aimed at narrowing the disputes, Defendants have indicated their intent to file the statement unilaterally if Plaintiffs' responses are not provided by today.

On Friday, January 17, 2025, the undersigned counsel communicated with opposing counsel throughout the day and made a final request that Defendants refrain from unilaterally filing the statement of dispute. Defendants agreed not to file the statement provided Plaintiffs submitted their statements by the end of the day. However, the undersigned counsel did not yet have authority to provide those statements. Counsel advised Defendants that Plaintiffs were unavailable to authorize a response to the issues raised in Defendants' draft statement. Additionally, due to the inadequate time allocated for conferring on whether Plaintiffs' documents designated as confidential would be filed by Defendants as exhibits, Plaintiffs would have to proceed with filing this motion.

### 4. Conclusion

Plaintiffs respectfully request that the Court grant relief from the five-day response deadline previously imposed by its Order (Dkt. No. 218) and issue an Order providing the following:

1. Order the parties to engage in sincere, teleconference meet-and-confer efforts and file a joint statement that reflects actual efforts of all parties to resolve disputed issues;

2. Extend the deadline imposed by the Order Dkt. # 218 from the current deadline of January 17, 2025 until January 31, 2025.

**EX PARTE MOTION FOR EXTENSION OF TIME FOR THE PARTIES TO FULFILL MEET-AND-CONFER OBLIGATIONS**

Plaintiffs respectfully submit that they have demonstrated good cause for the requested relief. and request the Court to issue an Order in the form submitted herewith.

Dated: January 17, 2025                                  MELISSA DEAN

MELISSA DEAN (FLB #103182)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*