BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

JULIE STRAUS HARRIS
Assistant Branch Director

BONNIE E. DEVANY (TX 24131173)
CODY T. KNAPP (NY 5715438)
LISA NEWMAN (TX 24107878)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
Email: bonnie.e.devany@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, <br><br> Plaintiffs, <br><br> v. <br><br> James R. McHenry III, Acting Attorney General of the United States, *et al.*, <br><br> Defendants. | No. 2:20-cv-2373-ROS <br><br> **MOTION TO FILE UNDER TEMPORARY SEAL** |

Defendants respectfully move the Court under Local Rule 5.6 and the Stipulated Protective Order Regarding Confidential Information in this case, ECF No. 217, for an order permitting Defendants to file under seal, for a period of 7 days (unless the parties notify the Court that they cannot reach agreement on a version of the documents for public filing, in which case that period would be extended another 7 days), Defendants' statement on Plaintiffs' privilege log deficiencies, Plaintiffs' privilege log and supporting declaration, and

1 Defendants' letter disputing the sufficiency of Plaintiffs' privilege log. Defendants provide
2 their statement unilaterally because in the three weeks since Defendants sent Plaintiffs a
3 proposed joint statement, Plaintiffs have refused to engage in the Court's joint statement
4 process or provide their positions on the privilege log deficiency issue.

5 A party seeking to seal a judicial record must articulate "'compelling reasons supported
6 by specific factual findings[]' . . . that outweigh the general history of access and the public
7 policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th
8 Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).
9 "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and
10 the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at
11 1135). "After considering these interests, if the court decides to seal certain judicial records,
12 it must 'base its decision on a compelling reason and articulate the factual basis for its ruling,
13 without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430,
14 1434 (9th Cir.1995)).

15 On January 3, 2025, Plaintiffs provided Defendants with a "First Amendment
16 Associational Privilege Log" and a "Confidential Declaration" supporting Plaintiffs' privilege
17 claims. Plaintiffs designated both documents, in their entirety, as "Confidential" and "Subject
18 to Protective Order," asserting that the documents contained protected information as defined
19 in the Stipulated Protective Order, ECF No. 217. Among the information contained within
20 those documents are statements reflecting the internal activities, policies, deliberations, and
21 processes of the Arizona Yage Assembly, including information about the church's process
22 for reporting and addressing certain "incidents" during church ceremonies. Plaintiffs maintain
23 that this information has not previously been revealed outside of the church and that its
24 disclosure would damage the associational interests of the church and its congregation. On
25 January 10, 2025, Defendants sent a letter to Plaintiffs describing deficiencies in Plaintiffs'
26 privilege log and declaration, including with reference to certain allegedly protected
27 information therein. And Defendants' statement on Plaintiffs' privilege log deficiencies
28 similarly refers to information in the privilege log and declaration that Plaintiffs assert to be

confidential.

By granting Defendants permission to file this information under temporary seal, the Court will preserve Plaintiffs' asserted privacy interests for an interim period while Plaintiffs' claims of confidentiality can be more closely considered by the parties and the Court. The Ninth Circuit has affirmed that previously undisclosed information about organizational membership and operations can, in certain circumstances, be shielded from public disclosure during discovery with sufficient justification. *See, e.g., Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (directing entry of protective order to prevent disclosure of select number of communications regarding political campaign's internal operations); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to,* trade secrets or other confidential research, development, or commercial information." (emphasis in original)). And during the sealing period, Defendants will meet and confer with Plaintiffs to attempt to reach agreement on a version of the documents for public filing. *See* ECF No. 217, at 7 (providing that the parties meet and confer regarding proposed redactions within seven business days after a sealed filing). Permitting Defendants to file under temporary seal will also provide Plaintiffs an opportunity to provide a justification as to whether the information in the filings should be redacted or kept under permanent seal, if the parties are unable to reach agreement. *See* Local Rule 5.6(d) (providing that, within 14 days after a document designated as confidential is filed under seal, the designating party must withdraw the confidentiality designation or file a motion to seal).

For these reasons, Defendants request that the Court enter the Proposed Order permitting them to file under temporary seal, for a period of 7 days, with the possibility of extension for another 7 days, Defendants' statement on Plaintiffs' privilege log deficiencies, Plaintiffs' privilege log and supporting declaration, and Defendants' letter disputing the sufficiency of Plaintiffs' privilege log.

Dated: February 1, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Bonnie E. Devany*
BONNIE E. DEVANY (TX 24131173)
CODY T. KNAPP (NY 5715438)
LISA NEWMAN (TX 24107878)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-8101
Email: bonnie.e.devany@usdoj.gov

*Attorneys for Defendant*