
CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>Defendants. | Case No.:20-CV-02373-ROS<br><br>REPLY BRIEF IN SUPPORT OF REQUEST FOR SUMMARY DISPOSITION OF MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS FROM DEFENDANT DRUG ENFORCEMENT ADMINISTRATION PURSUANT TO LRCiv 7.2(i) |

On December 19, 2024, the Plaintiffs, Arizona Yagé Assembly and Winfield Scott Stanley, III ("Plaintiffs"), served a deposition notice pursuant to F.R.Civ.P. 30(b)(6), requesting that the Defendant, Drug Enforcement Administration ("DEA"), designate a witness to testify in Washington D.C. as to specified, necessary and relevant matters for the application of exacting scrutiny to the ongoing associational privilege dispute. (Dkt. No. 260). The DEA declined to designate a witness, refused to produce requested documents, and unilaterally filed a statement of dispute objecting to Plaintiffs' deposition

notice of DEA on January 2, 2025. (Dkt. No. 265). On January 6, 2025, Plaintiffs were directed to respond to Defendant's objection to the deposition notice. (Dkt. No. 269). Pursuant to this Court's order, Plaintiffs timely responded to Defendants' objection on January 9, 2025. (Dkt. No. 270).

On January 10, 2025, Defendants circulated a deficiency letter on Plaintiffs' First Amendment Associational categorical privilege log; two days later, Defendants circulated a draft statement of dispute and informed Plaintiffs of their intent to unilaterally file the statement if responses were not received within five days.

On January 14, 2025, Plaintiffs filed a motion pursuant to F.R.Civ.P. 37(a)(3)(B), seeking an order compelling the DEA to designate a qualified person or persons to testify at deposition and produce relevant and organized documents as previously requested. (Dkt. No. 272). *Black v. Akins (In re Akins)*, 640 B.R. 721, 736 (Bankr. E.D. Cal. 2022).

Under Local Rule 7.2(c), Defendants had fourteen days from the date of service of which to serve and file a responsive memorandum in opposition to Plaintiffs' motion. Even though January 28, 2025, was the deadline for a timely response to Plaintiffs' motion, Defendants did not seek an extension of time. However, on January 16, 2025, Defendants' promptly declared their intention not to file a responsive memorandum. (Dkt. No. 275.).

Local Rule 7.2(i) authorizes a court to dispose summarily of a motion if the nonmovant fails to serve and file the required answering memorandum. "[S]uch non-compliance may be deemed a consent to the denial or granting of the motion . . . ." *Gibson v. City of Phx.,* No. CV 12-01718-PHX-ROS (JZB), 2016 U.S. Dist. LEXIS 203178, at *2 (D. Ariz. June 8, 2016). The party opposing the discovery bears the burden of resisting disclosure. *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2022 U.S. Dist. LEXIS 191687, at *18-19 (E.D.

Cal. Oct. 20, 2022), *citing Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

Defendants sought no order to excuse the willful default of their duty to file opposition under LRCiv 7.2(i). When presented with an argument for compelling discovery, silence is concession,[1] and the DEA has conceded what it has no basis to oppose -- the deposition should proceed. The Government may not remain silent when served with motions, yet avoid the inevitable consequence all other litigants would suffer for such inaction. Plaintiffs presented valid arguments to which the DEA had no opposition. Accordingly, the Court may and should grant the motion and issue an order compelling the DEA to designate a witness or witnesses to testify as to the matters specified in Plaintiffs' Notice of Deposition, and produce requested documents, as provided in the Proposed Order submitted herewith.

Dated: February 3, 2025

MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III

---

[1] "The court construes … silence as a concession …." *Papasan v. Dometic Corp.*, No. 16-cv-02117-HSG, 2017 U.S. Dist. LEXIS 178749, at *54 (N.D. Cal. Oct. 27, 2017), citing *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 4:14-cv-03861 SC, 2015 U.S. Dist. LEXIS 101275, 2015 WL 4623710, at *4 (N.D. Cal. Aug. 3, 2015) and *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 U.S. Dist. LEXIS 40402, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing failure to respond to the defendant's argument as a concession to that argument).