CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>Defendants. | Case No.:20-CV-02373-ROS<br><br>REPLY BRIEF IN SUPPORT OF REQUEST FOR SUMMARY DISPOSITION OF MOTION TO COMPEL AGENCY DEFENDANTS TO ORGANIZE AND LABEL THEIR DOCUMENT PRODUCTION TO THE CATEGORIES OF PLAINTIFFS' REQUESTS PURSUANT TO LRCiv 7.2(i) |

On December 16, 2024, the Plaintiffs, Arizona Yagé Assembly and Winfield Scott Stanley, III ("Plaintiffs"), sent a deficiency letter raising issue with outstanding discovery obligations and requesting the Defendant Agencies to specifically comply with F.R.Civ.P. 34(b)(2)(E)(i) by identifying document request responses, narrowing future productions to relevant documents, and producing improperly withheld privileged documents. (Dkt. No. 273-1, Dean Decl. ¶ 9).

Despite Plaintiffs' repeated requests during meet-and-confers and email correspondence (*first initiated on December 20, 2023*), the Defendant Agencies have not cured the significant deficiencies in their written discovery responses and have yet to specify which productions of the voluminous "document dump," are responsive to Plaintiffs' document requests. (Dkt. 213-11; Dkt. 213-16; Dkt. No. 273-1, Dean Decl. ¶ 8-16).

On January 14, 2025, Plaintiffs filed a motion pursuant to F.R.Civ.P. 37(a)(3)(B), seeking an order compelling the Defendant Agencies to comply with F.R.Civ.P. 34(b)(2)(E)(i), organize and label their document production specifying which productions correspond to the specific categories in Plaintiffs' Requests and to produce a document production index of the same. (Dkt. No. 273). *Black v. Akins (In re Akins)*, 640 B.R. 721, 736 (Bankr. E.D. Cal. 2022).

Under Local Rule 7.2(c), Defendants had fourteen days from the date of service of which to serve and file a responsive memorandum in opposition to Plaintiffs' motion. Even though January 28, 2025, was the deadline for a timely response to Plaintiffs' motion, Defendants did not seek an extension of time. However, on January 16, 2025, Defendants' promptly declared their intention not to file a responsive memorandum.  (Dkt. No. 275.).

Local Rule 7.2(i) authorizes a court to dispose summarily of a motion if the nonmovant fails to serve and file the required answering memorandum. "[S]uch non-compliance may be deemed a consent to the denial or granting of the motion . . . ." *Gibson v. City of Phx.,* No. CV 12-01718-PHX-ROS (JZB), 2016 U.S. Dist. LEXIS 203178, at *2 (D. Ariz. June 8, 2016). The party opposing the discovery bears the burden of resisting disclosure. *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2022 U.S. Dist. LEXIS 191687, at *18-19 (E.D. Cal. Oct. 20, 2022), *citing Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

Defendants sought no order to excuse the willful default of their duty to file opposition under LRCiv 7.2(i). When presented with an argument for compelling discovery, silence is concession,[1] and the Defendant Agencies have conceded what it has no basis to oppose – that fulfillment of their discovery obligations requires supplemental responses specifying which documents are responsive to each of Plaintiffs' requests for production   The Government may not remain silent when served with motions, yet avoid the inevitable consequence all other litigants would suffer for such inaction.  Plaintiffs presented valid arguments to which the Defendant Agencies had no opposition. Accordingly, the Court may and should grant the motion and issue an order compelling the Defendant Agencies to comply with F.R.Civ.P. 34(b)(2)(E)(i), organize and label their document production specifying which productions correspond to the specific categories in Plaintiffs' Requests and further to produce a document production index of the same, as provided in the Proposed Order submitted herewith.

Dated: February 3, 2025

_____
MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly and
Winfield Scott Stanley III

---

[1] "The court construes … silence as a concession …." *Papasan v. Dometic Corp.*, No. 16-cv-02117-HSG, 2017 U.S. Dist. LEXIS 178749, at *54 (N.D. Cal. Oct. 27, 2017), citing *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 4:14-cv-03861 SC, 2015 U.S. Dist. LEXIS 101275, 2015 WL 4623710, at *4 (N.D. Cal. Aug. 3, 2015) and *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 U.S. Dist. LEXIS 40402, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing failure to respond to the defendant's argument as a concession to that argument).