CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly,  and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>———————— Defendants. ———————— | Case No.:20-CV-02373-ROS<br><br>REPLY BRIEF IN SUPPORT OF REQUEST FOR SUMMARY DISPOSITION OF MOTION FOR ORDER AMENDING THE COURT'S DISCOVERY DISPUTE RULE TO ALLOW THE FILING OF DISCOVERY MOTIONS PURSUANT TO LRCiv 7.2(i) |

From December 20, 2024 to January 12, 2025, Plaintiffs, Arizona Yagé Assembly and Winfield Scott Stanley, III ("Plaintiffs"), have received four joint statements from Defendants on separate issues, each requiring limited time to thoroughly research and prepare responses in order to avoid the prejudice of unilateral filing without articulating Plaintiffs' positions. (Dkt. No. 261; Dkt. No. 265; Dkt. No. 267; Dkt. No 274-1, Dean Decl. ¶¶ 15, 16).

From the first date Plaintiffs made initial efforts to raise issue with the deficiencies of Defendant's responses (December 20, 2023) until this action was

stayed (March 13, 2024), the joint statement dispute process was seemingly utilized by Federal Defendants to overwhelm Plaintiffs by strongly opposing any requests for extension of time while also asserting to this Court that Plaintiffs were intentionally delaying discovery. (Dkt. No. 274-1, Dean Decl. ¶ 18).

This Court has held that submission of unilateral discovery disputes is an improper and sanctionable deviation from the Court's discovery dispute procedures. *Faulkner v. Wausau Bus. Ins. Co.*, No. CV-10-01064-PHX-ROS, 2011 U.S. Dist. LEXIS 159294, at *2 (D. Ariz. Apr. 14, 2011). The unilateral filing of joint statements of disputes by the Federal Defendants is abuse of the procedure which has prejudiced Plaintiffs throughout this litigation and exacerbated the wide disparities in resources available to each party. (Dkt. No. 274-1, Dean Decl. ¶ 20).

On January 14, 2025, Plaintiffs filed a motion pursuant to F.R.Civ.P. 37(a)(3)(B), seeking the Court's intervention to ensure that this case proceeds on its merits and for an order granting relief that amends the Court's Discovery Dispute Rule and the Rule 16 Scheduling Order—for this action only—allowing the parties to file any motion permitted under F.R.Civ.P. Rule 26 and Rule 37, while abiding by the statutory requirements to certify efforts to meet and confer. (Dkt. No. 274). *Black v. Akins (In re Akins)*, 640 B.R. 721, 736 (Bankr. E.D. Cal. 2022).

Under Local Rule 7.2(c), Defendants had fourteen days from the date of service of which to serve and file a responsive memorandum in opposition to Plaintiffs' motion. Even though January 28, 2025, was the deadline for a timely response to Plaintiffs' motion, Defendants did not seek an extension of time. However, on January 16, 2025, Defendants' promptly declared their intention not to file a responsive memorandum unless and until the Court directs Defendants to respond. (Dkt. No. 275.).

Local Rule 7.2(i) authorizes a court to dispose summarily of a motion if the nonmovant fails to serve and file the required answering memorandum. "[S]uch non-compliance may be deemed a consent to the denial or granting of the motion . . . ." *Gibson v. City of Phx.,* No. CV 12-01718-PHX-ROS (JZB), 2016 U.S. Dist. LEXIS 203178, at *2 (D. Ariz. June 8, 2016).

Defendants sought no order to excuse the willful default of their duty to file opposition under LRCiv 7.2(i). The parties have fundamental disagreements regarding written discovery, and there are wide disparities in resources available to each party. While collaborative efforts to resolve disputes are possible, the meet and confer process requires a substantial amount of time and cooperation from both parties. In the absence of binding precedents, effective and competent advocacy in this case necessitates sufficient time for legal research and policy analysis to assist the Court in applying relevant legal principles. (Dkt. No. 274-1, Dean Decl. ¶20).

When presented with an argument for the necessity of motion practice in this action, silence is concession.[1] Rather than actually participate in the discovery process to fulfil their own outstanding discovery obligations or engage in meaningful efforts to sincerely resolve disputes during meet-and-confers, the Federal Defendants instead focused their time on "troubling the Court with four joint statements in this past month alone." (Dkt. No. 275; Dkts. 261, 265, 267, 270, 271). The Government may not remain silent when served with motions, yet avoid the inevitable consequence all other litigants would suffer for such inaction.

---

[1] "The court construes … silence as a concession …." *Papasan v. Dometic Corp.*, No. 16-cv-02117-HSG, 2017 U.S. Dist. LEXIS 178749, at *54 (N.D. Cal. Oct. 27, 2017), citing *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 4:14-cv-03861 SC, 2015 U.S. Dist. LEXIS 101275, 2015 WL 4623710, at *4 (N.D. Cal. Aug. 3, 2015) and *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 U.S. Dist. LEXIS 40402, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing failure to respond to the defendant's argument as a concession to that argument).

Plaintiffs presented well-reasoned arguments in good faith, asserting that allowing discovery motions in this case will: [1] create a comprehensive record for deliberation; [2] provide the parties sufficient time to read, research, analyze, and effectively critique the opposition; [3] prevent prejudicial surprise from the exploitation and abuse of the joint statement procedure; and [4] address the significant resource disparities between the parties. (Dkt. No. 274; Dkt. No. 274-1, Dean Decl. ¶ 20-23). Rather than substantively opposing these points, Defendants resort to attacking the character of Plaintiffs and their counsel, alleging that these arguments are merely "the latest episode in Plaintiffs' months-long pattern of delay," filled with misrepresentations and stemming from poor time management. (Dkt. No. 275).

Accordingly, the Court may and should grant the relief sought by Plaintiffs and issue an order amending the Court's Discovery Dispute Rule and the Rule 16 Scheduling Order—for this action only—allowing the parties to file any motion permitted under F.R.Civ.P. Rule 26 and Rule 37, while abiding by the statutory requirements to certify efforts to meet and confer, as provided in the Proposed Order submitted herewith.

Dated: February 3, 2025

_____

MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III