CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Cir.
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>vs.<br>Merrick Garland Attorney General of the United States; et al.<br><br>Defendants. | Case No.:20-CV-02373-PHX-ROS<br><br>SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT |

**SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT**

1

# DECLARATION OF MELISSA DEAN

Melissa Dean declares and affirms:

**1.** I am an attorney licensed to practice before all courts in the State of Florida, and admitted *pro hac vice* by this Court as counsel to represent Plaintiffs Arizona Yagé Assembly ("AYA") and Winfield Scott Stanley III ("Mr. Stanley") in their pursuit of fundamental rights protected under the Religious Freedom Restoration Act ("RFRA"). This declaration is submitted in support of Plaintiffs' Motion for extension of time to meet and confer (Dkt. No. 276) to provide this Honorable Court with a status report regarding the parties' efforts to meet and confer on the privilege log deficiency dispute. If called as a witness, I could and would competently testify to the matters stated herein.

### Current Status of Negotiations and Joint Statement Exchange

**2.** When Plaintiffs filed the Rule 6(b) motion for an extension of time to complete the meet-and-confer process on the joint statement, I estimated that this process could be completed by January 31, 2025. (Dkt. No. 276). In hindsight, this estimate was overly optimistic, as providing substantive responses to the nuanced privilege log dispute and the parties' differing positions on various other discovery issues have required significantly more time and effort than initially anticipated.

**3.** In response, Defendants delayed filing the "initiatory" joint statement unilaterally and opposed Plaintiffs' request for an extension of time. (Dkt. No. 277). Defendants also declined to negotiate any improvements to the privilege log, refused to narrow their document requests or provide ESI search terms, and rejected Plaintiffs' request to produce a privilege log on a rolling basis, asserting that Plaintiffs have waived their associational privilege by not complying with Order Dkt. No. 258. Nevertheless, Plaintiffs have continued to develop their ability to productively meet and confer in good faith to move

SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT

2

discovery forward. After our meet-and-confer this week, it appears Defendants are now willing to narrow the applicable time period of their requests, marking a meaningful step toward narrowing the demands.

**4.** Since filing the motion, I have been fully engaged in good-faith efforts to move the process forward. Specifically, I have undertaken the following tasks to facilitate meaningful discussions on Defendants' objections to Plaintiffs' timely-served categorical privilege log:

    a. **Meetings with Mr. Stanley:** On January 29 (5.5 hours) and January 31 (2 hours), I met with Mr. Stanley to review supplemental discovery responses and identify potential challenges in searching and responding. My co-counsel, Attorney Carreon, traveled from New Mexico to Arizona to participate in person, while I attended via video conference.

    b. **CLE and Federal Litigation Training:** I completed eight (8) hours of required basic skills courses on federal litigation, as mandated by the Florida Bar for young lawyers, to maintain my bar license. These courses were due by January 31, 2025.

    c. **DISCO Training and Document Review:** I completed three out of six basic skills training modules on the DISCO e-discovery platform. While additional training is required to achieve full proficiency, I also dedicated several hours to consulting with DISCO specialists to resolve technical challenges and gather essential information for Plaintiffs' productions. During this period, I spent approximately 17 hours on document review, including filtering out junk mail, identifying obvious attorney-client or work-product privileged documents, and organizing potentially responsive materials.

SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT

3

    d. **Attorney Carreon's ESI Training:** My co-counsel completed three CLE courses on e-discovery and ESI protocol development to stay current on best practices for managing large data sets.

    e. **Consultation with an ESI Specialist:** During Attorney Carreon's visit to Arizona, we met with Attorney Brian Chase, an Arizona-based ESI specialist, to discuss strategies and solutions for ESI review and production in this litigation. Mr. Stanley and I participated via video conference.

    f. **Meet-and-Confer:** I participated in meet-and-confer sessions with Defense counsel on January 27, 2025, and February 10, 2025, to discuss the ongoing discovery issues raised by Plaintiffs since December 2024, as well as the joint statement on the privilege log and exhibit redactions related to Defendants' motion to file under seal.

### Time and Effort Dedicated to this Matter

**5.** Since receiving Defendants' privilege log statement of dispute on January 10, 2025, I have devoted approximately 153 hours of legal work to this case while also attending to other matters within my case inventory. I have made every effort to prioritize and advance this matter thoroughly, diligently and efficiently.

**6.** Earlier today, while I was out of the office, I notified Defense counsel by email that Plaintiffs would be sending our positions for the joint statement regarding the privilege log deficiencies later in the afternoon. Upon returning to the office, I promptly emailed Defense counsel a copy of the joint statement draft, which included Plaintiffs' responses to all of Defendants' issues concerning the privilege log, as well as additional issues raised by Plaintiffs for Defendants' consideration. I reiterated that Plaintiffs remain open to meeting and conferring on these matters.

**SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT**

4

**7.** Given that Defendants will likely provide responses to the additional issues raised in Plaintiffs' latest draft, and to avoid burdening the record with incomplete statements, I have not attached a copy to this filing.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct.  Signed, February 14, 2025, at Orlando, Florida.

_____
Melissa Dean, Declarant

SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MEET AND CONFER: STATUS REPORT

5