CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br>        Plaintiffs, <br><br>    vs. <br><br>Merrick Garland Attorney General of the United States; et al. <br><br>        Defendants. | Case No.:20-CV-02373-ROS <br><br> EX PARTE MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER DKT. # 299 AND REQUEST FOR CONTINUANCE OF STATUS CONFERENCE |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Plaintiffs hereby give notice of their *ex parte* motion prior to the expiration of time for compliance, pursuant to F.R.Civ.P. 6(b)(1) for an extension of time of seven (7) days to allow plaintiffs to comply with the filing requirement of Order Dkt. # 299. Plaintiffs further request a continuance of the hearing set for April 16, 2025 at 3:00 p.m. until April 22, 2025 at 3:00 p.m., or some other date and time convenient to the Court's docket.

The grounds for the motion, as set forth in the Declarations of counsel of record Melissa Dean and Charles Carreon, and plaintiff Winfield Scott Stanley III, are that due to an unusual error in the receipt of ECF notices, neither Ms. Dean nor Mr. Carreon received notice of Order Dkt. # 299 until late Friday afternoon, when an exchange of emails with opposing counsel alerted them to the hearing.

Dated: April 14, 2025

MELISSA DEAN (1031982)
CHARLES CARREON (127139)
Attorneys for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III

# MEMORANDUM OF POINTS AND AUTHORITIES

**1. Relief Requested: A 7-day Extension to Respond to Defendants' Motion for Status Conference, and a Continuance of the Status Conference for an Equal Time Period**

This Court's Order, Dkt. # 229, gave plaintiffs until tomorrow, April 15, 2025, to file a response to the Defendants' Motion for Status Conference (Dkt. # 297.).

**2. This Rule 6(b) Motion is Properly Filed *Ex Parte* Prior to the Expiration of the Time for Plaintiffs**

Federal Rule of Civil Procedure 6(b)(1)(A) provides:

"When an act may or must be done within a specified time, the court may for good cause, extend the time: with or without motion or notice if the court acts, or **if a request is made, before the original time** or its extension expires." (Emphasis added.)

As the Ninth Circuit has emphasized, this rule—like all the Federal Rules—is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). Accordingly, such requests "should normally be granted in the absence of bad faith or prejudice to the adverse party." *Id.* at 1259; citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004); see also *Chapman v. Alverez*, 840 F. App'x 301, 302 (9th Cir. 2021).

"Good cause" is a "non-rigorous standard," but still requires the requesting party to provide a reasonable explanation as to why, despite the party's diligence, the set deadline cannot be met. *Fressadi v. Glover*, No. CV-16-03260-PHX-DJH, 2019 U.S. Dist. LEXIS 225357, *12 (D. Ariz. Jan. 14, 2019).

**3. The Circumstances of this Motion Compel its Granting**

This is exactly the kind of situation that Rule 6(b) was designed to address. Plaintiffs did not receive ECF notice of Order Dkt. 299, which set the deadline to respond to Defendants' Motion for Status Conference (Dkt. 297) and scheduled a hearing requiring cross-country travel. See Email from Attorney Carreon to Attorney Knapp, attached as Exhibit 4 ("Ex. 4"). The filing was made during Plaintiffs' lead counsel's noticed vacation, at a time when Defendants were fully aware that undersigned counsel was the designated point of contact.

See Declaration of Melissa Dean ("Dean Decl.") at ¶ 11. Yet Defendants made no effort to meet and confer, coordinate, or even notify counsel of their intended relief. See Email from Attorney Dean to Attorney Knapp, attached as Exhibit 3 ("Ex. 3"). By the time Plaintiffs discovered Order Dkt. 299—on the evening of Friday, April 11—nearly four of the seven available days to respond had already passed.

Despite the short notice, Plaintiffs acted immediately. Counsel reviewed the docket, identified the issue, contacted the ECF Help Desk to report the technical irregularity, and reached out to Defendants to request a short extension. Plaintiffs' request was both timely and reasonable. See Declaration of Charles Carreon ("Carreon Decl.") at ¶ 3–7. Defendants declined to stipulate, citing their own scheduling constraints, despite their prior knowledge of Plaintiffs' travel obligations and despite receiving multiple courtesy extensions themselves earlier in the litigation. Ex. 4.

The circumstances presented in this case are a virtual echo of the facts in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010)(reversing District Court's denial of a Rule 6(b) motion). In this case we have the following: (1) service of the motion during a time when Plaintiffs' counsel had a pre-announced absence from the office and had requested that no hearings be set for that time period (see Dkt. 292); (2) an expedited response time imposed not in response to a request for expedited hearing from the Defendants, but rather, sua sponte, in Order Dkt. 299; (3) relying on LRCiv 7.2(c), Plaintiffs' counsel had already calendared for a two-week response period (Dean Decl. at ¶ 2); (4) the large number of exhibits supporting the Defendants' motion, and (5) the Order's inclusion of a requirement for immediate live appearance hundreds of miles from plaintiffs' counsel's offices in New Mexico and Florida. Dean Decl. at ¶ 14; Carreon Decl. at ¶ 13; Exhibits 1 and 2.

The Ninth Circuit recited strikingly similar circumstances in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010): "Amir Cyrus Ahanchian's counsel moved for a one-week extension of time to file his opposition to defendants' summary judgment motion, citing as good cause: (1) the extremely short eight day response deadline (with three of those days falling over a federal holiday weekend) created by the combination of an unusual local rule and

MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER DKT. # 229
4

defendants' litigation tactics; (2) his preplanned absence, beginning the day defendants filed the motions, in fulfillment of an out-of-state commitment; and (3) the large number of supporting exhibits attached to defendants' motion. Defense counsel, without regard to the previous professional courtesies extended to him by Ahanchian's counsel, vigorously opposed the extension. Despite the presence of what most reasonable jurists would regard as good cause and the absence of prejudice to anyone, the district court denied the motion." *Ahanchian*, 624 F.3d at 1255.

Accordingly, the Ninth Circuit found the District Court's denial of the motion for extension of time to be an abuse of discretion: "The circumstances of Ahanchian's predicament clearly demonstrate the "good cause" required by Rule 6(b)(1). 'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259.

Further similarities with this case arise from the proper conduct of Plaintiffs' counsel, that mirror that of Ahanchian's lawyer: "Critically, the record is devoid of any indication either that Ahanchian's counsel acted in bad faith or that an extension of time would prejudice defendants. To the contrary, the record reflects that Ahanchian's counsel acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary and stipulating to defendants' earlier request for an extension of time to file their answer and to the twelve-week extension due to two [**18] defendants' late appearances." *Ahanchian,* 624 F.3d at 1260.

As shown by a cursory review of the docket searching for "6(b)," Plaintiffs have been denied courteous, reasonable extensions of time repeatedly, requiring Plaintiffs to draft and file costly, time-consuming briefs and declarations to obtain extensions of time that have repeatedly been granted because justly requested. The denial of courtesies to Plaintiffs' counsel, and the endless drumbeat of ad hominem arguments to the District Court, accusing Plaintiffs of delay and obstructionism merely for exercising rights of appellate review, have become de rigeur for the AUSA's assigned to this case.

*Ahanchian* was applied in *Chapman v. Alverez*, 840 F. App'x 301(9th Cir. 2021)(reversing denial of prisoners' Rule 6(b) motion to file opposition to motion to dismiss Section 1983

action for deliberate indifference to medical needs). The Ninth Circuit held: "The district court denied Chapman's timely request for an extension of time … because it found Chapman was acting in bad faith [even though] Chapman stated he needed an extension of time to obtain documentation from prison officials regarding the reason he failed to attend his deposition [because] was taken to the infirmary around the time of the deposition." *Chapman v. Alverez, at id*,. citing *Ahanchian* for the principle that "extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party." Defendants can show no cognizable prejudice that would warrant denial of this motion.

Plaintiffs request only the full seven days contemplated by the Court's Order expediting response to the motion, due to an ECF notice failure. No cognizable prejudice to Defendants will result from granting this motion. The only consequence of denying this motion would be to reward Defendants' strategic maneuvering while depriving the Court of full briefing on the merits. The Court may not reward Defendants for filing an entirely unnecessary motion, to which Plaintiffs would have stipulated (see Declaration of Winfield Scott Stanley, III), or for refusing a reasonable extension requested after the non-receipt of notice of Order Dkt. # 299 by Plaintiffs' counsel (see Carreon Declaration; see also Ex. 4). Given the panoply of circumstances converging to deprive Plaintiffs of adequate preparation time, so similar to the facts in *Ahanchian*, a denial of this motion would be a clear abuse of discretion. Accordingly, the Court is respectfully requested to grant the motion, that will allow Plaintiffs to litigate the issues properly and provide the Court with full and complete briefing on the pending discovery and other procedural issues.

**4. Plaintiffs' Response Will Be More Substantive, Better Supported, and More Useful to the Court if Given the Full One Week Granted by the Court's Order Dkt. # 299**

"Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case." *Ahanchian*, 624 F.3d at 1263. Some of the arguments that will be presented more expansively in Plaintiffs' final responsive brief are as follows.

Although the Defendants complain about Plaintiffs' exercise of their mandamus rights, this was proper and resulted directly in the abrogation of Order Dkt. 220 through the issuance of Order Dkt. 258, that acknowledged the legitimacy of the First Amendment Associational Privacy claim previously asserted to an unresponsive court, as reflected in its erroneous rulings denying the existence of First Amendment privilege in Order Dkt. 220. In Order Dkt. 258, the District Court abrogated the decisions it had made in Order Dkt. 220, and gave Plaintiffs a month to prepare a Categorical Privilege Log identifying the privileged documents and information in possession of Plaintiffs. The significance of the District Court's *sua sponte* reconsideration and abrogation of Order Dkt. 220 must not be overlooked; however, that is precisely what the Defendants are seeking to elide from this Court's view.

There is no legal significance to be drawn from Supreme Court's declining Plaintiffs' Petition for Certiorari from the Ninth Circuit's denial of Plaintiffs' petition for writ of mandamus does not reflect negatively on the merits of the case. Indeed, as Justice Brennan observed, the Supreme Court frequently declines to hear cases of substantial merit. Therefore, the fact that the Supreme Court has not reviewed the case implies nothing about the strength or legitimacy of Plaintiffs' claims. It should also be emphasized that the DOJ itself is among the most frequent users of the mandamus remedy, and its attempts to disparage Plaintiffs' legitimate use of procedural rights under the Federal Rules of Civil Procedure demonstrate a significant measure of institutional arrogance. Greater significance should be given to the fact that the Ninth Circuit stayed the action almost immediately upon the filing of Plaintiffs' Petition for Writ of Mandamus.

Plaintiffs remain fully compliant with all existing court orders. As evidence of compliance, Plaintiffs point to the joint statement initiated by Defendants, which sought to compel immediate answers to interrogatories and document requests before Plaintiffs were required to prepare their Categorical Privilege Log —requests to which Plaintiffs had raised no objections during appellate litigation—and Judge Silver's decision to completely disregard this submission. See Dkt. 261 at page 2 of 4. Clearly, since even Judge Silver, who issued

Order Dkt. 220, had no interest in enforcing it, the order is no longer the law of the case, and should exercise no further influence on this Court.

Another matter about which this Court should be informed is that Proposed Intervenor Taylor Cox's appeal (Dkt. 262) of the denial of his Motion to Intervene as class representative of 5,239 members and donors of AYA (Dkt 251). If Cox's appeal is granted, the class will be able to present arguments regarding not only associational privacy rights but also asserting their claims under the Fifth Amendment, Fourth Amendment, the Religious Freedom Restoration Act (RFRA), and 5 U.S.C. § 702. After Taylor Cox filed his brief, that narrates the convoluted history of this case at some length, the Ninth Circuit manifested interest in the case, requesting the submission of paper briefs and the excerpts of record. Defendants will be filing their reply brief in May, and Plaintiffs will file their optional reply brief shortly thereafter. Accordingly, a decision may be expected in the summer or early fall. Accordingly, rulings that may run contrary to the Ninth Circuit's anticipated decision should be avoided in the interests of judicial efficiency.

All of the above arguments, and likely some not yet articulated, merit detailed discussion, with more detailed factual and precedential citations. Such cannot be presented without the additional time requested herein. According, Rule 6(b) jurisprudence compels the granting of this motion.

**5. Defendants Oppose this Motion**

As soon as plaintiffs' counsel discovered Order Dkt. 299, on the evening of Friday, April 11th, they immediately notified opposing counsel of the intent to make this motion, and requested that the Defendants not oppose it. Defendants immediately responded that they would oppose.

**6. Conclusion**

Plaintiffs have shown good cause for the Court to grant the requested relief by issuing an Order in the form submitted herewith, and the same is respectfully requested.

Dated: April 14, 2025                                        MELISSA DEAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        _____
        MELISSA DEAN (FLB #103182)
        Attorney for Plaintiffs
        Arizona Yagé Assembly,
        Winfield Scott Stanley III
        *Pro hac vice*