IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

The Court is in receipt of Plaintiffs "Ex Parte[1] Motion for Extension of Time to Comply with Order Dkt. #299 and Request for Continuance of Status Conference" ("Motion for Extension of Time") (Doc. 300).

This five-year old case was transferred to the undersigned on March 14, 2025, with multiple discovery disputes pending. On April 7, 2025, Defendants requested a Motion for Hearing or Conference to discuss these outstanding discovery issues. (Doc. 297). Defendants specifically asked that the status conference be held prior to April 21 due to staffing changes in the U.S. Department of Justice that are scheduled to take place on that day. (*Id.*) Defendant's Motion, though ostensibly just for a status conference, also argued at length that Plaintiff had engaged in discovery misconduct by delaying and failing to respond to discovery requests throughout this matter. (*Id.* at 3–18).

On April 8, 2025, the Court set in-person Status Conference on April 16, 2025, and

---

[1] It is unclear what Plaintiffs mean by "ex parte," which traditionally denotes a request is being made without notice or service to the non-movants. Service of this motion upon Defendants was completed upon Plaintiffs' proper filing of the motion through the ECF system. Fed. R. Civ. P. 5(b)(2)(E).

directed Plaintiffs to respond to the substance of Defendants' Motion on or before April 15, 2025. (Doc. 299).

Plaintiffs filed their Motion for Extension of Time late in the evening on April 14, 2025. (Doc. 300). Therein, Plaintiffs accuse the Defendants of gamesmanship in requesting the status conference, which they say they would have agreed to if asked. (*Id*.) Plaintiffs say Defendants waited until they knew lead counsel was on vacation "at a time when Defendants were fully aware that undersigned counsel was the designated point of contact." (Doc. 300 at 3). They further say that due to "an ECF notice failure" they did not "discover" the Court's April 8 Order directing a response until the evening of April 11 and therefore they lost days in preparing their response. (*Id*. at 4).[2]

Though new to this matter, the Court is already seeing a disturbing trend by counsel of noncompliance with Court orders and Local Rules, and frankly, of making mountains out of molehills for otherwise straightforward requests. Most recently, Defendants filed an 18-page motion for a status conference—and apparently did so without first asking Plaintiffs if they would stipulate to the request. Plaintiffs, instead of using their time to prepare a timely response, filed a 9-page motion for extension of time, supported by three affidavits and five unnecessary exhibits. Inexplicably, Plaintiffs say they would have agreed to the status conference had they been asked, but they now object to it.

These approaches are not a good use of the parties' or the Court's time. For its part, the Court has spent a significant amount of time reviewing the pending discovery disputes and identifying efficient ways forward for the parties. It is the Court's intent to discuss these issues at the April 16 Status Conference. To that end, Plaintiffs' request to continue the status conference will be denied.[3] The Court will also *sua sponte* amend its prior Order (Doc. 299) requiring Plaintiffs to respond to the remaining *substance* of Defendants'

---

[2] The docket reflects that all counsel were electronically noticed of the April 8 Order.

[3] Plaintiffs suggest that appearing in person for the status conference will be burdensome but have not filed a motion to appear virtually. Plaintiffs have counsel of record in California, New Mexico, and Florida. The Court intentionally set an in-person Status Conference. The Court nevertheless stated that a request to appear virtually would be considered upon substantially justification showing why the in-person appearance would not be possible. (Doc. 299). No party has made a request to appear virtually.

1 Motion, which largely argues Plaintiffs have engaged in discovery misconduct.
2 Defendants' Motion ultimately seeks what the Court has already granted: a status
3 conference to discovery outstanding discovery disputes. This is what the parties should
4 come prepared to discuss. (*See* Doc. 297 at 16). Accordingly, Plaintiffs' request for an
5 extension of time to respond will be denied as moot.

6 Accordingly,

7 **IT IS ORDERED** that a Status Conference having been set (*see* Doc. 299), the
8 Clerk shall **terminate** Defendants' Motion for Hearing (Doc. 297).

9 **IT IS FURTHER ORDERED denying** Plaintiffs' Motion for Extension of Time
10 (Doc. 300). The April 16, 2025, Status Conference is **affirmed**. The parties shall come
11 prepared to discuss their outstanding discovery disputes.

12 Dated this 15th day of April, 2025.

Honorable Diane J. Humetewa
United States District Judge