CHARLES CARREON (CSB #127139)
7 N, Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLB #1031982) Pro Hac Vice
111 N. Orange Ave., Ste. 800
Orlando, Florida 32801
Tel:772-919-2748
Email: melissadeanesq@gmail.com

Attorneys for Plaintiffs
Arizona Yagé Assembly and
Winfield Scott Stanley III

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA YAGÉ ASSEMBLY; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>PAMELA BONDI, Attorney General of the United States, *et al.*,<br><br>    Defendants. | No. CV-20-02373-PHX-DJH<br><br>**PLAINTIFFS' NOTICE OF OUTSTANDING DISCOVERY ISSUES FOR APRIL 16, 2025 STATUS CONFERENCE** |

Pursuant to the Court's April 15, 2025 Order (Dkt. 301), Plaintiffs respectfully submit this summary of outstanding discovery issues and procedural context in advance of the April 16, 2025 Status Conference. Plaintiffs appreciate the Court's clarification that the parties should come prepared to discuss discovery matters and intend for this filing to assist in that process.

While Plaintiffs were not opposed to the necessity of a status conference (Dkt. 300), they note that Defendants' Motion (Dkt. 297) raised substantive allegations regarding discovery conduct and appeared to seek premature adjudication of unresolved disputes. Plaintiffs respectfully clarify the record below, and offer this summary to facilitate efficient discussion of pending matters.

## **INTRODUCTION**

This litigation is at a constitutional crossroads. Plaintiffs have consistently invoked First Amendment associational and religious privileges and articulated that compelled disclosure of personal or institutional information to Defendants would immediately chill participation in the Arizona Yagé Assembly ("AYA") and its Intervenor members. On February 22, 2024, the Court issued Order Dkt. 220, compelling Plaintiffs to fully respond and produce non-redacted and non-anonymized documents. Plaintiffs, AYA and Mr. Stanley, immediately sought appellate review of their associational privacy claims; the Intervenors' associational privacy claims are now pending before the Ninth Circuit, Case No. 25-41. (Dkt. 15.1).

However, Defendants' discovery demands were never subjected to exacting scrutiny or assessed for proportionality under Rule 26. Compliance with those demands—particularly regarding broad, undefined categories of electronically stored information (ESI)—would impose an undue burden. In ESI-driven cases, the Federal Rules require parties to negotiate search protocols and integrate ESI procedures into the Rule 16 scheduling framework. (See Declarations, Dkts. 288-2, 288-3, 288-4). These disproportionate demands are unworkable without such safeguards.

The Court implicitly recognized this in December 2024 when it issued Order Dkt. 258, directing Plaintiffs to produce a categorical privilege log and suspending compelled disclosure under Dkt. 220 until Plaintiffs' constitutional objections could be resolved. Plaintiffs have since

complied in good faith—producing discovery responses, declarations, and church documents—culminating in the privilege log mandated by Dkt. 258. This log, together with Plaintiffs' propounded discovery to Defendants, is designed to provide the Court with a complete factual record on which to apply exacting scrutiny. Yet Defendants have not responded to foundational discovery concerning their asserted government interests or the alleged basis for seeking member and owner identities. (See Dkt. 272).

Central to the outstanding discovery issues at this juncture is Plaintiffs' Motion for Order to Show Cause (Dkt. 288) where Plaintiffs are ultimately seeking judicial intervention to accommodate their limited means and to control the time and intensity of discovery. Specifically, Plaintiffs are seeking a protective order on three grounds under: [1] Rule 26(b)(2) to prevent discovery violative of First Amendment privilege, [2] Rule (b)(2)(B) to prevent discovery from becoming a tool of financial coercion, [3] Rule 26(b)(1) to prevent disproportionate demands of discovery outside the permissible scope of the rules.

## **OUTSTANDING DISCOVERY ISSUES**

**I.   DEFENDANTS' DISCOVERY CONDUCT**

- Defendants produced over 20,000 pages of ESI without metadata or organizational structure, impeding review and prompting Plaintiffs' Motion to Compel under Rule 34. (Dkt. 273).
- Plaintiffs noticed the DEA's Rule 30(b)(2) deposition, but Defendants did not confer on topics, scope, or designate a witness. (Dkts. 260, 270, 272, 275).
- Defendants have not provided complete written discovery responses or updated Rule 26 disclosures. (Dkt. 272; 288).

**II.  PLAINTIFFS' CONSTITUTIONAL OBJECTIONS**

- Plaintiffs assert First Amendment associational privacy and RFRA protections concerning the scope of any compelled production or testimony regarding internal church leadership, religious doctrine, membership, and donor information. (Dkts. 273, 288; 291; Intervenors' Brief, Dkt. 15.1).

- Plaintiffs have produced a privilege log to Defendants in good faith, subject to evolving dispute scope objections and clarification requests. (Dkt. 258; 276; 279; 287; 291).
- Plaintiffs have not refused discovery but have instead sought limited procedural protections and clarification to prevent premature, burdensome disclosures and seek adjudication of these objections via a pending Motion for Protective Order and Ninth Circuit Appeal. (Dkts. 272; 273; 288; 15.1).

### III. PROCEDURAL HISTORY AND PLAINTIFFS' GOOD FAITH

**a.** Plaintiffs have not refused discovery; they have produced relevant documents, thoroughly responded to written requests and sought limited procedural safeguards while preserving constitutional objections. (Dkts. # 272, 273, 288).

**b.** Plaintiffs have complied with their duties to respond to Defendants written discovery requests and requests for production. (Dean Declaration, Dkt. 288-4 at ¶ 2.a–j).

**c.** Plaintiffs have sought to narrow, not expand, the scope of disputes by proposing procedural solutions and extensions grounded in fairness and case management efficiency. (Dkts. # 268; 274; 276).

**d.** Plaintiffs timely filed motions to address gridlock over joint dispute procedures and meet-and-confer challenges. (Dkts. # 261; 267; 270; 291; 272, 273, 274, 288; 290).

**e.** Plaintiffs timely moved to extend time to meet and confer over parties' joint proposed Rule 16 Scheduling Order. Defendants declined to stipulate to an extension (Dkts. # 268; 276; 277).

### IV. INTERVENORS' APPEAL AND NINTH CIRCUIT PROCEEDINGS

- A related appeal is pending before the Ninth Circuit concerning associational privacy. (Dkt. 15.1). Plaintiffs respectfully request that the Court refrain from issuing rulings that would prejudice Intervenors or compel discovery on related matters pending the appeal.

### V. REQUESTED APPROACH

Defendants request that the Court impose deadlines for completion of discovery, require certifications, and revise the Rule 16 schedule—all before the Court rules on the constitutional

objections at issue. These requests would cause irreparable harm to Plaintiffs and Intervenors. Premature enforcement of discovery, certifications, or sanctions would trample on those rights and disrupt the appellate process.

Plaintiffs will be prepared to address these matters at the Status Conference set for April 16, 2025, and respectfully request that the Court consider this submission as a good-faith effort to aid the orderly and efficient presentation of the remaining discovery issues in this case. Accordingly, Plaintiffs respectfully request that the Court:

1. Decline to adopt factual findings based solely on Defendants' framing in Dkt. 297.
2. Compel Defendants to designate a Rule 30(b)(6) deponent for the DEA;
3. Adjudicate Plaintiffs' Motion for Order to Show Cause using the exacting scrutiny standard required by *Americans for Prosperity v. Bonta*;
4. Defer resolution of pending discovery disputes until the Motion for an Order to Show Cause is adjudicated. (Dkt. 288);
5. Establish a defined ESI protocol, including negotiated search terms and metadata exchange procedures to be incorporated into the forthcoming Rule 16 scheduling order;
6. If appropriate, continue discussions after new DOJ counsel enters an appearance; and
7. Preserve the status quo as to Intervenors-related discovery while appellate proceedings are ongoing.

Dated: April 16, 2025

CHARLES CARREON
/s/Charles Carreon
CHARLES CARREON (127139)

Attorney for Plaintiffs
Arizona Yagé Assembly, and
Winfield Scott Stanley III

**PLAINTIFFS' NOTICE OF OUTSTANDING DISCOVERY ISSUES FOR STATUS CONFERENCE**