# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

This matter was reassigned to the undersigned on March 14, 2025. (Doc. 296). On April 16, 2025, at Defendants' request, the Court held a Status Conference (Doc. 305) to discuss multiple outstanding discovery issues, including the issues raised in:

- the Parties' March 8, 2024, Joint Statement of Dispute over Plaintiffs' Responses to Defendants' Second Set of Interrogatories (Doc. 225);
- the Parties' December 20, 2024, Joint Statement of Dispute Over Plaintiffs' Outstanding Discovery Obligations (Doc. 261);
- Defendants' January 2, 2025, Statement on Defendants' Objection to Plaintiffs' 30(b)(6) Deposition Notice of DEA (Doc. 265);
- the Parties' January 13, 2025, Joint Statement of Disputes Regarding Rule 16 Scheduling Order (Doc. 271);
- Plaintiffs' January 14, 2025, Motion to Compel Deposition and Production of Documents (Doc. 272);
- Plaintiffs' January 14, 2025, Motion to Compel Defendants to Organize and Label Their Document Production (Doc. 273);
- Plaintiffs' January 14, 2025, Motion for Order Amending the Court's Discovery Dispute Rule to Allow the Filing of Discovery

- Motions (Doc. 274);
- Plaintiffs' March 5, 2025, Motion for Protective Order and Motion for Order to Show Cause (Doc. 288); and
- the Parties' March 6, 2025, Joint Statement of Dispute Regarding Plaintiffs' Privilege Log (Doc. 291).

(*See* Doc. 297 at 16).

As noted in the Court's Minute Entry following the conference (Doc. 305), the Court **denied** Plaintiffs' Motions (Docs. 272, 273, 274, and 288) for being in violation of the governing discovery dispute protocol and found Plaintiffs' motion for extension of time (Doc. 276) and Defendants' motion for leave to file under seal (Doc. 279) **moot**.

With regard to the remaining issues, and as discussed during the Status Conference, the Court **ORDERS AS FOLLOWS**:

1. Regarding Defendants' Objection to Plaintiffs' 30(b)(6) Deposition Notice of DEA (Doc. 265), Plaintiffs must comply with Rule 45(d)(3)(A)(iii) to properly serve the Rule 30(b)(6) witness.  The Court sustains Defendants' objection that Plaintiffs' proposed areas of examination on pages 9–15 seek privileged information or legal conclusions or are otherwise improper areas of examination for a 30(b)(6) witness.  To the extent any of these questions will produce discoverable information and not legal conclusions, Plaintiffs are directed to propound them as requests for production.  Plaintiffs' Notice of Deposition (Doc. 260) is therefore **STRICKEN** without prejudice to refile as stated above.

2. With regard to the Rule 16 Scheduling Order dispute (Doc. 271), the Court withholds a ruling.  Within twenty-one (21) days of this Order, the parties shall meet and confer and submit (A) a renewed Rule 26(f) Report; (B) a proposed ESI protocol to govern their discovery; and (C) proposed search terms for outstanding requests for production and other discovery.

3. Regarding the disputes over Plaintiffs' Responses to Defendants' Second Set of Interrogatories (Doc. 225), the Court finds as follows:

- Unless a shorter time period is stated in an interrogatory, the applicable time period is from 2015 to the present.

- Interrogatory #2(i) – Plaintiffs shall supplement their answer by identifying who, by name, determines a "sincere applicant" and/or membership determination. Since Plaintiff Stanley says he is the "final authority," Plaintiffs must identify the person or persons who make the recommendations.
- Interrogatory #3 – Plaintiffs shall utilize the relevant time period and will supplement responses as to who made decisions, who trained others, and who responded to the 2023 incident.
- Interrogatory #4 – Plaintiffs shall supplement to include all information and identify documents that Arizona Yage Assembly ("AYA") conveys to members and participants about effects and risks of ayahuasca use.
- Interrogatory #6 –Defendants' objections to Plaintiffs' responses are too vague. Defendants must identify which of Plaintiffs' answers are nonresponsive and state the relevance of the questions which Plaintiffs are nonresponsive to.
- Interrogatory #7 – Plaintiffs must supplement with the facilitators' identifications, what medical training they have, and if they have experience in ayahuasca administration.
- Interrogatories ## 10 & 11 – Plaintiffs objections are sustained. Defendants may separately inform the Court and Plaintiffs about the relevance of "Kambo" ceremonies so the Court can assess whether responses are necessary.
- Interrogatory #12 – Plaintiffs must supplement their response to include information regarding AYA's corporate structure and corporate officers.
- Interrogatory #13 – The Court finds this interrogatory overbroad. Defendants must narrow their question or withdraw it.

4. Regarding the Parties' dispute over Plaintiffs' outstanding discovery obligations (Doc. 261), the Court will reserve ruling on the dispute (and the specific

objections that Defendants raised with regard to Plaintiffs' failure to respond to Defendants' third set of interrogatories) until after the parties meet and confer regarding their renewed case management plan, ESI protocol, and search terms. If a bona fide dispute remains thereafter, the parties may renew their notice.

5. With regard to the parties' dispute over Plaintiffs' privilege log (Doc. 291), the Court agrees with the Defendants that neither the Court or Defendants can appropriately assess whether a First Amendment associational privilege applies to the sources of data and large categories of documents identified by Plaintiffs in their privilege log. The Court is concerned that Plaintiffs have not made use of an e-technology vendor or identified search terms to assist in identifying relevant documents in the sources they identify in their log. During the Conference, Plaintiffs acknowledged that nearly all relevant documents in this matter are held electronically, yet Plaintiffs could not explain why these basic first steps in conducting e-discovery were not taken long ago and it remains unclear to the Court why the parties have not worked together to discuss and finalize such protocols as the matter has progressed. Nevertheless, because this matter was just recently reassigned to the Court, and because the Court is instructing the parties to meet and confer to propose both an ESI protocol and search terms, Plaintiffs will be allowed one more opportunity (1) to produce those documents in the identified sources of data that are not covered by the First Amendment privilege, and (2) to produce a revised privilege log that sufficiently describes the nature of any withheld documents "in a matter that, without revealing information itself privilege or protected, will enable other parties to assess the privilege claim." Rule 26(b)(5)(A)(ii). **Plaintiffs are on notice that failure to adequately describe privilege documents in Plaintiffs' renewed privilege log is likely to result in Plaintiffs' waiver of the privilege**.[1]

---

[1] At 1:55 p.m. on the day of the Status Conference, Plaintiffs filed a "Notice of Outstanding Discovery Issues for April 16, 2025, Status Conference" (Doc. 304) that the Court did not have an opportunity to review prior to the 3:00 p.m. hearing. Therein, Plaintiffs responded to the discovery issues that were discussed during the Conference, but also asked that the Court withhold its rulings "on the constitutional objections at issue" until the Court issues new discovery deadlines. This Order directs the parties to meet and confer and submit new case management deadlines, an ESI protocol, and search terms within 21 days. Plaintiffs' revised privilege log shall be produced and exchanged either before or concurrently with

**IT IS FURTHER ORDERED** that the parties must supplement their interrogatory questions and answers as set forth above **within thirty (30) days of the hearing**.

**IT IS FINALLY ORDERED** that pursuant to Local Rule 72.1, this matter is referred to United States Magistrate Judge Eileen S. Willett for all pretrial proceedings, including a revised Scheduling Order.

Dated this 18th day of April, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge

---

Plaintiffs' responses to Defendants' propounded discovery.  The Court declines to stay this matter pending the interlocutory appeal on the intervenor issue.