# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Pending before the Court is the Joint Case Management Report (Doc. 317) filed by the parties on May 9, 2025. The Court has reviewed the parties' positions regarding the issues concerning Plaintiffs' associational privacy privilege assertions and privilege log requirements.

The Court previously ordered Plaintiffs to assert First Amendment associational privacy privilege objections in a categorical privilege log. (Doc. 258.) In April 2025, the Court further ordered Plaintiffs to revise their privilege log to provide greater specificity as to the allegedly privileged documents. (Doc. 309.) In that Order, the Court expressly warned that "Plaintiffs are on notice that failure to adequately describe privilege documents in Plaintiffs' renewed privilege log is likely to result in Plaintiffs' waiver of the privilege." (*Id.* at 4.)

After considering the Joint Case Management Report (Doc. 317) and the docket,

**IT IS ORDERED that:**

1. Plaintiffs **SHALL** submit a revised privilege log no later than **May 16, 2025** that fully complies with this Court's prior Orders and Federal Rule of Civil Procedure 26(b)(5).

2. The revised privilege log must include, at minimum:[1]
   a. Category identification information (e.g., document type, general time frame, typical authors and recipients, and general subject matter) sufficient to assess the claim of privilege;
   b. Specific identification of the privilege or protection being claimed;
   c. A detailed explanation of how each category of documents satisfies the elements of the privilege being asserted;
   d. For categories of documents over which associational privacy privilege is claimed, a specific explanation of how disclosure would burden Plaintiffs' associational rights.

3. The privilege log shall **NOT** rely on broad categorical descriptions that fail to allow Defendants and the Court to evaluate the appropriateness of each privilege claim.

4. Failure to submit a complete and adequate privilege log by **May 16, 2025**, will result in **WAIVER** of any privileges not adequately described, and Plaintiffs will be required to produce all such documents for which privileges have been waived within **fourteen days** thereafter.

Dated this 13th day of May, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge

---

[1] *See, e.g., MJG Enters., Inc. v. Cloyd*, No. 2:10-CV-00086-TMB, 2012 WL 12964345, at *2 (D. Ariz. Oct. 30, 2012) (recounting that privilege logs "must include the following information for each document: (1) the author(s); (2) the nature or type of document; (3) the names of all individuals who were shown, sent, received, or informed of the substance of the document; (4) the date of the document; and (5) the subject matter of the document").