# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

The Court's April 18, 2025 Order directed Defendants to: (i) identify which of Plaintiffs' answers are nonresponsive to Interrogatory #6 and state the relevance of the questions which Plaintiffs are nonresponsive to; (ii) separately inform the Court and Plaintiffs about the relevance of "Kambo" ceremonies in relation to Interrogatories #10 and #11; and (iii) narrow Interrogatory #13 or withdraw it. (Doc. 309 at 3.) The Court has reviewed Defendants' "Supplementation of their Second Set of Interrogatories" (Doc. 320), which was timely filed on May 16, 2025.

In their Supplementation (Doc. 320 at 4), Defendants have specifically identified subparts 6(a), 6(b), 6(c), 6(d), 6(e), and 6(g) of Interrogatory #6 as nonresponsive and detailed the relevance of each subpart. Defendants explain that Plaintiffs have failed to provide: (i) the names of specific importers/exporters and recipient; (ii) the actual address where ayahuasca will be shipped; (iii) the specific quantity and physical form of imported ayahuasca; and (iv) the identity of the manufacturer of the ayahuasca and location of the

manufacturing; (v) detailed transportation plans for moving the controlled substance from receipt to ceremony locations; and (vi) the specific physical locations where DEA registration is sought. (*Id.* at 4-7.)

The Court finds that Defendants have sufficiently identified the deficiencies in Plaintiffs' responses and established the relevance of each subpart of Interrogatory #6 to issues central to this action. The Court will require Plaintiffs to provide complete responses to subparts 6(a), 6(b), 6(c), 6(d), 6(e), and 6(g) of Interrogatory #6.

Regarding Interrogatories #10 and #11 concerning Kambo ceremonies, the Court previously sustained Plaintiffs' objections but allowed Defendants to provide additional explanation of relevance. (Doc. 309 at 3.) In their Supplementation, Defendants persuasively explain that: (i) AYA publicly represents that it offers both ayahuasca and Kambo ceremonies; (ii) the relationship between these ceremonies is relevant to assessing the sincerity of Plaintiffs' religious beliefs, which is a key element of their RFRA claim; and (iii) there are public health and safety concerns related to Kambo ceremonies, as evidenced by reported deaths in similar contexts. (Doc. 320 at 10-11.)

The Court finds that Defendants have sufficiently established the relevance of Interrogatories #10 and #11. The Court will require Plaintiffs to provide responses to Interrogatories #10 and #11.

The Court previously found Interrogatory #13 overbroad. (Doc. 309 at 3.) Defendants have revised Interrogatory #13 to narrow its scope. (Doc. 320 at 14.) Revised Interrogatory #13 seeks information only about Plaintiff Stanley's involvement with other churches, congregations, denominations, religious organizations, sects, or spiritual organizations apart from AYA. The Court finds that revised Interrogatory #13 is appropriately limited in scope and is relevant to the assessment of Plaintiffs' RFRA claim. Plaintiffs shall respond to revised Interrogatory #13.

Additionally, the docket reflects that Plaintiffs have filed a Certificate of Substantial Compliance (Doc. 321) regarding the privilege log. The Court will direct the parties to meet and confer regarding any disputes concerning privilege assertions before seeking

Court intervention.

**IT IS ORDERED** that Plaintiffs shall provide complete responses to subparts 6(a), 6(b), 6(c), 6(d), 6(e), and 6(g) of Interrogatory #6, Interrogatories #10 and #11, and revised Interrogatory #13 no later than **June 6, 2025**.

**IT IS FURTHER ORDERED** that by **June 13, 2025**, the parties shall meet and confer regarding any disputes concerning Plaintiffs' privilege log and file a Joint Statement addressing any remaining disputes by **June 27, 2025**.  **The Joint Statement shall not exceed twenty pages (ten pages per side).**

Dated this 22nd day of May, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge