IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly et al., <br><br> Plaintiffs, <br><br> v. <br><br> Pamela Bondi, Attorney General of the United States, et al., <br><br> Defendants. | No. CV-20-02373-PHX-DJH-ESW <br><br> **ORDER** |

The Court has reviewed the parties' "Stipulated Clawback Agreement and Federal Rule of Civil Procedure 502(d) Order" (Doc. 324). For good cause shown,

**IT IS ORDERED** granting the parties' Stipulation (Doc. 324).

**IT IS FURTHER ORDERED** that pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, that the inadvertent production of information or documents (or part of a document), shall not constitute a waiver of any privilege or protection as to that information or any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this action or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), law enforcement privilege, any other governmental privileges, and any other applicable privilege. Nothing in this Order shall constitute an admission that any information or document disclosed in this litigation is

1

subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. The Party asserting any such privilege or protection bears the burden of establishing that it applies.

This Order shall provide additional protections beyond the provisions of Federal Rule of Civil Procedure 502(b)(1) and (2). That is, the inadvertent disclosure of privileged or protected information, as described above, in this action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**I.    DEFINITIONS**

1. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staff).

2. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. "Designating Party" shall mean the person, Party, or Non-Party who designates information or documents as "Protected Information."

4. "Producing Party" shall mean the person, Party, or Non-Party producing discovery in this action.

5. "Receiving Party" shall mean any party who receives or is shown discovery in this action.

6. "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

**II.   PROCEDURES**

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. The Producing Party retains the burden of establishing the privileged or protected nature of any produced information or document for which a privilege or protection is asserted. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party.

2. If a Party or Non-Party discovers that it has received a document, or part thereof, produced by another party that is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then promptly return the document or destroy it (to the extent reasonably technically feasible, if the document is stored on a computerized system or is incorporated into another document) and certify that it has been destroyed to the Producing Party. The Receiving Party must also promptly identify, sequester, and destroy any notes, summaries, or other written materials about the document (to the extent reasonably technically feasible, if the document is stored on a computerized system or is incorporated into another document).

3. If the Producing Party determines that a document produced, or part thereof, is subject to privilege(s) or other protections, the Producing Party shall give the Receiving Party notice of the claim of privilege or protection ("Privilege Notice").

4. The Privilege Notice must contain information sufficient to identify the specific document, including, if applicable, a Bates number, as well as identification of the privilege asserted and its basis.

5. Upon receiving the Privilege Notice, if the Receiving Party accepts the privilege assertion made, the Receiving Party must promptly follow the procedures set forth in Paragraph II.2 above applicable to a Receiving Party's own discovery of a document's privileged or otherwise protected nature. Such acceptance shall not operate as an admission that the claimed privilege or protection applies, nor shall it prejudice in any way a Party's ability to challenge a claim of privilege or protection in the future. If a Receiving Party disclosed the document or information specified in the Privilege Notice

before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.

6. Within fourteen (14) calendar days of notification that the Receiving Party returned, destroyed, sequestered, or deleted the specified document(s), copies, and notes, the Producing Party shall produce a privilege log with respect to the specified documents.

7. Upon receiving the Privilege Notice, if the Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall promptly meet and confer with the Producing Party. The document(s) shall be sequestered immediately upon receiving the Privilege Notice and not be used by the Receiving Party in the litigation while the dispute is pending. If the Privilege Notice concerns a document that a Receiving Party intends to use in a filing, and the Notice is received within five business days of the filing's deadline, the Parties agree that (a) the Party adverse in this action to the Receiving Party will consent to a motion to extend the filing's deadline by up to seven business days, so that the Receiving Party can revise the filing to remain in compliance with this Agreement and Order, and (b) good cause will exist to support granting a such motion by the Receiving Party. Nothing in this Order shall limit a Receiving Party's right to move to extend a filing deadline if a Privilege Notice is received more than five business days before the deadline.

8. If the Parties are unable to come to an agreement about the privilege assertions made in the Privilege Notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim. However, no written discovery motion may be filed without a prior conference and leave of the Court, in accordance with the Court's Order on Dispute Procedures. *See* Dkt. 316. Nothing in this Order shall limit the right of any Party to request an *in camera* review of inadvertently disclosed information.

9. Pending resolution of the judicial determination, each Party shall preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose

the information claimed to be privileged.  Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

10. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, if such materials will be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Dated this 16th day of June, 2025.

_____
Eileen S. Willett
United States Magistrate Judge