IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion for Extension of Time for the Parties to Fulfill Meet-and-Confer Obligations and Clarification of Joint Statement Procedure" (Doc. 326). Plaintiffs filed the Motion (Doc. 326) on June 26, 2025—one day before the Court-ordered deadline for filing the Joint Statement regarding Plaintiffs' privilege log. (Doc. 323 at 3.) Defendants oppose the motion. (Doc. 327.)

## I. BACKGROUND

The Court has repeatedly warned the parties that deadlines will be strictly enforced. In February 2024, the Court found that a prior Motion (Doc. 208) filed by Plaintiffs seeking a deadline extension just hours before it expired suggested that "Plaintiffs do not take the Court's deadlines seriously and have little interest in litigating this case in a timely matter." (Doc. 216 at 1.) When establishing the current pretrial deadlines, the Court emphasized that the parties "shall strictly adhere" to all court-ordered deadlines (Doc. 315 at 1-2) and that the Court "expects strict compliance" with pretrial deadlines (Doc. 319 at 3). The Court

explicitly stated that "[d]elay in raising [discovery] disputes does not justify extending deadlines." (Doc. 316 at 2.)

The Court set the June 27, 2025 deadline for the Joint Statement on May 23, 2025. (Doc. 323.) The parties met and conferred on June 3, 2025 regarding the privilege log issues. Defendants state that they offered to consent to a four-day, then a six-day extension of the Joint Statement deadline, but Plaintiffs declined these offers. (Doc. 327 at 2.)

## II. ANALYSIS

Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court to extend time "for good cause" when a request is made before the original deadline expires. "[T]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

Plaintiffs request a two-week extension of the deadline to file the parties' Joint Statement. In support of their request, Plaintiffs cite counsel's attendance at a professional conference, their client's unavailability due to international travel, questions regarding the Protective Order's Attorneys' Eyes Only provision, and allegedly inadequate meet-and-confer efforts. (Doc. 326 at 3-11.) These arguments do not establish good cause.

First, counsel's attendance at a professional conference and Plaintiff Stanley's international travel does not justify an extension when Plaintiffs have had notice of the June 27, 2025 deadline for more than a month.

Second, Plaintiffs' belated concern about the Attorneys' Eyes Only provision in the Protective Order (Doc. 217) does not constitute good cause. The Protective Order has been in effect since January 2024. Any challenges to the Protective Order's provisions should have been raised through appropriate procedural mechanisms at any point in the past seventeen months, not the day before the June 27, 2025 deadline. The Court does not find that the Attorneys' Eyes Only provision prejudices Plaintiffs' ability to prepare the Joint Statement.

In addition, the Court is not persuaded by Plaintiffs' argument that additional meet-

and-confer efforts beyond the June 3, 2025 meeting are required before filing the Joint Statement. (Doc. 323 at 3.) One substantive meet-and-confer call is sufficient when the parties have fully explained their positions and reached an impasse. The Court does not find that Plaintiffs have established good cause for their requested deadline extension, and the Motion (Doc. 326) will be denied. However, pursuant to its inherent authority to control the docket, the Court will direct the parties to file the Joint Statement by 11:59 P.M. on Monday, July 14, 2025.

Finally, Plaintiffs request that the Court prohibit the unilateral filings of joint statements of dispute. (Doc. 326 at 10.) The Court denies this request. When a party fails to respond to a joint statement within established deadlines, the initiating party may file unilaterally to avoid waiver of issues and ensure compliance with Court-imposed deadlines.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs' "Motion for Extension of Time for the Parties to Fulfill Meet-and-Confer Obligations and Clarification of Joint Statement Procedure" (Doc. 326).

**IT IS FURTHER ORDERED** that the parties shall file their Joint Statement regarding Plaintiffs' May 16, 2025 privilege log no later than **11:59 P.M. Arizona time on Monday, July 14, 2025**. If Plaintiffs fail to provide their portion of the Joint Statement to Defendants by **9:00 A.M. Arizona time on July 14, 2025**, Defendants may file the Joint Statement unilaterally with Plaintiffs' positions left blank.

Dated this 10th day of July, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge