CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br>         Plaintiffs, <br><br>   vs. <br><br> Merrick Garland Attorney General of the United States; et al. <br><br>         Defendants. | Case No.:20-CV-02373-ROS <br><br> MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DKT. 329 |

Plaintiffs hereby move the Court pursuant to F.R.Civ.P. 6(b) for an extension of time from July 14, 2025 to July 21, 2025 to file an opposition to the Defendants' "Joint Statement" (Dkt. 329).

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE UNTIMELY OPPOSITION

Plaintiffs Arizona Yagé Assembly and Winfield Scott Stanley III respectfully submit this Memorandum of Points and Authorities in support of their Motion for Leave to File Untimely Opposition to Defendants' Joint Statement Regarding Plaintiffs' Amended Privilege Log.

Fed. R. Civ. P. 6(b)(1)(B) permits the Court to extend deadlines for filings after the fact upon a showing of excusable neglect. The Ninth Circuit considers four factors: (1) danger of prejudice to the opposing party, (2) length of the delay and its impact on proceedings, (3) reason for the delay, and (4) whether the movant acted in good faith. *See Pincay v. Andrews*, 389 F.3d 853, 855–60 (9th Cir. 2004) (en banc).

## II. STATEMENT OF FACTS

On July 10, 2025, the Court ordered the parties to file a Joint Statement concerning disputes regarding Plaintiffs' Amended Privilege Log by 9:30 a.m. Arizona time on July 14, 2025. See Dkt. 328. Junior counsel Melissa Dean, who prepared the privilege log using the Disco platform and led all prior meet-and-confer communications on the subject, was simultaneously completing a significant document production due July 12 and preparing to attend a prestigious professional conference at Harvard beginning July 14.

Due to the overlap of these obligations and reduced availability over the weekend, Mr. Carreon—lead counsel—was unaware that no plan was in place for meeting the Court's July 14 deadline. He was traveling out of the office on July 11th for a vehicle repair and did not access the relevant orders or Defendants' filing until 3:30 p.m. Monday, July 14, 2025, after the deadline had passed.

Upon discovering the missed deadline, Mr. Carreon immediately assumed responsibility and began preparing the present motion and the accompanying analysis. He

has reviewed the substance of Defendants' Joint Statement and estimates that drafting a complete and effective opposition brief will require approximately 20 hours of legal work, and additional hours of consultation with the clients over the upcoming weekend. Plaintiffs now respectfully request a limited five court day extension to file their opposition on or before July 21, 2025.

### III. SUMMARY OF ARGUMENT

The Ninth Circuit recognizes that miscommunications between senior and junior counsel may constitute excusable neglect. "To hold that a lawyer's error is never a sufficient basis for relief under Fed. R. Civ. P. 60(b)(1) would be inconsistent with the policies underlying that Rule." *Pincay*, 389 F.3d at 858. Courts favor resolution on the merits and disfavor procedural forfeiture where it would prejudice important rights. As the court in *Briones v. Riviera Hotel & Casino, 11*6 F.3d 379, 382 (9th Cir. 1996) observed at n.2, the Ninth Circuit applies "an equitable 'framework' for determining the question of excusable neglect in particular cases, and we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors." Plaintiffs' short delay was not willful, caused no prejudice, and the underlying opposition raises substantial First Amendment associational privacy concerns. There is no indication of bad faith on part of the Plaintiffs, who had nothing to do with the miscommunications of their counsel. The balance of equities favors allowing Plaintiffs' opposition to be filed on or before July 18, 2025, and the same is respectfully requested.

### IV. ARGUMENT

#### A. Excusable Neglect Justifies the Late Filing

The Ninth Circuit holds that excusable neglect includes calendaring and communication errors within law offices, particularly where the result does not prejudice the opposing party or disrupt proceedings. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)(excusable neglect "encompass[es] situations in which the failure to

comply with a filing deadline is attributable to negligence" and includes "omissions caused by carelessness"); *Briones*, 116 F.3d at 382. The Court's equitable analysis in Pincay allows consideration of all circumstances.

Here, the delay resulted from a miscommunication between junior and senior counsel, during a time of overlapping professional obligations and travel. Plaintiffs acted immediately upon discovery of the missed deadline. They seek only the minimum time necessary to file a constitutionally significant opposition brief.

### B. No Prejudice to Defendants and Minimal Delay

Defendants filed their own version of the Joint Statement on July 14 without any apparent prejudice. They had advance notice of Plaintiffs' redaction-based privilege positions from the June 3 meet and confer. The requested four-day extension will not affect discovery timelines, motion practice, or trial settings.

### C. The Proposed Opposition Will Be Substantive and Meritorious

The opposition addresses Defendants' material misstatements regarding Plaintiffs' privilege assertions. Contrary to Defendants' claims, Plaintiffs are not refusing to produce documents containing names; they are seeking to redact only identifying information in sensitive contexts such as medical, spiritual, and ceremonial disclosures. *See NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010).

Plaintiffs' approach is narrowly tailored, relying on redaction rather than blanket withholding, and is based on a bona fide ESI review using the Disco platform. The privilege log categories are defensible under Fed. R. Civ. P. 26(b)(5) and proportionality principles.

The public interest in adjudicating important First Amendment questions on the merits requires the government to provide a factual basis to order even *in camera* inspection of protected documents. *See In re Grand Jury Investigation*, 974 F.2d 1068,

1075 (9th Cir. 1992).

**V. CONCLUSION**

This motion is made in good faith, with no intent to delay. Plaintiffs' counsel sincerely apologizes to the Court for the oversight and respectfully submits that the requested extension of five court days is both reasonable and necessary to ensure a complete and constitutionally sound presentation of the issues.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file their opposition to Dkt. 329 no later than July 21, 2025.

Dated: July 14, 2025                              CHARLES CARREON

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*