1   CHARLES CARREON (CSB #127139)
2   7 N. Ridge Crest Circle
    Silver City, New Mexico 88061
3   Tel: 928-975-2191
    Email: chascarreon@gmail.com
4

5   MELISSA DEAN (FLSB #1031982) Pro Hac Vice
    111 North Orange Ave., Ste. 800
6   Orlando, Florida 32801
    Tel:772-919-2748
7   Email: melissadeanesq@gmail.com

8
    Attorneys for Plaintiffs
9   Arizona Yagé Assembly and
    Winfield Scott Stanley III
10

11
                    **IN THE UNITED STATES DISTRICT COURT**
12                       **DISTRICT OF ARIZONA**

13

14  ARIZONA YAGÉ ASSEMBLY; *et al.*,          No. CV-20-02373-PHX-DJH

15              Plaintiffs,                    DECLARATION OF COUNSEL IN
                                               SUPPORT OF PLAINTIFFS' MOTION
16       v.                                    FOR ENLARGEMENT OF TIME

17  PAMELA BONDI, Attorney General of the
    United States, *et al.*,
18

19              Defendants.

20

21

22

23

24

25

26

27

28
            **DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME**

**DECLARATION OF CHARLES CARREON**

Charles Carreon declares and affirms:

I am an attorney admitted to this bar pro hac vice, and make the following statements based on personal knowledge, and could and would so competently testify.

1. On July 10, 2025, the Court issued Dkt. #328, requiring Plaintiffs to submit their portion of a Joint Statement concerning the privilege log by 9:30 a.m. Arizona time on July 14, 2025.

2. Unbeknownst to your undersigned declarant, when the order was issued, Melissa Dean, the attorney tasked with performing all discovery matters, who created the privilege log, and conducted all meet-and-confers with Defendants regarding the same, was under great pressure. She had to complete a major document production due Saturday, July 12, 2025. She was obliged to respond with opposition to the Defendants' arguments against the viability of the Categorical Privilege Log. And on Sunday, July 13th, she was to spend the day traveling to Boston to attend the 'Psychedelic Boot Camp' conference at Harvard Law School beginning July 14, an invitation-only event for legal professionals in this field.

4. When Order Dkt. # 328 was issued, your undersigned was traveling all day to and from from Silver City, New Mexico to Tucson, Arizona to obtain vehicle repairs unavailable in Silver City. I briefly noted the email delivering the order on my phone, and based on prior task delegation directives, trusted Ms. Dean to meet any deadline contained therein.

5. Ms. Dean did not tell me before she departed Florida for Massachussetts, that due to the time crunch that went from severe to unmanageable when Order Dkt. # 238 was issued, she had no plan in place to comply with the 9:30 am July 14th 9:30 a.m. deadline for service of the opposition portion of the Joint Statement. I learned this only when I read the full text of the Order Dkt. # 328 until 3:30 p.m. on July 14, 2025, when I got into my office and downloaded the Order and the government's filing.

7. Immediately upon discovering the missed deadline, I assumed full responsibility for compliance and by this motion immediately sought leave to file Plaintiffs' opposition by July 18, 2025. I have read and conducted a preliminary analysis of the Defendants'

2

1    submission, and that analysis is articulated in the concurrently filed Memorandum of Points

2    and Authorities.  There are several, essential, meritorious arguments to made in favor of

3    the position that Plaintiffs have supplied a useful, full compliant Categorical Privilege Log,

4    of which I have identified some in the attached brief, and will identify additional ones in

5    the brief that Plaintiffs seek leave to file.

6    9. I would have preferred to file this motion contemporaneously with a copy of the

7    opposition proposed to be filed.  However, this matter is far too weighty, the arguments of

8    the Defendants too dense, and the risk of a ruling before the filing of any opposition too

9    high to allow the passage of days, and thus it is filed as soon as possible.

10    10.  Based on my legal experience and review of the issues, I estimate that preparation of

11    an adequate opposition to Defendants' submission will require approximately twenty (20)

12    billable hours of work—approximately four business days—to produce a brief suitable for

13    filing.

14    11. Plaintiffs themselves are in no way responsible for the delay. This situation arose

15    entirely from a failure in communication between junior and senior counsel.  The error has

16    been disclosed to the client and he has approved the filing of this motion.  The Court is

17    respectfully requested to consider the blamelessness of Plaintiffs with regard to this error.

18    12. Plaintiffs are requesting only as much of an extension as is absolutely necessary to

19    fulfill their obligation to present a thorough and professional opposition.

20    13.  I sincerely apologize to the Court for any inconvenience caused by this failure to meet

21    the deadline in Order Dkt # 328, and submit that the foregoing facts establish innocent

22    neglect arising from miscommunications between senior and junior lawyers, cured as

23    swiftly as possible, causing no harm to the litigation process or prejudice to the Defendants.

24    Thus,  granting this motion will further the Court's policy of deciding matters, especially

25    / / /

26    / / /

27    / / /

28    / / /

3

1   matters of Constitutional privilege, on the merits, rather than based upon procedural

2   defaults.  Plaintiffs therefore request the Court to grant a requested extension of five court

3   days.

4

    I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and
5   correct under the law of the United States of America, and that this declaration was
    signed on July 14, 2025, at Silver City, New Mexico.
6

7                                    s/Charles Carreon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28