CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB#1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email:melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly and
Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, , <br><br>           Plaintiffs,<br><br>     vs.<br><br>Pamela Bondi, Attorney General of the United States; et al.<br><br>           Defendants. | Case No.:20-CV-02373-ROS<br><br>MOTION FOR DISABILITY ACCOMMODATION OF ATTORNEY |

PLEASE TAKE NOTICE that Plaintiffs and Charles Carreon, counsel for Plaintiffs, hereby move the Court for a temporary accommodation of his disability under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(7), in the form of a stay of proceedings from July 23, 2025, through September 22, 2025.

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Charles Carreon and attached Exhibit 1 (Maslach Burnout Inventory

Results), the proposed order submitted herewith, all pleadings and papers on file, and such further evidence as may be presented.

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*

MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

Plaintiffs request that this Court recognize counsel Charles Carreon's current incapacity to perform his duties as trial counsel due to documented occupational burnout, and to grant a temporary stay of proceedings for a two-month period as a reasonable accommodation under the ADA. Occupational Burnout is a recognized diagnosis, identified by the World Health Organization as "ICD-11 code: QD85" under the subcategory, "Legal Professional/Moral Injury Context." The legal profession has recognized the prevalence of burnout in the profession, and the personal and public cost that is paid. See, Patrick J. Schiltz, *On Being a Happy, Healthy, and Ethical Member of an Unhappy, Unhealthy, and Unethical Profession*, 52 Vanderbilt Law Review 871 (1999).[1]

**II. FACTUAL BACKGROUND**

Mr. Carreon has served as counsel of record since July 12, 2022, and has devoted substantial effort to litigating this action. During the course of this case, Mr. Carreon represented Plaintiff Clay Villanueva, who was arrested and incarcerated for engaging in religious practice central to this litigation. While in Maricopa County Jail, Mr. Villanueva was denied medical care and died of cancer, following this Court's denial of a habeas corpus petition. Mr. Carreon also prevented the forfeiture of Mr. Villanueva's home while he was dying in it.

In 2023–24, Mr. Carreon pursued writs of mandamus and certiorari to the Supreme Court. Since November 2024, this litigation has proceeded under crushing and continuous deadlines, including through the holidays, resulting in grave cumulative stress. On July 13, 2025, Mr. Carreon discovered a missed deadline and experienced a cognitive collapse. A subsequent Maslach Burnout Inventory test identified a "Burnout"

---

[1] https://scholarship.law.vanderbilt.edu/vlr/vol52/iss4/2

profile with percentile scores of 99 for Exhaustion, 100 for Cynicism, and 0 for Professional Efficacy.  (Exhibit 1 and Carreon Dec., generally.)

### III. LEGAL STANDARD

Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, provides:

> "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Federal courts, as public entities, must provide reasonable accommodations to disabled individuals appearing before them, including attorneys.

> "This duty to accommodate is perfectly consistent with the well-established due process principle that, within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" in its courts. *[Citation omitted.]*  Our cases have recognized a number of affirmative obligations that flow from this principle: the duty to waive  filing fees in certain family-law and criminal cases,  the duty to provide transcripts to criminal defendants seeking review of their convictions,  and the duty to provide counsel to certain criminal defendants.  Each of these cases makes clear that ordinary considerations of cost and convenience alone cannot justify a State's failure to provide individuals with a meaningful right of access to the courts."

*Tennessee v. Lane*, 541 U.S. 509, 532-33, 124 S. Ct. 1978, 1994 (2004).

28 C.F.R. § 35.130(b)(7) requires public entities to make reasonable modifications in policies, practices, or procedures to avoid discrimination based on disability.

> "A public entity's duty on receiving a request for accommodation is well settled by our case law and by the applicable regulations. It is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation, and we have provided the criteria by which to evaluate whether that investigation is adequate. 'Mere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement; the Acts create a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary.'"

*Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

Although Melissa Dean is co-counsel for plaintiffs, she is but a trainee in the field of civil procedure, and not capable of taking the case forward to complete discovery and conduct a trial. Because of the severity of Mr. Carreon's current disability, and the unavailability of any other attorneys to replace him for financial and other reasons particular to Plaintiffs, a stay of two months is respectfully requested. Now that the Court has been informed of Mr. Carreon's ADA-protected disability and its impact on his ability to participate, the Court must consider reasonable accommodations, including a stay of proceedings, unless doing so would cause undue hardship or fundamentally alter the case. That aligns with 28 C.F.R. § 35.130(b)(7)[2], ***requiring modifications to policies or scheduling*** when needed to avoid discrimination.

## IV. ARGUMENT

Mr. Carreon is a qualified participant in this proceeding who, due to occupational burnout confirmed by validated psychological testing, is temporarily unable to perform as trial counsel. As no other counsel is available, a temporary stay of proceedings is the least restrictive means of ensuring compliance with the ADA. The accommodation is narrow in scope and time-limited to allow recovery. Plaintiffs do not seek to alter substantive obligations, only to pause procedural demands while their counsel recovers. The required modification of the schedule would not fundamentally alter the nature of the trial, and thus, the modification is required.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court stay proceedings from July 23 to September 22, 2025, with Mr. Carreon to report on his condition prior to the conclusion of the period.

---

[2] A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130.

Dated: July 16, 2025

CHARLES CARREON

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*