IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

On June 26, 2025, Plaintiffs moved for a two-week extension of the June 27, 2025 deadline for the parties to file the Joint Statement regarding Plaintiffs' privilege log. (Doc. 326). On July 10, 2025, the Court issued an Order (Doc. 328) denying the Motion (Doc. 326). The Court directed Plaintiffs to submit their portion of the Joint Statement to Defendants no later than 9:00 A.M. Arizona time on Monday, July 14, 2025. The Court directed the Joint Statement to be filed no later than 11:59 P.M. Arizona time on July 14, 2025. (Doc. 328.) The Court authorized Defendants to file the Joint Statement unilaterally with Plaintiffs' positions left blank if Plaintiffs failed to meet the deadline. (*Id.*)

Defendants filed the Joint Statement (Doc. 329) unilaterally at 9:33 A.M. Arizona time on July 14, 2025, explaining that they did not receive Plaintiffs portions of the Joint Statement. Later that day, at 7:34 P.M. Arizona time, Plaintiffs filed the pending "Motion for Extension of Time to File Opposition to Dkt. 329" (Doc. 330).

The Court's July 10, 2025 Order (Doc. 328) detailed the Court's repeated warnings

regarding strict deadline compliance. As the Court noted, it had previously found in February 2024 that Plaintiffs' pattern of last-minute extension requests suggested that "Plaintiffs do not take the Court's deadlines seriously and have little interest in litigating this case in a timely matter." (Doc. 328 at 1.) The Court emphasized that the parties "shall strictly adhere" to all deadlines and that the Court "expects strict compliance" with the deadlines. (*Id.*)

An extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed. R. Civ. P. 6(b)(1)(B). There are four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395.

Here, Plaintiffs acknowledge that they missed the July 14, 2025 deadline. (Doc. 330 at 2.) In support of their request for extension, Plaintiffs cite: (i) junior counsel's attendance at a professional conference at Harvard Law School beginning on July 14, 2025; (ii) junior counsel's obligation to complete a "significant document production" due on July 12, 2025; (iii) lead counsel's travel for vehicle repairs on July 11, 2025; and (iv) miscommunication between lead and junior counsel regarding responsibility for meeting the deadline. (Doc. 330 at 2.)

Attached to Plaintiffs' Motion (Doc. 330) is a Declaration of Plaintiffs' lead counsel, Charles Carreon. (Doc. 330-1.) Mr. Carreon states that when the Court's July 10 Order (Doc. 328) was issued, junior counsel, Melissa Dean, "was under great pressure" because she "had to complete a major document production due Saturday, July 12, 2025" and "on Sunday, July 13th, she was to spend the day traveling to Boston to attend the 'Psychedelic Boot Camp' conference at Harvard Law School beginning July 14." (Doc.

330-1 at ¶ 2.) Mr. Carreon states that he "briefly noted the email delivering the [Order (Doc. 328)] on [his] phone, and based on prior task delegation directives, trusted Ms. Dean to meet any deadline contained therein."[1] (*Id.* at ¶ 4.) Mr. Carreon further declares that Ms. Dean "did not tell [him] before she departed Florida for Massachusetts, that due to the time crunch that went from severe to unmanageable when Order Dkt. # 238 [sic] was issued, she had no plan in place to comply with the 9:30 am July 14th 9:30 a.m. [sic] deadline." (*Id.* at ¶ 5.) Mr. Carreon states that he "learned this only when [he] read the full text of the Order Dkt. # 328 until 3:30 p.m. on July 14, 2025, when [he] got into [his] office and downloaded the Order and the government's filing." (*Id.*)

After considering the equitable factors set forth in *Pioneer*, the Court finds that Plaintiffs have not met their burden of showing that excusable neglect justifies reopening the July 14, 2025 deadline. To reiterate, the original deadline for the Joint Statement was June 27, 2025. (Doc. 323.) On June 26, 2025, Plaintiffs filed a Motion for Extension (Doc. 326), which the Court denied on July 10, 2025. However, the Court directed the Joint Statement to be filed no later than July 14, 2025. (Doc. 328.) Plaintiffs thus effectively received the two-week extension they originally requested. Yet Plaintiffs request in the pending Motion (Doc. 330) a further extension to July 21, 2025, estimating that "drafting a complete and effective opposition brief will require approximately 20 hours of legal work, and additional hours of consultation with the clients . . . ." The Court concludes that Plaintiffs have not satisfied the requirements for relief under Rule 6(b)(1)(B).

Accordingly,

**IT IS ORDERED** denying Plaintiffs' "Motion for Extension of Time to File Opposition to Dkt. 329" (Doc. 330). The Court will rule on the Joint Statement (Doc. 329) as filed by Defendants, with Plaintiffs' positions left blank as authorized by this Court's

---

[1] Mr. Carreon's Declaration states that when "Order Dkt. # 328 was issued, [he] was traveling all day to and from from [sic] Silver City, New Mexico to Tucson, Arizona to obtain vehicle repairs unavailable in Silver City." (Doc. 330-1 at ¶ 4.) The Order at Doc. 328 was issued on Thursday, July **10**, 2025 at 11:18 A.M. Arizona time. Thus, Mr. Carreon's Declaration conflicts with the statement in Plaintiffs' Motion that Mr. Carreon "was traveling out of the office on July **11**th for a vehicle repair[.]" (Doc. 330 at 2) (emphasis added).

July 10, 2025 Order (Doc. 328).

Dated this 17th day of July, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge