IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>William Barr, et al.,<br><br>　　　　Defendants. | No. CV-20-02373-PHX-DJH<br><br>**ORDER** |

The Court has reviewed the "Joint Statement on Disputes Regarding Plaintiffs' Amended Privilege Log" (Doc. 329) filed by Defendants on July 14, 2025. Plaintiffs failed to provide their portion of the Joint Statement as ordered.

### **I. BACKGROUND**

As Defendants correctly summarize (Doc. 329 at 2), the Court has given Plaintiffs multiple opportunities to properly assert associational privilege. In December 2024, the Court directed Plaintiffs to provide a privilege log, warning that "[f]ailure to oblige shall constitute a waiver of the privilege[.]" (Doc. 258 at 11.) After finding Plaintiffs' initial log insufficient at the April 2025 hearing, the Court gave Plaintiffs "one more opportunity" to produce a compliant privilege log, warning that "failure to adequately describe privilege documents in Plaintiffs' renewed privilege log is likely to result in Plaintiffs' waiver of the privilege." (Doc. 309 at 4) (emphasis omitted).

On May 13, 2025, the Court issued specific requirements for the revised privilege log, directing that it "shall **NOT** rely on broad categorical descriptions that fail to allow

Defendants and the Court to evaluate the appropriateness of each privilege claim." (Doc. 318 at 2) (emphasis in original).  The Court further warned that "[f]ailure to submit a complete and adequate privilege log by **May 16, 2025**, will result in **WAIVER** of any privileges not adequately described, and Plaintiffs will be required to produce all such documents for which privileges have been waived within **fourteen days** thereafter." (*Id.*) (emphasis in original).

## II. PLAINTIFFS HAVE WAIVED ANY CLAIM OF PRIVILEGE

### A. The Privilege Log Fails to Comply with Court Orders

The Court concurs with Defendants' assessment that "Plaintiffs' revised privilege log still runs afoul of [the Court's] directives." (Doc. 329 at 2.) As Defendants correctly note, despite clear direction to avoid "broad categorical descriptions," Plaintiffs have grouped thousands of documents into categories with identical, conclusory justifications. (*Id.* at 5.)  Moreover, at the April 2025 hearing, the Court stated: "The Court does not presume that a protected associational relationship will exist between a party and every person that is communicated with." (Doc. 311 at 40.)  The Court concurs with Defendants that Plaintiffs' log inherently makes this presumption. (Doc. 329 at 7.)

### B. No Bona Fide Review Conducted

At the April 2025 hearing, the Court stated to Plaintiffs' counsel: "how is it that you can make this assertion of privilege without reviewing your own documents? You have to do a bona fide review." (Doc. 311 at 40.)  Defendants persuasively demonstrate that Plaintiffs have not conducted the required "bona fide review" of documents. (Doc. 329 at 4.) As Defendants recount, "Plaintiffs admitted they had not started to collect, let alone review, potentially responsive documents in this case as of January 2025—16 months after receiving Defendants' RFPs, 9 months after the substantial completion deadline, and 4 years after filing this case." (*Id.*) (citing Doc. 285-3 at 2.)  The Court finds compelling Defendants' point that "Plaintiffs confirmed that they still need months to complete their review" during the June 3, 2025 meet-and-confer. (*Id.*)

### C. Law of the Case

Defendants correctly assert that the Court's prior determination on third-party member names "is now law of the case." (Doc. 329 at 3.) The Court previously ruled that "[s]ince there is a protective order in place, the information provided pursuant to this request must be unredacted and non-anonymized." (Doc. 220 at 5, 12.) "Under the law-of-the-case doctrine, a court will not reexamine an issue previously decided by the same or higher court in the same case." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

Defendants appropriately distinguish this case from *NAACP v. Alabama*, 357 U.S. 449 (1958), noting that in *NAACP*, the organization "produced substantially all the data called for by the production order except its membership lists," including "the identity of its members who are employed by or hold official positions with it." (Doc. 329 at 7.) The Court agrees with Defendants that "Plaintiffs' conduct comes nowhere close to that of *NAACP*; nor can they hide behind the shield of associational privilege to withhold all communications and documents, when they brought suit based on purported religious activities in the first instance." (*Id.*)

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** finding that Plaintiffs have waived any claim of privilege over the documents identified in their May 2025 privilege log.

**IT IS FURTHER ORDERED** that Plaintiffs shall produce all previously withheld documents to Defendants, without redaction, within **fourteen days** following the Court's resolution of the pending "Motion for Disability Accommodation of Attorney" (Doc. 332). If the Court grants a stay of proceedings, the production deadline shall be **fourteen days** after such stay is lifted. Plaintiffs shall file a notice of compliance confirming full production within **three business days** after the production deadline.

Dated this 17th day of July, 2025.

_____
Eileen S. Willett
United States Magistrate Judge