CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB #1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email: melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>            Plaintiffs,<br><br>    vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>            Defendants. | Case No.:20-CV-02373-ROS<br><br>MOTION FOR VACATUR OF ORDER DKT. 334, DEEMING JOINT STATEMENT COMPLETE WITH PLAINTIFFS' OPPOSITION TIMELY FILED SEVEN DAYS AFTER DEADLINE [F,R,Civ.P. 60(b)], AND PERMITTING OVER-LENGTH BRIEFING |

Plaintiffs hereby move the Court, pursuant to Fed. R. Civ. P. 60(b), for an order relieving them from the effects of Order Dkt. 334 (the "Waiver and Disclosure Order" or the "WDO"), and allowing the filing of the completed Joint Statement on the Privilege Log, including Plaintiff's position and supporting evidence, to wit, an updated categorical privilege log and examples of redacted documents such as Plaintiffs have produced. Plaintiffs submit these materials so the Court may found its associational privacy rulings on the true facts presented, and not on the biased and inaccurate representations of the

Defendants that are rebutted in the Joint Statement presented here for filing as Exhibit 1. Plaintiffs further request leave to file a Joint Statement longer than 20 pages.

The grounds for this motion are that Plaintiffs' counsel missed the Court's 9:30 a.m. deadline by seven days due to excusable neglect resulting from the overtasking of those attorneys, a condition that had been signaled in Plaintiffs' Motion for Extension of Time, Dkt 326. Grounds for filing an overlength Joint Statement are that the arguments and evidence set forth therein are set forth as succinctly as possible, and an ordinary motion brief in this court is allowed to be seventeen pages long. The motion is based on this notice, attached memorandum of points and authorities, the declaration of counsel, exhibits thereto, such other evidence as the court may properly consider, and the files and records of this action.

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Plaintiffs' counsel missed the Court's July 14, 2025, 9:30 a.m. deadline to file a Joint Statement regarding the May 16 privilege log by seven days due to excusable neglect. In the week leading up to the deadline, lead counsel, Charles Carreon, operated under reduced legal capacity and improperly delegated too much work to co-counsel Ms. Dean—who was concurrently preparing Plaintiffs' July 12 document production, drafting a motion for a different matter and was unavailable to complete the Joint Statement draft while attending an intensive Psychedelics Bootcamp at Harvard Law School. Upon her return, Ms. Dean resumed work on the Joint Statement, which remained largely her work—her granular knowledge of the DISCO-generated log and document productions being indispensable. She had previously identified the need for a short extension and sought such relief. The delay was not due to bad faith but exhaustion and burnout. No judicial resources were expended reviewing Plaintiffs' opposition, and the omission was promptly remedied. The motion now corrects misstatements made in Defendants' submission and ensures the Court bases its associational privacy ruling on a full and accurate factual record.

## II. ARGUMENT

### A. Excusable Neglect & Good Cause Support Vacatur of the WDO

Under Fed. R. Civ. P. 60(b)(1), relief is available for "mistake, inadvertence, surprise, or excusable neglect." The Ninth Circuit applies the Pioneer four-factor test: (1) prejudice to the non-movant, (2) length and impact of delay, (3) reason for delay, and (4) good faith. "A district court abuses its discretion when it fails to apply the four-factor *Pioneer* equitable balancing test to cases in which the test is appropriate." *Sonnik v. Allstate Ins. Co.*, No. 2:18-cv-00366-TLN-GGH, 2018 U.S. Dist. LEXIS 214527, at *3 (E.D. Cal. Dec. 18, 2018), quoting *Ahanchian v. Xenon Pictures*, Inc., 624 F.3d 1253, 1261-62 (9th Cir. 2010).

### B. Brief Delays are Routinely Excused

In *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.7 (9th Cir. 2010), the court found excusable neglect where counsel filed three days late due to miscalculating deadlines. Similarly, this seven-day delay caused no prejudice and reflects a good-faith, non-tactical mistake. Brief delays due to ordinary negligence are routinely excused. *M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 642 (9th Cir. 2016) (Plaintiffs failed to meet the filing deadline and filed their Second Amended Complaint two days late). The delay here was due to overcapacity and Ms. Dean's Harvard commitment. Such circumstances are consistent with excusable neglect. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc).

Because the Court's recent orders appear to have disregarded Ms. Dean's attestations of burden and overwork due to this Court's stern application of time requirements, Plaintiffs submit the declaration of her domestic partner, attorney Jacob Mayer, who attests to the legitimacy of the extraordinary expenditures of time devoted to this matter recorded in Ms. Dean's billings attached as Exhibit B hereto – over 200 hours on discovery alone.  (Exhibit B; Mayer Dec., generally.)

### C. Application of a Per Se Rule to Stop the Court's Ears to Plaintiffs' Minimally Untimely Arguments Would be an Abuse of Discretion

"[C]ourts balancing the *Pioneer* factors may not apply a per se rule as per se rules are inconsistent with Supreme Court authority in *Pioneer* on the issue of excusable neglect."  *Sonnik v. Allstate Ins. Co.*, LEXIS 214527, at *3, (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)).  Simply to say that "the deadline was missed, so the constitutionally-based privilege is waived," is a per se application of a harsh and dysfunctional rule, punishing a litigant by silencing them, and accepting all opposition arguments at face value.

### D. Protecting Associational Privacy

Plaintiffs established associational privacy standing by showing that disclosure of personal information of members and donors would cause real harm. Courts recognize

that privacy-invoking parties are entitled to have redactions evaluated on full factual records, especially where constitutional rights are at stake. By allowing Plaintiffs' Joint Statement with supporting exhibits, the Court can evaluate redactions fairly and in context.

### E.  Prompt Remedy and the Law's Disfavor of Procedural Default

A seven-day delay, promptly remedied, is precisely the kind of misstep for which courts disfavor waiver of constitutional rights. *See Ahanchian*, 624 F.3d at 1262; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Plaintiffs' rights to due process and notice under the Fourteenth Amendment should be protected and adjudicated on the merits.

### F.  Rule 60(b)(6) Also Supports Relief

Even if excusable neglect were deemed insufficient, Fed. R. Civ. P. 60(b)(6) allows relief for 'any other reason that justifies relief.' Preventing misrepresentation in discovery infractions and safeguarding associational privacy justifies setting aside a ruling based upon a one-sided statement of facts and law that results in a manifest deprivation of constitutional rights.

### G.  No Judicial Inefficiency or Prejudice to Defendants

Granting vacatur will cause no waste of judicial resources, because the Court did not read Plaintiffs' opposition (as it had not been filed).  Thus, granting relief now imposes no additional burden. Unlike cases requiring reopening proceedings, intervention here is efficient and corrective, and will result in a proceeding that is fit to be called "the administration of justice."  Nor will Defendants, whose arguments have been presented in full, suffer any cognizable prejudice from the seven day delay.

### H.  Plaintiffs Request Leave to File the Over-Length Joint Statement

The court's limit of the entire Joint Statement (Exhibit 1) to 20 pages proved unachievable in practice.  As explained in the Dean Declaration, given the gravity of the constitutional rights at stake, and the plethora of issues raised by Defendants in objection to the Categorical Privilege Log, despite her best efforts, it was not possible for her to

complete the assignment within the word limitations. Accordingly, because an ordinary opposition to a discovery motion in this court permits a filing of 17 pages of argument, because the facts and arguments could not be expressed by capable counsel more succinctly than they are in the Joint Statement. Justice ought not to be rationed by the word, but rather weighed out in substantial portions. All of Plaintiffs' arguments are worthy of consideration, and none should have to be jettisoned to make room for any other. It will further the interests of securing Plaintiffs' rights to due process and an opportunity to be heard to allow Plaintiffs to file the Joint Statement attached as Exhibit 1, and the same is respectfully requested.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: vacate the Waiver and Disclosure Order (Dkt 334); permit filing of Plaintiffs' completed Joint Statement with supporting exhibits, and decide the issues presented in the Complete Joint Statement based on the full, accurate factual and evidentiary record presented therein, accurately reflecting the Plaintiffs' position on the facts and law.

Dated: July 21, 2025            CHARLES CARREON

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*