CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com

MELISSA DEAN (FLSB #1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Tel: 772-919-2748
Email: melissadeanesq@gmail.com

Attorneys for Plaintiffs Arizona Yagé Assembly
and Winfield Scott Stanley III
*Pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ArizonaYagé Assembly, and Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland Attorney General of the United States; et al.<br><br>Defendants. | Case No.:20-CV-02373-ROS<br><br>MOTION FOR STAY PENDING RESOLUTION OF RELATED APPEAL IN NINTH CIRCUIT CASE NO. 25-41 |

  Plaintiffs hereby move the Court, pursuant to Fed. R. Civ. P. 62(d) and 26(c), for a stay of this action pending resolution of the Ninth Circuit case of *AYA v. Bondi*, Case No. 25-41.  The grounds for the motion are that enforcement of Order Dkt. 334 will moot the appeal, to the irreparable harm of appellants, and causing injury to their rights of appellate review.  The motion is based on this memorandum, the supporting declaration of counsel, exhibits thereto and the proposed order granting the motion, as well as the files and records of the action, and such evidence and argument as the Court shall consider.

Respectfully submitted,
July 23, 2025

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this memorandum in support of their motion for a stay of enforcement of the Waiver and Disclosure Order (Dkt. 334) entered on July 17, 2025. Enforcement of this order would irreparably violate the privacy and associational rights of the Intervenor Class, and moot the very appeal currently pending in the Ninth Circuit (No. 25-41). This memorandum draws on persuasive authority from the Ninth Circuit and sister circuits to demonstrate the propriety and necessity of a stay under both Fed. R. Civ. P. 62(d) and Fed. R. Civ. P. 26(c).

## I. INTRODUCTION

The Waiver and Disclosure Order (Dkt. 334) compels production of communications between Plaintiffs and their members, donors, and spiritual correspondents—many of whom are not parties to this case, including Intervenor-Appellant Taylor Cox. Disclosure of these communications will destroy any ability to vindicate the Intervenor Class's constitutional rights on appeal. A short stay of enforcement is necessary to preserve appellate jurisdiction and prevent irreparable harm.

## II. LEGAL STANDARD

A district court has authority to stay its own orders under Fed. R. Civ. P. 62(d), which provides for suspension of orders pending appeal. Additionally, Fed. R. Civ. P. 26(c) authorizes courts to issue protective orders to prevent disclosure of information that may result in 'annoyance, embarrassment, oppression, or undue burden.' Courts have inherent authority to preserve the integrity of appellate proceedings by preventing disclosures that would moot review.

## III. ARGUMENT

### A. Legal Standard for Issuance of a Stay

A stay may be granted where "(1) the applicant has made a strong showing that he is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) issuance of the stay will not substantially injure other parties; and (4) the public

interest favors a stay." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

As the Leiva-Perez court clarified, this test is flexible and allows for alternative formulations along a continuum: a strong showing of likely success paired with modest harm may suffice, or a "substantial case on the merits" may justify a stay if the balance of hardships tips sharply in the movant's favor. *Id.* at 966–67.

At a minimum, movants must show that irreparable harm is probable, not merely possible. *Id.* at 968. Once that showing is made, courts assess either (1) whether the movant has a strong likelihood of success on the merits, or (2) whether the movant has shown a substantial case and that the balance of hardships tips sharply in their favor.

### B. The Cox Appeal Presents a Substantial Case on the Merits

The pending appeal by the Cox Intervenor Class presents a substantial case on the merits within the meaning of *Leiva-Perez*, which cites *Hilton*, *Hollingsworth v. Perry*, and *Abbassi v. INS,* cited *supra*, as setting the standard for stays. The Cox appeal squarely raises serious legal questions as to whether the Cox Class has a legally protectable interest that Plaintiffs AYA and Stanley cannot adequately represent. As the Ninth Circuit explained, "[n]one of [the governing] formulations demand a showing that success is more likely than not." *Id.* at 967 (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

The pending Ninth Circuit appeal challenges the District Court's refusal to permit intervention and the denial of associational privilege protections, matters which go to the heart of the Cox Class's First, Fourth, and Fourteenth Amendment rights. The Ninth Circuit is considering the case for oral argument in October 2025—a notable development suggesting the Appellate Court sees a substantial case on the merits.

### C. Absent a Stay, the Cox Appellants Will Suffer Irreparable Harm

#### *1. Irreparable Violation of Privacy and Associational Rights*

The Waiver and Disclosure Order requires immediate production of documents reflecting confidential communications between AYA, Stanley, and their members,

donors, and correspondents—including the Cox Appellants and the members of the Intervenor Class. The compelled disclosure of such materials threatens constitutionally protected associational and informational privacy rights.

As the Ninth Circuit has held, "The infringement of First Amendment freedoms . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *accord Brown v. Cal. DOT*, 321 F.3d 1217, 1226 (9th Cir. 2003). In *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 (9th Cir. 2007), the court held that raising serious First Amendment questions "compels a finding that there exists the potential for irreparable injury."

### 2. Irreversible Loss of Appellate Review

A second and equally compelling form of irreparable harm is the mooting of the pending Cox Appeal. If the Court enforces Dkt. 334 and the subject documents are produced, any appellate ruling recognizing associational or privacy rights will be rendered toothless.

Courts routinely find irreparable harm where the effect of a ruling is to deprive litigants of meaningful review. As the Ninth Circuit held in *UMG Recording, Inc. v. Bertelsmann AG* (*In re Napster Copyright Litig.*), 479 F.3d 1078, 1088 (9th Cir. 2007), "when a disclosure would render appellate review futile, the harm is irreparable." *See also United States v. Philip Morris, Inc.*, 314 F.3d 612, 621–22 (D.C. Cir. 2003); *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989). Put simply, once the cat is out of the bag, appellate review is meaningless:

> We have … recognized that once privileged materials are ordered disclosed, the practical effect of the order is often "irreparable by any subsequent appeal." This case is one of those in which "[o]nce '[t]he cat is already out of the bag,'" it "may not be possible to get back in."
>
> *UMG Recording, Inc.*, 479 F.3d at 1088 (quoting *United States v. Griffin*, 440 F.3d 1138, 1142 (9th Cir. 2006)), *Agster v. Maricopa Cnty.*, 422 F.3d 836, 838 (9th Cir. 2005), and *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003)

### D. A Stay Will Not Harm Defendants

Defendants face no cognizable harm from a temporary stay. A brief delay of a few months to preserve constitutional rights and appellate jurisdiction is not a hardship. The government has no legitimate interest in prematurely mooting live constitutional claims that remain under consideration by the Ninth Circuit.

### E. The Public Interest Supports a Stay

Courts recognize that "[t]he public interest is served when administrative agencies comply with their legal obligations." *Nken v. Holder*, 556 U.S. 418, 436 (2009). Here, the public interest lies in preserving the jurisdiction of the Ninth Circuit and avoiding irreversible errors that foreclose meaningful appellate review. The fundamental rights of free association, informational privacy, and due process are implicated—interests the public shares and courts are obliged to safeguard.

## V. CONCLUSION

To avoid mooting the Cox Intervenor Class's appeal by destroying the privacy rights it seeks to protect, this Court is respectfully requested to stay the action pending resolution of the Cox Appeal.

Dated: July 23, 2025                               CHARLES CARREON

/s/Charles Carreon
CHARLES CARREON (CSB #127139)
Attorney for Plaintiffs
Arizona Yagé Assembly,
Winfield Scott Stanley III
*Pro hac vice*