CHARLES CARREON
Lead Counsel (CSB #127139)
7 N. Ridge Crest Drive
Silver City, New Mexico 88061
Telephone: 928-975-2191
E-mail: chascarreon@gmail.com

MELISSA DEAN
Attorney (FLSB #1031982)
111 N. Orange Ave, Ste. 800
Orlando, FL 32801
Telephone: 772-919-2748
E-mail: melissadeanesq@gmail.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly, <br><br> Plaintiffs, <br><br> vs. <br><br> Pamela Bondi, Attorney General of the United States; et al. <br><br> Defendants. | No.:20-CV-02373-DJH <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR STAY, VACATUR, AND DISABILITY ACCOMMODATION** <br> **(Dkts. 332, 335, 336, 339)** |

### DECLARATION OF MELISSA DEAN

Melissa Dean declares and affirms:

I am an attorney licensed to practice before all courts in the State of Florida, and admitted *pro hac vice* by this Court as counsel to represent Plaintiffs Arizona Yagé Assembly ("AYA") and Winfield Scott Stanley III ("Mr. Stanley") in their pursuit of fundamental rights protected under the Religious Freedom Restoration Act ("RFRA"). This declaration is submitted in support of Plaintiffs' Reply To Defendants' Opposition To Plaintiffs' Motions For Stay, Vacatur, And Disability Accommodation. If called as a witness, I could and would competently testify to the matters stated herein.

### Plaintiffs Have Produced Evidence of Sincere Religious Belief

1.  Dkt 250-2, ¶¶ 13, 16-18, 20, 22, Decl. of Taylor Cox.
2.  Dkt 250-3, ¶¶ 7-12, Decl. of Huy Huynh.
3.  Dkt. 53-6, Decl. of Eladio Garcia.
4.  Dkt 250-4, ¶¶ 8-12, Decl. of Rodney Ziebol.
5.  Dkt 148-2, ¶¶ 16-23, Decl. of Jonathan Goldman.
6.  Dkt 137-2, ¶¶ 3-20, Decl. of Scott Stanley.
7.  Dkt 288-22, Plaintiffs' Productions.

### Plaintiffs Have Produced Evidence of Substantial Burden

8.  Dkt 250-2, ¶¶ 25, 28–29, Decl. of Taylor Cox.
9.  Dkt 250-4, ¶¶ 17, 20–22, Decl. of Rodney Ziebol.
10. Dkt 250-3, ¶¶ 12, 16, 19–21, Decl. of Huy Huynh.
11. Dkt 288-2, ¶¶ 9, 14–15, Decl. of Scott Stanley.
12. Dkt 288-4, ¶¶ 5-6, Decl. of Melissa Dean.
13. Dkt 288-5, ¶¶ 3-6, Decl. of Charles Carreon.
14. Dkt 288-13; Dkt 288-14 (Defendants' refusal to negotiate narrowing the scope of their discovery requests).

### Plaintiffs Have Produced Evidence of Irreparable First Amendment Harm

15. Dkt 250-2, ¶¶ 31, Decl. of Taylor Cox.

16. Dkt 250-4, ¶¶ 17, 20–22, 23, Decl. of Rodney Ziebol.

17. Dkt 250-3, ¶¶ 12, 16, 19–21, Decl. of Huy Huynh.

18. Dkt 137-2, ¶¶ 24-28, Decl. of Scott Stanley.

**Defendants Conceal Affirmative Defenses and Evidence of Compelling Interest**

19. I have reviewed the Government's discovery responses and document production to date. Dkt 288-16; Dkt 288-18.

20. The Government's interrogatory answers are unverified and, in multiple instances, evasive or incomplete. Dkt. 288-17.

21. The Government's Agency interrogatory answers are unverified and, in multiple instances, evasive or incomplete. Dkt. 288-19.

22. The Government refused my request for a narrowly tailored Rule 30(b)(6) deposition that would aid the Court in applying strict (or exacting) scrutiny to the pending discovery dispute.

23. The Government declined to provide a Rule 34 document-production index.

24. Its production consists of roughly 20,000 pages, containing no less than:

    a. 3,820 pages of publicly available, irrelevant research articles;

    b. 264 pages duplicating Order Dkt. 153 (11 identical copies);

    c. 448 pages duplicating Dkt. 159, Plaintiffs' Fifth Amended Complaint (14 identical copies);

    d. 171 pages duplicating Dkt. 1, Plaintiffs' original Complaint (3 identical copies);

    e. 152 pages duplicating Dkt. 12, Plaintiffs' Second Amended Complaint (2 identical copies); and

    f. 568 pages comprising 25 other duplicate timestamped court filings.

25. Beyond those duplicates, the Government has withheld no less than 430 additional responsive documents in full, and redacted 114 invoking a blanket **Law Enforcement Privilege** assertion that each "contains sensitive law-enforcement information, disclosure of which could impair investigative technique effectiveness and/or impede an

investigation or risk circumvention of the law. Dkt. 288-18 (Defendants' refusal to engage in the joint statement process with Attorney Carreon).

26. Despite repeated requests, the Government has produced no evidence substantiating any asserted or potential affirmative defense under RFRA, nor any incident reports, diversion data, or other documents showing a compelling governmental interest that would justify the intrusive discovery it seeks from Plaintiffs.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct. Signed, this 6th day of August 2025, at Orlando, Florida.

_____
Melissa E. Dean, Esq., Declarant
Attorney for Plaintiffs