IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

The Court has reviewed Plaintiffs and Charles Carreon's "Motion for Disability Accommodation of Attorney" (Doc. 332), Defendants' Opposition (Doc. 339), and Plaintiffs' Reply (Doc. 341) and Declaration (Doc. 342). Plaintiffs request a two-month stay of this matter based on counsel Charles Carreon's claimed "occupational burnout."

Under Title II of the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). A "public entity" is defined as "a State or local government," or any "department, agency, special purpose district, or other instrumentality of a **State or States or local government**." 42 U.S.C. § 12131(1) (emphasis added). "While the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood LP*, 495 Fed. Appx.

804, 806 (9th Cir. 2012) (citing 42 U.S.C. § 12131(1)(A)); *see also Torrence v. U.S. Bankr. Ct. for N. Dist. of Illinois, E. Div.*, No. 17 C 3120, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017) ("Plaintiff cannot bring her ADA failure to accommodate claim against the United States Bankruptcy Court because it is not a 'public entity' as defined by 42 U.S.C. § 12131(1)."); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA"); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) ("Title II of the ADA is not applicable to the federal government."); *Melton v. Freeland*, No. 1:96CV516, 1997 WL 382054, at *1 (M.D.N.C. Feb. 6, 1997) ("For Title II of the ADA to apply, federal courts would have to fall within the definition of a 'public entity.' 'Public entity' means '(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority.' 42 U.S.C. § 12131. The federal courts do not fall within the definition; therefore, federal courts are not subject to Title II of the ADA."); *Murray v. United States Attorney's Off.*, No. 2:25-CV-00259-LK, 2025 WL 774918, at *3 (W.D. Wash. Mar. 11, 2025) ("As a threshold issue, the ADA does not apply to the federal courts.").

Melissa Dean serves as co-counsel and has handled discovery matters and briefing. Plaintiffs' Motion (Doc. 332) does not present a cognizable basis for staying the entire case.

**IT IS ORDERED** denying Plaintiffs' "Motion for Disability Accommodation of Attorney" (Doc. 332).

Dated this 18th day of August, 2025.

_____
Eileen S. Willett
United States Magistrate Judge