# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion for Vacatur of Order Dkt. 334, Deeming Joint Statement Complete with Plaintiffs' Opposition Timely Filed Seven Days After Deadline [F,R,Civ.P. 60(b)], and Permitting Over-Length Briefing" (Doc. 335). The Court has reviewed Plaintiffs' Motion (Doc. 335), Defendants' Response (Doc. 339), and Plaintiffs' Reply (Doc. 341) and Declaration (Doc. 342).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Defendants correctly assert that Federal Rule of Civil Procedure 60(b) does not apply to interlocutory orders. (Doc. 339 at 9.) Rule 60(b)'s "Advisory Committee Notes clarify that the adjective 'final' applies not only to 'judgment,' but to 'order' and 'proceeding' as well. Rule 60(b) does not apply to non-final orders." *Connors v. Iquique U.S.L.L.C.*, C05-334JLR, 2005 WL 3007127, at *7 (W.D. Wash. Nov. 9, 2005) (citing *Santa Monica BayKeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001)).

The Court's July 17, 2025 Order (Doc. 334) is not a final order within the meaning of Rule 60(b). Accordingly, Rule 60(b)(1) does not apply. Plaintiffs' Motion (Doc. 335) will be denied.[1] *See Cooper v. San Bernardino Sheriff*, No. CV-16-949, 2017 WL 10545094, at *1 (C.D. Cal. July 14, 2017) ("Preliminarily, defendants' Motion for Reconsideration pursuant to Rule 60(b) must be denied as Rule 60(b) applies only to motions attacking final, appealable orders. Defendants are seeking reconsideration of a discovery order, which is not a 'final' order."); *Dahlin v. Frieborn*, No. 2:17-CV-02585-DC-AC, 2025 WL 297682, at *5 (E.D. Cal. Jan. 24, 2025) ("Pretrial discovery orders are not appealable and thus not 'final' within the meaning of Rule 60(b)."); *Raiser v. Selnick*, No. CV-15-00310-RGK-RAO, 2018 WL 6016132, at *2 (C.D. Cal. Mar. 15, 2018) (explaining that Rule 60(b) did not apply to the court's discovery order); *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (explaining that Rule 60(b), like Rule 59(e), applies "only to motions attacking final, appealable orders"); *United States v. Almany*, 872 F.2d 924, 926 (9th Cir. 1989) ("An order denying a motion for discovery . . . is not an appealable collateral order.").

**IT IS ORDERED** denying Plaintiffs' "Motion for Vacatur of Order Dkt. 334, Deeming Joint Statement Complete with Plaintiffs' Opposition Timely Filed Seven Days After Deadline [F,R,Civ.P. 60(b)], and Permitting Over-Length Briefing" (Doc. 335).

Dated this 18th day of August, 2025.

Eileen S. Willett
United States Magistrate Judge

---

[1] Even if the Court construes the Motion (Doc. 335) as a motion for reconsideration pursuant to Local Rule of Civil Procedure ("LRCiv") 7.2(g), Plaintiffs have failed to present any evidence or argument in the Motion (Doc. 335) that is sufficient to satisfy any of the grounds set forth in LRCiv 7.2(g).