# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yagé Assembly, et al., | No. CV-20-02373-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion for Stay Pending Resolution of Related Appeal" (Doc. 336). The Court has reviewed the Motion (Doc. 336), Defendants' Response (Doc. 339), and Plaintiffs' Reply (Doc. 341) and Declaration (Doc. 342).

Plaintiffs request that the Court stay the enforcement of the Court's July 17, 2025 Order (Doc. 334) pending resolution of an appeal in the Ninth Circuit. The appeal challenges this Court's December 4, 2024 Order (Doc. 258) denying Taylor Cox's Motion to Intervene (Doc. 232) on behalf of a class of 5,239 members, donors and email correspondents of Arizona Yagé Assembly. Plaintiffs have filed a Notice (Doc. 346) indicating that the Ninth Circuit has scheduled oral argument on the appeal for October 24, 2025.

## I. LEGAL STANDARDS

A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Courts consider four factors in considering a request for a stay: (i) likelihood of success on the merits of the appeal; (ii) irreparable injury absent a stay; (iii) whether the balance of hardships favors a stay; and (iv) whether a stay serves the public interest. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The first two factors are most critical. *Id.* at 434. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## II.  DISCUSSION

### A. Likelihood of Success on the Merits

The Court first considers whether there is a likelihood that the Ninth Circuit will reverse the Court's December 4, 2024 Order (Doc. 258) denying the Motion to Intervene (Doc. 232).

One factor that must be satisfied to intervene as of right under Federal Rule of Civil Procedure 24(a) is that the proposed intervenors must show that their interests are inadequately represented by existing parties. Under Ninth Circuit precedent, a presumption of adequate representation applies where parties have the "same ultimate objective." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

In its December 4, 2024 Order, the Court found that the Proposed Intervenors "failed to make even a minimal showing that their interests are not adequately represented by Plaintiffs." (Doc. 258 at 8.)  The Court further found that "Plaintiffs and Proposed Intervenors share the same objective: to prevent Defendants from receiving relevant information in discovery." (*Id.* at 9.) The Court denied intervention as of right under Rule

24(a).  In denying permissive intervention under Rule 24(b), the Court found that "[n]ot only would intervention be wasteful and burdensome, but it would also run counter to the objectives of AYA at-large by subjecting individual members to the disclosure of information that Plaintiffs and Proposed Intervenors so vehemently oppose." (*Id.* at 10.)

After reviewing the parties' briefing (Docs. 336, 339, 341, 342, 346), the Court finds that Plaintiffs have not persuasively argued that there is a likelihood that the Ninth Circuit will reverse the Court's denial of the Motion to Intervene.

### B. Irreparable Harm

Plaintiffs assert that enforcement of the July 17, 2025 Order (Doc. 334) would "moot" the pending appeal, stating that if "the subject documents are produced, any appellate ruling recognizing associational or privacy rights will be rendered toothless." (Doc. 336 at 5.)

The July 17, 2025 Order (Doc. 334) was based on Plaintiffs' failure to timely provide adequate privilege logs.  The Court concurs with Defendants' assertion that even if the Ninth Circuit reversed the Court's ruling on the Motion to Intervene, that reversal would not affect the Court's finding that Plaintiffs waived any claim of privilege. (Doc. 339 at 8.)  As the Court previously explained, "[i]t is well established that 'the official records and documents' of an organization 'cannot be the subject of the personal privilege against self-incrimination.'" (Docs. 210 at 1-2; Doc. 258 at 8) (quoting *United States v. White*, 322 U.S. 694, 699 (1944)).  In addition, there is a Protective Order (Doc. 217) in place.

### C. Balance of Hardships and Public Interest

Where, as here, the Government is a party, the balance of hardships and the public interest merge.  *See Nken*, 556 U.S. at 434.  This case has been pending for over five years and has involved repeated discovery disputes and delays.  The case involves the use of Schedule I controlled substances. Plaintiffs do not dispute Defendants' assertion in its Response (Doc. 339 at 10) that Plaintiff Arizona Yagé Assembly continues to host ayahuasca ceremonies.  The Court finds that the balance of hardships and the public interest

weigh against a stay. Plaintiffs' Motion (Doc. 336) will be denied.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiffs' "Motion for Stay Pending Resolution of Related Appeal" (Doc. 336).

Dated this 18th day of August, 2025.

Eileen S. Willett
United States Magistrate Judge