BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

SARAH M. SUWANDA
Trial Attorney (D.C. Bar No. 1685531)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-3196
Fax: (202) 514-8640
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Yagé Assembly; Winfield Scott Stanley III, in his capacity as Founder and Director of Arizona Yagé Assembly,<br><br>Plaintiffs,<br>v.<br><br>Pamela Bondi, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:20-cv-2373-DJH-ESW<br><br>**UNOPPOSED MOTION TO EXTEND REMAINING DEADLINES IN THE SCHEDULING ORDER (FIRST REQUEST AS TO DKT. 319)** |

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7.3, Defendants respectfully move for a 60-day extension of the remaining deadlines in the operative Scheduling Order, Dkt. 319. Defendants have conferred with Plaintiffs, who do not oppose the requested extension but do not concede to any characterization of the record by Defendants. The grounds for this motion are set forth more fully in the accompanying memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit that good cause exists to extend the remaining deadlines in the Court's Scheduling Order, for the reasons set forth herein.

**I.  Procedural History and Background**

Following the parties' submission of the Joint Case Management Report, Dkt. 317, the Court, on May 14, 2025, entered a Scheduling Order that "sets forth amended pretrial deadlines and addresses the parties' disagreements regarding discovery that are detailed in the Joint Case Management Report." Dkt. 319 at 1. That same day, the Court ordered Plaintiffs to submit a "revised privilege log no later than **May 16, 2025** that fully complies with this Court's prior Orders and Federal Rule of Civil Procedure 26(b)(5)." Dkt. 318 at 2. On May 23, 2025, the Court further ordered the parties to confer on any disputes concerning Plaintiffs' privilege log by June 13, 2025, and file a Joint Statement regarding any remaining disputes by June 27, 2025. Dkt. 323 at 3. On June 26, Plaintiffs sought an extension of the Court-ordered June 27 deadline, Dkt. 326, which Defendants opposed, Dkt. 327, and the Court denied two weeks later, Dkt. 328. In denying Plaintiffs' request for extension of time, the Court ordered the parties to file the Joint Statement on privilege log disputes by Monday, July 14, 2025, and permitted Defendants to file the Joint Statement unilaterally if Plaintiffs failed to provide their position by 9:00 A.M. Arizona time on July 14, 2025. Dkt. 328 at 3. On July 14, Defendants filed their portion of the Joint Statement in accordance with Dkt. 328. *See* Dkt. 329.

Plaintiffs again moved for an extension of time to file their portion of the Joint Statement after the Court's July 14 deadline, Dkt. 330, which Defendants again opposed, Dkt. 331, and the Court denied on July 17, 2025, Dkt. 333. That same day, the Court issued an order "finding that Plaintiffs have waived any claim of privilege over the documents identified in their May 2025 privilege log" and ordering Plaintiffs to "produce all previously withheld documents to Defendants, without redaction, within **fourteen days** following the Court's resolution of the pending 'Motion for Disability Accommodation of Attorney' (Doc. 332)." Dkt. 334 at 3. The Court further ordered Plaintiffs to "file a notice of compliance confirming full production within **three business days** after the production deadline." *Id.*

During that intervening period, Plaintiffs filed a series of motions—motion for disability accommodation, Dkt. 332; motion to vacate the Court's waiver of privilege, Dkt. 335; and motion for stay of district court action, Dkt. 336—which Defendants opposed, Dkt. 339. On August 18, 2025, the Court denied Plaintiffs' motion for disability accommodation, Dkt. 347, and all other pending motions by Plaintiffs, *see* Dkts. 348–49. As a result of the Court's August 18 order denying Plaintiffs' motion for disability accommodation, Dkt. 347, Plaintiffs were obligated, by Court order, to produce all previously withheld documents *without redaction* by September 2, 2025, and certify as much with the Court by September 5, 2025, Dkt. 334. Plaintiffs were separately required to substantially complete written discovery by September 5, 2025. Dkt. 319.

As of this filing, Plaintiffs have not complied with the Court's orders as set forth in Dkts. 319 and 334. Instead, on September 2, 2025—the date on which Plaintiffs would have been required to comply with Dkt. 334—Plaintiffs filed a motion for leave to file "over-length briefing" "[r]elating to Rule 72(a) Objection[s]." Dkt. 352. That proposed over-length brief, filed as Dkt. 352-2, seeks to overturn this Court's discovery rulings on Dkts. 334 (waiver of privilege), 347 (denying accommodation), 348 (denying vacatur), and 349 (denying stay). In other words, Plaintiffs have once again defied a Court order by refusing to produce all previously withheld documents and failing to certify their compliance with Dkt. 334. (Likewise, Plaintiffs have not certified substantial completion of written discovery as of September 5, 2025. *See* Dkt. 319 at 2.)

**II.   Good Cause Exists to Extend the Remaining Deadlines**

Plaintiffs' latest procedural maneuver—an eleventh-hour attempt to appeal this Court's discovery rulings to the district court—is emblematic of their continued tactics of obstruction, non-compliance, and delay. *See, e.g.*, Dkt. 297 at 9–10 (documenting Plaintiffs' long history of non-compliance and dilatory tactics). That is, rather than comply with this Court's discovery orders and produce records (without redaction) that are clearly relevant to the issues in this case, *see generally* Dkt. 329 at 8–11, Plaintiffs continue to withhold thousands of documents under the guise of associational privilege, despite that privilege being explicitly waived by this

Court, *see* Dkt. 334.

Without those Court-ordered productions, and in the absence of Plaintiffs' certification of substantial compliance for written discovery, Defendants cannot plausibly engage in a complete and fulsome review of Plaintiffs' productions before commencing depositions. Nor can Defendants meaningfully raise "[a]ny disputes regarding Plaintiffs' document production" by September 19, 2025, in compliance with this Court's Scheduling Order. Dkt. 319 at 2. Put simply, Plaintiffs' continued obstruction stands to prejudice Defendants and further stall discovery in this case. As a result, Defendants respectfully submit that a 60-day extension of the remaining deadlines in the Scheduling Order, as indicated in the chart below, would avoid further prejudice to Defendants and potentially provide the Court with sufficient time to rule on Plaintiffs' pending motion for leave, Dkt. 352, and any related motions practice stemming from any forthcoming briefing on Plaintiffs' Rule 72(a) objections to Dkts. 334, 347–349.[1] This is Defendants' first request for an extension of Dkt. 319, and is done so only in response to Plaintiffs' latest procedural maneuver.

Accordingly, in light of Plaintiffs' non-opposition to the proposed extension of the schedule (as set forth in the chart below), and good cause set forth herein, Defendants respectfully request that the Court extend the remaining deadlines in the Scheduling Order by 60 days.

---

[1] Given Plaintiffs' history of obstruction and delay, it is far from certain whether Defendants would be in a fair position to raise disputes about Plaintiffs' document productions at the conclusion of the 60-day extension period. Defendants accordingly reserve the right to request further relief, as appropriate.

4

**Parties' Agreed-to Proposed Schedule**

| Event | Current Date | Proposed Date |
|---|---|---|
| **Discovery Dispute Deadline** | Any disputes regarding Plaintiffs' document production must be raised with the Court through the discovery dispute procedure (Doc. 316) no later than **September 19, 2025**. | Any disputes regarding Plaintiffs' document production must be raised with the Court through the discovery dispute procedure (Doc. 316) no later than **November 18, 2025**. |
| **Deposition Schedule** | Deposition fact discovery may commence **thirty days** following the Court's resolution of any discovery disputes concerning non-deposition written discovery, or on **October 17, 2025** if no disputes are raised. | Deposition fact discovery may commence **thirty days** following the Court's resolution of any discovery disputes concerning non-deposition written discovery, or on **December 16, 2025** if no disputes are raised. |
| **Fact Discovery Completion** | All fact discovery shall be completed no later than **ninety days** after the commencement of depositions, but in no event later than **January 16, 2026**. | All fact discovery shall be completed no later than **ninety days** after the commencement of depositions, but in no event later than **March 17, 2026**. |
| **Designation of Experts** | The parties shall designate and disclose the identity of expert witnesses no later than **January 30, 2026.** | The parties shall designate and disclose the identity of expert witnesses no later than **March 31, 2026**. |
| **Expert Reports** | The parties shall exchange expert reports and information relied upon by experts no later than **March 2, 2026**. | The parties shall exchange expert reports and information relied upon by experts no later than **May 1, 2026**. |
| **Rebuttal Expert Reports** | The parties shall exchange rebuttal expert reports no later than **April 2, 2026**. | The parties shall exchange rebuttal expert reports no later than **June 1, 2026**. |
| **Expert Discovery Completion** | All expert discovery, including expert depositions, shall be completed by **June 2, 2026**. | All expert discovery, including expert depositions, shall be completed by **August 3, 2026**. |
| **DISPOSITIVE MOTIONS** | All dispositive motions shall be filed no later than **August 3, 2026**. | All dispositive motions shall be filed no later than **October 2, 2026**. |

Dated: September 16, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
Trial Attorney (D.C. Bar No. 1685531)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-3196
Fax: (202) 514-8640
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*