**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Yage Assembly, et al., | No. CV-20-02373-PHX-DJH (ASB) |
| Plaintiffs, | **ORDER** |
| v. | |
| William Barr, et al., | |
| Defendants. | |

On December 9, 2025, Plaintiffs Arizona Yage Assembly and Winfield Scott Stanley III (collectively, "Plaintiffs") filed a Motion for Leave to File a Reply to Defendants' Opposition (Doc. 370). Defendants filed a Response in Opposition (Doc. 372) to Plaintiffs' Motion, and Plaintiffs then filed a Reply (Doc. 373). Previously, on December 1, 2025, the parties filed a Stipulation of Defendants' Non-Objection on Timeliness Grounds to Plaintiffs' Forthcoming Motion for Leave to File Reply (Doc. 368). Plaintiffs have since filed a Motion to Deem Papers Timely Filed (Doc. 374), which also relates to Plaintiffs' Motion for Leave to File Reply. Defendants did not respond to this Motion.

In their Stipulation, the parties requested that the Court set a December 8, 2025, deadline for Plaintiffs to file their motion for leave to file a reply brief. (Doc. 368 at 2). Plaintiffs' Motion for Leave was ultimately filed on December 9, 2025. (*See* Doc. 370). Consequently, Plaintiffs' Motion to Deem Papers Timely Filed followed. In their Motion, Plaintiffs claim that their Motion was filed at 12:02 a.m. on December 9, 2025, and that

the untimeliness was due to counsel's mistake while using the filing system. (Doc. 374 at 2). As Defendants do not dispute Plaintiffs' request, the Court will grant both the Stipulation and the Motion to Deem Papers Timely Filed. However, the Court notes that Plaintiffs have struggled to meet prescribed deadlines throughout these proceedings. Deadlines are taken seriously, and greater effort to submit timely filings must be made.

As to the Motion for Leave to File a Reply, Plaintiffs argue that a reply in support of their Rule 72(a) objections is necessary because Defendants introduce new legal theories and contains factual misstatements. (Doc. 370 at 3). Defendants disagree, contending that their opposition only responds to the arguments raised by Plaintiff and summarizes facts already on the Court's docket. (Doc. 372 at 2).

Federal Rule of Civil Procedure 72(a) allows a party to file objections to a magistrate judge's order on a nondispositive matter. Fed. R. Civ. P. 72(a). It does not, however, authorize filing a reply to any response. *See id.*; *Adams v. Symetra Life Ins. Co.*, 2020 WL 6469949, *1 n.1 (D. Ariz. 2020). And, while Local Rule of Civil Procedure 7.2(d) permits replies to motions, "objections are not motions." *Veseli v. Hacker-Agnew*, 2019 WL 1676193, *2 (D. Ariz. 2019); LRCiv. 7.2(d). Because no reply brief is considered by either the Local or Federal Rules, a party seeking to file a reply must generally show good cause as to why the filing should be permitted. *See*, *e.g.*, *Aguilar v. Shinn*, 2022 WL 3921116, *2 (D. Ariz. 2022) (finding that the plaintiff failed to show good cause or other legal basis to warrant filing a reply to his Rule 72(b) objection).

Upon review, Defendants' Response is fairly responsive to the arguments raised by Plaintiffs' objections. Moreover, the Court is able to review the record itself and need not rely on either party's characterization of it. *See Joseph v. Abrams*, 2015 WL 13844902, *2 (D. Guam 2015) ("It is unremarkable that the parties may feel that each is mischaracterizing the other's arguments and trying to pull the wool over the Court's eyes. Responses and replies have to end somewhere, and under Rule 72(b) they end with each party's response to the other's objections."). Lastly, Plaintiffs' proposed reply, in large part, discusses the parties' discovery history and augments their arguments as to why their untimely

- 2 -

objections should be accepted. Plaintiffs had ample opportunity to address these items in their initial filing because they should have known the pertinent parts of the record and were well aware their objections were late. Any other arguments can be decided on the basis of the objection and the response. In sum, good cause for a reply has not been demonstrated. The Court's ruling on Plaintiffs' Rule 72(a) objection will follow in due course.

Accordingly,

**IT IS ORDERED** that the parties' Stipulation of Defendants' Non-Objection on Timeliness Grounds to Plaintiffs' Forthcoming Motion for Leave to File Reply (Doc. 368) is **APPROVED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Deem Papers Timely Filed (Doc. 374) is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Leave to File a Reply to Defendants' Opposition (Doc. 370) is **DENIED**.

Dated this 20th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 3 -